**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA : Criminal No. 21-cr-00670 (CJN)

v. :

STEPHEN K. BANNON, :

*Defendant*. :

**DEFENDANT'S OPPOSITION TO GOVERNMENT MOTION FOR PROTECTIVE ORDER AND TO DISCLOSE GRAND JURY TESTIMONY**

Defendant Stephen K. Bannon, by and through his undersigned counsel, respectfully requests that this Court deny the Government's Motion for Protective Order and to Disclose Grand Jury Testimony, for the reasons set forth below.

**BACKGOUND**

On November 17, 2021, the Government filed a motion for a protective order, seeking a Court order that would govern the handling of discovery materials. (Doc. 9). The Government's two-page motion quoted Fed. R. Crim. P. 6(e)(3)(E)(i) but did not provide any legal authority in support of its position. *See* LCrR 47 ("[e]ach motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion . . ."). The Government's motion was accompanied by a four-page proposed order. (Doc. 9-1). The expansive proposed order would go far beyond the rule cited in its motion – Fed. R. Crim. P. 6(e)(3)(E)(i) (authorizing disclosure of a grand jury matter). The proposed order would extend not only to grand jury testimony, but also to "[a]ll materials, provided by the United States in preparation for, or in connection with, any stage of this case." (Doc. 9-1 at ¶ 2). Under the proposed order, defense

counsel would be tasked with elaborate prohibitions on copying, notetaking, and retention of "[a]ll materials." (Id. at ¶¶ 4-6)

But the Government's proposed order goes far beyond its burdensome and restrictive procedures that would apply to "[a]ll materials." The proposed order would give the Government sweeping authority to designate certain materials as "Sensitive Materials." (Doc. 9-1 at ¶ 8) Once materials are "stamped" by the Government as "Sensitive" their use would be severely restricted under the proposed order. For example, unless the defense provided prior notice to the Government and received authorization from the Court, we could only share "Sensitive Materials" with "the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains." (Doc. 9-1 at ¶ 9) Thus, for instance, under the proposed order defense counsel would *not* be permitted to share a document marked "Sensitive" in interviewing some potential witnesses in the case, absent prior notice to the Government and authorization from the Court.

The Government's proposed protective order also references Fed. R. Crim. P. 49.1, without providing any discussion of this provision in its motion. (Doc. 9-1 at ¶¶ 10-11). Rule 49.1 exclusively concerns privacy protection for individuals in court filings, and provides, in pertinent part, as follows:

> (a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and taxpayer-identification number;
> >
> > (2) the year of the individual's birth;
> >
> > (3) the minor's initials;

(4) the last four digits of the financial-account number; and

(5) the city and state of the home address.

Fed. R. Crim. P. 49.1. The Government seeks in its proposed protective order to go beyond Rule 49.1, and to further restrict defense counsel's use of discovery containing Rule 49.1 information. Our position is that we will comply with Rule 49.1 as written.

The Court set a November 24, 2021, deadline for the defense to file a response. In the evening on November 18, 2021, pursuant to an agreement that discovery would be provided on an "attorney's eyes only" basis pending the Court's decision on the Government motion, the Government provided discovery to the defense. The Government designated 536 pages of documents as "Sensitive." Govts. Discovery Log (As of November 18, 2021, Bates Range US-000001 to US-000244 & US-000653 to US-000945).

Among the documents[1] that the Government designated as "Sensitive" were the following:

- September 23, 2021, Subpoena from the U.S. House Select Committee to Stephen K. Bannon (Bates US-000001 to US-000002);

- September 23, 2021, Letter from the Hon. Bennie G. Thompson to Robert J. Costello, Esquire, regarding Subpoena from the U.S. House Select Committee (US-000003 to US-000010);

- October 15, 2021, Email from Kristin Amerling, Esquire, to Robert J. Costello, Esquire, transmitting a letter response from Hon. Bennie G. Thompson (US-000011 to US-000012);

- October 15, 2021, Letter from Hon. Bennie G. Thompson to Robert J. Costello, Esquire (US-000013 to US-000015);

- June 30, 2021. H. Res. 503, Establishing the House Select Committee (Authenticated by Government Printing Office as Authenticated U.S. Government Information) (US-000016 to US-000029);

---

[1] For purposes of this opposition, we provide only a general description of the purportedly "Sensitive" documents.

- January 4, 2021, H. Res. 8, Adopting the Rules of the 116th Congress (Authenticated by Government Printing Office as Authenticated U.S. Government Information) (US-000083 to US-000124);

- February 2, 2021, Rules of the House of Representatives 117th Congress (US-000125 to US-000176);

- September 24, 2021, Email from Kristin Amerling, Esquire, to Robert J. Costello, Esquire, regarding service of a Subpoena (US-000177 to US-000179);

- January 4, 2021, Proceedings of the U.S. House of Representatives, as set forth in the Congressional Record, Vol. 167, No. 2 (US-000180 to US-000231);

- October 8, 2021, Email from Kristin Amerling, Esquire, to Robert J. Costello, Esquire regarding Subpoena (US-000232 to US-000233);

- October 7, 2021, Letter from Robert J. Costello, Esquire to Kristin Amerling, Esquire, regarding Subpoena (US-000234 to US-000235);

- October 8, 2021, Email from Kristin Amerling, Esquire, to Robert J. Costello, Esquire regarding Subpoena (US-000236 to US-000237);

- October 8, 2021, Letter from Hon. Bennie G. Thompson to Robert J. Costello, Esquire, regarding Subpoena (US-000238 to US-000240);

- October 15, 2021, Email from Kristin Amerling, Esquire, to Robert J. Costello, Esquire, regarding Subpoena (US-000241 to US-000242); and

- October 13, 2021, Letter from Robert J. Costello, Esquire, to Hon. Bennie G. Thompson regarding Subpoena (US-000243 to US-000244).

These documents include correspondence to and from Mr. Bannon's attorney. They include correspondence that is already in the public domain. And they include public records of Congressional proceedings. The list illustrates the breadth of the Government's sweeping proposed

protective order. It also shows the potential prejudice to Mr. Bannon, if the Government is given the power to restrict the use of documents merely by marking them "Sensitive."[2]

## ARGUMENT

### A. The Legal Standard

Discovery in a criminal case is governed by Federal Rule of Criminal Procedure 16. The Rule was designed to expand the scope of pretrial discovery because broad discovery contributes to the fair and efficient administration of justice. *See* Committee Note to 1975 Amendment to Fed. R. Crim. P. 16. The default process under the Rule is that the government provide discoverable materials to the defense and not provide documents that are not discoverable. The default process is *not* for the government to turn over documents only to impose strict limitations on their use by the defense. *See*, *e.g.*, *United States v. Johnson*, 314 F. Supp. 3d 248, 253 (D.D.C. 2018).

Nonetheless, a district court may fashion a protective order that regulates the handling of discovery materials. Rule 16 provides, in pertinent part, as follows:

> Protective and Modifying Orders. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).[3]

---

[2] To the extent that the Government's contends that Fed. R. Crim. P. 6(e) governs the proposed designation of any of the documents listed, we note – as a general principle – that the presentation of any document to a grand jury does not transform that document into a secret item, such that its use in the preparing a defense to criminal charges must in some way be restricted.

[3] The disclosure of a grand jury "matter" is governed by Fed. R. Crim. P. 6(e)(3)(E)(i), which provides in pertinent part that "[t]he court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding . . .."

When the Government is seeking a protective order, it bears the burden of establishing that good cause exists for the proposed protective order. *See United States v. Cordova*, 806 F.3d 1085, 1090, 420 U.S. App. D.C. 138 (D.C. Cir. 2015); *United States v. Dixon*, 355 F. Supp. 3d 1, 3-4 (D.D.C. 2019); *Johnson*, *supra*, 314 F. Supp. 3d at 253 ("[w]here the defendant objects to the government's proposed method of discovery . . .the burden of showing good cause lies squarely on the government") (citation omitted).

Good cause requires a "particularized, specific showing." *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) (citation omitted). In determining whether the Government has established good cause, "courts have considered whether (1) disclosure of the materials in question would pose a hazard to others; (2) the defendant would be prejudiced by a protective order; and (3) the public's interest in disclosure outweighs the possible harm." *United States v. Dixon*, 355 F. Supp. 3d 1, 3-4 (D.D.C. 2019) (citing *United States v. Smith*, 985 F. Supp. 2d 506 (S.D.N.Y. 2013)).[4]

A defendant's right to a fair trial, guaranteed by the Sixth Amendment to the United States Constitution, is of paramount interest in weighing whether to enter a protective order. Accordingly, district courts have broad discretion to protect these rights in considering a protective order. In fact, "[p]rotective orders are expressly designed to assure that a defendant's right to a fair trial [is] not overridden by the confidentiality and privacy interests of others." *United States v. O'Keefe*, 2007 U.S. Dist. LEXIS 31054 at *5, 2007 WL 1239204 at *2 (D.D.C. 2007). On appeal, a district

[4] Other considerations include a particularized danger of perjury or witness intimidation, and the protection of vital national security information. *See United States v. Cordova*, 806 F.3d 1085, 1090, 420 U.S. App. D.C. 138 (D.C. Cir. 2015).

court's balancing of factors in weighing whether to issue a protective order is reviewed for abuse of discretion. *See United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015).

**B. The Government Has Not Met Its Burden of Establishing That Good Cause <u>Exists for Its Proposed Protective Order.</u>**

The Government's motion falls far short of establishing a "particularized, specific showing" that good cause exists for its proposed protective order. *See Bulger*, *supra*, 283 F.R.D. at 52; *see also Johnson*, *supra*, 314 F. Supp. 3d at 253. The motion contained *no* information that would allow the Court to find that good cause exists for a protective order. Even if a protective order was appropriate in this case, the Government would have to make a particularized, specific showing as to why a given document or category of documents should be handled in a certain way by the parties. This showing would have to outweigh the strong public interest in a fair and public trial that are set forth below.

**C. <u>Mr. Bannon's Right to A Fair Trial Would Be Prejudiced by The Government's Proposed Protective Order</u>.**

The Sixth Amendment to the United States Constitution guarantees any accused person important rights that would be impaired by the Government's proposed protective order. It provides that:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

U.S. Constit. Amend. VI.

These constitutional guarantees are essential to a fair trial. The Government's proposed protective order would severely diminish defense counsel's ability to assist in Mr. Bannon's defense, to obtain witnesses in his favor, and to develop cross-examination that would allow the

effective confrontation of Government witnesses. The proposed protective order gives the Government the unfettered ability to declare that a document constitutes "Sensitive Materials." (Doc. 9-1 at ¶ 8). This would allow the Government, for instance, to mark a document "Sensitive" and thus preclude its use by the defense in many situations – unless defense counsel has given prior notice to the Government, and has obtained authorization from the Court. *Id*. at 9. The defense has no obligation to provide a roadmap to the Government of potential defense witnesses, or defense theories.

We need not speculate as to whether the proposed protective order would interfere with Mr. Bannon's defense. The Government has already listed numerous documents – *see* examples above at pp. 3-4 – that defense counsel would surely want to share with prospective witnesses and which would be essential to the defense case. Some of these documents are already in the possession of the defense, through other means. Yet under the Government's proposed protective order, there is the specter that defense counsel might be in jeopardy of violating a judicial order by using these documents in preparing a defense. This creates a chilling effect that would hamper the defense. It would also establish a discovery process in this case likely to lead to disputes over the designation of documents, which might require resolution by the Court.

In short, this Court should deny the Government's proposed protective order insofar as it would interfere with Mr. Bannon's right to a fair trial. *See Johnson*, *supra*, 314 F. Supp.3d at 256-258 (denying government motion for a protective order and allowing defense counsel to show body-worn camera footage "to any person, without express authorization from the Court, where doing so reasonably can be expected to further the investigation of [the defendant's] case and the preparation of his defense.")

Furthermore, Mr. Bannon is entitled to a public trial. One aspect of a fair trial is ensuring public access to judicial proceedings and records. The D.C. Circuit has held that "there is a 'strong presumption in favor of public access to judicial proceedings,' including judicial records." *In re Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). A document submitted as part of a motion or brief is a judicial record, subject to the strong presumption in favor of public disclosure. *See League of Women Voters v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020) ("every part of every brief filed to influence a judicial decision qualifies as a 'judicial record'").

The Government's proposed order would give it the ability to influence what documents are available for use by defense counsel in preparing a defense and engaging in motions practice. For instance, under the proposed protective order, the Government could designate a discovery document as "Sensitive." Then, should the defense wish to file an *unredacted* copy of that document in support of a motion, it would have to file it under seal, along with an accompanying motion for leave to file under seal that sets forth the reasons why sealing is in the public interest. (Doc. 9-1 at ¶ 11-12, citing LCrR49(f)(6)(i)). This would put the defense in the absurd position of arguing in a sealing motion that documents should be kept from the public view because sealing is in the public interest, even though defense counsel believes that public disclosure of the documents is in the public interest.

The factors described above – which weigh heavily in favor of proceeding with the default mode of discovery under Rule 16 – are not just individual interests. There are significant public interests at stake, as well. The public interest is served when the public can see that an accused is being provided a fair trial.

## CONCLUSION

WHEREFORE, Defendant Stephen K. Bannon respectfully requests that this Court deny the Government's Motion for Protective Order and to Disclose Grand Jury Testimony, for the reasons set forth above, together with any offered if there is a hearing on the motion.

Dated: November 24, 2021

Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

/s/ M. Evan Corcoran

M. Evan Corcoran (D.C. Bar No. 440027)
210 N. Charles Street, 26th Floor
Baltimore, MD 21201
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

/s/ David I. Schoen

David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

*Counsel for Defendant Stephen K. Bannon*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November 2021, a copy of the foregoing Opposition to Government's Motion for Protective Order and to Disclose Grand Jury Testimony was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

/s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)