IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 21-cr-00670 (CJN) |
| v. | : | |
| STEPHEN K. BANNON, | : | |
| *Defendant*. | : | |

**DEFENDANT'S SUR-REPLY TO GOVERNMENT'S REPLY TO THE DEFENDANT'S OPPOSITION TO THE GOVERNMENT MOTION FOR PROTECTIVE ORDER AND TO DISCLOSE GRAND JURY TESTIMONY**

Defendant Stephen K. Bannon, by and through his undersigned counsel, respectfully submits this sur-reply to the Government's Reply to the Defendant's Opposition to the Government Motion For Protective Order And To Disclose Grand Jury Testimony (Doc. 12). In support of this sur-reply, we state as follows:

**A. The Government Rushed To File An Opposed Motion.**

The Government contends that there is a "standard protective order" in this district that defense counsel should reflexively agree to – without having seen the discovery materials and without the Government setting forth a particularized, specific showing that good cause demands restricted handling for certain documents in the case. (Doc. 12 at 1-2). We disagree.

There is no such "standard protective order" under the local rules. Nor is there a requirement that defense counsel accept the Government's proposed protective order. Unlike the more expansive civil rules,[1] the local criminal rules speak to a sole issue for consultation between defense counsel and the Government before the first status conference – an "attempt to

---
[1] *Compare* LCvR 16.3 ("Duty To Confer") *with* LCrR 16.1 ("Discovery").

obtain voluntary discovery of all materials and information to which the defense may be entitled." *See* LCrR 16.1. That consultation took place on November 17, 2021, two days after defense counsel filed a notice of appearance in the case. During that telephone call, Government counsel asked defense counsel whether we would agree to the Government's proposed protective order. Defense counsel advised the Government that because we had not had an opportunity to review it carefully with Mr. Bannon, we could not agree to the proposed protective order. Without further consultation or discussion, the Government filed its motion for a protective order that night. (Doc. 9).

Our first appearance before this Court was the next day, November 18, 2021. This Court asked for the position of the parties on the Government's motion. The Government asked the Court to enter their "standard protective order" that day. (Tr. 11/18/2021 at 3, 10). Government counsel also stated repeatedly that if the defense had a problem with its proposed protective order, the defense should move this Court to seek its modification. (*Id*. at 11; 12-13). Defense counsel asked for two weeks to respond to the Government's motion, (*Id*. at 4),[2] and noted that "in terms of an order that would govern documents in this case . . . we are just very concerned that there would be the withholding or the keeping from public view of documents where there is a compelling interest in public disclosure." (*Id*. at 12). The Court gave the defense until November 24, 2021, to file an opposition to the Government's proposed order (*Id*. at 13). We filed our opposition on the due date.

The Government suggests that the defense was obliged to further consult with them before filing our opposition. That is not true under the applicable rules. The Government also

---

[2]  Consistent with LCrR 47 (b), which provides that oppositions to motions be filed within 14 days of service or "at such other time as the Court may direct."

2

suggests that defense counsel's position on the proposed Government motion for a protective order, without one iota of basis in fact, is part of some attempt to "abuse criminal discovery" (Doc. 12 at 1) and "publicly disseminate the [discovery] materials for an improper purpose." (*Id*. at 5). Again, not true. The Government's reply is festooned with hyperbole.[3] The tone of the Reply – perhaps designed to score points with the media – is particularly odd given that the Government chastises the Defendant for his response to press inquiries. But the use of strident language in its brief cannot obscure the fact that the Government has yet to state particularized, specific reasons that would justify its proposed protective order.

The Government misstates the Defendant's position on prejudice. (Doc 12 at 6) ("to support his claims of prejudice, the defendant cites only to the provisions of the proposed protective order outlining the handling of 'Sensitive Materials.'"). This misses a key point. Our opposition makes clear that we also oppose the proposed protective order's provisions that would govern the handling of "[a]ll materials." (Doc. 11 at 1-2). The Government has yet to answer the simple question – why is it necessary to have a protective order limiting the handling of "[a]ll materials" in a case where Government counsel has represented to this Court that "most" of the discovery is comprised of "materials that the defendant already has, because it's [sic] his correspondence with the House Committee or his correspondence with counsel for the former President"? (11/18/21 Tr. at 3). If the Government's contention is true, then there would be no need for a protective order applicable to "[a]ll materials" in the case.

As we made clear in our opposition, an "[a]ll materials" protective order would be inconsistent with the principle of a public trial. If there comes a time when the Government has

---

[3] The first paragraph alone uses the terms "misleading" "erroneous claims" "exaggerated assertions." *See* (Doc. 12 at 1).

3

identified a specific document that deserves protected treatment, then it must offer a particularized, specific reason to limit the handling of that document. Even then, this Court should employ the least restrictive means available, so as not to overly inhibit public access to judicial documents. Well-settled authority holds that the Government bears the burden of establishing a particularized, specific showing of good cause that outweighs the countervailing public interests and potential prejudice to Mr. Bannon. *United States v. Johnson,* 314 F. Supp. 3d 248, 253 (D.D.C. 2018); *United States v. Dixon*, 355 F. Supp. 3d 1, 3-4 (D.D.C. 2019); *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015).

The authority that the Government cites in its Reply – which was not presented in its initial motion – only serves to support the defense position that the Government has wholly failed to meet its burden of establishing good cause in seeking a protective order. *See*, *e.g*. *United States v. Smith*, 985 F. Supp.2d 506, 544-545 (SDNY 2013) ("the Government has demonstrated that there is good cause for a protective order because of its compelling interest in ongoing investigations into potentially serious criminal conduct that could be jeopardized by dissemination of the discovery").

B. **Providing Public Access To Judicial Records Does Not Equate To Trying the Case In The Press.**

The Government's second bite at the apple brings it no closer to the core issue. The Government has still not established any "particularized, specific showing" that would help it meet its burden of showing good cause that would justify subjecting to a protective order a particular document or documents. This is a misdemeanor case. This is *not* a case where perjury has been suborned. It is *not* a case where witnesses have been intimidated. In the absence of any specific, particularized showing of actual harm, the Government conjures up a bogeyman. The Government makes the far-fetched contention that "the defendant has indicated he intends to

publicly disseminate the materials for an improper purpose." (Doc. 12 at 5). Absolutely not. Being able to use discovery materials to identify and question witnesses is not an improper purpose. Quite the opposite, it is an essential purpose as guaranteed by the Sixth Amendment.

The Government's Reply reveals a fundamental misunderstanding about the guarantees provided in the First and Sixth Amendments to the United States Constitution. Mr. Bannon's right to a fair trial encompasses the public disclosure of judicial records – those documents that are used by the parties to influence a judicial decision. While it is undeniable that there is public interest in this case, neither Mr. Bannon nor his counsel "gathered the press outside of the courthouse." (Doc. 12 at 2). It was the Attorney General of the United States, and the press office of the U.S. Department of Justice, who initiated public comment on the charges against Mr. Bannon.

Public interest in the case is not being generated by the defense team. Instead, it is members of the U.S. Government who are trying to influence public opinion on the case. Members of the U.S. House of Representatives Select Committee have repeatedly stated that they sought criminal charges against Mr. Bannon to make an example of him. In addition, they have publicly released much of the correspondence that the Government now wants to claim is "Sensitive." In stark contrast, neither Mr. Bannon nor his counsel have disseminated to the public *any* documents in the case. We have absolutely no intention "to publicly disseminate the [discovery] materials for an improper purpose" as the Government so irresponsibly contends (*Id*. at 5). [4]

---

[4] The Government's reliance on *Shepherd v. Maxwell*, 384 U.S. 333, 357-358 (1966) is misplaced. The case had nothing to do with a protective order. The "carnival atmosphere" that the Supreme Court discussed in that case involved, among other things, "the number of reporters in the courtroom itself" during a trial, some of whom were "inside the bar" of the courtroom, and

5

The Government may label our opposition "frivolous" (Doc. 12 at 9), but we do not stand alone in opposing the Government's proposed protective order. *See* Attachment 3 (filed on November 26, 2021, *via* email pursuant to the COVID-19 Clerk's Office Operations Information, captioned "The Press Coalition's Motion To Intervene And Memorandum Of Points And Authorities In Support Thereof" (seeking denial of Government's motion for a protective order in this case) (filed on behalf of: Cable News Network, ABC News, Buzzfeed News, CBS News, The Wall Street Journal, The E.W. Scripps Company, Gannett Company, Gray Media Group, The Los Angeles Times, Gray Media Group, The Los Angeles Times, National Public Radio, NBC News, The New York Times, Pro Publica, and The Washington Post).

In short, after the filing of our opposition, a broad coalition of media outlets made an independent evaluation of the Government's proposed protective order. That coalition reached the same conclusion that we did – the Government's proposed protective order should be rejected by this Court because it is in tension with the First Amendment to the United States Constitution, and constitutes a threat to an open and public judicial process.

### C. Grand Jury Secrecy Governs Those Materials At This Stage.

The defense does not object to an order that allows the disclosure of grand jury materials for limited purposes of trial preparation, consistent with Fed. R. Crim. P. 6. A draft order is attached. *See* Attachment 4.

WHEREFORE, for the foregoing reasons, Defendant Stephen K. Bannon respectfully requests that this Court deny the Government Motion For Protective Order And To Disclose Grand Jury Testimony.

---

circumstances where "newspapers and radio stations apparently interviewed prospective witnesses at will." *Id*. at 359.

Dated: November 30, 2021                    Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

<u>     /s/ M. Evan Corcoran                    </u>
M. Evan Corcoran (D.C. Bar No. 440027)
210 N. Charles Street, 26th Floor
Baltimore, MD 21201
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com


<u>     /s/ David I. Schoen                      </u>
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

*Counsel for Defendant Stephen K. Bannon*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November 2021, a copy of the foregoing Motion To File Sur-Reply was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

<u>     /s/ M. Evan Corcoran                    </u>
M. Evan Corcoran (D.C. Bar No. 440027)