**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 21-cr-00670 (CJN) |
| | : | |
| v. | : | |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

**ORDER ON GRAND JURY MATERIALS**

The United States has moved pursuant to Rule 6(e)(3)(C) of the Federal Rules of Criminal Procedure for an order (1) authorizing the limited disclosure of grand jury materials and (2) limiting the kind and extent of disclosure of these materials, the purposes for which such disclosure may be made, and the use of such disclosed materials.

Having considered the representations of the attorneys for the Government, the position of the attorneys for the Defendant, and the applicability of Rule 6(e)(3)(C) of the Federal Rules of Criminal Procedure, it is hereby **ORDERED** that:

1. The attorneys for the United States may disclose to counsel for the defendant grand jury material.

2. Except as permitted by Fed. R. Crim. P. 6(e), this Order, or any other court order, counsel for any party shall not disclose any grand jury materials or the contents thereof to any other person, provided that, for the sole purpose of preparing for trial: (a) counsel may use their knowledge of grand jury materials to interview prospective witnesses; (b) counsel may show a prospective witness, or his or her own counsel, documents, and provide a prospective witness, or his or her own counsel, with a transcript of that witness's own testimony; (c) counsel may allow secretaries,

clerical workers, paralegals, contract personnel and experts, retained to assist in the preparation of this case for trial, to view grand jury materials solely for the purpose of preparing for the trial of this case; and (d) counsel for the United States may show documents and transcripts to employees of the United States solely for the purpose of preparing for the trial of this case.

3. Except as permitted by Fed. R. Crim. P. 6(e), each person to whom grand jury materials have been shown or their contents disclosed pursuant to Paragraph 2 of this Order, shall be informed of his or her responsibilities under this Order by the person making disclosure and shall not discuss with, show or otherwise disclose the contents thereof to anyone other than counsel for the parties or his or her own counsel, who shall not be permitted to further disclose such material.

4. Nothing contained herein shall restrict a person from discussing their own grand jury testimony with any other person.

5. Nothing contained herein shall restrict or prevent any party from seeking discovery on matters occurring before a grand jury, offering any materials into evidence, or citing any materials in court papers filed in this case.

6. All grand jury materials discussed pursuant to Paragraphs 1 and 2 of this Order and all copies thereof shall either be promptly destroyed or returned to the United States after this case is disposed of by trial, appeal, if any, or other resolution of the charges against the defendants.

7. The parties may apply to the Court for a modification of this Order at any time.

Dated: November ___, 2021

_____
Hon. Carl J. Nichols
*United States District Judge*