**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-670** |
| v. | : | |
| | : | |
| **STEPHEN K. BANNON,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**JOINT STATUS REPORT**

Pursuant to the Court's November 18, 2021 Order, the parties respectfully submit this joint status report.   Specifically, the Court has requested the parties' positions regarding the scope of discovery each party intends to seek pre-trial, the anticipated length of trial, and anything else relevant to consideration of the trial date.   The parties conferred by telephone and email on December 2, 3, and 6, 2021, and together provide the following:

I.     **Length of Trial**

Government's Position

The Government anticipates that its case-in-chief will consist of one day of testimony. The Government would be amenable to using a jury questionnaire to shorten the time jury selection will take and to allow the Court and the parties to make some cause determinations in advance.

Defendant's Position

Although it is too early in the case to estimate with any degree of precision the length of time it will take to cross-examine Government witnesses, or the number of witnesses that would be called in the defense case, our best estimate is that a trial in this matter would take approximately

1

10 trial days. The defense expects that jury selection will take three days.

## II.     Anticipated Pretrial Discovery

<u>Government's Position</u>

If its anticipated motion in limine to exclude evidence of advice-of-counsel, described further below, is denied, and the defendant intends to raise such a defense, the Government anticipates seeking discovery regarding the defendant's communications and records relating to any advice from counsel he received regarding the congressional subpoena.

The Government requests that the Court impose a deadline of December 13, 2021, for the defendant to make further discovery demands of the prosecution team.   The Government will respond to the defendant by December 17, 2021.   The Government's position is that the additional materials the Defendant has identified that he intends to request are not discoverable or are not in the possession, custody, or control, of the prosecution team.   The Government does not anticipate using or calling any expert witnesses in the preparation or presentation of its case.

<u>Defendant's Position</u>

The Defendant plans to seek discovery from the sources listed below. The list is not intended to serve as a complete list, or to specify exactly what documents we plan to pursue at this stage. Again, it is too early in the process to provide specifics. Often it is only after an investigation of available facts that new avenues are identified. The D.C. Circuit has held that the threshold for showing that documents must be disclosed by the Government under Rule 16 as "material to the preparation of the defendant's defense" is not a heavy burden. *See United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993). The list below is intended to give the Court an idea of the scope of

discovery at a macro level, for purposes of setting a trial date. With that as a backdrop, we state as follows. We expect to seek discovery materials from the following sources: (1) the U.S. Attorney's Office (grand jury materials, including the charge given to the grand jury, and documents reflecting the decision to charge Mr. Bannon); (2) the main U.S. Department of Justice (documents reflecting the decision to charge Mr. Bannon); (3) other Executive Branch components, including the White House (documents reflecting the decision to charge Mr. Bannon); and (4) the U.S. House of Representatives (documents reflecting the authorization of the subpoena and the steps taken to seek a criminal referral of Mr. Bannon, and the consideration of alternatives). In addition, we expect that there will be a need for expert discovery.

The Government has asked for a date by which the defense should provide a letter identifying what discovery is requested. We agree to provide a discovery request letter by January 13, 2022. We respectfully request that the Court set a deadline of January 27, 2022, when the Government must respond. The Government response will allow the defense to be in a better position to determine whether we will need to pursue discoverable material through subpoena or other means.

## III.    Anticipated Pretrial Motions

### A.    Motions to Dismiss

<u>Government's Position</u>

The Government's position is that, because motions to dismiss generally are limited to the four corners of the indictment, the defendant should file any motions to compel discovery related to grounds for dismissal with his motions to dismiss.   It is the Government's position that none of

the issues the defendant raises as potential bases for his motions to dismiss are novel, and that therefore it is not necessary or in the interests of justice to allow an eight-month delay between indictment and the filing of motions to dismiss.

Defendant's Position

It is too early in the case to identify with specificity what motions the defense will file in this case. Naturally, motions to dismiss the indictment will be determined by what facts are identified during discovery. Based on the information obtained to date, we anticipate filing motions to dismiss the indictment. To our knowledge, no citizen has been criminally charged under 2 U.S.C. Section 192 in many years. In addition, Mr. Bannon's communications with the U.S. House Select Committee included the invocation of executive privilege. This case raises complex constitutional issues of first impression. Some of these issues involve inter-branch relationships and on the operations of the U.S. government at its highest levels. There is no basis for having these issues adjudicated on a rushed basis.

By deciding to proceed with a criminal referral rather than initiating a civil enforcement action, the impact was at least three-fold.   First, it cut short the accommodation process that would have led to the disclosure of non-privileged information. Second, it triggered a variety of Fifth and Sixth Amendment constitutional rights for Mr. Bannon that otherwise would not have been implicated and which must be assiduously honored.   Third, it gave rise to a variety of individual constitutional rights-based defenses which must all be explored as well as constitutional issues of an institutional variety, including important separation of powers considerations.

The Government has stated that it may file a motion in limine to exclude the defense of

advice of counsel. The defense believes that such a motion is best considered after full briefing, along with other motions in limine that may be filed by the parties.

In terms of timing, the more discovery that we are able to obtain in advance of filing motions, the better the record on which these important issues can be resolved. We suggest a motions deadline of July 15, 2022 – which is in line with the motions date set in other cases which will be tried in October 2022. We also suggest 30 days for oppositions, given the complexity of the issues involved.

### B.    Motions in Limine

Both parties anticipate filing motions in limine in advance of trial and believe that a motions deadline should be set for such motions that allows the Court time to first resolve any motions to dismiss, with the exception of the Government's anticipated motion in limine to exclude evidence and argument relating to advice-of-counsel, as described further below.

<u>Government's Position</u>

Based on the defense's public statements, the Government anticipates filing a motion in limine to exclude evidence and argument relating to any advice of counsel on the basis that it is not a defense to the pending charges.  Should the Court deny any motion in limine the Government may file and allow the defendant to raise this defense, however, the Government believes it will be entitled to discovery of all communications and records involving any attorney(s) on whose advice the defendant claims he relied.  The Government is willing to file this motion in limine at the time the defendant files his motions to dismiss so that any discovery related to a potential advice-of-counsel defense can be resolved well in advance of trial.

Defendant's Position

*See* response to III.A. above.

**IV.    Request for Scheduling Order**

Government's Position

The Government requests a trial date on or before April 15, 2022—six months from the indictment.  The Government's position is that there is not a basis to exclude time under the Speedy Trial Act in this case pursuant to 18 U.S.C. § 3161(h)(7) (an ends of justice exclusion). At this time, the only exclusions the Government believes would be potentially applicable are 3161(h)(1D) and (h)(1H) (exclusions for pretrial motions and proceedings under advisement by the Court).   Given the public right to a speedy trial in this and all criminal cases, the Government requests a scheduling order in accordance with the 70-day speedy trial requirement and this Court's COVID-19 procedures that, along with any additional scheduling requirements the Court finds appropriate, includes:

1) a deadline for the defendant to make a discovery demand of the prosecution team, if he has one, and a deadline for the prosecution team to respond;

2) a deadline for any motions to dismiss, motions to compel discovery, and the Government's motion in limine to exclude advice-of-counsel, as well as deadlines for any oppositions, replies, and, if needed, argument relating to these motions;

3) a deadline for any motions in limine, as well as deadlines for any oppositions, replies, and, if needed, argument relating to these motions; and

4) a trial date.

Defendant's Position

The discovery process will take time and effort. We will need adequate time to prepare a

6

defense. It will also take time to fully brief and argue the motions in this case. As stated above, there are constitutional issues of first impression involved. It will be important first to develop an adequate factual record on which those issues can be decided, and second to draft the briefs. In the normal course of things, the Government would not seek an early trial date for a defendant who is not incarcerated. The average life of a criminal case in the U.S. District Court for the District of Columbia is about a year. See U.S. District Court Judicial Caseload Profile (available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/06/30-1) (last viewed on December 6, 2021). In our view, this is not the average criminal case on the docket – because it will take more time to obtain discovery, and more time to fully brief the issues.

Accordingly, we respectfully request that the Court consider these issues as it sets a pre-trial and trial schedule. *See* Attachment A (Defendant's proposed pretrial order). The Defendant respectfully requests a trial date of October 17, 2022, if that is convenient for the Court and counsel.

## V.   Scheduling Conflicts

Government's Position

The Government is ready for trial and will be available for any trial date the Court schedules.

Defendant's Position

*See* response to IV. above.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Amanda R. Vaughn*
J.P. Cooney (D.C. 494026)
Molly Gaston (VA 78506)
Amanda R. Vaughn (MD)
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-1793 (Vaughn)
amanda.vaughn@usdoj.gov

*Counsel for United States of America*

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

/s/ *M. Evan Corcoran*
M. Evan Corcoran (D.C. Bar No. 440027)
210 N. Charles Street, 26th Floor
Baltimore, MD 21201
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

/s/ *David I. Schoen*
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

*Counsel for Defendant Stephen K. Bannon*

8