**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

STEPHEN K. BANNON,

*Defendant*.

Criminal Action No. 1:21-cr-0670 (CJN)

### PROTECTIVE ORDER GOVERNING DISCOVERY AND AUTHORIZING DISCLOSURE OF GRAND JURY TESTIMONY

The United States has moved for entry of a Protective Order that would govern discovery in this matter.  ECF No. 10; ECF No. 12-1.  Defendant Stephen Bannon opposes in part.  ECF No. 11.  Bannon questions the scope of the proposed Order and seeks to have certain information excluded from its terms.

The Court has considered all the parties' filings and the cases cited therein, as well as the positions stated in the hearing on December 7, 2021.  To expedite the flow of discovery material between the parties and to adequately protect certain information that the United States intends to produce to Bannon, the government's motion is **GRANTED IN PART**, and, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(1), it is hereby **ORDERED**:

### No Limit on Already Possessed or Public Documents

1.      This Order does not apply to records that are publicly available independent of the United States' productions, nor does it apply to records of which the defendant or defense counsel came into possession by independent means, unrelated to the discovery process.

**All Materials**

2.      All materials provided by the United States in preparation for, or in connection with, any stage of this case ("the Materials") are subject to this protective order ("Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3.      The defendant and defense counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other person to whom the Court may authorize disclosure (collectively, "Authorized Persons"). Potential witnesses and their counsel may be shown copies of the Materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

4.      The defendant, defense counsel, and Authorized Persons shall not copy or reproduce the Materials except to provide copies of the Materials for use in connection with this case by the defendant, defense counsel, and Authorized Persons.  Such copies and reproductions shall be treated in the same manner as the original.  The defendant, defense counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original.

5.      Before providing any of the Materials to an Authorized Person(s), defense counsel must provide the Authorized Person(s) with a copy of this Order.

6.      Upon conclusion of all stages of this case, all the Materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of the Materials.

7.      The restrictions set forth in this Order do not apply to documents that are or become part of the public record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the Materials in judicial proceedings in this case, except as described below.

## Sensitive Materials

8.      The United States may produce materials containing personal identifying information as identified in Federal Rule of Criminal Procedure 49.1, as well as the transcripts and related exhibits of witness testimony presented to the grand jury that returned the indictment in this case (together, "Sensitive Materials"), to defense counsel.  Sensitive Materials shall be plainly marked as "Sensitive" by the United States prior to disclosure.

9.      Except as provided in this Order, without prior notice to the United States and authorized from the Court, no Sensitive Materials, or information contained therein, may be disclosed to any person other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains.

10.      Sensitive Materials must be maintained in the custody and control of defense counsel.  Defense counsel may show Sensitive Materials to the defendant as necessary to assist in preparation of the defense, but defense counsel may not provide a copy of Sensitive Materials to the defendant.  Moreover, if defense counsel does show Sensitive Materials to the defendant, defense counsel may not allow the defendant to write down any personal identifying information as identified in Federal Rule of Criminal Procedure 49.1 that is contained in the Sensitive

Materials.  If the defendant takes notes regarding Sensitive Materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identifying information as identified in Federal Rule of Criminal Procedure 49.1.

11.     The parties may include designated Sensitive Materials in any public filing or use designated Sensitive Materials during any hearing or the trial of this matter without leave of Court if personal identifying information or grand jury information is redacted.  No party shall disclose unredacted Sensitive Materials in open court or public filings without prior consideration by the Court (except if the defendant chooses to include in a public document Sensitive Materials relating solely and directly to the defendant's personal identifying information).  If a party includes unredacted Sensitive Materials in any filing with the Court, they shall be submitted under seal.

12.     Any filing under seal must be accompanied by a motion for leave to file under seal as required by Local Rule of Criminal Procedure 49(f)(6)(i).

### Scope of this Order

13.     **Modification Permitted.**  Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

14.     **No Waiver.**  The failure by the United States to designate any of the Materials as "Sensitive" upon disclosure shall not constitute a waiver by the United States' ability to alter designate the Materials as Sensitive.

15.     **No Ruling on Discoverability or Admissibility.**  This Order does not constitute a ruling on the question whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

16.     **Challenges to Specific Documents.**   The Defendant may raise particularized concerns about specific documents by motion to this Court.

DATE:  December 10, 2021

CARL J. NICHOLS
United States District Judge