# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : Criminal No. 21-670 (CJN) <br> : <br> STEPHEN K. BANNON, : <br> : <br> *Defendant*. : | |

## DEFENDANT'S POSITION ON PRE-TRIAL SCHEDULING

Defendant Stephen K. Bannon, by and through his undersigned counsel, respectfully submits the following:

The Parties have conferred with each other regarding scheduling. The Defendant now files his position on scheduling, pursuant to the Court's directive on December 7, 2021, that the parties should apprise the Court of their respective positions on scheduling by December 16, 2021 (Tr. 12/7/2021 at 42).

The Parties reached agreement on some but not all deadlines. We believe that there are two primary areas of disagreement on scheduling. The Defendant's position on these issues is reflected in the Proposed Order attached hereto.

First, as the Defense asserted during the hearing on December 7, 2021, the discovery Defendant intends to seek is directed both toward the motions to dismiss that the Defendant anticipates filing and to defenses at trial. (12/7/2021 Tr. at 24-34). The Defense has made this position clear to the Government. However, the Government takes a different position. The Government has consistently contended that any motion to compel discovery should be filed at the same time as motions to dismiss the indictment. *See* Joint Status Report (Doc. 18). We disagree.

The alternative the Defendant proposes, as reflected in the attached Proposed Order, is to set a deadline for any motion to compel discovery on or before February 15, 2022. This would allow time for discovery issues to be litigated first. Then, once we have guidance on what discovery will be available, motions to dismiss can follow in due course.

That brings us to the second point of disagreement. The Government proposes a deadline of March 1, 2022, motions to dismiss. We think an additional month is prudent, given the complex issues involved. An April 1, 2022, deadline gives all Parties a better chance that discovery disputes can be resolved. It also allows needed time to develop the facts for what will likely be motions on Constitutional issues of first impression. The Defendant's proposed pre-trial schedule provides for motions to dismiss to be filed by April 1, 2021, with the motions to be fully briefed by both parties two full months before trial. The Defendant must be given the opportunity to fully develop the record on his motions to dismiss, some of which raise historically important constitutional issues.

Both Parties indicated to each other preferred dates based on attorney commitments and religious observance. But we understand that the timing of motions practice cannot be decided purely on the availability of counsel. Rather, the key consideration should be when there will be an adequate factual record upon which to decide the motions.

Based on the interactions to date, we anticipate that the Government will not agree to all Defense discovery requests. If this proves true, then the Defense will move this Court for an order compelling discovery. Motions to dismiss the indictment should be scheduled at a time that takes into consideration this likely scenario. The governing rule requires only that such motions be filed before trial. *See* Fed. R. Crim. P. 12(b)(3). The Defendant's proposed pre-trial schedule would have such motions filed and fully briefed months before trial.

With respect to the Government's motion to exclude time under The Speedy Trial Act, the Defendant certainly agrees that the time frame set out in the attached proposed schedule appropriately should be excluded from Speedy Trial clock and defers to the Court as to the applicable bases for such exclusion. The Defendant certainly agrees that such time is excludable under 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A) and that the ends of justice support the same.

Dated: December 16, 2021               Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

/s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
210 N. Charles Street, 26th Floor
Baltimore, MD 21201
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com


/s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

/s/ Robert J. Costello
Robert J. Costello (*pro hac vice*)
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com


*Counsel for Defendant Stephen K. Bannon*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December 2021, a copy of the foregoing DEFENDANT'S POSITION ON PRE-TRIAL SCHEDULING was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

                                              /s/ M. Evan Corcoran
                                            M. Evan Corcoran (D.C. Bar No. 440027)