# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **CRIMINAL NO. 21-cr-670** |
| v. | : | |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' STATUS REPORT AND MOTION TO EXCLUDE TIME PURSUANT TO THE SPEEDY TRIAL ACT

Despite the Court's direction that the parties meet and confer, the first time the Government learned of the proposed briefing schedule and pretrial order the Defendant submitted to the Court was at 5:07 p.m. today, when he filed it.  Until that time, except for the dates for the first set of motions, the Defendant had agreed to the briefing procedure outlined below, *see* Attachment 1 (the parties' correspondence):

| | |
|---|---|
| Deadline for the Defendant to make discovery request: | January 14, 2022 |
| Deadline for the Government to respond to request: | January 28, 2022 |
| Deadline for motions to dismiss, to compel discovery, and to exclude evidence or argument relating to an advice-of-counsel defense: | Government Proposal: March 1, 2022<br><br>Defendant Proposal: April 1, 2022 |
| Deadline for oppositions to motions to dismiss, to compel discovery, and to exclude evidence relating to an advice-of-counsel defense: | Government Proposal: April 1, 2022<br><br>Defendant Proposal: May 2, 2022 |
| Deadline for replies to oppositions to motions to dismiss, to compel discovery, and to exclude evidence or argument relating to an advice-of-counsel defense: | Government Proposal: April 15, 2022<br><br>Defendant Proposal: May 16, 2022 |

| Deadline for motions in limine: | June 17, 2022 |
|---|---|
| Deadline for oppositions to motions in limine: | July 1, 2022 |
| Deadline for replies to oppositions to motions in limine: | July 8, 2022 |
| Trial | July 18, 2022 |

The procedure above and the Government's proposed dates for it provide for an orderly, efficient, and fair briefing process for this case.   First, it is the most economical use of the Court and the parties' resources.   For example, for many of the discovery motions the Defendant has represented he will make to support his motions to dismiss, *see* Status Hrg., Dec. 7, 2021, Tr. at 26-30, he will have to meet a high burden, which most defendants cannot meet, requiring that he make some preliminary showing on the merits of the intended motion to dismiss, *see, e.g.*, *United States v. Armstrong*, 517 U.S. 456, 468-70 (1996) (finding a defendant must meet a "rigorous standard" to obtain discovery to support a selective prosecution claim under which he must provide "some evidence tending to show the existence of the essential elements" of the claim).   Filing motions to compel and dismiss together, therefore, will avoid litigating the same issues over again in the likely event the Defendant cannot make the requisite showing to entitle him to additional discovery before filing his motions to dismiss.   Second, it provides the Court with sufficient time to resolve motions and for the parties and the Court to address the consequences of the Court's rulings in advance of a July 18 trial date.   For example, if the Government does not prevail on its motion to exclude evidence or argument relating to an advice-of-counsel claim and needs to seek discovery on the matter, or in the unlikely event that the Defendant is successful on any motion to compel discovery, the schedule outlined above provides sufficient time to address those issues in advance of the trial date.   Indeed, counsel for the Defendant has acknowledged the need to plan for contingencies in trial planning, stating at the December 7 status hearing, "it may be if a time is

set, we need more time as we go along." Status Hrg, Dec. 7, 2021, Tr. at 34:19-20.   The

Government's proposed schedule, setting the first set of motions well in advance of trial, makes

any further delay to address contingencies less likely.   Finally, two government counsel have trial

in another matter beginning on April 27, 2022, *see United States v. De Moya et al.*, No. 19-cr-158-

RBW, which falls in the middle of the Defendant's proposed timeline for briefing the first set of

motions.   The defense previously shared they wanted the later dates in the briefing schedule

outlined above because they too had scheduling conflicts, so, in an attempt to accommodate both

parties, the Government offered compromise dates of March 18, April 18, and May 2, but defense

counsel rejected this proposal, Att. 1 at 3-4.[1]

Finally, at the December 7 status hearing, the Court found that a July 18, 2022, trial date

was appropriate to allow sufficient time for due consideration of the legal questions that may be at

issue in this case, to allow time for the parties to engage in any information gathering and discovery

that might be necessary for the parties' potential motions, and to accommodate the limitations on

trial proceedings imposed by the COVID-19 precautions under which the District Court is

operating.   Status Hrg., Dec. 7, 2021, Tr. at 35-36, 39-40.   Although less than five hours before

his filing the Defendant suggested to the Government that he would defer to the Court on the matter

and not take the position that excludable delay was justified between now and the date the parties

file their first motions, Att. 1 at 1, he appears to have changed his mind.   Accordingly, while the

Government continues to believe this straightforward failure-to-appear case does not warrant an

---

[1] The Defendant has never shared with the Government most of the proposed deadlines in the pretrial order he attaches to his motion despite suggesting to the Court that the Government has already agreed to all its proposals except the two areas addressed in the Defendant's report.   In any event, the Government does not object to most of its proposals, except as outlined above.   The Government notes, however, that the proposed pretrial order includes several joint filings requiring the parties to confer.   Given the Defendant's resistance thus far to meaningfully conferring, this raises some concern.

ends of justice continuance under the Speedy Trial Act, the Government understands the Court's position and therefore requests that the Court enter an order consistent with its findings at the status hearing and Chief Judge Howell's December 13, 2021 Standing Order, No. 21-79 (BAH) (Dec. 13, 2021), that excludes time under the Speedy Trial Act from the date of this Court's order through the date the Court sets for the parties to file the first set of motions outlined above. *See* Attachment 2 (Proposed Order).

<div style="margin-left: 40%;">

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ *Amanda R. Vaughn*
J.P. Cooney (D.C. 494026)
Molly Gaston (VA 78506)
Amanda R. Vaughn (MD)
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-1793 (Vaughn)
amanda.vaughn@usdoj.gov

</div>