UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　v.<br><br>STEPHEN K. BANNON,<br><br>　　　　*Defendant*. | Criminal Action No. 1:21-cr-00670 (CJN) |

## SCHEDULING ORDER

Trial is set begin in this matter on **July 18, 2022**, at 9:00 a.m. in Courtroom 19. Jury selection will begin that day at 9:00 a.m., and will be conducted in accordance with Appendix 8 of the Continuity of Operations Plan for COVID-19, assuming that Appendix 8 remains in force. The following deadlines shall govern pretrial proceedings:

1. By **January 14, 2022**, Defendant shall make discovery requests of the Government. The Government shall have until **January 28, 2022**, to respond to the Defendant's Discovery requests.

2. Any motions to compel discovery, along with any motion to exclude evidence or argument relating to the advice of counsel defense, shall be filed by **February 4, 2022**. Oppositions to any such motions shall be filed by **February 25, 2022.** Any reply shall be filed by **March 8, 2022**.

3. The Parties shall file any motions to dismiss the indictment or other motions to exclude evidence by **April 8, 2022**. Oppositions to any such motion shall be filed by **April 29, 2022**. Any reply shall be filed by **May 10, 2022**.

4. The Parties shall file any pretrial motions (including motions *in limine*) on or before **June 17, 2022**. Oppositions to pretrial motions (including motions *in limine*) shall be filed by **July 1, 2022**. Any reply shall be filed by **July 8, 2022**.

5. The United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed by **July 8, 2022**.

6. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief by **July 8, 2022**. Any *Brady* materials not already disclosed must be disclosed by this date.

7. The Parties shall also file with the Court, no later than **July 11, 2022**, a Joint Pretrial Statement that contains:

    A. A neutral statement of the case. The Parties shall include a neutral statement of the case for the Court to read to prospective jurors.

    B. Proposed *voir dire* questions. The Parties shall indicate:

        1. the *voir dire* questions on which the parties agree; and

        2. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question.

    C. Proposed jury instructions. The Parties shall submit a list of proposed jury instructions, followed by the text of each proposed instruction, that indicates:

        1. the instructions on which the parties agree, and

        2. the instructions on which the parties disagree, with specific objections noted below each disputed instruction; and the proposed instruction's source (*e.g.*, the Red Book, Matthew Bender's Federal

    Jury Instructions) or, for modified or new instructions, supporting legal authority (*e.g.*, *Joy v. Bell Helicopter Textron, Inc.*, 999 F.2d 549, 556 (D.C. Cir. 1993)).

Proposed instructions may be updated as needed to reflect the evidence presented at trial. Absent a showing of good cause, no other modifications will be permitted.

 D. <u>List of witnesses.</u> The Parties shall identify the witnesses that each side anticipates it may call in its case-in-chief, divided into the following categories:

  1. witnesses who will be called to testify at trial;

  2. witnesses who may be called to testify at trial; and

  3. witnesses whose testimony a party will present by deposition or other prior testimony, indicating whether the presentation will be by transcript or video.

The Court will read the list of witnesses to the jury during *voir dire*. In the list, each witness name should be accompanied by a brief description of each witness's expected testimony and area of expertise, if applicable, followed by specific objections, if any, to each witness.

 E. <u>Exhibit lists.</u> The Parties shall include a list of trial exhibits (including demonstratives, summaries, or other specially prepared exhibits), which includes:

  1. the exhibit number for each document;

  2. the date of the document;

        3.        a brief description of the document;

        4.        a concise statement of the asserted basis of admissibility; and

        5.        whether there is an objection to admission of the document and, if so, a concise statement of the basis for the objections.

This list, together with numbered premarked copies of the exhibits, should be submitted to the Court in a separate binder.

    F.    <u>Stipulations.</u>  The Parties shall submit a draft of all stipulations.

    G.    <u>Proposed verdict form.</u>  The Parties shall include a draft verdict form, including any proposed special interrogatories.  The draft verdict form should include a date and signature line for the jury foreperson.

8.    The Court will schedule hearings on any motions filed by the Parties as necessary.

9.    Counsel shall appear on **July 14, 2022**, at 10:00 a.m. for a Pretrial Conference in Courtroom 19.

The parties must submit to chambers a printed copy of the Joint Pretrial Statement tabbed and in a three-ring binder.  The parties must submit an electronic copy of all proposed *voir dire* questions, jury instructions, and verdict forms in Word format by emailing them to Chambers at Nichols_Chambers@dcd.uscourts.gov.  The jury instructions section must be formatted so that each individual jury instruction begins on a new page.

*Failure to comply with this Order will be deemed a waiver of all objections to matters covered by this Order.*

DATE:  January 3, 2022

                                                        CARL J. NICHOLS
                                                        United States District Judge