## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-670** |
| **v.** | : | |
| | : | |
| **STEPHEN K. BANNON,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT RELATING TO GOOD-FAITH RELIANCE ON LAW OR ADVICE OF COUNSEL

The Defendant, Stephen K. Bannon, is charged with contempt of Congress for willfully defying a subpoena that required him to produce records to and appear for a deposition before the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol ("the Committee"). Despite the subpoena's demands, the Defendant did not produce a single record and did not appear for testimony on the date designated; he did not even submit objections to compliance or properly assert a privilege in the manner required by the subpoena. Since being indicted, the Defendant has indicated that his disregard of the subpoena was purportedly justified by legal privileges and his attorney's advice regarding them, as well as other claims relating to the legal validity of the subpoena. The Defendant's excuses for non-compliance are without merit, and his erroneous reliance on privileges and purported advice of counsel is no defense to contempt. The deliberate failure to comply with a congressional subpoena—regardless of motivation—constitutes the crime of contempt. Any evidence or argument relating to the Defendant's or his counsel's views of the law, or the Defendant's reliance on it, should therefore be excluded at trial.

I.      **The Defendant's Claims Relating to Privilege and Advice of Counsel**

The Defendant is charged with two counts of contempt of Congress, in violation of 2 U.S.C. § 192, for refusing to comply in any way with a subpoena issued by the Committee.  The subpoena, issued to the Defendant on September 23, 2021, commanded the Defendant to appear and to produce documents on October 7, 2021, and to appear for a deposition on October 14, 2021.  The Defendant did neither.  Instead, the Defendant submitted an excerpt of a letter he received from counsel to former President Donald J. Trump.  In the letter, the former President's counsel informed the Defendant that he believed the subpoena called for privileged information and instructed the Defendant to assert privileges "where appropriate" and "to the fullest extent of the law."  Ex. 1 at US-000418.  Through correspondence to the Committee, the Defendant's counsel claimed that these instructions effectively empowered the Defendant to ignore the subpoena unless a court ordered him to do otherwise.  *Id*. at US-000419.  Despite the Committee's subsequent rejection of the Defendant's legal position, repeated direction that he comply or properly submit any privilege claims for resolution by the required procedures, and warning that his failure to do so would likely constitute willful non-compliance in violation of Section 192, *id*. at US-000420-22, US-000448-50, the Defendant still refused, *id*. at US-000423-24.

Since being charged in this matter, the Defendant has indicated that he intends to use the same claims, or his reliance on them, as defenses in this matter.  During a press conference the Defendant and his counsel held after the Defendant's initial appearance, his counsel asserted that the contempt charges were without merit because former President Trump's purported invocation of executive privilege required that the Defendant not comply with the subpoena.[1]  At the

---

[1] *See "Misdemeanor from Hell": Watch Bannon Speak Out After He's Released*, CNN, Nov. 15, 2021, *available at* https://www.youtube.com/watch?v=-diE7kCCidE (last accessed Feb. 4, 2022).  The Defendant's counsel stated, "It's not a matter of equal justice under the law, Mr.

December 7, 2021, status hearing, the Defendant's counsel again claimed, "This is a case with the invocation of privilege. . . . Mr. Bannon relied entirely on the advice of counsel" and advice of counsel "negates an element of the offense."  Status Hrg., Dec. 7, 2021, Tr. at 25:4-7, 25:11-12. At the same hearing, counsel also indicated that the Defendant would contest the pending charges by challenging the legal validity of the subpoena based on claims relating to the Committee's investigative authority.  *Id*. at 26:9-22.

## II.     Good-Faith Reliance on the Law or Advice of Counsel is Not a Defense to Contempt

The Defendant's claims of executive and other privileges and the Committee's authority, or any other claim relating to legal defenses to the subpoena, are without merit, which the Government will establish if and when the Defendant files his motions to dismiss on those grounds. At trial, however, the Defendant's erroneous beliefs and his purported reliance on his counsel's erroneous advice otherwise is no defense to the crime charged.  Accordingly, evidence or argument supporting such a defense should be excluded at trial.

To establish that the Defendant's disregard of the subpoena constituted criminal contempt, the Government must prove that his default was willful.  18 U.S.C. § 192.  A willful default is a deliberate and intentional failure to appear or produce records as required.  *Licavoli v. United States*, 294 F.2d 207, 208 (D.C. Cir. 1961) ("[H]e who deliberately and intentionally fails to respond to a subpoena 'willfully makes default.'") (citing *United States v. Bryan*, 339 U.S. 323 (1950); *United States v. Fleischman*, 339 U.S. 349 (1950)); *see also Bryan*, 339 U.S. at 330

---

Garland, to charge a matter like this criminally.  The holder of the privilege in this case, executive privilege, invoked the privilege.  When the privilege has been invoked by the purported holder of the privilege, he has no choice but to withhold the documents.  You can't put the genie back in the bottle.  Mr. Bannon acted as his lawyer counseled him to do, by not appearing and by not turning over documents in this case.  He didn't refuse to comply.  He made quite clear that, if a court ordered him to comply, he would do that, but he had an obligation to honor the privilege that was invoked."  *Id*.

("[W]hen the Government introduced evidence in this case that respondent had been validly served with a lawful subpoena directing her to produce records within her custody and control, and that on the day set out in the subpoena she intentionally failed to comply, it made out a prima facie case of wilful default.").  The Government does not have to prove the Defendant had an "evil motive"; "[a] deliberate intention not to appear is sufficient."  *Licavoli*, 294 F.2d at 208. Accordingly, while the Defendant's failure to appear due to "illness, travel trouble, misunderstanding, etc.," might be a valid defense, his deliberate decision not to appear or produce records is not.  *See id*.

A deliberate and intentional decision not to comply with a congressional subpoena based on the subpoenaed party's erroneous belief that the law excused compliance constitutes a willful default.  *Yellin v. United States*, 374 U.S. 109, 123 (1963) (addressing defendant's refusal to answer congressional committee's questions and noting, "[o]f course, should Yellin have refused to answer in the mistaken but good-faith belief that his rights had been violated, his mistake of law would be no defense.") (citing *Watkins v. United States*, 354 U.S. 178, 208 (1957); *Sinclair v. United States*, 279 U.S. 263, 299 (1929), *overruled on other grounds*, *United States v. Gaudin*, 515 U.S. 506 (1995)); *see also Watkins*, 354 U.S. at 208 (discussing a witness's refusal to answer a committee's questions on the belief that the questions are not pertinent to its inquiry and noting that "[a]n erroneous determination on his part, even if made in the utmost good faith, does not exculpate him if the court should later rule that the questions were pertinent to the question under inquiry").  And a defendant's good-faith reliance on counsel's advice that the law excuses compliance does not "immunize a deliberate, intentional failure to appear pursuant to a lawful subpoena lawfully served."  *Licavoli*, 294 F.2d at 209; *see also Bryan*, 339 U.S. at 325, 330 (finding defendant's intentional refusal to produce records in response to a congressional subpoena

was a willful default even where the defendant claimed to the congressional committee at the time of refusal that she was following the advice of her counsel); *Sinclair*, 279 U.S. at 299 ("There is no merit in appellant's contention that he is entitled to a new trial because the court excluded evidence that in refusing to answer he acted in good faith on the advice of competent counsel. . . . His mistaken view of the law is no defense."). As described above, that the defendant "meant to stay away was made abundantly clear. That he did so upon the advice of a lawyer is no defense." *Licavoli*, 294 F.2d at 209.[2]

That good-faith reliance on the law or advice of counsel is no defense reflects the nature of the contempt offense and the purposes of the contempt statute to "vindicat[e] the authority of Congress to compel the disclosure of facts which are needed in the fulfillment of the legislative function." *Bryan*, 339 U.S. at 327; *see also Watkins*, 354 U.S. at 187-88 ("It is unquestionably the duty of all citizens to cooperate with the Congress in its efforts to obtain the facts needed for intelligent legislative action. It is their unremitting obligation to respond to subpoenas, to respect the dignity of the Congress and its committees and to testify fully with respect to matters within the province of proper investigation."). The Supreme Court has long affirmed that, once a congressional committee has directed a witness to comply with a congressional subpoena, it is the witness who risks contempt by continuing not to do so. As the Court described in *Quinn v. United States*, when objections are raised:

---

[2] The Defendant has suggested that *Licavoli* is not controlling because, according to counsel, "that case is based on an earlier case, *Sinclair*, that's no longer good law. *See* Status Hrg., Dec. 7, 2021, Tr. at 24:22-25:1. In *Sinclair*, the Supreme Court addressed several issues relating to Section 192. Among them, the Court held that a refusal to answer a committee's questions constituted contempt even if the defendant believed in good faith, and relied on his counsel's advice, that the law allowed him to refuse to answer the questions. 279 U.S. at 299. The Supreme Court has never overruled this holding. The Supreme Court has overruled only *Sinclair*'s holding on the entirely different issue of whether pertinency of a question posed by a congressional committee must be decided by the court or the jury. *See Gaudin*, 515 U.S. at 520-22.

the committee may sustain the objection and abandon the question, even though the objection might actually be without merit.  In such an instance, the witness' refusal to answer is not contumacious, for there is lacking the requisite criminal intent.  Or the committee may disallow the objection and thus give the witness the choice of answering or not.  Given such a choice, the witness may recede from his position and answer the question.  And if he does not then answer, it may fairly be said that the foundation has been laid for a finding of criminal intent to violate [Section] 192.

349 U.S. 155, 165-66 (1955); *see also United States v. House of Representatives of U.S.*, 556 F. Supp. 150, 152 (D.D.C. 1983) ("The statutory provisions concerning penalties for contempt of Congress, 2 U.S.C. § 192 and § 194, constitute 'an orderly and often approved means of vindicating constitutional claims arising from a legislative investigation.'  Under these provisions, constitutional claims and other objections to congressional investigatory procedures may be raised as defenses in a criminal prosecution." (quoting *Sanders v. McClellan*, 463 F.2d 894, 899 (D.C. Cir. 1972))).

These principles are no different from those that apply in contempt of court cases involving violations of 18 U.S.C. § 401(3) (defining criminal contempt to include "[d]isobedience or resistance to [a court's] lawful writ, process, order, rule, decree, or command").  As with contempt of Congress, a defendant's failure to comply with a court order must be willful in order to constitute a criminal violation, *see, e.g.*, *United States v. Armstrong*, 781 F.2d 700, 706 (9th Cir. 1986) ("[W]illfulness is an essential element of criminal contempt."), and willfulness is defined as a refusal that is deliberate and intentional, *see, e.g.*, *United States v. Straub*, 508 F.3d 1003, 1012 (11th Cir. 2007) (defining willfulness for contempt of court as "a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order" (internal quotation marks and citations omitted)); *United States v. Rapone*, 131 F.3d 188, 195 (D.C. Cir. 1997) ("A defendant commits a willful violation when he acts with deliberate or reckless disregard of the obligations created by a court order.").  Further, as with contempt of Congress, a good-faith

6

belief that a court order is invalid, or reliance on counsel's advice not to comply, provides no defense to contempt of court. *See, e.g.*, *United States v. Myers*, 302 F. App'x 201, 205 (4th Cir. 2008) ("We agree with the district court that Myers' reliance on counsel's advice to fail to appear as ordered does not negate the willfulness element of the contempt offense."); *United States v. Remini*, 967 F.2d 754, 758 (2d Cir. 1992) (affirming exclusion of evidence of advice of counsel in trial for contempt for refusal to testify and affirming instructions to jury that advice of counsel and a good-faith refusal to comply was not a defense to contempt); *United States v. Monteleone*, 804 F.2d 1004, 1010-11 (7th Cir. 1986) (rejecting that the defendant's erroneous belief that he complied with an order to testify based on his counsel's advice provided a defense to contempt in the face of a clear order and noting that "an attorney may not exculpate his client of contempt by advising him to disobey an order of the court because the judge is 'wrong'"); *United States v. Di Mauro*, 441 F.2d 428, 437 (8th Cir. 1971) (rejecting defendants' contention that their failure to testify before a grand jury was not willful because they were relying in good faith on advice of counsel). Just as with contempt of Congress, to properly vindicate the authority of the issuing court, it is the party to whom a court order is directed who takes the risk of contempt in deciding simply not to comply. *See United States v. Ryan*, 402 U.S. 530, 533 (1971) ("[W]e have consistently held that the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal.").

Here, the Committee warned the Defendant that his privilege claims did not excuse him from his obligations under the subpoena to produce records and to appear for a deposition, or to

follow the required procedures for submitting his privilege claims.  The Defendant, nevertheless, intentionally decided not to comply.  When given the choice between compliance and contempt that the Supreme Court described in *Quinn*, the Defendant chose contempt.  And the Defendant's total refusal to take even one step toward compliance, even refusing to submit a privilege log, provides ample evidence that he was not relying in good faith on legal privileges or advice of counsel.  But even if his contempt were based on an erroneous but good-faith belief that he had a valid legal excuse for ignoring the subpoena's demands, whether by his own determination or his attorney's, it is no defense.  All evidence and argument related to good-faith reliance on the law or an attorney's advice should therefore be excluded at trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Amanda R. Vaughn*
        J.P. Cooney (D.C. 494026)
        Molly Gaston (VA 78506)
        Amanda R. Vaughn (MD)
        Assistant United States Attorneys
        United States Attorney's Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-1793 (Vaughn)
        amanda.vaughn@usdoj.gov