

## DAVIDOFF HUTCHER & CITRON LLP

ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

**FIRM OFFICES**

WHITE PLAINS
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NY 10605
(914) 381-7400

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

**FIRM OFFICES**

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

October 7, 2021

Kristin Amerling, Esq.
Chief Counsel/Deputy Staff Director
House Select Committee to Investigate
The January 6th Attack on the United States Capitol
1540A Longworth HOB
Washington, DC 20515

Re:   The Subpoena for Stephen K. Bannon dated September 23, 2021

Dear Ms. Amerling:

I write today on behalf of Stephen K. Bannon with respect to the above referenced subpoena, which I accepted on behalf of Mr. Bannon. On the afternoon of October 6, 2021, I received a letter from Justin Clark, as counsel for then President of the United States Donald J. Trump. That letter references the subpoena that your Committee served upon Mr. Bannon, and notes that the subpoena:

> "seeks records and testimony purportedly related to the events of January 6th, 2021, including but not limited to information which is potentially protected from disclosure by executive and other privileges, including among others the presidential communications, deliberative process, and attorney-client privileges. President Trump is prepared to defend these fundamental privileges in court.
>
> Therefore, to the fullest extent permitted by law, President Trump instructs Mr. Bannon to: (a) where appropriate, invoke any immunities and privileges he may have from compelled testimony in response to the Subpoena; (b) not produce any documents concerning privileged material in response to the Subpoena; and (c) not provide any testimony concerning privileged material in response to the Subpoena."

It is therefore clear to us that since the executive privileges belong to President Trump, and he has, through his counsel, announced his intention to assert

**Jan. 6 Sel. Comm. 0011**

US-000418

DAVIDOFF HUTCHER & CITRON LLP

Kristin Amerling, Esq.
October 7, 2021
Page 2

those executive privileges enumerated above, we must accept his direction and honor his invocation of executive privilege. As such, until these issues are resolved, we are unable to respond to your request for documents and testimony.

We will comply with the directions of the courts, when and if they rule on these claims of both executive and attorney client privileges.  Since these privileges belong to President Trump and not to Mr. Bannon, until these issues are resolved, Mr. Bannon is legally unable to comply with your subpoena requests for documents and testimony.

Very truly yours,


/s/ Robert J. Costello


RJC/nc
None

Jan. 6 Sel. Comm. 0012

US-000419

BENNIE G. THOMPSON, MISSISSIPPI
CHAIRMAN

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
LIZ CHENEY, WYOMING
ADAM KINZINGER, ILLINOIS



U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225-7800

### One Hundred Seventeenth Congress
### Select Committee to Investigate the January 6th Attack on the United States Capitol

October 8, 2021

Mr. Robert J. Costello
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, NY 10158

Dear Mr. Costello,

I write in response to your October 7, 2021 letter which states that your client, Stephen Bannon, is "legally unable to comply" with the September 23, 2021 subpoena (the "Subpoena") issued by the Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee"). Your letter relies on an apparent instruction from former President Donald Trump that appears limited to requesting that Mr. Bannon not disclose privileged information. Despite this limited instruction, your letter takes the inappropriate position that Mr. Bannon will not comply with any request for information or testimony sought by the Select Committee. Moreover, Mr. Trump's stated "intention to assert those executive privileges" that may or may not belong to him, does not provide a legal basis for Mr. Bannon's refusal to comply with the Subpoena.

You accepted service of the Subpoena for documents and testimony on Mr. Bannon's behalf on September 24, 2021. The Subpoena required that, by October 7, 2021 at 10:00 a.m., Mr. Bannon produce certain documents and other records referring or relating to the matters described in the Subpoena's schedule. All the requested documents relate directly to the inquiry being conducted by the Select Committee, serve a legitimate legislative purpose, and are within the scope of the authority expressly delegated to the Select Committee pursuant to House Resolution 503. In the letter accompanying the Subpoena, the Select Committee set forth the basis for its determination that the documents and records sought by the Subpoena and Mr. Bannon's deposition testimony are of critical importance to the issues being investigated by the Select Committee.

Your letter indicates that the sole basis for defiance of the Subpoena is Mr. Trump's "direction" to your client and his decision to "honor [Mr. Trump's] invocation of executive privilege." That position has no basis in law, and your letter does not cite any statute, case law, or other legal precedent for support.

*First*, virtually all the documents and testimony sought by the Subpoena concern Mr. Bannon's actions as a private citizen and involve a broad range of subjects that are not covered by executive privilege. You have provided no basis for Mr. Bannon's refusal to comply with

**Jan. 6 Sel. Comm. 0013**

US-000420

Mr. Robert J. Costello
Page 2

those portions of the Subpoena not covered by any privilege.  Furthermore, blanket assertions of
the deliberative process and attorney-client privileges, such as those apparently requested by Mr.
Trump, have been rejected by courts as "unsustainable" even when—unlike the situation with
Mr. Bannon—the subpoena recipient is an Executive Branch agency.  *See Comm. on Oversight
and Gov't Reform v. Holder*, 2014 WL 1266665, at *2 (D.D.C. 2014) (rejecting DOJ's assertion
of deliberative process privilege on all documents after a particular date and noting that the
"Attorney General has not cited any authority that would justify this sort of blanket approach").

   *Second*, the Select Committee has not received any assertion, formal or otherwise, of any
privilege from the Mr. Trump.  Even assuming that, as a former President, Mr. Trump is
permitted to formally invoke executive privilege, he has not done so. At most, Mr. Trump has
"announced his intention to assert those executive privileges." The Select Committee is not
aware of any legal authority, and your letter cites none, holding that the mere intention to assert a
privilege absolves a subpoena recipient of his duty to comply.

   *Third*, your letter indicates that Mr. Trump has requested that your client "to the fullest
extent permitted by law ... not provide any testimony concerning privileged material in response
to the Subpoena." Even if your client had been a senior aide to the President during the time
period covered by the contemplated testimony, which he was most assuredly not, he is not
permitted by law to the type of immunity you suggest that Mr. Trump has requested he assert. To
the contrary, every court that has considered the absolute immunity Mr. Trump alludes to has
rejected it. *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Comm. on the Judiciary v.
Miers*, 558 F. Supp. 2d 53, 106 (D.D.C. 2008) (rejecting former White House counsel's assertion
of absolute immunity from compelled congressional process). *Miers* made clear that even the
most senior Presidential advisors may not resist a congressional subpoena "based solely on their
proximity to the President." *Id.* at 101 (citing *Harlow*, 457 U.S. at 810).[1] If there is no absolute
immunity for senior Presidential advisors, then there certainly can be no such immunity for
private citizens, such as Mr. Bannon, who occasionally communicate with the President on non-
official, non-governmental, or campaign-related matters.

   Regardless of any purported privilege assertion by Mr. Trump, Mr. Bannon has an
ongoing obligation to produce documents to the Select Committee. Accordingly, please produce
all responsive documents and records identified in the Subpoena. Should Mr. Bannon seek to
withhold specific responsive documents, consistent with the Subpoena instructions, he must
provide the Select Committee with a privilege log that "identifies and describes the material in a
manner 'sufficient to enable resolution of any privilege claims.'" *See Comm. on Oversight*, 2014
WL 12662665 at *2 (quoting *Miers,* 558 F. Supp. 2d at 107). Such a privilege log should, at a
minimum, provide the author(s) and recipient(s), indicate the general subject matter of each
document being withheld, and the specific basis for withholding it.

---

[1] It is also worth noting that the court in *Miers* rejected the former White House Counsel's claim of absolute
immunity from congressional testimony even though the sitting President had formally invoked executive privilege.
*Id.* at 62.

**Jan. 6 Sel. Comm. 0014**

Mr. Robert J. Costello
Page 3

Finally, the Select Committee expects Mr. Bannon's appearance at the time and place designated in the Subpoena for a deposition and respond fully to questions by the Select Committee. If there are specific questions at that deposition that you believe raise privilege issues, Mr. Bannon should state them at that time for the deposition record for the Select Committee's consideration and possible judicial review.

Please be advised that the Select Committee will view Mr. Bannon's failure to respond to the Subpoena as willful non-compliance with the Subpoena. His willful non-compliance with the Subpoena would force the Select Committee to consider invoking the contempt of Congress procedures in 2 U.S.C. §§ 192, 194—which could result in a referral from the House to the Department of Justice for criminal charges—as well as the possibility of having a civil action to enforce the Subpoena brought against Mr. Bannon in his personal capacity.

Sincerely,

Bennie G. Thompson
Chairman

**Jan. 6 Sel. Comm. 0015**

US-000422



# DAVIDOFF HUTCHER & CITRON LLP

ATTORNEYS AT LAW

605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

WHITE PLAINS
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NY 10605
(914) 381-7400

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

October 13, 2021

Hon. Bennie G. Thompson
Chairman
House Select Committee to Investigate the January 6th Attack
c/o Kirstin Amerling, Esq.
1540 A Longworth HOB
Washington, DC 20515

Re:    The Subpoena for Stephen K. Bannon dated September 23, 2021

Dear Congressman Thompson:

I write on behalf of Stephen K. Bannon to respond to some of the inaccurate statements made in your letter to me dated October 8, 2021, which purports to address the positions taken by Mr. Bannon with respect to the above-referenced subpoena.

As an initial matter, your use of the word "defiance" is inappropriate. Mr. Bannon's position is not in defiance of your Committee's subpoena; rather, Mr. Bannon noted that President Trump's counsel stated that they were invoking executive and other privileges and therefore directed us not to produce documents or give testimony that might reveal information President Trump's counsel seeks to legally protect. Mr. Bannon has testified on three prior occasions, before the Mueller Investigation, the House Intelligence Committee and the Senate Intelligence Committee. In each of those instances, when President Trump waived his invocation of the executive privileges, Mr. Bannon testified.

As recently as today, counsel for President Trump, Justin Clark Esq., informed us that President Trump is exercising his executive privilege; therefore, he has directed Mr. Bannon not to produce documents or testify until the issue of executive privilege is resolved. Your Committee will have the right to challenge that exercise or its scope. That is an issue between the Committee and President Trump's counsel and Mr. Bannon is not required to respond at this time. See *Comm. on the Judiciary v. McGahn*, 415 F. Supp. 3d 148, FN 34 (D.D.C. 2019) ("The President can certainly identify sensitive information that he deems subject to executive privilege, and his doing

**Jan. 6 Sel. Comm. 0016**

DAVIDOFF HUTCHER & CITRON LLP

Hon, Bennie G. Thompson
October 13, 2021
Page 2

so gives rise to a legal duty on the part of the aide to invoke the privilege on the
President's behalf when, in the course of his testimony, he is asked a question that
would require disclosure of that information.")

Until such time as you reach an agreement with President Trump or receive a
court ruling as to the extent, scope and application of the executive privilege, in order to
preserve the claim of executive and other privileges, Mr. Bannon will not be producing
documents or testifying.  As noted previously, Mr. Bannon will revisit his position if
President Trump's position changes or if a court rules on this matter.

Mr. Bannon's communications with President Trump on the matters at issue
in the Subpoena are well within the scope of both the presidential communications and
deliberative process executive privileges.  See *In re Sealed Case (Espy)*, 121 F.3d 729
(D.C. Cir. 1997) (holding that the presidential communications privilege covers
communications made or received by presidential advisors in the course of preparing
advice for the President even if those communications are not made directly to the
President); *Coastal States Gas Corp. v. U.S. Dep't of Energy*, 617 F.2d 854, 868 (D.C.
Cir. 1980) (finding that deliberative process privilege applies to "recommendations, draft
documents, proposals, suggestions, and other subjective documents which reflect the
personal opinions of the writer rather than the policy of the agency.")

Very truly yours,

/s/ Robert J. Costello

RJC/nc

Jan. 6 Sel. Comm. 0017



BENNIE G. THOMPSON, MISSISSIPPI
CHAIRMAN

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
*LIZ CHENEY, WYOMING*
*ADAM KINZINGER, ILLINOIS*

U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225–7800

### One Hundred Seventeenth Congress
### Select Committee to Investigate the January 6th Attack on the United States Capitol

October 15, 2021

Mr. Robert J. Costello
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, NY 10158

Dear Mr. Costello,

The Select Committee to Investigate the January 6th Attack ("Select Committee") is in receipt of your October 13, 2021 letter (the "October 13 letter"), in which you reassert that your client, Stephen Bannon, will not comply with the September 23, 2021 Subpoena to him for documents and deposition testimony (the "Subpoena"). As you know, the Subpoena demanded that Mr. Bannon produce documents by October 7, 2021 and appear on October 14, 2021 before the Select Committee to provide deposition testimony on a wide range of issues relating to the January 6, 2021 attack on the United States Capitol, as well as plans to interfere with the count of the 2020 Electoral College results. Mr. Bannon has now willfully failed to both produce a single document and to appear for his scheduled deposition. The Select Committee believes that this willful refusal to comply with the Subpoena constitutes a violation of federal law.

As justification for Mr. Bannon's complete failure to comply with any portion of the Subpoena, you continue to rely on ex-President Trump's stated intention to invoke executive privilege with respect to Mr. Bannon, and Mr. Trump's purported request that Mr. Bannon not produce documents to or testify before the Select Committee. As was explained in the Select Committee's October 8, 2021 letter (attached), the former President has not communicated any such assertion of privilege, whether formally or informally, to the Select Committee. Moreover, we believe that any such assertion of privilege—should it be made by the former President—will not prevent the Select Committee from lawfully obtaining the information it seeks.

Further, your letter makes no attempt to justify Mr. Bannon's failure to comply with the Subpoena's demand for documents and testimony on a range of subjects that do not involve communications with the former President. As is clear from the Subpoena and accompanying letter, and as underscored in the Select Committee's October 8, 2021 response letter, the Select Committee seeks documents and testimony on numerous other matters, including Mr. Bannon's

**Jan. 6 Sel. Comm. 0041**

US-000448

Mr. Robert J. Costello
Page 2

communications with Members of Congress, presidential campaign representatives, and other private parties concerning the events of January 6, 2021, that could not conceivably be barred by a privilege claim.

Moreover, even if the Select Committee were inclined to accept the unsupported premise that executive privilege reaches communications that the Select Committee seeks to examine between President Trump and Mr. Bannon,[1] Mr. Bannon does not enjoy any form of absolute immunity from testifying or producing documents in response to a Congressional subpoena. Your citation to *Committee on Judiciary v. McGahn*, 415 F. Supp. 3d 148 (D.D.C. 2019) actually supports the Select Committee, not your client. In *McGahn*, the district court unequivocally held that even senior White House aides are not entitled to absolute immunity from testifying in response to a Congressional subpoena. *Id.* at 214 ("To make the point as plain as possible, it is clear to this Court … that, with respect to senior-level presidential aides, absolute immunity from compelled congressional process simply does not exist.").[2] Indeed, the footnote in *McGahn* that you selectively quote makes clear that a President lacks legal authority to order an aide not to appear before Congress based on a claim of executive privilege. *See Id.* at 213, n. 34 ("But the invocation of the privilege by a testifying aide is an order of magnitude different than DOJ's current claim that the President essentially owns the *entirety* of a senior-level aide's testimony such that the White House can order the individual not to appear before Congress *at all*." (Emphasis in original)).

Accordingly, the Select Committee views Mr. Bannon's failure to produce documents by the October 7, 2021 deadline as willful non-compliance with the Subpoena. Mr. Bannon has persisted in his refusal to produce any documents to the Select Committee, and he has failed to provide a privilege log identifying specific, asserted privileges. Mr. Bannon has now further compounded his non-compliance by refusing to appear on October 14, 2021 at the Select Committee deposition to which he was summoned to provide testimony. The Select Committee will therefore be meeting on Tuesday, October 19, 2021 to consider invoking the contempt of Congress procedures set forth in 2 U.S.C. §§ 192, 194.

If Mr. Bannon believes that there are any additional issues relating to his non-compliance with the Subpoena that have not been addressed, please submit them in writing to the Select

---

[1] Notably, neither of the cases you cite supports the claim that communications between the former President and a private citizen may be shielded by either the presidential communications or deliberative process privilege. Indeed, the case you rely upon to support your presidential communications claim specifically held that the privilege extends only to a President's closest advisors in the White House. *In re Sealed Case (Espy)*, 121 F.3d 729, 752 (D.C. Cir. 1997). *See also Committee on the Judiciary v. Miers*, 558 F. Supp. 2d 53, 100 (D.D.C. 2008) (privilege claimants acknowledged that executive privilege applies only to "a very small cadre of senior advisors").

[2] The *McGahn* court followed *Committee on the Judiciary v. Miers*, 558 F. Supp.2d 53, 108 (D.D.C. 2008), which reached the same conclusion 13 years ago. *McGahn*, 415 F. Supp. 3d at 202-03 ("this Court finds that the *Miers* court rightly determined not only that the principle of absolute testimonial immunity for senior-level presidential aides has no foundation in law, but also that such a proposition conflicts with key tenets of our constitutional order").

US-000449

Mr. Robert J. Costello
Page 3

Committee by 6:00 p.m. E.S.T. on Monday, October 18, 2021 for the Select Committee's
consideration in its deliberations.

Sincerely,

Bennie G. Thompson
Chairman

**Jan. 6 Sel. Comm. 0043**

US-000450