# EXHIBIT 1

| Discovery | Government | Defense | Resolution |
|---|---|---|---|
| Grand jury witness testimony, exhibits, and records obtained *via* subpoena. | All have been provided. [Doc. 31 at 18] | If provided, no further action needed. | |
| Grand jury subpoenas, Stored Communications Act materials, and requests supporting issuance. [Doc. 28 at 9] | Grand jury secrecy outweighs defendant's need. [Doc. 31 at 18-24] | Some documents are discoverable without regard to Fed. R. Crim P. 6(e). There is a "presumption of access" to Stored Communications Act materials. *Leopold v. United States*, 964 F.3d 1121, 1130 (D.C. Cir. 2020). For other documents, even if secrecy interests are considered, the Protective Order will preserve secrecy. Particularized need is established because Government did not seek USDOJ approval when subpoenaing attorney records. | |
| Grand jury instructions and statements by AUSA. | Defense has not shown particularized need, just "mere conjecture". [Doc. 31 at 24] | Protective Order will preserve secrecy. Defense has articulated particular reasons justifying need: (1) Government has misstated law on "willfully makes default" in its advice of counsel motion and in open court, and likely did so before the grand jury; | |

2

| | | | |
|---|---|---|---|
| | | (2) Government presented evidence to the grand jury to the effect that Mr. Bannon did not seek adjournment, when he did (bears on "willfully makes default"); and (3) Government presented evidence to the grand jury to the effect that executive privilege can only be asserted *via* a direct communication from a President, which is not the law (bears on "willfully makes default"). If not cured through instructions that accurately stated the law, each of these particular facts would be grounds for dismissal of the indictment. | |
| OLC Opinions And Similar Documents Suggesting That Mr. Bannon Committed No Crime | Not discoverable because: (1) reliance on the law is not a defense; (2) documents do not reflect what was in Mr. Bannon's mind; and (3) as a former federal employee, such documents do not apply to Mr. Bannon. [Doc. 31 at 8 – 10] | OLC opinions and similar documents – which pertain to current *and* former presidential advisors – negate guilt as to "willfulness," tend to support established defenses, and cast doubt on government evidence. Thus, they *must* be disclosed under the explicit requirements of Local R. Crim. P. 5.1(b). | |
| Documents Showing That Subpoena Was Invalid | All documents obtained from Congress so far have been provided. Select | It is an element of the offense that the subpoena be lawfully authorized, in | |

3

|  | Committee files beyond what they provided are off-limits as outside our control. Select Committee Members and staff are just complainants. [Doc. 31 at 17] | accordance with the rules of the House of Representatives, so any information that is inconsistent with Mr. Bannon's guilt as to this element, or any information that casts doubt on the accuracy of any evidence, must be disclosed pursuant to Local R. Crim. P. 5.1(b)(1) and (4). In addition, Select Committee members and staff are not mere complainants – they set in motion the criminal prosecution in a way that ordinary witnesses cannot. *See* 2 U.S.C. § 194 (committee reports "facts" – after vote it "shall" be the duty of the Speaker to certify and "shall" be the duty of the U.S. Attorney "to bring the matter before the grand jury." Thus, the Select Committee cannot limit the "data set" available for preparing a defense to criminal charges. |  |
|---|---|---|---|
| Documents Reflecting Bias Against Mr. Bannon | We will provide bias information only for Government trial witnesses. [Doc. 31 at 15 to 17] | *See* above. The local rule mandates disclosure of information that is inconsistent with guilt, supports a defense theory, or casts doubts on the credibility or |  |

4

| | | | |
|---|---|---|---|
| | | accuracy of any evidence (not just Government witness testimony). Just providing *Giglio* information for trial witnesses does not meet the Government's obligation. | |
| Documents Reflecting An Improper Purpose In Prosecuting Mr. Bannon | Defendant has not met its burden to obtain selective prosecution discovery. [Doc. 31 at 28]. | We are not seeking discovery under the theory of selective prosecution at this stage. Instead, we seek all information that suggests that *political considerations* played an impermissible role in this prosecution. The Government must disclose such information pursuant to Local R. Crim. P. 5.1(b)(3) (tends to establish a defense theory) and (4) (casts doubts on the credibility or accuracy of any evidence). | |

5