**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 21-670 (CJN) |
| | : | |
| v. | : | |
| | : | **Evidentiary Hearing and Oral Argument** |
| STEPHEN K. BANNON, | : | **Requested** |
| | : | |
| *Defendant*. | : | |
| | : | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO THE**
**DEFENDANT'S MOTION TO COMPEL DISCLOSURE**
**OF GOVERNMENT EFFORTS TO OBTAIN TELEPHONE**
**AND EMAIL RECORDS OF MR. BANNON'S ATTORNEYS**

On February 4, 2022, the Defendant, Stephen K. Bannon, filed a Motion to Compel Disclosure of Government Efforts to Obtain Telephone and Email Records of Bannon's Attorneys [Doc. 26] and a Motion to Compel Discovery [Doc. 28]. On February 25, 2022, the Government filed its response to both motions in a single pleading styled United States' Opposition to Defendant's Motions to Compel [Doc. 31].

Mr. Bannon now files his Reply to the Government's Opposition insofar as it relates to his motion to compel the disclosure of the Government's efforts to obtain the email and telephone records of his attorney(s) [Doc. 26]. His Reply to the Government's Opposition insofar as it relates to his motion to compel discovery [Doc. 28] will be filed under separate cover. Mr. Bannon incorporates all previous filings herein.

**INTRODUCTION**

Through this motion, Mr. Bannon simply seeks the disclosure of information and materials to which he is legally entitled. Indeed, a primary category of materials that he seeks includes the

Government's statutorily mandated application(s) for an Order for email records under the Stored Communications Act and the corresponding Order(s) the Government obtained under 18 U.S.C. §2703(d).  This should not be a matter of controversy.[1]

This Circuit has already considered the status of §2703(d) Orders and applications and found them to be judicial records to which the common law presumption of access applies, with interests in transparency and under the First and Sixth Amendments auguring in favor of their disclosure.  *Leopold v. United States*, 964 F.3d 1121, 1128-1129 (D.C. Cir. 2020).[2]  The interests in transparency and disclosure and the important rights at issue in this case are even heightened because the records at issue arise from the Government's attempt to obtain personal and professional emails from defense counsel, a matter the Department of Justice and every court in the land understands to have special status.  *In re Grand Jury Investigation*, 2019 U.S. Dist. LEXIS 86801, *29-*30, 2019 WL 2179116 (D. D.C., March 4, 2019) (("In light of the attorney-client privilege, grand jury subpoenas that are directed at attorneys "raise special concerns."  *See* Sara Sun Beale et al., *Grand Jury Law and Practice* § 6:10 (2d ed., rev. Dec. 2018).

Moreover, the §2703(d) application(s) and Order(s) and subpoenas in this case go to the very integrity of the investigation and prosecution of this case.  For, as will be discussed in detail

---

[1] In its Opposition, the Government does not deny making application to a court under §2703(d) nor does it deny obtaining an Order under §2703(d); rather it acknowledges the demand and argues that Mr. Bannon is not entitled to any of the materials.  In further support of the belief that the Government made application and obtained an Order under the Stored Communications Act, Mr. Bannon would note that in making its production to the Government, Google expressly referred to a "2703(d) Order or Equivalent dated November 11, 2021."   Google makes further reference to what appears to be a Stored Communications Act case number: "SC No. 21sc3553; 1:21-sc-03533-ETH." [Exhibit "2;" Bates: US 001733].

[2] An inescapable irony here is that the Opinion in *Leopold*, emphasizing the public nature of §2703(d) applications and Order and the overriding interests in transparency and arising from the relevant constitutional rights was written by then Judge, now Attorney General, Garland.  Yet now, in Attorney General Garland's name, these prosecutors refuse to provide the §2703(d) applications or Orders.  Surely, this is not consistent with the commitment to equal justice under the law that Attorney General Garland assured the public of in his press release in this case. https://www.justice.gov/opa/pr/stephen-k-bannon-indicted-contempt-congress.

below, this prosecution team, in their zeal to obtain personal and professional email and telephone records for Mr. Bannon's attorney, Robert Costello, was beyond reckless. The hundreds of pages of email information they obtained from Google, including email addresses (and IP addresses) of the sender and recipient, date and time of the emails, metadata, social media and meeting (Google Hangouts) data, information as to whether each email was read, remained unread, was deleted, or what filing box the recipient put it in, and more [*See e.g.*, 001151-001249[3]; 001339-1732] **were all for another completely uninvolved citizen apparently named Robert Costello or Robert M. Costello. In fact, not one of the email accounts the Government sought access to in this case, intending to get defense counsel's emails, actually was defense counsel's email account.**

It is now crystal clear that these three prosecutors and four FBI Agents in this misdemeanor case not only obtained the personal and professional telephone records of Mr. Bannon's defense attorney Robert J. Costello, they sought his email records from 4 different accounts by simply making up email addresses that had some form of the name Robert Costello in them. They then apparently represented to a United States District Judge that they had "specific and articulable facts" that demonstrated "reasonable grounds" to believe that the records at issue were "relevant and material" to the prosecution of this case and, apparently based on those representations, a federal judge issued a Stored Communications Act Order for these private email records (of another private citizen having no relationship to this case). *See* 18 U.S.C. §2703(d). They did this knowing that they had just made up the email addresses at issue, and notwithstanding the fact that

---

[3] The Google account records in this batch of 98 pages extend from March 5, 2021 to November 11, 2021. Given the (sham) purpose the Government offers in its Opposition for seeking attorney email and telephone records in this case – Mr. Costello's status as a witness to the fact that Mr. Bannon's "deliberate decision to ignore the subpoena's requirement" [Doc. 31 at 12-13] – query why it was "relevant and material" to Mr. Bannon's prosecution (see §2703(d)) to try to get Mr. Costello's email account records from March 5, 2021, more than 6 months prior to any subpoena for Mr. Bannon was issued? Or any of his email and phone records for that matter?

one was for a "Robert M. Costello," another was for a "Robert Costello" born three decades after the attorney Robert J. Costello who is Mr. Bannon's attorney, that the Robert Costello whose records they obtained in one instance lived in Virginia, another in Armonk, NY and others apparently did not exist.  It now appears that at least one United States District Judge ordered the production to the Government of private email records (marked "confidential" by Google itself) based on the Government's false representations to the Court(s).  This goes directly to the integrity of the investigation and prosecution in this case and Mr. Bannon is entitled to the information sought – because they are judicial records carrying a common law presumption of public access, because the Court in *Leopold* made clear this right to access, and because the integrity of the investigation and prosecution, and the veracity of Government agents/witnesses is always at issue. *See e.g. Kyles v. Whitley*, 514 U.S. 419, 446 (1995).

Mr. Bannon seeks oral argument and an evidentiary hearing in this case to get to the bottom of this outrageous misconduct by the Government – misconduct designed to intimidate and chill the attorney-client relationship and without any legitimate basis in law or fact in this case.  At this point, Mr. Bannon seeks the materials to which he is entitled in order to make a complete record and for the Court to have a complete record for motions to dismiss to be later filed in this case.  He and the Court are entitled to a full record for those motions.

Finally, as will be explained below, the Government's efforts to obtain defense counsel's records were part of a process of deception, reflecting a pre-determined agenda of prosecuting Mr. Bannon criminally, as President Biden and other political figures had demanded for political reasons, at a time when Mr. Costello believed he was participating in good-faith negotiations with the Government, explaining all relevant facts surrounding his advice to Mr. Bannon that he could not comply with the subpoena as a matter of law, and trying to work out an accommodation that

would have provided a route to information rather than criminal prosecution.  That was never the Government's agenda; it had many alternatives to obtain testimony from Mr. Bannon for the January 6th Select Committee, if that were ever its actual agenda, as Mr. Costello made abundantly clear.  Attached as Exhibit "1" is defense counsel Robert J. Costello's Declaration providing a chronology of the prosecution's deception in their communications with him.  It should be noted that the first grand jury subpoena for his telephone records that we know about was issued October 25, 2021, while Mr. Costello thought he was entering into good-faith discussions with the Government, and well before the indictment was returned.  It is hard to imagine that the Government targeted defense counsel's email and telephone records in the negotiation stage of any other contempt of Congress referral.

In this Reply, Mr. Bannon addresses the Government's response as it relates to its efforts to obtain defense counsel Robert J. Costello's email and telephone records.[4]  Mr. Bannon will provide the Court with the details of what the undersigned counsel know so far about the Government's actions in trying to obtain defense counsel Costello's email, telephone, and other private records.  This Reply will then address the Government's Opposition in light of those actions.  He will then provide a conclusion and reiterate the relief sought.

### The Specific Facts Concerning Email Records and Telephone Records The Government Obtained That Have Been Produced So Far

---

[4] We still do not know whether the government also took steps to obtain email and/or phone records from Mr. Costello's co-counsel at the time, Mr. Katz.  Government counsel has implied that they well might have. [Doc. 26-2].  If they have, the relief requested in the motion [Doc. 26] applies in full force to Mr. Katz's records as well.

In his motion, Mr. Bannon's set out the general parameters of what we knew about the Government's actions in trying to obtain defense counsel's email, telephone, and other confidential records.  [Doc. 26 at 3-4]. [5]

Mr. Bannon now provides further details about the Government's actions vis a vis each account that we know about so far:

**Email and Related Records (e.g. Google Hangouts, etc.) Sought:**

1.  **Google:**  On December 7th and 8th, 2021, almost a month after the indictment was

returned against Mr. Bannon, the Government received from Google some 598 pages of documents (some going back as far as March 5, 2021) [001151-001249] related to a Robert Costello who quite clearly is identified as over thirty years younger than defense counsel Robert J. Costello and who lives in a place other than where defense counsel lives.  These documents have been described in the initial Motion [Doc. 26 at 3-4] and include detailed information about the other Mr. Costello's email contacts, who he communicates with and when, and much more.  It also

---

[5] In his motion, Mr. Bannon expressly advised the Court that he would provide any and all documents referred to in the motion to the Court at the Court's request, but that the voluminous email and telephone record documents were not being filed with the motion as a matter of course because of their sensitive nature.  The Government took exception in its Opposition, advising the Court that it had only actually marked 11 of the relevant documents "sensitive," citing Rule 49.1 of the Federal Rules of Criminal Procedure, and it provided the Court with its discovery log as Sealed Exhibit 1 to its Opposition [Doc. 31 at 11-12, n.4].  What the Government wrote is accurate; but that is because its limited designation pursuant to Fed.R.Crim.Pro. 49.1 was sloppy.  For example, Bates 001151 sets forth the full birth date of the "Robert Costello" to whom the voluminous records belong.  That is prohibited for an open filing under Rule 49.1(a)(2); but 001151 is not marked "sensitive."

Even more to the point, however, Mr. Bannon was not comfortable including in an open filing all of the detailed private information set forth in the voluminous records the Government obtained.  Similarly, Mr. Costello was not comfortable waiving anyone else's privacy rights – **especially since these voluminous records the Government obtained through an Order it convinced a federal judge to issue do not in any way related to defense counsel Robert Costello, as is readily apparent from the most basic identifying information.  As will be explained in further detail, the Government apparently made up an email address (multiple ones actually) out of thin air, that include the name "Robert Costello," created grand jury subpoenas to obtain them and sought and obtained a §2703(d) Order from a federal judge for full access to the same.**

includes what companies he apparently has credit card accounts with and other private detailed information.

The letter sent from Google to the Government concerning these records, makes reference to a "2703(d) Order or Equivalent dated November 11, 2021 (Google Ref. No. 8786657) SC No. 21sc3533; 1:21-sc-03533-ETH." [Exhibit "2"].  It would appear that the Government simply took a shot in the dark that there might be a Gmail account using the name Robert Costello and so it apparently applied for and obtained from a federal judge a Stored Communications Act Order under 18 U.S.C. §2703(d) for all Google records (Gmail, Google Hangouts, etc.) for this person who has an email address of robertcostello@gmail.com.  Apparently searches under other email addresses with the name Costello were made as well by Google [Exhibit 2 at Bates 001739].  This was an outrageous abuse of the Stored Communications Act (or whatever procedure the Government used to obtain an Order for Google records.  Mr. Bannon must be provided with the application and the Order and all other correspondence concerning this account.

2.  **Google:** Additionally, it appears that the Government obtained SMS text records

from Google associated with the robertcostello@gmail.com address and SMS phone number ending in 5220.[6]  [001754-001760].  These also, of course, have nothing to do with defense counsel Costello.

Tellingly, this was an ongoing reckless endeavor by the Government.  As the next item makes clear, by the time the Government sought these records associated with this email address, it well knew from earlier efforts that its guesses at email addresses were dangerous in that they

---

[6] The full telephone number is provided in the Google documents and while not marked "sensitive," there would seem to be no good reason to subject the other Mr. Costello to further privacy intrusions.

likely had nothing to do with Robert J. Costello, Mr. Bannon's attorney. Was that disclosed to the federal judge who issued the Order to Google?

3. **Google:** The documents from Google associated with the robertcostello@gmail.com

Account provided on December 7 and 8, 2021, pursuant to the SCA Order ("or its equivalent"), followed an earlier shot in the dark by the Government by grand jury subpoena which apparently led to no production of documents.   In a letter from Google to the office of these prosecutors, dated October 28, 2021, Google reports to the Government that it conducted a search for records associated with the email address Robert.Costello@gmail.com.   [See Bates 001762-001768; Exhibit "3"] This time the production was made to the Government regarding this email address that has nothing to do with Bannon defense counsel Robert J. Costello pursuant to "Grand Jury Subpoena dated October 27, 2021 (Google Ref. No. 7950369) 2021R03379."   [Exhibit 2 at 001765].

Mr. Bannon is entitled to know what led the grand jury to believe its investigation ought to include email records from the email address Robert.Costello@gmail.com or, as is more likely, under what authority did the prosecutors on their own initiative abuse the grand jury subpoena process.

4. **Comcast:** Additional records reflect a subpoena by the Government for a third

Completely unrelated email account.  This time the Government just made up the account Robert.Costello@comcast.net.   [001093-001095][7]   Suffice it to say that by the time Comcast provided this information to the Government by letter dated November 5, 2021, the Government

---

[7] The Government has designated each of these documents "sensitive" for some unexplained reason.  Information at 00194-00195 is of the exact same nature as the Google documents not marked "sensitive."  In any event, no exhibit is provided for these records since they are marked "sensitive."

knew that this email account it had guessed at belonged to an unrelated Robert Costello, living in Virginia. Yet, it continued to recklessly seek email records for made up accounts, as we see from the Google accounts referenced in items 1 and 2 above received well after the Government knew the Comcast account was unrelated. The letter from Comcast refers to a subpoena dated October 27, 2021. Again, Mr. Bannon is entitled to know what misled the grand jury to believe that emails records for this account were material to its investigation that resulted in Mr. Bannon's indictment or did counsel just unilaterally abuse the grand jury subpoena process?

5. **Yahoo:** Documents provided at US 1808-1811 reflect production pursuant to a

Subpoena for yet a fourth guessed at email for attorney Costello, this time bobcostello@yahoo.com. According to the letter to the Government by which the documents were provided, they were provided on November 9, 2021 in response to a subpoena dated October 26, 2021. [Exhibit "4"]. Again, Mr. Bannon is entitled to know what led the grand jury to subpoena records for an email account having nothing to do with defense counsel Robert J. Costello, in an apparent effort to actually get Mr. Costello's email records.[8]

By the time the government made whatever representations it made to a federal judge under 18 U.S.C. §2703(d) to get a November 11, 2021 Order for the voluminous Gmail records it obtained for an unrelated private citizen, it well knew that it had abused the grand jury subpoena process by seeking email records for made up email accounts it thought might yield email records for Bannon defense counsel Robert J. Costello. Did the Government apprise the federal court of those earlier efforts and the results? Did it advise candidly advise the Court that

---

[8] It remains absolutely baffling why the Government would engage in such reckless conduct when it well knew attorney Robert J. Costello's actual email address from corresponding with him by email throughout the period it was issuing grand jury subpoenas and unlawfully obtaining at least one SCA Order.

the account for which it sought and obtained the Order was just made up and that there really was no reliable basis for believing that any such account had anything materially related to the Bannon investigation?  Mr. Bannon is entitled to those documents.

**Telephone and SMS Records Sought (Home, Law firm, Cell):**

6.  **T-Mobile (Cell):**  On October 28, 2021, pursuant to "Grand Jury Summons 2021102583521, dated October 25, 2021," T-Mobile provided the Government with detailed information for approximately 1550 telephone calls and SMS text messages sent and received [001834 – Native Format Excel spreadsheet; showing to whom calls were made and texts were sent and from whom they were received].  This phone number and the record obtained belong to Bannon defense counsel Robert J. Costello [001842 – Native Format only – "sensitive"].  Mr. Bannon is entitled to know what the grand jury was told that led it to subpoena Mr. Costello's phone and text messages.  Mr. Bannon also intends to seek an investigation through the Department of Justice concerning the circumvention of DOJ Policy Manual 9-13.410.

7.  **Verizon (Home, Law firm, and Another Line):** It appears that on or around November 11, 2021, one day before the grand jury returned the indictment against Mr. Bannon, Verizon provided the Government with phone records for Mr. Costello's home phone, his law firm's office phone, and for an unknown number (914 …), with such records having been subpoenaed by the Government.  Many of the records are undecipherable; but others clearly set out phone and text message information for Mr. Costello's telephone.

For the Government to subpoena Mr. Costello's law firm phone records and to do so without seeking any supervisory authority and the implications that has for infringing on the rights of other clients is reckless.  The same is so for Mr. Costello's home and cell phones which he uses

to make and receive attorney-client privileged calls for this and other clients' cases.  Moreover, it would appear that the Government engaged in some effort to ascertain who Mr. Costello was calling, thereby clearly risking the infringement of the attorney-client privileged and or attorney-client work product, as the 914 number for which it subpoenaed records from Verizon appears as a recipient number in call from Mr. Costello's telephone [See 001874].  Certainly, no effort was made to see if Mr. Costello would produce them voluntarily [DOJ Manual 9-13.410 B.].  Mr. Bannon is entitled to know all of the circumstances that led to the issuance of these subpoenas.

Mr. Bannon's motion seeks the production of the documents used to seek these attorney email and telephone records, including the applications and Orders under 18 U.S.C. §2703(d) and the subpoenas used to obtain the telephone records, along with any materials authorizing the same [Doc. 26 at 17-18]. The Department of Justice will also be asked to investigate the actions at issue in this motion.

## The Government's Opposition

The Government's Opposition is an astonishing mixture of obfuscation, a lack of candor, and irreconcilable inconsistencies with its positions taken in other contexts in this case.  Based on the Government's Opposition and what we know so far of the underlying relevant conduct by the Government, the Government's misconduct in this matter, motivated by a dangerous, politically motivated and misguided overzealousness, includes at least all of the following:  (1) a breach of the attorney-client relationship; (2) a violation of Department of Justice policy and the American Bar Association's Model Rules of Professional Conduct with respect to obtaining attorney records; (3) false representations to a court and/or to email carriers; (4) a violation of the Stored

Communications Act, 18 U.S.C. §2703(d)[9]; and (5) a reckless violation of the rights of innocent third parties having no connection whatsoever to this case.

The nature and level of government misconduct surrounding the efforts to obtain defense counsel Costello's email and telephone records are especially shocking in light of the facts that (1) there are four FBI Special Agents and three experienced federal prosecutors assigned to this misdemeanor case and not one had the sense of integrity or commitment to adhering to fundamental ethical and legal tenets to at any point just say "No;" (2) the prosecutors in this case purport to represent a division of this U.S. Attorney's office clearly underserving of the title "Public Integrity Section.;" and (3) this is a case in which the President of the United States interjected himself and called for Mr. Bannon's prosecution, before later acknowledging his intervention was inappropriate[10] and in which the United States Attorney General personally issued a statement claiming that Mr. Bannon's prosecution reflects the Department of Justice's "steadfast commitment" to adhering to the rule of law, to following the law, and to the principle of pursuing equal justice under the law.[11]  If the conduct of the prosecutors in this case reflect the

---

[9] As explained herein, the government obtained voluminous detailed email records for the Gmail account of another person apparently named Robert Costello, with the records containing clear and obvious identifying information to demonstrate to any of the agents or prosecutors that they had absolutely no connection to defense counsel Robert J. Costello.  The obvious question of course, is who knowingly made the false representations to a court and/or Google that had to be required to obtain these unrelated email records and exactly what false representations were made.  This goes directly to the integrity of the investigation in this case – a matter that is always at issue in every criminal case. *Kyles v. Whitley*, 514 U.S. 419, 446 (1995); *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 308 (3rd Cir. 2016) (integrity of the investigation and credibility of lead government agent always at issue); *United States v. Bagcho*, 151 F. Supp. 3d 60, 70-71 (D. D.C. 2015) (as corrected, May 26, 2017), affirmed in part, vacated in part, remanded, 923 F.3d 1131 (D.C. Cir. 2019), rehearing *en banc* denied, *United States v. Bagcho*, 2019 U.S. App. LEXIS 29029 (D.C. Cir., September 25, 2019), *certiorari* denied, *Bagcho v. United States*, 2020 U.S. LEXIS 2353, 140 S. Ct. 2677, 206 L. Ed. 2d 827 (April 20, 2020) (emphasizing that under *Kyles*, the integrity of the investigation and instances of bumbling by case investigators is always at issue).  One must also ask whether, if as it appears, the Government obtained a §2703(d) Order from a federal judge, has that judge been apprised of how her or his Order was misused?

[10] https://www.cnn.com/2021/10/21/politics/january-6-joe-biden-town-hall/index.html                                        ; https://thehill.com/homenews/administration/577956-biden-on-comments-that-doj-should-prosecute-those-who-defy-subpoenas; https://www.dailymail.co.uk/news/article-10118863/Biden-admits-wrong-say-Steve-Bannon-charged.html.

[11] https://www.justice.gov/opa/pr/stephen-k-bannon-indicted-contempt-congress

Attorney General's view on adhering to the rule of law, following the law, and to the pursuit of equal justice under the law, America is in for a world of trouble. The conduct of the prosecutors and agents in this case, with respect to the matters at issue in this motion, without any question reflect the complete reckless disregard for fundamental constitutional rights and the attorney-client relationship, the abuse of the grand jury subpoena process, and misleading and outright misrepresentations to a court(s).

It appears that the government's response to Mr. Bannon's motion to compel disclosure of the government's efforts to obtain telephone and email records of Mr. Bannon's attorneys [Doc. 26] is limited to pages 10-15 of its Opposition [Doc. 31 at 10-15]; accordingly, this Reply focuses exclusively on that section of the Opposition. The bottom line with respect to the Opposition, is that the Government continues to refuse to provide any of the requested information and material in violation of its obligations.

**Three Preliminary Points Concerning the Opposition:**

1. The government's heading for the relevant section of its Opposition bears only a passing relationship to what Mr. Bannon actually asserts and seeks to compel in the motion at issue. The relevant heading in the government's Opposition asserts that the Court should deny Mr. Bannon's motion to compel "the Government's investigative Deliberations and Steps Relating to Robert Costello." [Doc. 31 at 10]. Of course, what Mr. Bannon actually seeks to compel with his motion are specific documents the government has withheld that were used unlawfully and unethically to try to obtain defense counsel Costello's private email and telephone records, not just some abstract "investigative deliberations." [Doc. 26 at 17-18]. Indeed, much of the government's Opposition is deliberately unresponsive and offers nothing more than a response to strawman

arguments not actually made by Mr. Bannon, while avoiding its obligations on the real and very serious issues.

2.   In some instances, the government strikingly misrepresents what expressly is written in Mr. Bannon's motion.   For example, the government writes, "[I]nstead, the Defendant misleadingly suggests that the Government has obtained or tried to obtain the content of text messages and emails between Mr. Costello and the Defendant …." [Doc. 31 at 11].  Later, on the same page, Government counsel writes that the Defendant knows, but does not state "with any clarity" that "none of the information the Government obtained includes the content of any communications." [Doc. 31 at 11-12].  Actually, the Defendant does not know the extent of what the Government obtained; rather the Defendant knows only what the Government has decided to produce.   However, on the specific assertion the Government makes – that the Defendant is claiming or suggesting that the government obtained or tried to obtain the content of the communications – the Government's assertion is demonstrably false.

In fact, Mr. Bannon expressly advised the Court in his motion that from the production made so far "**it does not appear that the Government obtained the contents of the emails …**" [Doc. 26 at 4, n.6] (emphasis added).  Indeed, Mr. Bannon goes on to assert that this is why the Government's obligations under 18 U.S.C. §2703(d), which applies to **records** were triggered, rather than the obligations under §2703(b)(1), which applies to **contents**. [Doc. 4, n.6] (emphasis added).  Of course, the Government wholly breached its obligations under §2703(d) as will be readily demonstrated; but the preliminary point is that the Government just intentionally misrepresents the motion's assertions and then argues accordingly, based on its false premises.

3.   Since the Government complains in various places in its Opposition to this motion

that a number of matters are unclear, Mr. Bannon will be crystal clear in this Reply about just how outrageous the Government's conduct has been with respect to its efforts to obtain Mr. Costello's personal and professional emails records and telephone records and how far its reckless disregard for Mr. Bannon's constitutional rights and the rights of at least two innocent third parties having no connection to this case have been and how unethical and wrong its conduct has been vis a vis Mr. Costello.  The Government's conduct in this regard reflects a very dangerous combination of deceit and misconduct.

The Government asserts that it is "somewhat unclear" why Mr. Bannon seeks to obtain information and materials that include its applications for §2703 Orders (and the Orders) and subpoenas it used to try to obtain defense counsel's personal and private email and telephone records [Doc. 31 at 10-11].  It ignores the legal status of the §2703(d) materials as reflected in *Leopold* and ignores the long-standing case law that stands for the obvious proposition that subpoenaing defense counsel's email and telephone records risks chilling the attorney-client relationship, violates fundamental ethical and its own Department of Justice policy positions, especially without the requisite showing delineating in the applicable ethical provisions and without satisfying DOJ criteria and supervisory requirements. [ See Doc. 26 at 11-15].

In support of its argument, the Government takes issue with Mr. Bannon's reference to §9-13.410 of the Department of Justice Manual which requires supervisory authorization prior to subpoenaing attorney records related to the attorney's representation of a client and which describes the special concerns when attorney records are sought.[12]  [See Doc. 26 at 13-15, citing

---

[12] The Government, of course, admits that it issued the subpoenas and sought the §2703(d) Orders in direct relation to Mr. Costello's representation of his client, Mr. Bannon [Doc. 31 at 12-13].

DOJ   Manual   §9-13.410:   https://www.justice.gov/jm/jm-9-13000-obtaining-evidence#9-13.410https://www.justice.gov/jm/jm-9-13000-obtaining-evidence#9-13.410.

The Government takes the absurd position, without any citation to supporting authority for its unsupportable assertion, that actually the DOJ policy (and presumably all of the language in the Policy about the sanctity of the attorney-client relationship, the risks subpoenas for attorney records can pose to that sacred relationship, the layers of precautions that must be taken, including required showings and supervisory approval) only applies if the subpoena for attorney records is served directly on the attorney and is not used to obtain his emails and telephone records related to his representation of the client from a third party. [Doc. 31 at 11-12 n.3]. There is no basis cited for this illogical assertion. In addition, it argues that the Policy expressly avoids creating any enforceable rights [*Id.*]. That certainly is correct; but this is not a case in which the Defendant is seeking to exclude such records because the Policy was violated. Rather, the Policy is relevant in the breach in this case to demonstrate just how reckless the Government's misconduct has been in this case, unfettered even by DOJ restraints, all apparently simply to serve its political agenda in this misdemeanor case and to try and intimidate Mr. Bannon and others.

The Government simply ignores the absolute requirements of 18 U.S.C. §2703(d) and never explains how it convinced a federal judge to issue a Stored Communications Act Order (or Orders) for the production of email records based on fabricated email addresses, with no real basis to support the requisite factual showing the law demands before such intrusions are permitted. What would the federal judge who issued the Order(s) based on the Government's false representations think now? The Government sloughs it all off by arguing that it did not obtain the *contents* of the emails. That is no defense. It sought and obtained email records unlawfully and §2703(d) expressly requires the mandated showing for "records" in contrast to §2703(b)(1) that

deals with requests for contents.   The Stored Communications Act provides for such broad intrusions as the Government undertook here only in the circumstance in which its protective requirements are met.   These prosecutors corrupted that process and literally asked the Court to ignore it, while misusing grand jury subpoenas as well.   How about the wrong Robert Costello whose records the Government obtained under false pretenses – records comprising hundreds of pages and including detailed information about his associations and communications that the Stored Communications Act intended to protect as private, absent a legitimate showing under §2703(d)?[13]

### The Government's Attempt to Justify Its Actions Here Waives Its Position on Seeking to Bar Mr. Bannon's Reliance on the Advice of Counsel and on the Law [Doc. 29]

Perhaps the most significant portion of the Government's Opposition is the single paragraph in which the Government attempts to justify the subpoenas.   The Government's argument in this context undermines its argument urging the Court in its separately filed motion to bar any evidence or argument at trial concerning Mr. Bannon's reliance on the advice of counsel or on the law [Doc. 29].   It also, by definition, reveals that the Government believed the attorney telephone and email records it sought to obtained and obtained would be relevant to attorney-client privileged matters – communications between Mr. Bannon and Mr. Costello on the very subject matter of this case and it offers as justification, Mr. Costello's status as a witness, based on his communications with his client. [Doc. 31 at 12-13].

The Government tries unsuccessfully against logic to deflate the argument that it has undermined, indeed, waived its motion to bar any argument or evidence on Mr. Bannon's reliance

---

[13] The Stored Communications Act was enacted to offer "network account holders a range of statutory privacy rights against access to stored account information held by network service providers.  The statute creates as set of Fourth Amendment-like privacy protections by statute, regulating the relationship between government investigators and service providers in possession of users' private information."   Orin S. Kerr, *A User's Guide to the Stored Communications Act, and a Legislator's Guide to Amending It*, 72 Geo Wash. L. Rev. 1208.

on advice of counsel or on the law [Doc. 29] by asserting that "while any legal advice Mr. Costello provided to the Defendant to refuse the subpoena is irrelevant in the face of the subpoena's demands, he is certainly a witness to the Defendant's deliberate decision to ignore the subpoena's requirements." [Doc. 31 at 12-13]. The Government goes on to note, in its purported justification, that Mr. Costello was the Committee's "point of contact" for Mr. Bannon, sent letters to the Committee on Mr. Bannon's behalf, and communicated with former President Trump's attorney concerning the invocation of executive privilege and he advised Mr. Bannon. [Doc. 31 at 13]. In other words, Mr. Costello served as Mr. Bannon's attorney on whom he relied and who acted on his behalf and advised him.

Putting aside the logical conclusion of this argument – that every attorney who acts in her or his capacity as an attorney should be subject to having all email and telephone records subpoenaed and ordered by a court in an *ex parte* proceeding – the Government's argument expressly and impliedly concedes that Mr. Costello is an appropriate trial witness on the subject of the willfulness ("deliberate decision" in the Government's words – Doc. 31 at 12) of Mr. Bannon's failure to comply with the Committee's subpoena.

Exactly as the Government asserts, it is because Mr. Costello (1) was the only one with whom the Committee communicated regarding Mr. Bannon, (2) was the only one who communicated with the party invoking executive privilege, and because it was Mr. Costello who advised Mr. Bannon on his legal obligations vis a vis the subpoena, once executive privilege was invoked as well as on the relevant OLC opinions and their binding effect, and the prohibition against complying under the circumstances presented by this case, that he is a potential witness in this case [*See* Doc. 30]. That is exactly why Mr. Bannon must be permitted to put forward the advice of counsel and reliance on the law defense.

The Government's attempted justification of its conduct with respect to Mr. Costello's email and telephone records fully supports Mr. Bannon's argument on this issue [Doc. 30]. Indeed, the Government offers the additional argument that Mr. Costello will be a witness, and therefore it was proper to obtain his records because he has said that he "warned the Defendant to 'beware' in not complying with the subpoena. [Doc. 31 at 13].[14] Government counsel will have every opportunity to pursue that point on cross-examination at trial. But where, as here, it offers as the only justification for the attorney subpoenas and SCA Order(s), Mr. Costello's status as a witness the Government hopes will prove its case on willfulness and on any warnings, he gave to Mr. Bannon regarding non-compliance, it has waived its argument in its motion in limine [Doc. 30] by definition. Surely even these prosecutors cannot with a straight face argue that they should be able to call Mr. Costello as a witness to testify that he told Mr. Bannon to "beware" but Mr. Bannon should be prohibited from having him explain the context for that admonition and from having him fully explain the actual advice he gave him. Such a position by the Government obviously would find no support in the law.

The Government cannot be permitted to justify its actions with respect to the attorney subpoenas and SCA Order(s) by asserting that Mr. Costello will be a witness on whether Mr. Bannon's decision was deliberate and on what supposed warning he gave Mr. Bannon, while arguing that Mr. Bannon is barred from offering argument or evidence on what Mr. Costello

---

[14] This purported post-hoc justification by the Government for seeking Mr. Costello's email and telephone records is rather suspect, at best. It began issuing grand jury subpoenas for Mr. Costello's private records on October 25, 2021, if not before [See T-Mobile letter referring to "grand jury summons" dated October 25, 2021]. The Government could not have learned about the "beware" comment until November 3, 2021 at 6:24 pm in an email Mr. Costello sent to them. In fact, the date on which the Government first began issuing subpoenas for Mr. Costello's private records was the first day he had contact with them and was before any substantive communications. Moreover, the Government's claim that Mr. Costello counseled his client to "beware" in not complying with the subpoena is absolutely false. The warning related to the actions of other counsel; but making that argument further undermines the Government's position vis a vis the advice of counsel defense.

actually advised him with respect to the subpoena and executive privilege. That would not make sense or permitted in any universe in which there is a Fifth and Sixth Amendment and the Federal Rules of Evidence.

There are, of course, additional problems with the Government's claimed justification for its misuse of subpoenas and the SCA Order(s) to obtain attorney email and telephone records in this case. To the extent in trying to justify the subpoena, the Government tries to draw a phony distinction between Mr. Costello simply testifying about Mr. Bannon's failure to appear pursuant to the Committee's subpoena and the reasons for it, that argument must be immediately rejected as pure nonsense.

First, the Government has never understood at any time that Mr. Bannon's defense would be to dispute whether he actually appeared for the subpoenaed deposition of provided the subpoenaed documents. He has never claimed that somehow he showed up and there was no one to take his deposition or receive the documents at the appointed dates and times. Secondly, Mr. Costello was in New York, as the Government well knew, and Mr. Bannon was in Washington, DC. The Government would have an impossible hurdle to overcome to call Mr. Costello as a competent witness with admissible evidence to offer for the truth of its assertion on whether Mr. Bannon appeared for his deposition or produced documents in Washington, DC.

Finally on this point, the Government has not explained why it needed account records dating back to March 5, 2021 [001151-001249], metadata for some Mr. Costello's Google Hangouts account [001251-001336] or detailed email records showing the time and date of every email sent, the recipient, what box the email was filed in, whether it was read and saved or unread or deleted [001339-001732] or any of the other email and personal and professional telephone

records it obtained, in order simply to be prepared for testimony from Mr. Costello that Mr. Bannon did not appear for his deposition in Washington, DC.

In short, the Government's whole argument is utter disingenuous nonsense offered to try to justify outrageous, intrusive, unlawful, and unethical misconduct, in derogation of the sanctity of the attorney-client relationship, the grand jury subpoena process, its own Department policy, fundamental principles of ethics and the privacy policy behind the Stored Communications Act's stringent requirements.

The Government's conduct and attempted justifications and further argument along the lines of "no harm, no foul" [Doc. 31 at 15], ignores the very important principles and underlying safeguards set out by the United States Supreme Court in its 2018 decision in *Carpenter v. United States*, -- U.S. --, 138 S. Ct. 2206, 201 L. Ed. 2d 507 (2018), in recognition of the privacy interests in a matter far less intrusive than what the Government obtained in this case and ignores the Fourth Amendment implications of the Government's conduct, in addition to the Fifth and Sixth Amendment rights violations and the damage done to the attorney-client relationship with such action. By its actions the Government sought to make Mr. Costello into Mr. Bannon's adversary as a witness against him, while at the same time disregarding and now trying to prohibit evidence of all of the legal advice Costello actually gave Bannon. The Government's attempted interference with the attorney-client relationship is an ethical breach of the first order.

In a display that truly shows that these prosecutors know no shame, after having obtained his personal and professional attorney emails, while Mr. Costello believed he was negotiating in good faith to resolve the client's case – telephone records that reflect the attorney's calls to other clients, reflecting investigative steps and strategy in this case that now could be garnered by any industrious person armed with the information - and after obtaining Stored Communications Act

court order(s) on false pretenses, the Government closes its argument in Opposition by writing, in effect, that the misconduct is just not relevant to the case and there is nothing Mr. Bannon can do about it; so they engaged in it with impunity and can do so at any future time, because "the nature and steps of the investigation leading to the charges in this case are irrelevant to the Defendant's factual guilt or innocence at trial …" and therefore the Court is powerless to order the discovery Mr. Bannon seeks  [Doc. 31 at 15].  These prosecutors' view of how our criminal justice system works is both wrong and very dangerous and must be emphatically rejected.  *See Kyles*, 514 U.S. at 446; *See also, In re Special Proceedings, 2012 U.S. Dist. LEXIS 195624, \*26-\*27* (D. D.C., March 12, 2012) (emphasizing the dangers of an overzealous prosecution team and the "risks inherent when the government does not abide by its discovery obligations,").

Moreover, contrary to the Government's assertion that the Defendant is merely speculating about misconduct or simply desires to look for misconduct [Doc. 31 at 15], here the outrageous misconduct is unmistakable.  Violating the Stored Communications Act by providing false information to get an Order to obtain a person's detailed email records is pretty clearly serious misconduct by any standards, as is the rest of what we now know this prosecution team did.  Mr. Bannon is entitled to know who made false representations to whom (as is the Judge to whom they were made and who issued the Order(s) based on them) and what those false representations were. The same principle applies for all of the attorney records sought without any authorization or supervision, through the abuse of the grand jury subpoena process. It is not believed that any warrant ever was sought or obtained with respect to any of the email/internet records or any telephone records.  Mr. Bannon does not know if any records were sought or obtained for Mr. Costello's co-counsel, Mr. Katz.

**CONCLUSION**

This Motion is not just about the abuse of the grand jury subpoena process and the Stored Communications Act or the complete breach of Department of Justice policy and the underlying reasons behind that policy that reflect our Government's recognition of the sanctity of the attorney-client relationship in our criminal justice system.  Nor is it just about the effort by overzealous prosecutors to intimidate Mr. Bannon or make an example out of him or "gain leverage" as the President and members of Congress have demanded[15] by obtaining his attorney's email and telephone records without any lawful basis or legitimate reason.  It is far worse.

In their reckless zeal, these 3 prosecutors and their staff and the 4 FBI agents in this misdemeanor case just made-up email addresses with a variety of carriers and served subpoenas and court orders on those carriers, without regard to the consequences of their actions.  They did not stop even after they learned beyond any question that these were not email addresses for Mr. Costello; instead, they apparently made representations to a federal judge that could not have been true or accurate, in order to get an Order for more emails from an account they had no reason to believe really belonged to attorney Robert J. Costello.  It was just made up; they hoped they would get lucky and it would pan out, no matter the invasion of privacy it caused for another private citizen.  They obtained hundreds and hundreds of pages of confidential email records from this private citizen and went beyond that to his records on other Google sites, all the while ignoring the fundamental principles underlying the Stored Communications Act and the requirement for supervisory authorization for such subpoenas.

---

[15]   https://www.rollingstone.com/politics/politics-news/adam-schiff-bannon-indictment-convince-others-cooperate-1257743/;   https://thehill.com/homenews/house/577138-schiff-says-holding-bannon-in-criminal-contempt-is-a-way-of-getting-peoples;       https://thehill.com/policy/national-security/582396-jan-6-panel-sees-leverage-from-bannon-prosecution.

What makes all of this even more offensive is that their Reply makes clear their brash confidence that they can get away with it with impunity, that the DOJ policy cannot be enforced by Mr. Bannon and that there is nothing this Court can do about it.  On top of it all, there was never any good or legitimate reason for the Government to have defense counsel's email or telephone records; no need at all to know who he has called or emailed or text messaged, who called or emailed him or text messaged him, or when, or what happened to the email or text or how long they spoke.  The telephone records they obtained reflect calls to and from other clients on privileged subjects, or calls that reflect strategy and contacts with witnesses, all of which could well reveal privileged matters for anyone who takes the time to follow up on who was on the call and when in cases having nothing whatsoever to do with Mr. Bannon.  It is nothing less than outrageous and requires a strong deterrent message.  We must never license these kinds of actions that tear at fundamental tenets of our criminal justice system just because the Defendant here is named Bannon or belongs to one political party.  Allowing the Government to do with impunity what they have done here literally puts every American's right to the effective assistance of counsel and to a fair trial at risk and this our courts must never allow.

Based on the foregoing, Mr. Bannon respectfully requests an Order from this Honorable Court

1.   Provide to defense counsel: A copy of any and all subpoenas and Order(s) that were issued and that were directed to third parties in an effort to obtain email and telephone records for Robert J. Costello, Esq. (and any other counsel for Mr. Bannon), along with all documents submitted in connection with any and all applications for any such court Order(s) or so-ordered subpoena.

2. Provide to defense counsel: A list of all third parties on whom a subpoena, court Order or other process was served in the effort to obtain email and telephone records for Robert J. Costello, Esq. (and any other counsel for Mr. Bannon).

3. Provide to defense counsel:  A list of all people in the Department of Justice from whom authorization to seek and obtain the email and telephone records for Robert J. Costello, Esq. (and any other counsel for Mr. Bannon) was sought and who provided any such authorization.

4. Disclose to defense counsel:  Whether the email and telephone records obtained were shown or described or referred to before the grand jury and if so, provide to defense counsel all relevant grand jury transcripts, along with a list of any and all other parties to whom these records were provided or described.

**WHEREFORE**, for the foregoing reasons, Defendant Stephen K. Bannon respectfully requests that this Court GRANT his MOTION TO COMPEL DISCLOSURES CONCERNING THE GOVERNMENT'S EFFORTS TO OBTAIN ATTORNEY TELEPHONE AND EMAIL RECORDS.

Dated: March 8, 2022                    Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

    /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
400 East Pratt Street - Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

    /s/ Robert J. Costello
Robert J. Costello (*pro hac vice*)
Davidoff Hutcher & Citron LLP
605 Third Avenue

New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com

_____/s/ David I. Schoen_____
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

*Counsel for Defendant Stephen K. Bannon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of March, 2022, a copy of the foregoing Motion

was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

_____/s/ M. Evan Corcoran_____
M. Evan Corcoran (D.C. Bar No. 440027)