IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 21-670 (CJN) |
| v. | |
| STEPHEN K. BANNON, | |
| *Defendant*. | |

**DEFENDANT'S RESPONSE TO UNITED STATES' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S MOTION TO COMPEL DISCOVERY RELATING TO ROBERT COSTELLO**

On February 4, 2022, the Defendant, Stephen K. Bannon, filed a Motion to Compel Disclosure of Government Efforts to Obtain Telephone and Email Records of Bannon's Attorneys [Doc. 26]. On February 25, 2022, the Government filed its Opposition [Doc. 31]. On March 8, 2022, Mr. Bannon filed his Reply [Doc. 34]. On March 10, 2022, the Court entered a Minute Order setting the outstanding motions in this case for oral argument on March 16, 2022 and directing the Government to provide the Court, for its ex parte review by March 14, 2022, the materials it submitted to a court under 18 U.S.C. §2703(d) to obtain email records related to defense counsel Robert Costello [Minute Order dated March 10, 2022]. On the night of March 14, 2022, the Government filed a Motion for Leave to File a Surreply [Doc. 36] with its proposed Surreply attached [Doc. 36-1], purportedly to address arguments made in Mr. Bannon's March 8, 2022 Reply [Doc. 34]. Mr. Bannon now responds to the Government's motion for leave to file a Surreply.

First, in direct response to the motion for leave to file the proposed Surreply, Mr. Bannon has no objection to the filing and, indeed, would welcome its filing for at least two reasons. First,

1

Mr. Bannon wants this Court to have before it a full record of all facts and arguments. Second, the Government's proposed Surreply reveals an unparalleled arrogance and is extraordinarily disingenuous. The prosecutors are in a deep hole already, yet they continue to frantically dig.

Apparently, the Court's Order directing the production of the §2703(d) was the only thing that could get the Government to finally provide something of an explanation for its unprecedented conduct vis a vis defense counsel Costello[1], which we now have for the first time in its proposed Surreply. Whatever it took, the revelations are most welcome. Any attempt to match the Government's latest assertions with the real facts exposes the Government's claims as utter nonsense and just more over-reaching. Mr. Bannon would respectfully prefer to provide his full response to the Government's Surreply at oral argument; but he must make just a few points here.

1. The Government refers to its most extraordinary steps in seeking to obtain telephone and email records of a defense attorney in advance of what were supposed to be good-faith meetings to discuss a case as just part of "common investigative steps" or events that are "commonplace in investigations." ]Doc. 36-1 at 1]. If what the Government did here in this regard is, indeed, "commonplace" for these prosecutors, there is a very serious problem that goes well beyond this case. Defense counsel that engages with this U.S. Attorney's Office need to know whether they do so at the risk that their phone and email records are subject to review as a matter of course, and whether when they negotiate with AUSAs on pending charges, they will be viewed not as attorneys, but as "intermediaries" who may be turned into witnesses against their clients. Beyond just the instrusion on defense counsel's attorney-client related calls and emails, related to

---

[1] The Government repeatedly has referred to Attorney Costello as an "intermediary" or "point of contact" between Mr. Bannon and the Committee [*e.g.* Doc. 36-1 at 1, 2; Doc. 31 at 13]. Mr. Costello has at all relevant times been Mr. Bannon's attorney and these other references to his role and status are offensive.

this case and to other clients, consider the tremendous privacy invasion for the Robert Costellos not connected in any way to this case. The Government obtained email records going back as far as March 5, 2021 [Doc. 34 at 6]. It is not hard to imagine that the target of the Government's recklessness might have preferred to have his choice of email correspondents, reflected on hundreds of pages of document, shielded from exposure to the Government or anyone else.

2.   Moreover, this was not just a matter of seeking email and telephone records for this defense attorney. It appears that the Government represented to a federal judge that it had "articulable facts" that reflected a "reasonable belief" that the email records it sought an Order to obtain were material to the Bannon investigation or prosecution, as required under 18 U.S.C. §2703(d). In truth, there was no reasonable basis for believing that a random email address that included Mr. Costello's name (with a different middle initial and address) met the requisite showing, consistent with the Stored Communications Act's purpose in protecting privacy.

3.   Further, the purported reason behind this "commonplace" investigative step makes no sense, and is belied by every other relevant fact thus far adduced. The Government claims that it was appropriate to take these steps in order to show that Mr. Bannon's failure to comply with the subpoena was not "the result of an accident" and that he actually "had knowledge of the subpoena." [Doc. 36-1 at 2]. At no time since their involvement with this case could any one of the three prosecutors or four FBI agents assigned to this misdemeanor have considered it within the realm of possibility that Mr. Bannon's defense in this case would be that he did not know about the subpoena and that his failure to comply was "an accident." These prosecutors and agents have a full set of communications between Mr. Costello and the January 6th Committee and provided the same to the defense in discovery. They received the referral from Congress in this case on October

21, 2021. According to information provided to the defense so far, it appears that they began going after Mr. Costello's records on October 25, 2021 [Doc. 34 at 5]. By that date, the prosecutors and agents well knew from multiple sources that Mr. Bannon did not comply with the subpoena he obviously knew about, because he understood his hands to be tied by the invocation of Executive Privilege. Of course, the very basis for the referral to these prosecutors and agents for consideration of prosecution – before they sought defense counsel's records – was Mr. Bannon's refusal to comply based on the invocation of Executive Privilege and this was widely reported at the time of the referral.[2] Additionally, of course, Mr. Costello gave lengthy written and oral statements to these prosecutors and agents advising them exactly as to why Mr. Bannon did not comply and that Mr. Bannon's understanding that he could not legally comply was based on the legal advice Mr. Costello gave him and on OLC opinions on the subject. Nothing about any of this would in any way permit even the consideration of the notion that Mr. Bannon in any way claimed or would claim that actually he never received the subpoena and just failed to comply by accident. These prosecutors should be ashamed of themselves for concocting this story to try to justify this outrageous action.[3]

---

[2] *See e.g.* https://www.washingtonpost.com/politics/house-is-poised-to-vote-to-hold-bannon-in-contempt-for-refusing-to-comply-with-jan-6-subpoena/2021/10/21/ed76e534-327f-11ec-9241-aad8e48f01ff_story.html.

[3] The absurdity of the Government's claim as to the reason it sought the email and telephone records is further exposed as just that by the fact that conspicuously absent from the Government's "investigative" efforts at determining whether or when Mr. Costello communicated with his client, is any effort to get records for the one email account the Government actually had a "reasonable belief" belonged to and was used by Mr. Costello – the email account he used to communicate regularly with Government counsel. The Government never sought any records for that account. The Government dismisses that point by illogically arguing that the fact that Mr. Costello used that email account does not mean it was his only one. [Doc. 36-1 at 2-3, n.1].

4. There will of course be a lot more to address at oral argument about the Government's claims; but one other assertion in its proposed Surreply must be responded to here. After obtaining hundreds of pages of email records belonging to people who have absolutely no connection to this case, for no good reason and without any reasonable basis, the Government complains that defense counsel is actually at fault here, supposedly for revealing in a publicly filed document personal information for these citizens who the Government inappropriately drew into this matter. The Government argues that the protective order now needs to be amended. [Doc. 36-1 at 5]. The Government conveniently appears to forget its direct role in the matter. In Mr. Bannon's motion to compel directed at the Costello records, defense counsel expressly advised the Court that the records at issue would not be filed publicly because defense counsel understood them to be marked "sensitive" and therefore inappropriate to disclose on a public record [Doc. 31 at 1, n.1]. In response, Government counsel mocked this assertion, advised the Court that it was not true, and that actually it had only marked 11 documents "sensitive" and that that was because only those documents "contained what appeared to be personal identifying information as defined under Fed. R. Crim. P. 49.1." In fact, the Government submitted an exhibit to prove its point that only 11 documents were "sensitive" and contained personal identifying information. According to the Government all of the hundreds of email records from the wrong Robert Costello could be filed publicly and none other than the 11 they identified contained personal identifying information. [Doc. 31 at 11-12, n. 12; Doc. 31-1]. Based on that assertion, defense counsel made the decision to disclose certain basic information to support its argument, all drawn from documents provided by the Government which the Government had just made the point of insisting did not contain personal identifying information. Of course, nothing whatsoever in Mr. Bannon's submissions

has at any time contained any personal identifying information as defined under Rule 49.1, as the Government well knows.

Mr. Bannon respectfully reserves all additional argument on this matter for the oral argument. Meanwhile, as indicated, he has no objection at all to the leave the Government seeks to file its Surreply [Doc. 36].

Dated: March 15, 2022                                  Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
400 East Pratt Street - Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

   /s/ Robert J. Costello
Robert J. Costello (*pro hac vice*)
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com

   /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

*Counsel for Defendant Stephen K. Bannon*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of March, 2022, a copy of the foregoing Response was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

                                      /s/ M. Evan Corcoran
                                      M. Evan Corcoran (D.C. Bar No. 440027)