**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                 |   |                             |
|---------------------------------|---|-----------------------------|
| UNITED STATES OF AMERICA        | : |                             |
|                                 | : | Criminal No. 21-670 (CJN)   |
|                                 | : |                             |
| v.                              | : |                             |
|                                 | : |                             |
| STEPHEN K. BANNON,              | : |                             |
|                                 | : |                             |
| *Defendant.*                    | : |                             |
|                                 | : |                             |

**DEFENDANT'S SURREPLY TO THE GOVERNMENT'S REPLY IN SUPPORT
OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARUGMENT
RELATING TO GOOD-FAITH RELIANCE ON LAW OR ADVICE OF COUNSEL**

During oral argument on March 16, 2022, undersigned counsel, on behalf of Defendant
Stephen K. Bannon, asked this Court for permission to file a Surreply in response to allegations
made for the first time by the Government in the United States' Reply in Support of its Motion in
Limine to Exclude Evidence or Argument Relating to Good-Faith Reliance on Law or Advice of
Counsel [Dk. 35]. This Court granted that request from the bench. The information set forth below
constitutes our Surreply to those allegations.[1]

**FALSE CLAIMS MADE BY THE USAO/DC**

In the Government's recent submission in support of its motion *in limine*, the Government
took the position that Stephen Bannon "and his attorney, Robert J. Costello, pursued a bad-faith
strategy." They claim that Bannon and his counsel Costello made false claims. We respond to

---

[1] This Court also issued an Order, reflected in a Minute Entry filed on March 16, 2022, that set forth a briefing schedule
on a Defense Supplemental Brief (due by March 22, 2022) and a Government Response (due by March 29, 2022).
This filing is *not* that Defense Supplemental Brief – which we plan to file on March 22, 2022.

each instance where the Government alleges some wrongdoing on the part of Bannon's counsel and dispose of each and every one, as follows:

1. On page two, the Government states that the Defendant "*suggests that the Committee did not properly serve the subpoena.*"

In fact, we made no such claim. We merely noted that the subpoena was sent to counsel before counsel had permission to accept, and that affidavit of service claimed it was served and accepted the day **before** counsel for Bannon actually accepted service. We have not challenged service based on that misstatement by the Government.

2. On page two, the Government makes an irrelevant point that: "*the Defendant was a private citizen; although he had been a White House advisor for seven months at the beginning of former President Donald J. Trump's term*".

This statement, while factually true, and consistent with the false legal claims Chairman Thompson was consistently making in his correspondence, is irrelevant to the question of whether Bannon can be guided by the invocation of Executive Privilege by President Trump.

3. On page three, the Government makes a very important and blatantly false statement that: "*the Committee provided the House of Representatives' established rules for deposition.*"

This statement is proven false by the discovery provided to Bannon's counsel by the same Government officials making the false statement. The Government provided Bannon's counsel in discovery an FBI 302 Report of Investigation, dated November 2, 2021, which included an FBI interview of Doug Letter, the General Counsel of the House of Representatives. In that 302 Report, the FBI states that Doug Letter made the following admissions: "*LETTER explained that the Select Committee was specifically appointed by the Speaker of the House and there were no majority or ranking members…there are no express rules for the Vice Chair (Cheney) as there would be for a Ranking Member.*" Letter went on to add that "*A copy of Section 3 (b) was not provided to*

*COSTELLO with the subpoena.  He added that COSTELLO never raised any objections related to the requirement stipulated in paragraph 11."*

That statement by the General Counsel of the House is an admission that the Government's above representation that the Committee provided the House of Representatives established rules for deposition is false.  Additionally, it is an admission that pursuant to paragraph 11 of the 117th Congress Regulations For Use of Deposition Authority, Mr. Bannon **did not have to appear for deposition,** because paragraph 11 provides that when a subpoenaed person does not receive a copy of Rule 3 (b), as the General Counsel admitted that Bannon and Costello did not, then that person does not have to appear for a deposition.  Paragraph 11 reads:

"A witness shall not be required to testify unless the witness has been provided with a copy of section 3(b) of H. Res. 8, 117th Congress and these regulations."  The provision does not require that the witness make a specific claim under this section.

4. On page three, the next false statement claimed by the Government is that Costello failed to reveal that: *"in the eleven days after accepting service of the subpoena, instead of gathering and reviewing potentially responsive records, Mr. Costello had spent the time searching for an attorney representing former President Trump."*

There is simply no basis whatsoever for the Government reaching that conclusion, which is based entirely on speculation on their part and is in fact false, but there is no obligation for an attorney for Mr. Bannon to tell the Government what he was or was not doing at any time.

5. The next false statement claimed by the Government, again on page three, is that:  *"Mr. Costello SEEMINGLY did so (failing to gather and review potentially responsive records) because he was trying to help the Defendant (Bannon) find a way to avoid compliance with the subpoena, indeed contrary to what the Defendant SUGGESTS to the Court, Mr. Costello told the Government that he believed he MAY have attempted to contact Clark first."*

Again, the Government is engaging in rank speculation about an irrelevant fact—i.e., who contacted who first—and ascribing falsity to Defendant's counsel.  I suggest they are projecting

and not factually reporting about irrelevant details.  The issue is whether the former President

invoked Executive Privilege, and he clearly did.

6.      The next false statement claimed by the Government, found on page four, is that: "*the former President never properly (invoked executive privilege) and the Defendant and Mr. Costello knew this.*"

Once again, this is clearly a false claim which is refuted by the very evidence the

Government cites.  Justin Clark telephoned Mr. Costello and orally stated that the President was

invoking executive privilege and that he would later send a letter by email making the same

invocation.  The exhibits provided to the Government by Mr. Costello, and now provided to the

Court by the Government, clearly show that Mr. Costello stated that he was confident that

executive privilege had been invoked, despite Chairman Thompson's incorrect statements that

President Trump had not formally or informally invoked executive privilege.  The request to Mr.

Clark to contact the Select Committee directly was simply to stop this silly argument over

Chairman Thompsons' incorrect legal and factual position.  The email Mr. Costello provided to

the Government from him to Justin Clark on October 18, 2021 stated:  "I believe it is clear that he

(President Trump) has invoked (Executive Privilege).   But Congressman Thompson appears

confused as he continues to incorrectly reiterate that President Trump has yet to formally or

informally invoke those privileges….To eliminate all doubt in the Committee's mind, please

confirm to the Committee that President Trump has invoked executive and attorney-client

privileges…"

7.      Another false statement made by the Government was:  "*This was not Mr. Costello's only recognition that the former President had not actually invoked executive privilege.*"  Then to allegedly prove that false claim, the Government added:  "*As he told the Government over the course of the Defendant's dealings with the Committee, Mr. Costello reached out to Clark several times to try to have the former President make a direct invocation, but Mr. Clark refused.*"

4

First, the statement as written by the Government does not prove that Mr. Costello ever recognized that President Trump had not invoked executive privilege.  Mr. Costello never stated that President Trump failed to invoke executive privilege; he said the exact opposite, as stated in the email excerpt of October 18, 2021, referenced  in 5 above.  The false claim that was being made by Chairman Thompson, with no cited authority, was that President Trump had not formally or informally invoked executive privilege.  Contrary to what Chairman Thompson was claiming, there is nothing that states that a President must invoke executive privilege in any specified way. Second, Mr. Costello, in contacting Mr. Clark by email which he voluntarily provided to the Government, was simply trying to stop Chairman Thompson from continuing to make this legally incorrect assertion.  Third, Mr. Clark never refused to contact the Select Committee; he simply chose not to do so for reasons that were never stated.

8.  The Government then, on the bottom of page four, and out of chronological sequence, makes the false claim that: "*the Defendants did this (failed to respond to the document requests), despite Mr. Costello having identified categories of information they understood could not possibly implicate executive privilege.*"

What the Government is attempting to convey is that Bannon did not have five categories of documents requested, a sixth category was a public podcast directly available to the Committee and the last category was material that clearly would be protected by attorney-client and work product privileges, even though it included General Flynn who was at that time working for Sidney Powell, Esq., one of the lawyers working for President Trump at that time.  Costello explained that he agreed that executive privilege could not be claimed for categories of documents that did not exist.

9.  The next category of false claims the Government is making pertains to the issue of the Select Committee's rules which prohibit any attorney other than the deponent's from attending the deposition.  The effect of this rule is, in situations involving executive privilege, to prevent the President's counsel from attending and protecting the executive privilege on behalf of the privilege holder, the President of the United States.  At the time of the statements to the

Committee that the Government references, Mr. Costello and Mr. Bannon were aware of several opinions of the Office of Legal Counsel ("OLC") which stated that when executive privilege was at stake, if the Congressional Committee had a rule which prohibited counsel for the President from being present to protect the privilege, the subpoena was unlawful, illegal and unconstitutional and therefore incapable of being enforced either civilly or criminally. The net result of those opinions was that the Bannon subpoena was null and void, and Bannon was advised that he did not have to attend the deposition or produce documents because the subpoena was void. The Government, in its alleged rendition of the facts for its motion, fails to discuss the OLC opinions at all, which were the major focus of the two video discussions seeking a declination. With that omission by the Government in mind, let's turn to the false claims made by the Government:

> *"The Defendant claims that Mr. Costello informed Committee counsel in a call on October 13 that the Defendant could not appear if former President Trump's counsel were not allowed by the Committee to appear. (ECF No. 30 at 7)"*

The Government cites as its authority for the above statement ECF No. 30 at 7. The reason they did not quote from that citation is the citation does not justify or even claim what the Government states. The statement in that brief, by Bannon's counsel, specifically DOES NOT CLAIM THAT. What that statement actually says is:

> **"On October 13, 2021, Mr. Costello spoke by telephone with Sean Tonolli, Esquire, Senior Investigative Counsel for the Select Committee. Among other things, Mr. Tonolli told Mr. Costello that the Select Committee would not allow an attorney for former President Trump to be present and participate in the deposition of Mr. Bannon, or to assert privilege objections on behalf of President Trump. Mr. Costello advised Mr. Bannon that, based upon the OLC opinions, Mr. Bannon need not appear for a congressional deposition at which President Trump's attorney could not be present to assert executive privilege because the subpoena was unconstitutional and a nullity."**

A plain reading of the above-quoted passage reveals that Mr. Costello never claimed to have advised the Select Committee; rather, it is plainly stated that Mr. Costello advised his client, Mr. Bannon, that he did not have to appear based upon the OLC opinion that said such a subpoena was illegal, unlawful, unconstitutional and incapable of being enforced either civilly or criminally and that the OLC opinion was binding upon the Executive Branch of Government, which includes the Unites States Attorneys.

10.    The next category is not technically a false statement by the Government; rather, they are misleading statements about what Mr. Costello **did not** tell the Court or the Government:

> "*Mr. Costello conceded that he did not ask Committee Counsel to change the rules because he noted that Committee Counsel was not in a position to do so.*"

The above statement is literally true, but meaningless.  Nevertheless, the Government offers it to support its false claim that Mr. Costello was hiding something that he should not have hidden.  Mr. Costello did not make that request of Staff Counsel for several reasons:  Costello was under no obligation to reveal to Staff Counsel that Mr. Bannon had a complete defense to the subpoena's demands based upon the OLC opinions; Costello was well aware that it was fruitless to make a request for a change of rules to the Staff Counsel, because Staff Counsel had no authority to so act.

11.    Additionally, the Government makes another misleading claim that:

> "*And, as Mr. Costello told the Government, but does not tell the Court, never did he ask Clark if counsel for former President Trump wanted to attend.*"

The statement is literally true, but misleading to the extent it implies Mr. Costello was hiding something.  Since the position of the Select Committee was that no one other than deponent's personal counsel could attend, there was no reason to ask that question; once again, the Government speculates that Justin Clark, Esq. would be that counsel, when they are well aware that President Trump had numerous lawyers.

12.    Finally, there is the Government's "Big Lie" that Costello's use of the word "Beware" in an email that Costello voluntarily provided to the Government:

> "*was to warn Bannon that his failure to comply could result in a referral to DOJ.*"

The Government's claim is false.  The warning was to Mr. Bannon to beware of Justin Clark.  The email of October 14, 2021 actually stated: "I don't know what game Clark is playing, but it puts Steve Bannon in a dangerous position." There is one statement the Government made in its response that we are in total agreement with on page 9 of its 28-page presentation:

"*the record above is littered with bad faith*"

That statement aptly describes the Government's twelve false statements trying unsuccessful to impugn the integrity and veracity of Mr. Costello.

**WHEREFORE**, for the foregoing reasons, Defendant Stephen K. Bannon respectfully requests that this Court consider the foregoing Surreply as part of the record, and deny the Government's Motion In Limine [Doc. 29].

Dated: March 17, 2022                                Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

        /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
400 East Pratt Street - Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

        /s/ Robert J. Costello
Robert J. Costello (*pro hac vice*)
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com

        /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

*Counsel for Defendant Stephen K. Bannon*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of March, 2022, a copy of the foregoing

Surreply was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

/s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)