# **EXHIBIT 6**

2008 WL 11489049 (O.L.C.)

Office of Legal Counsel

U.S. Department of Justice

## WHETHER THE DEPARTMENT OF JUSTICE MAY PROSECUTE WHITE HOUSE OFFICIALS FOR CONTEMPT OF CONGRESS

February 29, 2008

The Department of Justice may not bring before a grand jury criminal contempt of Congress citations, or take any other prosecutorial action, with respect to current or former White House officials who declined to provide documents or testimony, or who declined to appear to testify, in response to subpoenas from a congressional committee, based on the President's assertion of executive privilege or the immunity of senior presidential advisers from compelled congressional testimony.

*1 Memorandum Opinion for the Attorney General

You have asked whether the Department of Justice ("Department" or "DOJ") may bring before a grand jury criminal contempt of Congress citations, or take any other prosecutorial action, with respect to current or former White House officials who declined to provide documents or testimony, or who declined to appear to testify, in response to subpoenas from a congressional committee, based on the President's assertion of executive privilege or the immunity of senior presidential advisers from compelled congressional testimony. We conclude it may not.

I.

The President has asserted executive privilege and directed that certain documents and related testimony not be provided in response to subpoenas issued to Joshua Bolten, the Chief of Staff to the President, and Harriet Miers, the former Counsel to the President, by the Committee on the Judiciary of the House of Representatives in connection with its inquiry into the decision of the Department of Justice to request the resignations of several United States Attorneys in 2006. The President also directed Ms. Miers to invoke her immunity as a senior presidential adviser from compelled congressional testimony and decline to appear in response to the subpoena from the Judiciary Committee. These directives were based on legal opinions from the Department advising that the assertions of privilege and immunity were legally proper. *See Assertion of Executive Privilege Concerning the Dismissal and Replacement of U.S. Attorneys*, 31 Op. O.L.C. 1 (2007) (addressing assertion of executive privilege); *Immunity of Former Counsel to the President From Compelled Congressional Testimony*, 31 Op. O.L.C. 191 (2007) ("*Immunity of Former Counsel to the President*").

Notwithstanding the President's directives asserting executive privilege and instructing Ms. Miers not to testify, the House of Representatives cited Mr. Bolten and Ms. Miers for contempt of Congress, and the Speaker of the House yesterday referred the contempt citations to the United States Attorney for the District of Columbia for prosecution pursuant to the criminal contempt of Congress statute, 2 U.S.C. §§ 192, 194 (2000).[1] *See* Letter for Michael B. Mukasey, Attorney General, from Nancy Pelosi, Speaker of the House of Representatives (Feb. 28, 2008).

II.

*2 The Department of Justice has long taken the position, during administrations of both political parties, that "the criminal contempt of Congress statute does not apply to the President or presidential subordinates who assert executive privilege." *Application of 28 U.S.C. § 458 to Presidential Appointment of Federal Judges*, 19 Op. O.L.C. 350, 356 (1995) (""*Application of 28 U.S.C. § 458*"). In 1956, Deputy Attorney General (and later Attorney General) William Rogers presented to Congress a

Department of Justice study that concluded that the criminal contempt of Congress statute was "inapplicable to the executive departments" where the President had asserted executive privilege. *See Availability of Information From Federal Departments and Agencies: Hearings Before a Subcommittee of the House Committee on Government Operations*, 84th Cong. 2891, 2933 (1956). Twenty years later, Assistant Attorney General for the Civil Division Rex Lee stated in testimony before the Subcommittee on the Separation of Powers of the Senate Judiciary Committee that if Congress cited an Executive Branch official for contempt of Congress because of an assertion of executive privilege and "the Department determined to its satisfaction that the claim was rightfully made, it would not, in the exercise of its prosecutorial discretion, present the matter to a grand jury." *Representation of Congress and Congressional Interests in Court: Hearings Before the Subcomm. on Separation of Powers of the Senate Committee on the Judiciary*, 94th Cong. 8 (1976).

The Department reaffirmed these principles in a detailed 1984 opinion prepared by Assistant Attorney General for the Office of Legal Counsel Theodore Olson. In that opinion, this Office explained that when an Executive Branch official complies in good faith with the President's assertion of executive privilege, "a United States Attorney is not required to refer a contempt citation ... to a grand jury or otherwise to prosecute [the] Executive Branch official who is carrying out the President's instruction." *Prosecution for Contempt of Congress of an Executive Branch Official Who Has Asserted a Claim of Executive Privilege*, 8 Op. O.L.C. 101, 102 (1984) ("*Prosecution for Contempt of Congress*". Drawing upon the principles explained by Mr. Rogers and Mr. Lee, canons of statutory construction, and basic constitutional principles, we explained that at least two legal conclusions supported the Department's longstanding interpretation of the criminal contempt statute:

First, as a matter of statutory interpretation reinforced by compelling separation of powers considerations, we believe that Congress may not direct the Executive to prosecute a particular individual without leaving any discretion to the Executive to determine whether a violation of the law has occurred. Second, as a matter of statutory interpretation and the constitutional separation of powers, we believe that the contempt of Congress statute was not intended to apply and could not constitutionally be applied to an Executive Branch official who asserts the President's claim of executive privilege in this context.

**\*3** *Id.*

During the Clinton Administration, the Department explicitly reiterated in a published opinion issued by Assistant Attorney General for the Office of Legal Counsel Walter Dellinger that the "criminal contempt of Congress statute does not apply to the President or presidential subordinates who assert executive privilege." *Application of 28 U.S.C. § 458*, 19 Op. O.L.C. at 356. To apply "the contempt statute against an assertion of executive privilege," Mr. Dellinger explained, "would seriously disrupt the balance between the President and Congress." *Id.*

Accordingly, based on this longstanding position, the refusal by Mr. Bolten and Ms. Miers to produce documents or testimony over which the President has asserted executive privilege did not constitute a crime, and therefore the Department may not pursue criminal contempt of Congress charges against them.

**III**.

We believe that the same reasoning necessarily applies to Ms. Miers' invocation of immunity from compelled congressional testimony. The principles that protect an Executive Branch official from prosecution for declining to comply with a congressional subpoena based on a directive from the President asserting executive privilege similarly shield a current or former senior adviser to the President from prosecution for lawfully invoking his or her immunity from compelled congressional testimony. Here, the President directed Ms. Miers to invoke her constitutional immunity, and the President's directive was based upon a legal opinion from the Department of Justice advising that such an invocation of immunity would be legally proper. *See Immunity of Former Counsel to the President*, 31 Op. O.L.C. at 192-93 (explaining Ms. Miers' immunity from compelled congressional testimony). In reaching the conclusion that a United States Attorney is not required to prosecute an Executive Branch official complying with the President's assertion of executive privilege, the Department reasoned that the separation of powers principles protected by executive privilege would be eviscerated if reliance on the privilege carried with it criminal liability:

Application of the criminal contempt statute to Presidential assertions of executive privilege would immeasurably burden the President's ability to assert the privilege and to carry out his constitutional functions. If the [ [criminal contempt] statute were construed to apply to Presidential assertions of privilege, the President would be in the untenable position of having to place a subordinate at the risk of a criminal conviction and possible jail sentence in order for the President to exercise a responsibility he found necessary to the performance of his constitutional duty. Even if the privilege were upheld, the executive official would be put to the risk and burden of a criminal trial in order to vindicate the President's assertion of his constitutional privilege.

*Prosecution for Contempt of Congress*, 8 Op. O.L.C. at 136.

***4** In this respect, a senior presidential adviser's invocation of his or her immunity from compelled testimony is no different. Subjecting that adviser to prosecution for raising in good faith the President's separation of powers objection to a congressional subpoena would impermissibly undermine the President's constitutional authority. As Assistant Attorney General Olson's opinion analyzing this principle in the context of an assertion of executive privilege observed:

If the President is to preserve, protect, and defend the Constitution, if he is faithfully to execute the laws, there may come a time when it is necessary for him both to resist a congressional demand for documents and to refuse to prosecute those who assist him in the exercise of his duty. To yield information that he in good conscience believes he must protect in order to perform his obligation, would abdicate the responsibilities of his office and deny his oath. To seek criminal punishment for those who have acted to aid the President's performance of his duty would be equally inconsistent with the Constitution.

*Id.* at 142. The prosecution of a senior presidential adviser who has lawfully invoked her constitutional immunity from compelled congressional testimony would likewise be inconsistent with the Constitution.

In sum, based on the longstanding Justice Department position discussed above, the non-compliance with the Judiciary Committee subpoenas by Mr. Bolten and Ms. Miers did not constitute a crime. Accordingly, the Department may not bring the criminal contempt citations before a grand jury or take any other action to prosecute Mr. Bolten or Ms. Miers for criminal contempt of Congress.

Steven G. Bradbury
Principal Deputy Assistant Attorney General
Office of Legal Counsel

Footnotes

1    Sections 192 and 194 of title 2 of the U.S. Code provide, in relevant part:
Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers ... willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months.
....
Whenever a witness summoned as mentioned [above] fails to appear to testify or fails to produce any books, papers, records, or documents, as required, or whenever any witness so summoned refuses to answer any question pertinent to the subject under inquiry before either House ... a statement of fact constituting such failure is reported to and filed with the President of the Senate or the Speaker of the House, it shall be the duty of the said President of the Senate or Speaker of the House ... to certify ... the statement of facts aforesaid under the seal of the Senate or House ... to the appropriate United States attorney, whose duty it shall be to bring the matter before the grand jury for its action.

2008 WL 11489049 (O.L.C.)

**End of Document**     © 2022 Thomson Reuters. No claim to original U.S. Government Works.