# EXHIBIT 3
*Amended*



# Office of the Attorney General
Washington, D.C.

February 29, 2008

The Honorable Nancy Pelosi
Speaker
House of Representatives
Washington, D.C. 20515

Dear Madam Speaker:

     As you know, the President, asserting executive privilege, directed that Joshua Bolten, Chief of Staff to the President, and Harriet Miers, the former Counsel to the President, not release certain documents or provide related testimony subpoenaed by the Committee on the Judiciary of the House of Representatives. The President also directed Ms. Miers to invoke her constitutional immunity from compelled congressional testimony and to decline to appear before the Committee. These directives were based on legal opinions from the Department of Justice advising that the assertions of privilege and immunity were legally proper.

     Notwithstanding the President's directives, on July 25, 2007, the House Committee on the Judiciary adopted a resolution recommending that the House of Representatives cite Mr. Bolten and Ms. Miers for contempt. On November 5, 2007, the Committee referred its report on the resolution to the full House. On February 14, 2008, the House adopted a contempt resolution, which you referred on February 28, 2008, to the United States Attorney for the District of Columbia for prosecution under the criminal contempt of Congress statute, 2 U.S.C. §§ 192, 194 (2000).

     As explained in our July 24, 2007, letter to Judiciary Committee Chairman Conyers, a copy of which is enclosed, the Department of Justice's longstanding position taken during Administrations of both parties is "that the contempt of Congress statute was not intended to apply and could not constitutionally be applied to an Executive Branch official who asserts the President's claim of executive privilege." *Prosecution for Contempt of Congress of an Executive Branch Official Who Has Asserted a Claim of Executive Privilege*, 8 Op. O.L.C. 101, 102 (1984). Further, as we also explained in the letter to Chairman Conyers, the same principles that preclude prosecuting an Executive Branch official for abiding by a presidential claim of executive privilege also preclude prosecuting a senior presidential adviser for lawfully invoking her constitutional immunity from compelled congressional testimony. Here, the President directed Ms. Miers to invoke her constitutional immunity, and the President's directive was based upon a legal opinion from the Department of Justice advising that such an invocation of immunity would be legally proper.

Accordingly, the Department has determined that the non-compliance by Mr. Bolten and Ms. Miers with the Judiciary Committee subpoenas did not constitute a crime, and therefore the Department will not bring the congressional contempt citations before a grand jury or take any other action to prosecute Mr. Bolten or Ms. Miers.

Please do not hesitate to contact me if you would like to discuss this matter further.

Sincerely,

Michael B. Mukasey
Attorney General

Enclosure

cc: The Honorable John Boehner
The Honorable John Conyers, Jr.
The Honorable Lamar Smith

2