# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 21-670 (CJN) |
| v. : | |
| STEPHEN K. BANNON, : | |
| *Defendant*. : | |

## DEFENDANT'S SUPPLEMENTAL REPLY ON WAIVER

On February 4, 2022, the Government filed a Motion In Limine To Exclude Evidence Or Argument Relating To Good-Faith Reliance On Law Or Advice Of Counsel [Doc. 29]. On February 25, 2022, Defendant, Stephen K. Bannon, filed his Opposition to the motion [Doc. 30]. Following the March 16, 2022 oral argument on this and other motions, as the Court directed, Mr. Bannon filed a supplemental brief, limited to the issue of whether the invocation of Executive Privilege in this case materially distinguishes the instant case from *Licavoli v. United States*, 294 F.2d 207 (D.C. Cir. 1961) on the question of how "willfully makes default" is to be construed and the associated question of whether the advice of counsel may be presented at trial [Doc. 41]. On March 29, 2022, the Government filed its response [Doc. 43]. In its response, the Government asserted that, while the Court need not address the issue, Mr. Bannon, nevertheless, waived this argument by purportedly not raising it in his initial opposition [Doc. 43 at 10]. Since the Government has asserted this waiver claim, Mr. Bannon now replies exclusively to that erroneous assertion.[1]

---

[1] The Court gave Mr. Bannon permission to file a reply limited to the waiver claim if the Government were to make such a claim [Tr. 3/16/2022 Oral Argument at 98]. The Government

**The Argument Was Presented Not Waived**

Mr. Bannon expressly made the argument in his Opposition to the Government's Motion *in limine* ("Opposition") that the holding in *Licavoli* (and other cases the Government claimed supported *Licavoli*) construing "willfully makes default" and on the right to an advice of counsel defense in a prosecution under 2 U.S.C. § 192 should not be applied in the instant case because at the heart of the instant case and the advice of counsel at issue here is the invocation of Executive Privilege by the former President and that is a materially distinguishing factor on these issues [Doc. 30 at 3-4; 4-9; 15-20].

Mr. Bannon explained in the Opposition that the invocation of Executive Privilege, unlike any fact present in *Licavoli* or any other case cited by the Government, (1) triggered the OLC opinions by this prosecuting agency (the DOJ) on which the advice of counsel was based, (2) introduced constitutional issues, including a separation of powers confrontation, that were not present in the other cases, and (3) tied the hands of the Defendant, as directed through the advice of counsel, such that the dynamic surrounding "willfully makes default" is completely outside the *Licavoli* framework or any factor contemplated by the *Licavoli* Court [Doc. 30 at 3-4; 4-9; 15-20]. There can be no waiver under the circumstances presented here; nor has the Government presented any authority to support a waiver claim under these circumstances in this procedural posture.

---

cites one case in support of its claim of waiver here. That case, *United States v. Devaugh*, 422 F. Supp. 3d 104, 118 n. 10 (D.D.C. 2019), is completely inapposite. In *Devaugh*, the question of waiver arose in the context of a motion to suppress, in which, among other things, the defendant sought the suppression of statements that were elicited after he was unlawfully handcuffed. The Court noted that in response to the defendant's argument that the statements should be suppressed, the Government wrote merely that it disagreed, but that, in any event, it did not intend to use the defendant's statements in its case in chief, so any argument against suppression of the statements was waived. *Id*. That bears absolutely no relationship to the instant context.

**How and Where in the Opposition the Argument was Presented:**

In his Opposition, Mr. Bannon made several arguments as to why the Government's Motion to exclude the advice of counsel defense should be denied. Those arguments included (1) that *Licavoli* is no longer good law in light of subsequent relevant developments related to the definition of "willfulness" [Doc. 30 at 3; 9-14]; (2) that contempt of court cases relied on by the government are not applicable [Doc. 30 at 2; 22-24]; (3) that to apply *Licavoli's* strict liability "willfulness" definition here, rendering the invocation of Executive Privilege meaningless, would violate the constitutional separation of powers doctrine [Doc. 30 at 3; 15]; AND (4) that this case is different from *Licavoli* because this case involves the material factual distinction of the invocation of Executive Privilege (Doc. 30 at 4; 15-20), along with other arguments. Each argument was previewed at the beginning of the Opposition and then was further developed. Only the fourth argument is at issue here.

On Page 3 of his Opposition, Mr. Bannon first addressed the Government's position that a person is guilty under 2 U.S.C. § 192 if he receives a congressional subpoena and does not appear or produce documents, no matter what the reason is and that this position is based on a "60-year old case," referring to *Licavoli* [Doc. 30 at 3]. Then, after noting the additional argument that *Licavoli* has been rendered obsolete by subsequent decisions on "willfully," Mr. Bannon immediately emphasized the exact argument at issue here – that the primary material distinguishing factor between *Licavoli* and the instant case on the issue of "willfully" and the legal relevance of advice of counsel is the invocation of Executive Privilege by former President Trump in the instant case. The Opposition reads, in pertinent part, as follows:

> "Notably, none of the cases cited by the Government involves a former top Presidential advisor facing demands from a Congressional committee on one hand, and an assertion of

3

executive privilege by a former President on the other hand. U.S. Department of Justice policy provides clear direction. In such circumstances, Mr. Costello's advice to Mr. Bannon about what the law requires and Mr. Bannon's reliance and right to rely on the advice of his attorney is highly relevant in a subsequent criminal prosecution."

[Doc. 30 at 4] (Emphasis added).

To demonstrate the material distinction between the instant case and the *Licavoli* scenario, the Opposition devoted several pages to a recitation of the facts regarding the invocation of Executive Privilege and the basis for the advice by counsel that Mr. Bannon could not legally comply with the subpoena because of Executive Privilege [Doc. 30 at 4-9; Doc. 30-1].

The Opposition then further provided legal arguments why the invocation of Executive Privilege and the advice of counsel based on Executive Privilege present a materially distinguishable circumstance [Doc. 30 at 15-20], emphasizing (1) that the "*specific circumstances of this case*" [Doc. 30 at 15] (emphasis in original) distinguish this case on advice of counsel; (2) that the OLC Opinions regarding Executive Privilege and the rights and duties flowing from them set this case apart in requiring the advice of counsel and making it directly relevant [Doc. 30 at 16-20] and (3) that in this case alone, the advice of counsel, because of the invocation of Executive Privilege and the applicable OLC Opinions, is at the heart of the question of "willfully makes default" unlike any failure to comply for any other reason, as in *Licavoli* [Doc. 30 at 18-20].

The Opposition addressed these issues specifically because (1) there is limited judicial precedent construing the relevant statutory terms; (2) *Licavoli* and the other cases cited by the Government did not involve any such unique and constitutionally significant factor; and (3) because it is well-settled that material factual distinctions make all the difference when determining whether past decisions applying a statute should be given binding precedential effect under the principle of *stare decisis*. *See Nippon Shinyaku Co. v. Iancu*, 369 F. Supp. 3d 226, 237

4

(D.D.C. 2019).[2]  Accordingly, Mr. Bannon did not waive the argument that this case is materially distinguishable from *Licavoli* and that *Licavoli* does not apply here for that reason.

## CONCLUSION

Although a finer point was put on the issue, with the benefit of the Court's focused questioning at oral argument, Mr. Bannon did not waive the argument that *Licavoli* is distinguishable from the instant case because it did not involve the invocation of Executive Privilege, and that this case is, therefore, outside the framework for "willfulness" and advice of counsel contemplated by the court in *Licavoli* or any other case relied on by the Government. While the Opposition certainly addressed other reasons as well for why *Licavoli's* holding on "willfulness" does not apply, distinguishing this case from *Licavoli* on the constitutionally significant invocation of Executive Privilege and the advice of counsel based on that invocation definitely was raised and argued in the Opposition.

Dated: March 30, 2022                                   Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
210 N. Charles Street, 26th Floor
Baltimore, MD 21201
Telephone: (410) 385-2225
Facsimile: (410) 547-2432

---

[2] "Stare decisis compels adherence to a prior factually indistinguishable decision of a controlling court." *Brewster v. Comm'r*, 607 F.2d 1369, 1373, 197 U.S. App. D.C. 184 (D.C. Cir. 1979). The rule of *stare decisis* is never properly invoked unless in the decision put forward as precedent the judicial mind has been applied to and passed upon the precise question. Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.
*Nat'l R.R. Passenger v. ExpressTrak, LLC*, Civil Action No. 02-1773, 2006 U.S. Dist. LEXIS 74923, 2006 WL 2947558 at *6 (D.D.C. Oct. 16, 2006) (citations omitted); *see also Supernus Pharm., Inc. v. Iancu*, 913 F.3d 1351, 1357 (Fed. Cir. 2019) (finding that a prior decision with different facts and a different legal question was not controlling in that action)." *Nippon Shinyaku Co. v. Iancu*, 369 F. Supp. 3d 226, 237 (D.D.C. 2019).

5

Email: ecorcoran@silvermanthompson.com

/s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

/s/ Robert J. Costello
Robert J. Costello (*pro hac vice*)
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com

*Counsel for Defendant Stephen K. Bannon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of March 2022, a copy of the foregoing Defendant's Supplemental Reply On Waiver was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

/s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)