IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | :  Criminal No. 21-670 (CJN) |
| v. | : |
| | : |
| STEPHEN K. BANNON, | : |
| | : |
| *Defendant*. | : |

**MOTION TO EXTEND MOTION FILING DEADLINE
AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

Defendant Stephen K. Bannon, through his undersigned counsel, respectfully requests that this Court briefly extend the time for the parties to file any motions to dismiss the indictment or other motions to exclude evidence, and to adopt the proposed briefing schedule below. In support of this motion, we state as follows:

1. On November 11, 2021, the Indictment in this matter was filed [Doc. 1]. On January 3, 2022, a Scheduling Order was issued which governs pretrial proceedings. [Doc. 25].

2. The Scheduling Order provided, in pertinent part, that "[t]he Parties shall file any motions to dismiss the indictment or other motions to exclude evidence by **April 8, 2022**. Oppositions to any such motion shall be filed by **April 29, 2022**. Any reply shall be filed by **May 10, 2022**." [Doc. 25 at ¶ 3]. The Defendant requests a short extension of these deadlines. We provide three grounds for this motion.

3. First, on March 16, 2022, this Court ordered the Government to produce certain additional discovery relating to DOJ policy documents. The pertinent part of the hearing transcript reads as follows: "I will grant defendant's motion to the extent it requests statements or

1

writings reflecting official DOJ policy, such as an opinion of the Office of Legal Counsel or the position of an entire division or litigating group, whether those statements are public or not, if such writings relate to the department's policy on prosecuting or not prosecuting government or former government officials raising executive privilege claims or defenses of immunity or similar issues." [Tr. Mar. 16, 2022, at 96 – 97].

4. On March 30, 2022, we sent an email to counsel for the Government asking, in pertinent part, by what date we would receive the additional DOJ policy document discovery. The same day counsel for the Government responded by email. Rather than providing a date, counsel for the Government stated that they would "produce them as soon as we are able."

5. On April 1, 2022, the Government produced certain documents that they identified as being responsive to the March 16, 2022, Order. On April 4, 2022, the Government produced additional documents that they identified as being responsive to that Order. As of the time of filing this motion, it is unclear whether the Government will provide any additional discovery pursuant to the Court's Order. The additional documents received so far in response to the Court's Order number over 200 pages. The additional documents reviewed so far are directly relevant to and further support Mr. Bannon's motion to dismiss the indictment based on the defenses of public authority and entrapment by estoppel, a theory of defense well known to the Government since the beginning of this case. We requested these documents on January 14, 2022, and the Government should long ago have understood that they are exculpatory. [Doc. 28-1 at ¶¶ 19, 20, 27, 28 & 29].

6. Defense counsel is in a difficult position having received additional discovery on a significant and complex legal issue in this case – and not knowing whether or how much

additional discovery may be forthcoming – many months after the documents were explicitly requested, and just a few days before our motion to dismiss deadline. Accordingly, we seek an extension of that deadline so that we can obtain and review the additional discovery, and so that we can assess whether, and if so how, it provides a basis to dismiss the indictment.

7. The second ground for an extension pertains to the pending United States' Motion In Limine to Exclude Evidence Or Argument Relating To Good-Faith Reliance On Law Or Advice Of Counsel. [Doc. 29] The Court's decision on that motion will directly impact what issues the defense will raise in a motion to dismiss the indictment, and how those issues will be framed for determination.

8. The third ground for an extension pertains to our pending Defendant's Motion To Compel Disclosure Of Government Efforts To Obtain Telephone And Email Records Of Mr. Bannon's Attorneys. [Doc. 26]. That motion is pending. [Tr. Mar. 16, 2022, at 91]. The defense seeks additional time to review any additional discovery that may be provided so that we can assess whether, and if so how, it provides a basis to dismiss the indictment.

9. On April 5, 2022, defense counsel conferred via email with counsel for the Government in order to: (a) ascertain the Government's position on this motion for an extension and (b) confer regarding later dates for the motion to dismiss/opposition/reply that provide roughly the same time periods allotted in the Scheduling Order, and do not affect any other deadline in the Scheduling Order. By email on April 5, 2022, Government counsel stated, in pertinent part, the Government's position was that "we should keep the deadlines as they are."

10. We believe that we are entitled to a meaningful opportunity to review and analyze the discovery that we explicitly requested on January 14, 2022, that was ordered to be produced

in a hearing on March 16, 2022, and that has only now been produced – a few days before a significant motion to which it relates is due to be filed. We further believe that the other factors raised above warrant a brief extension of the briefing schedule, so that the issues to be raised can be determined on a full record, not in a piecemeal fashion. Accordingly, we propose that the Scheduling Order be modified to reflect the following new dates:

> The Parties shall file any motions to dismiss the indictment or other motions to exclude evidence by **May 6, 2022**. Oppositions to any such motion shall be filed by **May 27, 2022**. Any reply shall be filed by **June 6, 2022**.

11. This is the Defendant's first request for an extension of a filing deadline. The ends of justice will be served by allowing the motion to dismiss to be considered based upon a complete discovery record.

12. Granting the instant motion will *not* affect any other deadline in the Scheduling Order.

13. In addition, the Defendant believes that the ends of justice are served by excluding the time between April 8, 2022 (original motion deadline) and May 6, 2022 (proposed new deadline), from calculation under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A).

14. Accordingly, Defendant respectfully requests that the Court grant this motion.

Dated: April 5, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

　　　　　　　　　　　　　　　　　　　/s/ M. Evan Corcoran
　　　　　　　　　　　　　　　　　　M. Evan Corcoran (D.C. Bar No. 440027)
　　　　　　　　　　　　　　　　　　400 East Pratt Street – Suite 900
　　　　　　　　　　　　　　　　　　Baltimore, MD 21202
　　　　　　　　　　　　　　　　　　Telephone: (410) 385-2225
　　　　　　　　　　　　　　　　　　Facsimile: (410) 547-2432
　　　　　　　　　　　　　　　　　　Email: ecorcoran@silvermanthompson.com

　　　　　　　　　　　　　　　　　　　/s/ David I. Schoen
　　　　　　　　　　　　　　　　　　David I. Schoen (D.C. Bar No. 391408)
　　　　　　　　　　　　　　　　　　David I. Schoen, Attorney at Law
　　　　　　　　　　　　　　　　　　2800 Zelda Road, Suite 100-6
　　　　　　　　　　　　　　　　　　Montgomery, Alabama 36106
　　　　　　　　　　　　　　　　　　Telephone: (334) 395-6611
　　　　　　　　　　　　　　　　　　Facsimile: (917) 591-7586
　　　　　　　　　　　　　　　　　　Email: schoenlawfirm@gmail.com

　　　　　　　　　　　　　　　　　　　/s/ Robert J. Costello
　　　　　　　　　　　　　　　　　　Robert J. Costello (*Pro Hac Vic Pending*)
　　　　　　　　　　　　　　　　　　Davidoff Hutcher & Citron LLP
　　　　　　　　　　　　　　　　　　605 Third Avenue
　　　　　　　　　　　　　　　　　　New York, New York 10158
　　　　　　　　　　　　　　　　　　Telephone: (212) 557-7200
　　　　　　　　　　　　　　　　　　Facsimile: (212) 286-1884
　　　　　　　　　　　　　　　　　　Email: rjc@dhclegal.com

　　　　　　　　　　　　　　　　　　*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of April 2022, a copy of the foregoing Defendant's Motion To Extend Motion Filing Deadline And To Exclude Time Under The Speedy Trial Act was filed through the Court's CM/ECF system and was served *via* electronic delivery on counsel of record.

　　　　　　　　　　　　　　　　　　　/s/ M. Evan Corcoran
　　　　　　　　　　　　　　　　　　M. Evan Corcoran (D.C. Bar No. 440027)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> STEPHEN K. BANNON, : <br> : <br> *Defendant*. : | Criminal No. 21-670 (CJN) |

## ORDER

Based upon the representations in the Defendant's Motion To Extend Motion Filing Deadline And To Exclude Time Under The Speedy Trial Act and upon consideration of the entire record, it is hereby: **ORDERED** that the Motion is GRANTED; it is further **ORDERED** that the Scheduling Order shall be modified to read as follows:

> The Parties shall file any motions to dismiss the indictment or other motions to exclude evidence by **May 6, 2022**. Oppositions to any such motion shall be filed by **May 27, 2022**. Any reply shall be filed by **June 6, 2022**.

and it is further **ORDERED** that the time between April 8, 2022, and May 6, 2022, shall be excluded from calculation under the Speedy Trial Act, *see* 18 U.S.C. § 3161(h)(7)(A). The Court finds that the ends of justice served by the granting of such a continuance outweighs the best interests of the public and the defendant in a speedy trial, as a continuance will provide the parties additional time to review discovery.

Dated: _____

_____
Hon. Carl J. Nichols
*United States District Judge*