UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 21-cr-670 |
| v. : | |
| : | |
| STEPHEN K. BANNON, : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE**

The Government opposes Defendant Stephen K. Bannon's request to delay by a month the filing deadline for motions to dismiss the indictment or other motions to exclude evidence. None of the reasons he cites justify delay—especially when, as here, doing so would likely derail the entire briefing schedule set by the Court and put the July trial date in jeopardy. The Defendant's motion to extend the filing deadline should be denied.

On January 3, 2022, the Court issued the scheduling order setting April 8, 2022, as the deadline for "any motions to dismiss the indictment or other motions to exclude evidence." ECF No. 25 at 1 ¶ 3. This was generally consistent with the Defendant's requested schedule. *See* ECF No. 22-1 (Defendant's proposed scheduling order setting a deadline for "motions to dismiss the indictment" on April 1, 2022). On April 5, 2022, the Defendant raised for the first time with the Government and filed with the Court his request to extend by a month the April 8 deadline. ECF No. 45. None of the three bases on which the Defendant relies for his request justify delay.

First, the Defendant states he needs more time to review the Department of Justice records the Government has produced in response to the Court's March 16, 2022, Order to support motions to dismiss on the basis of a public authority and entrapment by estoppel defenses. ECF No. 45 at 2 ¶ 5. As an initial matter, the 218 pages the Government has produced pursuant to the Court's order, the vast majority of which are Office of Legal Counsel materials available on the

Department's website, are all also in the public domain; and the Defendant already had a substantial portion of the records because he has previously directly cited to 77 pages of them in his pleadings in this case. *See, e.g.*, ECF No. 28-12; ECF No. 28-11; ECF No. 28-10; ECF No. 30-1 at 10 ¶ 22; ECF No. 34-1 at 20-23.

Even if all the records were new, however, it still would not provide a basis for moving the deadlines. The public authority and entrapment-by-estoppel defenses to which the Defendant claims the records are relevant are not legal defenses the Court decides on a motion to dismiss. They are factual, affirmative defenses that turn on what the Defendant was told at the time he committed the crime by various government representatives. *See, e.g.*, *United States v. Fulcher*, 250 F.3d 244, 253-54 (4th Cir. 2001) ("The public authority defense allows 'the defendant [to] seek[ ] exoneration based on the fact that he reasonably relied" on the "actual authority of a government official to engage him in a covert activity.'" (citations omitted)); *United States v. Abcasis*, 45 F.3d 39, 44 (2d Cir. 1995) (The entrapment by estoppel defense "focuses on the conduct of the government leading the defendant to believe reasonably that he was authorized to do the act forbidden by law."). As such, they are defenses presented to the jury if the Defendant can make the requisite prima facie showing of each of the defense's elements. *See, e.g.*, *United States v. Alvarado*, 808 F.3d 474, 484 (11th Cir. 2015); *United States v. Pardue*, 385 F.3d 101, 108-09 (1st Cir. 2004). Even if they were defenses to be raised as a motion to dismiss, they turn on what the Defendant knew and reasonably relied on at the time he committed the offense. *Alvarado*, 808 F.3d at 484 ("[A] federal law enforcement officer must have actually authorized the defendant to commit the particular criminal act at issue, and the defendant *must have reasonably relied on that authorization when engaging in that conduct*." (emphasis added)); *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (Entrapment by estoppel requires "that the

2

defendant actually relied on the agent's misleading pronouncement *in committing the offense*." (emphasis added) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018))). Accordingly, if the Defendant did not already know about the Department records the Government has produced, those records could not be relevant to these defenses and thus have no bearing on his ability to make motions related to them. The Defendant's desire and ability to raise a public authority or entrapment-by-estoppel defense at trial are unrelated to issues subject to motions to dismiss and, therefore, have no bearing on the April 8 deadline.

Second, the Defendant seeks additional time to review any additional discovery this Court may order in resolving the Defendant's pending motion to compel discovery relating to the Government's investigation of Mr. Costello's role in the Defendant's contempt so that he can assess whether it provides a basis for dismissing the indictment. ECF No. 45 at 3 ¶ 8. But the Defendant's counsel stated at the hearing on his motion that the Defendant's requests for discovery relating to Mr. Costello did not go to any substantive question in this case. *See* Mot. Hrg., 3/16/22, Tr. at 62:4-6; *id*. at 79:2-10. It could not, therefore, support a motion to dismiss, and the Defendant's requests for discovery on this issue has no bearing on the Defendant's ability to file his motions to dismiss in this case.

Third, the Defendant claims that he seeks additional time to determine what motions to dismiss he may wish to file after the Court rules on the Government's motion in limine relating to an advice-of-counsel and reliance-on-law defense. ECF No. 45 at 3 ¶ 7. As the Government informed the Defendant when explaining its opposition to a delay in the filing deadline, it is the Government's view that any motions that arise from later developments in the case, and that were not, therefore, ripe for filing in advance of previous deadlines, would not be time-barred. When the Court rules on the Government's motion, there will still be ample time for the Defendant to

make any additional motions relating to it before the July 18 trial date.  Such a circumstance is not unique in criminal cases, and it does not provide a basis for delaying the schedule for all of the other motions the Defendant wishes to file.

Finally, delaying the April 8 deadline by a month would inevitably disrupt the rest of the Court's briefing schedule.  The Defendant's new proposed schedule gives this Court only 11 days before the parties' pretrial and in limine motions are due on June 17 to resolve not only the Defendant's motions to dismiss, but also the parties' initial motions to exclude evidence.  *See* ECF No. 25 at 2 ¶ 4.  And, other than those he identifies in his motion to continue, the Defendant has previously identified a litany of bases on which he believes the indictment should be dismissed, including claims that executive privilege rendered the subpoena invalid; that the Government did and did not present certain evidence to the grand jury, Status Hrg., 12/7/22, Tr. at 25:22-26:8; that the Select Committee lacks a legislative purpose, *id*. at 26:9-10; that the indictment is the result of selective prosecution, "partisan political attack," and vindictiveness, *id*. at 27:7-12; that the indictment violates the First Amendment, *id*. at 27:10-11; and that the Committee did not follow its own rules and protocols, *id*. at 28:2-5.  There is nothing pending that bars the Defendant from lodging motions to dismiss on any or all of these bases as scheduled on April 8, but his proposed delay makes it likely that, given the compressed pre-trial schedule it would cause, the Defendant will be back before the Court asking for another delay so he can consider the Court's rulings on his motions to dismiss and the parties' motions to exclude evidence before filing his next pretrial motions.  That, in turn, would jeopardize the July 18 trial date.

There is no basis to delay the Court's deadline for motions to dismiss and the parties' motions to exclude evidence.  It may be that developments in the case give rise to additional

motions—from both parties—but that is not a reason to abandon the schedule. The Court should deny the Defendant's motion to continue.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney
                                      D.C. Bar No. 481052

By:    */s/ Amanda R. Vaughn*
           J.P. Cooney (D.C. 494026)
           Molly Gaston (VA 78506)
           Amanda R. Vaughn (MD)
           Assistant United States Attorneys
           United States Attorney's Office
           555 4th Street, N.W.
           Washington, D.C. 20530
           (202) 252-1793 (Vaughn)
           amanda.vaughn@usdoj.gov