IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : : : : Criminal No. 21-670 (CJN) |
| v. | : : : |
| STEPHEN K. BANNON, | : : |
| *Defendant*. | : : |

**REPLY TO OPPOSITION TO MOTION TO EXTEND FILING DEADLINE
AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

On April 5, 2022, Defendant Stephen K. Bannon, through his undersigned counsel, filed a motion seeking a twenty-eight (28) day extension of time for the filing of his motions to dismiss the indictment in this case for the reasons therein set forth [Doc. 45]. The Government has filed its opposition to that motion [Doc. 46]. Mr. Bannon now briefly replies to the Government's opposition.

The Government argues that its production to the defense of some two hundred (200) pages of exculpatory material four (4) days before the filing deadline for motions to which the material directly relates (and almost three weeks after being ordered to produce such material) – despite its unwillingness to identify what additional outstanding discovery remains – should not be a basis for any extension of time for filing the important motions to dismiss in this case.[1]

---

[1] The Government omits from its opposition the fact that prior to filing his motion to extend time, defense counsel asked the Government to propose an alternative time period for the extension if the period or dates proposed did not work for Government counsel's schedule. Government counsel declined, writing instead, "As a general matter, we think we should keep the deadlines as they are and both parties file whatever motions are ripe at this point." [AUSA Vaughn 4/5/2022 email]. There is nothing magic about the specific twenty-eight (28) day period requested. It was selected as a time frame that did not require moving any other dates set, while giving sufficient

The Government argues first that the defense of public authority or entrapment by estoppel that Mr. Bannon intends to make as part of his motions to dismiss, and to which the Government's recent production of exculpatory material relates, is not actually the basis for a motion to dismiss. The Government writes that these defenses "are not legal defenses the Court decides on a motion to dismiss" [Doc. 46 at 2], that they are "unrelated to issues subject to motions to dismiss and, therefore, have no bearing on the April 8 deadline" [Doc. 46 at 3], and "they turn on what the Defendant was told at the time he committed the crime." [Doc. 46 at 2]. Government counsel is mistaken.[2]

---

time to digest the newly produced materials and account for the other factors on which the motion to extend is based.

[2] The argument that entrapment by estoppel is limited to what a Government representative directly told the defendant, is simply wrong, just as it was wrong in the Government's previous limited characterization of the defense [Doc. 43 at 7-8]. This is not the forum for an extended discussion of the defense; but suffice it to say here, as the United States Supreme Court and this Circuit have recognized, the defense applies in full force to official policy statements issued by the relevant Government agency, not just direct questions and answers between the defendant and a Government agent. *See United States v. Pennsylvania Industrial Chemical Corp.*, 411 U.S. 655, 674 (1973) ("Thus, to the extent that the regulations deprived PICCO of fair warning as to what conduct the Government intended to make criminal, we think that there can be no doubt that traditional notions of fairness inherent in our system of criminal justice prevent the Government from proceeding with the prosecution); *United States v. Barker*, 546 F.2d 940 (D.C. Cir. 1976) (reliance on a Department of Justice Memorandum). In the recent decision in *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D. D.C. 2021), another Court in this district expressly recognized the continued vitality of the variety of the defense at issue in *Picco, Barker*, and in the instant case.

As for the Government's argument that the public authority and entrapment by estoppel defenses are not defenses to be raised on a motion to dismiss, the Government ignores the decision in *United States v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992) (granting a motion to dismiss based on entrapment by estoppel and holding that, while often there are factual obstacles to granting a motion to dismiss based on entrapment by estoppel, where there are undisputed facts that the agency has declared the conduct at issue legal, reliance is established, and the reliance is objectively reasonable, a motion to dismiss must be granted, because a "prosecution" under those circumstances would be "unfair").

The Government takes no responsibility for its role in requiring the requested extension – either for its failure to timely produce clearly exculpatory material directly relevant to a theory of defense it was aware Mr. Bannon would be making since at least November of 2021 or for the almost three (3) weeks delay in finally producing this exculpatory material, some of which the Government asserts was readily accessible [Doc. 46 at 2].  On April 5, 2022, when asked by defense counsel whether the Government had now produced all that it intends to produce pursuant to the Court's Order, Government counsel responded that they "believe" so but hoped to be able to confirm that later that day.  [AUSA Vaughn email of 4/5/2022].  No such confirmation was received, and, in any event, the defense does not believe that the production to date has been fully responsive as explained below.

The Government argues further that to the extent Mr. Bannon did not know about the newly produced exculpatory material, he could not have relied on such material and therefore "those records could not be relevant to these defenses and thus have no bearing on his ability to make the motions related to them." [Doc. 46 at 3].  Again, the Government is mistaken. Without going into an extended discussion here of the various aspects to the defenses at issue, suffice it to say that the additional exculpatory materials, reflecting further developed, long-standing official policy of the Department of Justice that Mr. Bannon's response to the subpoena was the fully lawful and correct one, once Executive Privilege has been invoked, are directly and independently relevant (1) to the reasonableness of his belief in reliance on the materials he was aware of, and (2) to the estoppel element of the entrapment by estoppel equation, among other things.

Moreover, the Government completely ignores the *Brady* and *Giglio* obligations it has professed to be aware of that are implicated by its production.  The materials produced reflect

DOJ OLC opinions and other communications that unequivocally undercut the Government's position on material factors in this case, including, but not limited to, the invalid status of the subpoena when Executive Privilege has been invoked and the Committee refuses to permit a privilege holder representative to be present, the applicability of Executive Privilege to former Executive Branch employees and more. While the defense was aware of some of the materials and has, indeed cited to them, the defense had no way of knowing about others of these materials that should have been produced months ago. This is not complicated. These are materials generated by and in the exclusive possession of the agency that is prosecuting this case on a theory of prosecution that has been rejected for at least six decades by that very agency.

The Government argues that the extension of time should not be granted based on the determination of the pending motion to bar advice of counsel evidence because the Defendant can always file a separate motion based on that ruling. It is difficult to see how or why an easily avoidable piecemeal approach would be preferable; but the issue goes well beyond that. If, for example, the Court were to agree with the Government that the charges in this case under 2 U.S.C. §192 are, in effect, strict liability charges, such that the elements are simply whether the defendant received a valid subpoena and did not comply, making the invocation of Executive Privilege, and the advice of counsel irrelevant, the motions to dismiss would include significant additional arguments. Those arguments would include arguments that the prosecution is barred in this case by separation of powers principles and would be overbroad, including clearly protected, lawful conduct within its ambit. It certainly would run afoul of the dictate in *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, *2032; 207 L. Ed. 2d 951 (2020), that "recipients have long been understood to retain common law and constitutional privileges with respect to certain materials, such as attorney-client communications and governmental communications protected

by executive privilege."; for it would, in effect, give Congress a veto over the former President's invocation of executive privilege and render the privilege a nullity in this criminal prosecution. Additionally, if the Court were to grant the Government's motion, given the Government's position that entrapment by estoppel is a trial defense and not the subject of a motion to dismiss, Mr. Costello's testimony at trial would be independently relevant to the question of the "reasonableness" of Mr. Bannon's reliance on the Department of Justice's binding, authoritative OLC opinions.

The Government's contention that the defense should not be accorded more than a few days to analyze the additional discovery – still incomplete – is puzzling. When we first requested the documents months ago the Government ignored our request. We filed a motion to compel, and the Government opposed that motion stating – with regards to DOJ policy documents pertaining to 2 U.S.C. § 192, that "the Defendant is simply wrong about what the Government's files contain." That has been proved false. The Court compelled additional production as follows:

> Specifically, I will grant defendant's motion to the extent it requests statements or writings reflecting official DOJ policy, such as an opinion of the Office of Legal Counsel or the position of an entire division or litigating group, whether those statements are public or not, if such writings relate to the department's policy on prosecuting or not prosecuting government or former government officials raising executive privilege claims or defenses of immunity or similar issues.

[Tr. Mar. 16, 2022 at 96 – 97]. Now the Government contends that the "vast majority" of the additional discovery that they intend to provide in compliance with the Court's Order is already in the public domain. This raises serious questions as to whether the Government is complying with the Order, and has made a request for documents from those DOJ employees who would

have such documents, both "public or not" as required by the Court. For instance, we have received nothing to date that one objectively would expect to see from the following entities:

- The Civil Division – a litigating group that would represent the government in response to congressional subpoenas for current and former federal officials;[3] or

- The Office of Legislative Affairs – which would have copies of correspondence with congressional leaders about DOJ's position on 2 U.S.C. § 192.

- The U.S. Attorney's Office – the Government has provided no additional discovery from its own files, even though we know that the U.S. Attorney's Office has, on several occasions, made statements that explicitly refer to DOJ's position on 2 U.S.C. § 192. See, e.g., [Doc. 28-10 at 6] (Letter from Ronald C. Machen Jr., United States Attorney, to Speaker of the House John A. Bohner, (March 31, 2015) ("It has long been the position of the Department, across administrations of both political parties, that we will not prosecute an Executive Branch official under the contempt of Congress statute for withholding subpoenaed documents pursuant to a presidential assertion of executive privilege.").

In short, we believe that the Government has been, and continues to be, less than forthcoming about what their files contain.

As reflected in Mr. Bannon's submission related to the Scheduling Order in this case, the case has been set on a schedule that is considerably shorter than for the average case in this district. Nonetheless, Mr. Bannon has diligently met every deadline, even with the substantial time that unexpectedly had to be devoted to the Government's conduct with respect to Mr. Costello's phone and email records. The Defendant's request for this extension is reasonable and is based on significant factors. It is curious that the Government would oppose a first brief

---

[3] It is impossible to imagine, for example, that in connection with the litigation in *Comm. On the Judiciary of the United States House of Representatives v. McGahn*, 968 F.3d 755 (2020) (*en banc*) (and other cases) there would not have been internal DOJ communications on matters directly at issue in this case and that fall well within the ambit of this Court's March 16, 2022 Order.

extension in a misdemeanor case. It is disturbing that the Government would oppose the requested extension for the reasons given in a case in which the statute under which the Defendant is being prosecuted includes a mandatory incarceration provision in the event of a conviction.[4]

Based on all of the foregoing and the initial motion [Doc. 45], Mr. Bannon respectfully requests that the requested extension of time be granted.

Dated: April 6, 2022                             Respectfully submitted,

                                                 **SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

                                                 /s/ M. Evan Corcoran
                                                 M. Evan Corcoran (D.C. Bar No. 440027)
                                                 400 East Pratt Street – Suite 900
                                                 Baltimore, MD 21202
                                                 Telephone: (410) 385-2225
                                                 Facsimile: (410) 547-2432
                                                 Email: ecorcoran@silvermanthompson.com

                                                 /s/ David I. Schoen
                                                 David I. Schoen (D.C. Bar No. 391408)
                                                 David I. Schoen, Attorney at Law
                                                 2800 Zelda Road, Suite 100-6
                                                 Montgomery, Alabama 36106

---

[4] The mandatory incarceration provision in the statute makes it imperative that the Defendant be given sufficient time to analyze all of the evidence and prepare a fully informed motion to dismiss on all applicable grounds. It also highlights the fundamentally unfair nature of the Government's position that "willfulness" under this statute is a strict liability standard, even where Executive Privilege has been invoked. The rejection of a *mens rea* that includes some consciousness of the wrongfulness of the conduct, in favor of the strict liability standard urged by the Government, has come under sustained criticism for many years in especially compelling terms where a term of incarceration is the possible consequence of conviction, with commentators asserting that the error is permitting the same is of constitutional dimensions. *See e.g.,* H. Packer, *Mens Rea and the Supreme Court*, 1962 Sup. Ct. Rev. 107, 147-152 (1962); Dubin, *Mens Rea Reconsidered: A Plea for a Due Process of Criminal Responsibility*, 18 Stan. L. Rev. 322 (1966); Note, *Criminal Liability Without Fault: A Philosophical Perspective*, 75 Colm. L. Rev. 1517 (1975).

        Telephone: (334) 395-6611
        Facsimile: (917) 591-7586
        Email: schoenlawfirm@gmail.com

        /s/ Robert J. Costello
        Robert J. Costello (*Pro Hac Vic Pending*)
        Davidoff Hutcher & Citron LLP
        605 Third Avenue
        New York, New York 10158
        Telephone: (212) 557-7200
        Facsimile: (212) 286-1884
        Email: rjc@dhclegal.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of April 2022, a copy of the foregoing Defendant's Reply to the Government's Opposition to the Motion To Extend Motion Filing Deadline And To Exclude Time Under The Speedy Trial Act was filed through the Court's CM/ECF system and was served *via* electronic delivery on counsel of record.

        /s/ M. Evan Corcoran
        M. Evan Corcoran (D.C. Bar No. 440027)