# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>STEPHEN K. BANNON,<br><br>    *Defendant*. | Criminal Action No. 1:21-cr-00670 (CJN) |

## **ORDER**

Pending before the Court is the government's Motion in Limine to Exclude Evidence or Argument Relating to Good-Faith Reliance on Law or Advice of Counsel, ECF No. 29. For the reasons given on the record at the March 16 hearing and discussed below, the Court grants the Motion.

In *Licavoli v. United States*, the Court of Appeals held:

> Since, as we have remarked, it has been established since the *Sinclair* case, *supra*, that reliance upon advice of counsel is no defense to a charge of refusing to answer a question, *such reliance is not a defense to a charge of failure to respond* [*to a Congressional subpoena*]. *The elements of intent are the same in both cases. All that is needed in either event is a deliberate intention to do the act. Advice of counsel does not immunize that simple intention. It might immunize if evil motive or purpose were an element of the offense. But such motive or purpose is not an element of either of these offenses.* We are of opinion that the doctrine laid down in *Sinclair* applies also to a charge of willfully making default. *Advice of counsel cannot immunize a deliberate, intentional failure to appear pursuant to a lawful subpoena lawfully served*.
>
> In the case at bar there can be no serious dispute about the deliberate intention of Licavoli not to appear before the Committee pursuant to its subpoena. That he meant to stay away was made abundantly clear. That he did so upon the advice of a lawyer is no defense. The trial judge correctly instructed the jury.

294 F.2d 207, 209 (D.C. Cir. 1961) (emphasis added).

1

In his opposition to the government's Motion, Bannon argued that *Licavoli* was no longer binding on this Court. *See* Def.'s Opp. to Gov't Mot. in Limine, ECF No. 30, at 13–14. At the March 16 hearing, the Court rejected these arguments, holding that:

> The defendant offered two reasons in his brief why this Court should ignore the holding of *Licavoli*, but neither of those arguments is persuasive.
>
> First, defendant claims *Licavoli* relied on bad law, specifically the now-disavowed Supreme Court case of *Sinclair v. United States*. It is true that subsequent Supreme Court cases have cut back on some of the holdings of *Sinclair*, but not the holding that *Licavoli* relies on.
>
> And even if the Supreme Court had done so, the defendant has cited to no authority[,] and the Court has located none of its own, that would allow me to ignore otherwise binding precedent, just because some of the cases on which it relied are no longer good law.
>
> Second, the defendant notes that in the six[ ] decade[s] since *Licavoli*, the Supreme Court has provided clarity on the meaning of 'willfully' in criminal statutes. Clarity that favors defendant. That might very well be true. But none of that precedent dealt with the charge under 2 U.S. Code. Section 192. *Licavoli* did. Thus, while this precedent might furnish defendant with arguments to the Court of Appeals on why *Licavoli* should be overruled, this court has no power to disregard a valid and on-point or seemingly on-point holding from a higher court.

Trans. of Oral Arg., March 16, 2022 ("Trans."), at 88:15–89:12.

But at the hearing, Bannon also raised a new argument: that *Licavoli* is inapplicable because it did not involve a claim of executive privilege. *See id.* at 89:13–90:16. Since this argument had not been briefed, the Court asked the parties for supplemental briefing. *See* Def.'s Supp, Br. in Opp. (Def.'s Supp."), ECF No. 41; United States' Resp. to Def.'s Supp. Br. ("Gov't Resp."), ECF No. 43.

In his supplemental brief, Bannon notes the differences between his reliance on a claimed invocation of executive privilege and *Licavoli*, which included no claim of privilege. *See* Def.'s Supp. at 1–7. And Bannon argues that, because this case involves an inter-branch dispute, while

*Licavoli* did not, it is not binding here. *See id.* at 7–10. The government disagrees. It argues that *Licavoli*'s rejection of the advice of counsel defense turned on the *mens rea* element of 2 U.S.C. § 192, which cannot be different depending on the specific circumstances of the case, and which requires proof only of a deliberate and intentional failure to appear or produce records. *See* Gov't Resp. at 2–4.[1] As the government puts it, "[b]y advocating to allow him to raise an advice-of-counsel defense in his case, even though it is not available to others charged with contempt of Congress, the Defendant necessarily is advocating that the intent element of the offense should change depending on the factual circumstances of the crime." *Id.* at 4. And, the government argues, the differences that Bannon points to do not relate to the *mens rea* element or an advice-of-counsel defense. *See id.* at 5–9.

The Court agrees with the government. As the Court noted at the March 16 hearing, "[i]f this were a matter of first impression, the Court might be inclined to agree with defendant and allow this evidence in." Trans. at 87:11–13. But for the reasons stated on the record during the March 16 hearing, *Licavoli* remains binding, and Bannon has failed to demonstrate that it is inapplicable here. After all, *Licavoli* involved a prosecution under the exact statute that Bannon is charged with violating, *see Licavoli*, 294 F.2d at 207, and the Court of Appeals expressly held that an advice-of-counsel defense is unavailable for that charge. *See id* at 207–09. Just as important, the Court of Appeals rejected the availability of that defense because of the *mens rea*

---

[1] Other courts have held that 2 U.S.C. § 192 requires only a deliberate and intentional failure to appear or produce records. *See, e.g.*, *United States v. Bryan*, 339 U.S. 323 (1950); *United States v. Fleischman*, 339 U.S. 349 (1950); *Dennis v. United States*, 171 F.2d 986, 990–91 (D.C. Cir. 1948); *Fields v. United States*, 164 F.2d 97, 99–100 (D.C. Cir. 1947).

required for a violation of 2 U.S.C. § 192, and Bannon has provided no reason to believe that the *mens rea* element can or should be different depending on the circumstances of specific cases.[2]

Accordingly, it is

**ORDERED** that the government's Motion in Limine to Exclude Evidence or Argument Relating to Good-Faith Reliance on Law or Advice of Counsel, ECF No. 29, is **GRANTED**.

DATE:  April 6, 2022

*[signature]*
CARL J. NICHOLS
United States District Judge

---

[2] Because the Court concludes that the government is correct, it need not reach the question whether Bannon waived the arguments in his supplemental brief by failing to include them in his original opposition to the government's Motion.