IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : Criminal No. 21-670 (CJN) |
| v. | : |
| | : |
| STEPHEN K. BANNON, | : |
| | : |
| *Defendant*. | : |

## DEFENDANT'S MOTION TO EXCLUDE EVIDENCE

Defendant Stephen K. Bannon, by and through his undersigned counsel and pursuant to the Fifth Amendment of the United States Constitution, respectfully requests that this Court preclude the Government at trial from using: (a) any information obtained via the subpoenas and 2703(d) order seeking Mr. Robert Costello's phone and email records; (b) any information obtained by through the Government's surreptitious FBI interviews of Mr. Costello on November 3 and 8, 2021; (c) any information obtained from Mr. Costello in his November 4, 2021, provision of documents to Government counsel; and (d) any information obtained by virtue of investigative leads provided by the aforementioned improperly obtained information.[1] In support of this Motion, we state the following:

---

[1] Any Order precluding the Government from introducing these materials as evidence, or use in cross-examination, should not preclude the defense from informing the jury of the Government's misconduct in this case.

1

## BACKGROUND

On October 21, 2021, the House made a contempt referral involving Mr. Bannon to DOJ. [US-000459-504]. On October 25, 2021, Mr. Costello – counsel for Mr. Bannon – emailed AUSA Cooney to initiate efforts to seek a declination of any criminal charges. Mr. Costello identified himself as the attorney for Mr. Bannon. [US-001136]. On November 1, 2021, Mr. Costello sent AUSA Cooney a legal memorandum outlining the reasons for declination. A video conference was held on November 3, 2021, so that Mr. Costello and counsel for the Government could further discuss the matter. Mr. Costello believed – as is customary in criminal cases – the back-and-forth between himself and counsel for the Government was a good faith effort to persuade DOJ not to prosecute his client, Mr. Bannon.

However, Government counsel misled Mr. Costello. They suggested to Mr. Costello that they were interested in hearing his arguments on declination. However, at the same time, they were improperly using the power of the grand jury to collect evidence about Mr. Costello, in the hope that they could use it against his client Mr. Bannon. The very day of the initial contact with the U.S. Attorney's Office, October 25, 2021, the Government began issuing grand jury subpoenas to third party providers seeking Mr. Costello's phone and email records. Some of these grand jury subpoenas sought records dating to September 1, 2021 – 22 days before the Select Committee issued its subpoena.[2] This was improper. Section 9-13.410(A) of the U.S. Attorneys' Manual requires main DOJ approval in such circumstances. No approval was obtained by counsel for the Government here. In addition, counsel for the Government obtained a 2703(d) Order from a magistrate judge, seeking additional records of Mr. Costello.

---

[2] And the records obtained via the § 2703(d) Order date back to March 5, 2021. [US-001151-001249].

Moreover, counsel for the Government misled Mr. Costello by staging two surreptitious "interviews" of him, all the while suggesting to him that he was engaged in advocacy on behalf of his client. There was never any intention to consider declination – the issuance of the first subpoena before Mr. Costello ever met with anyone from the U.S. Attorney's Office established that. During videoconferences on November 3 and 8, 2021, counsel for the Government had FBI agents listen in and later draft FBI 302 "interview reports" capturing statements made by Mr. Costello. Finally, counsel for the Government requested, and Mr. Costello provided (on November 4, 2021), more than 100 pages of documents – including attorney work product produced during the representation of Mr. Bannon – without divulging that Mr. Costello was being treated by the Government as a witness against Mr. Bannon, not his counsel.

The Government's intrusion into the attorney-client relationship was knowing and deliberate.[3] Incredibly, the Government has offered two different explanations for its conduct, neither of which make any sense. Moreover, Mr. Bannon been prejudiced by the Government's actions. First, even if the toll and email records did not give the Government the contents of Mr. Costello's communications, having a record of who Mr. Costello spoke to and when provides significant insight into the defense's strategy and theory of the case that the Government would not have access to but for their improper intrusion. In addition, the Government has obtained numerous documents from Mr. Costello that would never have been turned over if he had been made aware that he was viewed as a witness against Mr. Bannon, not Mr. Bannon's advocate. The Government contended that Mr. Costello was "a witness to the Defendant's deliberate decision to ignore the subpoena's requirements." [Doc. 31 at 12-13]. Then at oral argument they claimed they

---

[3] Pending before this Court is the Defendant's Motion to Compel Disclosure of Government Efforts to Obtain Telephone and Email Records of Mr. Bannon's Attorneys. [Doc 26].

3

needed the information to determine if Mr. Costello informed Mr. Bannon of the subpoena. Both claims are false.

The Government's knowing, deliberate, and unjustified intrusion into the attorney-client relationship constituted outrageous misconduct and violated Mr. Bannon's Fifth Amendment right to due process. One remedy is to preclude the Government from benefitting at trial from its improper conduct.

## ARGUMENT

In determining whether governmental interference into an attorney-client relationship violates due process, courts analyze: (1) the government's objective awareness of ongoing, personal attorney-client relationship between its informant and defendant; (2) whether the government's intrusion into that relationship was deliberate; and (3) actual and substantial prejudice to defendant. *United States v. Hsia*, 81 F.Supp.2d 7, 19 (D.D.C. 2000). Prejudice can "result from the prosecution's use of confidential information pertaining to the defense plans and strategy, from government influence which destroys the defendant's confidence in his attorney, and from other actions designed to give the prosecution an unfair advantage at trial." *U.S. v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980); *see also United States v. Schell*, 775 F.2d 559, 565 (4th Cir. 1985) (holding that it is "fundamentally unfair and inherently prejudicial" to the defendant when defense counsel is turned into a prosecution witness and "without question" compromises the defendant's Fifth and Fourteenth Amendment rights to a fair trial). Suppression of evidence is an appropriate remedy for a Fifth Amendment violation. *United States v. Rogers*, 751 F.2d 1704, 1078 (9th Cir. 1985).

It is beyond dispute that the Government knew that Mr. Costello represented Mr. Bannon. It is also beyond dispute that the Government deliberately interfered with that attorney-client

4

relationship. As a result of the Government's actions with respect to the subpoenas for Mr. Costello's records, Mr. Bannon suffered substantial prejudice because he could no longer trust that the information he communicated to his attorneys would be free from Government interference and interception. *See Schell*, 775 F.2d 565. Additionally, although the Government contends that it did not receive the contents of Mr. Costello's communications, the information obtained allowed the Government insight into the defense's strategy.

Furthermore, the Government's attempt to turn Mr. Costello into a prosecution witness through covert FBI interviews was inherently prejudicial. Mr. Bannon will suffer further prejudice at trial if the Government is allowed to introduce information obtained via a surreptitious FBI "interview" of defense counsel about the same matter for which Mr. Bannon is on trial.

## CONCLUSION

WHEREFORE, the Defendant Stephen K. Bannon respectfully requests that this Court grant the instant Motion.

Dated: April 15, 2022                            Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
400 East Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

   /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586

Email: schoenlawfirm@gmail.com

   /s/ Robert J. Costello
Robert J. Costello (*Pro Hac Vic Pending*)
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April 2022, a copy of the foregoing Defendant's Motion To Exclude Evidence was filed through the Court's CM/ECF system and was served *via* electronic delivery on counsel of record.

   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)