# EXHIBIT A

# H. Res. 8

# *In the House of Representatives, U. S.,*

*January 4, 2021.*

*Resolved,*

## SECTION 1. ADOPTION OF THE RULES OF THE ONE HUNDRED SIXTEENTH CONGRESS.

The Rules of the House of Representatives of the One Hundred Sixteenth Congress, including applicable provisions of law or concurrent resolution that constituted rules of the House at the end of the One Hundred Sixteenth Congress, are adopted as the Rules of the House of Representatives of the One Hundred Seventeenth Congress, with amendments to the standing rules as provided in section 2, and with other orders as provided in this resolution.

## SEC. 2. CHANGES TO THE STANDING RULES.

(a) CONFORMING CHANGE.—In clause 2(i) of rule II—

(1) strike the designation of subparagraph (1); and

(2) strike subparagraph (2).

(b) OFFICE OF DIVERSITY AND INCLUSION AND OFFICE OF THE WHISTLEBLOWER OMBUDS.—

2

(1) ESTABLISHMENT.—In rule II, add at the end the following new clauses:

**"Office of Diversity and Inclusion**

"9.(a) There is established an Office of Diversity and Inclusion. The Speaker, in consultation with the Minority Leader, shall appoint a Director of the Office from recommendations provided by the chair of the Committee on House Administration in consultation with the ranking minority member of such committee.

"(b) Subject to the policy direction and oversight of the Committee on House Administration, the Office of Diversity and Inclusion shall—

"(1) direct and guide House employing offices to recruit, hire, train, develop, advance, promote, and retain a diverse workforce;

"(2) survey and evaluate diversity in House employing offices;

"(3) through the Director of the Office at the end of each session of Congress, submit a House of Representatives diversity report to the Speaker, the Majority Leader, the Minority Leader, the chair and ranking minority member of the Committee on House Administration, and the chair and ranking minority member of the Subcommittee on the Legislative Branch of the Committee on Appropriations; and

3

"(4) provide consultation and guidance in furtherance of increasing diversity and inclusion in the House.

**"Office of the Whistleblower Ombuds**

"10.(a) There is established an Office of the Whistleblower Ombuds. The Speaker, in consultation with the chairs and ranking minority members of the Committee on House Administration and the Committee on Oversight and Reform, shall appoint a Director of the Office.

"(b) Subject to the policy direction and oversight of the Committee on House Administration, and in consultation with any other committee (at the request of the chair or ranking minority member of such other committee), the Office of the Whistleblower Ombuds shall—

"(1) promulgate best practices for whistleblower intake for offices of the House; and

"(2) provide training for offices of the House on whistleblower intake, including establishing an effective reporting system for whistleblowers, maintaining whistleblower confidentiality, advising staff of relevant laws and policies, and protecting information provided by whistleblowers.".

(2) CONFORMING AMENDMENT.—In clause 4(d)(1)(A) of rule X—

(A) strike "and the Inspector General" and insert ", the Inspector General, the Office of Diver-

4

sity and Inclusion, and the Office of the Whistle-
blower Ombuds''; and

(B) strike ''and Inspector General'' and insert
''Inspector General, Office of Diversity and Inclu-
sion, and Office of the Whistleblower Ombuds''.

(c) CONTINUING AUTHORITY TO ACT IN LITIGATION
MATTERS.—In clause 8(c) of rule II, strike ''appropriate''
and insert ''appropriate, including, but not limited to, the
issuance of subpoenas,''.

(d) ADMITTANCE TO THE HALL OF THE HOUSE.—

(1) In clause 2(a)(14) of rule IV, insert ''and the
Mayor of the District of Columbia'' after ''Territories''.

(2) In clause 4(a) of rule IV—

(A) in subparagraph (2) strike ''committee; or''
and insert ''committee;'';

(B) in subparagraph (3) strike the period and
insert ''; or''; and

(C) add at the end the following new subpara-
graph:

''(4) has been convicted by a court of record for the com-
mission of a crime in relation to that individual's election to,
or service to, the House.''.

(e) GENDER-INCLUSIVE LANGUAGE.—

(1) In clause 1(c)(9) of rule X, strike ''seamen'' and
insert ''seafarers''.

5

(2) In clause 4(a)(1)(B) of rule X, strike "Chairman" and insert "Chair".

(3) In clause 8(c)(3) of rule XXIII, strike "father, mother, son, daughter, brother, sister, uncle, aunt, first cousin, nephew, niece, husband, wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half brother, half sister, grandson, or granddaughter" and insert "parent, child, sibling, parent's sibling, first cousin, sibling's child, spouse, parent-in-law, child-in-law, sibling-in-law, stepparent, stepchild, stepsibling, half-sibling, or grandchild".

(4) In clause 10(b) of rule XXIII—

(A) strike "submit his or her resignation" and insert "resign";

(B) strike "he or she serves" and insert "such Member, Delegate, or Resident Commissioner serves"; and

(C) strike "he or she holds" and insert "such Member, Delegate, or Resident Commissioner holds".

(5) In clause 15(d)(2) of rule XXIII, strike "father, mother, son, daughter, brother, sister, husband, wife, fa-

6

ther-in-law, or mother-in-law'' and insert ''parent, child, sibling, spouse, or parent-in-law''.

(6) In clause 4 of rule XXVII, strike ''himself or herself'' and insert ''themself''.

(7) In rule XXIX, clause 2 is amended to read as follows:

''2. (Reserved.)''.

(f) COMMITTEE ON ARMED SERVICES.—In clause 1(c) of rule X—

(1) in subparagraph (1) strike ''and Air Force'' and insert ''Marine Corps, Air Force, and Space Force''; and

(2) in subparagraph (13), strike ''and Air Force'' and insert ''Air Force, and Space Force''.

(g) COMMITTEE OVERSIGHT PLANS.—In clause 2(d)(2) of rule X—

(1) in subdivision (D), strike ''and'';

(2) in subdivision (E), strike the period and insert ''; and''; and

(3) add at the end the following new subdivision:

''(F) give priority consideration to including in the plan a discussion of how the committee's work will address issues of inequities on the basis of race, color, ethnicity, religion, sex, sexual orientation, gender identity, disability, age, or national origin.''.

(h) PRINTING AND AVAILABILITY REQUIREMENTS.—

7

(1) In clause 6 of rule X, strike "printed" each place that it appears.

(2) In clause 8(b)(1)(A) of rule XXII, insert "or pursuant to clause 3 of rule XXIX" after "Congressional Record".

(i) COMMITTEE VOTE AVAILABILITY.—In clause 2(e)(1)(B) of rule XI—

(1) in item (i), strike "made available by the committee for inspection by the public at reasonable times in its offices and also";

(2) in item (i), strike "subdivision (B)(ii)" and insert "item (ii)"; and

(3) in item (ii), strike "available for inspection by the public" and insert "publicly available".

(j) AMENDMENT AVAILABILITY.—In clause 2(e)(6) of rule XI, insert ", or 48 hours after the disposition or withdrawal of any other amendment," after "any amendment".

(k) TRUTH-IN-TESTIMONY REFORM.—In clause 2(g)(5) of rule XI—

(1) amend subdivision (B) to read as follows:

"(B) In the case of a witness appearing in a non-governmental capacity, a written statement of proposed testimony shall include—

"(i) a curriculum vitae;

''(ii) a disclosure of any Federal grants or contracts, or contracts, grants, or payments originating with a foreign government, received during the past 36 months by the witness or by an entity represented by the witness and related to the subject matter of the hearing; and

''(iii) a disclosure of whether the witness is a fiduciary (including, but not limited to, a director, officer, advisor, or resident agent) of any organization or entity that has an interest in the subject matter of the hearing.'';

(2) in subdivision (C), strike ''subdivision (B)'' and insert ''subdivision (B)(ii)''; and

(3) in subdivision (D), insert ''24 hours before the witness appears to the extent practicable, but'' before ''not later''.

(l) ELECTRONIC FILING OF REPORTS AND ELECTRONIC SIGNATURES.—

(1) In clause 2(l) of rule XI, insert ''(including in electronic form)'' after ''signed views''.

(2) In clause 2(a) of rule XIII—

(A) in subparagraph (1), strike ''subparagraph (2)'' and insert ''subparagraphs (2) and (3)''; and

(B) add the following new subparagraph:

9

''(3) All reports of committees may be delivered to the Clerk in electronic form.''.

(3) In clause 5(b) of rule XIII, insert '', pursuant to clause 2(a)(3), or pursuant to clause 2(c),'' after ''from the floor''.

(4) In clause 5 of rule XXV, insert ''(including in electronic form)'' after ''signed'' each place that it appears.

(5) In clause 1 of rule XXVII, insert ''(including in electronic form)'' after ''signed''.

(m) SUBPOENA AUTHORITY.—In clause 2(m)(3) of rule XI, add the following new subdivision:

''(D) Subpoenas for documents or testimony may be issued to any person or entity, whether governmental, public, or private, within the United States, including, but not limited to, the President, and the Vice President, whether current or former, in a personal or official capacity, as well as the White House, the Office of the President, the Executive Office of the President, and any individual currently or formerly employed in the White House, Office of the President, or Executive Office of the President.''.

(n) COMMITTEE ON ETHICS.—

(1) In clause 5(a)(3)(C) of rule X, insert ''or fifth'' after ''fourth''.

(2) In clause 3 of rule XI—

10

(A) in paragraph (b)(8)(A), insert ", Delegate, Resident Commissioner" after "Member" each place it appears;

(B) in paragraph (b)(8)(B)(iii), insert ", Delegate, Resident Commissioner" after "Member";

(C) in paragraph (k)(1)(A), insert ", Delegate, Resident Commissioner" after "Member";

(D) in paragraph (m)(1)(A), insert ", Delegates, or the Resident Commissioner" after "Members";

(E) in paragraph (n), insert ", Delegate, Resident Commissioner" after "Member"; and

(F) in paragraph (r), insert ", Delegate, Resident Commissioner" after "Member".

(o) AUDIO AND VIDEO RECORDINGS.—In clause 4(b) of rule XI, strike "radio and television tapes and television film" and insert "audio and video recordings".

(p) COSPONSORSHIP WITHDRAWAL.—In clause 7(b)(2) of rule XII, strike the first two sentences and insert the following: "The name of a cosponsor of a bill or resolution may be deleted only by a demand from the floor made by the Member, Delegate, or Resident Commissioner whose name is to be deleted, or by a unanimous-consent request from the sponsor. The Speaker may only entertain such a demand or request until the last committee authorized to consider and

11

report the bill or resolution reports it to the House or is discharged from its consideration.''.

(q) COMPARATIVE PRINTS.—In rule XXI, strike clause 12.

(r) REQUIRING COMMITTEE HEARING AND MARKUP ON BILLS AND JOINT RESOLUTIONS.—

(1) In clause 3(c) of rule XIII, add the following new subparagraph:

''(6)(A) On a bill or joint resolution to be considered pursuant to a special order of business reported by the Committee on Rules—

''(i) a list of related committee and subcommittee hearings; and

''(ii) a designation of at least one committee or subcommittee hearing that was used to develop or consider such bill or joint resolution.

''(B) Subdivision (A) shall not apply to a bill or joint resolution—

''(i) continuing appropriations for a fiscal year; or

''(ii) containing an emergency designation under section 251(b)(2) or section 252(e) of the Balanced Budget and Emergency Deficit Control Act of 1985.''.

(2) In rule XXI, add at the end the following new clause:

12

"12.(a) It shall not be in order to consider a bill or joint resolution pursuant to a special order of business reported by the Committee on Rules that has not been reported by a committee.

"(b) Paragraph (a) shall not apply to a bill or joint resolution—

"(1) continuing appropriations for a fiscal year;

"(2) containing an emergency designation under section 251(b)(2) or section 252(e) of the Balanced Budget and Emergency Deficit Control Act of 1985;

"(3) designated pursuant to clause 7(a) of rule XV; or

"(4) not referred to committee.

"(c) Paragraph (a) does not apply before March 1 of an odd-numbered year.".

(s) MOTION TO RECOMMIT.—

(1) In clause 6(c) of rule XIII, strike ", including a motion to recommit with instructions to report back an amendment otherwise in order".

(2) In clause 2 of rule XIX—

(A) in paragraph (a), strike "with or";

(B) amend paragraph (b) to read as follows:

"(b) The previous question shall be considered as ordered on any motion to recommit (or commit, as the case may be).".; and

13

(C) strike paragraph (c).

(3) In clause 7(d) of rule XXII, strike ''or in a motion to recommit to conference''.

(t) DISTRICT OF COLUMBIA BUSINESS.—In rule XV—

(1) clause 4 is amended to read as follows:

''4. (Reserved.)''.

(2) in clause 4, strike the caption.

(u) TITLE AMENDMENTS.—In clause 6 of rule XVI, insert '', shall be in order only if offered by the Majority Leader or a designee,'' after ''adoption''.

(v) RECONCILIATION DIRECTIVES.—Clause 7 of rule XXI is amended to read as follows:

''7. (Reserved.)''.

(w) AVAILABILITY OF MEASURES.—In clause 11 of rule XXI, insert ''the text of'' before ''such measure''.

(x) PROHIBITED SERVICE.—Clause 19(c) of rule XXIII is amended to read as follows: ''A Member, Delegate, Resident Commissioner, officer, or employee of the House shall comply with regulations issued and revised, as necessary, by the Committee on Ethics regarding types of prohibited service or positions that could lead to conflicts of interest.''.

(y) CODE OF OFFICIAL CONDUCT.—In rule XXIII—

(1) redesignate clause 20 as clause 22; and

(2) insert after clause 19 the following new clauses:

14

"20. A Member, Delegate, Resident Commissioner, officer, or employee of the House may not, directly or indirectly, take any actions to prevent any individual from or retaliate against any individual for providing truthful information to the Committee on Ethics, the Office of Congressional Ethics, the Office of Congressional Workplace Rights, or any law enforcement official, provided that the disclosure of such information is not otherwise prohibited by law or House rules.

"21.(a) Except as provided in paragraphs (b) and (c), a Member, Delegate, Resident Commissioner, officer, or employee of the House shall not knowingly and willfully disclose publicly the identity of, or personally identifiable information about, any individual who has reported allegations of possible wrongdoing, including retaliation, under processes and protections provided by the Civil Service Reform Act of 1978, the Whistleblower Protection Act of 1989, the Intelligence Community Whistleblower Protection Act of 1998, or any other Federal law that establishes the right for individuals to make protected disclosures to Congress.

"(b) The limitation in paragraph (a) shall not apply to any disclosure of an individual's identity or personally identifiable information if—

    "(1) the individual has provided express written consent prior to such disclosure;

15

"(2) the individual has already voluntarily and publicly disclosed their identity; or

"(3) the disclosure is by the chair of a committee after an affirmative vote by two-thirds of the members of the committee that such disclosure is in the public interest.

"(c) Nothing in this clause shall prevent—

"(1) an investigation of any allegation of wrongdoing disclosed by any individual; or

"(2) the public disclosure of substantive information shared by any individual that is not personally identifiable to that individual.

"(d) Disclosures made pursuant to paragraph (b)(3) shall be subject to appropriate safeguards, including that the individual be provided timely advance notice if possible before their identity or any personally identifiable information is disclosed prior to the vote described in paragraph (b)(3), unless such information would jeopardize the related investigations. When providing such notice to the individual the committee chair shall send the individual a written explanation of the reasons for the disclosure.".

(z) COMMUNICATIONS STANDARDS COMMISSION.—In clause 5 of rule XXIV, strike "Commission on Congressional Mailing Standards" and insert "Communications Standards Commission".

16

**SEC. 3. SEPARATE ORDERS.**

(a) MEMBER DAY HEARING REQUIREMENT.—During
the first session of the One Hundred Seventeenth Congress,
each standing committee (other than the Committee on Eth-
ics) or each subcommittee thereof (other than a subcommittee
on oversight) shall hold a hearing at which it receives testi-
mony from Members, Delegates, and the Resident Commis-
sioner on proposed legislation within its jurisdiction, except
that the Committee on Rules may hold such hearing during
the second session of the One Hundred Seventeenth Con-
gress.

(b) DEPOSITION AUTHORITY.—

(1) During the One Hundred Seventeenth Congress,
the chair of a standing committee (other than the Com-
mittee on Rules), and the chair of the Permanent Select
Committee on Intelligence, upon consultation with the
ranking minority member of such committee, may order
the taking of depositions, including pursuant to sub-
poena, by a member or counsel of such committee.

(2) Depositions taken under the authority pre-
scribed in this subsection shall be subject to regulations
issued by the chair of the Committee on Rules and print-
ed in the Congressional Record.

(c) WAR POWERS RESOLUTION.—During the One Hun-
dred Seventeenth Congress, a motion to discharge a measure
introduced pursuant to section 6 or section 7 of the War

17

Powers Resolution (50 U.S.C. 1545–46) shall not be subject to a motion to table.

(d) EXERCISE FACILITIES FOR FORMER MEMBERS.—During the One Hundred Seventeenth Congress—

(1) The House of Representatives may not provide access to any exercise facility which is made available exclusively to Members and former Members, officers and former officers of the House of Representatives, and their spouses to any former Member, former officer, or spouse who is a lobbyist registered under the Lobbying Disclosure Act of 1995 or any successor statute or who is an agent of a foreign principal as defined in clause 5 of rule XXV. For purposes of this subsection, the term ''Member'' includes a Delegate or Resident Commissioner to the Congress.

(2) The Committee on House Administration shall promulgate regulations to carry out this subsection.

(e) EMPANELING INVESTIGATIVE SUBCOMMITTEE OF THE COMMITTEE ON ETHICS.—The text of House Resolution 451, One Hundred Tenth Congress, shall apply in the One Hundred Seventeenth Congress in the same manner as such provision applied in the One Hundred Tenth Congress, except that references to the Committee on Standards of Official Conduct shall be construed as references to the Committee on Ethics.

18

(f) NON-DISCLOSURE AGREEMENTS.—Any non-disclosure agreement imposed by any employing or contracting authority in the House of Representatives to which a paid or unpaid employee or contractor is or was required to agree as a term of employment shall—

(1) provide clear guidance that the employee or contractor may communicate concerning any matter with the Committee on Ethics, the Office of Congressional Workplace Rights, or any other office or entity designated by the Committee on House Administration without prior, concurrent, or subsequent notice or approval; and

(2) not be binding and shall have no legal effect to the extent to which it requires prior, concurrent, or subsequent notice or approval from anyone on any matter with respect to communications from an employee or contractor to any of the committees, offices, or entities described in paragraph (1).

(g) REQUIRING MEMBERS TO PAY FOR DISCRIMINATION SETTLEMENTS.—

(1) IN GENERAL.—In the case of a settlement of a complaint under the Congressional Accountability Act of 1995 in connection with a claim alleging a violation described in paragraph (2) which is committed personally by a Member, Delegate, or Resident Commissioner, if

19

the Member, Delegate, or Resident Commissioner is not required under law to reimburse the Treasury for the amount of the settlement, the chair and ranking minority member of the Committee on House Administration may not approve the settlement pursuant to clause 4(d)(2) of rule X unless, under the terms and conditions of the settlement, the Member, Delegate, or Resident Commissioner is required to reimburse the Treasury for the amount of the settlement.

(2) VIOLATIONS DESCRIBED.—A violation described in this paragraph is—

(A) a violation of section 201(a) or section 206(a) of the Congressional Accountability Act of 1995; or

(B) a violation of section 207 of such Act which consists of intimidating, taking reprisal against, or otherwise discriminating against any covered employee under such Act because of a claim alleging a violation described in subparagraph (A).

(h) MANDATORY ANTI-HARASSMENT AND ANTI-DISCRIMINATION POLICIES FOR HOUSE OFFICES.—

(1) REQUIRING OFFICES TO ADOPT POLICY.—Each employing office of the House of Representatives under the Congressional Accountability Act of 1995 shall adopt

20

an anti-harassment and anti-discrimination policy for the office's workplace.

(2) REGULATIONS.—Not later than April 1, 2021, the Committee on House Administration shall promulgate regulations to carry out this subsection, and shall ensure that such regulations are consistent with the requirements of the Congressional Accountability Act of 1995, rule XXIII, and other relevant laws, rules, and regulations.

(i) DISPLAYING STATEMENT OF RIGHTS AND PROTECTIONS PROVIDED TO HOUSE EMPLOYEES.—The Committee on House Administration shall issue regulations to provide that each employing office of the House of Representatives shall post in a prominent location in the office (including, in the case of the office of a Member, Delegate, or the Resident Commissioner, a prominent location in each district office) a statement of the rights and protections provided to employees of the House of Representatives under the Congressional Accountability Act of 1995, including the procedures available to employees of the House under such Act for responding to and adjudicating allegations of violations of such rights and protections.

(j) BROADENING AVAILABILITY AND UTILITY OF LEGISLATIVE DOCUMENTS IN MACHINE-READABLE FORMATS.— The Committee on House Administration, the Clerk, and

21

other officers and officials of the House shall continue efforts
to broaden the availability and utility of legislative documents
in machine readable formats in the One Hundred Seven-
teenth Congress in furtherance of the institutional priorities
of—

 (1) improving public availability and use of legisla-
tive information produced by the House and its commit-
tees; and

 (2) enabling all House staff to produce comparative
prints showing the differences between versions of legis-
lation, how proposed legislation will amend existing law,
and how an amendment may change proposed legisla-
tion.

(k) IMPROVING THE COMMITTEE ELECTRONIC DOCU-
MENT REPOSITORY.—The Clerk, the Committee on House
Administration, and other officers and officials of the House
shall undertake efforts to improve the electronic document re-
pository operated by the Clerk for use by committees of the
House in the One Hundred Seventeenth Congress, in further-
ance of the institutional priority of increasing public avail-
ability and identification of legislative information produced
and held by House committees, including votes, amendments,
and witness disclosure forms.

(l) INCLUSION OF CITATIONS FOR PROPOSED REPEALS
AND AMENDMENTS.—To the maximum extent practicable

22

and consistent with established drafting conventions, an instruction in a bill or joint resolution proposing to repeal or amend any law or part thereof not contained in a codified title of the United States Code shall include, in parentheses immediately following the designation of the matter proposed to be repealed or amended, the applicable United States Code citation (which may be a note in the United States Code), or, if no such citation is available, an appropriate alternative citation to the applicable law or part.

(m) PROVIDING FOR TRANSPARENCY WITH RESPECT TO MEMORIALS SUBMITTED PURSUANT TO ARTICLE V OF THE CONSTITUTION OF THE UNITED STATES.—With respect to any memorial presented under clause 3 of rule XII purporting to be an application of the legislature of a State calling for a convention for proposing amendments to the Constitution of the United States pursuant to Article V, or a rescission of any such prior application—

(1) the chair of the Committee on the Judiciary shall, in the case of a memorial presented in the One Hundred Fourteenth Congress or succeeding Congresses, and may, in the case of such a memorial presented prior to the One Hundred Fourteenth Congress, designate any such memorial for public availability by the Clerk; and

(2) the Clerk shall make such memorials as are designated pursuant to paragraph (1) publicly available in

23

electronic form, organized by State of origin and year of receipt, and shall indicate whether the memorial was designated as an application or a rescission.

(n) SUBCOMMITTEES.—Notwithstanding clause 5(d) of rule X, during the One Hundred Seventeenth Congress the Committee on Agriculture may have not more than six subcommittees.

(o) CONGRESSIONAL MEMBER ORGANIZATION TRANSPARENCY REFORM.—

(1) PAYMENT OF SALARIES AND EXPENSES THROUGH ACCOUNT OF ORGANIZATION.—A Member of the House of Representatives and an eligible Congressional Member Organization may enter into an agreement under which—

(A) an employee of the Member's office may carry out official and representational duties of the Member by assignment to the Organization; and

(B) to the extent that the employee carries out such duties under the agreement, the Member shall transfer the portion of the Members' Representational Allowance (MRA) of the Member which would otherwise be used for the salary and related expenses of the employee to a dedicated account in the House of Representatives which is administered by the Organization, in accordance with the regula-

tions promulgated by the Committee on House Administration under paragraph (2).

(2) REGULATIONS.—The Committee on House Administration (hereafter referred to in this subsection as the "Committee") shall promulgate regulations as follows:

(A) USE OF MRA.—Pursuant to the authority of section 101(d) of the House of Representatives Administrative Reform Technical Corrections Act (2 U.S.C. 5341(d)), the Committee shall prescribe regulations to provide that an eligible Congressional Member Organization may use the amounts transferred to the Organization's dedicated account under paragraph (1)(B) for the same purposes for which a Member of the House of Representatives may use the Members' Representational Allowance, except that the Organization may not use such amounts for franked mail, official travel, or leases of space or vehicles.

(B) MAINTENANCE OF LIMITATIONS ON NUMBER OF SHARED EMPLOYEES.—Pursuant to the authority of section 104(d) of the House of Representatives Administrative Reform Technical Corrections Act (2 U.S.C. 5321(d)), the Committee shall prescribe regulations to provide that an employee of

25

the office of a Member of the House of Representatives who is covered by an agreement entered into under paragraph (1) between the Member and an eligible Congressional Member Organization shall be considered a shared employee of the Member's office and the Organization for purposes of such section, and shall include in such regulations appropriate accounting standards to ensure that a Member of the House of Representatives who enters into an agreement with such an Organization under paragraph (1) does not employ more employees than the Member is authorized to employ under such section.

(C) PARTICIPATION IN STUDENT LOAN REPAYMENT PROGRAM.—Pursuant to the authority of section 105(b) of the Legislative Branch Appropriations Act, 2003 (2 U.S.C. 4536(b)), relating to the student loan repayment program for employees of the House, the Committee shall promulgate regulations to provide that, in the case of an employee who is covered by an agreement entered into under paragraph (1) between a Member of the House of Representatives and an eligible Congressional Member Organization and who participates in such pro-

gram while carrying out duties under the agreement—

> (i) any funds made available for making payments under the program with respect to the employee shall be transferred to the Organization's dedicated account under paragraph (1)(B); and

> (ii) the Organization shall use the funds to repay a student loan taken out by the employee, under the same terms and conditions which would apply under the program if the Organization were the employing office of the employee.

(D) ACCESS TO HOUSE SERVICES.—The Committee shall prescribe regulations to ensure that an eligible Congressional Member Organization has appropriate access to services of the House.

(E) OTHER REGULATIONS.—The Committee shall promulgate such other regulations as may be appropriate to carry out this subsection.

(3) ELIGIBLE CONGRESSIONAL MEMBER ORGANIZATION DEFINED.—In this subsection, the term "eligible Congressional Member Organization" means, with respect to the One Hundred Seventeenth Congress, an organization meeting each of the following requirements:

27

(A) The organization is registered as a Congressional Member Organization with the Committee on House Administration.

(B) The organization designates a single Member of the House of Representatives to be responsible for the administration of the organization, including the administration of the account administered under paragraph (1)(B), and includes the identification of such Member with the statement of organization that the organization files and maintains with the Committee on House Administration.

(C) At least 3 employees of the House are assigned to perform some work for the organization.

(D) During the One Hundred Sixteenth Congress, at least 15 Members of the House of Representatives used a portion of the Members' Representational Allowance of the Member for the salary and related expenses of an employee who was a shared employee of the Member's office and the organization.

(E) The organization files a statement with the Committee on House Administration and the Chief Administrative Officer of the House of Representatives certifying that it will administer an account in accordance with paragraph (1)(B).

28

(p) BUDGET MATTERS.—During the first session of the One Hundred Seventeenth Congress, pending the adoption of a concurrent resolution on the budget for fiscal year 2021, the allocations, aggregates, and other appropriate levels as contained in the statement of the chair of the Committee on the Budget of the House of Representatives in the Congressional Record of May 1, 2020, as adjusted in the One Hundred Sixteenth Congress, shall be considered for all purposes in the House to be the allocations, aggregates, and other appropriate levels under titles III and IV of the Congressional Budget Act of 1974.

(q) REISSUANCE OF SUBPOENAS PRIOR TO COMMITTEE ORGANIZATION.—(1) The House authorizes the chair of the Committee on Oversight and Reform (when elected), on behalf of the Committee on Oversight and Reform and until such committee has adopted rules pursuant to clause 2(a) of rule XI, to issue subpoenas related to the investigation into the accuracy and timing of the 2020 decennial census and related matters.

(2) The House authorizes the chair of the Select Subcommittee on the Coronavirus Crisis (when designated), on behalf of the Select Subcommittee on the Coronavirus Crisis and until the Committee on Oversight and Reform has adopted rules pursuant to clause 2(a) of rule XI, to issue subpoenas related to the investigation into political interference

in the response to the coronavirus pandemic at the Department of Health and Human Services and Centers for Disease Control and Prevention and related matters.

(r) NUMBERING OF BILLS.—In the One Hundred Seventeenth Congress, the first 10 numbers for bills (H.R. 1 through H.R. 10) shall be reserved for assignment by the Speaker and the second 10 numbers for bills (H.R. 11 through H.R. 20) shall be reserved for assignment by the Minority Leader.

(s) REMOTE VOTING BY PROXY AND REMOTE COMMITTEE ACTIVITY.—House Resolution 965, One Hundred Sixteenth Congress, shall apply in the One Hundred Seventeenth Congress in the same manner as such resolution applied in the One Hundred Sixteenth Congress, except that—

(1) the notification and availability requirements of section 2 do not apply to revocation letters submitted to the Clerk after an automatic revocation pursuant to section 2(a)(2)(B);

(2) section 4(b) shall not apply; and

(3) the chair of the Committee on House Administration, in consultation with the ranking minority member, shall identify and submit to the Speaker and to the chair and ranking minority member of the Committee on Rules specific operable and secure technology that may be used to conduct remote voting in the House and shall

provide certification of such submission to the House as though pursuant to section 5(a).

(t) WITNESS DIVERSITY.—Not later than July 1, 2021, the Office of Diversity and Inclusion shall submit a report to the Committee on House Administration and the Committee on Rules recommending a method to survey the diversity of witness panels at committee hearings. Not later than July 31, 2021, the Committee on House Administration and the Committee on Rules shall take such steps as may be necessary to ensure the implementation of such method.

(u) REQUIREMENTS FOR COMMITTEE HEARING AND MARKUP.—During the One Hundred Seventeenth Congress, notwithstanding clause 12(c) of rule XXI (as added by section 2(r)), clause 12(a) of rule XXI shall not apply before April 1, 2021.

(v) EXEMPTIONS.—The chair of the Committee on the Budget may adjust an estimate under clause 4 of rule XXIX to—

(1) exempt the budgetary effects of measures to prevent, prepare for, or respond to economic or public health consequences resulting from the COVID–19 pandemic; and

(2) exempt the budgetary effects of measures to prevent, prepare for, or respond to economic, environ-

mental, or public health consequences resulting from climate change.

(w) Further Expenses for Resolving Contested Elections.—

(1) Amounts for expenses of committee on house administration.—There shall be paid out of the applicable accounts of the House of Representatives such sums as may be necessary for further expenses of the Committee on House Administration for the One Hundred Seventeenth Congress for resolving contested elections.

(2) Session limitation.—The amount specified in paragraph (1) shall be available for expenses incurred during the period beginning at noon on January 3, 2021, and ending immediately before noon on January 3, 2022.

(3) Vouchers.—Payments under this subsection shall be made on vouchers authorized by the Committee on House Administration, signed by the chair of the Committee, and approved in the manner directed by the Committee.

(4) Regulations.—Amounts made available under this subsection shall be expended in accordance with regulations prescribed by the Committee on House Administration.

(x) SUPPORT FOR SENATE MEASURES.—Not later than February 1, 2021, the Clerk shall submit to the chair of the Committee on Rules regulations establishing a process for Members to indicate their support for Senate measures that have been received by the House. Such process shall include the maintenance of a publicly available list of Members supporting each such Senate measure. Upon receipt of such regulations, the chair of the Committee on Rules shall cause them to be printed in the Congressional Record, and Members shall be permitted to indicate their support for Senate measures accordingly.

(y) DISSEMINATION OF MANIPULATED MEDIA.—The Committee on Ethics is directed to report to the House, not later than December 31, 2021, any recommended amendments to the Code of Official Conduct, as well as any accompanying regulations, intended to address the circumstances and instances, if any, for which a Member, Delegate, Resident Commissioner, officer, or employee of the House may be subject to discipline for the dissemination by electronic means, including by social media, of any image, video, or audio file that has been distorted or manipulated with the intent to mislead the public.

**SEC. 4. COMMITTEES, COMMISSIONS, AND HOUSE OFFICES.**

(a) HOUSE DEMOCRACY PARTNERSHIP.—House Resolution 24, One Hundred Tenth Congress, shall apply in the

33

One Hundred Seventeenth Congress in the same manner as such resolution applied in the One Hundred Tenth Congress, except that the commission concerned shall be known as the House Democracy Partnership.

(b) TOM LANTOS HUMAN RIGHTS COMMISSION.—Sections 1 through 7 of House Resolution 1451, One Hundred Tenth Congress, shall apply in the One Hundred Seventeenth Congress in the same manner as such provisions applied in the One Hundred Tenth Congress, except that—

    (1) the Tom Lantos Human Rights Commission may, in addition to collaborating closely with other professional staff members of the Committee on Foreign Affairs, collaborate closely with professional staff members of other relevant committees;

    (2) the resources of the Committee on Foreign Affairs which the Commission may use shall include all resources which the Committee is authorized to obtain from other offices of the House of Representatives; and

    (3) any amounts authorized to provide full-time professional staff and resources to the Tom Lantos Human Rights Commission shall be in addition to and separate from the amounts authorized for salaries and expenses of the Committee on Foreign Affairs as provided by resolution of the House, shall be administered by the Committee on Foreign Affairs, and shall be dis-

tributed equally between the co-chairs of the Commission.

(c) OFFICE OF CONGRESSIONAL ETHICS.—Section 1 of House Resolution 895, One Hundred Tenth Congress, shall apply in the One Hundred Seventeenth Congress in the same manner as such provision applied in the One Hundred Tenth Congress, except that—

(1) the Office of Congressional Ethics shall be treated as a standing committee of the House for purposes of section 202(i) of the Legislative Reorganization Act of 1946 (2 U.S.C. 4301(i));

(2) references to the Committee on Standards of Official Conduct shall be construed as references to the Committee on Ethics;

(3) any requirement for concurrence in section 1(b)(1) shall be construed as a requirement for consultation;

(4) the second sentence of section 1(b)(6)(A) shall not apply;

(5) members subject to section 1(b)(6)(B) may be reappointed for a fourth additional term;

(6) any individual who is the subject of a preliminary review or second-phase review by the board shall be informed of the right to be represented by counsel and

35

invoking that right should not be held negatively against such individual; and

(7) the Office may not take any action that would deny any person any right or protection provided under the Constitution of the United States.

(d) SELECT COMMITTEE ON THE CLIMATE CRISIS.— Section 104(f) of House Resolution 6, One Hundred Sixteenth Congress, shall apply in the One Hundred Seventeenth Congress in the same manner as such section applied in the One Hundred Sixteenth Congress, except that—

(1) the investigative jurisdiction of the Select Committee on the Climate Crisis shall consist of policies, strategies, and innovations to achieve substantial and permanent reductions in pollution and other activities that contribute to the climate crisis which will honor our responsibility to be good stewards of the planet for future generations and advance environmental justice;

(2) the Select Committee shall coordinate with and advise standing committees with relevant jurisdiction with respect to such policies, strategies, and innovations;

(3) any records obtained by a standing committee pursuant to a subpoena or deposition recommended by the Select Committee pursuant to section 104(f)(3)(B)(iii) may be transferred to the Select Committee; and

36

(4) the Select Committee shall submit all policy recommendations referenced in section 104(f)(5) by December 31, 2021, and all reports referenced in section 104(f)(5) by December 31, 2022.

(e) SELECT COMMITTEE ON THE MODERNIZATION OF CONGRESS.—Section 201 of House Resolution 6, One Hundred Sixteenth Congress, shall apply in the One Hundred Seventeenth Congress in the same manner as such section applied in the One Hundred Sixteenth Congress, except that—

(1) the Select Committee shall submit the final report under section 201(f)(3) not later than December 31, 2022; and

(2) section 201(g)(1) shall not apply.

(f) SELECT SUBCOMMITTEE ON THE CORONAVIRUS CRISIS.—Sections 1 through 7 of House Resolution 935, One Hundred Sixteenth Congress, shall apply in the One Hundred Seventeenth Congress in the same manner as such provisions applied in the One Hundred Sixteenth Congress.

(g) SELECT COMMITTEE ON ECONOMIC DISPARITY AND FAIRNESS IN GROWTH.—

(1) ESTABLISHMENT; COMPOSITION.—

(A) ESTABLISHMENT.—There is hereby established a Select Committee on Economic Disparity

37

and Fairness in Growth (hereafter in this sub-
section referred to as the ''Select Committee'').

(B) COMPOSITION.—The Select Committee
shall be composed of 15 Members, Delegates, or the
Resident Commissioner appointed by the Speaker,
of whom 6 shall be appointed on the recommenda-
tion of the Minority Leader. The Speaker shall des-
ignate one member of the Select Committee as its
chair. A vacancy in the membership of the Select
Committee shall be filled in the same manner as the
original appointment.

(2) JURISDICTION; FUNCTIONS.—

(A) LEGISLATIVE JURISDICTION.—The Select
Committee shall not have legislative jurisdiction and
shall have no authority to take legislative action on
any bill or resolution.

(B) INVESTIGATIVE JURISDICTION.—The sole
authority of the Select Committee shall be to inves-
tigate, study, make findings, and develop rec-
ommendations on policies, strategies, and innova-
tions to make our economy work for everyone, em-
powering American economic growth while ensuring
that no one is left out or behind in the 21st Cen-
tury Economy. The Select Committee shall coordi-
nate with and advise standing committees with rel-

38

evant jurisdiction with respect to policy related to economic fairness, access to education, and workforce development. The Select Committee may, at its discretion, hold public hearings in connection with any aspect of its investigative functions.

(3) PROCEDURE.—(A) Except as specified in subparagraph (B), the Select Committee shall have the authorities and responsibilities of, and shall be subject to the same limitations and restrictions as, a standing committee of the House, and shall be deemed a committee of the House for all purposes of law or rule.

(B)(i) Rules X and XI shall apply to the Select Committee where not inconsistent with this subsection.

(ii) Service on the Select Committee shall not count against the limitations in clause 5(b)(2) of rule X.

(iii) Clause 2(m)(1)(B) of rule XI, clause 2(m)(3) of rule XI, and section 3(b) of this resolution shall not apply to the Select Committee, but the Select Committee may recommend subpoenas and depositions and submit such recommendations to the relevant standing committee. Any records obtained by a standing committee pursuant to a subpoena or deposition recommended by the Select Committee pursuant to this clause may be transferred to the Select Committee.

39

(iv) Clause 2(d) of rule X shall not apply to the Select Committee.

(4) AMOUNTS FOR INITIAL EXPENSES.—

(A) PAYMENT OF EXPENSES.—There shall be paid out of the applicable accounts of the House of Representatives not more than $500,000 for the expenses of the Select Committee, to be available during the period beginning at noon on January 3, 2021, and ending on March 31, 2021.

(B) VOUCHERS.—Payments under this paragraph shall be made on vouchers authorized by the Select Committee, signed by the chair of the Select Committee, and approved in the manner directed by the Committee on House Administration.

(C) REGULATIONS.—Amounts made available under this paragraph shall be expended in accordance with regulations prescribed by the Committee on House Administration.

(5) USE OF STAFF.—To enable the Select Committee to carry out the purposes of this subsection, the Select Committee may use the services of staff of the House.

(6) REPORTING.—The Select Committee may report to the House or any committee of the House from time to time the results of its investigations and studies, to-

40

gether with such detailed findings and policy rec-
ommendations as it may deem advisable. All such re-
ports shall be submitted to the House by December 31,
2022. All such policy recommendations shall be sub-
mitted to the relevant standing committees not later
than December 31, 2021.

(7) PUBLICATION.—The Select Committee shall en-
sure that reports and proposals prepared in accordance
with this subsection shall, upon completion, be made
available to the general public in widely accessible for-
mats not later than 30 calendar days following the re-
spective dates for completion set forth in paragraph (6).

**SEC. 5. ORDERS OF BUSINESS.**

(a)(1) On any legislative day during the period from
January 3, 2021 through January 28, 2021—

(A) the Journal of the proceedings of the previous
day shall be considered as approved; and

(B) the Chair may at any time declare the House
adjourned to meet at a date and time, within the limits
of clause 4, section 5, article I of the Constitution, to
be announced by the Chair in declaring the adjourn-
ment.

(2) The Speaker may appoint Members to perform the
duties of the Chair for the duration of the period addressed
by paragraph (1) as though under clause 8(a) of rule I.

41

(3) Each day during the period addressed by paragraph (1) shall not constitute a calendar day for purposes of section 7 of the War Powers Resolution (50 U.S.C. 1546).

(4) Each day during the period addressed by paragraph (1) shall not constitute a legislative day for purposes of clause 7 of rule XIII.

(5) Each day during the period addressed by paragraph (1) shall not constitute a calendar or legislative day for purposes of clause 7(c)(1) of rule XXII.

(6) Each day during the period addressed by paragraph (1) shall not constitute a legislative day for purposes of clause 7 of rule XV.

(b) It shall be in order at any time through the legislative day of January 28, 2021, for the Speaker to entertain motions that the House suspend the rules as though under clause 1 of rule XV. The Speaker or her designee shall consult with the Minority Leader or his designee on the designation of any matter for consideration pursuant to this subsection.

(c) The requirement of clause 6(a) of rule XIII for a two-thirds vote to consider a report from the Committee on Rules on the same day it is presented to the House is waived

42

with respect to any resolution reported through the legislative day of January 28, 2021.

Attest:

*Clerk.*