UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 21-cr-670 |
| v. : | |
| : | |
| STEPHEN K. BANNON, : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
NOTICE UNDER FEDERAL RULE OF PROCEDURE 12.3**

The Defendant has filed a Notice, pursuant to Federal Rule of Criminal Procedure 12.3, stating that he intends to assert at trial that his refusal to comply with the subpoena for testimony and documents issued by the Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") was an exercise of public authority. *See* ECF No. 55. The Defendant further noticed his intent to assert that he was entrapped into defying the subpoena by Department of Justice opinions and writings. *See id.* The Notice is deficient and neither defense is available to excuse his contempt of Congress.

First, pursuant to Federal Rule of Criminal Procedure 12.3(3), the Government denies that the Defendant exercised public authority when he defaulted on the Select Committee's subpoena. The Defendant was not directed by a law enforcement agent to engage in total noncompliance. *See, e.g.*, *United States v. Fulcher*, 250 F.3d 244, 253-54 (4th Cir. 2001) ("The public authority defense allows 'the defendant [to] seek[ ] exoneration based on the fact that he reasonably relied'" on the "actual authority of a government official to engage him in a covert activity." (citations omitted)). The only communication the Defendant had with any Executive Branch official was an unsolicited letter from the White House Counsel's Office that explicitly advised him that the President had decided not to assert executive privilege over the Defendant's deposition testimony

or any responsive documents in his possession.  *See* ECF No. 52-1 (October 18, 2021, letter from White House Deputy Counsel to Robert J. Costello stating that the President had determined "that an assertion of executive privilege is not justified" with respect to "certain subjects within the purview of the Select Committee" and that the decision applied to the Defendant's "deposition testimony and to any documents" he possessed).  As explained in the United States' Motion in Limine to Exclude Evidence of Department of Justice Opinions and Writings, *see* ECF No. 52 at 14-19, and as will be elaborated in the Government's forthcoming opposition to the Defendant's Motion to Dismiss Case, ECF No. 58, having received no direction from law enforcement to engage in default, a public-authority defense is unavailable to the Defendant and any evidence or argument the Defendant proposes in furtherance of that defense should be excluded.

Second, the Defendant's Notice is deficient because it fails to identify "the [law enforcement] agency member on whose behalf [he] claims to have acted."  Fed. R. Crim. P. 12.3(2)(B); *see also United States v. Abcasis*, 785 F. Supp. 1113, 1117 (E.D.N.Y. 1992) (explaining "that the government has a strong interest in being apprised of a claimed authorization defense" because "it is possible for Defendants, in the closing moments of trial, to offer testimony that a particular law enforcement officer authorized their acts" and, "[i]n the absence of notice, the government might have difficulty rebutting that testimony").  The Defendant's Notice asserts that he defaulted on the subpoena under the authority of former President Donald J. Trump and the Department of Justice.  *See* ECF No. 55 at 1.  But the former President was not a government official at the time of the Defendant's default, and the Defendant fails to identify any Department of Justice official with whom he consulted on his decision to default, much less one who authorized him to do so.

2

The Defendant also noticed his intent to mount an entrapment-by-estoppel defense. That defense is distinct from a public-authority defense, *see United States v. Chrestman*, 525 F. Supp. 3d 14, 29–30 (D.D.C. 2021) (explaining that the entrapment-by-estoppel defense "arises when an individual criminally prosecuted for an offense reasonably relied on statements made by a government official charged with 'interpreting, administering, or enforcing the law defining the offense' and those statements actively misled the individual to believe that his or her conduct was legal"), and not subject to Rule 12.3. Like the public-authority defense, however, as explained in the United States' Motion in Limine to Exclude Evidence of Department of Justice Opinions and Writings, *see* ECF No. 52 at 8-12, and as will be elaborated in the Government's forthcoming opposition to the Defendant's Motion to Dismiss Case, ECF No. 58, the Government never sanctioned the Defendant's default and an entrapment-by-estoppel defense is unavailable.

The Defendant's Notice of his claimed public-authority defense is deficient, and there is nothing that can be done to rectify it because the Defendant's decision to default was not an exercise of public authority or the product of entrapment—the decision was his own. Neither defense is available to excuse his contempt of Congress.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    */s/ Amanda R. Vaughn*
        J.P. Cooney (D.C. 494026)
        Molly Gaston (VA 78506)
        Amanda R. Vaughn (MD)
        Assistant United States Attorneys
        United States Attorney's Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-1793 (Vaughn)
        amanda.vaughn@usdoj.gov