IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Criminal No. 21-670 (CJN) |
| v. | : |
| STEPHEN K. BANNON, | : |
| *Defendant*. | : |

**OPPOSITION TO THE GOVERNMENT'S
MOTION *IN LIMINE* BASED ON WAIVER**

Defendant Stephen K. Bannon, through his undersigned counsel, respectfully requests that this Court deny the United States' Motion *In Limine* To Exclude Evidence Relating To Objections To Subpoena That Defendant Waived [Doc. 53], for the reasons set forth below.

**Summary of Argument**

The Government has the burden at trial of proving beyond a doubt every element of the crime charged. Criminal Jury Instructions for the District of Columbia ("Redbook"), No. 2.107 (5th ed. 2021). This burden never shifts to the accused. *Id*. Among other things, the Government must prove, as an element of the offense, that Mr. Bannon was "summoned as a witness by the authority of either House of Congress." 2 U.S.C. § 192. In addition, the Government must prove that Mr. Bannon "willfully ma[de] default." *Id*. The evidence that the Government seeks to exclude by this motion bears directly on those elements. Specifically, the Government does not want the jury to hear that:

- The Select Committee has no "ranking minority member," such that the House grant of deposition authority to the Select Committee – which precluded the issuance of subpoenas unless there was consultation with the ranking minority member – was violated;[1]

- Select Committee rules did not allow the attendance at deposition of counsel for President Donald J. Trump to protect executive privilege, rendering the subpoena "legally invalid and . . . not subject to civil or criminal enforcement";[2] and

- The Select Committee did not follow the House grant of authority that provided that "[a] witness shall not be required to testify unless the witness has been provided with a copy of Section 3(b) of H. Res. 8, 117th Congress, and these regulations."[3]

Mr. Bannon has a constitutional due process right to present evidence that tends to negate his guilt as to any element of the offenses charge. Whether or not an objection was raised before the Select Committee makes no difference to whether Mr. Bannon can present evidence to a jury that bears upon an element of the offense. A defendant cannot be held to have waived – even by silence – the due process right requiring that the Government establish every fact necessary to prove the crimes charged. *See In re Winship*, 397 U.S. 358, 364 (1970) (due process requires proof beyond a reasonable doubt of every fact necessary to constitute the crimes charged); *United States v. Powell*, 449 F.2d 994, 996-97 (D.C. Cir. 1971) (jury charge should state that each element of the crimes charged must be proved beyond a reasonable doubt). Mr. Bannon must be afforded the opportunity to present the evidence at trial so that the jury can weigh all facts that bear on the charges. This is essential to a fair trial.

---

[1] *See* H. Res. 503, § (c)(6)(A) ("The chair of the Select Committee, upon consultation with the ranking minority member, may order the taking of depositions, including pursuant to subpoena, by a Member or counsel of the Select Committee, in the same manner as a standing committee pursuant to section 3(b)(1) of House Resolution 8, One Hundred Seventeenth Congress."); Government argument seeking exclusion at [Doc. 53 at 6–7].

[2] *Attempted Exclusion of Agency Counsel from Congressional Depositions of Agency Employees*, 2019 WL 2563045 (O.L.C.) at *1 (May 23, 2019) ("Congressional subpoenas that purport to require agency employees to appear without agency counsel are legally invalid and are not subject to civil or criminal enforcement."); Government argument seeking exclusion at [Doc. 53 at 7–8].

[3] 117th Congress Regulations For Use Of Deposition Authority (Cong. Rec. H41 (Jan. 4, 2021)); Government argument seeking exclusion at [Doc. 53 at 8–9].

## ARGUMENT

### A. Mr. Bannon Has Not Waived His Right to Due Process.

Federal courts have "the duty to accord a person prosecuted for [alleged violations of 2 § 192] every safeguard which the law accords in all other criminal cases." *Russell v. United States*, 369 U.S. 749, 755 (1962). The Government is held to the same exacting standards in criminal contempt of Congress cases, as in other criminal cases, "to assure that the congressional investigative power, when enforced by penal sanctions, would not be abused." *Gojack v. United States*, 384 U.S. 702, 707 (1966). The Supreme Court has noted that fairness to a congressional witness is a paramount concern. *Watkins v. United States*, 354 U.S. 178, 209 (1957) (explaining that advance knowledge of the pertinency of the area of questioning "must be available with the same degree of explicitness and clarity that the Due Process Clause requires in the expression of any element of a criminal offense"); *id.* at 215 (explaining that where Congress uses compulsory process, there is a need for protective procedures "which provide the constitutional requisites of fairness for witnesses"). In any subsequent criminal prosecution, "it is clear as a matter of law that the usual standards of criminal law must be observed, including proper allegation and proof of all the essential elements of the offense." *Gojack, supra*, 384 U.S. at 707.

If a committee subpoena exceeds the authority granted by the full House, it is invalid and unenforceable, and no criminal conviction can follow. Section 192 requires, as an element of the offense which the Government must prove beyond a reasonable doubt, that Mr. Bannon was "summoned as a witness by the *authority* of either House of Congress." 2 U.S.C. § 192 (emphasis added). The Supreme Court has consistently found that an accused may not be convicted of a Section 192 violation where a congressional committee has exceeded its authority. *See Yellin v. United States,* 374 U.S. 109 (1963) (Section 192 conviction reversed where committee did not follow rules regarding executive session); *Gojack, supra*, 384 U.S. at 716 ("The legislative history

3

of § 192 makes plain that a clear chain of authority from the House to the questioning body is an essential element of the offense."); *see generally Christoffel v. United States*, 338 U.S. 84, 85-90 (1949) (perjury conviction reversed where committee did not follow rules regarding quorum).

Mr. Bannon at no point waived any right available to him. He, and other Select Committee witnesses, have enforceable rights that flow from the limited grant of deposition authority from the full House to the Select Committee, as set forth in its authorizing resolution and the House rules incorporated therein. These rights are grounded in the due process clause of the Constitution. Contrary to the Government's argument, constitutionally based rights cannot be waived by silence. Our criminal justice system does not take lightly the waiver of a criminal defendant's rights. The time-honored rule is that a valid waiver requires the "intentional relinquishment or abandonment of a known right or privilege," *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), which in a later formulation involves that a waiver be "knowing and voluntary." *Brady v. United States*, 397 U.S. 742, 748 (1970).

### B. The Caselaw Relied Upon By The Government Is Inapposite.

The Government contends that a congressional witness who does not raise an objection at the committee level cannot assert that objection at a criminal trial for contempt of Congress, citing *United States v. Bryan*, 339 U.S. 323 (1950) and *Hutcheson v. United States*, 369 U.S. 599 (1962). *See* [Doc. 53 at 4–5]. That sweeping assertion is incorrect. As set forth above, due process requires that a criminal defendant be permitted to offer evidence that tends to negate any element of the offense charged. But beyond that, the cases upon which the Government relies are inapplicable.

In *Bryan*, the accused appealed her conviction under 2 U.S.C. § 192 for failing to produce documents in response to a subpoena issued by the House Committee on Un-American Activities.

4

She argued that the lack of a quorum of that committee at the time of her appearance required reversal. The Supreme Court found that "whether or not a quorum was present at any time is not clear from the record." *Bryan*, *supra*, 339 U.S. at 333. The *Bryan* Court also found that "appearance before a committee is not an essential element of the offense." *Id*. at 329. Based upon that, the Court held "that the Government is not required to prove that a quorum of the Committee was present when the default occurred, and that under the circumstances disclosed by this record a defense of lack of a quorum was not open to [Bryan]." *Id*. at 335. This case presents a completely difference circumstance, where Mr. Bannon seeks to offer evidence that goes directly to an element of the offense – the element that requires the Government to prove that he was "summoned as a witness by the authority of either House of Congress." 2 U.S.C. § 192.

The other case chiefly relied upon by the Government is also unavailing, as it does not involve what evidence may be presented at trial. In *Hutcheson*, the accused was convicted after a bench trial of violating 2 U.S.C. § 192, and the court of appeals affirmed, without opinion. 369 U.S at 599. The accused refused to answer certain questions put to him by the McClellan Committee. The Supreme Court noted that "[n]o claim of the Fifth Amendment privilege against self-incrimination was made at any stage." *Id*. at 605. On appeal, the accused asked the Supreme Court to over-rule its then-controlling precedent which held that "possible self-incrimination under state law is not a ground for refusing to answer questions in a federal inquiry." *Id*. at 608. The Court declined to consider that position, and instead found that "petitioner never having claimed the Fifth Amendment privilege before the Committee, this aspect of his due process challenge is not open to him now." *Id*. at 608-09. *Hutcheson* is silent on what evidence the accused might have presented at the trial level. The case does not stand for a sweeping rule of forfeiture. Instead, it is limited to a factual situation where an accused asked the Supreme Court to overturn

its precedent, and the Court declined to do so given that the accused had not raised the argument advanced on appeal "at any stage." *Id*. at 606.

The more recent Supreme Court authority cited by the Government, *Yellin v. United States*, 374 U.S. 109 (1963), controls here and compels the result that a criminal defendant must be allowed to present evidence to the fact-finder of a committee's departure from rules that govern its authority. The *Yellin* Court held that procedural objections are not forfeited by failure to make them clear to a congressional committee. *374* U.S. at 122-23. The Court held that whether or not procedural objections are clearly communicated to a committee, they are not forfeited. The accused should be able to present the evidence and be acquitted at trial if the defense is proved. Even if the accused is wrong, he nonetheless must be accorded the opportunity to "submit the correctness of his belief to a court of law." *Id*. at 123.[4]

### C. There Can Be No Forfeiture Where The Evidence Bears On An Element Of The Offense.

The evidence at issue in the Government's motion to exclude bears not only on the "authority" element of the statute, but also on the intent element of Section 192. The statute provides as follows:

> Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce appears upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House or Congress, *willfully makes default*, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months.

2 U.S.C. § 192 (emphasis added).

---

[4] *See also Liveright v. United States*, 347 F.2d 473, 474-76 (D.C. Cir. 1965) (no forfeiture of rights where at the time of committee appearance the witness was unaware of procedural defects).

Section 192, "like the ordinary federal criminal statute, requires a criminal intent – in this instance, a deliberate, intentional refusal to answer." *Quinn v. United States*, 349 U.S. 155, 165 (1955).[5] "This element of the offense, like any other, must be proved beyond a reasonable doubt." *Id.* at 675. Section 192 requires a "culpable state of mind." *Bryan, supra*, 524 U.S. at 191. Mr. Bannon deserves wide latitude to offer evidence that bears on his intent. *See Yellin*, *supra*, 374 U.S. at 123 (accused "would at least be entitled to submit the correctness of his belief to a court of law").

The Government argues that Mr. Bannon had an obligation to notify the Select Committee that it lacked a "ranking minority member,"[6] had a deposition rule involving outside counsel that made the subpoena unenforceable and failed to comply with the House Rules on providing deposition witnesses certain critical information. [Doc. 53]. That is not the obligation of a potential deponent. The Government cannot seriously contend that if only Mr. Bannon had notified the Select Committee that it lacked a "ranking minority member," then they would have rushed right out to get one. In fact, because all members were appointed by Speaker Pelosi, the task was impossible.

Nor can the Government seriously contend that the Select Committee was not put on notice of the defect in its outside counsel rules. On October 12, 2021, Mr. Costello spoke with Sean Tonolli, Senior Investigative Counsel for the Select Committee, and specifically discussed with him the Select Committee rule that would preclude attendance at the hearing by counsel for President Donald J. Trump. [US-000973]. Mr. Bannon had no obligation to try to persuade the

---

[5] We maintain the position set forth in several filings (but not restated here) that *Licavoli* does not accurately set forth the intent element of Section 192.

[6] An ironic position considering that they failed to deliver Section 3(b) which discusses the need to have a "ranking minority member" and the failure of such delivery means that the prospective witness does not have to appear pursuant to paragraph 11 of the deposition rules of the House.

7

Select Committee to change its rules. *See*, *e.g.*, *United States v. Bart*, 349 U.S. 219, 220-22 (1955) (where a witness has put the committee on notice of a potential objection and has not received a clear-cut ruling, there is insufficient evidence of the requisite criminal intent to violate Section 192); *Quinn*, *supra*, 349 U.S. at 164 ("As everyone agrees, no ritualistic formula is necessary in order to invoke [a] privilege.").

Finally, Mr. Bannon had no obligation to sift through the multitude of rules provided to him with the subpoena to ascertain that the Select Committee had misled him as to what was contained therein. A key House regulation on the use of deposition authority requires that "[a] witness shall not be required to testify unless the witness has been provided with a copy of section 3(b) of H. Res. 8, 117th Congress and these regulations."[7] That regulation includes no exceptions. It has no escape-clause, whereby a witness has forfeited rights by not demanding that a committee provide all of the materials described in that regulation. In serving the subpoena on Mr. Bannon via Mr. Costello, Select Committee Chief Counsel and Deputy Staff Director Kristin Amerling provided 10 pages of detailed and arcane instructions, including the subpoena and its definitions. [US-00001-00010]. The cover letter, signed by Chairman Thompson, misleadingly stated that *"[a] copy of the rules governing Select Committee depositions*" was attached. [US-00001] (emphasis added). Despite this misleading statement, the Select Committee did *not* provide the specific materials required by the House deposition regulations.  Doug Letter, General Counsel of the House of Representatives, confirmed that the Select Committee did not provide the required materials to Mr. Bannon. *See* [US-000248] ("A copy of Section 3(b) was not provided to COSTELLO with the subpoena.").

---

[7] 117th Congress Regulations For Use Of Deposition Authority (Cong. Rec. H41 (Jan. 4, 2021)).

In short, the Select Committee failed to give Mr. Bannon a copy of the regulations as required. The Select Committee misled him about that in official correspondence. Given these circumstances, the Government cannot argue that Mr. Bannon somehow forfeited his right to present evidence on this matter, which bears directly on the element of intent. *See Yellin*, *supra*, 374 U.S. at 123 ("[W]hen the Committee's practice leads witnesses to misplaced reliance upon its rules …, the witness' reasonable expectation is that the Committee actually does what it purports to do, adhere to its own rules. To foreclose a defense based upon those rules, simply because the witness was deceived by the Committee's appearance of regularity, is not fair.").

## **CONCLUSION**

WHEREFORE, Defendant Stephen K. Bannon respectfully requests that this Court deny the United States' Motion *In Limine* To Exclude Evidence Relating To Objections To Subpoena That Defendant Waived, for the reasons set forth above, together with any offered at a hearing on the motion.

*(Signature block on next page)*

Dated: May 6, 2022                 Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
400 E. Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com


   /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com


   /s/ Robert J. Costello
Robert J. Costello (*pro hac vice*)
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com

*Counsel for Defendant Stephen K. Bannon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2022, a copy of the foregoing Opposition to Government's Motion *In Limine* Based on Waiver was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

                                                                          /s/ M. Evan Corcoran
                                                                          M. Evan Corcoran (D.C. Bar No. 440027)