IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal No. 21-670 (CJN) |
| | : | |
| v. | : | |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

**OPPOSITION TO THE GOVERNMENT'S
MOTION TO EXCLUDE PRIOR SUBPOENA EVIDENCE**

Defendant Stephen K. Bannon ("Mr. Bannon"), through undersigned counsel, respectfully requests that this Court deny the United States' Motion In Limine To Exclude Evidence Of The Defendant's Prior Experience With Subpoenas [Doc. 54].[1] In support of our opposition, we state as follows:

**Summary of Argument**

The Government must prove beyond a reasonable doubt, as an essential element of the offenses charged, that Mr. Bannon "willfully made default."[2] A key issue for the jury will be to determine Mr. Bannon's intent. This will require the jury to assess the evidence presented at trial. It is vexing that the Government does not want the jury to hear what really happened. The jury will be asked to determine guilt or innocence, a determination that affects Mr. Bannon's liberty.

---

[1] The Government's motion seeks to exclude prior instances where Mr. Bannon testified in connection with an investigation by Special Counsel Robert S. Mueller, III, as well as before House and Senate Permanent Select Committees on Intelligence. [Doc. 54 at 2].

[2] The Indictment charges Mr. Bannon with two counts of contempt of Congress, in violation of 2 U.S.C. § 192, based on his alleged non-compliance with a September 23, 2021, subpoena issued by the Select Committee to Investigate the January 6th Attack on the United States Capital ("Select Committee"). [Doc. 1]. Count One pertains to testimony, while Count Two pertains to documents. [Doc. 1 at ¶¶ 23, 25].

Jurors draw from their own life experiences when evaluating evidence.[3] In the same way, Mr. Bannon's life experience informed his thinking and his actions upon receipt of the Select Committee subpoena. The jury must be allowed to hear about Mr. Bannon's life experiences that shaped his thinking, and in turn his actions. The Government's arguments that this intent evidence is not relevant, or even if relevant that it is confusing and complicated, are meritless and should be rejected. We have faith that the jurors can assess this evidence and give it the weight it is entitled, in accordance with the instructions on the law provided by this Court.

## ARGUMENT

As a threshold matter, the Government mischaracterizes this evidence. It will not be offered as character evidence (so Fed. R. Evid. 404(b) and 405 do not apply). It will not be offered to prove predisposition.[4] On the contrary, the evidence goes to intent, not character or predisposition. The test for admission will be Fed. R. Evid. 401 (relevance) and Fed. R. Evid. 403 (probative value outweighed by prejudice). The Government uses a simplistic example: "the fact that a person did not rob a bank on one day is irrelevant to determining whether he robbed a bank on another." [Doc. 54 at 4-5]. The example does not apply here.[5] As with all evidence, the question is *why* it is being introduced. The defense will not argue at trial that because Mr. Bannon testified before, his character is such that he is a testifier. The defense will not argue at trial that because Mr. Bannon testified on prior occasions, the jury should find that he acted *in conformity with* those prior actions when he responded to the Select Committee subpoena. Instead, the evidence reflects Mr. Bannon's

---

[3] *See*, *e.g.*, Standard Jury Instruction for the District of Columbia, Instruct. 2.200 Credibility Of Witnesses ("You may consider anything that in your judgment affects the credibility of any witness.").

[4] They Government mistakenly argues that "[t]he only conceivable argument [Mr. Bannon] could make to the jury from such evidence is that he is not predisposed to be contemptuous." [Doc. 54 at 3].

[5] A prosecutor may well be able to introduce evidence of prior bank entry to prove a bank robbery if used for a proper purpose – such as intent, opportunity, motive, or identity. For instance, the prior entry may tend to show that the accused was casing the bank for a future robbery.

life experience that informed his thinking – his intent – upon receipt of the Select Committee subpoena. Such intent evidence is admissible. It will be a key trial issue.[6]

Intent is routinely proved based upon surrounding circumstances, as well as the acts and statements of the accused. The standard jury instruction acknowledges this and gives the jury guidance on how to consider such evidence, as follows:

> **Instruction 3.101 PROOF OF STATE OF MIND**
>
> Someone's [intent] [knowledge] [insert other appropriate state of mind] ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's [intent] [knowledge] [other appropriate state of mind] from the surrounding circumstances. You may consider any statement made or acts [done] [omitted] by [name of the defendant], and all other facts and circumstances received in evidence which indicate his/her [intent] [knowledge] [other appropriate state of mind].
>
> [You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts s/he intentionally did or intentionally did not do.] It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that [name of the defendant] acted with the necessary state of mind.

Criminal Jury Instructions for the District of Columbia ("Redbook"), No. 3.101 (5th ed. 2021). Thus, the jury can infer Mr. Bannon's intent from the surrounding circumstances, as well as his statements and acts.

It is the Government's burden to establish that Mr. Bannon "willfully made default." As explained below, evidence that Mr. Bannon previously testified – after an accommodation was

---

[6] Importantly, Mr. Bannon demonstrated his willingness to work with the Select Committee to reach an agreement on accommodations that would have resulted in a different response to the Select Committee subpoena. The three reasonable accommodations sought, which were rejected or ignored by the Select Committee, included: (1) having the Select Committee and President Donald J. Trump reach an accommodation on executive privilege issues; (2) letting a court decide the executive privilege issues; and (3) allowing a one-week extension so that the parties could assess the implications of the complaint filed in *Trump v. Thompson*, 20 F.4th 10 (D.C. 2021), which was argued on November 30, 2021, released on December 9, 2021, and involved an assertion of the executive privilege over Presidential records sought by the Select Committee.

3

reached between the entity seeking testimony and former President Donald J. Trump on the issue of executive privilege – is admissible because it negates an element of 2 U.S.C. § 192. We do not agree with the Government that a jury, properly instructed, is incapable of considering this evidence without prejudice or confusion.

### A. **The Evidence Is Directly Relevant To An Element Of The Offense.**

The standard for admission of relevant evidence is low. Evidence is relevant if "it has *any* tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The evidence standing alone need not resolve the case. *See* Fed. R. Evid. 401, Advisory Committee's Note to 1972 proposed rule ("A brick is not a wall.") (quoting McCormick § 152, p. 317); *see also Bourjaily v. United States*, 483 U.S. 171, 179-180 (1987) ("[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts."). In a criminal case, any fact that tends to prove or disprove an element of the offense is of consequence in determining the action.

Mr. Bannon's prior experience testifying before investigative bodies – which involved accommodations on executive privilege – tends to negate his guilt by showing that he lacked the criminal intent required to prove a violation of 2 U.S.C. § 192. The statute provides as follows:

> Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, *willfully makes default*, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor . . . .

2 U.S.C. § 192 (emphasis added).

We have previously briefed our position on the intent element of Section 192, [Doc. 30 & Doc. 41], and note that a well-respected and long-time chief of the Public Corruption Section, U.S. Attorney's Office for the District of Columbia, recognizes the justice in our position. *See* Randall Eliason, *Steve Bannon, Contempt, and Advice of Counsel*, SIDEBARS (Apr. 18, 2022), https://sidebarsblog.com/steve-bannon-contempt-advice-counsel/. We preserve those arguments, but do not restate them here. Even under the outdated standards of *Licavoli*, the Government must prove that Mr. Bannon had a "deliberate intention not to appear." *Licavoli v. United States*, 294 F.2d 207, 208 (D.C. Cir. 1961).

The evidence identified in the Government's motion has a tendency to make it less probable that Mr. Bannon had a "deliberate intention not to appear." *See* Fed. R. Evid. 401. Evidence that Mr. Bannon was previously summoned to appear for testimony, and testified after an accommodation was reached involving executive privilege issues, directly bears on his state of mind and intent upon receipt of the Special Committee subpoena. If Mr. Bannon believed that the executive privilege issues would be resolved through accommodation, then this "tends" to negate Mr. Bannon's guilt by showing that he did not have a "deliberate intention not to appear." *Licavoli*, 294 F.2d at 208.[7]

There is no question that the evidence is probative. Nor is there a legitimate issue of prejudice. Prejudice occurs when evidence by its nature could be considered by the jury for an improper purpose. There is little risk of that here, as the evidence bears directly on the critical issue

---

[7] The authority relied upon by the Government is inapposite, as it involves instances where an accused sought to introduce character evidence, not evidence bearing upon an element of the offense charged. *See*, *e.g.*, *United States v. Washington,* 106 F.3d 983 (D.C. Cir. 1997) (previous awards did not bear on corruption charges); *United States v. Dimora*, 750 F.3d 619 (2014) (constituent service did not bear on bribery charges); *United States v. Ellisor*, 522 F.3d 1255 (11th Cir. 2008) (general good conduct not admissible to negate intent); *United States v. Marrero,* 904 F.2d 251 (5th Cir. 1990) (character evidence not admitted).

of intent. The Government's arguments that the evidence would occasion a "trial-within-a-trial" and cause jury "confusion" are unfounded. [Doc. 54 at 5].

Under Federal Rule of Evidence 403, a court may "exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). Thus, Rule 403 "establishes a high barrier to justify the exclusion of relevant evidence, by requiring that its probative value must be 'substantially' outweighed by considerations such as 'unfair' prejudice." *United States v. Roberson*, No. CR 21-102 (JDB), 2022 WL 35643, at *3 (D.C Cir. Jan. 4, 2022) (citation omitted).

Accordingly, when performing the Rule 403 balancing test, a district court may only find relevant evidence inadmissible "upon a showing that it presents a risk of 'unfair prejudice,' *i.e.,* prejudice that is 'compelling or unique,' or has 'an undue tendency to suggest decision on an improper basis.'" *United States v. Hutchings*, No. 19-361 (BAH), 2021 WL 4589850, *3 (D.C. Cir. Oct. 6, 2021) (citing *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995)); *see also United States v. Orenuga*, 430 F.3d 1158, 1165 (D.C. 2005) ("The gravamen of unfair prejudice is 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'") (citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). "[T]he balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.'" *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 44 (D.C. Cir. 2016) (citing *United States v. Cassell*, 292 F.3d 788, 795 (D.C. Cir. 2002)).

Since the evidence directly bears on intent, there is no basis to exclude it here. The Government's purported concern about a protracted trial-within-a-trial is misplaced, as the

evidence can be presented concisely and efficiently of the evidence. With proper instruction, there is no reason to believe that the jury will have difficulty weighing how the evidence bears on the issues in this case. [*See* Doc. 54 at 5]. Such factual evaluations and comparisons are precisely what juries are entrusted to do in criminal trials. *See United States v. Ayeni*, 374 F.3d 1313, 1320 (D.C. Cir. 2004) (emphasizing that the jury's role as fact-finder is "central to our jurisprudence"). Moreover, given the direct relevance of the contested evidence to Mr. Bannon's intent, which is an essential element of the charges, the small amount of additional time that will add to the trial by the presentation of that evidence is not a sufficient reason to exclude it. Mr. Bannon, after all, has a fundamental due process right to present a defense by offering his version of the facts to the jury. *See Washington v. Texas*, 388 U.S. 14, 19 (1967). Finally, the neutral nature of the evidence means that it poses no danger of injecting the type of prejudice into the trial that Rule 403 aims to prevent.[8] *See Orenuga*, *supra*, 430 F.3d at 1165. Accordingly, Mr. Bannon respectfully requests that this Court deny the Government's Motion in Limine.

### B. While Not Rule 404(b) Evidence, It Is Admissible Even Under That Rule.

Federal Rule of Evidence 404(b) applies where evidence of other acts is offered to "prove character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with it." Fed. R. Evid. 404(b), Advisory Committee's note to 1972 proposed rule. As described above, that is not the purpose for the introduction of the evidence in this case. Nonetheless, even if viewed in light of Rule 404(b), the evidence would be admissible. As the Supreme Court has held, "[e]xtrinsic acts evidence may be critical to the establishment of the truth

---

[8] The jury can be instructed as to the proper use of the evidence with an instruction. *See United States v. Williams*, 507 F. Supp. 3d 181, 193 (D.D.C. 2020) ("The best way of ensuring that any risk of prejudicial effect is minimized is not by exclusion, but by issuing a limiting instruction to the jury."); *United States v. Bell*, 795 F.3d 88, 100 (D.C. Cir. 2015) (noting that "limiting instructions" serve "to mitigate the danger of undue prejudice or improper inferences"); *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir 2007) (holding that the district court properly addressed any possible unfair prejudice when it "carefully instructed the jury on the proper use of the Rule 404(b) evidence both on the morning after introduction of the evidence and in its final charge to the jury").

as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). Fed. R. Evid. 404(b) does not allow the introduction of evidence of other crimes, wrongs, or acts to show propensity, or in the words of the Rule, "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character trait." Fed. R. Evid. 404(b). But the Rule allows for the admission of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Rule 404(b) is most often used by prosecutors. But defendants can avail themselves of it too. *See*, *e.g.*, *United States v. Edwards*, 901 F. Supp. 2d 12, 16 (D.D.C. 2012) (citing *United States v. Alayeto*, 628 F.3d 917, 921 (7th Cir. 2010)).

Courts analyze "other acts" evidence under a more relaxed standard when a defendant offers that evidence. The prohibition on propensity evidence is "based on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds." *United States v. Williams*, 507 F. Supp. 3d 181, 189 (D.D.C. 2020). But this concern does not apply to "other acts" evidence offered by the defendant. *See Edwards*, *supra*, 901 F. Supp. 2d at 16. The primary question whether to admit evidence offered by a defendant under Rule 404(b) is whether the evidence "tends, along or with other evidence, to negate the defendant's guilt of the crime charged against the defendant."[9] *Id.* (quoting *Alayeto*, 628 F.3d at 921) (brackets omitted); *see also United States v. Young*, No. 12-CR-00042 (BAH), 2013 WL 12430555, at *6 (D.C. Cir. Apr. 22, 2013). If the evidence satisfies

---

[9] "The D.C. Circuit has not directly addressed the admissibility of reverse 404(b) evidence." *Edwards*, *supra*, 901 F. Supp. at 16.

this test and complies with other applicable rules of evidence (*e.g.*, relevancy, hearsay, and probative verse prejudicial balancing), it will be admitted. *See id.* Thus, even if the Court disagrees with the defense and views this as Rule 404(b) evidence – which it is not – the evidence should be admitted at trial.

## **CONCLUSION**

WHEREFORE, Defendant Stephen K. Bannon respectfully requests that this Court deny United States' Motion in Limine To Exclude Evidence Of The Defendant's Prior Experience With Subpoenas, for the reasons set forth above, together with any offered if there is a hearing on the motion.

*(Signature block on next page)*

Dated: May 6, 2022                                  Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

　　/s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
400 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com


　　/s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com


　　/s/ Robert J. Costello
Robert J. Costello (*pro hac vice*)
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com

*Counsel for Defendant Stephen K. Bannon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of May 2022, a copy of the foregoing Opposition To The Government's Motion To Exclude Prior Subpoena Evidence was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

                                               /s/ M. Evan Corcoran
                                             M. Evan Corcoran (D.C. Bar No. 440027)