**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-670** |
| v. | : | |
| | : | |
| **STEPHEN K. BANNON,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S**
**MOTION TO EXCLUDE EVIDENCE**

The Defendant moves to exclude various categories of evidence collected during the investigation of his contempt—toll records of his attorney, Robert Costello; email records belonging to an individual the Defendant has previously claimed has no relation to his attorney; statements Mr. Costello made to the Government; documents the Defendant voluntarily produced to the Government through Mr. Costello; and any investigative leads derived from that information—on the ground that the information was collected through improper investigative steps that intruded the attorney-client relationship and constituted outrageous conduct in violation of the Fifth Amendment. ECF No. 56. The alleged facts and legal arguments underpinning this motion are virtually identical to the ones the Defendant leveled in his motion to dismiss. *Compare* Def.'s Mot. to Exclude Evidence, ECF No. 56 at 2-5, *with* Def.'s Mot. to Dismiss Indictment, ECF No. 59-1 at 48-51. Because the Defendant's misconduct allegations are false and he identifies no basis under the law to apply the exclusionary rule to any of the categories of evidence, the motion must be rejected.

**ARGUMENT**

The exclusion of evidence is an extraordinary remedy, and the Supreme Court has instructed that the use of that "supervisory power is applied with some caution even when the

defendant asserts a violation of his own rights." *United States v. Payner*, 447 U.S. 727, 734-35 (1980) (refusing to extend the exclusionary rule to suppress otherwise admissible evidence on the ground that it was seized from a third party in violation of the Fourth Amendment). "Because the [exclusionary] rule's social costs are considerable, suppression is warranted only where the rule's 'remedial objectives are thought most efficaciously served.'" *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 348 (2006) (quoting *United States v. Leon*, 468 U.S. 897, 908 (1984) (additional quotation marks and citation omitted); *see also Nardone v. United States*, 308 U.S. 338, 340 (1939) ("Any claim for the exclusion of evidence logically relevant in criminal prosecutions is heavily handicapped. It must be justified by an over-riding public policy expressed in the Constitution or the law of the land."). In the Fourth Amendment context, for example, "[t]he principal purpose of the exclusionary rule is the deterrence of unlawful police conduct, the theory being that such deterrence tends to foster obedience to the mandate of (sic) Fourth Amendment." *United States v. Mount*, 757 F.2d 1315, 1317 (D.C. 1985) (citing *United States v. Janis*, 428 U.S. 433, 446 (1976)).

Here, the Defendant sets forth no legal authority addressing whether and in what circumstances it would be appropriate to exclude evidence based on an alleged Fifth Amendment violation for outrageous government conduct in general or his allegations specifically. Instead, the Defendant cites the general standard for dismissing indictments based on outrageous government conduct relating to the attorney-client privilege, citing the same inapposite caselaw the Government addressed and distinguished in its opposition to the Defendant's dismissal motion, *see* ECF No. 65 at 43-44, and then asserts, baldly, that "[s]uppression of evidence is an appropriate remedy for a Fifth Amendment violation." ECF No. 56 at 4 (citing *United States v. Rogers*, 751 F.2d 1074, 1078 (9th Cir. 1985)). But the usual remedy for outrageous government conduct is "dismissal of the charges, rather than suppression of specific evidence." *United States v.*

*Bouchard*, 886 F. Supp. 111, 121 (D. Maine 1995).  And, even if outrageous conduct provides a basis for exclusion in certain circumstances, it is appropriate only "where the court can identify and isolate the evidence obtained in violation of the defendant's Fifth Amendment due process rights." *United States v. Marshank*, 777 F. Supp. 1507, 1522 (N.D. Cal. 1991).  The Defendant cites no authority supporting the extension of the exclusionary rule to the non-privileged toll and email records obtained and the voluntary information the Defendant provided to the Government during its investigation here.

As an initial matter, the Defendant has failed to demonstrate that the Government improperly obtained any of the evidence he seeks to exclude, let alone in violation of his rights. The Defendant first seeks exclusion of Mr. Costello's toll records and any information obtained pursuant to the 2703(d) Order for an email account that the Defendant has claimed does not relate to Mr. Costello.  ECF No. 56 at 1.  As detailed in the Government's pleadings in opposition to the Defendant's motions to compel and to dismiss, *see* ECF No. 31 at 10-15; ECF No. 36-1 at 2-5; ECF No. 65 at 42-43, the records were obtained through lawful grand jury subpoenas and an order issued pursuant to 18 U.S.C. § 2703(d), and none of the records are privileged.

The Defendant next seeks exclusion of Mr. Costello's statements to the Government during his November 3 and 8, 2021, interviews and of the documents he produced on November 4, before the case was indicted.  ECF No. 56 at 1.  But Mr. Costello's interviews and production of records were voluntary and unconditional.  *See* ECF No. 28-4 at US-001769; ECF No. 65-3 (sealed); ECF No. 65-4 (sealed).  Although the Defendant claims Mr. Costello was tricked into cooperating with the Government, he is unable to allege a single improper act undertaken by government agents to induce his cooperation.  The fact of the matter is that, as criminal subjects frequently do, the Defendant voluntarily disclosed documents and information to try and convince the Government

not to prosecute this case.  That the strategy failed is not a basis on which to accuse the Government of misconduct or to try to take back information he voluntarily produced.  Nor does the fact that the Defendant has chosen to retain the same attorney who was a witness to his crime in this case mean the prosecution somehow turned Mr. Costello into a witness—he already was.  For all the reasons explained in the Government's opposition to the Defendant's dismissal motion, ECF No. 40-45, the Government did not commit misconduct or otherwise intrude the attorney-client relationship between the Defendant and Mr. Costello by receiving the information Mr. Costello voluntarily provided.

Having failed to demonstrate that the Government obtained any information unlawfully, at bottom, the Defendant is asking the Court to extend the exclusionary rule to all legally obtained evidence that relates to an attorney and to voluntary productions of evidence from a subject in a criminal investigation whenever the subject later decides having done so harms his position.  The Defendant's efforts to extend the exclusionary rule in this way should be rejected.

In any event, the attorney-client privilege does not fall within the type of Constitutional and other federal rights that the Supreme Court has indicated the exclusionary rule should be used to protect with the force suggested by the Defendant here.  *See Sanchez-Llamas*, 548 U.S. at 348 ("We have applied the exclusionary rule primarily to deter constitutional violations.").  Even if it did and even if the Government had improperly obtained a privileged communication, the Defendant cites no authority for why all non-privileged material also would be subject to exclusion.  Instead, only the privileged communication would be subject to exclusion; and it would be inappropriate to apply the exclusionary rule to other categories of evidence.  *See United States v. Apodaca*, 287 F. Supp. 3d 21, 36 (D.D.C. 2017) (declining to suppress an entire wiretap where just seven files were improperly minimized because "total suppression is not appropriate unless

the moving party shows that there was a taint upon the investigation as a whole sufficient to warrant sweeping relief . . . and is reserved for the particularly horrendous case . . . where the government has made effectively no efforts towards minimization whatsoever" (internal quotation marks and citation omitted)).  Because the attorney-client privilege is applied narrowly, *see United States v. Singhal*, 800 F. Supp. 2d 1, 6 (D.D.C. 2011) (explaining that the privilege is applied narrowly because it "obstructs the search for truth" (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976))), the Court should decline the Defendant's apparent invitation to exclude lawfully obtained evidence to try and send a message about the privilege's importance—especially where no misconduct occurred in the first place.

Without any analysis, the Defendant cites just one case, *United States v. Rogers*, 751 F.2d 1074 (9th Cir. 1985), *see* ECF No. 56 at 4, that he did not cite in his motion to dismiss and which the Government has not already distinguished, to support his claim that exclusion is an appropriate remedy for outrageous government conduct.  *Rogers*, however, involved review of a district court's dismissal decision and not review of a suppression decision.  751 F.2d at 1078-80 (reversing dismissal where defendant failed to establish requisite prejudice and, in any event, government agent's conduct was not "patently" egregious where, in questioning defense counsel in investigation, he "openly talked with [defense counsel], identified himself as an IRS agent, [ ] stated the purpose of his investigation," and "employed no subterfuge to deprive [defense counsel] of the opportunity to decline to answer because of his ethical duty of confidentiality").  Although on remand the *Rogers* court left open the possibility that the district court could exclude evidence obtained from the attorney, there, the government agent interviewed the defendant's attorney twice without the defendant's knowledge, asked questions that elicited privileged communications, and suggested that the defense attorney may have been a criminal subject himself.  *Id.* at 1076-77.

Here, in contrast, the defendant was aware of Mr. Costello's interactions with the government, the Government did not elicit confidential communications, and at no time did the Government state or imply that Mr. Costello was in legal jeopardy.  The dicta in *Rogers* lends no support to the Defendant's position.

## **CONCLUSION**

The factual allegations underpinning the Defendant's motion to exclude evidence are false and there is no basis under the law to apply the exclusionary rule to any of the evidence he seeks to suppress.  The motion must be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Amanda R. Vaughn*
J.P. Cooney (D.C. 494026)
Molly Gaston (VA 78506)
Amanda R. Vaughn (MD)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1793 (Vaughn)
amanda.vaughn@usdoj.gov

6