IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal No. 21-670 (CJN) |
| v. | : | |
| STEPHEN K. BANNON, | : | |
| *Defendant*. | : | |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION TO EXCLUDE EVIDENCE**

Defendant Stephen K. Bannon, through his undersigned counsel, respectfully submits this Reply in support of his Motion To Exclude Evidence [Doc. 56], and states as follows:

The Government opposes the Defendant's Motion for two reasons. [Doc. 67]. First, the Government argues that *even if* Mr. Bannon's due process rights were violated – when the Government obtained his lawyer's telephone records via grand jury subpoena; his lawyer's email records pursuant to a court order; and additional records after a surreptitious FBI "interview" of his lawyer – *nonetheless* the exclusion of evidence obtained is not the preferred remedy. [*Id*. at 2-3]. Second, the Government contends that their efforts to obtain evidence in this case by targeting Mr. Bannon's lawyer constituted a run-of-the-mill investigative technique, such that no sanction is warranted. [*Id*. at 2-3]. Such reckless disregard for the sanctity of the attorney-client privilege should not be endorsed by this Court.

As to the first argument, we agree. Dismissal of the Indictment is preferred, and we have moved for dismissal on that ground. [Doc. 58 at 48-51]. In the event that this Court does not dismiss the Indictment, the exclusion at trial of evidence obtained through the Government's

over-reaching is warranted. As discussed below, it is well settled that this Court may exclude evidence where, as here, it was obtained after the Government violated a defendant's constitutional rights. The Government's second argument is troubling. They could have taken the high road by admitting their error and asking this Court for forgiveness. But even after a hearing on this issue, the Government maintains that – in a misdemeanor case – they are allowed to interfere with the attorney-client relationship and seek an attorney's telephone and email records, all while using good-faith declination discussions to surreptitiously "interview" the defendant's attorney to secure evidence against the defendant.

History teaches us that what is permitted will come to be expected. If no sanction is imposed for this gross abuse of power, then years from now the *Bannon* case will stand for the proposition that a federal prosecutor is just doing a thorough investigation when he or she: (a) seeks a grand jury subpoena for the attorney's phone records; (b) seeks a court order for the attorney's email records; and (c) surreptitiously "interviews" a defendant's attorney under the guise of participating in counsel discussions regarding a proposed declination, when all the while the prosecution was considering the lawyer a witness to a purported "crime" rather than an advocate on behalf of a client. What is permitted will come to be expected. We ask this Court to remind the U.S. Attorney's Office that it is not an ordinary party. To remind them that their mission is *not* to win at all costs. The Government's sole interest *should be* to see that justice is done.

Decades of jurisprudence hold that in order to effectuate the guarantees provided to criminal defendants under the U.S. Constitution, evidence obtained in violation of constitutional rights must be excluded from trial. Suppression of such evidence is an important tenet of our criminal justice system and ensures that our system prioritizes justice over a prosecutor's case stats. For example, when police conduct a custodial interrogation without first advising the suspect of their

constitutional rights, the suspect's statement cannot be used against them. *Miranda v. Arizona*, 384 U.S. 436 (1966). Similarly, where the government has obtained evidence after an unreasonable search and seizure, the evidence must be excluded from trial. *See Weeks v. United States*, 232 U.S. 383 (1914). Likewise, the Constitution protects the attorney-client relationship. Protecting the integrity of the attorney-client relationship is a justification for excluding evidence under the Fifth Amendment. Contrary to the Government's assertions, the law is clear that the right to effective assistance of counsel is guaranteed by the Sixth Amendment of the Constitution, and deliberate Governmental intrusions into the defendant's attorney-client relationship – as happened here – violate due process. *United States v. Hsia*, 81 F.Supp.2d 7, 19 (D.D.C. 2000); *U.S. v. Schell*, 775 F.2d 559 (4th Cir. 1985).

The Government's actions here to surreptitiously investigate Mr. Costello, and to try to make him appear to be a witness against Mr. Bannon, compromised Mr. Bannon's constitutional right to counsel. *See U.S. v. Irwin*, 612 F.2d 1182, 1187 (9th Cir. 1980) (prejudice to defendant can "result from the prosecution's use of confidential information pertaining to the defense plans and strategy, from government influence which destroys the defendant's confidence in his attorney and from other actions designed to give the prosecution an unfair advantage at trial."). In addition, courts have found that an accused's right to counsel is compromised where, as here, the prosecution tries to turn the lawyer into a witness against the accused. *See United States v. Marshank*, 777 F. Supp. 1507, 1524 (N.D. Cal. 1991); *U.S. v. Schell*, 775 F.2d 559, 565 (4th Cir. 1985) ("Without question, the client's right to a fair trial, secured by the due process clauses of the fifth and fourteenth amendments, is compromised under these circumstances.").

The Government has acknowledged that they viewed Mr. Bannon's attorney, Mr. Costello, as a witness. [Doc. 31 at 12-13] (Costello was "a witness to the Defendant's deliberate decision to

ignore the subpoena's requirements."). The Government further stated that Mr. Costello was a witness on the issue of whether Mr. Bannon was served with the Select Committee subpoena, see Hr'g Tr. 11:25-12:7, Mar. 16, 2022], a fact that has never been in dispute in this case, nor was it an issue raised in the two sessions that Mr. Costello participated in with these same prosecutors. As discussed in our other filings and at oral arguments on March 16, 2022 [Docs. 26 at 13-14; Hr'g Tr. 58:13-61:15], any fact that the Government hoped to prove through Mr. Costello could have been proved without serving a subpoena for his telephone records, obtaining a court order for his email records, or conducting a surreptitious "interview" of him. Thus, the Government's tactics in this case were wholly unnecessary and designed solely to interfere with Mr. Bannon's attorney-client relationship.

As a practical matter, if the Government is allowed to intrude into a defendant's attorney-client relationship every time they believe that defense counsel might have information relevant to a defendant's alleged criminal culpability, then the attorney-client privilege would be rendered meaningless. Here, the Government drove a wedge between Mr. Bannon and his attorney. Under similar circumstances, the *Marshank* court dismissed the indictment, noting that:

> The government's decision to use [Defense Counsel] and [Defense Counsel's] clients to develop a case against Stephen Marshank created a conflict of interest between [Defense Counsel] and Marshank. The government was aware of this conflict and took advantage of it. The government did nothing to alert the court or the defendant of the conflict of interest.

777 F. Supp. At 1519.

In addition, the Government seeks to excuse its actions here with regard to the § 2703(d) Order by stating that some of the records belong to an "individual the Defendant has previously claimed has no relation to his attorney." [Doc. 67 at 1,3]. But a near miss does not excuse them

4

from firing a bad shot. Instead, it merely demonstrates that the Government was so reckless in their pursuit of Mr. Costello's records that they subpoenaed the wrong email accounts.

While we agree with the Government that pre-indictment meetings between AUSAs and defense counsel are a common practice, it is highly irregular for the Government to surreptitiously turn these meetings into FBI interviews, complete with FBI 302 reports that make it appear as though the defense attorney agreed to give a witness interview without the consent of his client. The defense team – with many decades of collective white-collar defense experience – has never heard of that practice. To be sure, if the Government is allowed to employ this subterfuge, it would have a chilling effect on any such negotiations. In the future, no defense attorney would risk communicating with the prosecution for fear of being subjected to such intrusive tactics. Will this Court allow the *Bannon* case stand for the proposition that in negotiations, prosecutors can employ whatever tactics they wish, while defense attorneys must employ the adage *caveat emptor*?

That the Defense has moved for dismissal of the Indictment in a separate motion does not preclude it from moving, in the alternative, to exclude the illegally obtained evidence. However, if this Court finds, as the Government suggests it should, that dismissal of the Indictment is the appropriate remedy for a constitutional violation, the Defense will not complain. [*See* Doc. 67] at 2 ("But the usual remedy for outrageous government conduct is 'dismissal of the charges, rather than suppression of the evidence.'") (citing *United States v. Bouchard*, 886 F. Supp. 111,121 (D. Maine 1995).

WHEREFORE, for the reasons set forth in our filings, together with argument presented at the hearing on this Motion, Defendant Stephen K. Bannon respectfully requests that this Court grant the Motion To Exclude Evidence.

Dated: May 17, 2022

Respectfully submitted,
**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
400 East Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

   /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

   /s/ Robert J. Costello
Robert J. Costello (*Pro Hac Vic Pending*)
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May 2022, a copy of the foregoing Reply In Support Of Motion To Exclude Evidence was filed through the Court's CM/ECF system and served *via* electronic delivery on counsel of record.

   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)