**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CRIMINAL NO. 21-cr-670** |
| **v.** | **:** | |
| | **:** | |
| **STEPHEN K. BANNON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**UNITED STATES' REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE**
**EVIDENCE OF THE DEFENDANT'S PRIOR EXPERIENCE WITH SUBPOENAS**

The Defendant fails to meet his burden to establish the admissibility of his prior subpoena experience. He provides no details about what prior subpoena experience he wants to introduce, how he would present it at trial, or how the jury would be instructed to consider the evidence. He argues only that the evidence is relevant and admissible to negate his willfulness. He is wrong. As a matter of fact and law, the Defendant's prior subpoena experience bears no relevance to whether the Defendant's default was deliberate, the question the jury will be charged to decide. The Defendant's relevance and admissibility arguments are nothing short of an attempted end-run around the Federal Rules of Evidence's ban on propensity evidence and controlling precedent, including this Court's order, excluding defenses based on good faith. The Government's motion in limine should be granted.

**I.      THE DEFENDANT FAILS TO ADDRESS AND MEET HIS BURDEN TO ESTABLISH THE ADMISSIBILITY OF HIS PRIOR SUBPOENA EXPERIENCE.**

The Defendant bears the burden of establishing the admissibility of evidence he intends to present at trial. *See United States v. Zeese*, 437 F. Supp. 3d 86, 93 (D.D.C. 2020) ("'[T]he burden is on the introducing party to establish relevancy,' . . . as well as admissibility under evidentiary rules." (quoting *Dowling v. United States*, 493 U.S. 342, 351, n.3 (1990))). The Defendant concedes—as he must—that his prior subpoena experience is inadmissible to prove that "his

character is such that he is a testifier" or that "he acted *in conformity with* those prior actions when he responded to the Select Committee subpoena."  ECF No. 63 at 2 (emphasis in original); *see also id.* at 8.  Having abandoned those other justifications, the Defendant offers just one reason to admit evidence of his prior subpoena experience: to negate willfulness.  In so doing, however, the Defendant supplies no details about the prior subpoenas and his experience with them.

For example, nowhere in his papers does the Defendant proffer the nature of the prior subpoenas involved—such as whether they commanded the production of documents in addition to testimony.  The Defendant does not discuss what information the subpoenas sought—such as whether they pertained only to his official duties.  He does not state whether he engaged in total noncompliance with the subpoenas and was informed that he risked a contempt citation for doing so.  And  he does not state what, if any, objections he or the then-President asserted, whether those objections were resolved, and the extent of the testimony or other information he ultimately provided.  Moreover, the Defendant fails to specify what prior subpoena experience he intends to introduce; provides no description of how he intends to introduce that evidence and connect it to his intent in this case; makes no proposal about how the jury should be instructed about the evidence; and offers only the baldest of claims about how his prior subpoena experience is relevant to his intent at all.  Finally, the Defendant makes no effort to address how any evidence of his prior subpoena experience is admissible as a matter of law considering controlling precedent excluding the defense of good faith.

The Defendant does not meaningfully address, and therefore does not carry, his burden of establishing the evidence's admissibility.  The reason, as explained below, is clear: the Defendant cannot muster the factual or legal support to carry that burden.

## II.     THE DEFENDANT'S PRIOR SUBPOENA EXPERIENCE IS IRRELEVANT AND INADMISSIBLE TO NEGATE HIS WILLFULNESS.

The Defendant contends that his prior subpoena experience "reflects [his] life experience that informed his thinking—his intent—upon receipt of the Select Committee subpoena." ECF No. 63 at 2. He elaborates that evidence that he "was previously summoned to appear for testimony, and testified after an accommodation was reached involving executive privilege issues, directly bears on his state of mind and intent upon receipt of the Special (sic) Committee subpoena"; *i.e.*—that if "he believed that the executive privilege issues would be resolved through accommodation, then this 'tends' to negate [his] guilt by showing that he did not have a 'deliberate intention not to appear.'" ECF No. 63 at 5 (quoting *Licavoli v. United States*, 294 F.2d 207, 208 (D.C. Cir. 1961)). That the Defendant merely asserts that the evidence's purpose is to negate his intent, rather than to promote an improper propensity argument, does not make it so.

First, any argument by the Defendant at trial that he believed his default was excused by the expectation that executive privilege issues would be resolved by "accommodation"[1]—whether

---

[1] The Defendant claims that he sought three accommodations from the Committee: (1) having the Committee and the former President reach accommodation on executive privilege; (2) letting a court decide the executive privilege issues; and (3) allowing a one-week extension so that the parties could assess the implications of the complaint in *Trump v. Thompson*, 20 F.4th 10 (D.C. 2021). *See* ECF No. 63 at 3 n.6. But the facts are: (1) the former President never sought accommodation from the Committee, *see* ECF 29-1; (2) there is no requirement that Congress seek a court's intervention before referring a witness's default for potential criminal prosecution; and (3) the Defendant's request for more time based on *Trump* came after he had already defaulted, *see* ECF No. 31-2. Moreover, the Defendant represents neither the legislative nor executive branches such that he could demand the accommodation constitutionally contemplated for them. The Defendant did not, as he alleges, seek accommodation—he defaulted. In any event, the Defendant's papers lack any discussion of how his prior subpoena experience and his handling of those subpoenas compare to his approach here and his decision to engage in total noncompliance, even in the face of explicit warnings from the Committee about the potential consequences. *See, e.g.*, ECF No. 29-1. And even if he could, as noted above and in the Government's pleadings litigating the willfulness standard for contempt of Congress, such evidence would not negate his criminal intent. *See* ECF No. 29 at 4 ("A deliberate and intentional decision not to comply with a

that belief was based on prior subpoena experience or something else—would relate only to the good-faith defense barred by controlling precedent and already excluded by this Court.  *See e.g.*, *Yellin v. United States*, 374 U.S. 109, 123 (1963); *Licavoli*, 294 F.2d at 209; Order (Apr. 6, 2022), ECF No. 49.  Although the Defendant quotes *Licavoli* for the proposition that his default must be deliberate in the same breath that he argues that his prior subpoena experience is relevant to negate that intent, he does not acknowledge the sentence immediately before the one he quotes, which affirms that "[e]vil motive is not a necessary ingredient of willfulness under [18 U.S.C. § 192]." *Licavoli* thereby renders inadmissible as a defense any mistaken belief on the Defendant's part, whatever the source, that hoped-for "accommodation" between the executive and legislative branches would substitute for compliance with the subpoena's plain terms, particularly in the face of the Committee's written rejection of his executive privilege claim, ECF No. 29-1.  *See also* *Fields v. United States*, 164 F.2d 97, 100 (D.C. Cir. 1947) (affirming district court instruction on contempt of Congress that "[t]he reason or the purpose of failure to comply or refusal to comply is immaterial, so long as the refusal was deliberate and intentional and was not a mere inadvertence or an accident.").

Second, the Defendant's "state of mind and intent upon receipt" of the subpoena is not an issue the jury must decide.  The jury must decide not what the Defendant thought when he received the subpoena, but rather whether he had a "deliberate intention" to default—*i.e.*, whether he knew the subpoena the Committee issued to him required him to produce records and appear for testimony and whether, knowing that, he deliberately chose not to produce documents and

---

congressional subpoena based on the subpoenaed party's erroneous belief that the law excused compliance constitutes a willful default.") (citing *Yellin v. United States*, 374 U.S. 109, 123 (1963)).

deliberately chose not to appear for testimony.  *See, e.g.*, *Licavoli*, 294 F.2d at 209.  The

Defendant's desire to adduce evidence of what he thought "upon receipt" of the subpoena exposes

a prohibited purpose—the suggestion that he was not predisposed to be contemptuous based on

his alleged prior compliance with other subpoenas.

The Defendant further contends that his prior subpoena experience—his "life

experience"—reflects the circumstances surrounding his default, from which "[i]ntent is routinely

proved."  ECF No. 63 at 3.  But even to the extent the circumstances of the Defendant's prior

subpoena experience can be argued as relevant, in the broadest sense, to his approach to the

Committee subpoena here, those prior circumstances can hardly be said to "surround" his default.

Here, the Defendant was summoned to produce documents and to appear for a deposition related

to events spanning April 2020 to October 2021, *see* ECF No. 53-1 at US-000411, years after he

departed the former President's White House.  In his prior subpoena experience—about which the

Defendant offers no details—the Defendant was apparently either serving as an Executive Branch

official or was subpoenaed for information related to his official capacity.  The circumstances of

those prior subpoenas do not "surround" the subpoena at issue in this case—in fact, they are

distinct from the circumstances the Defendant confronted here, eroding the prior subpoenas'

relevance to this case even under the most generous evidentiary standards.

The Defendant also argues that his prior subpoena experience is admissible under Federal

Rule of Evidence 404(b), characterizing it as "other acts" evidence admissible to establish his

intent.  ECF No. 63 at 7-9.  His analysis and reasoning fall flat.  First, for the reasons explained

above, evidence of the Defendant's prior subpoena experience is inadmissible to negate his

willfulness.  Second, Rule 404(b) and the cases on which the Defendant relies are inapplicable to

his admissibility argument.  For example, the Defendant cites to *United States v. Edwards*, 901 F.

Supp. 2d 12 (D.D.C. 2012), for the proposition that defendants, like prosecutors, "can avail

themselves" of Rule 404(b), and further contends that *Edwards* supports a more relaxed standard

of admissibility for defendants offering Rule 404(b) evidence.  ECF No. 63 at 8.  But *Edwards*

addresses what is often referred to as "reverse 404(b)" evidence—that is, "[o]ther crimes evidence

relating to witnesses," which is offered for some purpose other than to establish the witness's

character or propensity to engage in a bad act or crime, and which, "along with other evidence," is

exculpatory for the defendant.  *Id.* at 16-18 (citing *United States v. Alayeto*, 628 F.3d 917, 921 (7th

Cir. 2010)); *see also United States v. Young*, No. 12-cr-00042, 2013 WL 12430555, *6 (D.D.C.

Apr. 22, 2013) (cited at ECF No. 63 at 8) (addressing a defense request to cross-examine a

cooperating witness about his involvement in prior uncharged narcotics conspiracies).  The

Defendant's prior subpoena experience relates to his own conduct, not the conduct of a witness.

Moreover, *Edwards* did not adopt a relaxed standard for admissibility, emphasizing that a

defendant "still must articulate some non-propensity purpose for the evidence that would tend to

negate his guilt."  *Id.* at 17.  The Defendant's characterization of his prior subpoena experience as

relevant to intent does not satisfy that requirement—it simply reflects a recasting of prohibited

propensity evidence and an effort to mount the good-faith defense the controlling cases preclude.

## III.   THE PROBATIVE VALUE OF THE DEFENDANT'S PRIOR SUBPOENA EXPERIENCE IS OUTWEIGHED BY THE RISK OF UNDUE PREJUDICE.

The Defendant maintains that, under Federal Rule of Evidence 403, the evidence of his

prior subpoena experience is sufficiently probative to outweigh any unduly prejudicial effect it

may have.  ECF No. 63 at 5-7.  If admitted, however, there exists needless risk that the jury will

conflate the Defendant's prior subpoenas with the subpoena at issue in this case, distracting it from

the straightforward issue it must decide—namely, whether the Defendant's default was deliberate.

Relying on *United States v. Ayeni*, 374 F.3d 1313 (D.C. Cir. 2004), the Defendant contends that wading through unspecified evidence of his conduct on four prior occasions—his response to four different subpoenas, relating to different investigations and circumstances—and then sorting out what that conduct has to do with the subpoena at issue in this case, is "precisely" the fact-finding role of the jury that is "central to our jurisprudence." ECF No. 63 at 7 (quoting *Ayeni*, 374 F.3d at 1320). But *Ayeni*—much like the other authorities the Defendant cites—has nothing to do with the issue presented here. First, the Defendant omits from his citation the fact that he quotes from a concurring opinion, not the majority controlling opinion. Second, *Ayeni* is factually and legally inapposite. There, the Circuit reversed a fraud conviction because the district court abused its discretion in affording the parties supplemental jury addresses to respond to factual questions, explaining that the procedure invaded the jury's deliberative process because it allowed the attorneys to develop arguments "as if they were sitting in the jury room themselves." *Ayeni*, 374 F.3d at 1316. That has nothing whatsoever to do with the admissibility of other-acts evidence and the appropriate evidentiary boundaries district courts are obligated to enforce to ensure that the jury can make factual determinations free from confusion and unnecessary complexity. The Defendant's citation to *Ayeni* is the perfect metaphor for what he seeks to accomplish by introducing evidence of his prior subpoena experience—to conflate, confuse, and distract.

The Defendant argues that evidence of his prior subpoena experience "can be presented concisely and efficiently" and that "proper instruction" can reduce confusion. ECF No. 63 at 7. But, as discussed above, the Defendant does not identify what evidence of his prior subpoena experience he intends to introduce, how he intends to introduce it, and how the jury should be instructed to consider it. The Defendant just nakedly asserts that his prior subpoena experience is readily admissible and that it can easily be presented and considered. His apparent unwillingness

7

to specify the details of his alleged prior subpoena compliance and the manner of his presentation illustrate the confusion and delay it risks injecting into the trial—and further demonstrates his failure to carry his burden to admit the evidence.

Finally, the Defendant implies that excluding evidence of his prior subpoena experience would violate his Sixth Amendment right to present a defense. *See* ECF No. 63 at 1-2, 7.  Citing *Washington v. Texas*, 388 U.S. 14, 19 (1967), the Defendant asserts that he "has a fundamental due process right to present a defense by offering his version of the facts to the jury." *Id.* at 7.  But excluding evidence of the Defendant's prior subpoena experience does not come close to implicating his Sixth Amendment right to present a defense; *Washington*, along with the Defendant's entire argument, is far-flung from the circumstances here.  In *Washington*, the Supreme Court reversed a murder conviction where the defendant was prohibited by state law from calling as a witness an alleged coparticipant in the offense—who would have testified that the defendant ran away before the murder occurred—even though the same prohibition did not apply to the prosecution.  388 U.S. at 16.  The Supreme Court held that "[t]he right of an accused to have compulsory process for obtaining witnesses in his favor" is an essential component of the Sixth Amendment, *id.* at 18, and that that right is offended by "arbitrary rules that prevent whole categories of defense witnesses from testifying on the basis of a priori categories that presume them unworthy of belief," *id.* at 22.  The question here does not involve a statutory or other prohibition on an entire category of witnesses or evidence; in fact, it does not even involve a witness to or other direct evidence of the Defendant's default.  This motion involves the black-letter application of the Federal Rules of Evidence to the proposed admission of conduct occurring years before the Defendant's default, under subpoenas issued by Congressional committees or the Special Counsel's Office pertaining to issues completely unrelated to the January 6th Select

8

Committee and the Defendant's handling of that Committee's subpoena. The exclusion of the Defendant's prior subpoena experience does not violate his Sixth Amendment right to present a defense. *See United States v. Scheffer*, 523 U.S. 303, 308 (1998) ("A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions.") (citing *Taylor v. Illinois*, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.")); *United States v. Libby*, 475 F. Supp. 2d 73, 90-91 (D.D.C. 2007) (rejecting defendant's argument that it violated the Sixth Amendment to exclude under Federal Rule of Evidence 403 evidence of specific national security matters on which he worked to advance a memory defense to a false statements prosecution).

## IV.    CONCLUSION

The Defendant's prior subpoena experience is irrelevant to whether his default was deliberate and its admission at trial would only serve to distract the jury from the straightforward issue it must decide. The Government's motion in limine should be granted.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Amanda R. Vaughn*
J.P. Cooney (D.C. 494026)
Molly Gaston (VA 78506)
Amanda R. Vaughn (MD)
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-1793 (Vaughn)
amanda.vaughn@usdoj.gov