*Leave to file granted.*

Hon. Carl J. Nichols
*May 25, 2022*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>STEPHEN K. BANNON,  )<br>)<br>*Defendant*.  )<br>)<br>_____) | Criminal No. 21-670 (CJN) |

**UNITED STATES HOUSE OF REPRESENTATIVES' MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Pursuant to Rule 47 of the Federal Rules of Criminal Procedure and Rule 47 of the Local Criminal Rules, the United States House of Representatives[1] moves the Court for leave to file an amicus curiae brief in support of the United States' Opposition to Defendant's Motion to Dismiss, ECF No. 65, and in support of the United States' Motion in Limine, ECF No. 53.  The proposed amicus brief is attached to this motion.

As explained below, Defendant's motion raises various arguments of immense interest and importance to the House not only in this specific case, but also more broadly because Defendant has attacked the institutional interests of the House in various ways.  The Justice Department addressed these attacks only very briefly in its filings, and the House of Representatives seeks to provide the Court with more thorough facts and argument on these points.  *See Commonwealth of the N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) ("The filing of an amicus brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'") (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) ("Amicus participation is normally appropriate when . . . 'the amicus has an interest in some other case that may be affected by the decision in the present case,' or . . . 'when the amicus has unique information or perspective that can help the court beyond the help that the

---

[1] The United States House of Representatives Bipartisan Legal Advisory Group (BLAG) voted to authorize the filing of this motion and the attached amicus brief for the House.  The BLAG consists of the Speaker, Majority Leader and Whip, and Minority Leader and Whip, and "speaks for, and articulates the institutional position of the House in all litigation matters."  Rule II.8(b), Rules of the U.S. House of Representatives, 117th Cong. (2021).  The Republican Leader and the Republican Whip decline to support this filing out of concern for damaging institutional prerogatives, as the Committee failed to adhere to the "shall" requirements prescribed by H. Res. 503 as required by the Rules of the House of Representatives and as required by the Supreme Court in *Yellin v. United States*, 374 U.S. 109 (1963).

lawyers for the parties are able to provide.'") (quoting *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008)).

Although Rule 47 does not require consultation with opposing parties, out of courtesy for the parties here and in an effort to narrow any areas of possible disagreement and promote efficiency, the House informed both parties of its intent to file this motion and sought their consent. The United States requested that we report the following: "The Department of Justice believes that the interests of the federal government in this criminal prosecution are adequately represented by the U.S. Attorney's Office. We do not believe that any of the pending legal issues are particularly complex or novel such that an amicus brief would be necessary. That said, we recognize that the point of an amicus brief is to assist the Court. If the Court believes that it would be helpful to have the House of Representatives weigh in on any particular issue, we will defer to the Court."

Counsel for Defendant asked that we inform the Court that they do not consent, and they request a reasonable opportunity to file a formal opposition to this motion.

The Court should grant this motion because the House's amicus brief would materially aid the Court in resolving issues raised in this case in at least two ways.

*First*, the House is uniquely situated to address many of Defendant's challenges. Defendant argues, among other points, that the Select Committee: (1) was formed in a manner that (Defendant believes) is inconsistent with the House resolution that created it, ECF No. 58 at 4-12; (2) did not follow certain procedures for seeking Defendant's deposition, ECF No. 58 at 6-9; (3) does not have a valid legislative purpose for the subpoena, ECF No. 58 at 12-13; and (4) did not have authority to require a privilege log, ECF No. 58 at 14-15.

A thorough response to these arguments requires extensive knowledge and understanding of House Rules, parliamentary precedents, and internal procedures, as well as the details of the

3

Select Committee's structure, formation, and operation.  The House of Representatives seeks to provide this essential information, particularly because the Justice Department's brief did not provide such details.  Indeed, the D.C. Circuit has made clear that descriptions by the House of Representatives in briefing and oral argument concerning the scope and meaning of House internal rules can be dispositive in ruling on the merits of a claim.  *Barker v. Conroy*, 921 F.3d 1118, 1124, 1130-32 (D.C. Cir. 2019).  Given this principle, it clearly is appropriate for this Court to hear from the House of Representatives on issues that Defendant has raised.

*Second*, the House has a strong institutional interest in addressing Defendant's challenge to a Congressional committee's subpoena; the House has an obvious inherent interest in the interpretation of its own rules.  Moreover, should this Court adopt Defendant's arguments (which strike at the core of the work done by a House select committee), it could open the door to sweeping challenges to the Select Committee's work overall, and the work of other House committees.

Further, this request has substantial precedent.  Courts have often accepted amicus briefs from the House in criminal cases, particularly when (as here) they involve issues affecting the House's institutional and constitutional interests.[2]  The proposed amicus brief should cause little

---

[2] *See, e.g.*, Order, *United States v. Collins*, No. 18-cr-567 (S.D.N.Y. Apr. 3, 2019), ECF 77 (granting motion of the U.S. House of Representatives for leave to file as amicus curiae); *In the Matter of the Search of: Electronic Communications (Both Sent and Received) in the Account of Chakafattah@gmail.com at Internet Service Provider Google, Inc.*, No. 14-mj-617 (E.D. Pa. July 24, 2017); Sealed Text Order, *In re Grand Jury Subpoena #0714-SGJ-002330*, 15-MC-3005 (C.D. Ill. July 28, 2015) (granting motion of the U.S. House of Representatives for leave to file as amicus curiae); *United States v. Renzi*, No. 13-10588 (9th Cir. Apr. 15, 2014), ECF 34; Order, *United States v. Renzi*, No. 08-cr-00212 (D. Ariz. Nov. 4, 2008), ECF 152 (granting motion of the U.S. House of Representatives for leave to file as amicus curiae); *In re Search of The Rayburn House Off. Bldg. Room No. 2113*, 432 F. Supp. 2d 100, 105 n.2 (D.D.C. 2006), *rev'd sub nom. United States v. Rayburn House Off. Bldg., Room 2113*, Washington, D.C. 20515, 497 F.3d 654 (D.C. Cir. 2007) (noting that "[t]he Court granted the [House's] motion for leave to file a brief as *amicus curiae* in support of [a party's] motion in recognition of the importance of the House's interest in and position on the questions of serious constitutional magnitude that are raised in this matter").

or no inconvenience for Defendant, who still has seven days to file his reply brief; the House seeks leave to file its amicus brief, which is only 20 pages long, two business days following the filing of the Justice Department's brief.

## CONCLUSION

For the reasons set forth above, the United States House of Representatives should be granted leave to file an amicus brief in support of the United States' Opposition to Defendant's Motion to Dismiss the Indictment and in support of the United States' Motion in Limine. A proposed order is attached.

/s/ *Douglas N. Letter*
DOUGLAS N. LETTER
  *General Counsel*
TODD B. TATELMAN
  *Principal Deputy General Counsel*
ERIC R. COLUMBUS
  *Special Litigation Counsel*
MICHELLE S. KALLEN
  *Special Litigation Counsel*
STACIE M. FAHSEL
  *Associate General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700
Douglas.Letter@mail.house.gov

May 10, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2022, I caused the foregoing document to be filed with the Court and served on the parties via electronic mail.

*/s/ Douglas N. Letter*
Douglas N. Letter