```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,
                                       CR Action
           Plaintiff,                  No. 1:21-670

      vs.                              Washington, D.C.
                                       November 18, 2021
STEPHEN K. BANNON,
                                       11:05 a.m.
           Defendant.

       TRANSCRIPT OF VIDEO ARRAIGNMENT/STATUS CONFERENCE
            BEFORE THE HONORABLE CARL J. NICHOLS
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiff:      AMANDA ROSE VAUGHN
                        J.P. COONEY
                        MOLLY GASTON
                           U.S. ATTORNEY'S OFFICE FOR D.C.
                           555 4th Street NW
                           Washington, DC 20001
                           202-252-1793

For the Defendant:      DAVID I. SCHOEN
                          2800 Zelda Road, Suite 100-6
                          Montgomery, AL 36106
                          334-395-6611

                        MATTHEW EVAN CORCORAN
                          SILVERMAN THOMPSON SLUTKIN WHITE
                          201 N Charles Street, 25th Floor
                          Baltimore, MD 21201
                          410-385-2225


Reported By:     LORRAINE T. HERMAN, RPR, CRC
                 Official Court Reporter
                 U.S. District & Bankruptcy Courts
                 333 Constitution Avenue, NW
                 Room 6720
                 Washington, DC 20001
                 202-354-3196
```

**P R O C E E D I N G S**

COURTROOM DEPUTY: Good morning, Your Honor. This is criminal case year 2021-670, United States of America versus Stephen K. Bannon, who is present by video.

Counsel, please introduce yourselves for the record, beginning with the government.

MS. VAUGHN: Good morning, Your Honor. Amanda Vaughn, for the United States. I am here with my colleagues J.P. Cooney and Molly Gaston, who are off the screen.

THE COURT: Good morning, Counsel.

MR. CORCORAN: Good morning, Your Honor. This is Evan Corcoran. And Mr. Bannon is with me. My co-counsel who will introduce himself as well.

MR. SCHOEN: Good morning, Your Honor, David Schoen.

THE COURT: Good morning, Mr. Schoen.

MR. SCHOEN: Good morning, sir.

THE COURT: Just by way of just preliminary, Mr. Corcoran and Mr. Schoen, does your client consent to proceed this morning by video?

MR. CORCORAN: Yes.

THE COURT: Thank you. I certainly find it is appropriate to do so in light of the Court's current standing orders and the COVID-19 pandemic.

My understanding is that the defendant has waived

1    arraignment.  I assume the government has no objection to

2    that.  And I believe the papers here are appropriate.

3    Ms. Vaughn?

4            MS. VAUGHN:  No objection from the government,

5    Your Honor.

6            THE COURT:  That waiver is accepted.  Ms. Vaughn,

7    can you walk me through the government's view, at least, of

8    next steps?

9            MS. VAUGHN:  Yes, Your Honor.  The government

10   would like to set a trial date and set a scheduling order

11   for motion -- for pretrial motion.

12           The government is also ready to produce discovery

13   in this matter.  We provided a draft of the standard

14   protective order in the district to counsel for the

15   defendant on Monday.  We haven't received their position

16   yet, but as soon as that order is in place, we are ready to

17   make the production.  It's less than 200 documents.  Most of

18   it is materials that the defendant already has, because it's

19   his correspondence with the House Committee or his

20   correspondence with counsel for the former President.

21           In our view, this is a very straightforward case

22   about whether or not the defendant showed up.  So we don't

23   see any reason to delay setting a trial date in this matter.

24           THE COURT:  Let's start with the pending motion,

25   which, as I understand, is a motion for protective order and

1      a motion to disclose Grand Jury testimony.

2                 Mr. Corcoran, have you had a chance to review

3      those and do you have a position on them?

4                 MR. CORCORAN:  Well, they were filed last night

5      and this morning.  Our position, Your Honor, is we would

6      like two weeks to respond.  Ordinarily I would ask for one

7      week, but that would run into the Thanksgiving holiday.

8                 With regard, obviously, to Grand Jury testimony, I

9      think we are going to be able to reach agreement with the

10     government and come to a common position that we will be

11     able to file.  That's my expectation.

12                Overall, Mr. Bannon, as you well know, is

13     guaranteed under the constitution, a public trial.  We want

14     to make sure that any documents that are important to the

15     determination of this matter be public, be on the public

16     record.  We think that there is a compelling public interest

17     in having and seeing the documents that are considered

18     crucial to the determination of that case.

19                Obviously, next steps on that are simply just

20     going to be for us to talk further with government counsel

21     and file something with you.

22                THE COURT:  Okay.  So that implicates the broader

23     schedule.  What is Mr. Bannon's view on how long between

24     today's date and the trial date is appropriate?

25                MR. CORCORAN:  Well, obviously, management of your

1  calendar is well within your discretion.  I want to mention
2  something for the record that I don't think is widely known.
3  I think it is widely known, my first comment, which is the
4  U.S. District Court for the District of Columbia is one of
5  the most efficient in the country.  It is facing two issues
6  right now, not of its own making.  One is that the pandemic
7  pushed back a lot of trials so that people who are accused
8  are awaiting trial.  And the second is that there are a
9  large number of arrests flowing out of the January 6th
10 event.  Again, a historical number of prosecutions are in
11 the court.
12         As a very practical matter, we are not asking to
13 cut in line; and we understand that that is something that
14 affects the Court's docket.  And from a very practical
15 standpoint, if we were to set a trial date today -- and I
16 don't think we should do that -- if we were to block off a
17 number of weeks in a row, at your earliest available trial
18 date, which may get -- likely would get moved, that could
19 affect a large number of other criminal defendants.
20         I think, specifically, with regard to Mr. Bannon,
21 our main interest is to make sure that he gets a fair trial.
22 He, like every American -- I am now speaking about
23 principles.  You are well aware, I know, but I just want to
24 put on the record, every American is entitled to a fair
25 trial, and that includes the time to go to trial.

1           We need time to review discovery.  Obviously,
2   which we haven't done yet.  And that is consistent with the
3   Sixth Amendment right for every American to be informed of
4   the nature and cause of the accusations against him.
5           In addition, obviously, under the Sixth Amendment
6   every American has the right to confront witnesses against
7   them.  For us, that's going to involve finding out who these
8   witnesses are, reviewing discovery that will help us in
9   cross-examination and so forth.
10          We are also going to have to obtain our own
11  discovery because, as you well know, the prosecution's
12  universe of documents is not the end of the story.  I
13  believe that based on what was said, we are going to have to
14  obtain documents on our own.  We are going to have to do
15  that both from the executive branch, but also for members of
16  Congress, given the nature of the charges in the indictment;
17  and that may take time.  But it will help us to identify --
18          THE COURT:  What question will be at issue at
19  trial with such discovery -- (indiscernible audio)
20          MR. CORCORAN:  Well, an element of offense,
21  obviously, is the authority of the Select Committee.  So we
22  will have to learn exactly what was done in order to bring
23  these charges.  I know that the government has described
24  this as a simple case with only 200 documents, but I think
25  it's an oversimplification, frankly.

1                    There are complex constitutional issues that are

2        at play.  There are likely to be issues of first impression.

3        And I'll get to that in a moment, because I think it bears

4        on a motions' schedule.  But, you know, if we are going to

5        have to identify witnesses in Mr. Bannon's favor -- and of

6        course, that is a Sixth Amendment constitutional guarantee.

7                    I understand that there is some suggestion that,

8        you know, the case ought to be accelerated or it ought to be

9        handled in a more narrow fashion, but we don't agree with

10       that.  I mean, the key here is our ability to identify the

11       documents and the witnesses that will allow us to present a

12       defense for Mr. Bannon.

13                   One key thing, and this goes to the idea of a

14       motions briefing, is judicial economy.  There is a case, as

15       you well know, which is pending -- it's right now in the

16       D.C. Circuit, but it's Donald J. Trump in his capacity as

17       the 45th President of the United States versus Bennie

18       Thompson in his official capacity as Chairman of the United

19       States House Select Committee, and that case is a civil

20       case.  So in some ways it is different from this criminal

21       case, but there is going to be overlap in terms of the legal

22       issues.

23                   As a civil case, that case has been accelerated,

24       which is appropriate.  And, of course, it is a very

25       different consideration in terms of timing for a criminal

1       defendant.  And as we've emphasized, there is absolutely no

2       reason to accelerate this case.  But that case has an oral

3       argument scheduled before the D.C. Circuit on November 30th,

4       2021.

5              I mention that only because it will be useful, as

6       we are shaping the arguments and the briefs for our motions

7       practice, to have the benefit of the record -- of the

8       judicial record and determinations that are made in that

9       matter.

10             I think I will stop for now, but the overall

11      position here is it really does not make sense today to set

12      a trial date that likely will be moved; that a better course

13      of action and an action that's in the interest of justice

14      would be, as has happened in many criminal cases, to set a

15      further status date after the new year, after the holidays,

16      where we can meet again.  By that time, we will have had a

17      chance to see who, generally, the government's witnesses

18      are, review their documents, and have a better idea of how

19      we can present defenses and what we will need to prepare for

20      an actual trial.

21             There is simply no way right now to know what the

22      length of a trial would be in this case before seeing that.

23      So I just don't think it is prudent to block off dates on

24      the Court's calendar, when we just don't know how many dates

25      are involved.

1           As I said, it would have a compounding effect on
2  many people who -- many other accused who are seeking their
3  day in court, but who for reasons -- you know, that are
4  totally out of the control of the Court, haven't been able
5  to get there.
6           THE COURT:  I just want to make one observation,
7  and then I want to hear from Ms. Vaughn.  It seems to me
8  that I can manage the interplay between this case and the
9  other cases on my docket in a way that will ensure that no
10 one will not have their day in court.
11          Obviously, I am well aware of COVID protocols, the
12 number of January 6th cases that all of the judges in this
13 district are facing with the amount of trials we have is
14 certainly a fact.  I don't think that that is a reason, by
15 itself, to delay the trial here.
16          It does seem to me, however, that we are very
17 early in this matter.  And I am not presently sufficiently
18 informed to know whether the government's view that this is
19 a very, very, very simple case is correct or if Mr. Bannon's
20 view that this case deserves a substantial amount of
21 discovery is correct.
22          Why, Ms. Vaughn, shouldn't I -- or what about the
23 following proposal, which is to set this, not for another
24 status, after the new year, but another status in a few
25 weeks to allow Mr. Bannon to consider the government's

1   pending motion, protective order and grand jury materials,
2   to think about and I hope confer with the government on
3   additional information that Mr. Bannon might seek and
4   perhaps the government might feel the need to disclose.  And
5   then to come back at that next status -- and I am thinking
6   not very long from now, maybe three weeks from now -- and
7   have a discussion about, really, the scope of this matter
8   between now and trial.
9           Because what I am being presented with is, on the
10  one hand, the government's position that this case can go to
11  trial very, very, very soon and on the other hand,
12  Mr. Bannon's view that a lot has to happen between now and
13  then.
14          It's not clear to me that either of those
15  positions is quite correct.  So why not have the parties,
16  perhaps, confer over the next three weeks and come back,
17  have a discussion in about three weeks around -- a more
18  focused discussion, frankly, around exactly what it is that
19  parties think would be an appropriate kind of thing to do to
20  proceed in this matter?
21          MS. VAUGHN:  Your Honor, first I think most of the
22  issues that Mr. Corcoran raised, he cites the need to
23  understand our discovery and who our witnesses are.  So for
24  that reason, we think that the Court should just enter the
25  protective order today.  We can produce those records.

1       He'll see that there are four interview reports in there.
2       And if they feel the need to move to modify it later, we can
3       deal with it then.  But to get the ball rolling, we would
4       like to get the discovery out to them, and we don't see a
5       reason not to enter the protective order today.  But we can
6       do that, because that will help us answer some of these
7       questions.
8                Beyond that, most of the legal issues that
9       Mr. Corcoran is citing to are not actually going to be legal
10      issues that this Court has to decide in this case.  And so
11      he's not going to be entitled to engage in this long
12      investigation, seeking records from other branches of
13      government, and so allowing them to do that on the front end
14      is really going to be a waste of everyone's time.  We think
15      it is more prudent to set a motion schedule with a trial
16      date in mind, and we can start moving through it.  If it
17      becomes necessary to revisit it, we can obviously do that.
18      But we don't think that there is any reason to hold off on
19      doing that today.
20               THE COURT:  Mr. Corcoran, at least as to the
21      protective order, why isn't the government right that I can
22      enter it now while at least the production of discovery can
23      occur.  And then, obviously, if Mr. Bannon has a problem
24      with the protective order, he can come back and ask me to
25      modify it.

1        MR. CORCORAN:  Well, I think we should have

2   further discussions with the prosecution.  If they want to

3   provide the lawyers, for instance, with the documents today

4   on a lawyers' agreement that they will go no further than

5   us, that's fine, so we can get started looking at them.

6        But in terms of an order that would govern

7   documents in this case, as I mentioned, we are just very

8   concerned that there would be the withholding or the

9   keeping from public view of documents where there is a

10  compelling interest in public disclosure.

11       THE COURT:  Ms. Vaughn, what do you say to some

12  limited agreement or protective order that allows the

13  provision of at least the 200 pages that you referenced,

14  counsel get the ball rolling, which allows things to start.

15  And then at least Mr. Corcoran would have some time to

16  consider whether he is going to lodge any objections to the

17  Court.

18       MS. VAUGHN:  Your Honor, we wonder about that

19  because we've now -- we provided the protective order four

20  days ago and tried to confer and didn't get any information

21  from the defense about what their position was.  So we just

22  don't see a need for that.

23       Beyond that, all of these concerns about wanting

24  to make documents public, they haven't been able to make any

25  of those determinations until they do them anyway.  They can

1        come back and modify the order later, if they need to.  We
2        think it is best to just enter the protective order, allow
3        us to turn over the documents pursuant to that protective
4        order and have a motions hearing scheduled.
5                 THE COURT:  Here is what I will do on both the
6        protective order and the grand jury motion:  The defendant,
7        next Wednesday, the Wednesday before Thanksgiving, to state
8        the filing or -- you know, perhaps there wouldn't be any
9        objection -- whether and to what extent he objects to entry
10       of the orders, both orders, as posed by the government.
11                So those motions I will take under advisement,
12       recognizing that Mr. Bannon may oppose either or both of
13       them, but the opposition is due Wednesday before
14       Thanksgiving.  Obviously, if the government wishes to
15       produce materials before I enter the protective order as
16       proposed, Mr. Corcoran has suggested a way forward for the
17       government to do that.  And I will leave it to the parties
18       to see if a lawyer-to-lawyer arrangement is doable.
19                For present purposes, I will take the motion for
20       protective order under advisement and will consider it with
21       the other motion after Mr. Bannon lodges an objection, if
22       any, by next Wednesday.
23                As to the case more generally, I'm not convinced
24       that I have quite enough before me to decide whether or not
25       this case can proceed, but I also don't think it is

1    appropriate to wait, essentially, a month and a half or
2    longer until we take that question up; that is to say, have
3    a status conference as early as January.
4            Instead, what I would like to do, I would like to
5    set this matter for another status on December 7th, and I'll
6    come back to that in a second, and that before that I would
7    like the parties to at least make an effort to meet and
8    confer around the scope of discovery/information that each
9    will be seeking.
10           I get that there will likely be different views
11   and more questions, but what I would very much like to have
12   is a focused set of issues or issues in dispute that can be
13   discussed on December 7th.  And on December 7th, I will take
14   up the question of when this case can be tried.  Whether it
15   can be incredibly quickly or much more slowly or some time
16   in the middle.
17           Are the parties available for another status in
18   this matter on December 7th at either 10 or 11:00 a.m.?
19           MS. VAUGHN:  The government is available at either
20   of those times, Your Honor.
21           MR. CORCORAN:  Yes, Your Honor, at 11:00 a.m.
22           THE COURT:  Okay.  So we will do another status in
23   this matter, December 7th at 11:00 a.m.
24           Again, the parties are directed and are ordered to
25   meet and confer -- I understand there may not be an

1  agreement, but meet and confer around the topics we have
2  discussed today.  In particular, the scope of information
3  and discovery that each will be seeking, what Mr. Bannon
4  will be seeking before trial, the potential length of the
5  trial, if it is possible to know that by the 7th.  I will
6  schedule it for pretrial motion.  And whatever other
7  macro-level questions the parties have either raised today
8  or think are relevant to my consideration on December 7th
9  regarding the trial date.
10     I'm also ordering that no later than the evening
11 of December 6th the parties file a joint status report,
12 regarding the meet and confer.  It need not be long, but it
13 will allow me to reflect upon the parties' respective
14 positions, rather than doing it on the fly on December 7th.
15 Is that relatively clear, Ms. Vaughn?
16     MS. VAUGHN:  Yes, Your Honor.
17     And to help to expedite that, can we have
18 permission from the Court today to turn over the Grand Jury
19 testimony, if the defense does not have an objection to
20 that?  And if the defense can agree here that if we turn
21 over discovery today, it will only be available to the
22 attorneys and not shared beyond that, we can provide that.
23     THE COURT:  Mr. Corcoran, I assume you are willing
24 to agree on the record that discovery from the government
25 between now and entry of the protective order would for be

1    attorneys' eyes only, and are you willing to agree the
2    government can produce to you grand jury materials?
3           MR. CORCORAN:  Yes.
4           THE COURT:  With that, I will enter an oral motion
5    to exchange or disclose grand jury materials from the
6    government to Mr. Bannon but only on an attorneys-eyes-only
7    basis.
8           MS. VAUGHN:  Yes, Your Honor.
9           THE COURT:  Any other topics, Ms. Vaughn?
10          I assume the government believes it would be
11   appropriate to exclude Speedy Trial Act time between today's
12   date and the next status?
13          MS. VAUGHN:  I think the pending motion is a
14   revision under the Speedy Trial Act, already excluding time
15   for that.  We don't see a basis to provide time beyond what
16   is provided for pending motion.
17          THE COURT:  That would be the background
18   principle.  And if it's the government's view I need not
19   exclude it, it may be enough.
20          Mr. Corcoran, do you have a view?
21          MR. CORCORAN:  Yes.  We believe that the time
22   between this hearing and the next should be excluded for
23   computational purposes of the Speedy Trial Act.
24          THE COURT:  That is my view.  It may very well be
25   the pending motions by the government are enough to exclude

1  time.  I'm not sure.  But I find that the interests of
2  justice are best served and outweigh the interests of the
3  public and Defendant Bannon in a speedy trial.  The time
4  between today's date and the next status, as we discussed,
5  being a few weeks from today, shall be excluded in computing
6  the time in which the trial must commence in this case under
7  the Speedy Trial Act.
8  　　　　　Mr. Corcoran, do you have other topics which you
9  would like to raise today?
10 　　　　　MR. COCORAN:  Just one, Your Honor, and that is, I
11 really want to commend the courtroom personnel around the
12 appearance last Monday, Mr. Bannon's initial appearance.
13 There was a lot of public interest and a lot of people.
14 Your courtroom deputy, the courtroom deputy for Judge
15 Meriweather, did a very professional and excellent job.
16 　　　　　Aaron Adaway, who is with the Chief Judge, did a
17 very excellent job in terms of logistics.  Mr. Bannon noted
18 that, my cocounsel noted that, I noted that and we simply
19 wanted to here, seeing that kind of excellence in public
20 service, noted for the record.
21 　　　　　THE COURT:  I wasn't there, as you know, but I
22 have observed their excellence in many ways.  So thank you
23 for saying that.
24 　　　　　Any other topics we should discuss today, Counsel?
25 　　　　　MS. VAUGHN:  Not from the government, Your Honor.

```
 1              THE COURT:  Mr. Corcoran?
 2              MR. CORCORAN:  No.
 3              THE COURT:  Thank you, Counsel.
 4              MR. CORCORAN:  Thank you, Your Honor.
 5              MS. VAUGHN:  Thank you, Your Honor.
 6              (Proceedings concluded at 11:29 p.m.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**C E R T I F I C A T E**

I, **Lorraine T. Herman, Official Court Reporter,** certify that the foregoing is a true and correct transcript of the record of proceedings in the above-entitled matter.

**Please Note:**  This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of court reporting .

```
   ___November 23, 2021___          __/s/_____
        DATE                         Lorraine T. Herman
```