IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 21-670 (CJN) |
| | : | |
| v. | : | |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

**DEFENDANT'S NOTICE REGARDING AMICUS BRIEFS**

On May 25, 2022, with the Court's permission, an amicus brief was filed styled Brief of

the United States House of Representatives as Amicus Curiae in Support of the Department of

Justice [ECF# 76-2].  Also on May 25, 2022, with the Court's permission, an amicus brief styled

Brief of U.S. House of Representatives Minority Leader Kevin O. McCarthy and Brief of U.S.

House of Representatives Minority Whip Stephen J. Scalise as Amicus Curiae was filed [ECF#

77-2].  The Court has not directed the parties to address the substance of the Briefs filed by these

amici curiae and so Mr. Bannon will not address their substance unless and until the Court so

directs.  Mr. Bannon herein provides notice to the Court of his position on the amicus briefs.

**Mr. Bannon Adopts the House Minority Leadership Amicus Brief Insofar as It is Not
Inconsistent with the Arguments He Has Advanced in His Motion to Dismiss and Related
Documents**

With this filing, Mr. Bannon gives notice to the Court that he adopts the positions

reflected in the amicus brief filed by the House Minority Leadership to the extent they are not

inconsistent with the positions on the issues addressed in Mr. Bannon's own submissions on these issues [See e.g. ECF## 58, 59, 62, 63, 64, 69, 73].[1]

### Mr. Bannon Objects to the House's Amicus Brief to the Extent it is Based on Factual Assertions Advanced Without Any Affidavit, Declaration, or Otherwise Admissible Evidentiary Support

Mr. Bannon, of course, vigorously opposes the substantive arguments made in the House's amicus brief and believes they are legally unsupportable. However, as noted, the Court has not directed briefing by the parties on the substantive positions advanced in the amicus briefs and therefore none will be submitted unless and until the Court so directs.

However, throughout the House's amicus brief, General Counsel for the House makes factual assertions without any affidavit, declaration, or otherwise admissible evidentiary support.[2] These factual assertions have no place in this process and should be wholly ignored by the Court, with no weight whatsoever given to them.[3]

---

[1] The House Minority Leadership amicus brief addresses only some of the arguments advanced by Mr. Bannon in his motion to dismiss that relate to the violation of House Rules with respect to the composition of the January 6th Select Committee, the issue surrounding the lack of a "Ranking Minority Member" on the Committee, and the importance of adherence to the House Rules in a criminal prosecution of this nature [ECF# 77-2]. It does not address all of the Rules-based arguments made by Mr. Bannon in his motion to dismiss and related documents filed by Mr. Bannon or any of Mr. Bannon's other arguments for dismissal [See e.g., ECF## 58, 62, 73]. The House Minority Leadership amicus brief makes an alternative argument to Mr. Bannon's argument regarding the "Ranking Minority Member" issue [Compare, for example, ECF# 76-2 at 10-13 with ECF# 58 at 5-12]. Mr. Bannon respectfully submits that his argument on the lack of a "Ranking Minority Member" is correct.

[2] *See e.g.*, ECF# 76-2 at 10 ("But the Select Committee's standard practice is to provide deponents with copies of this document (Section 3(b) of H. Res. 8, 117th Cong. (2021)) at their deposition."); ECF# 76-2 at 12 ("Defendant is important for the Select Committee's investigation"; "Defendant was a central player in the lead-up to the January 6th attack on the Capitol").

[3] It is axiomatic that factual assertions by an attorney in a brief that are completely unsupported by an affidavit, declaration, or otherwise admissible evidentiary support carry no weight and are to be disregarded. *See e.g., Oviedo v. Wash. Metro. Area Transit Authority*, 948 F.3d 386. 391

Mr. Bannon expressly lodges this objection because the unsupported factual assertions by House Counsel in the amicus brief risk badly misleading the Court on a material issue and are directly contradicted by House Counsel's earlier statement in an FBI interview and by the Chairman of the January 6th Select Committee.  The Court would have no reason to suspect this from the amicus brief and that creates a very dangerous situation, highlighting the very reason such unsupported attorney assertions on material facts have no place in a brief and must be disregarded by the Court.

The following is but one prominent example that strikingly demonstrates the danger arising from House Counsel's unsupported assertions in the amicus brief:

House Counsel expressly asserts in the amicus brief, without any affidavit, declaration, or other admissible evidentiary support, that "Representative Cheney, by virtue of being the first minority party Member appointed to the Select Committee, is, by definition, the senior ranking minority member of the Select Committee."  [ECF# 76-2 at 9].

However, in a statement made during a formal interview with the Federal Bureau of Investigation in furtherance of the decision to prosecute Mr. Bannon under the criminal contempt of Congress statute charged in this case, this same House Counsel made an absolutely irreconcilable assertion of fact to the FBI.  During that formal interview, Mr. Letter is reported as providing the following assertion, as reflected in the Report of Investigation (FBI 302) generated from that interview:

> "Paragraph one of 3(b) makes reference to ranking minority members, who are typically a part of House committees. In these House committees, there are particular rules at hearings set aside for the Chair and Ranking Member. The Ranking Member is generally the highest minority

(D.C. Cir. 2020); *Capalbo v. United States*, 2012 U.S. Dist. 24005, *14, n.9; 2012 WL 611539 (S.D.N.Y., February 24, 2012) ("An attorney's unsworn statements in a brief are not evidence"); *I.N.S. v. Phinpathya*, 464 U.S. 183, 188, n.6 (1984) (Accord).

```
member in a House committee and typically possess procedural
powers. LETTER explained that the Select Committee was
specifically appointed by the Speaker of the House and there
were no majority or ranking members. Representative LIZ
CHENEY is acknowledged to be the Vice Chair of the Select
Committee; since the Select Committee has a Chair and a Vice
Chair, there are no express rules for the Vice Chair as
there would be for a Ranking Member." (emphasis added).[4]
```

It is impossible to reconcile House Counsel Letter's unsupported assertion in the amicus brief that Representative Cheney is the ranking member with his earlier assertion to the FBI in furtherance of Mr. Bannon's prosecution.

Perhaps even more significantly, though, and more emphatically demonstrating the danger in relying on a lawyer's unsupported factual assertions in a brief is the fact that House Counsel's assertion in his amicus brief that Representative Cheney is the ranking minority member (in contradiction to his statement to the FBI that there is no ranking member on this Committee) is directly and expressly contradicted by the Chairman of the January 6th Select Committee who publicly announced in unequivocal terms that Representative Cheney **is not** the ranking member of the Committee.[5]

---

[4] See ECF# 58-4 at 5.

[5] The Atlantic Magazine accurately reported that Chairman Thompson expressly announced that Representative Cheney **is not the ranking member**.

"Thompson made clear at the opening hearing that Representative Liz Cheney "is not the ranking member, …."

https://www.theatlantic.com/ideas/archive/2021/08/congress-can-subpoena-its-own-members/619888/

Here is exactly what Chairman Thompson said in his opening press conference introducing the January 6th Select Committee to the media and the public:

"**My distinguished colleague from Wyoming, Ms. Cheney, is not the ranking member of this Select Committee.** But because this investigation is bipartisan, it's important that we hear Republican voices as well." (emphasis added).

House Counsel cites to Judge Kelly's decision in *Repub. Nat'l Comm. ("RNC") v. Pelosi*,

2022 WL 1294509 at \*16 (D.D.C., May 1, 2022), for support of his assertion that Rep. Cheney is

the ranking member [ECF# 76-2 at 9]; but a review of the briefs and the transcript of the oral

argument in the *RNC* case reveal that Judge Kelly was never advised of Mr. Letter's statement to

the FBI that the Committee has no ranking member; nor was he advised that Chairman

Thompson expressly announced that Rep. Cheney is not the ranking member.[6]

To the extent House Counsel emphasizes throughout his amicus brief that ultimately the

Court must defer to the House's construction or interpretation of its own Rules, [ECF# 76-2 at 3,

6, 7, 8], it is truly remarkable and certainly inappropriate and unsupported by any authority for

House Counsel to urge the Court to accept his newly arrived at bare assertion that there is a

ranking minority member on the Select Committee and that it is Representative Cheney, over his

---

https://www.cnn.com/2021/07/27/politics/thompson-statement-072721/index.html

The audio and video of Chairman Thompson's announcement that Representative Cheney **is not the ranking member** is found at the 16:37 mark of the following YouTube video of the Chairman's press conference:
https://www.youtube.com/watch?v=vHrt44ANHIA

[6] In *RNC*, in response to the argument that there was no consultation with a ranking member, House counsel responded simply that there is no requirement for consultation with a ranking member when a subpoena is just for *documents* [22-cv-659, Doc. 17 at 37]. The Plaintiff understood this to constitute an admission that there is no ranking member [22-cv-659, Doc. 21 at 20; April 1, oral argument Tr. at 38]. Nevertheless, House Counsel later asserted to the Court without any evidentiary support that "Ms. Cheney is clearly the ranking minority member." [22-cv-659 April 1 oral argument Tr. at 93]. While it is accurate that Judge Kelly then found that the court had to "defer to the Select Committee's decision to treat Representative Cheney as the ranking member for consultation purposes," *RNC*, 2022 WL 1294509 at \*16, [cited in the House amicus brief in the instant case at ECF# 76-2 at 9], unfortunately, Judge Kelly apparently never was advised that the Select Committee's Chairman, Rep. Thompson expressly announced that Representative Cheney **is not** the ranking member; nor was the Court advised that House Counsel represented to the FBI in the instant case that there is no ranking member on the Select Committee. Finally, it must be noted that *RNC* is a civil case in contrast to the instant case and the due process considerations attending the instant case.

earlier statement to the FBI, subject to the sanctions provided in 18 U.S.C. §1001, that there is no

ranking minority member on the Select Committee [ECF# 58-4 at 5] and, more significantly,

over the unequivocal assertion by the Select Committee's Chairman, that Representative Cheney

**is not** the ranking member on this Select Committee [See Note 5 herein].  House Counsel's

unsupported assertions as to material facts must be entirely disregarded by the Court.

Dated: June 10, 2022                              Respectfully submitted,

                                                  SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

                                                     /s/ M. Evan Corcoran
                                                  M. Evan Corcoran (D.C. Bar No. 440027)
                                                  210 N. Charles Street, 26th Floor
                                                  Baltimore, MD 21201
                                                  Telephone: (410) 385-2225
                                                  Facsimile: (410) 547-2432
                                                  Email: ecorcoran@silvermanthompson.com


                                                     /s/ David I. Schoen
                                                  David I. Schoen (D.C. Bar No. 391408)
                                                  David I. Schoen, Attorney at Law
                                                  2800 Zelda Road, Suite 100-6
                                                  Montgomery, Alabama 36106
                                                  Telephone: (334) 395-6611
                                                  Facsimile: (917) 591-7586
                                                  Email: schoenlawfirm@gmail.com


                                                     /s/ Robert J. Costello
                                                  Robert J. Costello (*pro hac vice*)
                                                  Davidoff Hutcher & Citron LLP
                                                  605 Third Avenue
                                                  New York, New York 10158
                                                  Telephone: (212) 557-7200
                                                  Facsimile: (212) 286-1884
                                                  Email: rjc@dhclegal.com


                                                  *Counsel for Defendant Stephen K. Bannon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June, 2022, a copy of the foregoing Motion

to Dismiss the Indictment was served *via* the Court's CM/ECF system on all properly registered

parties and counsel.

/s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)