# MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS

## FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT

Prepared by the
Ninth Circuit
Jury Instructions Committee

_____

## 2022 Edition

*Last Updated March 2022*

## 5.4 Entrapment by Estoppel Defense

The defendant contends that [if] [although] [he] [she] committed the acts charged in the indictment, [he] [she] did so reasonably relying upon the affirmative advice of an authorized [federal government official] [agent of the federal government].

To establish this defense, the defendant has the burden to show by a preponderance of the evidence that:

First, an authorized [federal government official] [agent of the federal government] was empowered to render the claimed erroneous advice;

Second, the [federal government official] [agent of the federal government] had been made aware of all the relevant historical facts;

Third, the [federal government official] [agent of the federal government] affirmatively told the defendant the proscribed conduct was permissible;

Fourth, the defendant relied on the false information; and

Fifth, this reliance was reasonable.

In deciding this, you should consider all of the relevant circumstances, including the identity of the federal government [official] [agent], what the [official] [agent] said to the defendant, and how closely the defendant followed any instructions the [official] [agent] gave.

A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true.  This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of [*specify crime charged*].

If you find that the defendant has proved that [he] [she] reasonably relied upon the affirmative advice of the federal government [official] [agent], you must find the defendant not guilty of [*specify crime charged*].

### Comment

For applications of this defense, *see, e.g.*, *United States v. Lynch*, 903 F.3d 1061, 1075-78 (9th Cir. 2018) (marijuana dispensary); *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) (marijuana manufacturing); *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) (firearms offense); *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109-10 (9th Cir. 2000) (immigration offense).

This defense applies only to advice from federal officials or authorized agents of the federal government, and not state or local officials.  *See, e.g.*, *United States v. Mack*, 164 F.3d 467, 474 (9th Cir. 1999) (rejecting entrapment by estoppel defense "because Mack did not rely on the advice or authority of federal officials or agents") (emphasis omitted)); *United States v.*

*Collins*, 61 F.3d 1379, 1385 (9th Cir. 1995) (noting entrapment by estoppel defense applies only when defendant relies either on "a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government, who has been granted the authority from the federal government to render such advice.") (citation omitted).

Regarding "authorized agents," the Ninth Circuit has held that "[c]learly, the United States Government has made licensed firearms dealers federal agents in connection with the gathering and dispensing of information on the purchase of firearms. Under these circumstances, we believe that a buyer has the right to rely on the representations of a licensed firearms dealer, who has been made aware of all the relevant historical facts . . . ." *United States v. Tallmadge*, 829 F.2d 767, 774 (9th Cir. 1987). *See also United States v. Brebner*, 951 F.2d 1017, 1027 (9th Cir. 1991) (noting defendant may rely on advice of either federal government official, or "an authorized agent of the federal government who, like licensed firearms dealers, has been granted the authority from the federal government to render such advice").

"To establish affirmative authorization, a defendant must do more than show that the government made vague or even contradictory statements. Instead, the defendant must show that the government affirmatively told him the proscribed conduct was permissible." *Lynch*, 903 F.3d at 1076 (citations and internal quotations marks omitted) (rejecting entrapment by estoppel defense when government official advised that legality of marijuana business "was up to the cities and counties to decide how they wanted to handle the matter," because statement was too vague and ambiguous to qualify as affirmative authorization).

Reasonable reliance occurs if "a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries." *Id*. at 1077 (citation omitted). *See also Batterjee*, 361 F.3d at 1217 (holding that defendant dealing with complicated intersection of immigration and criminal law, who was told by federal licensee that he was "legally purchasing and possessing a firearm," could reasonably rely on those assurances because he had no reason to believe he needed to inquire any further).

No Ninth Circuit authority clearly sets out the burden that a defendant must satisfy to make out an entrapment by estoppel defense. However, the Ninth Circuit has held that the entrapment by estoppel defense is very similar to the public authority defense, and the preponderance standard applies to the public authority defense. *See, e.g*., *United States v. Doe*, 705 F.3d 1134, 1146 (9th Cir. 2013) (holding that defendant had burden of proving public authority defense by preponderance of the evidence because defense did not serve to negate any elements of charged offenses); *United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994) ("The difference between the entrapment by estoppel defense and the public authority defense is not great."). *See also United States v. Beaty*, 245 F.3d 617, 623 (6th Cir. 2001) (applying preponderance standard); *United States v. Stewart*, 185 F.3d 112, 124 (3rd Cir. 1999) (applying preponderance standard).