UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-670 |
| v. | : | |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

As noted in the parties' joint proposed jury instructions, ECF No. 89, the Defendant provided for the first time at 12:15 p.m. on June 30, 2022, his views on the elements of the charged offenses and a defense theory-of-the-case instruction. By this filing, the Government provides its objections to those proposed instructions.

**United States' Objection to Defendant's Proposed Instruction—Elements of the Offense**

The Government objects to the Defendant's proposed elements of the offense for three reasons: 1) it does not inform the jury of the specific charge in each count; 2) it does not include an essential element of the offense; and 3) the elements it does include are erroneous, confusing, and pose questions of pure law to the jury.

First, the Government objects to the instruction because it does not inform the jury of what the Defendant is specifically charged with in each count. Since the Defendant also has moved to preclude reading or providing the indictment to the jury, the Government believes the Court must inform the jury of the conduct it is to judge for each count. The Defendant did not object to the inclusion of this in the Government's proposed instruction or to any of the other introductory statements in the Government's proposed instruction and it is the Government's position that those should be used.

Second, the Government objects to the instruction because it does not instruct the jury that it must find the Defendant was subpoenaed by the Select Committee.  Although the fact that the Committee issued a subpoena to the Defendant likely will not be in dispute at trial, the statute is only applicable to someone who has been summoned, and, therefore, the Government believes this is an essential element of the offense and that its proposal on this element is sufficient, *see* ECF No. 89 at 7.  It does not appear that the Defendant objects to this element as proposed by the Government.

Third, the Government objects to the instruction because its articulation of the elements of the offense are either erroneous statements of the law, confusing, or require the jury to decide questions of pure law.

Objection to First Element

The first element improperly requires the jury to decide a pure question of law.  The Government does not dispute that "a conviction for a violation of Section 192 cannot be sustained unless it appears that Congress had the constitutional power to investigate the matter in issue or to make the particular inquiry." *United States v. Seeger*, 303 F.2d 478, 481 (2d Cir. 1962).  However, this issue raises questions not of fact for the jury to decide, but of law for the Court to decide, which it already did in ruling on the Defendant's motion to dismiss—specifically, the question of the proper scope of Congress's authority to investigate under the Constitution.  Juries are not the proper decisionmaker on questions of law.  *United States v. Gaudin*, 515 U.S. 506, 513 (1995).

Not only is retaining this question for the Court required under the law, it is consistent with prior practice in the contempt of Congress context.  In *Wilkinson v. United States*, the Supreme Court affirmed the defendant's conviction for contempt of Congress by, among other things, rejecting his claims that the subpoena issued to him exceeded Congress's constitutional authority

because, according to the defendant there, it did not have a valid legislative purpose and improperly encroached on his First Amendment constitutional rights. 365 U.S. 399, 410-11, 413-15 (1961). The lower court findings on those issues that the Supreme Court affirmed, however, were not made by the jury. They were made by the trial judge. On these issues, the trial judge in that case instructed the jury:

> You are not concerned with whether the committee had a right to ask the questions or why it asked them. . . . You are not to consider . . . whether the claimed invalidity of the committee, lack of jurisdiction of the committee . . . because these are matters for my decision, and I have decided as a matter of law that the committee was properly authorized by Congress . . . . I have determined as a matter of law that the committee had the right to ask this question.

*Wilkinson v. United States*, 774 F. Supp. 1360, 1362-63 (N.D. Ga. 1991).

Even if the constitutional authority of the Congress were a question for the jury, the Defendant's proposed instruction provides no guidance to the jury on how to judge whether Congress "had the constitutional power to investigate." Jury instructions must not only accurately state the law. They also must "provide the jury with sufficient understanding of the issues and applicable standards." *United States v. Wilson*, 605 F.3d 985, 1018 (D.C. Cir. 2010) (internal quotation marks and citation omitted). The Defendant's proposed instruction does not define the constitutional power of Congress or otherwise describe the bounds of it to provide any standards by which the jury can judge whether the Committee is acting within that power.

Objection to Second Element

The Government objects to the second element because it is confusing and does not provide clear guidance to the jury. First, it is confusing because it requires a finding of an authorized "investigation" and then a separate finding that "the inquiry" is within the scope of the authorized investigation. But the Committee's "investigation" and "inquiry" are one

3

in the same, so the Defendant's instruction erroneously suggests there are separate questions the jury is supposed to determine under the element. By the Defendant's citation to *Gojack*, the Government believes the Defendant is seeking an instruction that the jury find the Defendant was subpoenaed in relation to an authorized investigation. *See Gojack v. United States*, 384 U.S. 702, 708 (1966) ("It can hardly be disputed that a specific, properly authorized subject of inquiry is an essential element of the offense."). The element as proposed by the Defendant also appears to be redundant to his proposed third element, which requires the jury to find pertinency to "the authorized inquiry," thus inherently requiring the jury to first identify an authorized inquiry.

The Government believes its formulation of this element, which incorporates the pertinency requirement for which the subject matter of the inquiry is a prerequisite, *see id.* ("Our decisions have pointed out that the obvious first step in determining whether the questions asked were pertinent to the subject under inquiry is to ascertain what that subject was." (citation and internal quotation marks omitted)), is clearer, simpler, and uses more plain English, such that it will provide better guidance to the jury. *See* ECF No. 89 at 7 ("Second, that the subpoena sought testimony or information pertinent to the investigation that the Select Committee was authorized to conduct."). At bottom, the parties do not appear to dispute the nature of the element, just the wording. If the Defendant had been willing to confer with the Government at all on the proposed elements of the offense, the parties may have been able to clarify this issue for the Court.

Objection to the Third Element

The Government objects only to the extent that 1) it believes the Defendant's proposal for his second and third elements unnecessarily and confusingly divides

4

pertinency to an authorized subject of inquiry into two elements, as described above; 2) it provides no definition of pertinency; and 3) the Government believes the word "investigation" is a simpler, more concrete word for lay jury instructions than "inquiry," which the Defendant's proposed element uses, and that, at the very least, the instructions should consistently use one or the other throughout so that the jury does not mistakenly conclude there are separate investigations and inquiries it is to consider. With respect to defining pertinency, the Defendant has provided no objection to the Government's proposed definition in its proposed instruction, and the Government thinks this definition is sufficient and appropriate to provide guidance to the jury on what it is being asked to evaluate, *see* ECF No. 89 at 7-8.

<u>Objection to the Fourth Element</u>

The Government objects to the Defendant's proposed fourt element for two reasons. First, the proposal instructs the jury that it must find the subpoena "valid" and issued pursuant to "lawful authority" but nowhere defines these terms, thus failing to provide sufficient guidance to the jury on the standards it must use to judge "validity" and "lawful authority." The Government can only guess that the Defendant wishes this instruction to require the jury to find the Committee complied with all of its rules based on his previous briefing and citation to *Yellin v. United States* as authority for this element. The jury, however, cannot be left to guess at what it is being asked to find.

Second, to the extent this is what the Defendant wishes this element to convey, the instruction is erroneous because the Government is not required to prove as an essential element that the Committee complied with all of its rules, as the Government has previously briefed, ECF No. 71 at 2-5, and described in its objection to the Defendant's

5

proposed defense theory instruction on this issue, ECF No. 89 at 22-24. The Government has found no case in which the Government has, as part of its burden, presented evidence of every procedural rule governing a committee and then presented evidence and testimony about compliance with each of those rules, and the Defendant cites none. It is not an essential element of the offense—indeed, defendants can waive protections they receive under a committee's rules, which removes it from the jury's consideration. *United States v. Bryan*, 339 U.S. 323, 330 (1950) ("We hold that the Government is not required to prove that a quorum of the Committee was present when the default occurred, and that under the circumstances disclosed by this record a defense of lack of a quorum was not open to respondent."). The Government's burden to prove essential elements of a criminal offense, however, is not waivable.

The Defendant cites *Gojack v. United States* and *Yellin* as support for his claim, but they do not support his position. First, the Defendant makes a selective citation from *Gojack*—specifically, "[t]he legislative history of § 192 makes plain that a clear chain of authority from the House to the questioning body is an essential element of the offense," 384 U.S. at 716—that, when read in context, demonstrates the "essential element" the Court was discussing in that case was the need for the subject matter in relation to which the committee was conducting proceedings to be authorized. For example, the sentence following the one the Defendant quotes states, "If the contempt occurs before a subcommittee, the line of authority from the House to the Committee and then to the subcommittee must plainly and explicitly appear, and it must appear *in terms of a delegation with respect to a particular, specific subject matter*." *Id*. (emphasis added). The Court later concludes, "[a]bsent proof of a clear delegation to the subcommittee of

*authority to conduct an inquiry into a designated subject*, the subcommittee was without authority which can be vindicated by criminal sanctions under s 192, *nor was there an authoritative specification of the 'subject matter of the inquiry' necessary for the determination of pertinency* required by the section." *Id*. at 716-17 (emphasis added). This "essential element" identified by *Gojack* is captured by the Government's proposed instruction regarding pertinence to an authorized inquiry and the Defendant's second and third elements—although, for the reasons outlined above, the Government's formulation is preferable.

*Yellin* also does not stand for the proposition that the Government must prove every rule and compliance with it in the first instance, for it acknowledges the burden is on a defendant to prove a committee has not followed procedural rules that confer rights on witnesses. 374 U.S. 109, 123 (1963) ("It may be assumed that if petitioner had expressly rested his refusal to answer upon a violation of Rule IV and the Committee nevertheless proceeded, he would be entitled to acquittal, *were he able to prove his defense*. Otherwise, if Yellin could be convicted of contempt of Congress notwithstanding the violation of Rule IV, he would be deprived of the only remedy he has for protecting his reputation. Certainly the rights created by the Committee's rules cannot be that illusory." (emphasis added)).

If the Defendant had properly preserved any of the rules objections he has raised during this case—all of which he was on notice about at the time he defaulted, an appropriate instruction would instead inform the jury that it was entitled to acquit the Defendant if it found the Defendant had shown 1) that the Defendant objected to compliance with the subpoena on the ground that the Committee had violated the rule; 2) informed the Committee of his objection at the time he failed to comply; and 3) that the

Committee actually violated the rule. *See Bryan*, 339 U.S. at 332-33 ("[I]f respondent had legitimate reasons for failing to produce the records of the association, a decent respect for the House of Representatives, by whose authority the subpoenas issued, would have required that she state her reasons for noncompliance upon the return of the writ. . . . To deny the Committee the opportunity to consider the objection or remedy it is in itself a contempt of its authority and an obstruction of its processes."); *Yellin*, 374 U.S. at 123. Further, this instruction would belong in a separate defense instruction, not as part of the elements of the offense the Government must prove.

<u>Objection to Fifth Element</u>

The Government objects to this element's instruction that the jury must find the Defendant "knew or reasonably should have known that his conduct was unlawful, was conscious of wrongdoing." As the Government has briefed many times and this Court has found, mistake-of-law defenses are not available to the Defendant.

The Government also objects to the instruction that the jury must find the Defendant's failure to comply was not the result of an assertion of a "valid privilege." As the Government has briefed, the question of whether the Defendant actually had a privilege excusing his compliance is a pure question of law—i.e., did executive privilege apply to all of the records sought by the subpoena and did executive privilege allow the Defendant to refuse to appear in the first place for a deposition. *See, e.g.* Gov't Reply, ECF No. 35, at 22; Gov't Resp., ECF No. 43, at 56; Gov't Mot. in Limine, ECF No. 85, at 14-17. The scope of a former President's executive privilege is not a question that is appropriate for a jury to decide. The Defendant should have raised executive privilege as a defense at the motion to dismiss stage. To the extent he did not do so, the Government has raised it in its

8

motion in limine to ensure the issue is properly presented and decided by the Court pretrial. ECF No. 85 at 14-17. In any event, the Defendant's instruction provides no guidance on how to judge whether the Defendant had a "valid privilege." The instructions it would require demonstrate that it is a pure legal question. For example, the Court would have to provide extensive instructions on what executive privilege is, which types of information it covers and which it does not, how it is appropriately asserted, and whether it applies to the mere appearance of someone at a deposition. The Defendant provides no suggestions for these, and these are all legal considerations, not factual ones.

Finally, the Government objects to not providing instruction on what "willful" does *not* mean, as the Government proposes. The Defendant has indicated through his many briefs and his proposed jury instructions that he has no intention of abiding by this Court's order granting the Government's motion to exclude good-faith reliance defenses. Without including the Government's proposed instruction on unavailable defenses, ECF No. 89 at 8, the Defendant could easily exploit words like "misunderstanding," which he vigorously argues for including in the instruction in his objection to the Government's instruction on the elements, to argue that it means a misunderstanding as to the Defendant's legal obligations to comply. But when considered in the context of the caselaw, "misunderstanding" clearly does not mean mistake-of-law, since courts have consistently rejected that such a defense is available. It means instead that a defendant misunderstood a direction to appear or produce records from a congressional committee—for example, believing he had been granted an extension, believing the committee was still considering his objection, or believing that he was to appear in one place instead of another. *See, e.g.*, *Empsak v. United States*, 349 U.S. 190, 202 (1955) (finding the "deliberateness" required

under the statute required that the defendant be given by the relevant committee a "clear-cut choice between compliance and noncompliance" and that, where a defendant properly raised an objection to complying, this required that the committee overrule the objection).

The Government's proposed instruction on the meaning of willfulness and the Government's instruction on unavailable defenses should be used instead of the Defendant's. The definition of willfulness the Government offers in its proposal was copied almost verbatim from an instruction approved by the D.C. Circuit in *Fields v. United States*, 164 F.2d 97, 100 (D.C. Cir. 1947). And the unavailable defenses instruction prevents the Defendant from exploiting otherwise undefined words to present irrelevant and unavailable defenses to the jury.

### United States' Objection to Defendant's Proposed Instruction—Defense Theory

The Government objects to the Defendant's Proposed Instruction "Defense Theory" because it misstates the law, describes defenses that are not available to the Defendant in this case, argues the Defendant's case, and attempts to put legal issues before the jury.

As a general matter, the Defendant's proposed instruction is improper and unnecessary because it restates multiple defense theories for which he has already proposed separate instructions, including Advice of Counsel, ECF No. 89 at 15, Accommodation Requirement, *id*. at 18, Authority of U.S. House of Representatives, *id*. at 21, and Entrapment by Estoppel, *id*. at 27, and includes advocacy about those defenses. Accordingly, if the Defendant were entitled to any instructions on these issues as defenses—which he is not—his proposed Defense Theory instruction would be duplicative and improperly turn the Court into the narrator of the Defendant's arguments. *See United States v. Hoffecker*, 530 F.3d 137, 176-77 (3d Cir. 2008) (finding defendant

not entitled to theory of defense instruction "because they were argument" and because "many of [defendant's] 'theory of the defense' instructions… duplicated other instructions that the District Court gave on the subject of criminal intent"); *United States v. Chowdhury*, 169 F.3d 402, 407 (6th Cir. 1999) ("Although a district court is required to instruct the jury on the theory of defense, it is not error to refuse to give 'instructions which merely represent a defendant's view of the facts of the case,' rather than a distinct legal theory."); *United States v. Paradies*, 98 F.3d 1266, 1287 (11th Cir. 1996) ("We find that the district court was correct in finding that the requested jury charge was partisan and that it aspired 'to place the . . . defendants' desired factual findings into the mouth of the court.'"); *United States v. Barham*, 595 F.2d 231, 244 (5th Cir. 1979) ("a defendant is not entitled to a judicial narrative of his version of the facts, even though such a narrative is, in one sense of the phrase, a 'theory of the defense.'") (internal quotations omitted).

With respect to the substance of the Defendant's proposed instruction, the Government takes the issues in turn.

<u>Advice of Counsel</u>

The Defendant's proposed instruction describes in detail advice that the Defendant's attorney allegedly provided him, and states that if the Defendant was wrong to rely on that advice, he did not willfully default. Instructions are not intended to be recitations of facts the Defendant finds favorable—indeed, his attorney's advice will not even be presented at trial since it is irrelevant, so the instruction seeks to present information to the jury that will not be in evidence. Moreover, this is not an accurate statement of the law for the reasons stated in the Government's objections to the Defendant's proposed instructions on willfulness, *see* ECF No. 89 at 13, and advice of counsel, *id*. at 17, the Government incorporates by reference those arguments here.

Accommodation

The Defendant's proposed instruction argues that the Defendant attempted to reach an "accommodation" with the Committee and that having done so provides him with a defense for willfully defaulting. There is no such defense, and the Defendant should not be permitted to present it to jury. The Government incorporates by reference here its objection to the Defendant's proposed instruction on "accommodation." *See* ECF No. 89 at 19.

Entrapment by Estoppel

The Defendant's proposed instruction argues entrapment by estoppel. The Government incorporates by reference here its objection to the Defendant's proposed instruction on the subject. *See* ECF No. 89 at 31.

Authority and Composition of the Committee

The Defendant's proposed instruction claims as a defense his after-the-fact claims about the authority and composition of the Committee. The Government incorporates by reference here its objection to the Defendant's proposed instruction on the authority of the House. ECF No. 89 at 22.

Constitutional Issues

The Defendant's proposed instruction also argues that his prosecution is barred by "the constitutional principle of separation of powers, by the constitutional principle of executive privilege, and by the due process clause." These are legal questions that are not proper for the jury's consideration and are an attempt at nullification. As stated elsewhere in the Government's filings, juries do not decide questions of law. *Gaudin*, 515 U.S. at 513. And argument and instructions aimed at nullification are improper. *See United States v. Wilkerson*, 966 F.3d 828,

835436 (D.C. Cir. 2020) (citing *United States v. Dougherty*, 473 F.2d 1113, 1130– 37 (D.C. Cir. 1972)).

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

By:    */s/ Amanda R. Vaughn*
          J.P. Cooney (D.C. 494026)
          Molly Gaston (VA 78506)
          Amanda R. Vaughn (MD)
          Assistant United States Attorneys
          United States Attorney's Office
          601 D Street, N.W.
          Washington, D.C. 20530
          (202) 252-1793 (Vaughn)
          amanda.vaughn@usdoj.gov