IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : Criminal No. 21-670 (CJN) |
| v. | : |
| | : |
| STEPHEN K. BANNON, | : |
| | : |
| *Defendant*. | : |

**SUPPLEMENT TO MOTION TO CONTINUE TRIAL**

Om June 29, 2022, Defendant Stephen K. Bannon, through his undersigned counsel, filed a motion to continue the trial date in this case for a period of approximately ninety (90) days, or for such other period of time after October 15, 2022, as this Court deems appropriate [Doc. 88]. On July 1, 2022, the Government filed its opposition to the motion [Doc. 93]. On July 6, 2022, Mr. Bannon filed his reply in further support of the motion to continue [Doc. 95] and Government counsel filed a motion to file a surreply [Doc. 96].

The motion to continue the trial focuses mainly on the impact of the recent televised public hearings held by the Select Committee and the need for a continuance to dissipate the prejudice to Mr. Bannon's constitutional fair trial rights flowing from the Committee's production, developed by a specially hired television producer for the intended maximum public impact and influence, as set out in detail in the motion [Doc. 88]. In Mr. Bannon's reply, Mr. Bannon also cited a number of other factors that justify a continuance so that he can have a fair trial. We file this supplement to inform the Court of additional developments in the last few days that justify a continuance.

1

**July 8, 2022, Production by the Government**

On the evening of July 8, 2022, defense counsel received an email from Government counsel with additional discovery. In the context of the litigation that has preceded this new discovery, it is absolutely shocking that the Government is just now producing this material on the eve of trial.

**Late Disclosure Of Phone Records The Government Has Had Since November 2021**

As the Court is aware, the Government's conduct in trying to obtain Mr. Costello's and/or Mr. Bannon's telephone, email, and social media records through multiple subpoenas and at least one Stored Communications Act Order obtained by an application from Government counsel has been the source of considerable litigation [Docs. 26; 31; 34; 58 at 48-51; 73 at 26-27; Transcripts of Hearings March 16, 2022; June 15, 2022]. We had understood, however, that we had been provided with the universe of relevant documents obtained during that time frame by Government subpoena or other means and prior to July 8, 2022, the defense has been assured since then that the Government has already exceeded its discovery obligations in this case and has no more discoverable material to provide.[1]

With the Government's discovery production of July 8, 2022, Mr. Bannon has now learned that the Government's unjustifiable intrusion into the records of his professional advisors in this misdemeanor case did not stop with the array of subpoenas and the Stored Communications Act Order(s) directed to the records of his attorney, Mr. Costello. The defense has learned for the first time on July 8, 2022, that the Government also obtained, apparently

---

[1] *See e.g.*, "To date, we have provided you with material that exceeds our obligations under the various discovery rules and doctrines." [Doc. 86-2 – June 21, 2022 from Government counsel to defense counsel]

without any notice to the individuals involved, subpoenas for the personal telephone records of one of Mr. Bannon's key financial advisors[2] and for another person whose connection to the Defendant is yet to be revealed by the Government.[3]

All of these records were subpoenaed by this same Government team during the same time frame as the Costello records. They were provided to the Government by T-Mobile on November 16th and November 17th, 2021, and clearly were in the Government's possession all during the litigation in this case surrounding the intrusive use of subpoenas. The Government's purported excuse for seeking Mr. Costello's records was that it wanted to determine whether Mr. Costello provided a copy of the Committee's subpoena to Mr. Bannon.[4] It is hard to imagine the justification the Government will offer for seeking the personal phone records produced on July 8, 2022. But, whatever that justification, it is outrageous that after all the discussion about this inexcusably intrusive conduct, the Government is only now, some eight months after the fact and on the eve of trial, disclosing this information. Mr. Bannon respectfully requests an opportunity

---

[2] Government counsel acknowledge in a letter that accompanied this late discovery that the numbers for which they subpoenaed records "do not appear to be associated with (Mr. Bannon)…" during the time period for which they obtained them by subpoena; but they "believe (the phone numbers) may have been associated with him at some point …." [July 8, 2022 cover letter from Government counsel]. That is truly troubling once again.

The records provided on July 8th for this financial advisor include 29 pages of T-Mobile personal telephone use, from September 22, 2021 through October 21, 2021. The subpoenaed records the Government obtained reflects the numbers to which all calls were made and from which all calls were received, IMSI and IMEI numbers and more.

[3] The records provided on July 8th for this person include 61 pages of similarly detailed private phone call information.

[4] *See e.g.*, March 16, 2022 Hearing Tr. at 11-13.

to fully explore the matter and this further supports his motion for a continuance. There is no excuse for this prejudicial late disclosure.

### Late Disclosure Of The Close Personal Relationship Between The Key Government Witness And The Prosecutor

Secondly, in their production on the evening of July 8, 2022, Government counsel for the first time has advised that the Government's key fact witness, Kristin Amerling – a primary witness in obtaining the indictment and a witness the Government intends to call at trial apparently to testify to all relevant events underlying the charges in this case[5] - has a longstanding relationship with one of the lead prosecutors, AUSA Gaston.

The Government disclosed on July 8, 2022 that Ms. Amerling and AUSA Gaston worked together for a period of four years on the same Congressional Committee staff and were also members of a book club. No other details have been provided. No information has been provided as to whether the grand jury was advised of this relationship. More than six months ago, the defense requested bias information. The defense is entitled to such information. Again, there is no excuse for this late disclosure of information that was known at the time of the indictment.

The relevant question here is why did the Government wait until the evening of Friday, July 8, 2022, to disclose well over a hundred pages of documents and new information that ought to require investigation, consistent with providing effective assistance of counsel? Certainly the relationship with AUSA Gaston has been known since Ms. Amerling was first interviewed as a key fact witness in this case and the Government has had the telephone records since November

---

[5] As the Court is aware from the prior motions in this case, Ms. Amerling was the point person for communications between Mr. Costello and the Select Committee.

of 2021 and the subject of its abusive use of subpoenas in this misdemeanor case has been the topic of a good deal of discussion before the Court.

### Late Disclosure Of FBI Documents

Also on July 8, 2022, the Government produced typewritten reports from FBI agent Stephen Hart, with such notes having been generated in November of 2021 which must now be compared to notes from FBI agent D'Amico produced in the normal course of discovery to determine any inconsistencies. [US-002305]. This is purportedly being disclosed now as "Jencks" material; but it should have been produced earlier with the other notes of interview concerning Mr. Costello and no excuse is provided for the failure to produce this material with the other agent's notes earlier in the case. Additionally, this agent's pages of handwritten notes concerning the June 29, 2022, interview are provided.

Mr. Bannon is providing this information now because the Government only produced it after the Motion To Continue Trial was fully briefed.

Dated: July 10, 2022

Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
400 East Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

   /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586

Email: schoenlawfirm@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of July, 2022, a copy of the foregoing Supplement was filed through the Court's CM/ECF system and was served *via* electronic delivery on counsel of record.

      /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)