UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 21-cr-670 |
| v. : | |
| : | |
| STEPHEN K. BANNON, : | |
| : | |
| **Defendant.** : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S SUPPLEMENT TO MOTION TO CONTINUE TRIAL

The Defendant now attempts to manufacture yet another reason to continue trial in this case by claiming he has received "late" discovery. ECF No. 103. Specifically, the Defendant complains that on July 8, 2022, the Government provided him an almost entirely verbatim copy of the content of an FBI-302 he received in January 2022, *id*. at 5; informed him that a witness the Government has decided to call in its case-in-chief worked with one of government counsel over a decade ago, *id*. at 4-5; and provided phone records that the Defendant concedes are irrelevant to this case, *id*. at 2-3. The Defendant's new pretext for avoiding facing a jury should be rejected.

The Court's scheduling order required the Government to provide all Jencks material as to each witness it expects to call in its case-in-chief and any remaining *Brady* material not already disclosed by July 8, 2022. The Defendant proposed that deadline, the Court ordered it, and the Government complied. The Defendant has failed to show why the deadline he requested does not provide him adequate time to consider and act upon the information and material the Government provided. First, he asserts that the Government provided a typewritten report by the FBI witness it plans to call in its case-in-chief of an interview with Robert Costello—clear Jencks Act material—too late because he has to compare it to what already was provided. The typewritten report about which he complains, however, attached here as Exhibit 1, is an almost verbatim copy

of the FBI-302 report the Government provided to the Defendant in January 2022, *see* ECF No. 28-4 at 1-10. The "inconsistencies" about which the Defendant complains consist of differences like referring to the former President as just "TRUMP" in one version, *see, e.g.*, Ex. 1 at US-002305 ("After learning of the lawsuit filed by the attorneys for TRUMP."), and referring to him as "former President TRUMP" in the other, *see* ECF No. 28-4 at 2 ("After learning of the lawsuit filed by the attorneys for former President TRUMP."). The Government provided the copy as Jencks material of a witness it plans to call in its case-in-chief. There was no other basis on which it was discoverable.

In his effort to create panic, the Defendant also mischaracterizes the information the Government provided relating to Kristin Amerling. As the Government informed the Defendant on July 8, she and Ms. Gaston worked together over a decade ago and were in a book club that Ms. Gaston has not attended in almost two years. At no point did the Government represent that Ms. Amerling and Ms. Gaston have a close personal relationship, because they do not. Because the Government has now decided to call Ms. Amerling in its case-in-chief, the Government provided this background even though its value as potential grounds for cross-examination is marginal at best. In any event, it was provided in accordance with the scheduling order and in plenty of time for the Defendant to attempt to make use of it at trial.

Finally, the Defendant asserts that he needs more time to prepare for trial because the Government has provided him with phone records apparently relating to two individuals who have nothing to do with this case. As the Government informed the Defendant when it provided the records, it was not clear to the Government that the records were related to the Defendant, but because the Government had information that the phone numbers were associated with the Defendant at some point, it was providing them out of an abundance of caution. In fact, when the

2

Government provided the records to the Defendant, it designated them "Sensitive" under the Protective Order out of concern that they were not the Defendant's phone numbers and otherwise would be improperly disseminated to the media like prior information relating to unrelated parties has been in this case after it was provided to the Defendant. *See* ECF No. 36-1 at 5-6. Here, the phone numbers at issue were listed as being used by the Defendant in law enforcement databases, leading the Government to obtain records for the numbers for the relevant time period. Once the Government received the records, the information in the records appeared to indicate that the numbers were no longer used by the Defendant.[1] Accordingly, the Government did not believe they were relevant to the case. The Defendant has now confirmed that they are not. They are thus not Rule 16 material, they are not *Brady* or *Giglio* material, and they are not Jencks Act material. Concededly irrelevant records cannot possibly provide a basis for delaying trial.

The Defendant's latest basis for a continuance should be rejected, and his continued efforts to avoid trial in this matter should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Amanda R. Vaughn*
J.P. Cooney (D.C. 494026)
Molly Gaston (VA 78506)
Amanda R. Vaughn (MD)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1793 (Vaughn)
amanda.vaughn@usdoj.gov

---

[1] The subscriber data alone did not necessarily indicate the numbers were not used by the Defendant because evidence obtained in the investigation indicates he uses numbers subscribed under other individuals' names.