UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-670 |
| v. | : | |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| Defendant. | : | |

## PROPOSED STATEMENT OF THE CASE

The parties agree on the following statement of the case, with the exception of the concluding sentence(s). The parties' proposals for the concluding sentence(s) are identified below the agreed statement with objections.

### Agreed Statement of the Case

The indictment in this case charges the Defendant, Stephen K. Bannon, with two counts of contempt of Congress. In 2021, the Select Committee to Investigate the January 6th Attack on the U.S. Capitol, a committee of the U.S. House of Representatives, was conducting an investigation into the January 6, 2021, attack on the U.S. Capitol. According to the indictment, on September 23, 2021, the Select Committee issued a subpoena to the Defendant directing him to provide various records relating to its investigation by October 7, 2021, and to appear and give testimony at a deposition on October 14, 2021.

### Government's Proposal for Concluding Sentence

The indictment alleges that the Defendant did not appear as required to provide testimony on October 14, 2021, and did not produce records as required by October 18, 2021, and that his failure to comply was deliberate and intentional.

**Defense's Objection:** The defense objects to the removal of the statutory language of 2 U.S.C. § 192, and further requests a sentence explaining the Government's burden of proof in this case.

**Defendant's Proposal for Concluding Sentences**

The October 7, 2021 deadline for producing documents was later moved to October 18, 2021.  The indictment alleges that Mr. Bannon willfully defaulted by not providing testimony on October 14, 2021, and by not producing documents by October 18, 2021.  The statements in the indictment are only allegations. At trial, the Government has the burden of proving these allegations beyond a reasonable doubt.

**Government's Objection:**   The Government does not believe the first statement is an accurate factual recitation.  In addition, "willfully defaulted" will not meaningfully explain the offense to the jury.  Instead, describing the nature of the default in layman's terms, such as the "deliberate and intentional" proposed by the Government and cited throughout the caselaw as the definition of "willful," will better inform the jury of what it is they will be asked to judge.  The Government also believes that the proposed voir dire sufficiently gauges the jurors' ability to follow the law with respect to the Government's burden and does not need to be included in a description of the allegations.