# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 21-cr-670** |
| **v.** : | |
| : | |
| **STEPHEN K. BANNON,** : | |
| : | |
| **Defendant.** : | |

## PROPOSED VOIR DIRE

The parties jointly proposed voir dire is below, followed by voir dire questions on which the parties disagree. The parties propose the following voir dire with the understanding that, depending on the venire's answers, follow-up through individual voir dire may be required.

**Jointly Proposed Voir Dire**

Knowledge of the Parties and Other Jurors

1. The United States is represented in this case by Assistant United States Attorneys Amanda Vaughn and Molly Gaston. They will be assisted in this trial by Quiana Dunn-Gordon. Are you personally acquainted with, do you have any connection to or association with, or have you had any contact with Ms. Vaughn, Ms. Gaston, or Ms. Dunn-Gordon?

2. The Defendant is represented by David Schoen and Evan Corcoran. Are you personally acquainted with, do you have any connection to or association with, or have you had any contact with Mr. Schoen or Mr. Corcoran?

3. The Defendant is Stephen K. Bannon. Are you personally acquainted with, do you have any connection to or association with, or have you had any contact with Mr. Bannon?

4. The following is a list of individuals that may testify in this case. [LIST OF POTENTIAL WITNESSES]. Are you personally acquainted with, do you have any connection to or association with, or have you had any contact with any of these individuals?

5. Please look around you. Do you know or recognize any other member of the prospective jury panel, any member of the courtroom staff, or me?

Knowledge of the Case

6. Is there anything about the nature of the charges in this case or the parties involved that would prevent you from deciding this case fairly?

7. Have you heard, seen, or read anything, from any source, about this case?

    a. If you have heard, seen, or read anything about this case, have you formed any opinions about this case based on what you have heard, seen, or read?

    b. If you have heard, seen, or read anything about this case, is there anything about your knowledge of this case that would prevent you from following the Court's instructions and reaching a verdict based solely on the evidence presented during the trial?

8. Have you ever written or said anything for public consumption about the Defendant, the U.S. House Select Committee to Investigate the January 6th Attack on the U.S. Capitol, or the Committee's investigation? For purposes of this question, writings or statements for public consumption include blog posts, articles, podcasts, or posts on any internet sites that are accessible to the general public.

9. During the pendency of this trial, I will instruct you not to watch, read, or listen to any news, commentary, or online postings related to this case, including from newspapers, television, radio, podcasts, social media, or anything else on the internet. Would you have any trouble following that instruction?

Case-Specific Questions

10. Have you, a family member, or anyone close to you ever worked for or provided services to the U.S House of Representatives, U.S. Senate, or any government agency affiliated with the legislative branch?

11. Have you, a family member, or anyone close to you ever been subpoenaed by or asked by Congress or any congressional committee to testify or provide records?

12. Have you, a family member, or anyone close to you ever been required by any government agency, court, or law enforcement entity to provide records, statements, or testimony in any matter?

13. You will hear and see evidence in this case that the Defendant was subpoenaed for testimony and records by the U.S. House of Representative's Select Committee to Investigate the January 6th Attack on the United States Capitol. Have you heard, seen, or read anything, from any source, about the Select Committee or its investigation?

14. If you are familiar with the Select Committee or its investigation, do you have any beliefs or opinions about the Select Committee, its investigation, or Congress more generally that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

15. The Select Committee has been holding hearings concerning events at the U.S. Capitol on January 6, 2021.  Have you watched or read coverage of those hearings?

16. Do you have any beliefs or opinions about the Defendant, Stephen Bannon, or anyone associated with him, that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

17. As you sit here, do you have an opinion about the Defendant's guilt or innocence in this case?

Experience with the Legal System and U.S. Government

18. Have you, a family member, or anyone close to you ever studied law or worked in the legal profession in any way, including as a lawyer, paralegal, assistant, or investigator, and including in a prosecutor's or defense attorney's office, or in a courthouse?

19. Have you, a family member, or anyone close to you ever been the subject of a criminal investigation or accused of, arrested for, or charged with a crime?

20. Have you, a family member, or anyone close to you ever been the victim of or a witness to a crime, regardless of whether that crime was reported to law enforcement, or testified in court or before a grand jury as a witness to a crime?

21. Have you ever served on a grand jury?

22. Have you ever served as a juror in a civil or criminal trial in either federal, state, or local court?

23. If you have ever served on a grand jury or as a juror in a civil or criminal trial, was there anything about your service that might affect your ability to serve fairly and impartially as a juror at this trial?

24. Have you, a family member, or anyone close to you ever been employed by any local, state, or federal law enforcement agency, or private security company? Law enforcement agencies include, for example, the D.C. Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco Firearms, and Explosives, and the United States Capitol Police.

25. Do you have any beliefs or opinions about law enforcement officers that would affect your ability to fairly and impartially evaluate the credibility of a law enforcement officer, like any other witness, simply because he or she is a law enforcement officer?

26. Have you had any dealings with the United States Government in which you feel the government did not give you fair treatment?

27. Do you have any beliefs or opinions about the United States Attorney's Office, the U.S. Department of Justice, criminal defense attorneys, the Federal Bureau of Investigation, any other law enforcement agency, or the government generally that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

28. You may hear testimony from witnesses who are elected officials or government staff. Would you tend to believe or not believe the testimony of a witness simply because he or she is an elected official or government staff? In other words, would you tend to give more or lesser weight to the testimony of an elected official or government staff than to the testimony of other witnesses?

<u>Ability to Serve and Deliberate</u>

29. The prosecution has the burden of proof. This means that the jury cannot return a guilty verdict against a defendant unless the prosecution has proven beyond a reasonable doubt that the defendant is guilty of the crime charged. Would you have any difficulty accepting and applying this legal instruction?

30. Every defendant in a criminal trial is presumed innocent and, therefore, has no obligation to testify or present any evidence in the case. Would you have any difficulty accepting and applying this legal instruction?

31. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally

       satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

32. I will instruct you on the law you must follow in rendering a verdict in this case. Is there anything that would prevent you from following the law as I instruct?

33. Is there anything about your political beliefs or affiliations that would prevent you from following the law as I instruct you or reaching a verdict based solely on the evidence you receive during the trial?

34. Do you have any difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case?

35. Are you taking any medications or do you have any physical condition that could make it difficult for you to sit as a juror and give your full attention to the trial and the evidence in this case?

36. Do you feel so uncomfortable being in a room with other jurors and trial participants, due to the COVID-19 pandemic that it would be difficult for you to pay attention or otherwise to serve as a juror in this case?

37. Are you currently caring for a relative or close friend who has been infected by, or exposed to a person infected with, COVID-19, such that it would be difficult for you to pay attention or otherwise to serve as a juror in this case?

38. Do you have any difficulty speaking, understanding, reading, or writing the English language?

39. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person in a criminal trial?

40. Can you think of any other matter that might have some bearing on your ability to serve as a juror or your ability to render a fair and impartial verdict based solely on the evidence and my instructions on the law?

**Voir Dire Proposed by the Government to Which the Defendant Objects**

1. The parties anticipate the trial will last approximately three to four days. Would jury service on a matter of that length cause a severe and unavoidable hardship to you?

    **Defendant's Objection to Government Proposed Question 1:** This matter is scheduled for two weeks on the Court's calendar. The defense believes that this is a good estimate. We believe that it is preferable to provide jurors with an accurate estimate of the trial length, so that they can assess whether service would present a hardship based upon their own commitments.

2. Are you familiar with the War Room podcast hosted by the Defendant?

    **Defendant's Objection to Government Proposed Question 2:** Question is fully covered by Question No. 16.

    **Government's Response:** The question is not covered by Question 15, which focuses on biases the members of the venire may have against the Defendant. This proposed question, however, focuses on the potential jurors' exposure to the podcast, which has included the Defendant's and his guests' public and extensive commentary on the government, the Select Committee, its subpoena to the Defendant, and other topics that could lead a juror to have formed opinions that would affect his or her ability to be impartial and to follow the law.

**Voir Dire Proposed by the Defendant to Which the Government Objects**

1. During this trial, you will hear about a certain location in Washington, D.C., the United States Capitol. Do you, any member of your family, or a close friend, live or work near the immediate area of the United States Capitol.

2. Were you, any member of your family, or a close friend present sat the U.S. Capitol on January 6, 2021?

3. Do you have such strong feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021, and about the individuals present at the U.S. Capitol during those events that it would be difficult for you to serve as a fair and impartial juror in this case?

   **Government's Objection to Defense Proposed Questions 1 through 3:** Defense counsel informed the Government that these questions are from voir dire proposed by the parties in *United States v. Anthony Williams*, Case No. 21-cr-377 (BAH), in which the defendant was charged with various offenses relating to his participation in the January 6 breach of the Capitol. Since the jurors will not be hearing details about specific assaults conducted on January 6, as they did in *Williams* and other January 6 breach prosecutions, the Government believes these questions are not relevant to the case at hand.

   **Defendant's Response:** Juror views on the events of January 6, 2021, are relevant to evaluating juror bias given the scope of the investigation of the Select Committee. Jurors opinions on, and personal experiences with the events of January 6, 2021 are relevant to evaluating juror bias even if the substantive facts of January 6 are not specifically at issue in this trial.

4. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021 from any source, and no matter what opinions you may have formed, will you have any difficulty putting that aside, following the law as I explain it to you, and deciding the case in a fair and impartial manner based solely on the evidence presented in court?

   **Government's Objection to Defense Proposed Question 4:** Defense counsel informed the Government that this question is from voir dire proposed by the parties in *Williams* as well. The question appears aimed at gauging publicity about January 6 generally. Since the jurors will not be hearing details about specific assaults conducted on January 6, as they did in *Williams* and other January 6 breach prosecutions, the Government believes this question is not necessary to elicit whether jurors have formed opinions about the Defendant's contempt charges since the voir dire already includes several questions focused on the effect of publicity about the Select Committee and the Defendant.

5. Mr. BANNON is a former advisor to President Donald J. Trump. Do you, your spouse or partner, or your family have any political beliefs that might prevent you from sitting in judgment of another person because that person's political beliefs are the same or different from your own?

6. You may hear testimony from elected officials or government staff with the same or different political beliefs from your own. Would you tend to believe or not believe the testimony of a witness simply because his or her political beliefs are the same or different from your own?

**Government's Objection to Defense Proposed Questions 6 and 7:** These questions improperly suggest to the jury that politics will be at issue in this case, is relevant to witness's testimony, and is something the jurors are to consider in reaching a verdict. The proposed voir dire already includes several questions to determine whether an individual's personal beliefs will prevent them from judging the evidence fairly and following the law.

**Defendant's Response:** Unlike many other cases, the political beliefs of the potential witnesses in this case are highly publicized. Indeed, many of these potential witnesses are representatives of their chosen political party. Given the nature of this case, questions probative of a potential juror's political biases are necessary to determine juror bias for or against the defendant, and whether the potential juror would use political affiliation as a factor in their determination of a witness's credibility.

7. The lawyers have predicted that the presentation of evidence in this trial should last about two weeks, but it could run longer. The jury will sit Monday through Friday, generally from 9:00 a.m. to 5 p.m., although the starting and ending times may vary. The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself. Do you have an urgent or extremely important matter to attend to this week such that you could be faced with a hardship if selected to serve on the jury in this case?

**Government's Objection to Defense Proposed Question 7:** The Government does not believe there is a basis to inform the jury that this case could last two weeks or "could run longer." The Government has informed the Defendant that it intends to call only up to three witnesses and that it expects its case-in-chief to last about one day. The Government is concerned that by over-estimating the time for trial so extremely, it could result in jurors being excluded who otherwise would be eligible for service. In addition, suggesting the case could last two weeks also prejudices the Government by suggesting to the jury that the issues it must decide about whether the Defendant showed up are unduly difficult.

8. If you have watched or read coverage of the Select Committee's hearings, will you have any difficulty putting aside any opinions you may have formed about the people involved in those events, following the law as I explain it to you, and deciding the case in a fair and impartial manner based solely on the evidence presented in court?

**Government's Objection to Defense Proposed Question 8:** Questions posed in the voir dire already address potential juror's views of the Defendant and explore the extent to which they have been exposed to the hearings. The Government does not believe potential jurors' views of other individuals who may have participated in the January 6 attacks are relevant to this case and the question confusingly suggests that the jurors views of other, unrelated individuals may somehow bear on the evidence in this matter.

**Defendant's Response:** Questions that specifically address the ongoing televised Select Committee hearings are necessary to accurately assess whether Mr. Bannon has been unfairly prejudiced by the pretrial publicity precipitated by the Select Committee hearings. The defense therefore requests a voir dire question that specifically addresses the news coverage related to the ongoing Select Committee hearings.