# Exhibit 1

**BENNIE G. THOMPSON, MISSISSIPPI**
**CHAIRMAN**

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
*LIZ CHENEY, WYOMING*
*ADAM KINZINGER, ILLINOIS*



U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225-7800

### One Hundred Seventeenth Congress
### Select Committee to Investigate the January 6th Attack on the United States Capitol

October 8, 2021

Mr. Robert J. Costello
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, NY 10158

Dear Mr. Costello,

I write in response to your October 7, 2021 letter which states that your client, Stephen Bannon, is "legally unable to comply" with the September 23, 2021 subpoena (the "Subpoena") issued by the Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee"). Your letter relies on an apparent instruction from former President Donald Trump that appears limited to requesting that Mr. Bannon not disclose privileged information. Despite this limited instruction, your letter takes the inappropriate position that Mr. Bannon will not comply with any request for information or testimony sought by the Select Committee. Moreover, Mr. Trump's stated "intention to assert those executive privileges" that may or may not belong to him, does not provide a legal basis for Mr. Bannon's refusal to comply with the Subpoena.

You accepted service of the Subpoena for documents and testimony on Mr. Bannon's behalf on September 24, 2021. The Subpoena required that, by October 7, 2021 at 10:00 a.m., Mr. Bannon produce certain documents and other records referring or relating to the matters described in the Subpoena's schedule.  All the requested documents relate directly to the inquiry being conducted by the Select Committee, serve a legitimate legislative purpose, and are within the scope of the authority expressly delegated to the Select Committee pursuant to House Resolution 503. In the letter accompanying the Subpoena, the Select Committee set forth the basis for its determination that the documents and records sought by the Subpoena and Mr. Bannon's deposition testimony are of critical importance to the issues being investigated by the Select Committee.

Your letter indicates that the sole basis for defiance of the Subpoena is Mr. Trump's "direction" to your client and his decision to "honor [Mr. Trump's] invocation of executive privilege." That position has no basis in law, and your letter does not cite any statute, case law, or other legal precedent for support.

*First*, virtually all the documents and testimony sought by the Subpoena concern Mr. Bannon's actions as a private citizen and involve a broad range of subjects that are not covered by executive privilege.  You have provided no basis for Mr. Bannon's refusal to comply with

**Jan. 6 Sel. Comm. 0013**

Mr. Robert J. Costello
Page 2

those portions of the Subpoena not covered by any privilege. Furthermore, blanket assertions of the deliberative process and attorney-client privileges, such as those apparently requested by Mr. Trump, have been rejected by courts as "unsustainable" even when—unlike the situation with Mr. Bannon—the subpoena recipient is an Executive Branch agency. *See Comm. on Oversight and Gov't Reform v. Holder*, 2014 WL 12662665, at \*2 (D.D.C. 2014) (rejecting DOJ's assertion of deliberative process privilege on all documents after a particular date and noting that the "Attorney General has not cited any authority that would justify this sort of blanket approach").

*Second*, the Select Committee has not received any assertion, formal or otherwise, of any privilege from the Mr. Trump. Even assuming that, as a former President, Mr. Trump is permitted to formally invoke executive privilege, he has not done so. At most, Mr. Trump has "announced his intention to assert those executive privileges." The Select Committee is not aware of any legal authority, and your letter cites none, holding that the mere intention to assert a privilege absolves a subpoena recipient of his duty to comply.

*Third*, your letter indicates that Mr. Trump has requested that your client "to the fullest extent permitted by law … not provide any testimony concerning privileged material in response to the Subpoena." Even if your client had been a senior aide to the President during the time period covered by the contemplated testimony, which he was most assuredly not, he is not permitted by law to the type of immunity you suggest that Mr. Trump has requested he assert. To the contrary, every court that has considered the absolute immunity Mr. Trump alludes to has rejected it. *See, e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Comm. on the Judiciary v. Miers*, 558 F. Supp. 2d 53, 106 (D.D.C. 2008) (rejecting former White House counsel's assertion of absolute immunity from compelled congressional process). *Miers* made clear that even the most senior Presidential advisors may not resist a congressional subpoena "based solely on their proximity to the President." *Id.* at 101 (citing *Harlow*, 457 U.S. at 810).[1] If there is no absolute immunity for senior Presidential advisors, then there certainly can be no such immunity for private citizens, such as Mr. Bannon, who occasionally communicate with the President on non-official, non-governmental, or campaign-related matters.

Regardless of any purported privilege assertion by Mr. Trump, Mr. Bannon has an ongoing obligation to produce documents to the Select Committee. Accordingly, please produce all responsive documents and records identified in the Subpoena. Should Mr. Bannon seek to withhold specific responsive documents, consistent with the Subpoena instructions, he must provide the Select Committee with a privilege log that "identifies and describes the material in a manner 'sufficient to enable resolution of any privilege claims.'" *See Comm. on Oversight*, 2014 WL 12662665 at \*2 (quoting *Miers*, 558 F. Supp. 2d at 107). Such a privilege log should, at a minimum, provide the author(s) and recipient(s), indicate the general subject matter of each document being withheld, and the specific basis for withholding it.

---

[1] It is also worth noting that the court in *Miers* rejected the former White House Counsel's claim of absolute immunity from congressional testimony even though the sitting President had formally invoked executive privilege. *Id.* at 62.

Mr. Robert J. Costello
Page 3

Finally, the Select Committee expects Mr. Bannon's appearance at the time and place designated in the Subpoena for a deposition and respond fully to questions by the Select Committee. If there are specific questions at that deposition that you believe raise privilege issues, Mr. Bannon should state them at that time for the deposition record for the Select Committee's consideration and possible judicial review.

Please be advised that the Select Committee will view Mr. Bannon's failure to respond to the Subpoena as willful non-compliance with the Subpoena. His willful non-compliance with the Subpoena would force the Select Committee to consider invoking the contempt of Congress procedures in 2 U.S.C. §§ 192, 194—which could result in a referral from the House to the Department of Justice for criminal charges—as well as the possibility of having a civil action to enforce the Subpoena brought against Mr. Bannon in his personal capacity.

Sincerely,

Bennie G. Thompson
Chairman