UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-670 |
| v. | : | |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S RENEWED MOTION TO CONTINUE TRIAL DUE TO PRETRIAL PUBLICITY

In his fourth filing within two weeks in pursuit of a continuance, the Defendant renews his request based on pretrial publicity. But neither of the examples of publicity that the Defendant cites in his motion bears on this case—the Defendant's contempt of Congress—nor is it the kind of sensational, circus-like prejudicial coverage required to find we will be presumptively unable to seat an impartial jury. As the Court stated on July 11, 2022, the appropriate way to address the Defendant's concerns about pretrial publicity is through voir dire.

The Defendant's motion identifies two new publicity items. First, the Defendant reports that during a daytime Committee hearing, a Committee member stated that on January 5, 2021, the Defendant, a "close adviser" of former President Trump, exchanged at least two phone calls with the former President, and then the Committee played a clip from the Defendant's own words on his podcast on January 5, 2021, stating that "All hell is going to break loose tomorrow" and associated comments. *See* ECF No. 108 at 4. Next, the Defendant reports that CNN, a cable news network, will run an hour-long "special report" on the Defendant on July 17, 2022. Although it is not clear from the Defendant's description what exactly the "special report" will entail, it appears it involves the Defendant's "master plan to reshape the U.S. government and the Republican Party

and indeed the United States"—that is, an examination of the Defendant's role as a political consultant, not his contempt of Congress case. *Id*. at 5.

The Defendant's dramatic characterizations aside, there is no evidence that either piece of publicity results in a presumptively prejudiced venire. Although the Defendant claims that it was the Committee's narrative, at its hearing, that "Mr. Bannon was an extremist," that is not what the Committee members said about the Defendant. And it is unclear whether the Committee's hearing—which occurred during the work day and of which the Defendant was not a particular focus—would have reached members of the jury pool. Indeed, it appears that even the defense did not watch the hearing in real time, and it is not clear from his pleading how he even learned of the mention of himself—whether he sought it out or learned about it from some other source. *See* ECF No. 108 at 3 ("The defense learned today that the July 12, 2022, televised Committee hearing did indeed feature Mr. Bannon"). Indeed, Government counsel did not know the Defendant had been mentioned at the hearing until the Defendant filed his pleading. And the "special report" that the Defendant's motion cites does not appear to be related to January 6 or the Committee and is set to be broadcast on a specialized cable news network. Moreover, the Defendant's claims about the "special report" are premised on the assumption that all of the citizens of the District are as focused on niche political coverage on cable news networks as the Defendant. The Government expects that this assumption will be proven wrong during voir dire.

As the Court stated at the hearing on July 11, 2022, voir dire is the proper way to determine whether prospective jurors are prejudiced by any of coverage they have seen—to the extent they have seen anything relating to the Defendant—or indeed, whether they even know who the Defendant is. Several questions in the parties' jointly prepared voir dire will address these issues. *See, e.g.*, ECF No. 106-2 at 3 (asking multiple questions related to the Select Committee and

whether jurors have seen its hearings or read coverage of them, whether jurors have seen or heard anything about this case, and whether they hold any opinions of the Defendant biasing them). The Defendant does not explain why such questions are insufficient, and offers no basis for his extraordinary claims that the Court will have to "engage in individual sequestered voir dire" and "introduce the existence" of the "special report" to potential jurors. *See* ECF No. 108 at 7. The Court should not accept the Defendant's invitation to introduce the jury pool to extraneous information about the Defendant that they did not previously know and should conduct voir dire in the normal course, as planned. The Government anticipates that the Defendant's concerns are overblown, but if they are not, voir dire will bear that out. *See* 7/11 Tr. at 144-145 ("[T]he correct mechanism at this time for addressing [concerns regarding pretrial publicity] is through the voir dire process. It may very well be that, in light of the ongoing Select Committee hearings, that we will be unable to pick a jury, though I find that unlikely. But should that be the case, the motion may be renewed again then.").

The Defendant's renewed motion for a continuance should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Amanda R. Vaughn*
J.P. Cooney (D.C. 494026)
Molly Gaston (VA 78506)
Amanda R. Vaughn (MD)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1793 (Vaughn)
amanda.vaughn@usdoj.gov