IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 21-670 (CJN) |
| v. : | |
| STEPHEN K. BANNON, : | |
| *Defendant*. : | |

**REPLY TO OPPOSITION TO RENEWED MOTION TO CONTINUE TRIAL DUE TO PRE-TRIAL PUBLICITY**

Defendant Stephen K. Bannon, by and through his undersigned counsel, files this Reply to the Government's Opposition [Doc. 111] to his Renewed Motion to Continue Trial Due to Pre-Trial Publicity [Doc. 108].

In its Opposition, the Government first notes that this is Mr. Bannon's fourth filing in two weeks related to seeking a continuance of the trial date [Doc. 111 at 1]. To be clear, consistent with our obligations to our client and the independent duty each participant in this process has to ensure its integrity, undersigned counsel intend to continue to make a record in this Court as to relevant examples of pre-trial publicity that we believe irretrievably prejudices his Fifth and Sixth Amendment rights to a fair trial.

The Government next argues that the pre-trial publicity Mr. Bannon cites in his renewed motion regarding the July 12, 2022 public hearing, which includes a focus on him, his rhetoric, his role as a "close advisor" in former President Trump's "inner circle," who was in repeated

telephone contact with former President Trump close in time to the events of January 6th, during a show/hearing with a stated purpose of exposing the "extremists" close to former President Trump who were responsible for the "incitement" that led to the January 6 events, should be dismissed in considering any pre-trial publicity because neither it nor the inflammatory CNN piece cited in the Renewed Motion was directed toward his contempt of Congress case [Doc. 111 at 1-2].

By the Government's logic, if the hearings characterized Mr. Bannon as the principle architect of the January 6, 2022 events, directly responsible for what the Committee characterizes as an "insurrection" and if the CNN piece portrayed Mr. Bannon as a traitor, a serial killer, and a supporter of terrorism, the Court need not trouble itself about any such pre-trial publicity prejudicing a jury pool, because neither program referred specifically to his misdemeanor contempt of Congress case.  One might fairly suggest that logic does not actually reflect the nature of the concerns at issue for an examination of the prejudicial impact of inflammatory pre-trial publicity on a potential juror's possible pre-determined views of a defendant.  As an aside, while Chairman Thompson still has not responded to Mr. Costello's letter reflecting the withdrawal of executive privilege, Mr. Bannon's ability to comply with the subpoena now, and his request for the Chairman to contact him to work out a time for Mr. Bannon's testimony, Chairman Thompson has found it appropriately to conduct media interviews, as recently as on July 13, 2022, expressly to discuss Mr. Bannon's contempt of Congress case, notwithstanding the Chairman's invocation of privilege to avoid testifying at Mr. Bannon's trial pursuant to a subpoena undersigned counsel served on Chairman Thompson.

The idea that the Court should dismiss inflammatory pre-trial publicity because it does not focus on the contempt of Congress charge finds not authority in the law and, of course, none

is cited by the Government.  In fact, it is actually these sorts of highly inflammatory portrayals of the defendant about to start his trial, on subjects that specifically would not be admissible in evidence, both because they are not directly relevant to the charges and because they are so highly prejudicial, that often is a Court's primary concern.  *See e.g., Marshall v. United States*, 360 U.S. 310 (1959) (reversing conviction because of two newspaper articles that ran during the defendant's trial that mentioned some things from his past and about his wife that the trial judge had excluded from evidence because they were not directly relevant to the charged crimes and were inflammatory).

Next, the Government dismisses the CNN hour-long Special Report about Mr. Bannon called "Divided We Fall," scheduled to air multiple times, beginning in prime-time on July 17, 2022, and now being widely promoted, as apparently just an "examination of the defendant's role as a political consultant."  [Doc. 111 at 2].  Mr. Bannon would ask the Court to review the teaser, trailer, and narrative used to promote the piece, provided in the Renewed Motion [Doc. 108 at 5-6] to determine whether this is a fair characterization.  Mr. Bannon would also ask the Court to consider the new and enhanced trailer that CNN ran on July 13, 2022 (set out below) to promote its hour-long Special Report on Mr. Bannon the night before trial begins,  The Court get a sense from the video whether the thrust of the CNN piece is to examine Mr. Bannon's role as a "political consultant.[1]"

**CNN DOCUMENTARY TRAILER #2: JULY 13, 2022**

STEPHEN K. BANNON: We will govern for over 100 years.

PERSON 1: His vision is almost messianic.

---

[1] As for the Government's assertion that the piece has nothing to do with the contempt of Congress case, the trailer itself contains footage of Mr. Bannon on the day of his first appearance in this Court for the contempt of Congress charge.

PERSON 2: Bannon sees himself as the narrator in a grand conspiracy of his own devising.

NARRATOR: In rare interviews, CNN investigates the man and his master plan.
DREW GRIFFIN: What did Bannon bring to you?
BRAD PARSCALE: Bannon's calling the plays.

PERSON 3: He seems to have no limits.
NARRATOR: CNN special report. Steve Bannon. Divided we fall. Sunday at eight.

TVEyes Link: http://mms.tveyes.com/PlaybackPortal.aspx?SavedEditID=d70eb48b-a9bd-444b-9cfe-5a00f9fc840d

DropBox Link: https://www.dropbox.com/s/wn7yk2xwhokswe3/CNN_07-13-2022_20.46.08.mp4?dl=0

Finally, the Government asserts that Mr. Bannon has offered "no basis" for his "extraordinary claims" that individual sequestered voir dire should be conducted, if the Court is determined to go forward as scheduled. Government counsel asserts that, in any event, the matter of the "Special Report" should not be raised with prospective jurors and the Court should not accept the defense's "invitation to introduce the jury pool to extraneous information about the Defendant that they did not previously know …." [Doc. 111 at 3].

First of all, Mr. Bannon made no such "invitation." Secondly, Mr. Bannon certainly did provide a "basis" (and authority) for his contention that individually sequestered voir dire is in order and that there is a real danger if the jury pool is exposed to prejudicial information a juror have and might expose to the rest in a group voir dire. [Doc. 108 at 6-7].

If the case is going forward during this time of this cumulative pre-trial publicity concerning Mr. Bannon, the voir dire process would be virtually meaningless if it simply ignores the Special Report that is airing multiple times as a highly promoted CNN Special Report, the night before jury selection. A fundamental part of voir dire is to engage in a fully searching process on factors that might have led to prejudice or pre-determined judgments from extraneous factors, like television. We must know if potential jurors saw the Committee hearings or watched the CNN Special Report or its trailer. If one prospective juror mentions the CNN

Special report during "normal" group voir dire, as the Government refers to it, the entire rest of the pool could be tainted by now being exposed to something about which they otherwise might not have known. The subject cannot be ignored and might well be raised publicly if voir dire is conducted in a group. If a question about familiarity with Mr. Bannon elicits an affirmative response from someone in the jury pool, and if that familiarity comes in part from having seen him portrayed in a chilling Special Report the night before, saying so publicly poses a danger of tainting the entire pool. That is the basis for the concern raised in the Renewed Motion, and it is supported by the authority cited in the Renewed Motion. [Doc. 108 at 6-7 & notes 6 & 7].

Mr. Bannon reiterates his view that voir dire cannot cure the risk from the cumulative pre-trial publicity, exacerbated by the widely viewed and rebroadcast Committee hearings and now this CNN Special Report and promotional materials. Again, there is no reason for this trial to go forward as scheduled in light of the risk of prejudice and the readily available remedy of simply continuing the trial for a reasonable period of time, still within the average time frame for resolutions of criminal cases in this District, while appropriately prioritizing the concerns about the risk of prejudice. The trial should be continued for a modest period of time, to let the hearings finish and their contemporaneous broadcasts dissipate.

Dated: July 14, 2022   Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

  /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
400 East Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

   /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com


   /s/ Robert J. Costello
Robert J. Costello (*pro hac vice*)
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, New York 10158
Telephone: (212) 557-7200
Facsimile: (212) 286-1884
Email: rjc@dhclegal.com


*Counsel for Defendant Stephen K. Bannon*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of July 2022, a copy of the foregoing Reply to Opposition to the Renewed Motion To Continue Trial was served *via* the Court's CM/ECF system on registered parties and counsel.

      /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)