**EXHIBIT 1**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA          *          Criminal Action
                                  *
versus                            *          No. 12-291
                                  *
DAVID RAINEY                      *          Section N
                                  *
                                  *          June 1, 2015
* * * * * * * * * * * * * * * *


DAY 1, AFTERNOON SESSION
TRANSCRIPT JURY TRIAL BEFORE
THE HONORABLE KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE


Appearances:


For the United States:          U.S. Department of Justice
                                BY:  LEO R. TSAO, ESQ.
                                     ROBERT A. ZINK, ESQ.
                                400 Poydras Street, Suite 1000
                                New Orleans, Louisiana 70130


For David Rainey:               Jones Walker, LLP
                                BY:  MICHAEL W. MAGNER, ESQ.
                                201 St. Charles Avenue, Suite 5100
                                New Orleans, Louisiana 70170


For David Rainey:               Steptoe & Johnson, LLP
                                BY:  REID H. WEINGARTEN, ESQ.
                                     BRIAN M. HEBERLIG, ESQ.
                                     SCOTT ARMSTRONG, ESQ.
                                1330 Connecticut Avenue, N.W.
                                Washington, DC 20036

```
1   Official Court Reporter:        Toni Doyle Tusa, CCR, FCRR
                                    500 Poydras Street, B-275
2                                   New Orleans, Louisiana 70130
                                    (504) 589-7778
3

4

5   Proceedings recorded by mechanical stenography using
    computer-aided transcription software.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           **I N D E X**

2                                                    <u>PAGE</u>

3    Preliminary Instructions                          259

4    Motions                                           271

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                     **AFTERNOON SESSION**

03:18   2                     **(June 1, 2015)**

03:47   3         **THE COURT:**  Let me give you some general instructions

03:47   4  here.  I don't know whether there's much more that we can do

03:47   5  today because I have another matter with counsel to cover,

03:47   6  which you need not be concerned with.  But let me give you some

03:47   7  general instructions here today.

03:47   8         My job is to make sure that the jury pays

03:47   9  attention.  Please keep your eyes open during the trial.  If

03:47  10  you need a recess for any type of emergency, a personal

03:47  11  emergency, bathroom break, just so signal and we will try to

03:47  12  accommodate you.

03:47  13         As I indicated, the trial will proceed starting

03:47  14  at 8:30 in the morning.  We will take a midmorning break around

03:48  15  10:00 or 10:15 for about 10 or 15 minutes.  We'll take about an

03:48  16  hour for lunch.  Hopefully we can get you out of here a little

03:48  17  before noon so that you won't get caught up in any type of

03:48  18  crowd if you want to get lunch outside the building.

03:48  19         We will take a break about 3:00 or 3:15, and we

03:48  20  will conclude every day at 5:00 or a little before or after.

03:48  21  There may be some days where we finish early, like 4:30 or

03:48  22  4:15.  There may be a day when we ask you to go a few minutes

03:48  23  more, but it will not be longer than 5:15 or so unless we have

03:48  24  somebody on the stand that we want to finish, some business we

03:48  25  want to finish.

1    I will not keep you here until 6:00 or 7:00 at
2    night.  We will try to break at 5:00 or before.  That's my
3    commitment to you.  I know some of you are driving distances.
4    Some of you have parking.  We will have to give you some
5    information on parking -- which I sure wish we could
6    accommodate you on that, but the situation is as it is.
7         But I'm going to be sensitive to time in this
8    case, and I'd ask all of you-all to be very prompt.  I have
9    already warned the attorneys to make certain they are on time
10   and that their witnesses are on time so that there is as little
11   downtime in this case as possible.  I'm rather adamant that you
12   not be locked up in the jury room, which you're about to see,
13   longer than necessary.
14        I understand we are taking a break out of your
15   lives to sit in this case, and we are going to be very
16   deliberate in trying to get this case tried as quickly as
17   possible and as completely and fairly as possible.
18        I have no doubt that you as jurors -- and when I
19   make reference to jurors, I'm certainly referring to the
20   alternate jurors as well -- are mindful of your great
21   responsibilities and certainly aware that your conduct during
22   this trial will be observed by the Court, your fellow jurors,
23   the defendant, the attorneys for all the parties, and other
24   persons both inside and outside this courtroom.  I expect, and
25   your responsibility demands that you be extremely careful in

the manner in which you conduct yourselves, in order that no one may doubt that this case is being fairly and impartially tried and that, in the end, justice has been done.

For the same reason, the attorneys in this case, the defendant, the witnesses, and all others who are identified with or connected with this trial or its participants shall be equally careful in their conduct.

During the course of the trial, jurors will not engage -- or shall not engage or attempt to engage or have any conversations or communications of any kind whatsoever with any of the persons connected with this trial, including the defendant, any relatives or family, the attorneys for the government or the defendant, any witnesses or any other person identified with this trial.

And likewise, any person identified with this trial shall not engage or attempt to engage in any conversation or communication whatsoever with any juror. If this happens, I ask that you report it to me immediately.

Further, you as jurors should avoid allowing yourselves to be placed in a position, when outside of the courtroom, where discussions about this case may be being conducted by any of the parties to this trial.

Furthermore, the attorneys, the defendant, the witnesses, and other persons who may be observing the trial or are connected with it in any way must be particularly careful

not to discuss and shall not discuss the case where there is a
possibility that you, the jurors, may hear their remarks.  If
that occurs, again, I ask that you please notify me
immediately.

You should not take offense to the fact that
persons involved in this trial do not extend to you a friendly
greeting out in the hallway or wherever else you might happen
to cross paths.  The reason that such exchanges are not
permitted is because, although they may seem innocent enough,
they could, nonetheless, give the impression of a lack of
impartiality.  Creating an impression of being partial is as
bad as being biased, and that should be avoided.

I'd like at this time to give you the following
specific instructions:  During the course of the trial, you are
not to discuss this case with anyone.  That includes your
spouse, your children, your relatives, friends, strangers,
neighbors, anyone else you happen to come across during the
pendency of this trial.

Also, do not discuss this case among yourselves
until I have instructed you on the law and you have gone to the
jury room to make a decision at the end of the trial.
Otherwise, without realizing it, you may start forming opinions
before the trial is over and before the evidence has been fully
received.  It is important that you wait until all the evidence
is received and you have heard my instructions and the rules --

03:52  1    on the rules of law before you deliberate among yourselves.

03:52  2                    Let me also add that during the course of the

03:52  3    trial, you will receive all of the evidence you may properly

03:52  4    consider to decide the case.  Because of this, do not

03:52  5    attempt -- do not attempt to gather any information on your own

03:52  6    which you think might be helpful.  Do not engage in any outside

03:52  7    reading on this case.  Do not attempt to visit any places

03:53  8    mentioned in this case.  And do not, in any other way, try to

03:53  9    learn about this case outside of this courtroom.

03:53  10                   If any publicity about this case has come to

03:53  11   your attention before this moment, you must strike it from your

03:53  12   minds and completely disregard anything that has come to your

03:53  13   attention outside this courtroom.  This case is to be decided

03:53  14   only on the evidence and exhibits that have -- witness

03:53  15   testimony and exhibits that have been admitted here in this

03:53  16   courtroom.  It shall not be decided based upon anything that

03:53  17   occurs outside of the four walls of this courtroom.

03:53  18                   From this moment on, you are not to read any

03:53  19   newspapers or other accounts of this trial, nor are you to view

03:53  20   or listen to any television news or radio reports or other

03:53  21   accounts of this trial, including those available on the

03:53  22   Internet, transmitted by other means, including Twitter.  This

03:53  23   is necessary because your verdict, as I said, must be based

03:53  24   solely on the evidence presented in this trial and in

03:53  25   accordance with what you hear and see in this courtroom and in

accordance with the Court's instructions on the law applicable
to the case.

I recognize that many of you use cell phones,
BlackBerrys, the Internet, and other tools of technology or
social media.  However, you must not use these tools to
communicate electronically with anyone about this case.  This
includes your family and friends; and you may not communicate
with anyone about this case on your cell phone through e-mail,
BlackBerry, iPhone, text messaging, or on Twitter or through
any blog or website, through any Internet chat room or by way
of any other social networking websites, including Facebook,
Myspace, LinkedIn, and YouTube.

Finally, you are not to reach any conclusions in
this case until all of the evidence has been presented, the
Court has instructed you on the law applicable to this case,
and it is given to you for your deliberation and your decision.

If you wish, during the course of this trial,
you may take notes.  We will provide you with a notebook and a
pen.  You need not take notes; but if you choose to do so, you
may.  If you do take notes, please leave them on your chairs
when you leave at night and also when you leave during the
breaks.  You can leave it seated upon your seat.  Remember that
notes are for your own personal use.  They are not to be given
or read to anyone else.

In the morning when you arrive and during the

03:55
03:55
03:55
03:55
03:55
03:55
03:55
03:55
03:55
03:55
03:55
03:56
03:56
03:56
03:56
03:56
03:56
03:56
03:56
03:56
03:56
03:56
03:56
03:56
03:56

1   day when you are in the building and the Court is in recess for
2   any reason that the jury is not required to be in the
3   courtroom, I ask that you please go to and remain in the jury
4   room, which we're about to show you, under the direct
5   supervision of the United States marshal, until the marshal
6   advises you to enter the courtroom.  Please do not remain in
7   the halls.  If you are in the halls, you are more likely to
8   come across someone involved in this trial, which would be in
9   violation of my prior instructions.

10          We will try to make the jury room comfortable
11  for you.  The jury room is the headquarters for the jury.
12  There will be cokes, coffee, restrooms, telephones, and other
13  refreshments and things that we can provide to you.  We try to
14  make you comfortable in there when you are not here in the
15  courtroom.

16          The trial in this case will proceed in the
17  following order.  First, counsel for the government and counsel
18  for the defendant have the opportunity to make an opening
19  statement.  The government will make its opening statement at
20  the beginning of this case.  The statement is nothing more than
21  an explanation of the government's theory of the case and
22  serves merely as an introduction to the evidence which the
23  government intends to produce during the course of the trial.

24          The defense may make an opening statement
25  following the opening statement of the government or may defer

03:56 1 the making of an opening statement until the close of the
03:56 2 government's case or may elect to make no opening statement at
03:56 3 all.  Like the government's opening statement, any defense
03:56 4 opening statement, if made, would be nothing more than an
03:56 5 explanation of the defendant's theory of the case.  No
03:56 6 defendant is required to make an opening statement but may do
03:57 7 so if he chooses.  He may choose not to do so and rest upon the
03:57 8 presumption of innocence to which he is entitled.
03:57 9              As I pointed out to you earlier, the defendant
03:57 10 is presumed innocent until proven guilty beyond a reasonable
03:57 11 doubt.  What is said in opening statements, whether by the
03:57 12 government or the defense, is not evidence and proves nothing.
03:57 13              Second, the government will introduce evidence
03:57 14 in support of the charge contained in the indictment.
03:57 15              Third, after the government has presented its
03:57 16 evidence, the defendant may present evidence, but the defendant
03:57 17 is not obliged to do so.  The burden is always on the
03:57 18 government to prove every element of the offense charged beyond
03:57 19 a reasonable doubt.  The law never imposes on any defendant in
03:57 20 a criminal case the burden of calling any witnesses or
03:57 21 introducing any evidence.
03:57 22              Fourth, rebuttal evidence may be introduced.
03:57 23              Fifth, at the conclusion of the evidence, the
03:57 24 parties will present oral argument in support of their
03:58 25 respective cases.  What is said in closing arguments is not

03:58  1    evidence just like what is said in opening statement is not
03:58  2    evidence.  The arguments are intended to present to you the
03:58  3    contentions of the respective parties as to what the evidence
03:58  4    has shown and what inferences may be drawn from the evidence.
03:58  5    Counsel for the government has the right to open and close the
03:58  6    arguments because the government has the burden of proof.
03:58  7              Finally, I will instruct you on the applicable
03:58  8    law, and you will then retire to deliberate and consider your
03:58  9    verdict, which must be unanimous, as to the defendant.
03:58  10             Although you as the jury are judges of the facts
03:58  11   in this case, you must accept and apply the law applicable to
03:58  12   this case as it is given to you by the Court.  The law
03:58  13   applicable to this case will be contained in the instructions
03:58  14   which I give you, both during the course of the trial and at
03:58  15   the conclusion of the trial following closing arguments, and it
03:58  16   is your duty to follow all such instructions.
03:58  17             I will provide a copy of the instructions to you
03:59  18   to take into the jury room at the time you deliberate.  It is
03:59  19   your duty to determine the facts and to determine them from the
03:59  20   evidence and the reasonable inferences arising from such
03:59  21   evidence; and in so doing, you must not indulge in guesswork or
03:59  22   speculation.  The evidence that you are to consider consists of
03:59  23   the testimony of witnesses and the exhibits admitted into
03:59  24   evidence.  The term "witness" means anyone who testifies in
03:59  25   person or by deposition.

03:59
03:59
03:59
03:59
03:59
03:59
03:59
03:59
03:59
04:00
04:00
04:00
04:00
04:00
04:00
04:00
04:00
04:00
04:00
04:00
04:00
04:00
04:00
04:00
04:00

1    The admission of evidence in court is governed

2  by rules of law.  From time to time it may be the duty of an

3  attorney in this case to make an objection to -- and my duty as

4  a judge to rule on the objection and, thus, whether you can

5  consider certain evidence.

6    You must not concern yourselves with the

7  objections or the Court's reasons for ruling on them.  Do not

8  hold it against lawyers who make objections.  You must not

9  consider testimony or exhibits to which an objection was

10  sustained or which has been ordered stricken.

11    There may be bench conferences, at which lawyers

12  and I will talk solo, that the jury cannot hear.  We try to

13  keep those to a minimum.  Some matters must be decided outside

14  of the hearing of the jury because they may not be admissible.

15  It is okay, during those bench conferences, if you wish to

16  stand at your seat and stretch when we do have those

17  conferences.  I will pledge to you I will keep those to a

18  minimum in number and also in length.  We will try to make

19  those as short as possible.

20    If I instruct you not to consider testimony or

21  evidence to which an objection is sustained or which has been

22  ordered stricken, you must completely ignore that material and

23  not take such evidence into consideration when deciding the

24  case or be influenced by it in any way.

25    There are two kinds of evidence, direct and

circumstantial.  Direct evidence is direct proof of a fact such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as some other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

You must not be influenced in any degree by any personal feeling of sympathy for or prejudice against any party or any attorney.

No statement or ruling or remark which I may make during the presentation of evidence is intended to indicate my opinion as to what the facts are.  You are to determine the facts.  In this determination, you alone must decide on the believability of the evidence and its weight and value.

As I indicated right now -- I think I said this morning that we expected this trial to last perhaps two weeks.  What typically happens -- and this is not a promise, but frequently the lawyers make decisions during the course of a trial about things that might have been planned, and they may change their minds about witnesses.  We will try to be -- my point in pointing that out is that it's difficult for us to give you an ending point of this trial other than the estimate that I just gave you.

My pledge to you is that we will be efficient in

04:02
04:02
04:02
04:02
04:02
04:02
04:02
04:02
04:02
04:02
04:02
04:02
04:03
04:03
04:03
04:03
04:03
04:03
04:03
04:03
04:03
04:03
04:03
04:03
04:03

1   presenting this case.  We will follow the hours that I have

2   given you.  We will make the best use of your time.  We will

3   not keep you in the jury room any longer than is absolutely

4   necessary, and we will try this case efficiently and quickly to

5   its conclusion such that all of the attorneys can have into

6   evidence that which you are to consider in this case.

7           Let me -- before I send you into the jury

8   room -- I notice it's a little after 4:00.

9           Counsel, I don't believe there will be much more

10  for us to do.  I know we have another matter which we are about

11  to take up.  I would propose at this time to let these ladies

12  and gentlemen of the jury retire for the day after they go into

13  the jury room, and we will take care of our business and start

14  fresh tomorrow with the 15 of you.

15          So I'm going to go ahead and let you leave for

16  the day.  I will remind you of this, as I will every day and

17  before every break, please, please do not discuss the case with

18  anyone.  Please do not listen to or read any accounts of this

19  case or anything related to this case.  It's very important

20  that -- you have taken an oath to decide this case on the

21  evidence; and we have every reason to believe, after talking

22  with you and visiting with you, that you will do exactly that.

23          So at this point in time, we are going to let

24  you go.  Please be mindful of those rules.  We are going to

25  show you the jury room.  When you get here tomorrow, hopefully

04:03 | 1  everyone will be here by 8:30.  If you get here early, you will
04:03 | 2  have access to the jury room.  There's coffee and things in
04:03 | 3  there.  You can make yourself comfortable.
04:03 | 4         We would like to start right at 8:30.  And I'm
04:04 | 5  going to be very prompt unless one of you is missing.  So you
04:04 | 6  don't want to be the -- you know the old saying, there's one in
04:04 | 7  every crowd; don't be the one in every crowd.  If y'all are
04:04 | 8  here, we are going to start.  I know these folks will be here,
04:04 | 9  ready to go, and we will get this trial under way.
04:04 | 10        All right.  Thank all of you very much for your
04:04 | 11 patience today.
04:04 | 12        **THE DEPUTY CLERK:**  All rise.
04:04 | 13        (The jury exited.)
04:05 | 14        **THE COURT:**  You may be seated.  I apologize for the
04:05 | 15 delay.
04:05 | 16        The Court will now take up Record Document 419,
04:05 | 17 which is a motion to quash of nine nonparty subpoena
04:05 | 18 recipients.  If we may have counsel come forward for that
04:05 | 19 matter.
04:05 | 20        Make your appearances for the record, please.
04:05 | 21        Counsel, please make your appearances for the
04:05 | 22 record.
04:05 | 23        **MR. TATELMAN:**  Good afternoon, Your Honor.  Todd
04:05 | 24 Tatelman from the House General Counsel's Office.
04:06 | 25        **THE COURT:**  Good afternoon.

04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:06
04:07
04:07
04:07
04:07
04:07
04:07
04:07
04:07

1      Okay.  Counsel, we have already had our

2  appearance for defense counsel.  Mr. Heberlig, are you on this?

3          **MR. HEBERLIG:**  Yes, Your Honor.

4          **THE COURT:**  Okay.  I will advise you that I have read

5  all of the written materials submitted in connection with this

6  motion.  I have also been very familiar with the case law that

7  is cited.  As you all know, this is not the first time this

8  issue has arisen on the Court's docket in this case, so I'm

9  very, very familiar with the arguments and the jurisprudence

10  that has been cited by both sides.  I will specifically ask

11  that you not repeat anything that is in the written material.

12  You may assume that I have read it fully and completely and

13  that I understand it.

14          I will also fully advise you, in the interest of

15  full disclosure, that I'm prepared to rule on it.  If anyone

16  would like to make any remarks regarding -- and specifically

17  this is Record Document 419, the motion to quash -- now is the

18  time to do it.  Anybody?

19          **MR. TATELMAN:**  Nothing from the House, Your Honor.

20          **MR. HEBERLIG:**  We rest on our papers, Your Honor.

21          **THE COURT:**  Motion granted.

22          Let's move on.  The Court also has before it --

23  Counsel, if you-all would come forward again, and Mr. Tsao.  I

24  know there's a motion for protective order as well, and I'll

25  take care of that too.  But let me ask you to hold one second

04:07  1    on that.

04:07  2                Mr. Tsao and Mr. Zink, if you would come

04:07  3    forward.

04:07  4                The Court also has three pending motions to

04:07  5    dismiss Count 1.  Those motions are a motion to dismiss Count 1

04:07  6    of the second superseding indictment for lack of a due and

04:08  7    proper exercise of the power of congressional inquiry, which is

04:08  8    Record Document 188.  The government has responded in

04:08  9    Record Document 213, and the defendant has replied in

04:08  10   Record Document 247.

04:08  11               There is also a motion to dismiss Count 1 of the

04:08  12   second superseding indictment because the May 4 briefing and

04:08  13   the May 14 letter were not part of a subcommittee

04:08  14   investigation, which is Record Document 190.  The government

04:08  15   responded at Record Document 214, and the defendant has replied

04:08  16   at Record Document 237.

04:08  17               There is a motion to dismiss Count 1 of the

04:08  18   second superseding indictment for unconstitutional vagueness,

04:08  19   which appears as Record Document 192.  The government responded

04:08  20   at Record Document 215, and the defendant replied at Record

04:08  21   Document 239.

04:08  22               The Court has also received the following

04:08  23   filings related to Count 1 and the pending motions.  First, the

04:09  24   defendant David Rainey's supplemental memorandum regarding

04:09  25   congressional witnesses and documents, which is

04:09 1 Record Document 392.

04:09 2 Secondly, the Bipartisan Legal Advisory Group of
04:09 3 the U.S. House of Representatives' memorandum of amicus curiae,
04:09 4 Record Document 415.

04:09 5 And third, the defendant's motion for remedial
04:09 6 relief in light of congressional subpoena recipient's refusal
04:09 7 to testify on speech or debate clause and high-ranking
04:09 8 government official grounds, which is Rec. Document 427, as
04:09 9 well as a handful of responses in opposition and replies to
04:09 10 each of the motions that I have just listed.

04:09 11 I also have before me a motion for protective
04:09 12 order at Record Document 474 and the defendant's motion in
04:09 13 response, which recently filed, I believe, on Friday, which is
04:09 14 Record Document 488.

04:10 15 Count 1 of the second superseding indictment
04:10 16 charges the defendant, himself as well as others, aiding and
04:10 17 abetting and causing others to do the same, with corruptly
04:10 18 endeavoring to influence, obstruct, and impede the due and
04:10 19 proper exercise of the power of inquiry under which an inquiry
04:10 20 and investigation was being had by a committee of the
04:10 21 United States House of Representatives, to wit:  The
04:10 22 Subcommittee on Energy and the Environment of the United States
04:10 23 House of Representatives Committee on Energy and Commerce, all
04:10 24 in violation of 18 U.S.C. § 1505, 2(a) and 2(b).

04:10 25 In his motion to dismiss Count 1 for lack of due

| | |
|---|---|
| 04:10 | 1 |
| 04:10 | 2 |
| 04:10 | 3 |
| 04:10 | 4 |
| 04:11 | 5 |
| 04:11 | 6 |
| 04:11 | 7 |
| 04:11 | 8 |
| 04:11 | 9 |
| 04:11 | 10 |
| 04:11 | 11 |
| 04:11 | 12 |
| 04:11 | 13 |
| 04:11 | 14 |
| 04:11 | 15 |
| 04:11 | 16 |
| 04:11 | 17 |
| 04:11 | 18 |
| 04:11 | 19 |
| 04:11 | 20 |
| 04:11 | 21 |
| 04:11 | 22 |
| 04:11 | 23 |
| 04:12 | 24 |
| 04:12 | 25 |

and proper exercise of the power of congressional inquiry, the defendant argues, first, that a general rule authorizing committees to conduct investigations within their areas of jurisdiction does not automatically afford a subcommittee within that committee sufficient authorization to conduct such an investigation.  Instead, a formal resolution is required to instigate a due and proper inquiry or investigation.

Secondly, the defendant argues that no such resolution authorizing the committee or subcommittee to investigate the *Deepwater Horizon* oil spill exists.  And third, even if the subcommittee was duly authorized to investigate the spill, the request for information sent to BP by Representative Markey, then chairman of the Subcommittee on Energy and the Environment, were not part of any duly authorized investigation.

Specifically, the defendant asserts that specific authorization was required whereby the committee affirmatively delegated authority to proceed with a particular course of action.  Furthermore, the defendant contends that the Subcommittee on Oversight and Investigations had the proper jurisdiction to perform such investigations, not the Subcommittee on Energy and Environment.

In response, the government argued, among other positions taken in their opposition at Record Document 213, "As the facts alleged in the superseding indictment make clear" --

and I'm quoting from the government's opposition:  "As the
facts alleged in the superseding indictment make clear, and as
the facts at trial will demonstrate, the inquiry or
investigation was carried out by the Subcommittee on Energy and
Environment led by the subcommittee chairman.  The defendant's
remaining arguments are based on factual challenges to the
second superseding indictment that are not cognizable on a
motion to dismiss, and instead must be resolved by the jury."

In his second motion to dismiss Count 1, because
the May 4 briefing and the May 14 letter were not part of a
subcommittee investigation, the defendant avers, first, that
the committee delegated its investigative authority to the
Subcommittee on Oversight and Investigation, not the
Subcommittee on Energy and Environment.

Second, the Committee and the Subcommittee on
Oversight and Investigation jointly conducted an investigation
into the spill, not the Subcommittee on Energy and the
Environment.  And third, even if the Subcommittee on Energy and
Environment were conducting an investigation, the May 4
briefing and the May 14 letter were not part of any such
investigation.

Notably, at oral argument before this Court on
December 3, 2014, the government conceded that the May 4
briefing was not part of the charged conduct contained in the
indictment or the second superseding indictment, leaving only

04:13   1    the representations and/or omissions made by the defendant and
04:13   2    contained in BP's response to the May 14 letter as grounds for
04:13   3    the 1505 violation.

04:13   4            In response, the government expressly argued
04:13   5    that "The defendant's motion requires the Court to resolve
04:13   6    issues of fact that are reserved for the jury.  It is
04:13   7    well-settled law that factual issues" -- I'm still quoting --
04:13   8    "concerning an essential element of the offense must be decided
04:14   9    by the jury.  The Court may decide purely legal issues of
04:14  10    whether a subcommittee inquiry or investigation qualifies under
04:14  11    § 1505; and indeed, the Fifth Circuit has already concluded
04:14  12    that one does.  But the Court may not resolve contested factual
04:14  13    issues over whether such an inquiry or investigation *in fact*
04:14  14    existed in this case or what actions were part of that inquiry
04:14  15    or investigation."  The Court is quoting from
04:14  16    Record Document 214.

04:14  17            The Court deferred ruling on these motions as
04:14  18    well as the motion for unconstitutional vagueness for a later
04:14  19    date.  In the meantime, the defendant propounded a number of
04:14  20    discovery requests and filed a motion for early-return
04:14  21    subpoenas duces tecum to be served on various members of
04:14  22    Congress and their staffers.  That is at Record Document 206.

04:14  23            The Court granted the request.  The House did
04:14  24    not respond by the return date.  The defendant then moved to
04:15  25    compel compliance; and the House responded, asserting, among

1  other arguments, speech and debate privilege as absolute

2  privilege.  The Court found in favor of the House on speech and

3  debate grounds.

4       Soon thereafter, the defendant withdrew a number

5  of his subpoenas, and the House then voluntarily produced a

6  number of documents without representing the scope of the

7  search performed, the terms used, or the extent to which it

8  would not produce certain documents as privileged.  There is no

9  representation in response that the document production was

10  otherwise in compliance with the scope of the subpoena that was

11  issued and then withdrawn.

12       Subsequently the defendant supplemented his

13  motion to dismiss, arguing that any alleged understanding

14  between the committee chairman and the subcommittee chairman as

15  to the delegation of investigative authority upon which the

16  government intended to rely in establishing the due and proper

17  authorization element is insufficient for purposes of § 1505.

18       In addition, the defendant contended that the

19  documents produced by the House further demonstrate that the

20  May 14 letter was not part of any duly authorized inquiry or

21  investigation.  In support of his argument, the defendant

22  points to a number of e-mails and letter correspondence

23  demonstrating, in the defendant's view, that the subcommittee

24  was not authorized to conduct an investigation into the spill,

25  nor was Representative Markey's letter a part of a duly

04:16
04:16
04:16
04:16
04:16
04:16
04:16
04:16
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:17
04:18

1  authorized investigation.  The Court would reference

2  Exhibits A through Y attached to Record Document 315.

3        At the very least, the defendant argues, the

4  letters and e-mails produced call into question whether the

5  Subcommittee on Energy and Environment was properly

6  investigating the spill and whether Representative Markey's

7  service as chairman of that subcommittee sent the May 14 letter

8  as a due and proper exercise of the power of inquiry.

9        The Court finds the defendant's arguments

10  related to the communications produced by the House to be a

11  reasonable reading of those documents and plausible under the

12  circumstances.

13        Based on the existence of these documents, the

14  defendant sought to interview certain members of Congress and

15  their staffers to seek out more potentially exculpatory

16  evidence.  The House declined.  On March 10, 2015, Mr. Rainey

17  served trial subpoenas on six staffers and three congressmen,

18  all related to the alleged investigation and, more importantly,

19  relevant to the communications disclosed by the House.  The

20  subpoenas were returnable on June 1, 2015, the first day of the

21  trial, which is, of course, today, and that is why the Court is

22  taking the matter up today.

23        The House filed a motion to quash the subpoenas

24  on speech and debate as well as "high ranking government

25  official" grounds.  Earlier today, just now, the Court granted

the motion to quash.

The defendant, anticipating that the Court would conform its ruling on the motion to quash with its earlier denial of the motion to compel subpoenas duces tecum based on the speech and debate privilege, filed a motion for remedial relief in light of congressional witnesses' refusal to testify. That is Record Document 427. The government filed a response in opposition at Record Document 438.

In light of the Court's decision granting the motion to quash, the motion for remedial relief is now ripe for consideration.

In his motion for remedial relief, the defendant relies on two fundamental arguments:

First, the Constitution and fundamental fairness prohibit trying Mr. Rainey under Count 1 where the defendant is unable to call congressional witnesses of his choosing, whose testimony is relevant and material to whether the Subcommittee on Energy and Environment was duly authorized to investigate BP and whether Representative Markey's May 14 letter was part of a due and proper investigation, all the while utilizing the voluntary testimony of certain other congressional staffers who have agreed to testify in the government's case in chief and to be cross-examined within the limited scope of direct.

And second, at the very least -- and I have not even mentioned the motion for protective order, which seems to

suggest that that limitation is even broader -- the limitation
on cross-examination is even broader, as argued by the House.

And second, at the very least, the Court should
exclude any evidence related to authorization of the
subcommittee investigation, specifically the testimony of the
congressional staffers who will voluntarily appear in the
government's case in chief, if the defendant is not permitted
to call witnesses of his choosing who may, and plausibly do,
hold exculpatory evidence critical to his defense.

In response, the government claims that a
criminal defendant does not have an unfettered right to call
witnesses and offer testimony that is incompetent, privileged,
or otherwise inadmissible, citing *Taylor v. Illinois*,
484 U.S. 400 (1988). In support of this argument the
government asserts that under the Ninth Circuit case
*U.S. v. Renzi*, 769 F.2d 731, Courts are not permitted to weigh
the speech or debate privilege against a defendant's right to
compulsory process or to present a full defense.

Furthermore, the government avers that in order
for a defendant's right to present a defense to be implicated,
he must demonstrate that the evidence sought is both material
and favorable to his case, citing *U.S. v. Verrusio*, 762 F.3d 1,
a D.C. Circuit case from 2014.

The government further argues that the defendant
must offer definite and nonspeculative evidence that the

unavailable testimony is not cumulative, material, and favorable, pursuant to *U.S. v. Valenzuela-Bernal*, 458 U.S. 858 (1982).

Finally, the government claims that the cases cited by the defendant are inapposite because any such remedy sought should not be used to punish the government, i.e., the Executive Branch, through the Department of Justice, for a privilege asserted by a nonparty, in this case the legislative branch.

As a preliminary matter, the Court finds that few rights are more fundamental than the rights of due process and compulsory process under the Fifth and Sixth Amendments. The Court has serious constitutional and fairness concerns with regard to the following:

First, the defendant received only a partial production of documents from the House, absent a list of searches performed, a list of search terms, or any representations as to documents that were withheld under the House's privilege, which was asserted and which this Court ruled in favor of.

Secondly, certain House witnesses agreed to voluntarily testify in the government's case in chief, but such testimony, as the House proclaimed, would be limited to the scope of direct, presumably determined at the whim of the witness' or house counsel's own discretion.

And third, the House, acting pursuant to its privilege, refused defendant's subpoena request as to eight other witnesses who, potentially and plausibly, hold material and exculpatory information related to an essential element of Count 1, which element has, in fact, already been identified by the Fifth Circuit in this very case.

The Fifth Circuit explained, again, in this very case, that an unauthorized frolic by a House entity or House member might lose the protection afforded by § 1505 regardless of its committee status because there would be no "due and proper exercise of the power of inquiry." That can be found in *U.S. v. Rainey*, 757 F.3d 234, a Fifth Circuit opinion from this year in this case. By that same token, the Court finds that an unauthorized frolic by an individual member would also lose the protections afforded by § 1505 regardless of his status as chairman of the subcommittee. As seen repeatedly in the government's briefing, these are factual issues that must be developed at trial and must be submitted to the jury.

Each of these three areas of concern that I just discussed directly implicate factual issues as they relate to the defendant's right to present a full defense pursuant to the Fifth and Sixth Amendments. The Court finds that the evidence sought by the defendant through documentary production and testimony is highly relevant to his defense and material to the issues before the Court for the jury's consideration. The

04:24  1    Court, as I stated, that finds the evidence sought is material
04:24  2    noncumulative and, based on the evidence in the record,
04:24  3    including but not limited to a number of written
04:24  4    communications, both internal and external to the House,
04:24  5    favorable to his defense or at least plausibly and arguably and
04:24  6    quite conceivably favorably to the defendant in this case.
04:24  7          The Court has considered all of the pleadings,
04:24  8    the relevant record, all of the cases cited by the parties.
04:24  9    The Court also finds the ruling today is in accord with the
04:24  10   rulings in *Renzi* and *Verrusio*, which I have cited earlier.  To
04:24  11   be clear, the Court is not engaging in a balancing or weighing
04:25  12   of the speech and debate privilege, which I have already ruled
04:25  13   in favor of, with the defendant's Fifth and Sixth Amendment
04:25  14   rights, but is considering each on an independent basis in an
04:25  15   attempt to honor and reconcile those fundamental constitutional
04:25  16   privileges which are before the Court.
04:25  17         As seen earlier today, the Court found in favor
04:25  18   of the House, and its ruling supported the House's
04:25  19   long-standing constitutional privilege under the Speech or
04:25  20   Debate Clause.  The Court must now address what implication
04:25  21   that ruling has on the defendant's right to a full trial and
04:25  22   his constitutionally guaranteed rights, which I have just
04:25  23   described.
04:25  24         Thus the Court finds that, similar to the
04:25  25   holding in *U.S. v. Fernandez*, 913 F.2d 148, which is a

04:25
04:25
04:26
04:26
04:26
04:26
04:26
04:26
04:26
04:26
04:26
04:26
04:26
04:26
04:26
04:26
04:26
04:27
04:27
04:27
04:27
04:27
04:27
04:27
04:27
04:27
04:27
04:27
04:27
04:27
04:27

1    Fourth Circuit case, 1990, and consistent with the rulings in

2    *Jencks v. United States*, 353 U.S. 657, and *Roviaro v. U.S.*,

3    353 U.S. 53, the government's prosecution of Count 1 under

4    § 1505 must give way where the defendant seeks relevant,

5    material, noncumulative evidence related to his defense, but

6    also where he has been precluded from obtaining this evidence

7    due to the invocation of a constitutional privilege by a branch

8    of the very same government involved in his prosecution.

9    Because the defendant is not able to put on a full and fair

10   defense, consistent with his constitutional rights and

11   consistent with an element of the crime as described by the

12   Fifth Circuit and set forth in the jurisprudence, under these

13   circumstances the Court finds the only appropriate remedy is

14   dismissal of Count 1.  The Court would reference the case of

15   *Calley v. Callaway*, 519 F.2d 184, which is a Fifth Circuit

16   opinion from 1975 in which the Court of Appeal expressed

17   approval of dismissal where a congressional privilege is

18   asserted prohibiting a defendant from evidence essential to his

19   defense.

20          Accordingly, for the reasons I have previously

21   stated, the defendant's motion for remedial relief is granted

22   and Count 1 is hereby dismissed with prejudice.

23          In addition to its findings related to the

24   defendant's constitutional rights, whereby the Court found that

25   the defendant has put forth reasonable and plausible evidence

demonstrating a potentially unauthorized investigation by the
subcommittee and/or Representative Markey.  Without the ability
to fully examine those witnesses voluntarily testifying in the
government's case in chief and, more importantly, to call
witnesses in his favor, and lacking any knowledge as to the
scope of the documentary production performed by the House, the
Court, consistent with the Supreme Court's guidance in
*U.S. v. Nobles*, 422 U.S. 225, and *Davis v. Alaska*, found at
415 U.S. 308, as well as pursuant to the Federal Rules of
Evidence giving the District Court broad discretion over the
admission or preclusion of evidence, hereby excludes all
evidence related to the documentary production by the House and
any testimony that the four witnesses would provide in the
government's case in chief.

         As a result, an examination of all the
surrounding circumstances, as indicated in the Fifth Circuit's
opinion in this very case and in *U.S v. Mitchell*, 877 F.2d 294,
a Fourth Circuit opinion from 1989, is rendered impossible.
Absent any evidence of an authorized investigation, the Court
would therefore find that the government could not meet its
burden of establishing an essential element of the crime
charged in Count 1.  Therefore, the defendant's motion to
dismiss Count 1 of the second superseding indictment for lack
of a due and proper exercise of the power of congressional
inquiry (Record Document 188) and his motion to dismiss Count 1

04:29
04:29
04:29
04:29
04:29
04:29
04:29
04:29
04:29
04:29
04:29
04:29
04:29
04:29
04:30
04:30
04:30
04:30
04:30
04:30
04:30
04:30
04:30
04:30
04:30

1  of the second superseding indictment because the May 4 briefing
2  and the May 14 letter were not part of a subcommittee
3  investigation, which is Record Document 190, must also
4  necessarily be and are hereby granted.
5          In light of all the circumstances, the Court
6  further believes that the motion to dismiss for
7  unconstitutional vagueness, which is Record Document 192, is,
8  under the circumstances, with merit, and the Court will grant
9  it as well.
10         Now, that leaves the Court with a variety of
11  motions that it had referred to trial and a motion for
12  protective order for nonparties Phil Barnett, Jeffrey Duncan,
13  Michael Goo, and Michal Freedhoff.  The Court would determine
14  that that motion is at this point denied as moot, unless
15  counsel disagrees, insofar as that testimony relates solely and
16  only to Count 1; and the defendant's motion, as set forth in
17  Record Document 488, the most recently filed motion, is also
18  moot at this point in light of the Court's ruling on the other
19  motions that I have identified as record document numbers.
20         Does any counsel disagree with regard to those
21  two motions?
22         Now, the Court also ruled on a number of motions
23  in limine relative to issues arising under Count 1, in
24  particular, evidentiary issues arising under Count 1.  I would
25  ask counsel, since we are finished with the jury today, maybe

04:30  1  we can do this now on the record; or if you would like to

04:30  2  confer, maybe that would be the better thing to do.  I would

04:30  3  ask counsel to revisit certain of the motions that were filed

04:30  4  on a myriad of evidentiary issues that, in the Court's belief,

04:31  5  were related only to Count 1.

04:31  6          I, in particular, would ask that you confer on

04:31  7  those that are referred to trial first.  Those would be

04:31  8  Record Document 328, motion to admit lay opinion testimony of

04:31  9  Marcia McNutt; Record Document 333, which was pending and

04:31  10  referred to trial; motion to preclude task force from

04:31  11  mischaracterizing certain evidence as flow-rate estimates; a

04:31  12  motion to preclude hypothetical questions to lay witnesses,

04:31  13  which is Record Document 337; a motion in limine to preclude

04:31  14  improper lay opinion regarding Mr. Rainey's flow-rate

04:31  15  estimates, which is Record Document 420; Record Document 423,

04:31  16  motion in limine to admit defendant's proffer statements,

04:31  17  although I think that one was relative to not just Count 1 but

04:32  18  also Count 2.  That's my understanding.

04:32  19          And then there are other motions that are

04:32  20  pending, which I think I listed for you at the pretrial

04:32  21  conference -- I say pending.  There are motions in limine that

04:32  22  I have ruled on one way or another.  Some I have granted in

04:32  23  part and denied in part.  And those motions, insofar as they

04:32  24  pertain to the Count 2 trial we are going to have and commence

04:32  25  tomorrow morning, will need to be revisited in terms of whether

04:32     1     they are even applicable at this date in light of the dismissal

04:32     2     of Count 1.  I would like, Counsel, to confer on that.

04:32     3           At this point, is there anything else we need to

04:32     4     cover on the record?  If not, I would like to see counsel, task

04:32     5     force counsel and defense counsel, in the conference room.

04:32     6           Thank you all.

04:33     7           **THE DEPUTY CLERK:**  All rise.

04:33     8           (Proceedings adjourned.)

04:33     9                   * * *

    10                   <u>CERTIFICATE</u>

    11           I, Toni Doyle Tusa, CCR, FCRR, Official Court

    12     Reporter for the United States District Court, Eastern District

    13     of Louisiana, certify that the foregoing is a true and correct

    14     transcript, to the best of my ability and understanding, from

    15     the record of proceedings in the above-entitled matter.

    16

    17

    18                 *s/ Toni Doyle Tusa*

                      Toni Doyle Tusa, CCR, FCRR

    19                 Official Court Reporter

    20

    21

    22

    23

    24

    25

**1**

10 [2]  259/15 279/16
1000 [1]  256/15
10:00 or [1]  259/15
10:15 [1]  259/15
12-291 [1]  256/5
1330 [1]  256/22
14 [8]  273/13 276/10 276/20 277/2
  278/20 279/7 280/19 287/2
148 [1]  284/25
15 [1]  270/14
15 minutes [1]  259/15
1505 [7]  274/24 277/3 277/11 278/17
  283/9 283/15 285/4
18 [1]  274/24
184 [1]  285/15
188 [2]  273/8 286/25
190 [2]  273/14 287/3
192 [2]  273/19 287/7
1975 [1]  285/16
1982 [1]  282/3
1988 [1]  281/14
1989 [1]  286/18
1990 [1]  285/1

**2**

20036 [1]  256/23
201 [1]  256/18
2014 [2]  276/23 281/23
2015 [4]  256/7 259/2 279/16 279/20
206 [1]  277/22
213 [2]  273/9 275/24
214 [2]  273/15 277/16
215 [1]  273/20
225 [1]  286/8
234 [1]  283/12
237 [1]  273/16
239 [1]  273/21
247 [1]  273/10
275 [1]  257/1
291 [1]  256/5
294 [1]  286/17

**3**

308 [1]  286/9
315 [1]  279/2
328 [1]  288/8
333 [1]  288/9
337 [1]  288/13
353 [1]  285/2
353 U.S [1]  285/3
392 [1]  274/1
3:00 or [1]  259/19
3:15 [1]  259/19

**4**

400 [2]  256/15 281/14
415 [1]  274/9
415 U.S. 308 [1]  286/9
419 [2]  271/16 272/17
420 [1]  288/15
422 [1]  286/8
423 [1]  288/15
427 [2]  274/8 280/7
438 [1]  280/8
458 [1]  282/2
474 [1]  274/2
484 U.S. 400 [1]  281/14
488 [2]  274/14 287/17
4:00 [1]  270/8
4:15 [1]  259/22
4:30 [1]  259/21

**5**

500 [1]  257/1
504 [1]  257/2
5100 [1]  256/18
519 [1]  285/5
53 [1]  285/3
589-7778 [1]  257/2
5:00 or [2]  259/20 260/2
5:15 [1]  259/23

**6**

657 [1]  285/2
6:00 [1]  260/1

**7**

70130 [2]  256/16 257/2
70170 [1]  256/19
731 [1]  281/16
757 F.3d [1]  283/12
762 [1]  281/22
769 F.2d [1]  281/16
7778 [1]  257/2
7:00 at [1]  260/1

**8**

858 [1]  282/2
877 [1]  286/17
8:30 [3]  259/14 271/1 271/4

**9**

913 [1]  284/25

**A**

abetting [1]  274/17
ability [2]  286/2 289/14
able [1]  285/9
about [13]  259/15 259/15 259/19 260/12
  261/21 263/9 263/10 264/6 264/8 265/4
  269/20 269/21 270/10
above [1]  289/15
above-entitled [1]  289/15
absent [2]  282/16 286/19
absolute [1]  278/1
absolutely [1]  270/3
accept [1]  267/11
access [1]  271/2
accommodate [2]  259/12 260/6
accord [1]  284/9
accordance [2]  263/25 264/1
Accordingly [1]  285/20
accounts [3]  263/19 263/21 270/18
across [2]  262/17 265/8
acting [1]  283/1
action [2]  256/4 275/19
actions [1]  277/14
adamant [1]  260/11
add [1]  263/2
addition [2]  278/18 285/23
address [1]  284/20
adjourned [1]  289/8
admissible [1]  268/14
admission [2]  268/1 286/11
admit [2]  288/8 288/16
admitted [2]  263/15 267/23
advise [2]  272/4 272/14
advises [1]  265/6
Advisory [1]  274/2
affirmatively [1]  275/18
afford [1]  275/4
afforded [2]  283/9 283/15
after [5]  259/20 266/15 270/8 270/12
  270/21

afternoon [4]  256/9 259/1 271/23 271/25
  273/7
against [3]  268/8 269/8 281/17
agreed [2]  280/22 282/21
ahead [1]  270/15
aided [1]  257/5
aiding [1]  274/16
Alaska [1]  286/8
all [26]  260/8 260/8 260/23 261/5
  262/24 263/3 264/14 266/3 267/16
  270/5 271/10 271/10 271/12 272/5
  272/7 272/23 274/23 279/18 280/20
  284/7 284/8 286/11 286/15 287/5 289/6
  289/7
alleged [4]  275/25 276/2 278/13 279/18
allowing [1]  261/19
alone [1]  269/13
already [5]  260/9 272/1 277/11 283/5
  284/12
also [18]  262/19 263/2 264/21 268/18
  272/6 272/14 272/22 273/4 273/11
  273/22 274/11 283/14 284/9 285/6
  287/3 287/17 287/22 288/18
alternate [1]  260/20
although [3]  262/9 267/10 288/17
always [1]  266/17
Amendment [1]  284/13
Amendments [2]  282/12 283/22
AMERICA [1]  256/4
amicus [1]  274/3
among [4]  262/19 263/1 275/23 277/25
and/or [2]  277/1 286/2
another [3]  259/5 270/10 288/22
anticipating [1]  280/2
any [48]
Anybody [1]  272/18
anyone [8]  262/15 262/17 264/6 264/8
  264/24 267/24 270/18 272/15
anything [5]  263/12 263/16 270/19
  272/11 289/3
apologize [1]  271/14
Appeal [1]  285/16
appear [1]  281/6
appearance [1]  272/2
appearances [3]  256/12 271/20 271/21
appears [1]  273/19
applicable [6]  264/1 264/15 267/7
  267/11 267/13 289/1
apply [1]  267/11
appropriate [1]  285/13
approval [1]  285/17
are [49]
areas [2]  275/3 283/19
arguably [1]  284/5
argued [2]  275/23 277/4 281/2
argues [4]  275/2 275/8 279/3 281/24
arguing [1]  278/13
argument [4]  266/24 276/22 278/21
  281/14
arguments [9]  266/25 267/2 267/6
  267/15 272/9 276/6 278/1 279/9 280/13
arisen [1]  272/8
arising [3]  267/20 287/23 287/24
ARMSTRONG [1]  256/22
around [1]  259/14
arrive [1]  264/25
as [72]
ask [10]  259/22 260/8 261/18 262/3
  265/3 270/12 272/25 287/25 288/3
  288/6
asserted [3]  282/8 282/19 285/18
asserting [1]  277/25
asserts [2]  275/16 281/15

## A

assume [1] 272/12
at [40]
attached [1] 279/2
attempt [6] 261/9 261/16 263/5 263/5 263/7 284/15
attention [3] 259/9 263/11 263/13
attorney [1] 268/3 269/9
attorneys [6] 260/9 260/23 261/4 261/12 261/23 270/5
authority [3] 275/18 276/12 278/15
authorization [4] 275/5 275/17 278/17 281/4
authorized [7] 275/11 275/15 278/20 278/24 279/1 280/18 286/19
authorizing [2] 275/2 275/9
automatically [1] 275/4
available [1] 263/21
Avenue [2] 256/18 256/22
avers [1] 276/11 281/19
avoid [1] 261/19
avoided [1] 262/12
aware [1] 260/21

## B

B-275 [1] 257/1
bad [1] 262/12
balancing [1] 284/11
Barnett [1] 287/12
based [6] 263/16 263/23 276/6 279/13 280/4 284/2
basis [1] 284/14
bathroom [1] 259/11
be [62]
because [12] 259/5 262/9 263/4 263/23 267/6 268/14 273/12 276/9 282/5 283/10 285/9 287/1
been [11] 261/3 262/23 263/15 264/14 268/10 268/21 269/20 272/6 272/10 283/5 285/6
before [15] 256/10 259/17 259/20 260/2 262/23 262/23 263/1 263/11 270/7 270/17 272/22 274/11 276/22 283/25 284/16
beginning [1] 265/20
being [5] 261/2 261/21 262/11 262/12 274/20
belief [1] 288/4
believability [1] 269/14
believe [3] 270/9 270/21 274/13
believes [1] 287/6
bench [2] 268/11 268/15
Bernal [1] 282/2
best [2] 270/2 289/14
better [1] 288/2
between [1] 278/14
beyond [2] 266/10 266/18
biased [1] 262/12
Bipartisan [1] 274/2
BlackBerry [1] 264/9
BlackBerrys [1] 264/4
blog [1] 264/10
both [6] 260/24 267/14 269/6 272/10 281/21 284/4
BP [2] 275/12 280/18
BP's [1] 277/2
branch [3] 282/7 282/9 285/7
break [6] 259/11 259/14 259/19 260/2 260/14 270/17
breaks [1] 264/22
BRIAN [1] 256/21
briefing [6] 273/12 276/10 276/20

276/24 283/17 287/1
broader [2] 281/1 281/2
building [1] 259/18 265/1
burden [4] 266/17 266/20 267/6 286/21
business [2] 259/24 270/13
but [16] 259/6 259/23 260/6 260/7 264/19 266/6 266/16 269/5 269/18 272/25 277/12 282/2 284/3 284/14 285/5 288/17

## C

call [5] 279/4 280/16 281/8 281/11 286/4
Callaway [1] 285/15
Calley [1] 285/15
Calley v [1] 285/15
calling [1] 266/20
can [9] 259/4 259/16 264/22 265/13 268/4 270/5 271/3 283/11 288/1
cannot [1] 268/12
care [2] 270/13 272/25
careful [3] 260/25 261/7 261/25
carried [1] 276/4
case [59]
cases [3] 266/25 282/4 284/8
caught [1] 259/17
causing [1] 274/17
CCR [3] 257/1 289/11 289/18
cell [2] 264/3 264/8
certain [8] 260/9 268/5 278/8 279/14 280/21 282/21 288/3 288/11
certainly [2] 260/19 260/21
CERTIFICATE [1] 289/10
certify [1] 289/13
chairman [4] 275/13 276/5 278/14 278/14 279/7 283/16
chairs [1] 264/20
challenges [1] 276/6
change [1] 269/21
charge [1] 266/14
charged [3] 266/18 276/24 286/22
charges [1] 274/16
Charles [1] 256/18
chat [1] 264/10
chief [5] 280/22 281/7 282/22 286/4 286/14
children [1] 262/16
choose [2] 266/19 266/7
chooses [1] 266/7
choosing [2] 280/16 281/8
Circuit [10] 277/11 281/15 281/23 283/6 283/7 283/12 285/1 285/12 285/15 286/18
Circuit's [1] 286/16
circumstances [5] 279/12 285/13 286/16 287/5 287/8
circumstantial [2] 269/1 269/2
cited [5] 272/7 272/10 282/5 284/8 284/10
citing [2] 281/13 281/22
claims [2] 281/10 282/4
clause [2] 274/7 284/20
clear [3] 275/25 276/2 284/11
close [2] 261/5 267/5
closing [2] 266/25 267/15
coffee [2] 265/12 271/2
cognizable [1] 276/7
cokes [1] 265/12
come [7] 262/17 263/10 263/12 265/8 271/18 272/23 273/2
comfortable [3] 265/10 265/14 271/3
commence [1] 288/24
Commerce [1] 274/23

commitment [1] 260/3
commitments [1] 274/8 275/5 275/9 275/17 276/12 276/15 278/14 283/10
committees [1] 275/3
communicate [2] 264/6 264/7
communication [1] 261/17
communications [4] 261/10 279/10 279/19 284/4
compel [2] 277/25 280/4
completely [4] 260/17 263/12 268/22 272/12
compliance [2] 277/25 278/10
compulsory [2] 281/18 282/12
computer [1] 257/5
computer-aided [1] 257/5
conceded [1] 276/23
conceivably [1] 284/6
concern [2] 268/6 283/19
concerned [1] 259/6
concerning [1] 277/8
concerns [1] 282/13
conclude [2] 259/20 269/3
concluded [1] 277/11
conclusion [3] 266/23 267/15 270/5
conclusions [1] 264/13
conduct [7] 260/21 261/1 261/7 275/3 275/5 276/24 278/24
conducted [2] 261/22 276/16
conducting [1] 276/19
confer [3] 288/2 288/6 289/2
conference [2] 288/21 289/5
conferences [3] 268/11 268/15 268/17
conform [1] 280/3
Congress [2] 277/22 279/14
congressional [10] 273/7 273/25 274/6 275/1 280/6 280/16 280/21 281/6 285/17 286/24
congressmen [1] 279/17
connected [3] 261/6 261/11 261/25
Connecticut [1] 256/22
connection [1] 272/5
consider [8] 263/4 267/8 267/22 268/5 268/9 268/20 269/6 270/6
consideration [3] 268/23 280/11 283/25
considered [1] 284/7
considering [1] 284/14
consistent [4] 285/1 285/10 285/11 286/7
consists [1] 267/22
Constitution [1] 280/14
constitutional [6] 282/13 284/15 284/19 285/7 285/10 285/24
constitutionally [1] 284/22
contained [4] 266/14 267/13 276/24 277/12
contended [1] 278/18
contends [1] 275/19
contentions [1] 267/3
contested [1] 277/12
conversation [1] 261/16
conversations [1] 261/10
copy [1] 267/17
correct [1] 289/13
correspondence [1] 278/22
corruptly [1] 274/17
could [3] 260/5 262/10 286/20
counsel [18] 259/5 265/17 265/17 267/5 270/9 271/18 271/21 272/1 272/2 272/23 287/15 287/20 287/25 288/3 289/2 289/4 289/5 289/5
counsel's [2] 271/24 282/25
Count [24] 273/5 273/5 273/11 273/17

## C

Count... [20]  273/23 283/5 274/15 274/25 276/9 280/15 283/5 285/3 285/14 285/22 286/22 286/23 286/25 287/16 287/23 287/24 288/5 288/17 288/18 288/24 289/2

Count 1 [22]  273/5 273/5 273/11 273/17 273/23 274/15 274/25 276/9 280/15 283/5 285/3 285/14 285/22 286/22 286/23 286/25 287/16 287/23 287/24 288/5 288/17 289/2

Count 2 [2]  288/18 288/24

course [9]  261/8 262/14 263/2 264/17 265/23 267/14 269/19 275/19 279/21

court [54]

Court's [7]  264/1 268/7 272/8 280/9 286/7 287/18 288/4

courtroom [10]  260/24 261/21 263/9 263/13 263/16 263/17 263/24 263/5 265/6 265/15

Courts [1]  281/16

cover [2]  259/5 289/4

Creating [1]  262/11

crime [2]  285/11 286/21

criminal [3]  256/4 266/20 281/11

critical [1]  281/9

cross [3]  262/8 280/23 281/2

cross-examination [1]  281/2

cross-examined [1]  280/23

crowd [3]  259/18 271/7 271/7

cumulative [1]  282/1

curiae [1]  274/3

## D

D.C. [1]  281/23

D.C. Circuit [1]  281/23

date [3]  277/19 277/24 289/1

DAVID [4]  256/6 256/17 256/20 273/24

Davis [1]  286/8

Davis v [1]  286/8

day [8]  256/9 259/20 259/22 265/1 270/12 270/16 270/16 279/20

days [1]  259/21

DC [2]  256/7 256/23

debate [8]  274/7 278/1 278/3 279/24 280/5 281/17 284/12 284/20

December [1]  276/23

December 3 [1]  276/23

decide [4]  263/4 269/14 270/20 277/9

decided [4]  263/13 263/16 268/13 277/8

deciding [1]  268/23

decision [3]  262/21 264/16 280/9

decisions [1]  269/19

declined [1]  279/16

Deepwater [1]  275/10

Deepwater Horizon [1]  275/10

defendant [45]

defendant's [18]  266/5 274/5 274/12 276/5 277/5 278/23 279/9 281/17 281/20 283/2 283/21 284/13 284/21 285/21 285/24 286/22 287/16 288/5

defense [14]  265/24 266/3 266/12 272/2 281/9 281/18 281/20 283/21 283/24 284/5 285/5 285/10 285/19 289/5

defer [1]  265/25

deferred [1]  277/17

definite [1]  281/25

degree [1]  269/7

delay [1]  271/15

delegated [2]  275/18 276/12

delegation [1]  278/15

deliberate [4]  260/16 263/1 267/8 267/18

deliberation [2]  266/51 O Filed 267/18

demands [1]  260/25

demonstrate [3]  276/3 278/19 281/21

demonstrating [2]  278/23 286/1

denial [1]  280/4

denied [2]  287/14 288/23

Department [2]  256/14 282/7

deposition [1]  267/25

described [2]  284/23 285/11

determination [1]  269/13

determine [4]  267/19 267/19 269/13 287/13

determined [1]  282/24

developed [1]  283/18

did [1]  277/23

difficult [1]  269/22

direct [6]  265/4 268/25 269/1 269/1 280/23 282/24

directly [1]  283/20

disagree [1]  287/20

disagrees [1]  287/15

disclosed [1]  279/19

disclosure [1]  272/15

discovery [1]  277/20

discretion [2]  282/25 286/10

discuss [5]  262/1 262/1 262/15 262/19 270/17

discussed [1]  283/20

discussions [1]  261/21

dismiss [11]  273/5 273/5 273/11 273/17 274/25 276/8 276/9 278/13 286/23 286/25 287/6

dismissal [3]  285/14 285/17 289/1

dismissed [1]  285/22

disregard [1]  263/12

distances [1]  260/3

DISTRICT [6]  256/1 256/2 256/11 260/10 289/12 289/12

do [25]  259/4 262/6 262/19 263/4 263/5 263/6 263/7 263/8 264/19 264/20 265/6 266/6 266/7 266/17 268/7 268/16 270/10 270/17 270/18 270/22 272/18 274/17 281/8 288/1 288/2

docket [1]  272/8

document [33]  271/16 272/17 273/8 273/9 273/10 273/14 273/15 273/16 273/19 273/20 273/21 274/1 274/4 274/8 274/12 274/14 275/24 277/16 277/22 278/9 279/2 280/7 280/8 286/25 287/3 287/7 287/17 287/19 288/8 288/9 288/13 288/15 288/15

Document 213 [1]  275/24

Document 214 [1]  273/15

Document 215 [1]  273/20

Document 237 [1]  273/16

Document 239 [1]  273/21

Document 474 [1]  274/12

documentary [3]  283/23 286/6 286/12

documents [8]  273/25 278/6 278/8 278/19 279/11 279/13 282/16 282/18

does [4]  275/4 277/12 281/11 287/20

doing [1]  267/21

don't [4]  259/4 270/9 271/6 271/7

done [1]  261/3

doubt [4]  260/18 262/2 266/11 266/19

downtime [1]  260/11

Doyle [4]  257/1 289/11 289/18 289/18

drawn [1]  267/4

driving [1]  260/3

duces [2]  277/21 280/4

due [11]  273/6 274/18 274/25 275/7 278/16 279/8 280/20 282/11 283/10

## (column 3 top)

285/7 286/24

duly [2]  278/22 279/4

Duncan [1]  287/12

during [14]  259/9 260/21 261/8 262/14 262/17 263/2 264/17 264/21 264/25 265/23 267/14 268/15 269/11 269/19

duty [4]  267/16 267/19 268/2 268/3

## E

e-mail [1]  264/8

e-mails [2]  278/22 279/4

each [3]  274/10 283/19 284/14

earlier [5]  266/9 279/25 280/3 284/10 284/17

early [3]  259/21 271/1 277/20

early-return [1]  277/20

EASTERN [2]  256/2 289/12

efficient [1]  269/25

efficiently [1]  270/4

eight [1]  283/2

elect [1]  266/2

electronically [1]  264/6

element [7]  266/18 277/8 278/17 283/4 283/5 285/11 286/21

else [2]  262/7 262/17 264/24 289/3

emergency [2]  259/10 259/11

end [3]  261/3 262/21 269/5

endeavoring [1]  274/18

ending [1]  269/23

Energy [10]  274/24 274/23 275/14 275/22 276/4 276/14 276/17 276/18 279/5 279/25 280/18

engage [6]  261/9 261/9 261/9 261/16 261/16 263/6

engaging [1]  284/11

ENGELHARDT [1]  256/10

enough [1]  262/9

enter [1]  265/6

entitled [2]  266/8 289/15

entity [1]  283/8

Environment [9]  274/22 275/14 275/22 276/5 276/14 276/18 276/19 279/5 280/18

equally [1]  261/7

ESQ [6]  256/14 256/15 256/18 256/21 256/21 256/22

essential [4]  277/8 283/4 285/18 286/21

establishing [2]  278/16 286/21

estimate [1]  269/23

estimates [2]  288/11 288/15

even [6]  275/11 276/18 280/25 281/1 281/2 289/1

every [7]  259/20 266/18 270/16 270/17 270/21 271/7 271/7

everyone [1]  271/1

evidence [51]

evidentiary [2]  287/24 288/4

exactly [1]  270/22

examination [2]  281/2 286/15

examine [1]  286/3

examined [1]  280/23

exchanges [1]  262/8

exclude [1]  281/4

excludes [1]  286/11

exculpatory [3]  279/15 281/9 283/4

Executive [1]  282/7

exercise [6]  273/7 274/19 275/1 279/8 283/11 286/24

exhibits [5]  263/14 263/15 267/23 268/9 279/2

Exhibits A through Y [1]  279/2

exist [1]  269/4

267/18

## (misc fragments top of col2)

demands [1]  260/25

**E**

existed [1] 277/14
existence [1] 279/13
exists [1] 275/10
exited [1] 271/13
expect [1] 260/24
expected [1] 269/17
explained [1] 283/7
explanation [2] 265/21 266/5
expressed [1] 285/16
expressly [1] 277/4
extend [1] 262/6
extent [1] 278/7
external [1] 284/4
extremely [1] 260/25
eyes [1] 259/9
eyewitness [1] 269/2

**F**

F.2d [4] 281/16 284/25 285/15 286/17
F.3d [2] 281/22 283/12
Facebook [1] 264/11
fact [5] 262/5 269/1 277/6 277/13 283/5
facts [9] 267/10 267/19 269/3 269/4
269/12 269/13 275/25 276/2 276/3
factual [5] 276/6 277/7 277/12 283/17
283/20
fair [1] 285/9
fairly [2] 260/17 261/2
fairness [2] 280/14 282/13
familiar [2] 272/6 272/9
family [2] 261/12 264/7
favor [5] 278/2 282/20 284/13 284/17
286/5
favorable [3] 281/22 282/2 284/5
favorably [1] 284/6
FCRR [3] 257/1 289/11 289/18
Federal [1] 286/9
feeling [1] 269/8
fellow [1] 260/22
Fernandez [1] 284/25
few [2] 259/22 282/11
Fifth [11] 266/23 277/11 282/12 283/6
283/7 283/12 283/22 284/13 285/12
285/15 286/16
Fifth Circuit [6] 277/11 283/6 283/7
283/12 285/12 285/15
Fifth Circuit's [1] 286/16
filed [7] 274/13 277/20 279/23 280/5
280/7 287/17 288/3
filings [1] 273/23
Finally [3] 264/13 267/7 282/4
find [1] 286/20
findings [1] 285/23
finds [8] 279/9 282/10 283/13 283/22
284/1 284/9 284/24 285/13
finish [3] 259/21 259/24 259/25
finished [1] 287/25
first [9] 265/17 272/7 273/23 275/2
276/11 279/20 280/14 282/15 288/7
flow [2] 288/11 288/14
flow-rate [2] 288/11 288/14
folks [1] 271/8
follow [2] 267/16 270/1
following [6] 262/13 265/17 265/25
267/15 273/22 282/14
force [2] 288/10 289/5
foregoing [1] 289/13
formal [1] 275/6
forming [1] 262/22
forth [3] 285/12 285/25 287/16
forward [3] 271/18 272/23 273/3

found [5] 278/2 283/11 284/17 285/24
286/7
four [2] 263/17 286/13
Fourth [3] 266/22 285/1 286/18
Fourth Circuit [2] 285/1 286/18
Freedhoff [1] 287/13
frequently [1] 269/19
fresh [1] 270/14
Friday [1] 274/13
friendly [1] 262/6
friends [2] 262/16 264/7
frolic [2] 283/8 283/14
full [5] 272/15 281/18 283/21 284/21
285/9
fully [4] 262/23 272/12 272/14 286/3
fundamental [4] 280/13 280/14 282/11
284/15
further [5] 261/19 269/4 278/19 281/24
287/6
Furthermore [3] 261/23 275/19 281/19

**G**

gather [1] 263/5
gave [1] 269/24
general [4] 259/3 259/7 271/24 275/2
gentlemen [1] 270/12
get [7] 259/16 259/17 259/18 260/16
270/25 271/1 271/9
give [9] 259/3 259/6 260/4 262/10
262/13 267/14 269/4 269/23 285/4
given [4] 264/16 264/23 267/12 270/2
giving [1] 286/10
go [6] 259/22 265/3 270/12 270/15
270/24 271/9
going [8] 260/7 260/15 270/15 270/23
270/24 271/5 271/8 288/24
gone [1] 262/20
Goo [1] 287/13
Good [2] 271/23 271/25
governed [1] 268/1
government [29] 261/13 265/17 265/19
265/23 265/25 266/12 266/13 266/15
266/18 267/5 267/6 273/8 273/14
273/19 274/8 275/23 276/23 277/4
278/16 279/24 280/7 281/10 281/15
281/19 281/24 282/4 282/6 285/8
286/20
government's [11] 265/21 266/2 266/3
276/1 280/22 281/7 282/22 283/17
285/3 286/4 286/14
grant [1] 287/8
granted [6] 272/21 277/23 279/25
285/21 287/4 288/22
granting [1] 280/9
great [1] 260/20
greeting [1] 262/7
grounds [4] 274/8 277/2 278/3 279/25
Group [1] 274/2
guaranteed [1] 284/22
guesswork [1] 267/21
guidance [1] 286/7
guilty [1] 266/10

**H**

had [4] 272/1 274/20 275/20 287/11
halls [2] 265/7 265/7
hallway [1] 262/7
handful [1] 274/18
happen [2] 262/7 262/17
happens [2] 261/17 269/18
has [27] 261/23 263/10 263/12
264/14 264/15 266/15 267/4 267/5
267/6 268/10 268/21 272/8 272/10

272/24 273/4 273/8 273/9 273/15
273/21 280/12 280/16 281/8 281/9
281/22 283/15 283/24 284/5 284/22
284/21 285/6 285/25
have [40]
he [5] 266/7 266/7 266/8 281/21 285/6
headquarters [1] 265/11
hear [3] 262/2 263/25 268/12
heard [1] 262/25
hearing [1] 268/14
HEBERLIG [2] 256/21 272/2
helpful [1] 263/6
here [11] 259/4 259/7 259/16 260/1
263/15 265/14 270/25 271/1 271/1
271/8 271/8
hereby [3] 285/22 286/11 287/4
high [2] 274/7 279/24
high-ranking [1] 274/7
highly [1] 283/24
himself [1] 274/16
his [20] 274/25 276/9 278/5 278/12
278/21 280/12 280/16 281/8 281/9
281/22 283/15 283/24 284/5 284/22
285/5 285/8 285/10 285/18 286/5
286/25
hold [4] 268/8 272/25 281/9 283/3
holding [1] 274/22
honor [5] 271/23 272/3 272/19 272/20
284/15
HONORABLE [1] 256/10
hopefully [2] 259/16 270/25
Horizon [1] 275/10
hour [1] 259/16
hours [1] 270/1
house [26] 271/24 272/19 274/3 274/21
274/23 277/23 277/25 278/12 278/5
278/19 279/10 279/16 279/19 279/23
281/2 282/16 282/21 282/23 282/25
283/1 283/8 283/8 284/4 284/18 286/6
286/12
House's [2] 282/19 284/18
However [1] 264/5
hypothetical [1] 288/12

**I**

I'd [2] 260/8 262/13
I'll [1] 272/24
I'm [9] 260/7 260/11 260/19 270/15
271/4 272/8 272/15 276/1 277/7
i.e [2] 282/6
identified [5] 261/5 261/14 261/15 283/5
287/19
if [24] 259/9 259/18 261/17 262/2
263/10 264/17 264/19 264/20 265/7
266/4 266/7 268/15 268/20 271/1 271/7
271/18 272/15 272/23 273/11 275/11
276/18 281/7 288/1 289/4
ignore [1] 268/22
Illinois [1] 281/13
immediately [2] 261/18 262/4
impartiality [1] 262/11
impartially [1] 261/2
impede [1] 274/18
implicate [1] 283/20
implicated [1] 281/20
implication [1] 284/20
important [2] 262/24 270/19
importantly [2] 279/18 286/4
imposes [1] 266/19
impossible [1] 286/18
impression [2] 262/10 262/11
improper [1] 288/14
in [158]
inadmissible [1] 281/13

## I

inapposite [1] 282/5
includes [2] 262/15 264/7
including [5] 261/11 263/21 263/22
264/11 284/3
incompetent [1] 281/12
indeed [1] 277/11
independent [1] 284/14
indicate [1] 269/12
indicated [3] 259/13 269/16 286/16
indictment [12] 266/14 273/6 273/12
273/18 274/15 275/25 276/2 276/7
276/25 276/25 286/23 287/1
individual [1] 283/14
indulge [1] 267/21
infer [1] 269/3
inferences [2] 267/4 267/20
influence [1] 274/18
influenced [2] 268/24 269/7
information [4] 260/5 263/5 275/12
283/4
innocence [1] 266/8
innocent [2] 262/9 266/10
inquiry [13] 273/7 274/19 274/19 275/1
275/7 276/3 277/10 277/13 277/14
278/20 279/8 283/11 286/25
inside [1] 260/24
insofar [2] 287/15 288/23
instead [2] 275/6 276/8
instigate [1] 275/7
instruct [2] 267/7 268/20
instructed [2] 264/24 264/15
instructions [10] 259/3 259/7 262/14
262/25 264/1 265/9 267/13 267/16
267/17 269/4
insufficient [1] 287/17
intended [3] 267/2 269/11 278/16
intends [1] 265/23
interest [1] 272/14
internal [1] 284/4
Internet [3] 263/22 264/4 264/10
interview [1] 279/14
into [9] 267/18 267/23 268/23 270/5
270/7 270/12 276/17 278/24 279/4
introduce [1] 266/13
introduced [1] 266/22
introducing [1] 266/21
introduction [1] 265/22
investigate [3] 275/10 275/11 280/18
investigating [1] 279/6
investigation [24] 273/14 274/20 275/6
275/7 275/15 276/4 276/11 276/13
276/16 276/16 276/19 276/21 277/10
277/13 277/15 278/21 278/24 279/1
279/18 280/20 281/5 286/1 286/19
287/3
investigations [3] 275/3 275/20 275/21
investigative [2] 276/12 278/15
invocation [1] 285/7
involved [3] 262/6 265/8 285/8
iPhone [1] 264/9
is [97]
issue [1] 272/8
issued [1] 278/11
issues [10] 277/6 277/7 277/9 277/13
283/17 283/20 283/25 287/23 287/24
288/4
it [26] 259/3 260/6 261/18 261/25
262/22 262/24 263/11 263/16 264/16
264/22 267/12 267/15 268/1 268/22
268/8 268/15 268/24 272/12 272/13
272/15 272/18 272/22 277/6 278/7

287/9 287/11

## J

Jeffrey [1] 287/12
Jencks [1] 285/2
Jencks v [1] 285/2
job [1] 259/8
Johnson [1] 256/20
jointly [1] 276/16
Jones [1] 256/17
judge [2] 256/11 268/4
judges [1] 267/10
June [3] 256/7 259/2 279/20
June 1 [1] 279/20
jurisdiction [2] 275/4 275/21
jurisprudence [2] 272/9 285/12
juror [1] 261/8
jurors [7] 260/18 260/19 260/20 260/22
261/8 261/19 262/2
jury [25] 256/10 259/8 260/12 262/21
265/2 265/3 265/10 265/11 265/11
267/10 267/18 268/12 268/14 270/3
270/7 270/12 270/13 270/25 271/2
271/13 276/8 277/6 277/9 283/18
287/25
jury's [1] 283/25
just [8] 259/11 267/1 269/24 274/10
279/25 283/19 284/22 288/17
justice [3] 256/14 261/3 282/7

## K

keep [5] 259/9 260/1 268/13 268/17
270/3
kind [1] 261/10
kinds [2] 268/25 269/6
know [7] 259/4 260/3 270/10 271/6
271/8 272/7 272/24
knowledge [1] 286/5
KURT [1] 256/10

## L

lack [4] 262/10 273/6 274/25 286/23
lacking [1] 286/5
ladies [1] 270/11
last [1] 269/17
later [1] 277/18
law [11] 260/20 263/1 264/1 264/15
266/19 267/8 267/11 267/12 268/2
272/6 277/7
lawyers [2] 268/8 268/11 269/19
lay [3] 288/8 288/12 288/14
learn [1] 263/9
least [4] 279/3 280/24 281/3 284/5
leave [5] 264/20 264/21 264/21 264/22
270/15
leaves [1] 287/10
leaving [1] 276/25
led [1] 276/5
legal [2] 274/2 277/9
legislative [1] 282/8
length [1] 268/18
LEO [1] 256/14
let [8] 259/3 259/6 263/2 270/7 270/11
270/15 270/23 272/25
Let's [1] 272/22
letter [10] 273/13 276/10 276/20 277/2
278/20 278/22 278/25 279/7 280/19
287/2
letters [1] 279/4

light [6] 274/6 280/6 280/9 287/5 287/18
like [9] 259/21 262/13 266/3 267/1 271/4
272/16 288/1 289/2 289/4
likely [1] 265/7
likewise [1] 261/15
limine [4] 287/23 288/13 288/16 288/21
limitation [2] 281/1 281/1
limited [3] 280/23 282/23 284/3
LinkedIn [1] 264/12
list [2] 282/16 282/17
listed [2] 274/20 282/18
listen [2] 263/20 270/18
little [4] 259/16 259/20 260/10 270/8
lives [1] 260/15
LLP [2] 256/17 256/20
locked [1] 260/12
long [1] 284/19
long-standing [1] 284/19
longer [3] 259/23 260/13 270/3
lose [2] 283/9 283/14
LOUISIANA [5] 256/2 256/16 256/19
257/2 289/13
lunch [2] 259/16 259/18

## M

made [2] 266/4 277/1
MAGNER [1] 256/18
mail [2] 264/8
mails [2] 278/22 279/4
make [23] 259/8 260/9 260/19 262/21
265/10 265/14 265/18 265/19 265/24
266/2 266/6 268/3 268/8 268/18 269/11
269/19 270/2 271/3 271/20 271/21
272/16 275/25 276/2
making [1] 266/1
manner [1] 261/1
many [1] 264/3
March [1] 279/16
March 10 [1] 279/16
Marcia [1] 288/9
Markey [2] 275/13 286/2
Markey's [3] 278/25 279/6 280/19
marshal [2] 265/5 265/5
material [9] 268/22 272/11 280/17
281/21 282/1 283/3 283/24 284/1 285/5
materials [1] 272/5
matter [6] 259/5 270/10 271/19 279/22
282/10 289/15
matters [2] 268/13 269/5
may [46]
May 14 [3] 273/13 276/10 276/20 277/2
278/20 279/7 280/19 287/2
May 4 [5] 273/12 276/10 276/19 276/23
287/1
maybe [2] 287/25 288/2
McNutt [1] 288/9
me [8] 259/3 259/6 261/18 262/3 263/2
270/7 272/25 274/11
means [2] 263/22 267/24
meantime [1] 277/19
mechanical [1] 257/5
media [1] 264/5
meet [1] 286/20
member [2] 283/9 283/14
members [2] 277/21 279/14
memorandum [2] 273/24 274/3
mentioned [2] 263/8 280/25
merely [1] 265/22
merit [1] 287/8
messaging [1] 264/9
MICHAEL [2] 256/18 287/13
Michal [1] 287/13

# M

midmorning [1] 259/14
might [4] 262/7 263/6 269/20 283/9
mind [1] 269/6
mindful [2] 260/20 270/24
minds [2] 263/12 269/21
minimum [2] 268/13 268/18
minutes [2] 259/15 259/22
mischaracterizing [1] 288/11
missing [1] 271/5
Mitchell [1] 286/17
moment [2] 263/11 263/18
moot [2] 287/14 287/18
more [10] 259/4 259/23 265/7 265/20
266/4 270/9 279/15 279/18 282/11
286/4
morning [4] 259/14 264/25 269/17
288/25
most [1] 287/17
motion [40]
motions [13] 273/4 273/5 273/23 274/10
277/17 287/11 287/19 287/21 287/22
288/3 288/19 288/21 288/23
move [1] 272/22
moved [1] 277/24
Mr. [7] 272/2 272/23 273/2 273/2 279/16
280/15 288/14
Mr. Heberlig [1] 272/2
Mr. Rainey [2] 272/16 280/15
Mr. Rainey's [1] 288/14
Mr. Tsao [2] 272/23 273/2
Mr. Zink [1] 273/2
much [3] 259/4 270/9 271/10
must [22] 261/25 263/11 263/23 264/5
267/9 267/11 267/21 268/6 268/8
268/13 268/22 269/7 269/13 276/8
277/8 281/21 281/25 283/17 283/18
284/20 285/4 287/3
my [10] 259/8 260/2 262/25 265/9 268/3
269/12 269/21 269/25 288/18 289/14
myriad [1] 288/4
Myspace [1] 264/12

# N

N.W [1] 256/22
necessarily [1] 287/4
necessary [3] 260/13 263/23 270/4
need [5] 259/6 259/10 264/19 288/25
289/3
neighbors [1] 262/17
networking [1] 264/11
never [1] 266/19
New [3] 256/16 256/19 257/2
news [1] 263/20
newspapers [1] 263/19
night [2] 260/2 264/21
nine [1] 271/17
Ninth [1] 281/15
no [9] 256/5 260/18 261/1 266/2 266/5
269/10 275/8 278/8 283/10
Nobles [1] 286/8
noncumulative [2] 284/2 285/5
nonetheless [1] 262/10
nonparties [1] 287/12
nonparty [2] 271/17 282/8
nonspeculative [1] 281/25
noon [1] 259/17
nor [2] 263/19 278/25
not [76]
Notably [1] 276/22
notebook [1] 264/18
notes [4] 264/18 264/19 264/20 264/23
nothing [4] 265/20 266/4 266/12 272/19
notify [1] 262/3
now [9] 269/16 271/16 272/17 279/25
280/10 284/20 287/10 287/22 288/1
number [7] 268/18 277/19 278/4 278/6
278/22 284/3 287/22
numbers [1] 287/19

# O

oath [1] 270/20
objection [4] 268/3 268/4 268/9 268/21
objections [2] 268/7 268/8
obliged [1] 266/17
observed [1] 260/22
observing [1] 261/24
obstruct [1] 274/18
obtaining [1] 285/6
occurs [2] 262/3 263/17
offense [3] 262/5 266/18 277/8
offer [2] 281/12 281/25
Office [1] 271/24
official [5] 257/1 274/8 279/25 289/11
289/19
oil [1] 275/10
okay [3] 268/15 272/1 272/4
old [1] 271/6
omissions [1] 277/1
on [74]
one [8] 261/2 271/5 271/6 271/7 272/25
277/12 288/17 288/22
only [6] 263/14 276/25 282/15 285/13
287/16 288/5
open [3] 259/9 267/5
opening [1] 265/18 265/19 265/24
265/25 266/1 266/2 266/3 266/4 266/6
266/11 267/1
opinion [7] 269/12 283/12 285/16
286/17 286/18 288/8 288/14
opinions [1] 262/22
opportunity [1] 265/18
opposition [4] 274/9 275/24 276/1 280/8
or [76]
oral [2] 266/24 276/22
order [7] 261/1 265/17 272/24 274/12
280/25 281/19 287/12
ordered [2] 268/10 268/22
Orleans [2] 256/16 256/19 257/2
other [19] 260/23 261/13 261/24 263/8
263/19 263/20 263/22 264/4 264/11
265/12 266/3 269/5 269/23 275/23
278/1 280/21 283/3 287/18 288/19
others [3] 261/5 274/16 274/17
otherwise [3] 262/22 278/10 281/13
our [3] 270/13 272/1 272/20
out [7] 259/16 260/14 262/7 266/9
269/22 276/4 279/15 270/1
outside [8] 259/18 260/24 261/20 263/6
263/9 263/13 263/17 268/13
over [3] 262/23 277/13 286/10
Oversight [3] 275/20 276/13 276/16
own [1] 263/5 264/23 282/25

# P

PAGE [1] 258/2
papers [1] 272/20
parking [2] 260/4 260/5
part [12] 273/13 275/14 276/10 276/20
276/24 277/14 278/20 278/25 280/19
287/2 288/23 288/23
partial [2] 262/11 282/15
participants [1] 261/6
particular [3] 275/18 287/24 288/6

particularly [1] 261/25
party [1] 269/8
paths [1] 262/8
patience [1] 271/11
pays [1] 259/8
pen [1] 264/19
pendency [1] 262/18
pending [5] 273/4 273/23 288/9 288/20
288/21
perform [1] 275/21
performed [3] 278/7 282/17 286/6
perhaps [1] 269/17
permitted [3] 262/9 281/7 281/16
person [3] 261/13 261/15 267/25
personal [3] 259/10 264/23 269/8
persons [4] 260/24 261/11 261/24 262/6
pertain [1] 288/24
Phil [1] 287/12
phone [1] 264/8
phones [1] 264/3
placed [1] 261/20
places [1] 263/7
planned [1] 269/20
plausible [3] 279/11 285/25
plausibly [3] 281/8 283/3 284/5
pleadings [1] 284/7
please [11] 259/9 262/3 264/20 265/3
265/6 270/17 270/17 270/18 270/24
271/20 271/21
pledge [2] 268/17 269/25
point [6] 269/22 269/23 270/23 287/14
287/18 289/3
pointed [1] 266/9
pointing [1] 269/22
points [1] 278/22
position [1] 261/20
positions [1] 275/24
possibility [1] 262/2
possible [4] 260/11 260/17 260/17
268/19
potentially [3] 279/15 283/3 286/1
power [6] 273/7 274/19 275/1 279/8
283/11 286/24
Poydras [2] 256/15 257/1
preclude [3] 288/10 288/12 288/13
precluded [1] 285/6
preclusion [1] 286/11
prejudice [2] 269/8 285/22
preliminary [1] 282/10
prepared [1] 272/15
present [6] 266/16 266/24 267/2 281/18
281/20 283/21
presentation [1] 269/11
presented [3] 263/24 264/14 266/15
presenting [1] 270/1
presumably [1] 282/24
presumed [1] 266/10
presumption [1] 266/8
pretrial [1] 288/20
previously [1] 285/20
prior [1] 265/9
privilege [11] 278/1 278/2 280/5 281/17
282/8 282/19 283/2 284/12 284/19
285/7 285/17
privileged [2] 278/8 281/12
privileges [1] 284/16
proceed [3] 259/13 265/16 275/18
proceedings [3] 257/5 289/8 289/15
process [3] 281/18 282/11 282/12
proclaimed [1] 282/23
produce [2] 265/23 278/8

**P**

produced [4] 278/5 278/19 279/4 279/10
production [5] 278/9 282/16 283/23 286/6 286/12
proffer [1] 288/16
prohibit [1] 280/15
prohibiting [1] 285/18
promise [1] 269/18
prompt [2] 260/8 271/5
proof [3] 267/6 269/1 269/3
proper [10] 273/7 274/19 275/1 275/7 275/20 278/16 279/8 280/20 283/11 286/24
properly [2] 263/3 279/5
propose [1] 270/11
propounded [1] 277/19
prosecution [2] 285/3 285/8
protection [1] 283/9
protections [1] 283/15
protective [4] 272/24 274/11 280/25 287/12
prove [1] 266/18
proven [1] 266/10
proves [1] 266/12
provide [4] 264/18 265/13 267/17 286/13
publicity [1] 263/10
punish [1] 282/6
purely [1] 277/9
purposes [1] 278/17
pursuant [4] 282/2 283/1 283/21 286/9
put [2] 285/9 285/25

**Q**

qualifies [1] 277/10
quash [6] 271/17 272/17 279/3 280/1 280/3 280/10
question [1] 279/4
questions [1] 288/12
quickly [2] 260/16 270/4
quite [1] 284/6
quoting [3] 276/1 277/7 277/15

**R**

radio [1] 263/20
RAINEY [6] 256/6 256/17 256/20 279/16 280/15 283/12
Rainey's [2] 273/24 288/14
ranking [2] 274/7 279/24
rate [2] 288/11 288/14
rather [1] 260/11
reach [1] 264/13
read [5] 263/18 264/24 270/18 272/4 272/12
reading [2] 263/7 279/11
ready [1] 271/9
realizing [1] 262/22
reason [4] 261/4 262/8 265/2 270/21
reasonable [5] 266/10 266/19 267/20 279/11 285/25
reasons [2] 268/7 285/20
rebuttal [1] 266/22
Rec. [1] 274/8
Rec. Document 427 [1] 274/8
receive [1] 263/3
received [4] 262/24 262/25 273/22 282/15
recently [2] 274/13 287/17
recess [2] 259/12 265/1
recipient's [1] 274/6
recipients [1] 271/18
recognize [1] 264/3

reconcile [1] 284/15
Record Document [1] 265/10
Record Document 188 [2] 273/8 286/25
Record Document 190 [2] 273/14 287/3
Record Document 192 [1] 273/19
Record Document 213 [1] 273/9
Record Document 214 [1] 277/16
Record Document 247 [1] 273/10
Record Document 315 [1] 279/2
Record Document 328 [1] 288/8
Record Document 333 [1] 288/9
Record Document 337 [1] 288/13
Record Document 392 [1] 274/1
Record Document 415 [1] 274/4
Record Document 419 [2] 271/16 272/17
Record Document 420 [1] 288/15
Record Document 423 [1] 288/15
Record Document 427 [1] 280/7
Record Document 488 [2] 274/14 287/17
recorded [1] 257/5
reference [3] 260/19 279/1 285/14
referred [3] 260/11 288/7 288/10
referring [1] 260/19
refreshments [1] 265/13
refusal [2] 274/6 280/6
refused [1] 283/2
regard [2] 282/14 287/20
regarding [3] 272/16 273/24 288/14
regardless [2] 283/9 283/15
REID [1] 256/21
relate [1] 283/20
related [10] 270/19 273/23 279/10 279/18 281/4 283/4 285/5 285/23 286/12 288/5
relates [1] 287/23
relative [2] 287/23 288/17
relatives [2] 261/12 262/16
relevant [5] 279/19 280/17 283/24 284/8 285/4
relief [5] 274/6 280/6 280/10 280/12 285/21
relies [1] 280/13
rely [1] 278/16
remain [2] 265/3 265/6
remaining [1] 276/6
remark [1] 269/17
remarks [2] 262/2 272/16
remedial [5] 274/5 280/5 280/10 280/12 285/21
remedy [2] 282/5 285/13
Remember [1] 264/22
remind [1] 270/16
rendered [1] 286/18
Renzi [2] 281/16 284/10
repeat [1] 277/24
repeatedly [1] 283/16
replied [3] 273/9 273/15 273/20
replies [1] 274/9
report [1] 261/18
Reporter [1] 257/1 289/12 289/19
reports [1] 263/20
representation [1] 278/9
representations [2] 277/1 282/18
Representative [5] 275/13 278/25 279/6 280/19 286/2
Representative Markey [2] 275/13 286/2
Representative Markey's [3] 278/25 279/6 280/19
Representatives [2] 274/21 274/23
Representatives' [1] 274/3
representing [1] 278/6

request [3] 275/12 277/23 283/2
required [4] 265/2 266/6 275/6 275/17
requires [1] 277/5
reserved [1] 277/6
resolution [2] 275/6 275/9
resolve [2] 277/5 277/12
resolved [1] 276/8
respective [2] 266/25 267/3
respond [1] 277/24
responded [4] 273/8 273/15 273/19 277/25
response [7] 274/13 275/23 277/2 277/4 278/9 280/7 281/10
responses [1] 274/9
responsibilities [1] 260/21
responsibility [1] 260/25
rest [2] 266/7 272/20
restrooms [1] 265/12
result [1] 286/15
retire [2] 267/8 270/12
return [2] 277/20 277/24
returnable [1] 279/20
revisit [1] 288/3
revisited [2] 288/25
right [9] 267/5 269/16 271/4 271/10 281/11 281/17 281/20 283/21 284/21
rights [6] 282/11 282/11 282/14 284/22 285/10 285/24
ripe [1] 280/12
rise [2] 271/12 289/7
ROBERT [1] 256/15
room [13] 260/12 262/21 264/10 265/4 265/10 265/11 267/18 270/3 270/8 270/13 270/25 271/2 289/5
Roviaro [1] 285/2
Roviaro v [1] 285/2
rule [3] 268/4 272/15 275/2
ruled [4] 282/20 284/12 287/22 288/22
rules [5] 262/25 263/1 268/2 270/24 286/9
ruling [8] 268/7 269/10 277/17 280/3 284/9 284/18 284/21 287/18
rulings [2] 284/10 285/1

**S**

said [5] 263/23 266/11 266/25 267/1 269/16
same [4] 261/4 274/17 283/13 285/8
say [1] 288/21
saying [1] 271/6
scope [5] 278/6 278/10 280/23 282/24 286/6
SCOTT [1] 256/22
search [2] 278/7 282/17
searches [1] 282/17
seat [2] 264/22 268/16
seated [2] 264/22 271/14
second [14] 266/13 272/25 273/6 273/12 273/18 274/15 276/7 276/9 276/15 276/25 280/24 281/3 286/23 287/1
Secondly [3] 274/2 275/8 282/21
Section [1] 256/6
see [3] 260/12 263/25 289/4
seek [1] 279/15
seeks [1] 285/4
seem [1] 262/9
seems [1] 280/25
seen [2] 283/16 284/17
send [1] 270/7
sensitive [1] 260/7
sent [2] 275/12 279/7

Case 1:21-cr-00670-CJN Document 135 Filed 07/15/23 Page 43 of 44

**S**

serious [1] 282/13
served [2] 277/21 279/17
serves [1] 265/22
service [1] 279/7
SESSION [2] 256/9 259/1
set [2] 285/12 287/16
settled [1] 277/7
shall [5] 261/6 261/9 261/16 262/1
263/16
short [1] 268/19
should [5] 261/19 262/5 262/12 281/3
282/6
show [2] 265/4 270/25
shown [1] 267/4
sides [1] 272/10
signal [1] 259/11
similar [1] 284/24
since [1] 287/25
sit [1] 260/15
situation [1] 260/6
six [1] 279/17
Sixth [3] 282/12 283/22 284/13
so [13] 259/11 259/17 259/23 260/10
264/19 266/7 266/7 266/17 267/21
270/15 270/23 271/5 272/8
social [2] 264/5 264/11
software [1] 257/5
solely [2] 283/24 287/15
solo [1] 268/12
some [10] 259/3 259/6 259/21 259/24
260/3 260/4 260/4 268/13 269/5 288/22
somebody [1] 259/24
someone [1] 265/8
Soon [1] 278/4
sought [5] 279/14 281/21 282/6 283/23
284/1
specific [2] 262/14 275/17
specifically [4] 272/10 272/16 275/16
281/5
speculation [1] 267/22
speech [8] 274/7 278/1 278/2 279/24
280/5 281/17 284/12 284/19
spill [5] 275/10 275/12 276/17 278/24
279/6
spouse [1] 262/16
St [1] 256/18
staffers [5] 277/22 279/15 279/17
280/21 281/6
stand [2] 259/24 268/16
standing [1] 284/19
start [4] 262/22 270/13 271/4 271/8
starting [1] 259/13
stated [2] 284/1 285/21
statement [2] 265/19 265/19 265/20
265/24 265/25 266/1 266/2 266/3 266/4
266/6 267/1 269/10
statements [2] 266/11 288/16
STATES [9] 256/1 256/4 256/11 256/14
265/5 274/21 274/22 285/2 289/12
status [2] 283/10 283/15
stenography [1] 257/5
Steptoe [1] 256/20
still [1] 277/7
strangers [1] 262/16
Street [2] 256/15 257/1
stretch [1] 268/16
stricken [2] 268/10 268/22
strike [1] 263/11
subcommittee [26] 273/13 274/22 275/4
275/9 275/11 275/13 275/20 275/22
276/4 276/5 276/11 276/13 276/14
276/15 276/17 276/18 277/10 278/14
283/16 286/2 286/2 287/2
submitted [2] 272/5 283/18
subpoena [4] 271/17 274/6 278/10
283/2
subpoenas [6] 277/21 278/5 279/17
279/20 279/23 280/4
Subsequently [1] 278/12
such [13] 262/8 267/16 267/20 268/23
269/1 270/5 275/5 275/8 275/21 276/20
277/13 282/5 282/22
sufficient [1] 275/5
suggest [1] 281/1
Suite [2] 256/15 256/18
superseding [10] 273/6 273/12 273/18
274/15 275/25 276/2 276/7 276/25
286/23 287/1
supervision [1] 265/5
supplemental [1] 273/24
supplemented [1] 278/12
support [4] 266/14 266/24 278/21
281/14
supported [1] 284/18
Supreme [1] 286/7
Supreme Court's [1] 286/7
sure [2] 259/8 260/5
surrounding [1] 286/16
sustained [2] 268/10 268/21
sympathy [1] 269/8

**T**

take [13] 259/14 259/15 259/19 262/5
264/18 264/19 264/20 267/18 268/23
270/11 270/13 271/16 272/25
taken [2] 270/20 275/24
taking [2] 260/14 279/22
talk [1] 268/12
talking [1] 270/21
task [2] 288/10 289/4
Tatelman [1] 271/24
Taylor [1] 281/13
technology [1] 264/4
tecum [2] 277/21 280/4
telephones [1] 265/12
television [1] 263/20
term [1] 267/24
terms [3] 278/7 282/17 288/25
testifies [1] 267/24
testify [4] 274/7 280/6 280/22 282/22
testifying [1] 286/3
testimony [15] 263/15 267/23 268/9
268/20 269/2 280/17 280/21 281/5
281/12 282/1 282/23 283/24 286/13
287/15 288/8
text [1] 264/9
than [7] 259/23 260/13 265/20 266/4
269/23 270/3 282/11
Thank [2] 271/10 289/6
that [128]
That's [2] 260/2 288/18
their [9] 260/10 261/7 262/2 266/24
269/21 275/3 275/24 277/22 279/15
them [3] 264/20 267/19 268/7
then [6] 267/8 275/13 277/24 278/5
278/11 288/19
theory [2] 265/21 266/5
there [17] 259/21 259/22 260/10 262/1
265/12 265/14 268/11 268/25 270/9
271/3 273/11 273/17 278/8 283/10
288/19 288/21 289/3
there's [4] 259/4 271/2 271/6 272/24
thereafter [1] 278/4
therefore [2] 286/20 286/22
these [9] 264/24 271/21 277/6
277/17 279/13 283/17 283/19 285/12
they [10] 260/2 262/9 262/10 264/23
268/14 269/20 270/12 283/20 288/23
289/1
thing [1] 288/2
things [3] 265/13 269/20 271/2
think [4] 263/6 269/16 288/17 288/20
third [5] 266/15 274/5 275/10 276/18
283/1
this [88]
those [15] 263/21 268/13 268/15 268/16
268/17 268/19 270/24 273/5 279/11
284/15 286/3 287/20 288/7 288/7
288/23
three [3] 273/4 279/17 283/19
through [6] 264/8 264/9 264/10 279/2
282/7 283/23
thus [2] 268/4 284/24
time [12] 260/7 260/9 260/10 262/13
267/18 268/2 268/2 270/2 270/11
270/23 272/7 272/18
today [6] 259/5 259/7 271/11 279/21
279/22 279/25 284/9 284/17 287/25
Todd [1] 271/23
token [1] 283/13
tomorrow [3] 270/14 270/25 288/25
Toni [4] 257/1 289/11 289/18 289/18
too [1] 272/25
tools [2] 264/4 264/5
transcript [2] 256/10 289/14
transcription [1] 257/5
transmitted [1] 263/22
trial [39]
tried [2] 260/16 261/3
true [1] 289/13
try [9] 259/11 260/2 263/8 265/10
265/13 268/12 268/18 269/21 270/4
trying [2] 260/16 280/15
TSAO [3] 256/14 272/23 273/2
Tusa [4] 257/1 289/11 289/18 289/18
Twitter [2] 263/22 264/9
two [4] 268/25 269/17 280/13 287/21
type [2] 259/10 259/17
typically [1] 269/18

**U**

U.S [11] 256/14 274/3 281/22 282/2
282/2 284/25 285/2 285/2 285/3 286/8
286/17
U.S v [1] 286/17
U.S. [5] 281/14 281/16 283/12 286/8
286/9
U.S. v [1] 283/12
U.S. v. Nobles [1] 286/8
U.S. v. Renzi [1] 281/16
U.S.C [1] 274/24
unable [1] 280/16
unanimous [1] 267/9
unauthorized [3] 283/8 283/14 286/1
unavailable [1] 282/1
unconstitutional [3] 273/18 277/18 287/7
under [15] 265/4 271/9 274/19 277/10
279/11 280/15 281/15 282/12 282/18
284/19 285/3 285/12 287/8 287/23
287/24
understand [2] 260/14 272/13
understanding [3] 278/13 288/18 289/14
unfettered [1] 281/11
UNITED [6] 256/1 256/4 256/11 256/14
265/5 274/21 274/22 285/2 289/12
United States [4] 265/5 274/21 274/22

## U

United States... [1]  285/2
unless [3]  259/23 271/5 287/14
until [7]  260/1 262/20 262/24 264/14
  265/5 266/1 266/10
up [5]  259/17 260/12 270/11 271/16
  279/22
upon [4]  263/16 264/22 266/7 278/15
us [2]  269/22 270/10
use [4]  264/3 264/5 264/23 270/2
used [2]  278/7 282/6
using [1]  257/5
utilizing [1]  280/20

## V

v. [2]  281/16 286/8
vagueness [3]  273/18 277/18 287/7
Valenzuela [1]  282/2
Valenzuela-Bernal [1]  282/2
value [1]  269/15
variety [1]  287/10
various [1]  277/21
verdict [2]  263/23 267/9
Verrusio [2]  281/22 284/10
versus [1]  256/5
very [15]  260/8 260/15 270/19 271/5
  271/10 272/6 272/9 272/9 279/3 280/24
  281/3 283/6 283/7 285/8 286/17
view [2]  263/19 278/23
violation [3]  265/9 274/24 277/3
visit [1]  263/7
visiting [1]  270/22
voluntarily [4]  278/5 281/6 282/22 286/3
voluntary [1]  280/21

## W

wait [1]  262/24
Walker [1]  256/17
walls [1]  263/17
want [4]  259/18 259/24 259/25 271/6
warned [1]  260/9
was [17]  268/9 274/20 275/11 275/17
  276/4 276/24 278/9 278/10 278/20
  278/24 278/25 279/5 280/18 280/19
  282/19 288/9 288/17
Washington [1]  256/23
way [7]  261/25 263/8 264/10 268/24
  271/9 285/4 288/22
we [46]
We'll [1]  259/15
we're [1]  265/4
website [1]  264/10
websites [1]  264/11
weeks [1]  269/17
weigh [1]  281/16
weighing [1]  284/11
weight [1]  269/14
WEINGARTEN [1]  256/21
well [10]  260/20 269/5 272/24 274/9
  274/16 277/7 277/18 279/24 286/9
  287/9
well-settled [1]  277/7
were [11]  273/13 275/14 276/10 276/19
  276/20 277/14 279/20 282/18 287/2
  288/3 288/5
what [10]  263/25 266/11 266/25 267/1
  267/3 267/4 269/12 269/18 277/14
  284/20
whatsoever [2]  261/10 261/17
when [11]  259/22 260/18 261/20 264/21
  264/21 264/25 265/1 265/14 268/16
  268/23 270/25

where [7]  259/21 261/21 262/1 280/15
whereby [2]  275/17 285/24
wherever [1]  262/7
whether [10]  259/24 266/11 268/4 277/10
  277/13 279/4 279/6 280/17 280/19
  288/25
which [49]
while [1]  280/20
whim [1]  282/24
who [8]  261/5 261/24 267/24 268/8
  280/21 281/6 281/8 283/3
whose [1]  280/16
why [1]  279/21
will [51]
wish [3]  260/5 264/17 268/15
wit [1]  274/21
withdrawn [1]  278/11
withdrew [1]  278/4
withheld [1]  282/18
within [3]  275/3 275/5 280/23
without [3]  262/22 278/6 286/2
witness [2]  263/14 267/24
witness' [1]  282/25
witnesses [17]  260/10 261/5 261/13
  261/24 266/20 267/23 269/21 273/25
  280/16 281/8 281/12 282/21 283/3
  286/3 286/5 286/13 288/12
witnesses' [1]  280/6
won't [1]  259/17
would [25]  265/8 266/4 270/11 271/4
  272/16 272/23 273/2 278/8 279/1 280/2
  282/23 283/10 283/14 286/13
  286/20 287/13 287/24 288/1 288/2
  288/2 288/6 288/7 289/2 289/4
written [3]  272/5 272/11 284/3

## Y

y'all [1]  271/7
year [1]  283/13
Yes [1]  272/3
you [133]
you're [1]  260/12
you-all [2]  260/8 272/23
your [33]  259/9 260/14 260/20 260/21
  260/22 260/25 262/15 262/16 262/16
  263/5 263/11 263/11 263/12 263/23
  264/7 264/8 264/16 264/16 264/20
  264/22 264/23 267/8 267/16 267/19
  268/16 270/2 271/10 271/20 271/21
  271/23 272/3 272/19 272/20
Your Honor [4]  271/23 272/3 272/19
  272/20
yourself [1]  271/3
yourselves [5]  261/1 261/20 262/19
  263/1 268/6
YouTube [1]  264/12

## Z

ZINK [2]  256/15 273/2