UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 21-cr-670 |
| v. : | |
| : | |
| STEPHEN K. BANNON, : | |
| : | |
| Defendant. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE CONGRESSIONAL EVIDENCE OR DISMISS THE INDICTMENT BASED ON GRANTING THE MOTION TO QUASH**

The Defendant argues that the Court should dismiss the indictment because it quashed his subpoenas seeking testimony from Members of Congress and their staff who have a privilege against compelled testimony under the Speech or Debate Clause of the Constitution. ECF No. 116. But the Defendant's motion—which recycles a large amount of irrelevant material from his failed opposition to the House of Representative's motion to quash and which displays disregard for the Court's controlling orders in this case regarding his available defenses—fails to articulate any testimony he seeks from these individuals that is relevant in his trial, much less that would be exculpatory or non-cumulative. His motion should be denied.

I.      **Factual Background**

On June 7, 2022—six months after the Court set a July trial date in this case and three months after the Court denied the Defendant's motion to compel the Government to produce House records outside of its possession, *see* 3/16/2022 Minute Order (denying in part ECF No. 28), the Defendant issued trial subpoenas to twelve Members of Congress, the House General Counsel, and three congressional staff, *see In re Non-Party Subpoenas*, Case No. 22-mc-00060 (CJN), ECF No. 1-1, Exhibits A-P. The House moved to quash. *Id.*, ECF No. 1. The Defendant claimed that the information he needed from the subpoenaed Members was about his waived

objections to alleged rules violations, such as the number of Committee members or whether the Committee included a ranking minority member.  *See* Mot. Hrg., 7/11/22, Tr. at 60-62.

At the July 11, 2022, motions hearing, the Court determined that the information the Defendant claimed to seek from the subpoenaed witnesses is irrelevant.  In particular, the Court granted the Government's motion in limine on waived objections, ECF No. 53, and ruled that the Defendant cannot present to the jury evidence of alleged violations of the Committee's rules.  *See* Mot. Hrg., 7/11/22, Tr. at 127-133.  The Court specifically stated that "such evidence is irrelevant to questions that will go to the jury." *Id*. at 133.

## II.     The Defendant Has Failed to Establish That Any of the Information He Seeks From The Witnesses in Question is Relevant, Exculpatory, and Non-Cumulative.

As the Court stated on July 11, 2022, to prevail on a claim that the indictment must be dismissed as a result of the quashed testimony of House witnesses, the Defendant "must show that the testimony he seeks would be relevant to an issue at trial." *Id*. at 144:9-11 (stating further that any such showing "seem[ed] unlikely").  The Defendant fails to make any such showing in his motion.  Instead, he recycles much of his failed opposition to the House of Representatives' motion to quash, without acknowledging the Court's rulings, which foreclose admission of the evidence he claims the House witnesses possess.  The Defendant also claims that, short of dismissal, any "congressional evidence" must be excluded.  ECF No. 116 at 16.  With respect to this claim, the Defendant does not provide argument or cite any authority in the law or rules of evidence that relevant evidence must be excluded because irrelevant evidence has been so and the Court can reject this claim without further analysis.  His motion should be denied.

The Defendant asserts generally, but never explains specifically, what information he seeks from the subpoenaed House witnesses that he needs for trial.  As best the Government can tell, however, he continues to claim that he needs information related to "lack of consultation with a

ranking minority member…[,] that Rep. Cheney is not the ranking member on the Committee" and to his various complaints about the witnesses' alleged biases and book deals. *See* ECF No. 116 at 16-17, 16 n.9. But as set forth above, the Court has already determined that the Defendant's waived grievances regarding the rules are not relevant in this trial, and it has also decided that the supposed bias evidence the Defendant seeks to elicit, such as book deals, are not relevant, *see* Mot. Hrg., 7/11/22, Tr. at 143:3-6.

To support his arguments, the Defendant cites the same cases he has cited in previous pleadings where he raised the issue, which stand for the proposition that the executive branch cannot assert a privilege and use it to withhold relevant and exculpatory material in its possession from defendants. But setting aside the question of whether the same principles even apply across different branches of government, these cases merely underscore that the Defendant has not made an adequate showing in his own case, because, as he concedes, all of the cases he cites are ones in which the evidence in question was "relevant and material to the defense's case." ECF No. 116 at 14-15 (citing *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) (prosecution could not withhold from defendant information related to a government informer's identity when such information was relevant and helpful to defendant); *United States v. Fernandez*, 913 F.2d 148, 158-59 (4th Cir. 1990) (involving classified material the court determined was "material" and "essential" to defense); Transcript, *United States v. Rainey*, Case No. 12-cr-00291, ECF No. 510 at 284-285 (dismissing charge for obstruction of Congress after finding that congressional witnesses who refused to testify based on an assertion of their Speech or Debate Clause privilege possessed "relevant, material, noncumulative evidence" undermining an element of the offense). Here, the Defendant has failed to point to a single piece of evidence that a specific subpoenaed House witness has that is even relevant, let alone material to his defense and non-cumulative.

3

Notably, in the arguably analogous situation in which a defendant claims that an indictment must be dismissed if the Government declines to grant a defense witness immunity to free him to testify, a defendant must establish two things—first, that the Government exercised misconduct with respect to the proffered witness, and second, that the witness's testimony is materially exculpatory, non-cumulative, and unavailable from another source. *See United States v. Ebbers*, 458 F.3d 110, 119 (2d Cir. 2006). Here, again, not only can the Defendant not show that any one of the House witnesses' testimony is materially exculpatory and non-cumulative, he also cannot establish that the Government has committed any misconduct with respect to them.

Finally, at the end of his motion, the Defendant "respectfully asserts," without any legal basis, that he should be permitted to argue to the jury regarding the House witnesses' absence at trial. ECF No. 116 at 22. He does so despite the fact that the Court already ruled on this issue, as well, and granted the Government's motion in limine to exclude any such evidence or argument. Mot. Hrg., 7/11/22, Tr. at 137-38. Nothing in the Defendant's motion provides a basis to reconsider that decision.[1]

### III. Conclusion

The Defendant's motion ignores the Court's rulings on what is relevant at trial, attempts to relitigate settled issues, and continues to argue that he needs irrelevant information from the House witnesses. His motion should be denied.

---

[1] The Government is concerned by the Defendant's repeated assertions that he will raise to the jury issues this Court has already deemed irrelevant. If he does so in blatant disregard of this Court's pretrial orders, the Government will request a curative instruction at the time. In addition, depending on the extent of the Defendant's defiance, it may be appropriate for the Court to require the Defendant to proffer the specific questions he plans to ask a witness outside the presence of the jury before proceeding with questioning in the jury's presence. *See* Fed. R. Evid. 103(c) (allowing the court to require offer of proof in question-and-answer form); Fed. R. Evid 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    */s/ Amanda R. Vaughn*
        J.P. Cooney (D.C. 494026)
        Molly Gaston (VA 78506)
        Amanda R. Vaughn (MD)
        Assistant United States Attorneys
        United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-1793 (Vaughn)
        amanda.vaughn@usdoj.gov