## Instruction 1.102 PRELIMINARY INSTRUCTION BEFORE TRIAL

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial.  I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations.  These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

## Instruction 1.105 NOTETAKING BY JURORS

### A. PRELIMINARY INSTRUCTION WHEN NOTETAKING IS PERMITTED

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you.  That is because I permit jurors to take notes during trial if they wish.  Whether you take notes or not is entirely up to you.  Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations.  You should remember, however, that your notes are only an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight.  You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight.  At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed.  No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

## Instruction 1.107 PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF ALTERNATES IS NOT DISCLOSED

You have probably noticed that there are fourteen of you sitting in the jury box. Only twelve of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

## Instruction 1.108 A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE

At the beginning of the jury-selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

*     *     *

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

As I previously told you, the indictment in this case charges the Defendant, Stephen K. Bannon, with two counts of contempt of Congress. In 2021, the Select Committee to Investigate the January 6th Attack on the U.S. Capitol, a committee of the U.S. House of Representatives, was conducting an investigation into the January 6, 2021, attack on the U.S. Capitol. According to the indictment, on September 23, 2021, the Select Committee issued a subpoena to the Defendant directing him to provide various records relating to its investigation by October 7, 2021, and to appear

2

and give testimony at a deposition on October 14, 2021. The October 7, 2021, deadline for producing documents was later moved to October 18, 2021. The indictment alleges that the Defendant wilfully defaulted by not providing testimony on October 14, 2021, and by not producing records as required by October 18, 2021. The indictment alleges that this failure to comply was deliberate and intentional.

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged. The defendant has been charged with two counts of contempt of Congress. To prove contempt of Congress, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of contempt of Congress are:

> *First*, that the Defendant was subpoenaed by the Select Committee to provide testimony or produce papers;

> *Second*, that the subpoena sought testimony or information pertinent to the investigation that the Select Committee was authorized to conduct;

> *Third*, that the Defendant failed to comply or refused to comply with the subpoena; and

> *Fourth*, that the Defendant's failure or refusal to comply was willful.

I will provide more details about each of these elements before you retire to deliberate.

DEFENSE'S OBJECTION: The defense objects that they elements as stated above do not require that the government prove that the subpoena was issued pursuant to valid authority. 2 U.S.C. § 192 reads, in pertinent part, "*Every person who having been summoned as a witness **by the authority** of either House of Congress to give testimony or to produce papers upon any matter under*

3

*inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress…*" A congressional committee only has authority insofar as it follows its own rules. *See Yellin v. U.S.*, 374 U.S. 109, 124 (1963) ("It is not too exacting to require that the Committee be equally meticulous in obeying its own rules."); *Gojack v. U.S.*, 384 U.S. 702, 716 (1966) (holding that the legislative history of the contempt of Congress statute "makes plain that a clear chain of authority from the House to the questioning body is an essential element of the offense."). The defense therefore renews its request for the following instruction on the elements of the offense:

Mr. Bannon is charged with violating 2 U.S.C. § 192. That statute reads, in pertinent part, as follows:

> *Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of [Contempt of Congress] . . ..*

The government has the burden of proving beyond a reasonable doubt each element of the offenses charged.

These elements are the following:

*First*, that the U.S. House of Representatives had the constitutional power to investigate the matter in issue or to make the particular inquiry:[1]

---

[1] *Watkins v. U.S.*, 354 U.S. 178, 187 (1957); *Sinclair v. U.S.*, 279 U.S. 263, 292 (1929); *McGrain v. Daugherty*, 273 U.S. 135, 173-174 (1927); *Kilbourn v. Thompson*, 103 U.S. 168, 196 (1880).

*Second*, that the Select Committee was duly empowered to conduct the investigation, and that the inquiry was within the scope of the grant of authority granted by the U.S. House of Representatives;[2]

*Third*, that the information sought from Mr. Bannon by the Select Committee was pertinent to the authorized inquiry;[3]

*Fourth*, that the subpoena seeking documents and testimony was valid and issued pursuant to lawful authority of the Select Committee and the authority of the U.S. House of Representatives;[4] and

*Fifth*, that Mr. Bannon's actions in responding to the subpoena constituted a willful default. "Willful default" as used in these instructions means that Mr. Bannon knew or should reasonably have known that his conduct was unlawful, was conscious of wrongdoing, and that his actions were deliberate and intentional – and not the result of accident, mistake, or misunderstanding, or the assertion of a valid privilege.[5]

---

[2] *Gojack v. U.S.,* 384 U.S. 702, 708 (1966) (holding that specific, properly authorized subject of inquiry is essential element of offense under statute making is misdemeanor to refuse to answer questions when summoned before congressional committee); *U.S. v. Rumely*, 345 U.S. 41, 42-43 (1953); *U.S. v. Lamont*, 236 F.2d 312, 315 (2d Cir. 1956), *affirming* 18 F.R.D. 27, 33 (S.D.N.Y.1955); *U.S. v. Orman*, 207 F.2d 148, 153 (3d Cir. 1953); *U.S. v. Kamin*, 136 F.Supp. 791, 793 (D. Mass. 1956).

[3] *Barenblatt v. U.S.*, 360 U.S. 109, 123 (1959); *Sacher v. U.S.* 356 U.S. 576, 577 (1958).

[4] *Yellin v. United States*, 374 U.S. 109 (1963) (holding that failure of House Committee on Un-American Activities to comply with its rule on executive sessions excused a witness' refusal to answer questions, and witness was entitled to prove such defense when he discovered at his contempt trial that his rights under the executive session rule had been violated); *see generally Christoffel v. United States*, 338 U.S. 84, 85-90 (1949) (perjury conviction reversed where committee did not follow rules regarding quorum).

[5] *Quinn v. U.S.*, 349 U.S. 155, 165 (1955); *U.S. v. House of Representatives of U.S.*, 556 F. Supp. 150, 152 (D.D.C. 1983) (holding that the statutory provisions concerning penalties for contempt of Congress, 2 U.S.C. § 192 and § 194, constitute "an orderly and often approved means of vindicating constitutional claims arising from a legislative investigation.") (citing *Sanders v.*

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States

---

*McClellan*, 463 F.2d 894, 899 (D.D.C. 1972); Under these provisions, constitutional claims and other objections to congressional investigatory procedures may be raised as defenses in a criminal prosecution. *See Barenblatt v. United States*, 360 U.S. 109 (1959); *Ansara v. Eastland*, 442 F.2d 751 (D.D.C. 1971); *Tobin v. United States*, 113 U.S. 306 F.2d 270, 276 (D.D.C. 1962); *see also United States v. Seeger*, 303 F.2d 478, 481–82 (2d Cir. 1962); *Licavoli v. U.S.*, 294 F.2d 207, 208 (D.D.C. 1961); *see also Ratzlaf v. United States*, 510 U.S. 135, 138 (1994); *United States v. Burden*, 934 F.3d 675, 692 (D.C. Cir. 2019); *United States v. Zeese*, 437 F. Supp. 3d 86, 94 (D.D.C. 2020); United States v. Myers, 2008 U.S. Dist. LEXIS 43981, *4, 2008 WL 2275457 (N.D. W. Va., June 3, 2008) (quoting Licavoli on "willfulness" and explaining that "willfulness" in the criminal contempt context means "a volitional act done by one who knows or reasonably should be aware that his conduct is wrongful."); "Furthermore, a person can be prosecuted under § 192 only for a "willful" failure to produce documents in response to a congressional subpoena. *See United States v. Murdock*, 290 U.S. 389, 397-98 (1933); *Townsend v. United States*, 95 F.2d 352, 359 (D.C. Cir.), *cert. denied*, 303 U.S. 664 (1938). There is some doubt whether obeying the President's direct order to assert his constitutional claim of executive privilege would amount to a "willful" violation of the statute. Moreover, reliance on an explicit opinion of the Attorney General may negate the required *mens rea* even in the case of a statute without a willfulness requirement." *Prosecution for Contempt of Congress of an Executive Branch Official Who Has Asserted a Claim of Executive Privilege* at 135 [Doc. 58-10] (May 30, 1984).*See Model Penal Code § 2.04(3)(b); United States v. Barker*, 546 F.2d 940, 955 (D.C. Cir. 1976) (Merhige, J., concurring).

Attorneys, Ms. Vaughn and Ms. Gaston.  When I mention the defendant or the defense, I am referring either to the defendant Mr. Bannon or to his attorneys, Mr. Schoen, Mr. Corcoran, or Ms. White.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements.  The defendant may make an opening statement immediately after the government's opening statement or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all.  You should understand that the opening statements are not evidence.  They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief.  This means that the government will call witnesses to the witness stand and ask them questions.  This is called direct examination.  When the government is finished, the defense may ask questions.  This is called cross-examination.  When the defense is finished, the government may have brief re-direct examination.  After the government presents its evidence, the defendant may present evidence, but he is not required to do so.  The law does not require a defendant to prove his innocence or to produce any evidence.  If the defense does put on evidence, the defense will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and the defense may have brief re-direct examination.  When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case.  Then each side will have a chance to present closing arguments in support of its case.  The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case.  They are intended only to help you understand the evidence and what each side claims

the evidence shows.  Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case.  You—and only you—are the judges of the facts.  You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses.  You must consider and weigh the testimony of all witnesses who appear before you.  You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law.  You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts.  If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it.  The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case.  That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence.  Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence.  If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible.  You must not hold such objections against the lawyer who makes them or the party he or she represents.  It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been.  If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations.  You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions.  This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors.  This is because we don't want you making decisions until you've heard all the evidence and the instructions of law.  In addition, you may not talk about the case with anyone else.  It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over.  This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom.  I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury.  They will undoubtedly ask what kind of case you're sitting on.  You may tell them it is a criminal case, but

nothing else.  Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury.  If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all.  For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions.  If you do overhear a discussion about the case, you should report that to me as soon as you can.  Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal.  Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service.  You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take.  However, you must not give anyone any information about the case itself or the people involved in the case.  You must also warn people not to try to say anything to you or write to you about your jury service or the case.  This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting

information on a website or chat room, or any other means at all.  Do not send or accept messages, including email and text messages, about your jury service.  You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you.  You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case.  That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation.  All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to.  Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it.   Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong.  It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information.  Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity

11

about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else.  Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

Additionally, I want to instruct each of you to, if applicable, turn off push notifications on your phone.  If you have an iPhone, that can be accomplished by going to "Settings," then "Notifications."  You will then see a list of downloaded applications that may provide you with notifications.  For the pendency of this trial, I ask that you turn each of those relating to social media or—and this is very important—news service to "Off."  If you have your phones on you, please do that right now.  If not, please do it the second you next have possession of your phone.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors.  It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

## Instruction 2.100 FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

## Instruction 2.101 FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

## Instruction 2.102 FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## Instruction 2.103 JURY'S RECOLLECTION CONTROLS

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## Instruction 2.104 EVIDENCE IN THE CASE—JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS

*If Applicable*

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, [the exhibits that were admitted into evidence] [the facts of which I took judicial notice] [the facts and testimony stipulated to by the parties] [depositions].

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may [if you choose to do so,] regard that fact as proven evidence. [Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.]

[During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.]

[During the trial, you were told that the parties had stipulated—that is, agreed—to what testimony [name of witness] would have given if s/he had testified in this case. You should consider this stipulated testimony to be exactly what s/he would have said had s/he testified here.]

[A deposition is the sworn testimony given by a witness before trial. The witness is placed under oath to tell the truth, and lawyers for each party may ask questions. The questions and answers are recorded by a court reporter. You may consider deposition testimony in the same way you would consider testimony actually given in court.]

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

17

## Instruction 2.105 STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

## Instruction 2.106 INDICTMENT OR INFORMATION NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime.  You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of the Defendant's guilt or draw any inference of guilt from it.

## Instruction 2.107 BURDEN OF PROOF – PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the Defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the Defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the Defendant not guilty of that offense.

## Instruction 2.108 REASONABLE DOUBT

The government has the burden of proving the Defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## Instruction 2.109 DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling.  If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  Circumstantial evidence does not require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## Instruction 2.110 NATURE OF CHARGES NOT TO BE CONSIDERED

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict.  We asked you that question because you must not allow the nature of a charge to affect your verdict.  You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## Instruction 2.112 INADMISSIBLE AND STRICKEN EVIDENCE

*If Applicable*

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  [Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.]

## Instruction 2.200 CREDIBILITY OF WITNESSES

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses.  You alone determine whether to believe any witness and the extent to which a witness should be believed.  Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness.  For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

[You may consider whether there are any [consistencies or] inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.  You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit.  You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.]

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## Instruction 2.207 POLICE OFFICER'S TESTIMONY

*If Applicable*

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

## Instruction 2.208 RIGHT OF DEFENDANT NOT TO TESTIFY

*If Applicable*

Every defendant in a criminal case has an absolute right not to testify.  The Defendant has chosen to exercise this right.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision.  You must not assume the defendant is guilty because he chose not to testify.

## Instruction 2.209 DEFENDANT AS WITNESS

*If Applicable*

A defendant has a right to become a witness in his/her own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

## Instruction 2.216 EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS

### *If Applicable*

[*When more than one of the following Parts is being given, the court should give the following paragraph first*:

The law treats prior inconsistent statements differently depending on the [nature of the statements and the] circumstances in which they were made.  I will now explain how you should evaluate those statements.]

**PART A (for use when prior statements not made under oath are introduced):**

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial.  It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.  If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

**PART B (for use when prior statements made under oath are introduced):**

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement may be inconsistent with [his] [her] testimony here at trial.  If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.  You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

**PART C (for use when prior identification statements are used to impeach a witness):**

You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with

that [identification] [description].  It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it.  If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [name of witness].  You also may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.

## Instruction 2.217 EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS

*If Applicable*

You have heard evidence that [name of witness] [name of defendant] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial.  This earlier statement was brought to your attention [both] to help you in evaluating the credibility of the witness [and as evidence in this case].  If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

## Instruction 2.307 MOTIVE

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case.  You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

## Instruction 2.402 MULTIPLE COUNTS—ONE DEFENDANT

Each count of the indictment charges a separate offense.  You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

## Instruction 2.405 UNANIMITY—GENERAL

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict, on each count, must be unanimous.

## Instruction 2.407 VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict.

## Instruction 2.500 REDACTED EXHIBITS

*If Applicable*

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

## Instruction 2.501 EXHIBITS DURING DELIBERATIONS

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdicts.  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## Instruction 2.502 SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you should select a foreperson.  That is up to you.  However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.  Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## Instruction 2.508 CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH

I would like to remind you that, in some cases, there may be reports in the newspaper or on the radio, internet, or television concerning this case.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.  Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.  During deliberations, you may not communicate with anyone not on the jury about this case.  This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent investigation during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

## Instruction 1.105 NOTETAKING BY JURORS

### B. FINAL INSTRUCTION WHEN NOTETAKING IS PERMITTED

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## Instruction 2.509 COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## Instruction 2.511 EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

## Instruction 3.101 PROOF OF STATE OF MIND

Someone's state of mind ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's state of mind from the surrounding circumstances.  You may consider any statement made or acts done or omitted by the Defendant, and all other facts and circumstances received in evidence which indicate his state of mind.

It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the Defendant acted with the necessary state of mind.

## CONTEMPT OF CONGRESS: ELEMENTS OF THE OFFENSE

Counts One and Two of the Indictment charge the Defendant with contempt of Congress for willfully not providing testimony and information to the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol.  Count One charges the Defendant with a willful failure to provide testimony.  Count Two charges the Defendant with a willful failure to produce records.

As I have already mentioned, the burden of proof in the case lies on the government alone.  It must prove each element beyond a reasonable doubt.  Thus, to find the Defendant guilty of contempt of Congress, you must find that the government has proved each of the following elements beyond a reasonable doubt:

*First*, that the Defendant was subpoenaed by the Select Committee to provide testimony or produce papers;

*Second*, that the subpoena sought testimony or information pertinent to the investigation that the Select Committee was authorized to conduct;

*Third*, that the Defendant failed to comply or refused to comply with the subpoena; and

*Fourth*, that the Defendant's failure or refusal to comply was willful.

Some clarifications about these elements are necessary.For the second element, the testimony or information sought by the subpoena must be "pertinent."  In order for you to find that the information was pertinent, the government must prove to you, beyond a reasonable doubt, that at the time the Select Committee issued the subpoena, the testimony or information sought could have related to the Select Committee's investigation in some way.  Phrased differently, the government must prove to you, beyond a reasonable doubt, that there was, at the time the subpoena was issued, some connective reasoning between the topic under inquiry and the information sought.  It does not matter whether the information the Defendant allegedly had *would* have been pertinent to the

authorized investigation.  All that matters is that it *could* have been pertinent at the time that the Select Committee sought the information.

For the fourth element, the government must prove to you, beyond a reasonable doubt, that the Defendant acted "willfully."  The word "willful," in this context, does not mean that the Defendant's failure or refusal to comply with the Select Committee's subpoena was for an evil or bad purpose.  The reason or purpose of the failure or refusal to comply is immaterial, so long as the failure or refusal was deliberate and intentional.  To be deliberate or intentional means that the failure to comply was not the result of inadvertence, accident, or mistake.

It is no defense to contempt of Congress that the Defendant failed to comply based on the advice he received from his attorney or someone else.  It is also not a defense to contempt of Congress that the Defendant failed to comply based on his understanding or belief of what the law required or allowed, or on his understanding that he had a privilege excusing him from comply.  All that is required is that the Defendant's failure or refusal to comply was deliberate and intentional.

**DEFENSE'S OBJECTION:** For the reasons stated on pages 3-5 *supra*, the defense renews its request for the following instruction on the elements of the offense:

Mr. Bannon is charged with violating 2 U.S.C. § 192. That statute reads, in pertinent part, as follows:

> *Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of [Contempt of Congress] . . ..*

The government has the burden of proving beyond a reasonable doubt each element of the offenses charged.

These elements are the following:

*First*, that the U.S. House of Representatives had the constitutional power to investigate the matter in issue or to make the particular inquiry:[6]

*Second*, that the Select Committee was duly empowered to conduct the investigation, and that the inquiry was within the scope of the grant of authority granted by the U.S. House of Representatives;[7]

*Third*, that the information sought from Mr. Bannon by the Select Committee was pertinent to the authorized inquiry;[8]

*Fourth*, that the subpoena seeking documents and testimony was valid and issued pursuant to lawful authority of the Select Committee and the authority of the U.S. House of Representatives;[9] and

---

[6] *Watkins v. U.S.*, 354 U.S. 178, 187 (1957); *Sinclair v. U.S.*, 279 U.S. 263, 292 (1929); *McGrain v. Daugherty*, 273 U.S. 135, 173-174 (1927); *Kilbourn v. Thompson*, 103 U.S. 168, 196 (1880).

[7] *Gojack v. U.S.,* 384 U.S. 702, 708 (1966) (holding that specific, properly authorized subject of inquiry is essential element of offense under statute making is misdemeanor to refuse to answer questions when summoned before congressional committee); *U.S. v. Rumely*, 345 U.S. 41, 42-43 (1953); *U.S. v. Lamont*, 236 F.2d 312, 315 (2d Cir. 1956), *affirming* 18 F.R.D. 27, 33 (S.D.N.Y.1955); *U.S. v. Orman*, 207 F.2d 148, 153 (3d Cir. 1953); *U.S. v. Kamin*, 136 F.Supp. 791, 793 (D. Mass. 1956).

[8] *Barenblatt v. U.S.*, 360 U.S. 109, 123 (1959); *Sacher v. U.S.* 356 U.S. 576, 577 (1958).

[9] *Gojack v. U.S.*, 384 U.S. 702, 716 (1966) ("[t]he legislative history of § 192 makes plain that a clear chain of authority from the House to the questioning body is an essential element of the offense"); *see also Yellin v. United States*, 374 U.S. 109 (1963) (holding that failure of House Committee on Un-American Activities to comply with its rule on executive sessions excused a witness' refusal to answer questions, and witness was entitled to prove such defense when he discovered at his contempt trial that his rights under the executive session rule had been violated); *see generally Christoffel v. United States*, 338 U.S. 84, 85-90 (1949) (perjury conviction reversed where committee did not follow rules regarding quorum).

*Fifth*, that Mr. Bannon's actions in responding to the subpoena constituted a willful default. "Willful default" as used in these instructions means that Mr. Bannon knew or should reasonably have known that his conduct was unlawful, was conscious of wrongdoing, and that his actions were deliberate and intentional – and not the result of accident, mistake, or misunderstanding, or the assertion of a valid privilege.[10]

For the reasons stated above, the defense further renews its request for the following instruction regarding the authority of the U.S. House of Representatives and the constitutionally mandated accommodation requirement:

## DEFENSE PROPOSED INSTRUCTION: AUTHORITY OF U.S. HOUSE OF REPRESENTATIVES

The statute under which Mr. Bannon is charged, 2 U.S.C. § 192, provides as follows:

---

[10] *Quinn v. U.S.*, 349 U.S. 155, 165 (1955); *U.S. v. House of Representatives of U.S.*, 556 F. Supp. 150, 152 (D.D.C. 1983) (holding that the statutory provisions concerning penalties for contempt of Congress, 2 U.S.C. § 192 and § 194, constitute "an orderly and often approved means of vindicating constitutional claims arising from a legislative investigation.") (citing *Sanders v. McClellan*, 463 F.2d 894, 899 (D.D.C. 1972); Under these provisions, constitutional claims and other objections to congressional investigatory procedures may be raised as defenses in a criminal prosecution. *See Barenblatt v. United States*, 360 U.S. 109 (1959); *Ansara v. Eastland*, 442 F.2d 751 (D.D.C. 1971); *Tobin v. United States*, 113 U.S. 306 F.2d 270, 276 (D.D.C. 1962); *see also United States v. Seeger*, 303 F.2d 478, 481–82 (2d Cir. 1962); *Licavoli v. U.S.*, 294 F.2d 207, 208 (D.D.C. 1961); *see also Ratzlaf v. United States*, 510 U.S. 135, 138 (1994); *United States v. Burden*, 934 F.3d 675, 692 (D.C. Cir. 2019); *United States v. Zeese*, 437 F. Supp. 3d 86, 94 (D.D.C. 2020); United States v. Myers, 2008 U.S. Dist. LEXIS 43981, *4, 2008 WL 2275457 (N.D. W. Va., June 3, 2008) (quoting Licavoli on "willfulness" and explaining that "willfulness" in the criminal contempt context means "a volitional act done by one who knows or reasonably should be aware that his conduct is wrongful."); "Furthermore, a person can be prosecuted under § 192 only for a "willful" failure to produce documents in response to a congressional subpoena. *See United States v. Murdock*, 290 U.S. 389, 397-98 (1933); *Townsend v. United States*, 95 F.2d 352, 359 (D.C. Cir.), *cert. denied*, 303 U.S. 664 (1938). There is some doubt whether obeying the President's direct order to assert his constitutional claim of executive privilege would amount to a "willful" violation of the statute. Moreover, reliance on an explicit opinion of the Attorney General may negate the required *mens rea* even in the case of a statute without a willfulness requirement." *Prosecution for Contempt of Congress of an Executive Branch Official Who Has Asserted a Claim of Executive Privilege* at 135 [Doc. 58-10] (May 30, 1984).*See Model Penal Code § 2.04(3)(b); United States v. Barker*, 546 F.2d 940, 955 (D.C. Cir. 1976) (Merhige, J., concurring).

> *Every person who having been summoned as a witness by the authority of either*
> *House of Congress to give testimony or to produce papers upon any matter under*
> *inquiry before either House, or any joint committee established by a joint or*
> *concurrent resolution of the two Houses of Congress, or any committee of either*
> *House of Congress, willfully makes default, or who, having appeared, refuses to*
> *answer any question pertinent to the question under inquiry, shall be deemed guilty*
> *of [Contempt of Congress] . . ..*

The government has the burden of proving beyond a reasonable doubt each element of the offenses charged. One of the elements that the government must prove beyond a reasonable doubt is that the subpoena Mr. Bannon received was a valid subpoena, lawfully authorized by the U.S. House of Representatives.

Mr. Bannon asserts that the subpoena was issued without valid, lawful authority because the Rules of the House of Representatives were not followed, and because the Select Committee did not adhere to the House resolution establishing it and empowering it to act. It is up to you to determine whether the subpoena was lawfully authorized. In making that determination, you may consider the Rules established by the U.S. House of Representatives, the House resolution establishing it and empowering it to act, and any evidence that bears upon whether the Rules and authorizing resolution have been followed.[11]

---

[11] *Christoffel v. United States*, 338 U.S. 84, 88-90 (1949) (holding that the validity of a congressional subpoena turned on judicial determination of "what rules the House has established and whether they have been followed"); *United States v. Smith*, 286 U.S. 6, 33 (1932); *United States v. Ballin*, 144 U.S. 1 (1892); *Yellin v. United States*, 374 U.S. 109 (1963); *Shelton v. United States*, 327 F.2d 601, 606 (D.C. Cir. 1963) (adherence to rules may be considered when determining the validity of a subpoena); *Watkins v. United States*, 354 U.S. 178 (1957); *Gojack v. United States*, 384 U.S. 702 (1966).

## DEFENSE PROPOSED INSTRUCTION: DEFAULT – ACCOMODATION REQUIREMENT

When a congressional committee issues a subpoena to a prospective witness and executive privilege is invoked, the committee has an obligation to work toward an accommodation with the witness before referring the matter for criminal prosecution.[12] If you conclude that executive privilege was invoked by former President Trump with respect to the subpoena Mr. Bannon received from the Committee, you may also consider whether the Select Committee fulfilled its obligation to try to reach an accommodation.[13]

The government has the burden of proving beyond a reasonable doubt each element of the offenses charged. One of the elements that the government must prove beyond a reasonable doubt is that by his actions in response to the subpoena, Mr. Bannon willfully made default. It is up to you to determine whether he willfully made default. In making that determination, you may consider whether the Select Committee tried to reach an accommodation with Mr. Bannon before a criminal referral of the matter was made to the U.S. Attorney's Office, as well as any other evidence admitted during this trial.

---

[12] *Congressional Oversight of the White House*, 45 Op. O.L.C. at 37-43 [Doc. 58-7 at pdf 38 of 60 to 44 of 60]; *United States v. American Tel & Tel Co.*, 567 F.2d 121, 127 (D.C. Cir. 1977).

[13] *Congressional Oversight of the White House*, 45 Op. O.L.C. at 37-43 [Doc. 58-7 at 56, pdf 57of 60] ("A congressional committee may not avoid its obligation to participate in this constitutionally mandated process by issuing or seeking to enforce a subpoena before the accommodation process has run its course.").

## <u>CONSIDER ONLY CRIME CHARGED</u>

You are here to determine whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or crime that is not charged in the indictment.

DEFENSE'S CONTINUING OBJECTION TO EXCLUSION OF RELEVANT DEFENSES: This Court granted the Government's Motions in Limine to exclude Mr, Bannon from presenting defenses regarding advice of counsel (*see* ECF No. 49), entrapment by estoppel, public authority and apparent authority (*see* July 11, 2022, Minute Order). In order to preserve these issues for appeal, the defense objects to the exclusion on instructions on these defenses, and renews its request for the following instructions:

## <u>DEFENSE PROPOSED INSTRUCTION: ADVICE OF COUNSEL</u>

Stephen K. Bannon asserts that he is not guilty of the willful wrongdoing as charged in both counts of the indictment because he acted on the basis of advice from his attorney.

If before taking any action with respect to the subpoena at issue, Mr. Bannon, while acting in good faith and for the purpose of securing advice on the lawfulness of his future conduct, sought and obtained the advice of an attorney whom he considered to be competent, and made a full and accurate report or disclosure to this attorney of all important and material facts of which he had knowledge or had the means of knowing, and then acted strictly in accordance with the advice his attorney gave following this full report or disclosure, then Mr. Bannon would not have willfully done wrong in performing or failing to perform some act the law forbids or requires as those terms are used in these instructions.

Whether Mr. Bannon acted in good faith for the purpose of truly seeking guidance as to questions about which he was in doubt, whether he made a full and complete report or disclosure

to his attorney, and whether he acted strictly in accordance with the advice received, are all questions for you to determine.[14]

A defendant relies in good faith on the advice of counsel if:

- Before taking action, he in good faith seeks the advice of an attorney whom he considers competent to advise him on the matter; and

- He consulted this attorney for the purpose of securing advice on the lawfulness of his possible future conduct;

- He makes a full and accurate report to his attorney of all material facts that he knew; and

- He then acts strictly in accordance with the advice of this attorney.

The defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted willfully as charged in both counts of the indictment.[15]

### DEFENSE PROPOSED INSTRUCTION: ENTRAPMENT BY ESTOPPEL

Mr. Bannon has raised the affirmative defense of entrapment by estoppel. The defense of entrapment by estoppel is based on the legal principle, under the due process clause of the United States Constitution, that a person cannot be convicted of a crime for action he took based on his reasonable reliance on a statement by an authorized government official or on official written statements by an authorized government agency that led him to believe his conduct would be lawful.[16]

---

[14]  1A Fed. Jury Prac. & Instr. § 19:08 (6th ed.) (West January 2022)

[15] *United States v. Scully*, 877 F.3d 464, 478 (2d Cir. 2017) (cited in source in Note 1).

[16] *Raley v. Ohio*, 360 U.S. 423, 438 (1959); *Cox v. Louisiana*, 379 U.S. 559, 571-72 (1965).

"The defense of entrapment by estoppel does not depend solely on the absence of criminal intent.  Nor is it limited to the circumstances of actual authorization.  It focuses on the *conduct of the government* leading the defendant to believe reasonably that he was authorized (to take the action he took)."[17]   "The doctrine (of entrapment by estoppel) depends on the unfairness of prosecuting one who has been led by (official government agency statements) to believe his acts were authorized."[18]

Mr. Bannon asserts that he responded to the Committee's subpoena as he did by relying on official statements by the United States Department of Justice, in the form of Office of Legal Counsel, or OLC Opinions, and other official Department of Justice writings regarding the duties, rights, and obligations that apply when executive privilege has been invoked with respect to the subpoena.

I instruct you that upon receipt of the subpoena and the invocation of executive privilege by the former President of the United States, Mr. Bannon was entitled to look to the Department of Justice's OLC opinions and other Department of Justice authoritative writings for guidance as to what his rights, obligations, and duties were with respect to the subpoena, to reasonably rely on the guidance provided in the OLC opinions and other Department of Justice authoritative writings, and to act in a manner he reasonably believed the OLC opinions and other authoritative writings authorized.[19]

To find Mr. Bannon not guilty based on his defense of entrapment by estoppel, you must find that:

---

[17] *United States v. Abcasis*, 45 F.3d 39, 44 (2d Cir. 1995).

[18] *Id*., citing *United States v. Brebner*, 951 F.2d 1017, 1025 (9th Cir. 1991); *United States v. Smith*, 940 F.2d 710, 714 (1st Cir. 1991).

[19] *United States v. Pennsylvania Industrial Chemical Corp.*, 411 U.S. 655, 673-675 (1973).

(1)  Mr. Bannon reasonably believed that executive privilege was invoked regarding the Committee's subpoena to him;

(2)  The OLC opinions and other authoritative Department of Justice writings give rise to a reasonable belief that Mr. Bannon was authorized to respond to the subpoena in the manner in which he did;

(3)  Mr. Bannon relied on the OLC opinions and other authoritative Department of Justice writings; and

(4)   Mr. Bannon's reliance was reasonable.[20]

I instruct you that the defense of entrapment by estoppel applies even if the official government statements the defendant reasonably relied on were misstatements of the law.[21]

If you find that he has satisfied these elements by a preponderance of the evidence, then prosecuting him would be unfair, it would violate the constitutional right to due process of law and you must find him

---

[20] *United States v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992), citing *United States v. Smith*, 940 F.2d 710 (1st Cir. 1990).  *See also, United States v. Barker*, 546 F.2d 940, 955 (D.C. Cir. 1976) (Merhige, J.) (defense simply requires reasonable reliance on a conclusion of statement of law issued by an official charged with interpretation, administration, and/or enforcement responsibilities in the relevant legal field).  Judge Merhige also relies on Section 2.04(3)(b) of the Model Penal Code which provides as follows:

> A belief that conduct does not legally constitute an offense is a defense to a prosecution for that offense based upon such conduct when … (b) he acts in reasonable reliance upon an official statement of the law, afterward determined to be invalid or erroneous, contained in (i) a statute or other enactment; (ii) a judicial decision; (iii) an administrative order or grant of permission; of (iv) an official interpretation of the public officer or body charged by law with responsibility for the interpretation, administration or enforcement of the law defining the offense."

*Barker*, 546 F.2d at 955.

*See also United States v. Jenkins*, 701 F.2d 850, 857-859 (10th Cir. 183); *United States v. North*, 910 F.2d 843, 886-887 (D.C. Cir. 1990) (where defendant is entitled to "believed authority" defense, unreasonable belief is okay since standard is subjective.  Even no belief at all regarding lawfulness of conduct results in acquittal; no need to show clear, direct instruction to act in a given time in a given way); *See also United States v. Cheek*, 111 S. Ct. 604, 112 L. Ed. 2d 617 (1991).

[21] *United States v. Baird*, 29 F.3d 647, 654 (D.C. Cir. 1994); *United States v. North*, 910 F.2d 843, 881, n.10, modified on other grounds, 920 F.2d 940 (D.C. Cir. 1990).

not guilty.[22]

A defendant must prove this affirmative defense by a preponderance of the evidence. A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true. This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of the crimes charged.[23]

If you find that the opinions of the Office of Legal Counsel of the United States Department of Justice or other official Department of Justice writings that Mr. Bannon relied on were such that they served to assure him that his conduct with respect to the subpoena in this case was legal, and if you find that the defendant reasonably relied on any opinion of the Office of Legal Counsel of the United States Department of Justice in taking the course of action he took, you must find him not guilty.[24]

In considering whether Mr. Bannon reasonably relied on the Office of Legal Counsel opinions and other official Department of Justice writings in believing that his response to the subpoena he received was authorized and lawful, you are entitled to consider the testimony of his

---

[22] *United States v. Levin*, 973 F.2d 463, 468 (6th Cir. 1992); *United States v. Smith*, 940 F.2d 710 (1st Cir. 1990), both cited with approval in *United States v. Abcasis*, 45 F.3d 39, 43 (2d Cir. 1995).

[23] *United States v. Batterjee*, 361 F.3d 1210 (9th Cir. 2004); *United States v. Burrows*, 36 F.3d 875, 881-82 (9th Cir. 1994).

[24] *See United States v. Smith*, 940 F2d 710 (1st. Cir. 1991) (entrapment by estoppel applies regardless of the intent nature of the crime charged or the defendant's mental state regarding intent; it rests, instead, on principles of fairness); *United States v. Hedges*, 912 F2d 1397 (11th Cir. 1990); *United Sates v. Clegg*, 846 F2d 1221 (9th Cir. 1988); *United States v. Tallmadge*, 829 F2d 767 (9th Cir. 1987). Adapted from requested jury instruction in *United States v. Abcasis,* 45 F.3d 39 (2d Cir. 1995) (convictions reversed for failure to give defense requested jury instruction on entrapment by estoppel).

lawyer and the advice his lawyer gave him on this subject on the question of whether such reliance was reasonable.[25]

## DEFENSE PROPOSED INSTRUCTION: PUBLIC AUTHORITY

Mr. Bannon asserts that he acted in reliance on public authority. Specifically, he contends that he took action with respect to the subpoena in this case in reliance on the former President of the United States's invocation of Executive Privilege and on official writings of the United States Department of Justice on the impact of the invocation of executive privilege on the rights, duties, and obligations of the recipient of a subpoena concerning which executive privilege has been invoked.

A defendant who commits an offense in reliance on public authority does not act willfully and should be found not guilty.[26]

To be found not guilty based on reliance on public authority, the defendant must prove that each of the following things are more likely true than not true:

- That former President Trump requested, directed, or authorized Mr. Bannon to engage in the conduct charged against him [or that former President of the United States, Donald Trump, through his authorized agent, Justin Clark, advised Mr. Bannon that he was invoking executive privilege as to the subpoena the Select Committee served on Mr.

---

[25] *United States v. Tallmadge*, 829 F.2d 767, 775 (9th Cir. 1987).

[26] "Furthermore, a person can be prosecuted under § 192 only for a "willful" failure to produce documents in response to a congressional subpoena. *See United States v. Murdock*, 290 U.S. 389, 397-98 (1933); *Townsend v. United States*, 95 F.2d 352, 359 (D.C. Cir.), *cert. denied*, 303 U.S. 664 (1938). There is some doubt whether obeying the President's direct order to assert his constitutional claim of executive privilege would amount to a "willful" violation of the statute. Moreover, reliance on an explicit opinion of the Attorney General may negate the required *mens rea* even in the case of a statute without a willfulness requirement. *See Model Penal Code § 2.04(3)(b); United States v. Barker*, 546 F.2d 940, 955 (D.C. Cir. 1976) (Merhige, J., concurring). *Prosecution for Contempt of Congress of an Executive Branch Official Who Has Asserted a Claim of Executive Privilege* at 135 [Doc. 58-10] (May 30, 1984).

Bannon and instructed Mr. Bannon that based on his invocation of executive privilege, to the fullest extent permitted by law, Mr. Bannon was to: (a) where appropriate, invoke any immunities and privileges he may have from compelled testimony in response to the Subpoena; (b) not produce any documents concerning privileged material in response to the Subpoena;; and (c) not provide any testimony concerning privileged material in response to the Subpoena];

- That former President Trump had the actual authority to grant authorization for the defendant to engage in this conduct; On this point, I instruct you that a former President of the United States has the authority to invoke executive privilege concerning his communications with others and that once he invokes executive privilege, it is presumptively valid;[27] and

- In engaging in this conduct, the defendant reasonably relied on the former President's authorization, along with authorization from legal opinions from the Department of Justice's Office of Legal Counsel and other official Justice Department writings authorization. In deciding this, you should consider all of the relevant circumstances, including what the former President instructed, what the Department of Justice OLC opinions and other authoritative writings said, and how closely the defendant followed any instructions the official gave.[28]

---

[27] *Nixon v. Administrator of General Services*, 433 U.S. 425 (1977); *United States v. Nixon*, 418 U.S. 683, 708 (1974; *Senate Select Committee on Presidential Campaign Activities v. Nixon*, 498 F.2d 725, 731 (D.C. Cir. 1974); Olson OLC Opinion of May 30, 1984 [Doc. 58-10] at 136: "In order to overcome the presumptively privileged nature of the documents, a congressional committee must show that 'the subpoenaed evidence is *demonstrably critical* to the responsible fulfillment of the Committee's functions.'" "Thus the President's assertion of privilege is far different from a private person's individual assertion of privilege; it is entitled to special deference due to the critical connection between the privilege and the President's ability to carry out his constitutional duties."

[28] Adapted from Fed. Crim. Jury Instr. 7th Cir. 6.06 (2020 ed.).

## DEFENSE PROPOSED INSTRUCTION: APPARENT AUTHORITY

Mr. Bannon has asserted the defense of apparent authority, among other defenses to the charges against him. The defense of apparent authority requires a reasonable belief, whether that belief is correct or mistaken, that the source for the information relied upon had the authority to license the conduct at issue and did so.[29]

I instruct you that if you find that Mr. Bannon reasonably believed that he was authorized to respond to the subpoena as he did, based on former President Donald J. Trump's invocation of executive privilege and his belief that the former President had the authority to license him to respond as he did, you must find him not guilty, even if his belief in the former President's authority was mistaken.

Similarly, I instruct you that if you find that Mr. Bannon reasonably believed that he was authorized to respond to the subpoena as he did, based on the Office of Legal Counsel's opinions of other Department of Justice authoritative writings and his belief that these OLC opinions and other writings had the authority to license him to respond as he did, even if his belief in the authority of these sources was mistaken, then you must find him not guilty.

---

[29] *United States v. Barker*, 546 F.2d 940, 947-948, 954-957 (D.C. Cir. 1976); Model Penal Code § 2.04(3)(b).