**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Criminal No. 21-670 (CJN) |
| | : | |
| v. | : | |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

**REPLY IN SUPPORT OF MOTION TO EXCLUDE CONGRESSIONAL EVIDENCE OR
DISMISS THE INDICTMENT BASED ON GRANTING THE MOTION TO QUASH
IN *IN RE:  NON-PARTY SUBPOENAS***

On July 15, 2022, Defendant Stephen K. Bannon, by and through his undersigned counsel, filed a Motion to Exclude Congressional Evidence or Dismiss the Indictment Based on Granting the Motion to Quash in *In re: Non-Party Subpoenas*, Misc. Case No. 22 Misc-00060 (CJN). [Doc. 116].  On July 16, 2022, the Government filed its Opposition to the Motion.  [Doc. 117].  Mr. Bannon replies to the Government's Opposition.

The Government's Opposition reads as if the filing of Mr. Bannon's motion were a surprise.  Of course, it was not.  Mr. Bannon previewed the motion in his Opposition to Motion to Quash, advising that it would be filed in the event the Motion to Quash were granted.  [Doc. 7 at 3, 13, 14 in Misc. Case No. 22-00060 (CJN).  That motion and the arguments made therein, were, of course, made in the Miscellaneous case and not in this case.  At oral arguments on July 11, 2022, the Court made clear that it understood that the defense may raise the same arguments it raised in its Opposition to Movants' Motion to Quash in the Miscellaneous Case in a motion to dismiss or exclude evidence in the criminal case.  [July 11, 2022, Hearing Tr. at 36, 144].  When

the Court addressed the prospective filing on July 11, 2022, the Court advised that since the Motion to Quash was granted, Mr. Bannon could file the instant motion, with the caveat that Mr. Bannon would have to show that testimony he sought through the subpoenas was "relevant to an issue at trial …." [July 11, 2022, Hearing Tr. at 144].

The Government's primary claim concerning the motion appears to be that Mr. Bannon "… fails to articulate any testimony he seeks from these individuals that is relevant in his trial, much less that would be exculpatory or non-cumulative." [Doc. 117 at 1] Similarly, it complains that Mr. Bannon "… never explains specifically, what information he seeks from the subpoenaed House witnesses that he needs for trial." [Doc. 117 at 2-3]. These assertions by the Government are incorrect.

The Government's assertion is incorrect because the very first item in Mr. Bannon's listing of examples of reasons for which he sought the testimony of the subpoenaed witnesses is his explanation that he sought the testimony of Chairman Thompson's testimony, "concerning all correspondence with Mr. Costello concerning Mr. Bannon, along with all Bannon-related decision-making by the Committee…." [Doc. 116 at 16, n.9].

Chairman Thompson's correspondence with Mr. Costello concerning Mr. Bannon is the direct subject of a defense in the case that the Court expressly has permitted to go forward – that the dates for compliance with the subpoena were malleable and not fixed, and that consistent with the Committee's purported goal of obtaining documents and testimony responsive to the subpoena, Chairman Thompson extended the dates for compliance, as reflected in the letters with Mr. Costello, such that there was no default. [See, e.g., July 14 Hearing Tr. at 13; *passim*]. Chairman Thompson's testimony with respect to the substance and intent of these letters would therefore be

exculpatory and highly relevant.  Only Chairman Thompson is competent to testify on these subjects, and the testimony would not be cumulative.

The Committee staff member witnesses the Government is tendering at trial are not competent to testify to the intent behind Chairman Thompson's letters to Mr. Costello.  Contrary to the Government's assertion, this **is** an example of Mr. Bannon articulating what a subpoenaed witness's testimony would be, and such testimony relates to a defense that this Court has ruled Mr. Bannon is allowed to raise. No witness can stand in as a substitute for Chairman Thompson in this case.

Similarly, testimony from Chairman Thompson and other Committee members who participated in the decision-making process with respect to Mr. Bannon's subpoena and the decision to hold him in contempt is relevant to the questions of why the constitutionally mandated accommodation process was not followed, why the Committee opted not to pursue a civil enforcement proceeding to allow the Court to determine the validity of President Trump's assertion of executive privilege despite Mr. Bannon's assurances that he would comply with the subpoena to the extent that the information sought was not covered by executive privilege.  - All  of these issues are directly relevant to the case, and are addressed in Chairman Thompson's correspondence with Mr. Costello.  [Doc. 116 at 16, n.9]

As for the other examples of testimony Mr. Bannon has sought in the subpoenas that were quashed and the bases for which such testimony was sought [See e.g., Doc. 116 at 16, n.9], Mr. Bannon is aware that this Court has ruled that Mr. Bannon is foreclosed from making certain legal arguments at trial, and that based on these rulings, some of the testimony the  defense sought to elicit from these witnesses is now deemed to be irrelevant.  Mr. Bannon expressly acknowledged this at the outset of his motion [Doc. 116 at 3]. But Mr. Bannon is entitled to preserve his objection

and arguments and to assert them in the context of this motion in this case, as opposed to the Miscellaneous Case.  It is not true that Mr. Bannon failed to acknowledge the Court's evidentiary rulings and it is inaccurate for the Government to suggest otherwise. [Doc. 117 at 4, 5].

Next, the Government advises the Court that it should reject Mr. Bannon's claims that it should exclude relevant evidence at trial because it has, by granting the Motion to Quash, excluded irrelevant evidence.  [Doc. 117 at 2].  Mr. Bannon has never made any such argument.

Finally, the Government argues that Mr. Bannon seeks in his motion to violate the Court's ruling concerning the absence of the House witnesses at trial and that the relief Mr. Bannon seeks on this issue is directly contrary to the relief sought in the Government's Omnibus Motion in Limine and granted by the Court.  The Government even suggests that some prophylactic sanction should be considered in light of this purported "blatant disregard" for the Court's rulings on this subject.[1]   [Doc. 117 at 4, n.1].  The Government has misrepresented the relief it sought in its Motion in Limine, the Court's ruling on the same, and the relief Mr. Bannon seeks in the instant Motion.  These misrepresentations heighten the offensiveness of its suggestion of sanctions.

In its Omnibus Motion in Limine, seeking once and for all to prevent any opportunity for Mr. Bannon to actually put the operative facts in this case before the jury, one of the subjects addressed was the matter of the witnesses under subpoena in the event the Motion to Quash was granted.  The Government requested that Mr. Bannon be prohibited at trial from arguing to the jury that granting the Motion to Quash should be the basis for acquittal or for drawing an adverse

---

[1] Not only it is completely untrue that Mr. Bannon made his arguments in "blatant disregard" of the Court's rulings; but before seeking the alternative relief at issue that he actually seeks, Mr. Bannon first expressly set out the Court's ruling, writing, "Finally, the Court "conditionally" granted the Government's motion, over the Defendant's objection, to prohibit argument by Mr. Bannon that granting the Motion To Quash provides a basis for acquittal an adverse inference [July 11, 2022, Hearing Tr. 137-138]."  [See Doc. 116 at 22].

inference against the Government [Doc. 85 at 8].  The gist of the Government's request is that Mr. Bannon should not be permitted to argue that the failure of a witness whose subpoena was quashed to appear at trial is attributable to the Government, since the prosecution is a different branch of Government, and it is not responsible for the privilege or its invocation.  [Doc. 85 at 8].

Mr. Bannon does not seek any relief contrary to the Government's motion or the Court's Order "conditionally" granting it.  [Doc. 116 at 22].  Rather, Mr. Bannon seeks permission simply to argue that a subpoenaed witness, for example, Chairman Thompson on the relevant issues described above, was free to testify voluntarily, notwithstanding his right to claim privilege, as found by the Court, just as the staffers came forward to testify voluntarily.  This is not a suggestion that Chairman Thompson was not entitled to his privilege claim or to move to quash the subpoenas based on it.  It is not an argument that the Government is responsible for his decision to move to quash.  But the fact is, Chairman Thompson and the other subpoenaed Members of Congress were free to testify voluntarily, and there is no reason Mr. Bannon should be precluded from presenting this information to the jury.  The argument is especially appropriate with respect to Chairman Thompson, given the indisputable relevance of his testimony, the lack of a competent substitute for him on the subjects at issue, and his public statements about Mr. Bannon and the purported importance of his testimony and documents.  In any event, what Mr. Bannon seeks is not contrary to the relief the Government sought in its Omnibus Motion in Limine and it certainly is not in "blatant disregard" of any previous ruling by this Court.

Mr. Bannon relies on his motion and all previous submissions in further reply to the Government's Opposition and he respectfully asks the Court to exclude all Congressional evidence or dismiss the indictment and to grant the additional relief sought for the reasons provided.

Dated: July 17, 2022                     Respectfully submitted,

                                                   **SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

                                                       /s/ M. Evan Corcoran
                                            M. Evan Corcoran (D.C. Bar No. 440027)

                                            Riane A. White (*Pro Hac Vice*)
                                            400 East Pratt Street – Suite 900
                                            Baltimore, MD 21202
                                            Telephone: (410) 385-2225
                                            Facsimile: (410) 547-2432
                                            Email: ecorcoran@silvermanthompson.com

                                                /s/ David I. Schoen
                                            David I. Schoen (D.C. Bar No. 391408)
                                            David I. Schoen, Attorney at Law
                                            2800 Zelda Road, Suite 100-6
                                            Montgomery, Alabama 36106
                                            Telephone: (334) 395-6611
                                            Facsimile: (917) 591-7586
                                            Email: schoenlawfirm@gmail.com

                                            *Counsel for Defendant Stephen K. Bannon*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of July 2022, a copy of the foregoing Reply in

Support of Motion to Dismiss Based on Granting the Motion to Quash in *In Re:  Non-Party*

*Subpoenas* was served *via* the Court's CM/ECF system on registered parties and counsel.


    /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)