**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CRIMINAL NO. 21-cr-670** |
| **v.** | **:** | |
| | **:** | |
| **STEPHEN K. BANNON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

<u>**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO EXHIBITS**</u>

Pursuant to the Court's direction at the hearing on Thursday, July 14, 2022, the Government is providing its response to the Defendant's objections to the Government's exhibits.

**I.      Government's Exhibits 2, 5, 7, and 9 (Committee's Letters to Defendant).**

The Defendant objects to the Committee's letters to him as hearsay. Hearsay is an out-of-court assertion of fact offered in court to prove the truth of the matter asserted. Fed. R. Evid. 801(a) & (c).[1] The Government is not offering the letters to the Defendant to prove the truth of any matters asserted therein. They are being offered solely to prove what the Defendant understood about whether the Committee had rejected his objection to complying with the subpoena and whether the Committee was requiring compliance with the subpoena despite his objection. If the Government wanted—or needed—to independently prove the Committee's position, divorced from the Defendant's understanding of it, the Government would not need to introduce the letters at all. The Government is calling a Committee staff member who could testify to those matters from her personal knowledge. Statements offered merely to show what the Defendant was told or knew is not offered for a hearsay purpose. *See, e.g.*, *United States v. Hall*,

---

[1] At the July 14, 2022, hearing, the Defendant's counsel suggested that any out-of-court statement is admissible as long as the declarant is testifying. This is incorrect. There is not general hearsay exception for testifying declarants.

945 F.3d 507, 514 (D.C. Cir. 2019) (finding statements by defendant's attorney that conduct was legal offered to show defendant's belief it was legal were not offered for the truth but merely to prove the defendant's belief); *United States v. Wright*, 783 F.2d 1091, 1098 (D.C. Cir.) (finding the statements in a phone call the defendant received were not offered for their truth when they were offered to show why the defendant had gone to a certain location); *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("'If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.' Thus, a statement offered to show its effect on the listener is not hearsay." (quoting Fed. R. Evid. 801(c), Advisory Committee Note)) (citing *George v. Celotex Corp.*, 914 F.2d 26, 30 (2d Cir. 1990) ("To be sure, an out of court statement offered not for the truth of the matter asserted, but merely to show that the defendant was on notice of a danger, is not hearsay.")); *United States v. Chavis*, 772 F.2d 100, 105 (5th Cir. 1985) (finding consumer complaints offered to show fraud defendants were on notice of them were not offered for a hearsay purpose).

Moreover, many of the statements offered in the letters are not assertions at all, such as the Committee's direction that the Defendant follow the procedures laid out in the subpoena if he wished to raise a privilege. *See, e.g.*, *United States v. Long*, 905 F.2d 1572, 1580 (D.C. Cir. 1990) (finding that nonassertive statements are not hearsay and that the statement has to be intended as an assertion); *United States v. Safavian*, 435 F. Supp. 2d 36, 44-45 (D.D.C. (finding emails that included requests for assistance, questions, or instructions were not hearsay); *United States v. Moore*, Case No. 18-cr-198 (JEB), 2021 WL 1966570, at *5 (May 17, 2021) (finding a "question, command, greeting, or other 'nonassertive' communication" in text messages were not hearsay). These nonassertive statements are thus not subject to the hearsay rules.

II.    **Government's Exhibits 10, 11A, and 11B (Defendant's Statements on Social Media)**

The Defendant objects to Exhibits 10, 11A, and 11B as hearsay.  Exhibits 10 and 11A are the Defendant's statements on his social media account.  They are therefore admissible statements of a party opponent.  Fed. R. Evid. 801(d)(2)(A).  Exhibit 11B is an article that the Defendant linked to in his social media post in 11A that includes statements attributed to the Defendant that he was standing with former President Trump and would not comply with the subpoena.  It is therefore also a statement of a party opponent because, by linking to it, the Defendant manifested an adoption of the article's assertion that he had made the statements attributed to him therein.  Fed. R. Evid. 801(d)(2)(B).  Under the adoptive admission hearsay exception, the Defendant must have "manifested an adoption or belief in [the statement's] truth," *id.*, which means that he "understood and unambiguously assented" to the statement, *United States v. Beckham*, 968 F.2d 47, 316 (D.C. Cir. 1992).  The Defendant's understanding and assent can be manifested by his conduct, including his silence.  *Id.*; *United States v. Rivera*, Case No. 21-cr-60 (CKK), 2022 WL 2239800, at *2 (D.D.C. June 17, 2022).  Here, the Defendant affirmatively posted the article purported to include quotes from him on his own social media account.  The headline of the article, posted directly on his social media account, included a purported quote from him, and the statement the Defendant included above the post repeated the assertion the article said he had made.  The circumstances demonstrate that the Defendant manifested a belief that the statements attributed to him in the article, therefore, were his own.

III.   **Government's Exhibits 12A, 12B, 12C, and 12D (Defendant's Telephone Records)**

The Defendant claims that his telephone records covering the time period in which he was served with the subpoena and willfully defaulted are irrelevant and unduly prejudicial.  The records are relevant because the Government must show the Defendant's failure to comply with the

Committee's subpoena was not an accident or mistake and the records reflect connected, several-minute long phone calls between the Defendant and his attorney at times when the Committee had already informed the Defendant's attorney that it had rejected the Defendant's basis for not complying.  The phone records thus provide circumstantial evidence that the Defendant's attorney communicated the Committee's directions to the Defendant and they corroborate the Defendant's attorney's admissions on his behalf to the Government that the Defendant was engaged throughout the process of responding to the Committee.  While they are relevant, there is no basis to find that the records have the tendency to suggest a verdict on an improper basis such that they should be excluded under Fed. R. Evid. 403.  *See United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("Rule 403 does not bar powerful, or even prejudicial evidence.  Instead, the Rule focuses on the danger of unfair prejudice, and gives the court discretion to exclude evidence only if that danger substantially outweigh[s] the evidence's probative value.").

## IV.     Government's Exhibit 13 (Defendant's Attorney's Statement That His Failure to Comply was Not a Mistake).

The Defendant claims his attorney's assertion of fact that his default was not a mistake is irrelevant and unduly prejudicial.   The Defendant also objects on the basis of the rule of completeness, Fed. R. Evid. 106.  As an initial matter, the Government intends to enter the following excerpts of the March 16, 2022, hearing transcript: 58:24-59:3; 59:7-14; and 60:10-13.  First, the statements are clearly relevant. The Government must prove that the Defendant's default was not due to mistake or accident.  The Defendant's attorney stated, in his presence, on his behalf, and on the record, that it was not due to mistake.  This statement of fact thus goes directly to an element of the offense.  It also does not invite a verdict on any ground other than a finding that the elements of the offense are met.  For example, it does not reveal inflammatory or other-bad-acts

evidence about the Defendant; it is a statement limited to the central issue the jury will be deciding in this case.  Accordingly, it is not excludable under Fed. R. Evid. 403.

Second, the rule of completeness is not an exclusionary rule.  Instead, under the rule of completeness, Fed. R. Evid. 106, if a party enters one part of a recorded statement, the court can admit other parts requested by the adverse party that are necessary for the first excerpt not to be misleading.  *See* Advisory Committee Note, Fed. R. Evid. 106 (The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial.").  It does not allow admission of the entire recorded statement, but only those necessary to fix a misleading impression.  *See United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986) (noting the rule's "limited scope" and that it "will be invoked rarely and for a limited purpose.").  The Defendant's attorney's admission on his behalf that his default was not a mistake is not misleading without other parts of the transcript in which the statement is included.  To admit additional parts of the transcript, the Defendant has to identify the specific excerpts that correct some misleading impression left by the statements the Government wishes to enter.  *Id*.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Amanda R. Vaughn*
          J.P. Cooney (D.C. 494026)
          Molly Gaston (VA 78506)
          Amanda R. Vaughn (MD)
          Assistant United States Attorneys
          United States Attorney's Office
          601 D Street, N.W.
          Washington, D.C. 20530
          (202) 252-1793 (Vaughn)
          amanda.vaughn@usdoj.gov