**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : | Criminal No. 21-670 (CJN) |
| v. | : : : |  |
| STEPHEN K. BANNON, | : : |  |
| *Defendant.* | : : |  |

**MOTION TO EXCLUDE HEARSAY EVIDENCE**

On July 14, 2022, the Court directed the parties, "in five pages or less" to provide the Court with "their views about whether these letters back and forth (between Chairman Thompson and Mr. Costello)… whether and to what extent they're admissible and for what purposes." [July 14, 2022 Hearing Tr. at 49-50]. Defendant Stephen K. Bannon, through his undersigned counsel now provides the submission the Court directed.

Mr. Bannon understands there to be three letters from Chairman Thompson to Mr. Costello at issue. These are Government Exhibits 5, 7, and 9.

Pursuant to Fed. R. Evid. 801 and 802, Mr. Bannon respectfully requests that this Court exclude Government Exhibits 5,7, and 9 from trial in this matter and in support states as follows:

Mr. Bannon is charged with two counts of contempt of Congress under 2 U.S.C. § 192 arising from a January 6 Select Committee subpoena. The Government seeks to offer as evidence at trial three letters from Rep. Bennie Thompson, Chairman of the Select Committee to Robert J. Costello, Esquire, former counsel to Mr. Bannon, regarding the Select Committee subpoena.

On June 4, 2022, the defense issued trial subpoenas to every Member of the Select Committee, including Chairman Thompson, to testify at trial and produce documents relating to

his interactions with Mr. Bannon, and the Select Committee's decision to refer Mr. Bannon to the full House or a contempt vote. The Members moved to quash the subpoenas on Speech or Debate Clause grounds [Doc.1, 22-MC-60], and this Court granted the Motion by minute order on July 12, 2022. These Members of Congress have the ability to waive their legislative immunity and appear for testimony on a voluntary basis but have not indicated that they intend to do so. Mr. Bannon is thus in the unprecedented position of being barred from cross-examining the complainant who initiated the charges against him.

At the July 14, 2022, pretrial conference the Court informed the Parties it would be ruling on evidentiary objections to exhibits as they arose during trial. Defense counsel requested that the Parties be precluded from presenting the disputed exhibits to the jury during opening statements to prevent the jury from seeing materials later deemed inadmissible at trial. The Government advised that it planned to refer to the letters from Chairman Thompson to Mr. Costello in its opening statement. [July 14, 2022 Hearing Tr. at 38-40].

These letters are classic inadmissible hearsay and must be excluded, with the body of them having no relevance whatsoever other than for the truth of the matters asserted therein and no non-hearsay or hearsay exception basis for admission.

A hearsay statement is one that the declarant does not make while testifying, that is offered into evidence as proof of the truth of matter asserted in the statement. Fed. Rule. Evid. 801(c)(2). Hearsay is not admissible unless an exception applies. Fed. R. Evid. 802. Hearsay within hearsay is only admissible if an exception applies for each part of the combined statement. Fed. R. Evid. 805. Mr. Bannon believes that it might be most helpful to deal with the specifics of the letters, as the Court began to do in analyzing the issue on July 14, 2022 [July 14, 2022 Hearing Tr. at 43].

**The Body of the Letters at Issue are Pure Inadmissible Hearsay**

Government's Exhibit 5 is a letter from Chairman Thompson to Mr. Costello dated October 8, 2021. This letter is filled with Chairman Thompson's characterizations of Mr. Bannon's position vis a vis the subpoena. He refers to Mr. Bannon's position on executive privilege as "inappropriate" and without any "legal basis." [10/8/21 letter at 1]. Chairman Thompson declares that all of the information sought appropriately relates directly to "serve a legitimate legislative purpose" and is "within the scope" of the delegated authority, and he refers the Committee's determination of the "critical importance" of what is being sought from Mr. Bannon. [*Id*.]. The only conceivable value of these assertions would be the truth of the matters asserted – they have no independent value nor purpose – and that is exactly why they must be excluded as pure hearsay under Rule 802.

The letter goes on to discuss Chairman Thompson's view of the validity of the executive privilege invocation, his view of the breadth of its application and its purported inapplicability. Chairman Thompson then asserts that the Committee had not actually received any invocation of executive privilege from "Mr. Trump" and he discussed his view of the validity and impact of what he would consider an intention to invoke privilege. *[Id.*at 1-2].

These are all disputed facts, offered in the letter only for the truth of the matters asserted. Moreover, the overriding prejudice and confusion of the jury that would result from their admission is exacerbated by the prohibition the Court has issued on Mr. Bannon in any way putting forward, discussing, or arguing anything related to executive privilege and its invocation in this case.

It surely would be constitutionally unfair to allow the Government to put this letter before the jury under these circumstances and especially without Chairman Thompson present to

testify. The balance of the letter is devoted to more of the same, including Chairman Thompson's view on Mr. Bannon's obligations and the applicable law. None of this is admissible; it is all pure hearsay without any recognized exception.

Government's Exhibit 7 is a letter from Chairman Thompson to Mr. Costello dated October 15, 2021. Chairman Thompson's October 15, 2021 letter is similar in content to the October 8, 2021 letter and is inadmissible hearsay for the same reasons. Moreover, like the October 8th and 19th letters any consideration under Rule 403 would require its exclusion as well, especially in light of the prohibitions against Mr. Bannon discussing the substantive issues reflected in the letters.

Government's Exhibit 9 is a letter from Chairman Thompson to Mr. Costello dated October 19, 2021. The October 19th letter suffers from the same inadmissibility issues and more. The letter references a statement from President Biden's White House Counsel declining to assert executive privilege as to "certain subjects within the Select Committee's purview." *See* Gov. Ex. 9. The Government is offering this letter as evidence that Mr. Bannon knew he had an obligation to appear before the Select Committee, and that he was not protected by executive privilege. The statement is therefore being offered for the truth of its matter and is hearsay within hearsay because it references the out of court statement of a non-testifying declarant. *See* Fed. R. Evid. 805.

Should this Court rule that the letters are admissible for a non-hearsay purpose, the hearsay statements within the letters for which an exception does not exist should be redacted and excluded from evidence. The only portions of the letter that would constitute relevant admissible non-hearsay would be those limited portions of the letters that are independently relevant to some purpose other than for the truth of the matter asserted. For example, in the

October 15, 2022 letter (Govt. Exhibit 7), the last paragraph directs that if Mr. Bannon believes there are additional issues concerning non-compliance with the subpoena that have not been addressed, he should submit them to the Committee by 6:00 p.m. on October 18, 2021 for the Committee's consideration.  [Govt. Exhibit 7 at 2]; The last paragraph of the October 19, 2021 letter arguably would fall in this same category.  [Govt. Exhibit 9 at 2]. These portions of these letters could be admissible as non-hearsay as an "imperative."  *See e.g., United States v. DuPree*, 706 F.3d 131, 136-138 (2d Cir. 2013) (directing action, not offered for truth).  They also could be admissible non-hearsay as a "verbal act." *See e.g., Puma v. Sullivan*, 746 A.2d 871, 876 (D.C. 2000) (note offering to extend due date of promissory note).  They could also be admissible non-hearsay as showing notice or knowledge. *Rogers v. Ingersoll-Rand Co.,* 144 F.3d 841, 845–846 (D.C. Cir. 1998) (Notice); *United States v. Baird*, 29 F.3d 647, 653 (D.C. Cir. 1994; (Knowledge or belief); *United States v. Wright*, 783 F.2d 1091, 1098-1099 (D.C. Cir. 1986) (Effect on listener or recipient).  The date of each letter also would be admissible.

Dated: July 18, 2022   Respectfully submitted,

SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

    /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
Riane A. White (*Pro Hac Vice*)
400 East Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

    /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July 2022, a copy of the Motion to Exclude Hearsay Evidence was served *via* the Court's CM/ECF system on registered parties and counsel.

                                             /s/ M. Evan Corcoran
                                         M. Evan Corcoran (D.C. Bar No. 440027)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 21-670 (CJN) |
| v. | |
| STEPHEN K. BANNON, | |
| *Defendant*. | |

# MOTION TO EXCLUDE HEARSAY EVIDENCE

Upon consideration of the Defendant's Motion to Exclude Hearsay Evidence, it is this day of July 2022,

**ORDERED** that Defendant's Motion is **GRANTED**; and it is further

**ORDERED** that Government's Exhibits 5,7, and 9 are inadmissible at trial; and it is further

ORDERED that the Government may not present to the jury the documents contained in Government's Exhibits 5,7, and 9 during opening or closing statements in this matter.

**SO ORDERED.**

Dated:

_____
Hon. Carl J. Nichols
*United States District Judge*