IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : :  : | Criminal No. 21-670 (CJN) |
| v. | : : |  |
| STEPHEN K. BANNON, | : : |  |
| *Defendant*. | : : |  |

**MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO
RULE 29, FEDERAL RULES OF CRIMINAL PROCEDURE**

Defendant, Stephen K. Bannon, by and through the undersigned counsel, respectfully move this Court to enter a Judgment of Acquittal in this case, pursuant to Rule 29, Federal Rules of Criminal Procedure.

Rule 29(a) of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In considering a Rule 29 motion this Court must determine whether upon the evidence, viewed "in a light most favorable to the Government giving full play to the right of the [trier of fact] to determine credibility, weigh the evidence and draw justifiable inference of fact," a reasonable mind might fairly conclude guilt beyond a reasonable doubt. *United States v. Recognition Equip., Inc.*, 725 F. Supp. 587, 588 (D. D.C. 1989); *see United States v, Kayode*, 254 F.3d 204, 212-13 (D.C. Cir. 2001) (*quoting United States v. Harrington*, 108 F.3d 1460, 1464, (D.C. Cir. 1997)); *United States v. SaFavian*, 644 F. Supp. 2d 1, 7-8 (D.D.C. 2009); *United States v. Duran,* 884 F. Supp. 577, 583 (D.D.C. 1995)*, affd*, 96 F.3d 1495 (D.C. Cir.

1996). The Court must "accord[] the government the benefit of all legitimate inferences," *see United States v. Weisz*, 718 F.2d 413, 437 (D.C. Cir. 1983), *cert denied* 465 U.S. 1027 (1984), and deny the motion if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Arrington*, 309 F.3d 40, 48 (D.C. Cir. 2002) (emphasis in original) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Put another way, the Court must grant a motion for judgment of acquittal if "a reasonable juror must necessarily have had a reasonable doubt as to the defendant[']s guilt." *See United States v. Weisz*, 718 F.2d at 437 (emphasis in original) (*citing United States v. Singleton*, 702 F.2d 1159, 1162-63 (D.C. Cir. 1983)). *See also United States v. Reese*, 561 F.2d 894, 898 (D.C. Cir. 1977); *Curley v. United States*, 160 F.2d 229, 232-33 (D.C. Cir. 1947) ("[I]f there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion [for judgment of acquittal] must be granted."), *cert denied*, 331 U.S. 837 (1947). *United States v. Jabr*, 2019 U.S. Dist. LEXIS 238718, *9-10, 2019 WL 13110682 (D. D.C., May 16, 2019).

Although the evidence must be viewed in the light most favorable to the government, this Court is obligated to take a hard look at the evidence and accord the government the benefit of only "legitimate inferences." *United States v. Singleton*, 702 F.2d 1159, 1163 (D.C.Cir. 1983). In other words, this court will not indulge in fanciful speculation or bizarre reconstruction of the evidence. Moreover, Rule 29 does not require the Court to view the evidence through dirty windowpanes and assume that evidence which otherwise can be explained as equally innocent must be evidence of guilt. *See Curley*, 160 F.2d at 233 (if "a reasonable mind must be in balance as between guilt and innocence, a verdict of guilt cannot be sustained"). Rather, in order to find a legitimate and nonspeculative inference of guilt the government must articulate a rational basis in

the evidence upon which that inference can arise. *United States v. Recognition Equip., Inc.*, 725 F. Supp. 587, 588 (D. D.C. 1989).

This Court must grant Defendants' motion for judgment of acquittal if it finds that the evidence, even if viewed in the light most favorable to the government, is such that a reasonable trier of fact would have a reasonable doubt as to the existence of any of the essential elements of the crime. *United States v. Durant*, 208 U.S. App. D.C. 374, 648 F.2d 747 (D.C. Cir. 1981); *see also United States v. Foster*, 251 U.S. App. D.C. 272, 783 F.2d 1087, 1088 (D.C. Cir. 1986).

Mr. Bannon is charged with two counts of contempt of Congress under 2 U.S.C. § 192. The Court has advised that it will provide the jury with the following instructions regarding the elements of the offense:

> *First*, that the Defendant was subpoenaed by the Select Committee to provide testimony or produce papers;
>
> *Second*, that the subpoena sought testimony or information pertinent to the investigation that the Select Committee was authorized to conduct;
>
> *Third*, that the Defendant failed to comply or refused to comply with the subpoena; and
>
> *Fourth*, that the Defendant's failure or refusal to comply was willful.

The government's theory of the case is that Mr. Bannon defaulted on his subpoena for testimony under Count 1 on October 14, 2021 and defaulted on his subpoena for documents under Count 2 on October 18, 2021.

## FACTUAL BACKGROUND AND ARGUMENT

The factual background relevant to this Motion and the defense's argument in support thereof were stated on the record on July 21, 2022. By this Motion, Mr. Bannon reasserts the arguments asserted on the record.

3

WHEREFORE, for the reasons stated on the record on July 21, 2022, the Defendant Stephen K. Bannon, through counsel, hereby respectfully requests that this Court grant his Motion for Judgment of Acquittal.

Dated: July 21, 2022　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

　　　　　　　　　　　　　　　　　　　　　/s/ M. Evan Corcoran
　　　　　　　　　　　　　　　　　　　　M. Evan Corcoran (D.C. Bar No. 440027)
　　　　　　　　　　　　　　　　　　　　Riane A. White (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　400 East Pratt Street – Suite 900
　　　　　　　　　　　　　　　　　　　　Baltimore, MD 21202
　　　　　　　　　　　　　　　　　　　　Telephone: (410) 385-2225
　　　　　　　　　　　　　　　　　　　　Facsimile: (410) 547-2432
　　　　　　　　　　　　　　　　　　　　Email: ecorcoran@silvermanthompson.com


　　　　　　　　　　　　　　　　　　　　　/s/ David I. Schoen
　　　　　　　　　　　　　　　　　　　　David I. Schoen (D.C. Bar No. 391408)
　　　　　　　　　　　　　　　　　　　　David I. Schoen, Attorney at Law
　　　　　　　　　　　　　　　　　　　　2800 Zelda Road, Suite 100-6
　　　　　　　　　　　　　　　　　　　　Montgomery, Alabama 36106
　　　　　　　　　　　　　　　　　　　　Telephone: (334) 395-6611
　　　　　　　　　　　　　　　　　　　　Facsimile: (917) 591-7586
　　　　　　　　　　　　　　　　　　　　Email: schoenlawfirm@gmail.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Stephen K. Bannon*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21th day of July 2022, a copy of the foregoing Rule 29 Motion was served *via* the Court's CM/ECF system on registered parties and counsel.

        /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)