**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 21-670 (CJN) |
| | : | |
| v. | : | |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

## NOTICE OF DEFENDANT'S OBJECTIONS TO THE COURT'S FINAL JURY INSTRUCTIONS AND ADDITIONAL REQUESTED INSTRUCTIONS

During a hearing held on July 21, 2022, the Court provided the parties with a copy of the jury instructions it was proposing to give in this case, subject to a consideration of the parties' objections. The Court also entertained discussion of a proposed instruction by the Government and two additional proposed instructions by the Defendant.[1] Mr. Bannon entered objections to the Government's newly proposed instruction and reiterates and incorporates those here.

Previously, on July 17, 2022, Mr. Bannon sent an email to the Court's chambers, as directed by the Court, concerning the matter of jury instructions and voir dire, and he filed by ECF his proposed jury instructions and objections to proposed jury instructions. [Doc. 120]. He

---

[1] The two additional proposed instructions from the Defendant are set out herein. They were provided to the Court during the July 21, 2022 hearing and they were provided to the Government by email in advance of the hearing. The Government objected to both. It appears from the final instructions the Court has advised the parties by email that it intends to actually give to the jury, the Government's objections to these additional defense proposed instructions were sustained and no part of these two additional proposed instructions is included in the final instructions the Court intends to give. Mr. Bannon formally indicates here his objection to the decision to exclude these two additional proposed instructions. They reflect the defense theory of the case, based on the narrow defense permitted to the Defendant, they reflect accurate propositions of the law and the application of the relevant factual circumstances in this case to the law and the defense theory is not reflected anywhere in the final instructions the Court has advised that it intends to give.

reiterates and incorporates herein his requested proposed instructions and his objections in Doc. 120.  Mr. Bannon, through counsel, made additional submissions related to jury instructions through email submissions to chambers as directed and reiterates and incorporates those herein as well.  Mr. Bannon also reiterates and incorporates herein the objections he made during the July 21, 2022, hearing and all other objections and proposals related to the jury instructions previously made in this case.

Mr. Bannon now makes the following objections to the Court's final instructions provided to the parties by email on July 21, 2022:

1.  Instruction 13:  Mr. Bannon respectfully submits that the instruction read in full context does not adequately reflect for the jury the role of the presumption of innocence.  Mr. Bannon respectfully submits that the instruction should end with words to the following effect:  The defendant is presumed innocent as a matter of law at all times unless or until the government proves him guilty beyond a reasonable doubt.  Even if this concept is reflected elsewhere, it is required in this instruction as well for balance and to avoid jury confusion on an important legal concept.

2.  Instruction 17:  Mr. Bannon reserves the right to object to the Verdict Form when final copies have been provided by the Court and to make any objection to this related instruction.

3.  Instruction 24:

A.  Mr. Bannon objects to this instruction for the reasons and for reasons previously stated.  Mr. Bannon respectfully asserts that this key instruction on the elements of the offense must use the language of the statute "willfully makes default" not a colloquial alternative.  The instruction as provided by the Court usurps the jury's role

by transforming "willfully makes default" into "willfully not providing testimony and information" or a "willful failure to provide testimony" or a "willful failure to produce documents." These terms could perhaps be used for further clarification to distinguish between Counts 1 and 2; but the language of the statute must be used. It is the jury's function to determine if the Defendant acted "willfully" and it is the jury's function whether the Defendant willfully made a "default." Mr. Bannon provided a proposed definition of "default" [Doc. 120] and submits that it should be used. But in any event, he objects to the Court's instruction insofar as it deviates from the language of the statute.

B. Next, Mr. Bannon objects to Instruction 24 because it entirely omits the relevant dates as charged in the indictments. Those dates are material parts of the charges in the indictment and the jury must be focused on that. As asserted during the hearing on July 21, 2022, for example, if the jury were to find that the Defendant willfully failed to provide testimony to the Committee on a date other than on October 14, 2021, for example, because that date had been extended expressly or implicitly by Committee letters after October 14, 2021, he must be find not guilty under Count 1. That is especially material here, in light of the defense the Court has permitted – a belief that the dates were not fixed dates and inferences from the Committee letters that other dates for compliance were encouraged. The same objection is made for the failure to use the date stated in Count 2 as well. This is particularly important because the date is an element of the offense charged and it is a different date from the date in the subpoena. The indictment charges a specific date in Count 1 for the commission of the alleged crime and a "by" date in Count 2. The failure to include them and explain

3

their material significance usurps the jury's role and in effect allows a conviction by a something less than proof of every element beyond a reasonable doubt, denying Mr. Bannon due process and his right to a jury trial and other Fifth and Sixth Amendment rights.

C.  Mr. Bannon objects to the colloquial language instead of the statutory language throughout Instruction 24, including in the Third and Fourth elements section.

D.  Mr. Bannon also objects to the inclusion in Instruction 24 of the litany of things that do not constitute a defense to the charges, especially in the absence of any indication of what does constitute a defense and the absence of any reference to the specific defense permitted by the Court and advanced by the Defendant.

E.  Mr. Bannon objects to the failure to include the specific theory of defense instructions he submitted or any formulation of the defense theory whatsoever.  The effect of Instruction 24 and the instructions as a whole is to fail to adequately (if at all) instruct the jury as to what could constitute a defense other than general terms "inadvertence," "accident," or "mistake."  There must be a far more informative explanation of what "mistake" means in this context and an explanation of the defense of "mistake of fact" as a concept and put into meaningful context for the specific parameters of mistake of fact in this case by this Defendant.  Mr. Bannon reiterates his request for the inclusion of his mistake of fact/defense theory proposed instruction (or some variation on it that encompasses its elements) presented in hard copy at the July 21, 2022, hearing and provided to the Court hereinbelow.

F.  Mr. Bannon objects to the last sentence of Instruction 24, especially because it is confusing in the context of this case and the defense contention that the Committee's

urging of compliance after the subpoena date led to his belief (perhaps a mistake of fact) that there had been no default and that compliance then would mean no default. Nowhere does Instruction 24 or any other instruction apprise the jury of the defense of mistake of fact as applied in the instant case and Mr. Bannon objects. The failure to include his mistake of fact theory of defense is especially prejudicial in light of the language in Instruction 24 that apparently is intended to eliminate a mistake of law defense. There is no reasonable way to expect a jury to read this language and believe, especially in the absence of an instruction, that Mr. Bannon has put forward a mistake of fact defense.

G.  Especially if the Court is to include, as Instruction 24 does, a provision that a belief that executive privilege excuses compliance is no defense, it should include an instruction that if the jury finds that executive privilege was invoked, that is a defense and, specifically that it would negate the "willfully" prong as well as the default prong.

Mr. Bannon respectfully objects to the Court's failure to include his proposed instructions and to the denial of his objections to the government's proposed instructions and to the Court's instructions.

There is nothing in the Court's instructions, with all due respect, from which the jury could understand that the specific mistake of fact defense the Court permitted as Mr. Bannon's only defense is actually a defense in the case. There is nothing in the instructions, for example, that would allow the jury to understand that if it concluded from the exchange of the Costello/Thompson letters, along with the Trump/Costello letters and the Committee's July 14, 2022 letter, that it (the jury) could infer from these

letters that Mr. Bannon believed that the dates were flexible and had been extended, he either would have been right and there was no default or he would have made a mistake of fact that is a viable defense to the charge and specifically to the "willfully" element, even under the restrictive definition of that term which Mr. Bannon has objected.

The following are the Defendant's additional proposed instructions provided to the Court by hard copy on July 21, 2022, and Mr. Bannon respectfully requests that they be included in the actual instructions to be given for the reasons asserted during the July 21, 2022, hearing.

## DEFENDANT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

### 1.   Mistake of Fact

**The Defendant, Stephen K. Bannon, contends that he believed that the dates for compliance with the subpoena were not fixed and were flexible and subject to change and that therefore he did not act "willfully" in failing to comply with the subpoenas by the dates set out in the indictment.  If you find that Mr. Bannon honestly and reasonably believed, based on the exchange of letters between his lawyer, Mr. Costello and the Committee, or because of Mr. Bannon's past experience with subpoenas, or because of his executive privilege claim, or because of his belief that negotiations were ongoing as part of an accommodation process, that the dates for his compliance with the subpoena, either for the production of documents on October 7, 2021 or for his appearance to testify on October 14, 2021, were not fixed dates, but were subject to extension, such that he believed he could still comply with the subpoena after the dates in the subpoena, then he would not have acted "willfully" as charged in the indictment and you must find him not guilty.**

**(Redbook) Instruction 9.600 DEFENSES OF ACCIDENT AND MISTAKE--NOTE**

Defenses of accident and mistake of fact (or non-penal law) have potential application to any case in which they could rebut proof of a required mental element. *See, e.g.*, *Clark v. U.S.*, 593 A.2d 186, 194, n.14 (D.C. 1991) ("[T]he prosecution is required to prove beyond a reasonable doubt that the killing was intentional or not accidental," *quoting* Annotation, Homicide: Burden of Proof on Defense that Killing was Accidental, 63 A.L.R. 3d 936, 941 (1975)). In *Morgan v. D.C.*, 476 A.2d 1128 (D.C. 1984), the District of Columbia Court of Appeals clarified that a mistake of fact or non-penal law can negate general intent as well as specific intent: "[w]hile general intent is frequently defined as the intent to do the prohibited act, it also requires the absence of an exculpatory state of mind (e.g., mental disease, reasonable mistake of fact)." *Id.* at 1132 (citing R. Perkins & R. Boyce, Criminal Law, pp. 831-32 (3d ed. 1982)). The court observed the closeness of the concepts of "mistake of fact" and "mistake of non-penal law," offering the example of a trespasser who lacks criminal intent by reason of a mistaken but

reasonable belief that a prescriptive easement applies. "The mistake may be as to the actual length of time that adverse use has continued (mistake of fact) or as to the time required to establish a prescriptive easement (mistake of law)." *Id.* at 1133 n.4. These defenses are not confined to assault cases. *See, e.g.*, *Simms v. D.C.*, 612 A.2d 215 (D.C. 1992) (affirming abandonment as mistake of fact defense in the context of tampering with a vehicle, where intent is required); *Clark v. U.S.*, 593 A.2d 186 (D.C. 1991) (discussing accident in context of second-degree murder); *Goddard v. U.S.*, 557 A.2d 1315 (D.C. 1989) (finding trial court's refusal to instruct jury on abandonment in the context of unauthorized use of a vehicle was reversible error).

The hallmark of a mistake of fact defense is that "the defendant's belief was honest and reasonable." *Simms*, 612 A.2d at 219 (citing *Williams v. U.S.*, 337 A.2d 772, 774-75 (D.C. 1975)). A mistake-of-fact defense cannot rest solely upon the defendant's voluntary intoxication. *See Cooper v. U.S.*, 680 A.2d 1370, 1372 (D.C. 1996) (trial court did not err in precluding argument that defendant's drug use supported her defense of mistake in a Bail Reform Act prosecution).

The D.C. Court of Appeals has cautioned against shifting the burden of proof to the defendant, in the context of the defenses of accident and mistake. *See Clark*, 593 A.2d at 194 (finding it was error to instruct that the jury must find for the defendant "if you are satisfied that [his theory of accident] is what happened."); *Simms*, 612 A.2d at 219 (finding it was error to conclude defendant could not interpose mistake of fact defense of abandonment unless he proved abandonment by clear, unequivocal and decisive evidence).

**The Committee concluded that no general pattern instruction on these defenses could adequately provide for the range of contexts in which they arise, without resorting to a confusing array of alternative selections. The Court of Appeals has made it clear that a defense theory instruction tailored to the facts of the individual case is appropriate for this kind of defense. *See, e.g.*, *Clark*, 593 A.2d at 194-95.** (emphasis added)

*See also Abney v. U.S.*, 616 A.2d 856 (D.C. 1992) (holding that mistaken belief in constitutional law defense does not support a bona fide defense theory); *Wiggins v. U.S.*, 521 A.2d 1146 (D.C. 1987) (finding mistake of fact a valid defense as to defendant's belief of legitimacy of twenty-dollar bill); *Gaetano v. U.S.*, 406 A.2d 1291 (D.C. 1979) (discussing "bona fide belief" defense to unlawful entry); *Leiss v. U.S.*, 364 A.2d 803, 809 (D.C. 1976) (same); *Jackson v. U.S.*, 357 A.2d 409, 411 (D.C. 1976) (holding that a bona fide belief must have some reasonable basis before an accused can claim that such belief exonerates his behavior); *Smith v. U.S.*, 281 A.2d 438, 439-40 (D.C. 1971) (holding that it is not sufficient that an accused merely claim a belief of a right to enter; a bona fide belief must have some reasonable basis).

"Legal impossibility occurs when a defendant's actions, or actions a defendant causes, even if fully carried out, would not constitute a crime." *German v. U.S.*, 525 A.2d 596, 606-07 (D.C. 1987) (citations omitted). When a defendant's objective "is to do something that is not a crime," there is a defense of legal impossibility. *In re Doe*, 855 A.2d 1100, 1106 (D.C. 2004). However, "factual impossibility, where the intended substantive crime is impossible of accomplishment

merely because of some physical impossibility unknown to the defendant, is not a defense." *Id.* at 1106 (citing 2 Wayne R. LaFave, Substantive Criminal Law § 11.5(a), at 231 (2d ed. 2003) ("We have no reason to think that it would be a defense in the District of Columbia to a charge of attempted enticement of a child that the defendant was fooled because his target was in reality an undercover law enforcement officer."). "Factual impossibility occurs when the objective of the defendant is proscribed by the criminal law, but a circumstance unknown to the actor prevents him or her from bringing about that objective." *German*, 525 A.2d at 607 (citing *U.S. v. Oviedo*, 525 F.2d 881, 883 (5th Cir. 1976)) (recognizing legal but not factual impossibility "is often elusive," however, "it may be more useful to inquire whether a defendant had the requisite mens rea and performed substantive acts in furtherance of a criminal objective." *In re Doe*, 855 A.2d at 1106 n.10.

### 2.   Waiver of Default

**The Defendant contends that, through their conduct, the Committee waived any default that might have occurred, and that, therefore any default that might have occurred by not complying with the subpoena by the dates set out in the subpoena was excused by the Committee, based on their wish to get the documents and testimony the Committee sought from Mr. Bannon.  A party's conduct, including a continued insistence on performance after a purported default date has passed, can constitute a waiver of a default.**

**Accordingly, even if you were to find that Mr. Bannon did not comply with the subpoenas by the dates provided in the subpoenas, if you find, from the Committee's conduct or words, written or spoken, that the Committee continued to insist on compliance with the subpoena, even after the dates in the subpoena had passed, then you may infer from the Committee's conduct or words that the Committee waived any default that had occurred. A waiver of default need not be expressly stated, but may be inferred from conduct inconsistent with an intent to enforce that right.[2]  Whether a waiver of any default occurred is for you as the trier of the facts to determine.  If you find that a default might have occurred, but that the Committee waived any default, then you must find Mr. Bannon not guilty.**

Dated: July 21, 2022                         Respectfully submitted,

                                              SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC

                                              /s/ M. Evan Corcoran
                                        M. Evan Corcoran (D.C. Bar No. 440027)

                                        Riane A. White (*Pro Hac Vice*)
                                        400 East Pratt Street – Suite 900

---

[2] *Nortel Networks, Inc. v. Gold & Appel Transfer, S.A.*, 298 F. Supp. 2d 81, 87-88 (D. D.C. 2004) ("Intent to waive a known right need not be expressly stated but may be inferred from conduct inconsistent with an intent to enforce that right."); *See also, Bowen v. Horgan*, 295 N.Y. 267, 269, 181 N.E. 567 (1932).

Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com

_____/s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

*Counsel for Defendant Stephen K. Bannon*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 21st day of July 2022, a copy of the Defendant's

Additional Proposed Jury Instructions was served *via* the Court's CM/ECF system on registered

parties and counsel.

\_\_\_\_/s/ M. Evan Corcoran_____
M. Evan Corcoran (D.C. Bar No. 440027)
