UNITED STATES OF AMERICA,

       v.

STEPHEN K. BANNON,

     *Defendant.*

Criminal Action No. 1:21-cv-00670 (CJN)

## JURY INSTRUCTIONS

## Instruction 1:  Use of the Instructions

I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.

## Instruction 2:  The Role of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

## Instruction 3:  The Role of the Jury

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.  You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases.  Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware.  Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict.  All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level.  You should determine the facts solely from a fair consideration of the evidence.  You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case.  If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

## Instruction 4:  Recollection

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## Instruction 5:  Statements of Counsel

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

## Instruction 6:  Indictment is Not Evidence

The indictment is merely the formal way of accusing a person of a crime.  You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of the Defendant's guilt or draw any inference of guilt from it.

## **Instruction 7:  The Burden of Proof and Presumption of Innocence**

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require the Defendant to prove his innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the Defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the Defendant not guilty of that offense.

## Instruction 8:  Reasonable Doubt

The government has the burden of proving the Defendant guilty beyond a reasonable doubt as to each count or charge against him.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call the preponderance of the evidence.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

## **Instruction 9:  Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.  Assume a person looked out a window and saw that snow was falling.  If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both.  Circumstantial evidence does not require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## Instruction 10:  Nature of Charges Not to be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict.  We asked you that question because you must not allow the nature of a charge to affect your verdict.  You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## Instruction 11:  Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.

## Instruction 12:  Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses.  You alone determine whether to believe any witness and the extent to which a witness should be believed.  Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness.  For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.  You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit.  You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## Instruction 13:  Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify.  The Defendant has chosen to exercise this right.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision.  You must not assume the defendant is guilty because he chose not to testify.

## Instruction 14:  Motive

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case.  You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

## **Instruction 15:  Multiple Counts**

Each count of the indictment charges a separate offense.  You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

## Instruction 16:  Unanimity

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict, on each count, must be unanimous.

## **Instruction 17:  Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict.

## Instruction 18:  Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdicts.  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## Instruction 19:  Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you should select a foreperson.  That is up to you.  However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.  Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## Instruction 20:  Cautionary Instruction on Publicity, Communications, and Research

I would like to remind you that, in some cases, there may be reports in the newspaper or on the radio, internet, or television concerning this case.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.  Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.  During deliberations, you may not communicate with anyone not on the jury about this case.  This includes any electronic communication such as email or text or any blogging about the case.  In addition, you may not conduct any independent investigation during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

## **Instruction 21: Notetaking by Jurors**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## Instruction 22:  Communications between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## Instruction 23:  Proof of State of Mind

Someone's state of mind ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's state of mind from the surrounding circumstances.  You may consider any statement made or acts done or omitted by the Defendant, and all other facts and circumstances received in evidence which indicate his state of mind.

It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the Defendant acted with the necessary state of mind.

## **Instruction 24:  "On or About" – Proof Of**

The indictment charges that the offense of Count 1 was committed "on or about" October 14, 2021, and the offense of Count 2 was committed by or "on or about" October 18, 2021.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## Instruction 25:  Contempt of Congress – Elements of the Offense

Counts One and Two of the Indictment charge the Defendant with contempt of Congress for willfully not providing testimony and information to the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol.  Count One charges the Defendant with a willful failure to provide testimony on October 14, 2021.  Count Two charges the Defendant with a willful failure to produce records by October 18, 2021.

As I have already mentioned, the burden of proof in the case lies on the government alone.  It must prove each element beyond a reasonable doubt.  Thus, to find the Defendant guilty of contempt of Congress, you must find that, as of on or about the dates charged, the government has proved each of the following elements beyond a reasonable doubt:

> *First*, that the Defendant was subpoenaed by the Select Committee to provide testimony or produce papers;

> *Second*, that the subpoena sought testimony or information pertinent to the investigation that the Select Committee was authorized to conduct;

> *Third*, that the Defendant failed to comply or refused to comply with the subpoena; and

> *Fourth*, that the Defendant's failure or refusal to comply was willful.

Some clarifications about these elements are necessary.

For the second element, the testimony or information sought by the subpoena must be "pertinent."  In order for you to find that the information was pertinent, the government must prove to you, beyond a reasonable doubt, that at the time the Select Committee issued the subpoena, the testimony or information sought could have related to the Select Committee's investigation in some way.  Phrased differently, the government must prove to you, beyond a reasonable doubt, that there was, at the time the subpoena was issued, some connective reasoning between the topic under inquiry and the information sought.  It does not matter whether the information the Defendant allegedly had

would have been pertinent to the authorized investigation. All that matters is that it could have been pertinent at the time that the Select Committee sought the information.

For the fourth element, the government must prove to you, beyond a reasonable doubt, that the Defendant acted "willfully." The word "willful," in this context, does not mean that the Defendant's failure or refusal to comply with the Select Committee's subpoena was for an evil or bad purpose. The reason or purpose of the failure or refusal to comply is immaterial, so long as the failure or refusal was deliberate and intentional. To be deliberate or intentional means that the failure to comply was not the result of inadvertence, accident, or mistake, including a mistake regarding the operative date.

It is not a defense to contempt of Congress that the Defendant did not comply with the subpoena because of the legal advice he received from his attorney or someone else, because of his understanding or belief of what the law required or allowed, or because of his understanding or belief that he had a legal privilege, such as executive privilege, that excused him from complying.

Finally, if you find beyond a reasonable doubt that the Defendant deliberately and intentionally failed or refused to comply with the subpoena at the time alleged by the Government, it is not a defense to contempt of Congress that the Defendant later offered to comply or that the Committee later agreed to accept documents or testimony from him.

## <u>Instruction 26:  Consider Only Crime Charged</u>

You are here to determine whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged.  The defendant is not on trial for any act, conduct, or crime that is not charged in the indictment.

## **Instruction 27:  Statements in Closing**

Ladies and gentlemen, during closings I sustained objections to certain statements by counsel.  You should not consider those statements.  You also heard about a purported rules violation by the Committee in not providing the Defendant with a copy of certain rules and about certain inconsistencies in signatures.  You may not consider these issues as a defense in this case. Instead, you should comply with my prior instructions regarding the elements that must be proved beyond a reasonable doubt.