IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> : Criminal No. 21-670 (CJN) <br> : |
| v. | : <br> : |
| STEPHEN K. BANNON, | : <br> : |
| *Defendant*. | : <br> : |

### DEFENDANT'S REPLY TO OPPOSITION TO MOTION FOR A NEW TRIAL

On August 5, 2022, Defendant, Stephen K. Bannon, by and through the undersigned counsel, filed a Motion for a New Trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure [Doc. 142]. On August 19, 2022, the prosecution filed its Opposition [Doc. 145]. Mr. Bannon now files his Reply. All previous written and oral submissions in this case are incorporated by reference herein and familiarity with all of the same is assumed. The failure to address any of the prosecution's arguments should not in any way be deemed a concession of merit as to any such argument.

At page 6 of its Opposition, the prosecution once again directs the Court's attention to contempt of court cases and continues to argue that in the contempt of court cases there is no requirement that a criminal defendant know that his conduct was unlawful and therefore there is no such requirement under the criminal contempt of Congress statute charged here. The argument fails for a number of reasons. [See Doc. 30 at 22-24]. Perhaps the most fundamental distinction between the two is that disputes between the legislative and executive branch over compliance with a congressional subpoena historically have been resolved through negotiation and accommodation between the parties. *See e.g., Trump v. Mazars USA, LLP*, 140 S. Ct. 219,

1

229 (2020). That certainly is not the case with contempt of court.

Additionally, the two circumstances are distinguished by the now unassailable principle that when it comes to a dispute between the legislative and executive branch over a congressional subpoena that the parties cannot resolve – its scope, the applicability of executive privilege, etc. – a third branch, the judicial branch is brought in to resolve the dispute. *See e.g.*, *Comm. on the Judiciary of the United States House of Representatives v. McGahn*, 968 F.3d 755 (D.C. Cir. 2020). Congress is not the "referee," as the prosecution argued to the jury, as to its own subpoena. The prosecution continues to ignore the separation of powers issues, especially highlighted when executive privilege has been invoked, whether by a current or former President and, of course, it ignores the OLC opinions that address this specific issue and that reflect authority that is binding on the prosecution.

At pages 7-9 of its Opposition, the prosecution dismisses out of hand the clear recent pronouncements from the United States Supreme Court (and this Circuit) on *mens rea* generally and on "willfully" specifically, cited in Mr. Bannon's Motion for a New Trial [Doc. 142 at 6-11].

One of the fundamental flaws in the prosecution's position on this issue is its failure to appreciate the centrality of the constitution-based principle that a criminal statute must always be construed to avoid the danger of drawing within its ambit innocent conduct or, as the court in *Bryan v. United States*, 524 U.S. 184, 195, n.22 (1998) put it, the danger of convicting a defendant with an innocent state of mind. It is this principle that the definition of "willfully" adopted by the Court in this case, at the prosecution's urging, violates. The undisputed evidence in the record is that Mr. Bannon understood his conduct in relation to the subpoena not only to be lawful; he firmly understood it to be the only lawful response to the subpoena, once executive privilege had been invoked. He, of course, went a step further and advised that he would comply

if the Committee took him before a court and a court so ordered.  [Doc. 30-1].

The prosecution cites three cases that it asserts support its position that to act "willfully" in a criminal case a defendant need not have known that his conduct was unlawful.  Consistent with its practice throughout these proceedings, the prosecution's representations regarding the import of these cases are not accurate.  The cases are either inapposite or support Mr. Bannon's position.  They all of course long pre-date the recent United States Supreme Court jurisprudence.

In two of the cases the prosecution cites, *United States v. George*, 386 F.3d 383, 388-389 (2d Cir. 2004) and *United States v. Hsia*, 176 F.3d 517, 521-522 (D.C. Cir. 1999), the courts emphasize that the statute at issue required the defendant to know the information he provided was false, which itself is inherently wrong to do.  *See e.g., Hsia*, 176 F.3d at 522.  The instant situation presents a very different scenario.  The Committee's subpoena provided for Mr. Bannon to provide documents and testimony; but he was advised that executive privilege was invoked and prohibited him from complying.  There certainly is nothing inherently wrong with his response and it presents the exact danger that every authoritative "willfulness" case Mr. Bannon has cited unequivocally recognizes the law prohibits – the criminal conviction of a defendant with an innocent state of mind.  *See e.g., George*, 386 F.3d at 392, *citing, Bryan*, 524 U.S. at 193 (requiring that the defendant know his conduct was unlawful).  It also presents the much more complicated situation akin to *Ratzlaf*, *Cheek*, and *Bryan*, in which the Court highlighted the constitutional imperative to avoid the risk of convicting an innocent actor or imposing criminal liability on an innocent state of mind (and especially with a purportedly mandatory incarceration element).

The third case cited by the prosecution provides even less support for its position.  The

court in *United States v. Sprong*, 287 F.3d 663, 666 (7th Cir. 2002).[1] This case simply recognizes the well-established principle that there are some acts that are *mala in se* and the conduct charged under the operative statute in the case, the unauthorized destruction of another person's property was, indeed, *malum in se*. Therefore, under such a statute, the requisite *mens rea*, by definition includes knowledge that the conduct is unlawful when engaged in intentionally. *Sprong*, 287 F.3d at 666.

The prosecution's discussion at pages 10-11 of the Opposition discounts the importance of and the constitutional right to a defense theory instruction. The instruction that was given on mistake of fact is certainly no meaningful or legally adequate substitute for the requested instruction. It is just a generalized statement not at all drawn to the actual context of this case and the specific narrow defense. Mr. Bannon requested a factually and legally correct defense theory instruction on this defense that the Court declined to give. It was especially prejudicial here since this was the only defense the Court permitted Mr. Bannon to pursue at trial. The prosecution's claim that no instruction at all was required on this defense theory because no direct evidence was adduced in a defense case at trial to reflect such a defense, [Doc. 145 at 11], completely misapprehends the competence of evidence adduced through cross-examination and, in this case, through the letters that gave rise to an inference supporting the defense and the requested defense theory instruction.

The prosecution appears at pages 12-14 of its Opposition, to misunderstand the argument or the legal principles attending the objection to the Court's instruction on "default." [See Doc. 142 at 13]. Mr. Bannon throughout these proceedings has maintained that the term "willfully

---

[1] The prosecution cites this case as *United States v. Urfer* in its Opposition at 7, using the name of another defendant in the case. Westlaw uses that case name. Lexis uses *United States v. Sprong* for the case cited as 287 F.3d 663 (7th Cir. 2002).

4

makes default" is ambiguous in this context, especially with the complicating factor of the executive privilege invocation.

He has argued consistently that he could not have "defaulted," as that term properly is defined, if he responded to the subpoena as the law required and that he could not have defaulted if the dates for compliance were malleable and even were still open as of the July 14, 2022 Thompson letter, as he believed.  The Court's instruction, in effect, impermissibly decided that factual issue for the jury, removing the prosecution's burden of proving every element beyond a reasonable doubt and rejected Mr. Bannon's theory of defense on the matter.  The instruction Mr. Bannon proposed should have been given.  It reflected his theory of defense and was an accurate statement of the law.  [Doc. 142 at 13-14].

Finally, on the error Mr. Bannon has argued arises from the Court's jury instruction given at the end of closing arguments [See Doc. 142 at 14-15], the prosecution's discussion at pages 17-18 of its Opposition ignores the violation of Rule 30(b) & (d) of the Federal Rules of Criminal Procedure.  The prosecution's submission on this point also misstates the record, urging the Court to reject the argument because any argument related to the Rule 3(b) violation purportedly was waived.  [Doc. 145 at 17-18].  As reflected in Mr. Bannon's Motion for a New Trial, to the contrary, the Court expressly indicated the factual dispute surrounding Rule 3(b)'s requirements and non-compliance remained open as a possible avenue the defense could explore at trial and the defense did just that.  [See Doc. 142 at 15 and record citations therein].  It was error to give the impactful instruction the Court gave without providing for notice or comment by the Defendant prior to giving it.

## CONCLUSION

Mr. Bannon respectfully relies on his Motion for a New Trial and all previous oral and written submissions in this case in further reply to the prosecution's Opposition and respectfully submits that the jury's verdict should be set aside, in light of the many constitutional errors attending these proceedings, with a new trial ordered.

Dated: August 26, 2022                                    Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
Riane A. White (*Pro Hac Vice*)
400 East Pratt Street – Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com


   /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26[h] day of August, 2022, a copy of the Reply to Opposition to Motion for New Trial was served *via* the Court's CM/ECF system on registered parties and counsel.

   /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)