UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>STEPHEN K. BANNON,<br><br>    *Defendant*. | Criminal Action No. 1:21-cr-00670 (CJN) |

## ORDER

Pending before the Court are Defendant's Motion for New Trial, ECF No. 142, and Supplement to his Motion to Dismiss, ECF Nos. 116, 141. The Court will deny both Motions.

\* \* \*

The Court begins with Defendant's Motion for a New Trial. Most of that motion argues that the Court's jury instructions and prior decisions regarding the meaning of "willfully" in 2 U.S.C. § 192, along with the Court's other holdings that flowed from that interpretation, necessitate a new trial. *See* Mot. for New Trial, ECF No. 142, at \*2–\*13. But as the Court has held on several prior occasions, *see, e.g.*, Order, ECF No. 49; *see also* Transcript of Oral Arg. of March 16, 2022 at 86:14–89:25, Transcript of Oral Arg. of June 15, 2022, at 126:21–127:21, Defendant's arguments are foreclosed by binding precedent from the Court of Appeals, which this Court cannot, of course, ignore. Defendant's arguments on this score do not warrant a new trial.

Defendant also argues that the Court erred by not including his defense theory in the jury instructions. *See id.* at \*12. But Defendant cites no authority demonstrating why that was an error. *See id.* Defendant also appears to take issue with the Court's having defined the meaning of the criminal statute for the jury. *See id.* at \*13. But that is precisely the Court's role.

1

Finally, Defendant argues that the Court's addition of the "on or about" language in Jury Instruction 24 was error. *See id.* at *13–*15. The Court disagrees. That language is charged in the Indictment, *see* ECF No. 1, at *1, and was properly presented in the jury instructions. The same goes for Jury Instruction 27. That curative instruction was appropriate to make clear that the jury could not consider improper arguments made by Defendant in closing. *Cf.* Fed. R. Evid. 103(d). It was not an error to include that instruction.

In any event, a new trial "is warranted only in those limited circumstances where a serious miscarriage of justice may have occurred." *United States v. Wheeler*, 753 F.3d 200, 208 (D.C. Cir. 2014) (quotations omitted). Defendant's arguments relating to the jury instructions, while certainly well preserved, do not demonstrate a serious miscarriage of justice.

\*   \*   \*

As for Defendant's renewed Motion to Dismiss the Case, the Court previously asked for supplemental briefing on that motion. *See* Order, ECF No. 137. In his supplemental brief, Defendant argues (as he did before and during trial) that his inability to compel certain members of the House of Representatives to testify violated his Fifth and Sixth Amendment rights. *See* Supp. to Mot. to Dismiss, ECF No. 141. The Court disagrees.

To succeed on this argument, Defendant "must show more than a mere absence of testimony. Rather, he must make some showing that the evidence lost would be both material and favorable to the defense." *United States v. Verrusio*, 762 F.3d 1, 23 (D.C. Cir. 2014) (quotations and citations omitted). And "[a] witness' testimony is material only if its absence actually prejudiced the defendant's ability to mount a defense." *Id.* (quotations omitted) (alteration accepted).

Defendant has not shown that the testimony from any member of the House of Representatives that he sought would be material. Most of what Defendant proffers are questions he would ask, not the accompanying testimony. Moreover, as Defendant acknowledges, many of those questions would seek testimony concerning issues that the Court has previously held were irrelevant. *See* Supp. to Mot. to Dismiss at 8–9, 11–12; *see also* Transcript of July 11, 2022, at 111:12–145:15. To be sure, Defendant has preserved his objections to the Court's prior decisions regarding both Defendant's reliance on advice of counsel (and the definition of "willfully") and claimed rules violations by the United States House Select Committee to Investigate the January 6th Attack on the United States Capitol. But in light of those prior decisions, that Defendant was unable to produce testimony on these topics does not provide a basis for dismissal of the indictment. The same goes for Defendant's argument that he should have been allowed to ask Committee members why the Committee did not proceed with a civil proceeding or why they did not accommodate his request for a one-week extension of time, which do not go to any elements of the offense.

Defendant also contends that he would have sought to elicit testimony from Committee witnesses showing that he did not "ignore" the subpoena. *Id.* at 9. But beyond failing to demonstrate what that testimony would have been, he also does not adequately explain how such testimony would have been material on this question when, *inter alia*, the letters he exchanged with the Committee were admitted at trial;[1] a Committee employee did testify regarding those letters; and Defendant declined to present any evidence. *See id.*

---

[1] Indeed, Defendants appears to argue that he would have established that he would have made this showing in part through the letters that were admitted. *See* Supp.to Mot. to Dismiss at 9 ("Next, Mr. Bannon advised that a primary area of examination for the subpoenaed witnesses would have related directly to the theory of prosecution argued to the jury—that Mr. Bannon and

Defendant also argues that he would have sought to elicit testimony from Committee members about why they believed that Defendant's testimony would be pertinent or important to the Committee's inquiry. *See id.* at 9–11. But none of the actual questions Defendant proffers really goes to pertinency, nor any other element of the offense. Indeed, after stating that "[o]ther specific material areas of inquiry, directly relevant to the charges . . . would have focused on why the Committee believed [Defendant's] testimony to be pertinent or important," the supplemental brief identifies as possible questions, among others, "What did Chairman Thompson mean when he wrote, after his so-called deadline had passed, urging Mr. Bannon to 'change course and comply with the September 23rd subpoena?" and "What did that mean vis a vis . . . the mistake of fact defense concerning the malleability of the date for compliance?" *Id.* at 10. The Court fails to see how those questions would have elicited any evidence going to pertinency.

Defendant also argues that he would have "examine[d] the Committee members about their public statements that indicated that they did not actually want to get his testimony[.]" *Id.* at 11. But as the government contends, and as Defendant fails seriously to counter in his reply, a specific member's motive does not go to whether the Committee acted with a legislative purpose. *See Barenblatt v. United States*, 360 U.S. 109, 133 (1959). Further, and as the Court previously held at trial, a witness cannot be called for the sole purpose of impeachment. *See United States v. Johnson*, 802 F.2d 1459, 1466 (D.C. Cir. 1986).

---

Mr. Costello 'ignored' the subpoena. They absolutely did nothing of the kind, addressing the subpoena *in letter after letter . . . .*" (emphasis added)).

4

In the end, Defendant offers little to demonstrate that the actual testimony he would elicit would have been material to the issues at trial. That falls short of his burden. *See United States v. Kaixiang Zhu*, 854 F.3d 247, 255–56 (4th Cir. 2017).[2]

Defendant also argues that his rights "to confrontation, to effective counsel, and to a fair trial" were also denied. Supp. to Mot. to Dismiss at 4. But these arguments are underdeveloped. Defendant never explains the governing legal test for these theories, nor explains how the facts of his case apply given that governing framework.

Finally, Defendant briefly argues that he was denied essential documents from the Committee witness (Kristin Amerling) who did testify. *See* Supp. to Mot. to Dismiss at 4. But this theory is again underdeveloped. Defendant appears to fault the prosecution for not turning over more of Amerling's emails and other records. *See id.* But the government is not responsible for turning over records not in its possession.

Accordingly, it is

**ORDERED** that Defendant's Renewed Motion to Dismiss, ECF No. 116, is **DENIED**. It is further

**ORDERED** that the Defendant's Motion for a New Trial, ECF No. 142, is **DENIED**.

**IT IS SO ORDERED**.

DATE: September 2, 2022

CARL J. NICHOLS
United States District Judge

---

[2] Defendant argues that the Committee's invocation of the Speech or Debate Clause means that the case must be dismissed, as it violates his Fifth and Sixth Amendment rights. *See id.* at 13–15. But as the government points out, it is not settled law that a court can or should balance those rights. In any event, Defendant has failed to point to any material evidence he would have elicited if he had been permitted to call these witnesses.