

# DAVIDOFF HUTCHER & CITRON LLP

ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

WHITE PLAINS
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NY 10605
(914) 381-7400

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

October 13, 2021

Hon. Bennie G. Thompson
Chairman
House Select Committee to Investigate the January 6th Attack
c/o Kirstin Amerling, Esq.
1540 A Longworth HOB
Washington, DC 20515

Re:   The Subpoena for Stephen K. Bannon dated September 23, 2021

Dear Congressman Thompson:

I write on behalf of Stephen K. Bannon to respond to some of the inaccurate statements made in your letter to me dated October 8, 2021, which purports to address the positions taken by Mr. Bannon with respect to the above-referenced subpoena.

As an initial matter, your use of the word "defiance" is inappropriate. Mr. Bannon's position is not in defiance of your Committee's subpoena; rather, Mr. Bannon noted that President Trump's counsel stated that they were invoking executive and other privileges and therefore directed us not to produce documents or give testimony that might reveal information President Trump's counsel seeks to legally protect. Mr. Bannon has testified on three prior occasions, before the Mueller Investigation, the House Intelligence Committee and the Senate Intelligence Committee. In each of those instances, when President Trump waived his invocation of the executive privileges, Mr. Bannon testified.

As recently as today, counsel for President Trump, Justin Clark Esq., informed us that President Trump is exercising his executive privilege; therefore, he has directed Mr. Bannon not to produce documents or testify until the issue of executive privilege is resolved. Your Committee will have the right to challenge that exercise or its scope. That is an issue between the Committee and President Trump's counsel and Mr. Bannon is not required to respond at this time. See *Comm. on the Judiciary v. McGahn*, 415 F. Supp. 3d 148, FN 34 (D.D.C. 2019) ("The President can certainly identify sensitive information that he deems subject to executive privilege, and his doing

Jan. 6 Sel. Comm. 0016

US-000423

DAVIDOFF HUTCHER & CITRON LLP

Hon. Bennie G. Thompson
October 13, 2021
Page 2

so gives rise to a legal duty on the part of the aide to invoke the privilege on the President's behalf when, in the course of his testimony, he is asked a question that would require disclosure of that information.")

Until such time as you reach an agreement with President Trump or receive a court ruling as to the extent, scope and application of the executive privilege, in order to preserve the claim of executive and other privileges, Mr. Bannon will not be producing documents or testifying. As noted previously, Mr. Bannon will revisit his position if President Trump's position changes or if a court rules on this matter.

Mr. Bannon's communications with President Trump on the matters at issue in the Subpoena are well within the scope of both the presidential communications and deliberative process executive privileges. See *In re Sealed Case (Espy)*, 121 F.3d 729 (D.C. Cir. 1997) (holding that the presidential communications privilege covers communications made or received by presidential advisors in the course of preparing advice for the President even if those communications are not made directly to the President); *Coastal States Gas Corp. v. U.S. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980) (finding that deliberative process privilege applies to "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.")

Very truly yours,

/s/ Robert J. Costello

RJC/nc

Jan. 6 Sel. Comm. 0017

US-000424