

BENNIE G. THOMPSON, MISSISSIPPI
CHAIRMAN

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
LIZ CHENEY, WYOMING
ADAM KINZINGER, ILLINOIS

U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225-7800

One Hundred Seventeenth Congress
Select Committee to Investigate the January 6th Attack on the United States Capitol

October 15, 2021

Mr. Robert J. Costello
Davidoff Hutcher & Citron LLP
605 Third Avenue, 34th Floor
New York, NY 10158

Dear Mr. Costello,

    The Select Committee to Investigate the January 6th Attack ("Select Committee") is in receipt of your October 13, 2021 letter (the "October 13 letter"), in which you reassert that your client, Stephen Bannon, will not comply with the September 23, 2021 Subpoena to him for documents and deposition testimony (the "Subpoena"). As you know, the Subpoena demanded that Mr. Bannon produce documents by October 7, 2021 and appear on October 14, 2021 before the Select Committee to provide deposition testimony on a wide range of issues relating to the January 6, 2021 attack on the United States Capitol, as well as plans to interfere with the count of the 2020 Electoral College results. Mr. Bannon has now willfully failed to both produce a single document and to appear for his scheduled deposition. The Select Committee believes that this willful refusal to comply with the Subpoena constitutes a violation of federal law.

    As justification for Mr. Bannon's complete failure to comply with any portion of the Subpoena, you continue to rely on ex-President Trump's stated intention to invoke executive privilege with respect to Mr. Bannon, and Mr. Trump's purported request that Mr. Bannon not produce documents to or testify before the Select Committee. As was explained in the Select Committee's October 8, 2021 letter (attached), the former President has not communicated any such assertion of privilege, whether formally or informally, to the Select Committee. Moreover, we believe that any such assertion of privilege—should it be made by the former President—will not prevent the Select Committee from lawfully obtaining the information it seeks.

    Further, your letter makes no attempt to justify Mr. Bannon's failure to comply with the Subpoena's demand for documents and testimony on a range of subjects that do not involve communications with the former President. As is clear from the Subpoena and accompanying letter, and as underscored in the Select Committee's October 8, 2021 response letter, the Select Committee seeks documents and testimony on numerous other matters, including Mr. Bannon's

Mr. Robert J. Costello
Page 2

communications with Members of Congress, presidential campaign representatives, and other private parties concerning the events of January 6, 2021, that could not conceivably be barred by a privilege claim.

Moreover, even if the Select Committee were inclined to accept the unsupported premise that executive privilege reaches communications that the Select Committee seeks to examine between President Trump and Mr. Bannon,[1] Mr. Bannon does not enjoy any form of absolute immunity from testifying or producing documents in response to a Congressional subpoena. Your citation to *Committee on Judiciary v. McGahn*, 415 F. Supp. 3d 148 (D.D.C. 2019) actually supports the Select Committee, not your client. In *McGahn*, the district court unequivocally held that even senior White House aides are not entitled to absolute immunity from testifying in response to a Congressional subpoena. *Id.* at 214 ("To make the point as plain as possible, it is clear to this Court ... that, with respect to senior-level presidential aides, absolute immunity from compelled congressional process simply does not exist.").[2] Indeed, the footnote in *McGahn* that you selectively quote makes clear that a President lacks legal authority to order an aide not to appear before Congress based on a claim of executive privilege. *See Id.* at 213, n. 34 ("But the invocation of the privilege by a testifying aide is an order of magnitude different than DOJ's current claim that the President essentially owns the *entirety* of a senior-level aide's testimony such that the White House can order the individual not to appear before Congress *at all*." (Emphasis in original)).

Accordingly, the Select Committee views Mr. Bannon's failure to produce documents by the October 7, 2021 deadline as willful non-compliance with the Subpoena. Mr. Bannon has persisted in his refusal to produce any documents to the Select Committee, and he has failed to provide a privilege log identifying specific, asserted privileges. Mr. Bannon has now further compounded his non-compliance by refusing to appear on October 14, 2021 at the Select Committee deposition to which he was summoned to provide testimony. The Select Committee will therefore be meeting on Tuesday, October 19, 2021 to consider invoking the contempt of Congress procedures set forth in 2 U.S.C. §§ 192, 194.

If Mr. Bannon believes that there are any additional issues relating to his non-compliance with the Subpoena that have not been addressed, please submit them in writing to the Select

---

[1] Notably, neither of the cases you cite supports the claim that communications between the former President and a private citizen may be shielded by either the presidential communications or deliberative process privilege. Indeed, the case you rely upon to support your presidential communications claim specifically held that the privilege extends only to a President's closest advisors in the White House. *In re Sealed Case (Espy)*, 121 F.3d 729, 752 (D.C. Cir. 1997). *See also Committee on the Judiciary v. Miers*, 558 F. Supp. 2d 53, 100 (D.D.C. 2008) (privilege claimants acknowledged that executive privilege applies only to "a very small cadre of senior advisors").

[2] The *McGahn* court followed *Committee on the Judiciary v. Miers*, 558 F. Supp.2d 53, 108 (D.D.C. 2008), which reached the same conclusion 13 years ago. *McGahn*, 415 F. Supp. 3d at 202-03 ("this Court finds that the *Miers* court rightly determined not only that the principle of absolute testimonial immunity for senior-level presidential aides has no foundation in law, but also that such a proposition conflicts with key tenets of our constitutional order").

Mr. Robert J. Costello
Page 3

Committee by 6:00 p.m. E.S.T. on Monday, October 18, 2021 for the Select Committee's consideration in its deliberations.

Sincerely,

Bennie G. Thompson
Chairman