BENNIE G. THOMPSON, MISSISSIPPI
CHAIRMAN

ZOE LOFGREN, CALIFORNIA
ADAM B. SCHIFF, CALIFORNIA
PETE AGUILAR, CALIFORNIA
STEPHANIE N. MURPHY, FLORIDA
JAMIE RASKIN, MARYLAND
ELAINE G. LURIA, VIRGINIA
*LIZ CHENEY, WYOMING*
*ADAM KINZINGER, ILLINOIS*



U.S. House of Representatives
Washington, DC 20515

january6th.house.gov
(202) 225–7800

One Hundred Seventeenth Congress

Select Committee to Investigate the January 6th Attack on the United States Capitol

July 14, 2022

Robert J. Costello Esq.
Davidoff Hutcher & Citron LLP
605 Third Avenue
New York, NY 10158

Dear Mr. Costello,

I am in receipt of your letter dated July 9, 2022, in which you indicate that your client, Stephen K. Bannon, is now willing to comply with the Select Committee's subpoena. We note at the outset that, despite your letter on Saturday, Mr. Bannon still has not yet produced a single document. We regard your offer with some skepticism and are concerned that Mr. Bannon's offer now is motivated by other factors.

The subpoena issued to Mr. Bannon on September 23, 2021, obligated him to produce the documents identified in the attached schedule. It further required him to appear at a deposition and provide sworn testimony before Members of the Select Committee. The subpoena required that Mr. Bannon follow a specific process. The July 9, 2022, outreach to the Select Committee by you on Mr. Bannon's behalf does not change the fact that Mr. Bannon failed to follow that process and failed to comply with the Select Committee's subpoena prior to the House referral of the contempt resolution concerning Mr. Bannon's defiance of the subpoena.

With respect to the Select Committee's demand for documents, Mr. Bannon should begin producing responsive documents today to the Select Committee and provide a complete response by July 21, 2022. Given that more than nine months have passed since Mr. Bannon became aware of his legal obligation to produce these documents, we expect that producing all of them by July 21 will not be burdensome. If, however, he cannot produce all of the documents by that date, we request that he prioritize the documents called for by paragraphs 7-11, 14-15, and 17 of the schedule and produce them first. After he has produced all of the requested documents, we will identify a date soon following that production on which he must then appear, in person, in the O'Neill House Office Building for a deposition. We anticipate that the deposition will occur in the near future.

President Trump's letter was not apparently drafted by counsel familiar with the relevant issues and is apparently intended to serve some political goal. Nevertheless, given the

representations in the former President's July 9 letter to you, we expect that your client will not assert executive privilege in response to any questions during the deposition. As with previous witnesses, we will videotape the deposition. The deposition will be led by Select Committee staff, though Members of the Select Committee may appear and participate. We will not accommodate your request that your client testify at a public hearing at this juncture.

Please respond to this letter promptly indicating your client's willingness to produce documents and appear as directed.

Sincerely,

Bennie G. Thompson
Chairman