**From:** Heaphy, Tim
**To:** Buckley, David; Amerling, Kristin; Maher, Joe; Letter, Douglas
**Subject:** Call with Bannon Counsel
**Date:** Friday, July 15, 2022 3:05:00 PM

Joe Maher and I spoke with Bannon counsel Evan Corcoran this afternoon.

Corcoran began the call by saying that he called me because he knows I'm not a witness in the criminal case as opposed to reaching out to Kristin, who is. He said that his outreach to me would not result in me becoming a trial witness or anything we discuss being relevant at Bannon's trial. I told Corcoran that I would only listen to what he said but could give no response or representation. He indicated his understanding and proceeded to the purpose of his call.

Corcoran went on to propose a process which would result in the continuance and ultimate dismissal of the pending criminal charges. He proposed an agreement between Bannon, DOJ and the committee that would bind Bannon to produce documents to the committee, then sit for a deposition in which he would assert no privilege. The agreement would delay his criminal trial to allow this process to move forward. If Bannon followed through with this "full compliance" with the subpoena, the agreement would be that the criminal case would be dismissed. He asked if the committee would be receptive to an agreement to delay the criminal trial in this fashion.

I told Evan that while I would report to the committee about this proposal, though it does not change our expectations as set forth in the Chairman's letter of July 14. I suggested that he reach out to the AUSAs handling the criminal case to raise this proposal, as they are the adverse party in the criminal case rather than the committee. I told him not to expect some response from the committee before his trial date (Monday).

My takeaway is that Bannon knows that this proposal for a continuance and ultimate dismissal of his trial is likely a non-starter, which prompted him to call us to explore support as leverage. I expect that DOJ will not be receptive to this proposal, as he is guilty of the charged crime and cannot cure his culpability with subsequent compliance with the subpoena. I won't be surprised if DOJ is willing to give Bannon a cooperation agreement as part of a guilty plea. In other words, DOJ may allow Bannon to plead to one count and consider any cooperation in formulating their sentencing recommendation.

I don't believe there's much to do in the wake of this, other than convey the results of this conversation to the AUSAs handling the criminal case for their awareness going forward. Let me know if you have questions or want to talk further.

Tim

Timothy J. Heaphy
Chief Investigative Counsel
Select Committee to Investigate the January 6th Attack
on the United States Capitol
U.S. House of Representatives

US-002342

(cell)

US-002343