# EXHIBIT B

## Why Steve Bannon Could Serve Probation Instead Of Jail Time

By **Steven Gordon** (October 20, 2022)

Does Steve Bannon face mandatory jail time for flouting a subpoena issued by the U.S. House committee investigating the Jan. 6, 2021, riot at the U.S. Capitol?



Although the contempt charge of which he was convicted is a misdemeanor, it is punishable, under the statute, by a fine and imprisonment "for not less than one month nor more than twelve months."[1] Must the former Trump adviser therefore serve at least one month in jail?

Steven Gordon

In its sentencing memorandum to U.S. District Judge Carl Nichols, the government argues that, under the plain terms of the contempt statute, the U.S. District Court for the District of Columbia must sentence Bannon to at least one month in prison. Its position is supported by U.S. v. Bloch, a 2011 decision in which another D.C. judge, U.S. Magistrate Judge Deborah Robinson, held that probation is not an option.

The district court reasoned that

> Congress expressly provided for a mandatory minimum sentence of one month, evidencing its intention to do so; that the language by which it did so is unambiguous; and that no authority permits the court to disregard the provision, or to interpret it other than in accordance with its plain meaning.[2]

The defense does not challenge the 2011 decision but argues that, nonetheless, a sentence of probation should be available under general principles of criminal law.

However, the 2011 decision is flawed because it focused only on the contempt statute itself, and failed to consider the separate statute that governs the imposition of probation in federal criminal cases.

An analysis of this latter statute, and of the Sentencing Guidelines system, shows that probation is an option in Bannon's case.

**Statutory Minimum Sentences**

Misdemeanor convictions seldom result in jail sentences, especially for first offenders like Bannon. Only 25.5% of federal defendants convicted of a misdemeanor in 2019 received a sentence of imprisonment.[3] Nonetheless, Congress can mandate a term of imprisonment for particular offenses, including misdemeanors, if it chooses to do so.

Statutory minimum terms of imprisonment are unusual. A 2019 Heritage Foundation study found 1,510 statutes in the U.S. Code that create at least one crime, and estimated that these provisions create a total of 5,199 distinct offenses.[4]

Out of these, the U.S. Sentencing Commission has compiled a list of 194 federal statutes that specify minimum terms of imprisonment.[5] Only a handful of these provisions involve misdemeanors.

But sentencing for criminal offenses is not controlled solely by these statutes that create offenses and specify their penalties. Congress also has enacted other, more general statutes that govern sentencing in criminal cases.

For example, one statute establishes monetary fines that are generally applicable for different levels of offenses, and provides that the applicable maximum for any offense shall be either the amount it specifies or the amount specified in the law setting forth the offense — whichever is greater.[6]

It is undisputed that this provision makes the maximum fine in Bannon's case $100,000 for each count rather than the $1,000 specified in the contempt statute.

Congress also enacted another statute to make probation an available sentencing option in many criminal cases. Indeed, this provision has a history going back 100 years.

**Probation**

The Federal Probation Act, passed in 1925, authorized federal courts to suspend the imposition or execution of sentence for "any offense not punishable by death or life imprisonment," and, instead, to impose a period of probation.[7]

In 1987, the U.S. Supreme Court held in Rodriguez v. U.S. that this act applied even to statutes requiring minimum sentences, and enabled courts to suspend those sentences.[8]

Thus, for the approximately 60 years that this provision remained in effect, federal courts had discretion to impose probation in any case that was not punishable by death or life imprisonment. A court could have suspended any sentence of imprisonment on Bannon and placed him on probation instead.

In 1984, this regime of probation was modified by the Comprehensive Crime Control Act, which instituted the federal Sentencing Guidelines. The CCCA repealed the 1925 act and replaced it with a new provision that is similar but more restrictive.

It precludes probation for any offense with a penalty of 25 years or more, as well as those carrying a penalty of death or life imprisonment. It also bars probation for any offense "for which probation has been expressly precluded."[9]

Further, the current provision treats probation as a type of sentence by itself, rather than an alternative to a sentence of imprisonment that is suspended.[10] Thus, it eliminates the authority of federal courts to suspend a sentence of imprisonment. The U.S. Court of Appeals for the District of Columbia Circuit held in 1991 in U.S. v. Mastropierro that under the Sentencing Guidelines regime, "suspended sentences are no longer permitted."[11]

In making these changes, however, Congress did not intend to eliminate probation in all cases involving statutory minimum sentences. The legislative history shows that the drafters were "generally opposed to statutory minimum sentences"[12] because "their inflexibility occasionally results in too harsh an application of the law and often results in detrimental circumvention of the laws."[13]

Instead, Congress

> believe[d] that for most offenses the Sentencing Guidelines [would] be better able to specify the circumstances under which an offender should be sentenced to a term of

>imprisonment and those under which he should be sentenced to a term of probation.[14]

Thus, as the U.S. Court of Appeals for the Ninth Circuit articulated in 1990 in U.S. v. Belgard, "Congress gave the [Sentencing] Commission wide latitude in setting Guidelines for granting or denying probation in all but certain felony cases."[15]

The only directive that Congress gave the Sentencing Commission with respect to making probation available was that the Commission

>shall insure that the guidelines reflect the appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense.[16]

Congress believed that probation or some other alternative to imprisonment was appropriate for these first offenders.

The Sentencing Commission significantly restricted the availability of probation within the statutory limitations imposed by Congress. It made probation an option only for defendants whose offenses and criminal history place them in the least serious offense levels.[17]

After the Supreme Court ruled in 2005 in U.S. v. Booker that the Sentencing Guidelines were no longer mandatory,[18] the argument was made that federal courts can impose probation in any case where the probation statute would permit it, even if the guidelines do not.

But in U.S. v. Mueller, the Ninth Circuit in 2006 rejected this argument "[b]ecause such an accidental byproduct of [the court's decision in] Booker would contradict clearly manifested congressional intent."[19]

**Bannon's Case**

The issue in Bannon's case is whether, by specifying a statutory minimum sentence of imprisonment for contempt, Congress has expressly precluded probation. What exactly does this limitation mean?

The Supreme Court has pointed to the CCCA itself for examples of situations in which Congress has expressly precluded probation.[20] That legislation created several offenses with minimum sentences of imprisonment.

In addition, each of these provisions explicitly provides that a court shall not place the defendant on probation or that probation shall not be granted.

Accordingly, the fact that a federal criminal statute specifies a minimum term of imprisonment is not sufficient by itself to preclude a sentence of probation. Unless the statute also explicitly bars a sentence of probation, the Sentencing Guidelines determine whether probation is an available sentence.

Because the contempt statute does not expressly preclude a sentence of probation, it is a potential option for defendants convicted of contempt of Congress.

In Bannon's case, probation is plainly available under the Sentencing Guidelines because the misdemeanor nature of the offense and Bannon's lack of a criminal record place him

squarely in Zone A, which covers the least serious offenses.[21]

In sum, Bannon should be eligible for probation. The court can impose a sentence of imprisonment if it chooses to do so, but its hands are not tied.

---

*Steven D. Gordon is a partner at Holland & Knight LLP.*

*The opinions expressed are those of the author(s) and do not necessarily reflect the views of their employer, its clients, or Portfolio Media Inc., or any of its or their respective affiliates. This article is for general information purposes and is not intended to be and should not be taken as legal advice.*

[1] 2 U.S.C. § 192.

[2] U.S. v. Bloch, 762 F.Supp.2d 115 (D.D.C. 2011).

[3] Mark Motivans, Federal Justice Statistics, 2019, Bureau of Justice Statistics Bulletin (Oct. 2021) at Table 7.

[4] GianCarlo Canaparo, Patrick McLaughlin, Jonathan Nelson and Liya Palagashvili, Count the Code: Quantifying Federalization of Criminal Statutes, The Heritage Foundation (Jan. 7, 2022), available at https://www.heritage.org/crime-and-justice/report/count-the-code-quantifying-federalization-criminal-statutes.

[5] USSC, 2011 REPORT TO THE CONGRESS: MANDATORY MINIMUM PENALTIES IN THE FEDERAL CRIMINAL JUSTICE SYSTEM, Table A-1, available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/mandatory-minimum-penalties/20111031-rtc-pdf/Appendix_A.pdf.

[6] 18 U.S.C. § 3571.

[7] 18 U.S.C. § 3651.

[8] See Rodriguez v. U.S., 480 U.S. 522, 524 (1987).

[9] 18 U.S.C. § 3561(a).

[10] See U.S. v. Corpuz, 953 F.2d 526, 529 (9th Cir. 1992).

[11] U.S. v. Mastropierro, 931 F.2d 905, 906 (D.C. Cir. 1991).

[12] S.Rep. No. 98-225, at 90 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3273.

[13] Id. at 89 n. 316, reprinted in 1984 U.S.C.C.A.N. at 3272 n. 316.

[14] Id.

[15] U.S. v. Belgard, 894 F.2d 1092, 1100 (9th Cir. 1990).

[16] 28 U.S.C. § 994(j).

[17] U.S.S.G. § 5B1.1.

[18] U.S. v. Booker, 543 U.S. 220 (2005).

[19] U.S. v. Mueller, 463 F.3d 887, 888 (9th Cir. 2006).

[20] Rodriguez v. U.S., 480 U.S. at 525 (discussing the provisions eventually codified at 18 U.S.C. §§ 924(c), 929(a), and 21 U.S.C. § 845a(c) [now 21 U.S.C. § 861(e)]).

[21] See U.S.S.G. § 2J1.5.