UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO. 21-cr-670 (CJN) |
| STEPHEN K. BANNON, : | |
| : | |
| Defendant. : | |

## UNITED STATES' OPPOSITION TO
## DEFENDANT'S MOTION TO CONSOLIDATE

In this criminal case, a jury found the Defendant guilty of contempt of Congress, and on October 21, 2022, the Court sentenced him to four months of incarceration. *See* ECF No. 161. During the criminal case, certain Members of Congress and their staff moved to quash subpoenas issued by the Defendant. The subpoena litigation was handled in a separate, miscellaneous matter, *In re: Non-Party Subpoenas*, 1:22-mc-00060-CJN, and the Court granted the plaintiffs' motion to quash the subpoenas following oral argument on July 11, 2022. *See* Docket No. 22-mc-00060-CJN, July 12, 2022, Minute Order.[1] Yesterday, the Defendant filed a motion to consolidate the miscellaneous case with this criminal case. Such consolidation is both unnecessary and inappropriate.

Defendant seeks consolidation so that the limited pleadings filed in the miscellaneous case may be included in the record on appeal for the criminal case. If the miscellaneous pleadings are relevant to issues the Defendant seeks to raise in his criminal appeal, however, Rule 10(e)(2) of the Federal Rules of Appellate Procedure sets out the procedure he should follow. There is no need for consolidation of the two cases in this Court.

---

[1] Although the Minute Order in Docket No. 22-mc-00060-CJN indicates that the Court held oral argument on the Motion to Quash on July 12, 2022, that appears to be a clerical error.

Moreover, consolidation of the two cases is not appropriate. The miscellaneous case is a separate proceeding that involves different parties than the criminal case. Joining this criminal case with a civil action in which the United States was not even a party would be improper. Furthermore, the time to note an appeal from the Court's July 11, 2022, ruling granting the motion to quash has long passed. *See* Fed. R. App. P. 4(a)(1) (appeal in civil case must be filed with 30 days of order appealed from). To the extent the Defendant seeks appellate review of the quashing order, he has missed the deadline, and he should not be allowed to use consolidation as a back door to the court of appeals.

Accordingly, the Court should deny the Defendant's motion.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Christopher R. Howland*
Christopher R. Howland (DE 5556)
J.P. Cooney (D.C. 494026)
Assistant United States Attorneys
Fraud, Public Corruption, and Civil Rights Section
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7106
christopher.howland@usdoj.gov

## CERTIFICATE OF SERVICE

     I certify that on November 4, 2022, I provided a copy of the United States' Opposition to the Defendant's Motion to Consolidate by CM/ECF.

                                                /s/ *Christopher R. Howland*
                                                Assistant United States Attorney