IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : <br> : <br> : Criminal No. 21-670 (CJN) <br> : |
| v. | : <br> : |
| STEPHEN K. BANNON, | : <br> : |
| *Defendant*. | : <br> : |

## REPLY TO OPPOSITION TO MOTION TO CONSOLIDATE CASES

On November 3, 2022, Defendant Stephen K. Bannon filed a motion asking the Court to enter an Order formally consolidating the above-captioned case with the directly related ancillary proceedings in *In Re: Non-Party Subpoenas*, 1:22-mc-00060-CJN, the matter the Court opened as a miscellaneous case concerning a motion to quash third-party subpoenas issued in the instant case. [Doc. 163]. As expressly noted, the motion sought to more easily facilitate the transmission of all relevant parts of the record on appeal and reference to all arguments relevant to issues on appeal. The motion was filed simply to make the appeal process more efficient and should not in any way have raised any contested issue.

Nevertheless, on November 4, 2022, the government filed its opposition to the request, adding yet a fourth lawyer to its team, in order to do so in this misdemeanor prosecution. [Docs. 164; 165].

Government counsel first opposes the requested relief because, he writes, "[I]f the miscellaneous pleadings are relevant to issues the Defendant seeks to raise in his criminal appeal, however, Rule 10(e)(2) of the Federal Rules of Appellate Procedure sets out the procedure he should follow." [Doc. 165 at 1]. Rule 10(e)(2) is an effective tool for supplementing the record

1

on appeal when a portion has been omitted by "error or accident;" but there certainly are other mechanisms for supplementing the record on appeal or for providing this Court with the authority to do so while the appeal is pending.[1] However, the goal with the motion to consolidate was to make the process more efficient and cause less delay and fewer filings, not more. Moreover, the fact that other mechanisms exist to have the record in an ancillary proceeding transmitted to the Court of Appeals, if necessary, is not a meaningful reason against simply formally consolidating the cases now.

Government counsel next argues that consolidation is "not appropriate" altogether because the miscellaneous case purportedly is a "separate civil action" and the "deadline" for seeking appellate review of the order quashing the subpoena purportedly ran from July 11, 2022 and so, any appeal concerning the decision to quash the subpoenas would be out of time. [Doc. 165 at 2]. Then, for good measure, and consistent with the prosecution team's characterization of just about every filing the defense has made in this case, government counsel attributes an ulterior motive to the filing, characterizing it as an effort "to use consolidation as a back door to the court of appeals." [*Id.*].

Government counsel is not only wrong as a matter of law (tellingly, government counsel provides no authority for the unsupportable legal argument made); the factual premise underlying the erroneous legal argument is also wrong. The Order granting the motion to quash the subpoenas was issued orally in the above-captioned case, during oral argument for which the Court already consolidated the instant case and the directly-related ancillary proceeding. [Tr. July 11, 2022 Hearing at 141-144]. It was in no way a separate appealable order in a separate civil action.

---

[1] See e.g. Rule 62.1, Federal Rules of Civil Procedure; Rule 12.1, Federal Rules of Appellate Procedure.

The proceedings on the motion to quash were simply ancillary proceedings this Court chose to create as a vehicle for filings made by third-parties for whom subpoenas were issued for the trial in the instant case. It was no separate civil action and the final decision on the motion to quash, as noted, was entered in the instant case. Only a "minute order" docket entry was entered in the ancillary proceeding, referring to the Court's decision on the motion to quash made orally on July 11, 2022 in this case.

There certainly was no separate appealable Order in the ancillary case within the meaning of 28 U.S.C. § 1291 and, of course, any interlocutory attempt to appeal the decision on the motion to quash would have meant staying the trial in the instant case, even if *arguendo* an appellate court had jurisdiction. Government counsel adamantly opposed delaying the trial date for any purpose.

Perhaps more to the point, there would not have been any basis for an interlocutory appeal of the Order quashing the subpoenas in the instant case and the Circuit court would not have had jurisdiction to hear any such interlocutory appeal. It is, by now, axiomatic, that no interlocutory appeal lies from an order quashing a third-party subpoena in an ancillary proceeding when the order is issued by the same court presiding over the main action. *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017); *In re Subpoena served on California Public Utilities Com.*, 813 F.2d 1473, 1476 (9th Cir. 1987).[2] Indeed, one of the express reasons for the

---

[2] The circumstance presented here does not involve the entry of such an order in an ancillary proceeding brought in a district court in a different circuit or even before a different district court within the same circuit. Those circumstances raise an interesting set of competing interests which defense counsel would be happy to address; but since it is not relevant here, the Court will not be burdened with that discussion. The instant case presents an ancillary Order decided by the same Court presiding over the main action in which the subpoena was issued and, in fact, the motion to quash itself was granted in the context of the main action during consolidated oral argument. There is no authority defense counsel is aware of for considering the Order granting the motion to quash under these circumstances to be an immediately appealable order and no deadline has been missed, contrary to government counsel's unsupported and completely erroneous representation to the Court.

rule is that the ancillary order eventually will be subject to appeal when a final judgment is entered in the main action.  E.g., *Id.* at 1476

Finally, in reply to the government's factual representations in support of its opposition to the motion to consolidate and specific complaint that the U.S. Attorney's Office was not a party to the motion to quash dispute [Doc. 165 at 2], there is no basis to the complaint, either factually or as a matter of law.  Government counsel fully participated in the argument on the motion to quash on July 11, 2022, and the Court even expressly took up government counsel's argument on the evidentiary effect, if the Court were to quash the subpoenas. [Tr. July 11, 2022 Hearing at 137-138].  Government counsel also participated fully in the subsequent litigation over Mr. Bannon's motion to dismiss or exclude testimony in light of the Court's Order in this case granting the motion to quash the subpoenas.

Mr. Bannon sought a very simple and non-controversial administrative order formally consolidating the two cases to make the appeal process more efficient.  A formal order of consolidation should not be necessary; but it would obviate the need for any extraneous litigation before the Court of Appeals and this Court on the transmission of the directly related record and reference to the arguments made before this Court in both the main action and the ancillary miscellaneous action. For those reasons, Mr. Bannon asks the Court to administratively consolidate the two cases.  In any event, the bases for the government's opposition to the motion find no support in the facts or the relevant law.

Dated: November 7, 2022                                        Respectfully submitted,

**SILVERMAN|THOMPSON|SLUTKIN|WHITE, LLC**

  /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)
Riane White (*Pro Hac Vice*)
210 N. Charles Street, 26th Floor
Baltimore, MD 21201

Telephone: (410) 385-2225
Facsimile: (410) 547-2432
Email: ecorcoran@silvermanthompson.com


   /s/ David I. Schoen
David I. Schoen (D.C. Bar No. 391408)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: schoenlawfirm@gmail.com

*Counsel for Defendant Stephen K. Bannon*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of November, 2022, a copy of the foregoing REPLY TO OPPOSITION TO MOTION TO CONSOLIDATE CASES was served *via* the Court's CM/ECF system on registered parties and counsel.


   /s/ M. Evan Corcoran
M. Evan Corcoran (D.C. Bar No. 440027)