IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                                        CR Action
                                        No. 1:21-670

        vs.                              Washington, DC
                                        July 19, 2022

STEPHEN K. BANNON,

                                        9:17  a.m.

              Defendant.

TRANSCRIPT OF JURY TRIAL - DAY 2 - **MORNING SESSION**
BEFORE THE HONORABLE CARL J. NICHOLS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

**For the U.S.:**        **AMANDA ROSE VAUGHN**
                        **MOLLY GULLAND GASTON**
                        U.S. ATTORNEYS OFC. FOR D.C.
                        555 4th Street NW
                        Washington, DC  20001
                        202-252-1793

**For the Defendant:**     **DAVID I. SCHOEN**
                        DAVID I. SCHOEN, ATTORNEY AT LAW
                        2800 Zelda Road, Suite 100-6
                        Montgomery, AL  36106
                        334-395-6611

                        **MATTHEW EVAN CORCORAN**
                        **RIANE WHITE**
                        SILVERMAN THOMPSON SLUTKIN WHITE
                        201 N. Charles Street, 25th Floor
                        Baltimore, MC  21201
                        410-385-2225

**Reported By:**        **LORRAINE T. HERMAN, RPR, CRC**
                        Official Court Reporter
                        U.S. District & Bankruptcy Courts
                        333 Constitution Avenue, NW
                        Room 4700-C
                        Washington, DC 20001
                        lorraine_herman@dcd.uscourts.gov

<u>**P R O C E E D I N G S**</u>

1
2          **DEPUTY CLERK:**  Good morning, Your Honor.  This is

3   criminal case year 2021-670, *United States of America versus*

4   *Stephen K. Bannon.*

5          Counsel, please come forward and introduce

6   yourselves for the record, beginning with the government.

7          **MS. VAUGHN:**  Good morning, Your Honor.  Amanda

8   Vaughn and Molly Gaston for the United States.  Also at

9   counsel's table is Special Agent Frank D'Amico with the FBI.

10          **THE COURT:**  Good morning.

11          **MR. CORCORAN:**  Good morning, Your Honor.

12          Evan Corcoran, David Schoen and Riane White for

13   Mr. Bannon, and Steve Bannon is present.

14          **THE COURT:**  Good morning, everyone.

15          All right.  So here's what I want to do before we

16   bring what will hopefully be the 14 jurors who we select.

17          I want to first hear argument on the evidentiary

18   questions around the letters, at least briefly, because

19   depending on where we land there, that will obviously

20   affect, as Ms. Vaughn indicated yesterday, the testimony

21   that will hopefully start this morning.  And then we'll do

22   peremptories.

23          So, Ms. Vaughn, why don't we start with you.  Are

24   you going to argue this for the government?

25          **MS. VAUGHN:**  Yes, Your Honor.

1          **THE COURT:**  Let's just take, as an example,

2     Government's Exhibit 5 -- I believe it's 5, which is the

3     October 8, 2021 letter to Robert Costello.  As I understand

4     it, the United States argument is this letter is not offered

5     for the truth of the matter asserted but rather to provide

6     notice to Mr. Bannon that this was the Committee's positions

7     and, therefore, it's actually not even -- it doesn't fit

8     within the definition of hearsay at all and, therefore, you

9     don't have to think about whether there's a hearsay

10    exception.  Correct?

11          **MS. VAUGHN:**  Exactly.

12          **THE COURT:**  So first question is:  Why isn't it

13    being offered for the truth of the matter that this, in

14    fact, was the Committee's position?

15          **MS. VAUGHN:**  So if we think about what the

16    elements of the offense are, it's that first he violated the

17    subpoena.  The subpoena is the subpoena.  It has the dates

18    on it.

19          Then we have to show that that violation was

20    willful.  So on its face, the subpoena demands compliance.

21    Violation willful.

22          But to the extent that under cases like *Flaxer* or

23    *Quinn*, if there is an outstanding objection or question

24    that's made to the Committee before defiance and the

25    Committee doesn't resolve it, that goes to the defendant's

1    intent to willfully defy the subpoena.

2              And so these letters --

3              **THE COURT:**  I understand why you think it's

4    probative, but then my question is, why isn't the letter

5    being offered to prove that the Committee was taking these

6    positions?  The truth of that matter.

7              **MS. VAUGHN:**  Why is -- the Committee's ultimate

8    position really isn't even relevant, what's true or not true

9    about it.

10             These letters are relevant to show that the

11   defendant understood that he had not been excused from the

12   subpoena, and that to the extent he had raised a valid

13   objection, the Committee had resolved it.

14             **THE COURT:**  Okay.

15             **MS. VAUGHN:**  In his mind.

16             **THE COURT:**  So now let's assume these are not

17   hearsay.  There are a number of statements in all of the

18   letters, of the government exhibits, or at least the letters

19   from the Committee and Mr. Bannon's letters back to the

20   Committee that discuss questions around executive privilege.

21             Why is the government's notice of those -- of the

22   Committee's providing notice to Mr. Bannon of those -- of

23   its positions on those questions relevant in this trial now?

24             **MS. VAUGHN:**  It's not relevant to the extent of

25   what are the merits of the privilege or whether to assert

1        it, but it is relevant to show that the objection he perhaps

2        raised had been addressed --

3                **THE COURT:**  Had been resolved and, therefore, one

4        would argue the date was not flexible.  Or I think from the

5        government's perspective, you would say, This letter goes to

6        whether the Committee had taken a full and final position on

7        all of Mr. Bannon's reasons for not showing up.  Having

8        taken a full and final position on all those reasons, he

9        could not have thought, and, in fact -- that's mens rea --

10       and, in fact, the date was not moved.

11               **MS. VAUGHN:**  Right.

12               There's no other communications to the defendant

13       about the dates, outside of the subpoena, which set the

14       dates, and that's it.  So these letters are just about, did

15       the defendant raise an objection?  Was it resolved?

16               **THE COURT:**  So then from the government's

17       perspective, the letters from the Committee to Mr. Bannon

18       and their discussions of privilege will go to the jury.  Is

19       it the government's view that Mr. Bannon's letters back are

20       admissible in their entirety for the same reason?

21               **MS. VAUGHN:**  So Mr. Bannon's letters back are

22       admissible and the government offers them.

23               **THE COURT:**  Yes.  I am talking about when

24       Mr. Bannon offers them to show that in his view, things were

25       still being negotiated, and he was taking the position that

1    things were -- that privilege issues were important, and

2    that was one of the reasons that he believed the dates were

3    not set in stone.

4           **MS. VAUGHN:**  So he would be offering them -- I

5    don't think it's ultimately an issue because --

6           **THE COURT:**  To show that he provided notice.

7           **MS. VAUGHN:**  -- the government is offering his

8    letters so they will be in evidence.

9           **THE COURT:**  Okay.  They will be in evidence.

10          So what that means, then, is that we will have

11   letters in evidence from the government's perspective that

12   discuss the parties' respective privilege positions.

13          How do I ensure that the jury doesn't get confused

14   about all those discussions when there, as we know -- I have

15   held that at least most executive privilege issues are

16   irrelevant as to mens rea or entrapment by estoppel and the

17   like.

18          What, if anything, should I do to ensure that the

19   jury doesn't look at these letters and say, Wait a second,

20   we didn't really hear much about privilege.  Is there a

21   valid privilege here?  Is he excused from testifying because

22   of privilege and the like?

23          **MS. VAUGHN:**  Well, in the Court's proposed

24   instructions to the jury at the end, it includes an

25   instruction that the defendant's belief or reliance on law

1    or a privilege is not a defense.

2             To the extent the Court has concerns about

3    confusion, the government can certainly offer an additional

4    instruction that --

5        **THE COURT:**  Should I give a limiting instruction,

6    from the government's perspective, assuming I allow the

7    letter in, but I'm concerned about this --

8        **MS. VAUGHN:**  Uh-huh.

9        **THE COURT:**  -- should I propose a limiting or

10   should I think about a limiting instruction when the letters

11   are offered presumably today?

12       **MS. VAUGHN:**  So instruction along the lines of

13   something like, You are going to see reference to executive

14   privilege.  You're not to consider what that means or what

15   it required, but these letters --

16       **THE COURT:**  These letters are being offered only

17   for the purpose of demonstrating that the Committee was

18   providing notice to Mr. Bannon of its positions on the

19   subpoena, and to the extent that the letters discuss issues

20   around privilege, you're not to consider the merits of those

21   questions.

22       **MS. VAUGHN:**  Yes.  I don't think the government

23   would have an objection to that.  And especially if we also

24   added in something like, They're also offered to show that

25   the Committee -- the Committee's position with respect to

1    the reasons the defendant had raised for not complying.

2             THE COURT:  Okay.  Thank you.

3             MS. VAUGHN:  Or not to show their position but to

4    show what the defendant had been notified of as far as --

5             THE COURT:  Yes.  Yes.  Yes.  I understood.  Thank

6    you.

7             Mr. Schoen?

8             MR. SCHOEN:  Good morning, Your Honor.

9             THE COURT:  Good morning.

10             MR. SCHOEN:  There's absolutely no reason for

11    these letters to come in other than their hearsay value.

12    They have no independent relevance that's admissible in this

13    case whatsoever.

14             It's not just that they are inadmissible hearsay,

15    it's of the worst kind in this case.  The Court has barred

16    Mr. Bannon from telling his -- the story of the case in this

17    case.

18             The jury is going to hear Mr. Bannon -- according

19    to the government at least -- Mr. Bannon got a subpoena and

20    didn't show up.  Remember, we heard from Day 1, That's all

21    we have to show, Judge.  He got a subpoena and he didn't

22    show up.

23             Mr. Bannon has a full story for why he didn't show

24    up.  His advice of counsel.  The invocation of executive

25    privilege.  Questions about its validity, its breadth and so

1    on.  His reliance.  All of these defenses and his story of

2    the case have been barred by the Court at the government's

3    request.

4              So to now put in letters that include statements

5    like, The information sought, directly serves a legitimate

6    legislative purpose and is within the scope of the delegated

7    authority of the Committee, and Mr. Bannon's information is

8    of critical importance.

9              **THE COURT:**  That is still an issue in this case.

10   I haven't barred testimony about that question, what you

11   just referred to.  I've discussed things about mens rea and

12   entrapment by estoppel, but pertinency is still an issue in

13   this case.

14             **MR. SCHOEN:**  The Court has found that we are not

15   allowed to litigate legislative purpose, Judge.  Your Honor

16   said the Court of Appeals already determined there was a --

17             **THE COURT:**  Purpose but not pertinency.

18             **MR. SCHOEN:**  This doesn't deal with pertinency,

19   Your Honor.

20             **THE COURT:**  All the documents relate directly to

21   the inquiry being conducted by the Select Committee.  Why

22   isn't that pertinency?

23             **MR. SCHOEN:**  Okay, that's pertinency.  How about

24   rejecting executive privilege?  How about all of those other

25   things.?

1            **THE COURT:**  Yes, focus on that.

2            **MR. SCHOEN:**  Rejecting executive privilege.

3       So the jury is going to hear a story from these

4  letters that -- why executive privilege and

5  Chairman Thompson's opinion doesn't apply.  If it applied,

6  it wasn't validly invoked.  We never heard from

7  President Trump himself, according to this letter, and so

8  on.  All of those things.

9       And they'll never hear from Mr. Bannon or

10  Mr. Costello about exactly why they believed executive

11  privilege did bar it, why it was validly invoked.  All of

12  those things.

13       It's creating this thing where they only hear it

14  from the government, the government's perspective,

15  Mr. Thompson's perspective.

16            **THE COURT:**  Well, the government is, I guess,

17  acknowledging that the letters from Mr. Bannon to the

18  Committee are admissible.

19            **MR. SCHOEN:**  So we're letting the story partially

20  come in, while Mr. Bannon is handcuffed and can't tell why

21  he believed what he believed, and what exactly his reasons

22  were for not complying; and that he offered to comply from

23  Day 1., if they just worked out privilege with

24  President Trump or they took it before a judge who then

25  ordered him to comply because privilege wasn't validly

1    invoked or it didn't apply or it was a former President or

2    any or all of those reasons.

3            Mr. Bannon offered that from Day 1; that's not

4    going to come in from these letters.  But even if it did,

5    Judge, we're entitled to put in testimony about it, not just

6    the letters, and the jury can make of it what they want.

7    There's no independent value of these, other than for the

8    truth of their assertions.

9            Now, as I say in the filing that we made --

10            **THE COURT:**  What about the government's argument

11    that they're offering them -- not that, in fact, the Select

12    Committee hadn't received any assertion, formal or

13    otherwise, of any privilege from Mr. Trump but that the

14    Committee was communicating that position to Mr. Bannon?

15            **MR. SCHOEN:**  None of those things matter,

16    according to the judge's theory of the case.

17            **THE COURT:**  My question is about -- you are con --

18    you're moving between hearsay and relevance.

19            **MR. SCHOEN:**  Both directly relevant.

20            **THE COURT:**  The government's position is it's not

21    hearsay if it's not offered to prove that statement.

22            **MR. SCHOEN:**  It's the only value that statement

23    has.  The truth of its assertion.  It has no independent

24    value relevant to any issue in this case.

25            **THE COURT:**  They say -- well, if it's offered to

1    establish not that the statement is true but that it was

2    communicated to Mr. Bannon that that was the Committee's

3    position, is that or is that not hearsay?

4          **MR. SCHOEN:**  It's hearsay.  They can say all day

5    long it's not being offered for that and what I say and what

6    the cases that evaluate one's proffer of the reason for it

7    is.  There's no independent value to that position.  It's

8    not independently relevant to any issue in the case,

9    according to the issues that we're left with in the case.

10   They can't have it both ways.

11         **THE COURT:**  If this letter said -- or if a letter

12   said or does say, The return date on the subpoena for

13   documents was X-date.  We have never extended that date.  We

14   expect you to show up on that day.

15         And the Committee says or the government says,

16   We're offering that letter not to prove the truth of the

17   matter asserted but to say -- to tell -- to prove that

18   Mr. Bannon knew that the return date hadn't moved, that the

19   Committee's position was that the return date hadn't moved.

20         Would that be inadmissible hearsay and irrelevant

21   in this case in your view?

22         **MR. SCHOEN:**  In my view, with an instruction that

23   the portion, We have never extended this date, shouldn't be

24   considered for the truth of its assertion, but simply as

25   notice of the Committee's position, reflected in a letter.

1    I think that would be -- given the defense in this case, I

2    think that would be admissible.

3              That's why I say from the beginning, Your Honor, I

4    think that the date of the letter and maybe the last

5    paragraph should come in in this case, given what the

6    defenses are and what the government's position is.

7              THE COURT:  Thank you, Mr. Schoen.

8              MR. SCHOEN:  Thank you, Your Honor.

9              THE COURT:  Ms. Vaughn, what's your response to

10   the thing that is troubling me as well, which is that, in

11   light of -- and frankly the government has urged the

12   position that -- and I've agreed with it -- that in light of

13   *Licavoli*, obviously -- I mean, you know where we are.

14             MS. VAUGHN:  Yes.

15             THE COURT:  That most, if not all, discussions

16   around privilege and its implications and its assertion and

17   the effect of the OLC opinions and the like is out of this

18   case, but these letters squarely address the questions.  And

19   so then this -- some information about privilege comes into

20   the case in a very truncated form.

21             Why should I allow that rather than, for example,

22   having the government introduce redacted versions of these

23   letters, where what's allowed to go to the jury are the

24   bottom-line positions about date, return date, compliance

25   requirement, not extending the return date and the like?

1          **MS. VAUGHN:**  So --

2          **THE COURT:**  Mr. Schoen --

3          So I have foreclosed, for example, testimony about

4  advice that Mr. Bannon received from Mr. Costello about

5  whether he needed to comply with the subpoena because of

6  executive privilege, and I foreclosed other lines of inquiry

7  or testimony related to that or because of *Licavoli*'s mens

8  rea standard.  But these letters discuss those very

9  questions.

10         **MS. VAUGHN:**  So if the defendant would prefer to

11  not enter any of the correspondence between the parties

12  after the subpoena and instead craft some stipulation --

13  that the defendant claimed the law excused him; and the

14  Committee responded and said in clear terms, No, it does

15  not.  You must come on October 14th, for example -- the

16  government would always be happy to enter into that

17  stipulation.

18         But to the extent that the defendant is going to

19  claim that he thought there was an outstanding executive

20  privilege issue or a legal issue that had to be resolved

21  before he had to comply, the notice -- the wording of the

22  notice that he got from the Committee is directly relevant

23  to establishing whether that was actually his understanding,

24  his intent at the time.

25         **THE COURT:**  Because it told him his understanding

1    about his -- from the government's perspective -- mistake of

2    law was a mistake or because it goes to an actual question

3    that we have to resolve, which is whether Mr. Bannon

4    believed, for example, that the return date was, as I put it

5    before, we've put it before, flexible or malleable?

6          **MS. VAUGHN:**   Yes.   I think the best way to think

7    about it is -- there are a lot of cases in the contempt of

8    Congress context where defendants, before the Committee, had

9    raised a Fifth Amendment privilege.

10          And there are multiple cases where the witness is

11   saying, My Fifth!  My Fifth!  My Fifth!  And the Committee

12   just never really addresses it.  And the courts say, you

13   can't prove willful default.  They raised a question.  The

14   Committee left it hanging out there.  So how can you say

15   that the witness knew that they were still expected to

16   answer?  That's all that these letters go to.

17          So they go to showing that the defendant knew the

18   excuse he was raising for not complying had been clearly

19   resolved.  And so if the defendant would like to enter into

20   a stipulation to that effect to prevent all of this from

21   coming in, all the correspondence, we can work with him to

22   do that.

23          But if he wants to claim that he had raised this

24   objection, and he thought that the Committee had left the

25   question open or had not clearly resolved it by the

1      deadline, October 14th for the deposition, for example, then

2      these letters are directly relevant to show the terms that

3      were used to explain to him, We are rejecting your reason

4      for not answering and you must answer.

5             **THE COURT:**  So that is true of the letters, but

6      there are parts of the letters that make those statements

7      and then there are parts of the letters that provide the

8      reasons and discussions around privilege.

9             And a third course that you haven't proposed would

10     be to redact the letters and would be to say, Look, what's

11     relevant here is whether Mr. Bannon knew or thought that the

12     Committee, as you just said, that the Committee hadn't

13     resolved his claims crystally and clearly.

14            If you just look at the October 8th letter, you

15     can imagine that Paragraphs 1, 2, most -- that Paragraphs 1

16     and 2, then the third-to-last, second-to-last and last

17     paragraphs, perhaps with the redaction at the beginning of

18     the third-to-last paragraph, would make the Committee's

19     position about compliance clear, but it wouldn't have this

20     discussion that could run the risk that I'm concerned about

21     and Mr. Schoen has been articulating.

22            **MS. VAUGHN:**  And I think that that path would

23     be -- could be acceptable to the government.  It's just we

24     need some time to sit down and figure out what those

25     statements are.

1          **THE COURT:**  That's why I wanted to address this

2     first here.

3          **MS. VAUGHN:**  And the defendant's letters too,

4     obviously, we would redact discussions.

5          **THE COURT:**  Perhaps.  So let me hear from

6     Mr. Schoen.

7          Mr. Schoen, I understand your position about the

8     letters generally.

9          **MR. SCHOEN:**  I don't think my position is

10    understood.  Maybe by the Court it is, not by the

11    government.

12         **THE COURT:**  No, I think the government has its

13    arguments but --

14         **MR. SCHOEN:**  Your Honor, I --

15         **THE COURT:**  Hold on a second.  Just slow down.

16         You have two proposals from the government.  The

17    government is willing to enter into -- well, not even two

18    proposals.  The government is willing to discuss a

19    stipulation with you.  What's your view on that proposal?

20         **MR. SCHOEN:**  Not the stipulation that has been

21    proposed so far.

22         Again, Paragraph 2, this is hearsay.  It may be,

23    as Your Honor said, relevant to the pertinency question, but

24    it's hearsay.  All the requested documents relate

25    directly --

1          **THE COURT:**  That's if I don't tell the jury that

2     it's offered solely for the purpose of whether the

3     Committee's notice was -- that it's offered for the proof of

4     notice provided.  But you really -- I understand that

5     position.

6          I want to get to the more-important question,

7     which is their view is these letters come in -- the

8     government's view is these letters come in in their

9     entirety, even though they discuss executive privilege

10    issues.

11         **MR. SCHOEN:**  Yeah.

12         **THE COURT:**  And they run the risk of telling, as

13    you said, a one-sided story or not the full story.  The

14    government says, Well, there's one way we can deal with

15    that.  We could enter into some sort of stipulation about --

16    I'm sure it would require some negotiation, but a

17    stipulation around the dates and what the understanding was

18    and whether the Committee had taken a position or something

19    like that.

20         **MR. SCHOEN:**  Right.  I proposed that in my

21    submission.  I proposed that.  That's -- my submission

22    proposes at the end of it that we include the date and the

23    fact that it's not -- that he was, had not complied with the

24    deadline.  Whatever the last paragraph says.

25         Here's the point, Your Honor, respectfully, the

1    government said, in effect, that this shows, you know, that

2    our reason was submitted and our reason was rejected.  So if

3    we claim that we didn't comply by a deadline for a certain

4    reason, this deals with that.

5            My understanding from the Court's orders is, we're

6    not entitled -- over our objection, we're not entitled to

7    argue what the reason was, meaning the underlying reason for

8    believing the date had moved.

9            All we're entitled to argue is that from the

10   communications regarding the date, back and forth with the

11   Committee, there was reason to believe that that date was

12   not a fixed date.  And what I mean by that is the continued

13   urging after the deadline had passed by Chairman Thompson

14   for compliance with the subpoena, the directive to Speaker

15   Pelosi after the contempt referral to continue efforts to

16   enforce the subpoena, those things.

17           I don't think, based on the Court's order at

18   least -- again, over our objection -- that we're entitled to

19   say, Oh, and by the way, we thought the date hadn't passed,

20   because we had raised executive privilege, and we thought

21   they were wrong about executive privilege or hadn't decided

22   it and all of that.

23           I think, based on the Court's ruling -- that's our

24   understanding -- that's all out.  What we're allowed to

25   argue is, we didn't believe the dates were fixed.  We

1    believed the dates were malleable.  We believed there was no

2    default.  We believed there was a waiver of any default that

3    might have happened from the language that says, We continue

4    to urge you to change your course in this letter or urge you

5    to comply with the subpoena as of the 15th -- as of the

6    18th  -- uh, sorry -- as of the 19th, and as of

7    after the contempt referral.  So that's all that's

8    relevant.

9               So that would be our redaction suggestion.  It

10   would be a fair one.  That is, the date and, Listen, buddy,

11   you better comply soon or whatever they say, you know, in

12   that last paragraph and similar language from the other

13   letters.

14          **THE COURT:**  So I'm just pulling up your brief.

15          **MR. SCHOEN:**  That little thing I filed yesterday?

16          **THE COURT:**  I have it.

17          **MR. SCHOEN:**  Toward the end --

18          **THE COURT:**  Yes.  Yes.

19          **MR. SCHOEN:**  I'm sorry.

20          **THE COURT:**  I was just pulling up the specific

21   language.  I recall the brief.

22          **MR. SCHOEN:**  It was brief for once.

23          **THE COURT:**  So, as you may recall, I granted in

24   part and denied in part the government's Motions in Limine

25   on a number of issues, and I left open the question of

1    whether some of the testimony could go to Mr. Bannon's state

2    of mind about the -- whether the dates were fixed and

3    whether he complied with the dates.

4            And I even did not grant the government's Motion

5    to Exclude the most recent set of letters, because the most

6    recent set of letters might be relevant to those questions.

7    I'm talking about the letters that President Trump sent

8    Mr. Bannon, Mr. Bannon sent to the Committee --

9            **MR. SCHOEN:**  Yes, Your Honor.

10           **THE COURT:**  -- those recent letters.  I left open

11   the question of whether they could come in to further

12   demonstrate, from the defendant's perspective, that the

13   dates were malleable, et cetera.

14           **MR. SCHOEN:**  Yes, Your Honor.

15           **THE COURT:**  What I said at the time -- at least

16   what I recall saying at the time -- is that I was open to,

17   through a proffer, Mr. Bannon -- if Mr. Bannon could proffer

18   that he believed the dates were malleable because, among

19   other things, there were discussions about privilege, that

20   that could come in, if he makes a proffer that that's what

21   the evidence and testimony is going to be.

22           I did not exclude or did not intend to exclude, if

23   that proffer is made, testimony about the reasons that

24   Mr. Bannon believed the dates were malleable.

25           So just to use a different example that I am not

1    suggesting that you have, if Mr. Costello told Mr. Bannon, I

2    don't think October 18th is the relevant date for X because

3    we are in discussions around how to protect the privilege,

4    if you could proffer that, that could go to whether

5    Mr. Bannon knew that October 18th was the return date on

6    that particular subpoena, even though that would be a

7    discussion with Mr. Costello.

8              MR. SCHOEN:  Yes, Judge.

9              There are plenty of reasons that Mr. Bannon could

10   proffer as to why he didn't believe that to be the firm

11   date -- a firm date.  But we never had the understanding

12   that that would go to the jury that those are the reasons.

13   That would then open up -- his reasons would be, I believe

14   the OLC opinions.

15             THE COURT:  But they would have to go to whether

16   he believed the return date was --

17             MR. SCHOEN:  Yeah.

18             THE COURT:  -- flexible.  In the hearing I said,

19   Mr. Bannon will have to proffer that before I will allow him

20   to testify about his understanding about privilege,

21   negotiations, et cetera.  That was a precondition.  It was a

22   discussion around proffer.

23             MR. SCHOEN:  I certainly remember the Court saying

24   about the proffer, and I took exception to that, saying that

25   I didn't think it was necessary to have Mr. Bannon proffer.

1    And then we discussed --

2           **THE COURT:**  You said, Well, we're going to do

3    cross-examination.  And I said, Yes, I understand that.  But

4    as to the testimony from your side --

5           **MR. SCHOEN:**  But the idea, Your Honor -- I have to

6    say, nobody on the defense team understood that the -- and I

7    don't know if that's what the Court's saying today -- nobody

8    understood that that would then open the door to testimony

9    before the jury that the reason Bannon believed the date

10   could be moved and now we backdoor all --

11          **THE COURT:**  Could be --

12          **MR. SCHOEN:**  -- of the OLC opinions --

13          **THE COURT:**  -- and it was not fixed.

14          **MR. SCHOEN:**  Yeah, was not fixed.

15          The reason I, Bannon, believed the dates weren't

16   fixed is because my lawyer had told me --

17          **THE COURT:**  I said all of this at the hearing on

18   the government's motions.

19          **MR. SCHOEN:**  Then all of the defenses come in,

20   Judge?

21          **THE COURT:**  I didn't say all of the defenses come

22   in.  I denied the government's in limine motions in part

23   because I said, Some of the information the government was

24   seeking to exclude could go potentially, assuming a proffer,

25   to whether Mr. Bannon believed, had the mens rea, that the

1   date was flexible.

2          MR. SCHOEN:  Okay.  And the point of the proffer

3   was to give the Court -- as we understood it, to give the

4   Court a good faith basis for why Mr. Bannon would have

5   believed that the dates were malleable --

6          THE COURT:  Yes.

7          MR. SCHOEN:  -- but the testimony would be that he

8   believed the dates were malleable because of the language in

9   the letters.  That was the whole point -- one of the main

10  points of my submission of the Trump and Costello letters,

11  to say clearly it's still open from the language.  I focused

12  on the language.

13         THE COURT:  And I did not exclude that

14  information.

15         MR. SCHOEN:  Not that information but the --

16  Judge, the information here, if I'm understanding what the

17  Court is saying, would be that -- and maybe I'm just not --

18  would be that if Mr. --

19         THE COURT:  I said that I could not exclude the

20  possibility that on a question that the jury must clearly

21  decide, which is Mr. Bannon's deliberate and intentional

22  failure to comply, that required two things around default.

23  One is that the date was clear, and the other is that he

24  knew it was clear or that he knew it was the date.

25              And I said that I could not exclude the

1    possibility that if Mr. Bannon made a proffer, that he did

2    not know that the date was clear --

3            **MR. SCHOEN:**  Right.

4            **THE COURT:**  -- because of something, that we would

5    allow that in.

6            The reason I required a proffer is because I did

7    not want, and am not going to permit him to just say, I was

8    excused because of privilege.  I was excused because I'm

9    relying on the OLC opinions.  I was excused because I relied

10   on the advice of counsel from my lawyer.  I did not have an

11   obligation to show up.  I was entrapped by estoppel,

12   et cetera.  Those are all out.  Those are what I would

13   consider to be direct.

14           But here I left open, if Mr. Bannon can make a

15   proffer, that the reason he did not believe the return date

16   was fixed or that there was still play in the joints was

17   because there was an ongoing negotiation over privilege and

18   the like, that if the proffer is sufficient -- and again, I

19   did not require the proffer before -- make that proffer,

20   that that could come in.

21           **MR. SCHOEN:**  Judge, I'm bewildered, I have to say.

22           Because if that's the case then, again, we have

23   here a Motion in Limine from the government to bar all of

24   these defenses and any mention of them or argument related

25   to them during this trial.

1              Those motions were granted.

2         **THE COURT:**  No, they were granted in part.

3         **MR. SCHOEN:**  Advice of counsel, for example.

4              No comment on advice of counsel or reliance on the

5    law.  That's what that motion asked for and the Court said,

6    Granted.

7         **THE COURT:**  I agree.

8         **MR. SCHOEN:**  Reliance on the law.

9         **THE COURT:**  Yes.

10        **MR. SCHOEN:**  So that was early on in this case.

11        **THE COURT:**  Yes.

12        **MR. SCHOEN:**  We're not permitted to mention the

13   OLC opinions or any reference to them or his belief in them.

14   That would be part of this proffer.

15             What we understood, Your Honor, the other day is

16   if Mr. Bannon can make a proffer that he understood the

17   dates to not be fixed because of the language in those

18   letters, the language on we're still urging compliance.

19             If -- what the Court is saying now is, Mr. Bannon

20   makes a proffer that the reason he didn't believe the dates

21   were fixed were maybe the language in the letters, but also

22   because I believed that I had a defense in this case of

23   advice of counsel, of OLC opinions, of executive privilege,

24   and my lawyer was trying to work all that out.

25        **THE COURT:**  It's going to have to be very tightly

1    tethered to the proffer.

2         **MR. SCHOEN:**  So then evidence can --

3         **THE COURT:**  For example, advice of counsel, I

4    think is going to be very difficult.  Advice of counsel is

5    not Mr. Costello communicated to me what was going on.  It's

6    Mr. Costello advised me X.

7         **MR. SCHOEN:**  And what about, let's just say,

8    entrapment by estoppel, Your Honor?  This is a main focus of

9    Mr. Costello's pitch --

10         **THE COURT:**  No, that's almost certainly not -- I

11    would have to hear what the proffer would be.

12         **MR. SCHOEN:**  Let's assume the proffer is, I

13    understood from my lawyer that there was a discussion about

14    serious constitutional issues, executive privilege, whether

15    the former President can invoke it, how broad that is,

16    whether that excludes me from having to come to testify, all

17    of those issues.

18         I understood that that was a negotiation going on

19    and that, therefore, the date was going to be extended all

20    along.  That's not exactly what we were discussing the other

21    day; that's not what our position was.

22         Our position was, we understood.  The Committee

23    had said, Listen, executive privilege doesn't apply.  Their

24    letters are clear about that.  Executive privilege doesn't

25    apply; that's their position.

1          No, we thought that as part of the accommodation

2     process, the constitutionally mandated accommodation process

3     that the Committee actually wanted Mr. Bannon's testimony

4     and, therefore, they were willing to say, Well, we mean

5     today.  Okay.  A couple days later, No, we really mean

6     today.  No, we mean by this date.

7          That's what we're talking about here.  Not because

8     the Committee said -- you know, Mr. Costello,

9     notwithstanding the letters from the Committee, really

10    thought that the Committee has given honest thought to

11    executive privilege and all of that.

12         It's clear from Chairman Thompson's letters that

13    they rejected executive privilege outright, they rejected

14    any other defense outright.  And even if they agreed

15    executive privilege applied, that that didn't excuse him

16    from coming there.  However, they wanted his testimony, and

17    as part of the accommodation process, they were willing to

18    keep moving the date, even through today.

19         That's the argument, Judge.  Not that he believed

20    that, you know, because the Committee was genuinely mulling

21    over executive privilege and so on that the date was

22    extended.  That was never our submission -- intended

23    submission.  That was never my argument the other day or

24    intended argument.

25         My argument was, because of the language in the

1    letters, Mr. Bannon believed, right or wrong, jury question,

2    that the date had been extended and continued --

3            **THE COURT:**  Can I just read to you what I said

4    last week?  At least this is my script.

5            **MR. SCHOEN:**  Sure.

6            **THE COURT:**  This is an example.  The government's

7    Omnibus Motion seeks to exclude testimony from defense

8    counsel based on their "claimed experience."

9            The motion is granted to the extent that this

10   testimony would be offered to show that the advice that

11   counsel gave Bannon included that he had a justification not

12   to comply to the extent that it tries to show that privilege

13   justified Mr. Bannon not complying or to the extent it is

14   offered to show that the subpoenas were invalid.

15           But to the extent that this testimony sheds light

16   on Bannon's subjective belief as it relates to the narrow

17   mens rea requirement if, for example, counsel had told him

18   that they were in negotiations with the Select Committee and

19   the date on the subpoenas was no longer the operative one,

20   the evidence could be relevant.  And I made very similar --

21   and I can go through, again, perhaps after a break, the

22   holdings that I reached before.

23           But I understand your position.  I do think it's

24   important to hear from the government's perspective what it

25   understood this case to be or not be about.  Because,

1      obviously, I don't want to just jump into this if there's a

2      misunderstanding.  So I have your position.

3              **MR. SCHOEN:**  One thing that Your Honor said during

4      that hearing was, Well, part of the government's omnibus

5      motion is "bar the defense of executive privilege."  And the

6      Court said, I don't think that's really been teed up

7      directly in this case.

8              And so in my next submission I said, Your Honor,

9      with all due respect, we had raised that.  I cited to the

10     places in the transcript where we had raised it.  I made

11     clear that one of our defenses -- I tried to make clear that

12     one of our defenses in the case is that executive privilege

13     excused it.  That's independent of this discussion.  This

14     discussion from our perspective, what our defense is on this

15     fixed dates business, is that Mr. Bannon --

16             **THE COURT:**  I understand.  I understand.  I

17     understand.  I get it.

18             Ms. Vaughn.

19             **MS. VAUGHN:**  So I think part of why this is

20     difficult is because we don't have any proffer of specific

21     evidence that the defendant is pointing to here.  And all

22     we're left with then is the subpoena, the defendant's letter

23     to the Committee that he's not going to comply because he

24     believes he has a privilege, the Committee's letter back

25     saying, That is not a basis not to comply, you must now do

1    so and then just a repeat on and on and on.  And the

2    Committee saying, Nope.  You're in violation.  You're in

3    violation.  We're referring you for criminal contempt.

4             So it's just difficult to respond because it's not

5    clear what exactly it is the defendant is trying to put on.

6    If what the defendant wants to argue is that the

7    government's continued effort to enforce a legal order

8    somehow waives the original requirement, there is no basis

9    in law for that.  That's like arguing that someone that

10   willfully doesn't file taxes for ten years can't be charged

11   with a crime because the IRS, once they find out, tries to

12   get them to file their taxes.  If that's what we're talking

13   about, that's just off the table.

14            If what we're talking about instead is that the

15   defendant thought that the Committee had not fully resolved

16   his objection and directed him to comply, then I don't see

17   how we can exclude language from the letters back and forth,

18   because that goes directly to how clear he understood the

19   direction to be.

20            **THE COURT:**  So then -- so then the question is,

21   does the defendant then get to introduce other testimony

22   about his understanding of the negotiations, the reasons for

23   the negotiations, the reasons for the positions his counsel

24   was taking, because that goes to, assuming a proffer,

25   whether he understood the date was fixed or malleable.

1          **MS. VAUGHN:**  To a mistake defense.

2          **THE COURT:**  Not a mistake of law.

3          **MS. VAUGHN:**  Right.

4          **THE COURT:**  A defense that I did not understand

5      the return date to be the return date.

6          **MS. VAUGHN:**  A defense that, My lawyer told me

7      that he talked to the Committee and they said, Don't worry

8      about it.  We'll work it out.

9          **THE COURT:**  That would be admissible.

10         **MS. VAUGHN:**  That's admissible.

11         **THE COURT:**  Yes.

12         And at least in theory, some of what we're

13     discussing today is similar to that.

14         **MS. VAUGHN:**  As in the discussion in the letters?

15         **THE COURT:**  Well, the discussion with Mr. Schoen.

16         So, for example, if Mr. Bannon proffered or

17     introduces evidence that he did not deliberately and

18     intentionally, as the words are used, did not deliberately

19     and intentionally default because he believed that the dates

20     were -- just using the most general terms -- flexible,

21     because of the discussions with the Committee, because of

22     the statements that had been made by his lawyer to the

23     Committee at the least, because of his understanding of how

24     these things normally get worked out, I did not believe

25     subjectively that the date was the date, the government

1    agrees that that is admissible.

2              **MS. VAUGHN:**  If the defendant wants to testify

3    that, based on these communications --

4              **THE COURT:**  Not just testify but introduce

5    evidence about that from someone.

6              **MS. VAUGHN:**  Admissible evidence, yeah.

7              **THE COURT:**  Yeah.

8              **MS. VAUGHN:**  That would be admissible.

9              If he had evidence that he made a mistake and

10   thought that he had -- that the Committee had given him more

11   time.  At the time that he failed to comply, that that was

12   not the date.

13             **THE COURT:**  Right.

14             **MS. VAUGHN:**  He could enter that.

15             **THE COURT:**  Okay.  Because I have not required the

16   specific proffer, as we discussed in the hearing, I was not

17   going to require a proffer before trial at least, I take it

18   the government's view is it needs to try to foreclose this

19   argument in its case at least in part, and it should be

20   allowed to introduce all of the letters that we've been

21   talking about to show, from the government's perspective,

22   that its position was firmed and fixed and no one could have

23   had the mistake that Mr. Bannon claims he had.

24             **MS. VAUGHN:**  Yes, that the black and white pages

25   mean what they say.

1          **THE COURT:**  Okay.  Thank you.

2          I'm going to take a recess.  I'm going to come

3     back and decide this question, and then we will do

4     peremptories.

5          Mr. Schoen, do you want to say something?

6          **MR. SCHOEN:**  I would like to, Your Honor.

7          Your Honor, I thought that the discussion at the

8     end kind of deviated from the central question that we were

9     talking about; that is, whether Mr. Bannon's proffer or the

10    testimony going forward would be to allow him to testify as

11    his belief was that executive privilege applied and that was

12    a reason.  I believed in the legitimacy of the idea --

13         **THE COURT:**  It has to be that he did not

14    believe -- it has to tend to demonstrate that he did not

15    believe the dates were fixed.

16         **MR. SCHOEN:**  Right.  That's right, Your Honor.  I

17    understand that.

18         But the additional element that's been, in my

19    view, added today or that we didn't contemplate, let's say

20    that, and that I didn't put forward as our reason for

21    raising this argument was that Mr. Bannon would put in

22    evidence also that the reason he believed -- reasons he

23    believed the dates were moved were not just the language in

24    the letters urging him to continue to comply, but also

25    because he believed that this was a legitimate belief

1    because my lawyer was telling me that executive privilege

2    applies here.  So I knew, therefore, that was a legitimate

3    thing.

4              If he's going to introduce that, he must be able

5    to testify then or to put on evidence from the lawyer about

6    those negotiations and why executive -- why this was

7    legitimate then.  Why the belief was legitimate that the

8    dates were moved because, after all, I was discussing

9    executive privilege with them.  And here's why executive --

10             **THE COURT:**  I think you missed the -- I understand

11   that, and I think the government understands that's your

12   position.

13             I think the government was saying -- Well, perhaps

14   we're talking about different things.  Forgive me.  I think

15   the government was saying, If that's what Mr. Bannon is

16   going to testify about -- obviously the government says, We

17   haven't seen that specific kind of proffer yet or introduce

18   evidence from Mr. Costello to that point.

19             But what the government is also saying is, at

20   least right now, if that's a possibility, we should be

21   permitted to put in all of these letters to try to foreclose

22   that, from our perspective, that that's a real subjective

23   belief.

24             **MR. SCHOEN:**  But we can't leave that as a

25   possibility, Judge.  Because coming in today we had

1    absolutely no intention.  We understood the Court's rulings

2    to be that we cannot raise why we believed or that we

3    believed executive privilege was actually legitimate, was

4    invoked properly and all of those things.

5              We believed we were coming in here today to argue

6    the one defense we were left with; and that was that he

7    believed the dates were not fixed; and that the reason he

8    believed that was because of the language in the letters

9    indicating continued urging, continued enforcement.

10             Not that we were going to be permitted to come in

11   and testify; and the reasons I thought the dates were moved

12   were also because my lawyer was negotiating over executive

13   privilege and over all of these other things; and therefore,

14   that's going to be the testimony that opens the doors to

15   these letters -- was never envisioned in any way.

16             That was not our position that I said the other

17   day here.  The position was we believe we should be able to

18   say the dates are malleable; that's why I introduced the

19   Trump and the Costello letter and so on; that started the

20   conversation that the dates were malleable because the

21   letters indicate -- the 19th -- here's the 19th.  This was

22   afterwards.

23             "Select Committee remains focused on expeditiously

24   obtaining the testimony and documents necessary,"

25   et cetera.  "Expect immediate compliance by Mr. Bannon."

1   The 19th.  That's after the contempt referral.  That's what

2   we are talking about, about why we believed it was still

3   open.  We firmly disagree with the other proposition.

4            Mr. Bannon has continued to say he wants to comply

5   fully with the Committee.  But if the case ends up in a

6   conviction or there's a finding of a default in the

7   subpoena, our view is the subpoena is extinguished.  He may

8   still want to voluntarily testify and comply, but the

9   subpoena would have been extinguished; that's why we believe

10  it wasn't extinguished.  There was no default because of the

11  continued urging and the continued efforts to enforce the

12  subpoena.

13           But make no mistake, Your Honor, from my

14  perspective at least, these letters shouldn't come in

15  because the Court understood we were going to argue that

16  Bannon's reason -- Bannon's belief was that the reason the

17  issue was still open was because the Committee was genuinely

18  considering executive privilege and all of that.

19           We saw their rejection of that immediately.  But

20  the accommodation process required them to continue to try

21  to get compliance and enforcement, even if they were right

22  on the legal issues.  If you want Bannon's testimony, let's

23  work something out.  That's all.

24           **THE COURT:**  Thank you, Mr. Schoen.

25           **MR. SCHOEN:**  Thank you.

1          **THE COURT:**  Ms. Vaughn, do you want to say

2     something?

3          **MS. VAUGHN:**  If the defendant wants to testify or

4     put on evidence that he made a decision not to comply with

5     the subpoena because he believed that the law excused him,

6     that's evidence of his deliberateness.  We would welcome

7     that evidence.

8          He can put it on; he made a deliberate decision to

9     follow what his attorney told him to do:  Don't do it.  The

10    law excuses you.

11         **THE COURT:**  Wait a second.

12         You moved to exclude that evidence.

13         **MS. VAUGHN:**  Yes, because it's not --

14         **THE COURT:**  Now you are welcoming it?

15         **MS. VAUGHN:**  It's not a valid defense.  If the

16    defendant wants to testify that he made a deliberate

17    decision not to comply, that's fine.

18         **THE COURT:**  But wait.  But the government -- you

19    didn't just argue that it comes in for a certain purpose.

20    You actually asked me to exclude that evidence at the very

21    beginning of this case.

22         **MS. VAUGHN:**  Yes.  The defense -- the evidence of

23    the defendant's attorney's explanation of advice of

24    counsel -- I mean, of executive privilege --

25         **THE COURT:**  What about just the fact of it?

1          You just said you welcome Mr. Bannon saying, I
2     didn't show up because I was told by my lawyer I didn't have
3     to.  You just said you would welcome that testimony, and you
4     moved to exclude it the first motion that was filed in this
5     case.

6          **MS. VAUGHN:**  We moved to exclude it as a defense,
7     Your Honor, and it's not a defense.

8          **THE COURT:**  No, you moved to exclude testimony
9     about advice of counsel.  You didn't move to exclude it for
10    certain purposes but not others.  The Motion in Limine was
11    about all advice of counsel's testimony.

12         **MS. VAUGHN:**  Because we don't think the advice is
13    relevant.

14         **THE COURT:**  But you just said it would come in if
15    it goes to whether he acted deliberately.

16         **MS. VAUGHN:**  If he wants to testify --

17         **THE COURT:**  You just said -- you just said, If
18    Mr. Bannon wants to testify, I didn't show up because my
19    lawyer told me I didn't have to -- presumably he would
20    say -- and he told me I didn't have to because there are OLC
21    opinions that make it clear you don't have, there's this
22    thing called executive privilege -- blah, blah, blah --
23    that's the advice my lawyer told me.  I had that advice;
24    and, therefore, that is the reason I didn't come.

25         You just said you would welcome that testimony

1    because it would go to deliberateness.

2            **MS. VAUGHN:**  Sorry, Your Honor.  We would not

3    welcome all those details about --

4            **THE COURT:**  But how can you separate the details

5    from the fact Mr. Bannon says, I didn't show up because my

6    lawyer told me I didn't have to?

7            **MS. VAUGHN:**  Because --

8            **THE COURT:**  You just said you would welcome that

9    testimony.  Why isn't that squarely foreclosed by *Licavoli*,

10   in the government's view?

11           **MS. VAUGHN:**  The fact that he made an objection is

12   relevant, the fact of that.

13           **THE COURT:**  But you just said you would welcome

14   this information because it goes to his deliberateness.  You

15   asked me to exclude it for all purposes in February.

16           **MS. VAUGHN:**  No, Your Honor.  I misspoke if I -- I

17   did not intend to say that we welcome all of this evidence

18   of all the advice and the OLC opinions and all of those

19   things.

20           But we still have to prove that, if he raised an

21   objection, that it was resolved.  And so this kind of takes

22   us back to the beginning of --

23           **THE COURT:**  And you agree -- and I think I heard

24   you agree earlier -- that if Mr. Bannon says, I believed

25   that the return date was flexible, malleable, whatever.  I

1    believed that.  Mr. Bannon says that.  And he can say why.

2         And if the why is, Because I understood that we

3    were in negotiations with the Committee over executive

4    privilege or the why is, My lawyer told me we were in

5    negotiations with the Committee over executive privilege or

6    the why is, Because, in my experience, there's an

7    accommodation process, and that is why I had that subjective

8    belief that the dates were flexible, that that information

9    is admissible.

10        **MS. VAUGHN:**  And then we would have to drill down

11   on what he's saying the why is, if that makes sense.  If the

12   why is, My attorney just called me and told me, Don't worry

13   about tomorrow; I've talked to the Committee or we've pushed

14   it, that's one thing.

15        **THE COURT:**  Yes, but isn't that a jury question?

16        **MS. VAUGHN:**  That is a jury question whether that

17   happened.  If the why --

18        **THE COURT:**  What I tried to be very clear about in

19   my last set of rulings was there's the question of whether

20   Mr. Bannon was, in fact, excused from appearing.  Legally

21   excused.  That's one question.

22        There's another question, which is, Is this

23   prosecution estopped by entrapment?  That's an affirmative

24   defense.

25        Another question is -- and other questions are,

1    Was there a default?  And another question is, Did he act

2    deliberately and intentionally?

3                And of course there's the question of, you know,

4    If the mens rea was a heightened standard, whether he had

5    acted knowing that his conduct was unlawful.  I've held he

6    cannot offer evidence to demonstrate that he did not know

7    his conduct was unlawful.  That's *Licavoli*.  That's advice

8    of counsel, at least at its core.

9                I've held he cannot offer evidence about the OLC

10   opinions to demonstrate entrapment by estoppel.

11               I've held that he largely can't establish that he

12   was legally excused from appearing in front of the

13   Committee.  But he still gets to argue that there wasn't

14   default; and that he didn't know there was default, in the

15   deliberate and intentional sense, because he didn't know

16   about the return date.

17               And I had intended to leave open the possibility

18   through a proffer that Mr. Bannon would be able to say, I

19   didn't know, in the sense of *Licavoli*, that the return date

20   was the return date because of something.

21               And I went through the government's Motions in

22   Limine, and I granted them in part and I denied them in part

23   and left open the possibility that the proffer about that

24   particular thing -- whatever we're talking about --

25   accommodation process, past knowledge of how one deals with

1       subpoenas, OLC opinions, discussions with counsel, could,

2       could, with the right kind of proffer, establish that he

3       didn't act deliberately and intentionally.

4              So I think the government is agreeing with me that

5       with the right kind of proffer, evidence in those categories

6       could, come in.

7              **MS. VAUGHN:**  We -- I'm not sure we agree that OLC

8       opinions could ever --

9              **THE COURT:**  Fair enough.

10             **MS. VAUGHN:**  But, yes, absolutely.  Mistake is a

11      defense.

12             **THE COURT:**  Mistake of something.

13             **MS. VAUGHN:**  Factual mistake is a defense.  Like,

14      I thought that I had raised a question.  I was waiting for

15      the Committee to answer my question.  I didn't realize that

16      it -- you know, I still had to go until --

17             **THE COURT:**  Do you agree, though -- do you agree

18      that if the testimony is, I thought -- or the evidence.  Not

19      even saying Mr. Bannon is going to testify.  I'm just

20      saying, if the evidence presented is Mr. Bannon believed

21      that the operative date was not fixed in stone because, in

22      his experience these things get worked out or because his

23      lawyer told him, not that he had a legal excuse from showing

24      up, but that he was in negotiations with the Committee or,

25      you know, he was hopeful that the Committee would not --

1    would move the return date and the like, that those would

2    be -- assuming we have a proffer to that affect -- that

3    would be admissible?

4              **MS. VAUGHN:**  Yes.

5              If the defendant wants to put on evidence that

6    he -- the dates in the subpoena, he had been excused from

7    them or they were getting moved or something like that, he

8    can put that evidence on.

9              **THE COURT:**  Right.

10             And the government's view is, of course, that that

11   didn't happen here, but that's not -- that doesn't mean

12   that's not a question for the jury or this evidence is

13   inadmissible for that purpose.  It's a question of whether

14   the proof is strong or weak or whatever.

15             **MS. VAUGHN:**  Yes.  And it's very difficult to

16   know.

17             I mean, the line is hard to draw, right, between

18   an admissible defense and an inadmissible one, where you

19   have someone relying on executive privilege or the law to

20   not comply.

21             So it's very difficult to sit here and say what

22   exactly the government's position would be on the specific

23   evidence without knowing what that is.  But as an initial

24   matter, the government has the burden to prove --

25             **THE COURT:**  He knew.

1          **MS. VAUGHN:** -- that he knew.

2          **THE COURT:** And the government wants to prove that

3    the dates were fixed, the Committee had taken a final

4    position.  So -- just so go back really quickly to the

5    letters -- why isn't it sufficient, at least right now, for

6    the government to introduce those portions of the letters

7    that say, essentially, The dates are fixed and we're not

8    moving them, rather than the reasons for that?

9          Does the government want to introduce, for

10   example, Paragraphs first, second, third -- I don't mean

11   first, second, third.  But I mean the ones that bear --

12         **MS. VAUGHN:** Yeah, bearing out the first, second

13   and third reasons.

14         **THE COURT:** Because they would tend to demonstrate

15   that, in fact, there wasn't further negotiation over these

16   questions to be had?

17         **MS. VAUGHN:** I think, as an initial matter, if we

18   wanted to redact from all the letters anything getting into

19   the merits of the claim or things like that, beyond just

20   making the claim and rejecting it, we could do that, with

21   the understanding that to the extent the defendant --

22         **THE COURT:** If we can get the proffer that we've

23   been talking about, then the government would reserve the

24   right to come back and say, No reasonable person could have

25   had that view because we had staked out clear positions on

1       these questions.

2                  **MS. VAUGHN:**  Yes.  And it could be that that door

3       is opened as soon as they cross one of the government's

4       witnesses and try to suggest that these letters are not

5       clear in some way or something.

6                  **THE COURT:**  Okay.

7                  Mr. Schoen, do you want to add anything?

8                  **MR. SCHOEN:**  Just very quickly, Your Honor.  I

9       want to be clear, when the Court is considering the

10      specifics of these letters, what our proffer is.

11                 Our proffer is -- given the fact that we are

12      barred from raising the defenses directly --

13                 **THE COURT:**  Yes.

14                 **MR. SCHOEN:**  -- then I don't want to appear to the

15      jury to be backdooring it through some other claim that on

16      its face would be unreasonable.

17                 If one were to read these letters, no one -- no

18      reasonable person would come to the conclusion that Costello

19      is going to really soften up the Committee, give them the

20      old one-two and they're going to change their position on

21      executive privilege.

22                 So the proffer would be this, Your Honor -- the

23      proffer would be this; that Mr. Bannon believed that the

24      dates were not fixed; they were malleable because of the

25      urging language in the letters, both during the period --

1    I'm specifically thinking of the October 15th and the

2    October 19th and after the period and not limited to those

3    letters but communications that indicate an urging to

4    continue compliance --

5            THE COURT:  Yeah.  Okay.

6            MR. SCHOEN:  -- and to enforce the subpoena, and

7    because he understood that's part of an accommodation

8    process.  Not because he thought the Committee was going to

9    change its position on executive privilege or any of those

10   things.  That's why it's not relevant, the Committee's

11   position, on executive privilege.

12           THE COURT:  Thank you.  That's very helpful.  I

13   appreciate that.

14           MR. SCHOEN:  Finally.

15           Oh, Evan wanted to -- sorry.

16           THE COURT:  Mr. Corcoran.

17           MR. CORCORAN:  Procedurally only --

18           THE COURT:  Yes.

19           MR. CORCORAN:  -- but not legal.

20           We'd ask for a one-month continuance, Your Honor.

21   There's been sort of a seismic shift in the understanding of

22   the parties.  I understand the Court's mind has been clear,

23   but there are a lot of moving pieces in terms of what the

24   government's evidence would be, what the defense evidence

25   would be in this case.

1          We simply have not, in the short time since our

2    joint status hearing, done the type of defense preparation

3    that we would have, if we had an understanding of what was

4    discussed just now.

5          I think we can do a month continuance without

6    giving up the work that was done yesterday to select the

7    jury, to the extent that we keep all of them.  They come

8    back in a month.  They're instructed not to see or, you

9    know, to turn off, to the extent that they can, any media on

10   this topic.  We can come back and resume in a month but

11   we'll have these things ironed out.

12         I am very concerned from the standpoint of

13   presenting a defense that we just have to deal with too many

14   moving pieces on really significant issues that go to mens

15   rea and our case on the fly.

16         So we respectfully ask the Court to consider a

17   one-month continuance.  Thank you.

18         **THE COURT:**  Thank you.

19         Ms. Vaughn.

20         **MS. VAUGHN:**  Your Honor, the facts are the facts.

21   Something happened or it didn't.  And the facts have been

22   the facts this whole case.  These claims about the dates

23   being malleable they've been making ever since their other

24   defenses were excluded.  There is no reason to continue

25   trial in this case.

1          And, by the way, their defenses appear to be this

2     waiver argument that after-the-fact efforts to get

3     compliance somehow erased the contempt.  That is civil

4     contempt.  Criminal contempt happens and that doesn't bar

5     the government from trying to get compliance later.

6          So if the defendant has evidence that at the time

7     he defaulted, he believed that the dates had been moved,

8     that's one thing.  But if the defendant wants to offer the

9     October 19th letter that says, You are in default.  We found

10    you in criminal contempt, we'd still like the information --

11    if they want to argue that that statement, We'd still like

12    the information, somehow erased his default, that's not how

13    the law works.

14         The same with the accommodation process.  If the

15    defendant wants to argue that he made a mistake because he

16    thought subpoenas never going to -- never are the dates they

17    are, that's one thing.

18         But if the defendant wants to argue that executive

19    privilege requires an accommodation process, that's a legal

20    argument.  That is a legal mistake.  That's a mistake of

21    law.

22         But this idea that they need a continuance, are

23    they manufacturing facts that don't exist?  I mean, the

24    facts are the facts.  I don't see what the basis is to ask

25    for more time, given that this is the defense they've taken

1     for the last few weeks.

2              **THE COURT:**  Thank you, Ms. Vaughn.

3              So I'm going to take a recess.  I'm going to

4     consider the arguments.  Come back.  Address the issues that

5     we've just heard, including the motion for continuance and

6     see where we are from there.

7              Ms. Lesley, can you just let the jury that's

8     waiting know it will just be a little while still?

9              Thank you.

10             (Recess from 10:17 a.m. to 10:36 a.m.)

11             **DEPUTY CLERK:**  Your Honor, we are now back on the

12    record.

13             **THE COURT:**  Thank you.

14             Here's where we are on the issues that we've

15    discussed this morning.

16             I went back and pulled the transcript from the

17    hearing that was discussed earlier.  And I think it's

18    important to reread the specific decisions I entered at that

19    time on the record about some of the questions we discussed

20    today.

21             So I discussed the implications of *Licavoli*, the

22    fact that I'm bound by the D.C. Circuit decision there and

23    the fact that "willfully" under *Licavoli* means deliberate

24    and intentional making of default only.

25             And then I discussed what the implications of

1    *Licavoli* were for at least three pending and one motion that

2    had already been decided, and this is what I said.  I am not

3    going to read the whole thing.

4           "So to the specific motions, the government's

5    Motion in Limine to exclude evidence of Department of

6    Justice subpoenas and writings is granted in part and denied

7    in part.

8           "This evidence is excluded to the extent that

9    Mr. Bannon would offer it to show that he was legally

10   excused from responding to the subpoena or that he believed

11   that he was, that the subpoena was invalid or he believed he

12   was or that he was not otherwise required to respond to it.

13          "But such evidence might, and I stress might, be

14   relevant, if Mr. Bannon was prepared to offer evidence that

15   he did not think the date on the subpoenas was operative.

16   It might be that Mr. Bannon cannot proffer that he intends

17   to introduce such evidence.  If not, then this testimony

18   would be entirely irrelevant and excluded."

19          Then talk about proffer, that I wasn't going to

20   require it at the time.  I then go on to decide the next

21   motion -- or discuss the next motion.

22          "Next is the government's Motion in Limine" -- and

23   I'm just quoting from the transcript.  "Next is the

24   government's Motion in Limine to exclude evidence of the

25   defendant's prior experience with subpoenas...I will also

1     grant this motion in part and deny it in part as well."  And

2     this is the government's Motion to Exclude evidence.  "To

3     the extent that Mr. Bannon would attempt to introduce such

4     evidence for the purpose of explaining that he did not think

5     he had to comply with the Subpoena, or that his

6     understanding of privilege exempted him from following the

7     Subpoena's commands, then it cannot be admitted.

8            "Again, if Mr. Bannon can proffer that he intends

9     to show he did not believe the return dates on the subpoenas

10    were operative, perhaps because his prior experience led him

11    to believe that the return date had been or maybe would be

12    moved, then the evidence may be relevant."

13           I go on to say, "Again, I'm not going to require a

14    proffer to that extent now."

15           Then I go on to say, "These thoughts also resolve

16    one part of the government's omnibus Motion in Limine,

17    Section 1.F of the government's Omnibus Motion seeks to

18    exclude testimony from defense counsel based on their

19    claimed experience.  Again, that motion was granted in part

20    and denied in part or that part of the motion is denied in

21    part and granted in part...

22           "The motion is granted to the extent that such

23    testimony would be offered to show that the advice that

24    counsel gave Mr. Bannon included that he had a justification

25    not to comply with the subpoenas.  To the extent it tries to

show that privilege or OLC documents justified Mr. Bannon in
not complying or to the extent that it was offered to show
that the subpoenas were invalid, or to the extent that this
testimony might shed light on Mr. Bannon's belief but -- or
to the extent this testimony might shed light on
Mr. Bannon's subjective belief as it relates to the narrow
mens rea requirement.  If, for example, counsel had told
Mr. Bannon that they were in negotiations with the Select
Committee and that the date on the subpoenas was no longer
the operative one, then the evidence might be relevant."

I then went on even to clarify, as necessary as I
said at the time, my prior decision about the government's
Motion in Limine about good faith reliance on law or advice
of counsel.

I said, "To the extent that Mr. Bannon seeks to
argue that his failure to comply with the subpoena should be
excused because he relied in good faith on the advice of his
counsel -- and thus that he did not comply with the subpoena
because he did not think it was valid as it applied to him
or he had a justification for not doing so -- such evidence
is clearly irrelevant," I said, "in light of *Licavoli*."

"But" -- I went on -- "as I just noted, to the
extent that discussions with counsel might go to
Mr. Bannon's subjective belief about whether the date on the
subpoenas was operative, that evidence could be relevant.

1    Advice of counsel that the Subpoena was invalid or that he

2    was excused from attending, of course, would remain barred."

3         It seems to me pretty clear that I had left open

4    the possibility that, as to the narrow mens rea of *Licavoli*,

5    that is, whether Mr. Bannon deliberately and intentionally

6    failed to appear or produce documents as those terms are

7    used in *Licavoli*.  I left open the possibility that

8    Mr. Bannon could introduce evidence that he did not

9    understand the return dates to be firm, for various reasons,

10   the ones I just discussed.

11        For that reason, I did not grant the government's

12   Motions in Limine in full.  I made clear that Mr. Bannon

13   could offer a proffer to that effect.  I even went on to

14   make clear that that ruling or those principles were

15   applicable to a motion that I had resolved many months

16   before about advice of counsel.

17        So what does that now mean?

18        What I heard Mr. Schoen to say earlier is that the

19   argument from Mr. Bannon at this time, and essentially the

20   proffer that would be made, is that Mr. Bannon will make the

21   argument that he did not understand the dates on the

22   subpoena to be fixed or that they were flexible or whatever

23   for two reasons.

24        One is because of the discussions with and

25   statements by the Committee about the return date.  It seems

1    to me that is plainly legitimate.  And the second is because

2    Mr. Bannon understood there to be an accommodation process

3    that was typically followed; and that he believed should be

4    followed here or would be followed here at least; and that

5    that meant that the return date could be changed.

6            That's the kind of proffer that at least leaves

7    open the possibility that such testimony or evidence could

8    come in.  But what it means is, as I understand it at least,

9    is that Mr. Bannon is not proffering, for example, that he

10   intends to argue that the return dates were open because

11   there was ongoing discussion about privilege, the privilege

12   issues were unsettled, advice from counsel about the

13   privilege issues, OLC opinions and the like.

14           If I have that right, then the government's

15   letters, those portions of the letters that discuss

16   privilege aren't, to me, plainly relevant right now.  And so

17   my view is, at least for purposes of the government's

18   witnesses, and unless and until the questions are opened on

19   cross, the government should redact from the letters that it

20   intends to introduce through its witnesses today, any

21   discussion of privilege whatsoever.

22           I do not agree that the letters are altogether

23   hearsay.  I do believe they provide notice to the defendant

24   of the Committee's bottom-line positions, at a minimum,

25   about the return date and his compliance with the subpoenas.

1          So just to use as an example, the October 8th,

2    2021 letter, I believe that all that should be admitted at

3    this time are the first two paragraphs.  I recognize

4    Mr. Bannon's argument that the whole thing is inadmissible

5    or even portions of Paragraph 2, but I think, given where I

6    am, Paragraphs 1 and 2 may be admitted.  I am talking about

7    the October 8th, 2021 letter.  Paragraph 3, then the

8    paragraphs that begin, "first, "second, "third" should be

9    redacted.

10         The first sentence of the third-to-last paragraph

11   should be redacted, because it discusses privilege.  And

12   then the remainder of that paragraph, I think, is fair as

13   are the last and second-to-last paragraphs in the October

14   8th, 2021 letter.

15         So for now, I don't think there's been a proffer

16   from Mr. Bannon that, in my view, would open the door to the

17   government, essentially, foreclosing this argument that

18   privilege was still a question up in the air.

19         If we then go to the Government's Exhibit 7,

20   Paragraph 1 can be introduced.  Paragraph 2 needs to be

21   redacted.  Paragraph 3 needs to be redacted.  Paragraph 4

22   needs to be redacted.  Paragraphs 5 -- and, by the way, I

23   include the footnotes.  For paragraphs that are going to be

24   redacted, the footnotes need to be redacted too.  So that

25   means Footnotes 1 and 2 in this letter need to be redacted,

1        but the penultimate and ultimate paragraphs in this letter

2        are admitted or can be admitted through the witness.

3                    Turning to Government's Exhibit 9, which is really

4        two letters, that single paragraph is -- I don't see

5        anything problematic in it as it relates to the discussion

6        we've had today.

7                    Then paragraphs -- the next letter, which is the

8        second October 19th, 2021 letter, the first two paragraphs

9        are admissible.  The third is not or at least now needs to

10       be redacted.  And the last paragraph doesn't need to be

11       redacted.

12                   **MS. VAUGHN:**  Does not?

13                   **THE COURT:**  Does not.

14                   Ms. Vaughn.

15                   **MS. VAUGHN:**  Yes, Your Honor.  So with respect to

16       Exhibit 5 --

17                   **THE COURT:**  Yes.

18                   **MS. VAUGHN:**  -- the first sentence, "Regardless of

19       any purported privilege assertion by Mr. Trump" --

20                   **THE COURT:**  Yes.

21                   **MS. VAUGHN:**  We do think it is important to keep

22       the instruction that he has an ongoing obligation to produce

23       documents.

24                   **THE COURT:**  Yes.  That's fair.  We can redact the

25       first clause of that sentence.

1          MS. VAUGHN:  Okay.

2          THE COURT:  It's actually -- I meant to raise

3     that.  I believe that is correct or appropriate.

4          MS. VAUGHN:  And then in Exhibit 6, which we

5     didn't address, the government would intend to redact the

6     third paragraph --

7          THE COURT:  Fair enough.

8          I was going through the documents covered by the

9     defendant's motion.

10         MS. VAUGHN:  Yes.

11         THE COURT:  I am happy to discuss the other

12    documents here.

13         So the government is attempting, I take it then,

14    to attempt to introduce the letters from Mr. Bannon's

15    counsel in its case-in-chief?

16         MS. VAUGHN:  Yes.

17         THE COURT:  Okay.

18         MS. VAUGHN:  We think they are necessary to put

19    the Committee's direction back to him in context.

20         THE COURT:  Okay.

21         MS. VAUGHN:  So we would propose redacting the

22    third paragraph of that letter and the last paragraph of

23    that letter.

24         And with respect to --

25         THE COURT:  So why don't the second and fourth

1    paragraphs in this letter raise the concerns that the third

2    and fifth do?

3            **MS. VAUGHN:**  We are not opposed to some additional

4    redactions, but we do think we should keep the parts that

5    show that he is reiterating the position -- or reiterating

6    his intent not to comply.

7            **THE COURT:**  Uh-huh.  I agree.

8            It's a little bit more complicated in these

9    letters because they are intertwined.

10           **MS. VAUGHN:**  Yeah.

11           **THE COURT:**  The statements are intertwined.

12           **MS. VAUGHN:**  So I think, for example, "we probably

13   -- (indiscernible) -- is inappropriate," that should

14   probably stay.

15           "Mr. Bannon's position is not in defiance of your

16   Committee's subpoena.  Rather, Mr. Bannon noted his counsel

17   stated they were invoking and directed us not to produce."

18   We could cut out that they were invoking privileges and just

19   cut to "directed us not to produce" or something like that.

20           I mean, the testimony that I would expect from our

21   witness is that we got a response back on October 14th.  It

22   didn't raise any new basis not to comply.

23           **THE COURT:**  Yes.  Right.

24           I'm just attempting to see whether we cannot

25   unduly introduce issues that at this point really aren't in

1    the case since we don't have a proffer from -- of the kind

2    that I left the door open to.

3              MS. VAUGHN:  Yes, Your Honor.

4              I don't know -- at this point I'm not sure our --

5    we would end up calling our witness until after lunch.

6    Would it help to spend more time on this at lunch or --

7              THE COURT:  Yes.  Why don't we do that.  Let's do

8    this -- I am happy to hear from you, Mr. Corcoran.

9              What I should say is, we did launch into a

10   discussion of the documents, and I suppose I have a motion

11   for continuance that I need to address.  Is that what you

12   were going to ask about?

13             MR. CORCORAN:  Well, I just wanted to -- I am very

14   concerned about redaction on the fly of documents and trying

15   to keep track of how that affects the case; that the jury's

16   not sworn yet, but we are supposed to open very quickly.  So

17   obviously I want the Court to rule on our motion to

18   continue.

19             But the one reason I jumped to my feet is because

20   the Court said that there had been no proffer on a certain

21   issue at this point in time by the defendant.  And we don't

22   have to make a proffer until the defense case.  So --

23             THE COURT:  I was taking Mr. Schoen at his word

24   that those were the only two proffers that you thought were

25   reasonable and legitimate to make based on where we are.

1          **MR. CORCORAN:**  I think Mr. Schoen's initial

2     statement was, We just want to tell what happened here.

3          I don't know what the -- what proffer the Court

4     hasn't heard that would otherwise be excluded.  But I know

5     you've said at different times in the past that if

6     Mr. Bannon -- if we have evidence that shows that Mr. Bannon

7     believed that the dates were flexible, that we would be able

8     to produce evidence to that effect.

9          **THE COURT:**  Yes.

10          **MR. CORCORAN:**  And we do have evidence --

11          **THE COURT:**  The question is we now have the

12     government saying, We are entitled to put on evidence that

13     shows that no person could have believed the dates were

14     flexible because of reasons A, B, C or D.  Reason C is

15     addressed in this letter.

16          If you are leaving open the possibility that any

17     and all proffers are still on the table, notwithstanding

18     what Mr. Schoen said earlier, then I can't foreclose the

19     possibility that the proffer will be made later.  And I

20     can't assume, therefore, that the government is wrong; that

21     these statements in the letters are irrelevant in light

22     of -- or at least in my view because of the limited

23     proffers.

24          So let me just -- I apologize, first of all.  The

25     motion to continue is denied.  We have a jury that's just

1    about picked.  I think I was really clear in my decisions

2    last week.  To the extent that I wasn't, the parties could

3    have asked for clarification.  I read them again.  I read

4    them on the record.  I don't think it could have been

5    clearer that I was foreclosing the evidence for, sort of,

6    the direct purpose but not as to mens rea.  That's been true

7    for a while.

8             The case has been around now for eight months or

9    longer.  We've briefed these issues a lot.  And to the

10   extent that there were concerns about my decisions last

11   week, and at the request for clarification they could have

12   been discussed at the pretrial conference.  So the Motion to

13   Continue is denied.

14            Recognizing --

15            MR. CORCORAN:  Your Honor, on that point can I be

16   heard?

17            THE COURT:  Yes.

18            MR. CORCORAN:  The jury was told that the case

19   may -- today's Tuesday and the jury's not been sworn.  And

20   they've been told that the case may go into next week.  And

21   I've identified, I think, to you -- and I am happy to

22   expound on it -- the reasons why not just the defense but

23   both parties understood that the scope of the case and the

24   scope of the testimony that would be allowed at trial was

25   different than the Court intended --

1          **THE COURT:**  I understand your position.  The --

2          **MR. CORCORAN:**  And I am not asking for a month.

3     I'm simply asking until Monday, which would only be a few

4     days' continuance.  If you won't give us Monday, maybe start

5     the trial on Friday --

6          **THE COURT:**  I am open to that.

7          **MR. CORCORAN:**  Okay.

8          **THE COURT:**  In the sense that I want to see where

9     we can get to without moving things by even a day, here's

10    what we're going to do.  We're not going to end up starting

11    the opening today until after lunch, no matter what, because

12    even if we picked the jury, I would have to give the

13    pretrial instructions and the like.

14         What I want to have happen is I want the parties

15    to consider the discussion we've had this morning, to be

16    prepared to come back at lunch -- sorry, after lunch to

17    discuss whether, from Mr. Bannon's perspective, he intends

18    to make any argument of the kind that I thought I had heard

19    Mr. Schoen to foreclose, but I understand that you might

20    want to reconsider that question about, for example, what

21    the proffer would be or whether Mr. Bannon wants to leave

22    open the possibility of a proffer that would make relevant

23    to some extent the conversations between the parties and the

24    documents between the parties and letters between the

25    parties about executive privilege.

1           The reason I was inclined to foreclose the

2      government from introducing those portions of its letters

3      that discuss privilege is because if there's not going to be

4      such a proffer from Mr. Bannon about his subjective belief

5      being based in part on privilege, it seemed to me very

6      likely irrelevant and running the risk of confusing the

7      jury.

8           If, however, Mr. Bannon wants to leave open the

9      possibility that he will make that kind of proffer, then my

10     view is that the government has the right to try to

11     foreclose that by saying, Those issues were resolved.  No

12     one could have had the subjective belief that this was still

13     an open question; and that the dates were not malleable or

14     were malleable or whatever.  A double negative there.

15          All I want to know, from Mr. Bannon's perspective,

16     is whether he wants to leave that kind of proffer open,

17     recognizing that he doesn't fully and finally have to make

18     that proffer until later.

19          I will say, if Mr. Bannon wants to leave it open,

20     then I do think I will end up concluding that those letters

21     will be admissible entirely because they will tee up a

22     question around the discussions around privilege and whether

23     the Committee was taking a firm position that was relevant

24     to mens rea.

25          Once I understand Mr. Bannon's view on that after

1      lunch, I'll take up whether there have to be redactions and

2      whether those redactions in the discussions warrant delaying

3      the trial a bit.  I'm not foreclosing the possibility of

4      delaying the trial by a day just to make sure that we get

5      our ducks in a row.

6              I understand the position.

7              **MR. CORCORAN:**  Thank you, Your Honor.

8              **THE COURT:**  Ms. Vaughn?

9              So what I have in mind is the parties essentially

10     have two hours to consider what we discussed today, their

11     positions and the like.  If they even want to talk about

12     just this, that would be fine too.

13             What I want to do is I want to be back on the

14     record at 1:00.  I want to hear from Mr. Bannon about the

15     kinds of proffers in light of what I said this morning that

16     he might want to make, the government's view in light of

17     what he says about what he thinks that requires as to its

18     documents.

19             If we are, after lunch, where we are now -- at

20     least from the government's perspective, putting aside delay

21     and the like -- if we are, after lunch, where we are now, I

22     would like the government to have gone through all the

23     documents and to have thought seriously about redactions

24     that attempt to draw this line.  Okay?

25             I understand and I agree with Mr. Corcoran that

1    not doing it on the fly -- and I know that was the

2    government's suggestion as well -- makes sense.  And

3    especially in light of the fact that we wouldn't be doing

4    openings until after lunch anyway, I don't think it's a

5    major delay.

6            And I agree with Mr. Corcoran that at least a

7    modest delay, at the moment, in the scheme of things, is not

8    a problem, as long as we can start to get things a little

9    more buttoned down.

10           So we are in recess until 1:00.

11           Thank you.

12           (Recess at 10:59 a.m.)

1              **C E R T I F I C A T E**

2

3          I, **Lorraine T. Herman, Official Court Reporter,**

4    certify that the foregoing is a true and correct transcript

5    of the record of proceedings in the above-entitled matter.

6

7

8

9

10    _____July 20, 2022_____          _/s/_____
                **DATE**                    **Lorraine T. Herman**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DEPUTY CLERK: [2]**
392/2 440/11
**MR. CORCORAN: [11]**
392/11 437/17 437/19
450/13 451/1 451/10
452/15 452/18 453/2
453/7 455/7
**MR. SCHOEN: [53]**
398/8 398/10 399/14
399/18 399/23 400/2
400/19 401/15 401/19
401/22 402/4 402/22
403/8 407/9 407/14
407/20 408/11 408/20
410/15 410/17 410/19
410/22 411/9 411/14
412/8 412/17 412/23
413/5 413/12 413/14
413/19 414/2 414/7
414/15 415/3 415/21
416/3 416/8 416/10
416/12 417/2 417/7
417/12 419/5 420/3
424/6 424/16 425/24
427/25 436/8 436/14
437/6 437/14
**MS. VAUGHN: [70]**
**THE COURT: [135]**

**/**
**/s [1]** 457/10

**1**
**1.F [1]** 442/17
**100-6 [1]** 391/15
**10:17 [1]** 440/10
**10:36 [1]** 440/10
**10:59 [1]** 456/12
**14 [1]** 392/16
**14th [3]** 404/15 406/1
449/21
**15th [2]** 410/5 437/1
**1793 [1]** 391/13
**18th [3]** 410/6 412/2
412/5
**19 [1]** 391/5
**19th [7]** 410/6 426/21
426/21 427/1 437/2
439/9 447/8
**1:00 [2]** 455/14 456/10
**1:21-670 [1]** 391/3

**2**
**20 [1]** 457/10
**20001 [2]** 391/12
391/24
**201 [1]** 391/19
**202-252-1793 [1]**
391/13
**2021 [5]** 393/3 446/2
446/7 446/14 447/8
**2021-670 [1]** 392/3
**2022 [2]** 391/5 457/10
**21201 [1]** 391/19
**2225 [1]** 391/20
**25th [1]** 391/19
**2800 [1]** 391/15

**3**
**333 [1]** 391/23
**334-395-6611 [1]**
391/16
**36106 [1]** 391/16

**4**
**410-385-2225 [1]**
391/20
**4700-C [1]** 391/23
**4th [1]** 391/12

**5**
**555 [1]** 391/12

**6**
**6611 [1]** 391/16
**670 [2]** 391/3 392/3

**8**
**8th [4]** 406/14 446/1
446/7 446/14

**9**
**9:17 [1]** 391/6

**A**
**a.m [4]** 391/6 440/10
440/10 456/12
**able [4]** 425/4 426/17
432/18 451/7
**about [89]**
**above [1]** 457/5
**above-entitled [1]**
457/5
**absolutely [3]** 398/10
426/1 433/10
**acceptable [1]** 406/23
**accommodation [10]**

418/1 418/2 418/17
427/20 431/7 432/25
437/7 439/14 439/19
445/2
**according [4]** 398/18
400/7 401/16 402/9
**acknowledging [1]**
400/17
**act [2]** 432/1 433/3
**acted [2]** 429/15 432/5
**Action [1]** 391/3
**actual [1]** 405/2
**actually [6]** 393/7
404/23 418/3 426/3
428/20 448/2
**add [1]** 436/7
**added [2]** 397/24
424/19
**additional [3]** 397/3
424/18 449/3
**address [5]** 403/18
407/1 440/4 448/5
450/11
**addressed [2]** 395/2
451/15
**addresses [1]** 405/12
**admissible [15]**
395/20 395/22 398/12
400/18 403/2 422/9
422/10 423/1 423/6
423/8 431/9 434/3
434/18 447/9 454/21
**admitted [5]** 442/7
446/2 446/6 447/2
447/2
**advice [23]** 398/24
404/4 415/10 416/3
416/4 416/23 417/3
417/4 419/10 428/23
429/9 429/11 429/12
429/23 429/23 430/18
432/7 442/23 443/13
443/17 444/1 444/16
445/12
**advised [1]** 417/6
**affect [2]** 392/20 434/2
**affects [1]** 450/15
**affirmative [1]** 431/23
**after [16]** 404/12
409/13 409/15 410/7
419/21 425/8 427/1
437/2 439/2 450/5
453/11 453/16 454/25
455/19 455/21 456/4

**afterwards [1]** 426/22
**again [9]** 407/22
409/18 415/18 415/22
419/21 442/8 442/13
442/19 452/3
**Agent [1]** 392/9
**agree [10]** 416/7
430/23 430/24 433/7
433/17 433/17 445/22
449/7 455/25 456/6
**agreed [2]** 403/12
418/14
**agreeing [1]** 433/4
**agrees [1]** 423/1
**air [1]** 446/18
**AL [1]** 391/16
**all [55]** 392/15 393/8
394/17 395/7 395/8
396/14 398/20 399/1
399/20 399/24 400/8
400/11 401/2 402/4
403/15 405/16 405/20
405/21 407/24 409/9
409/22 409/24 410/7
413/10 413/17 413/19
413/21 415/12 415/23
416/24 417/16 417/19
418/11 420/9 420/21
423/20 425/8 425/21
426/4 426/13 427/18
427/23 429/11 430/3
430/15 430/17 430/18
430/18 435/18 438/7
446/2 451/17 451/24
454/15 455/22
**allow [5]** 397/6 403/21
412/19 415/5 424/10
**allowed [5]** 399/15
403/23 409/24 423/20
452/24
**almost [1]** 417/10
**along [2]** 397/12
417/20
**already [2]** 399/16
441/2
**also [10]** 392/8 397/23
397/24 416/21 424/22
424/24 425/19 426/12
441/25 442/15
**altogether [1]** 445/22
**always [2]** 404/16
**am [13]** 395/23 411/25
415/7 438/12 441/2
446/6 446/6 448/11

## A

**am... [5]** 450/8 450/13 452/21 453/2 453/6
**AMANDA [2]** 391/10 392/7
**Amendment [1]** 405/9
**AMERICA [2]** 391/2 392/3
**among [1]** 411/18
**another [3]** 431/22 431/25 432/1
**answer [3]** 405/16 406/4 433/15
**answering [1]** 406/4
**any [19]** 401/2 401/12 401/13 401/24 402/8 404/11 410/2 415/24 416/13 418/14 420/20 426/15 437/9 438/9 445/20 447/19 449/22 451/16 453/18
**anything [4]** 396/18 435/18 436/7 447/5
**anyway [1]** 456/4
**apologize [1]** 451/24
**Appeals [1]** 399/16
**appear [3]** 436/14 439/1 444/6
**APPEARANCES [1]** 391/9
**appearing [2]** 431/20 432/12
**applicable [1]** 444/15
**applied [4]** 400/5 418/15 424/11 443/19
**applies [1]** 425/2
**apply [4]** 400/5 401/1 417/23 417/25
**appreciate [1]** 437/13
**appropriate [1]** 448/3
**are [75]**
**aren't [2]** 445/16 449/25
**argue [15]** 392/24 395/4 409/7 409/9 409/25 421/6 426/5 427/15 428/19 432/13 439/11 439/15 439/18 443/16 445/10
**arguing [1]** 421/9
**argument [17]** 392/17 393/4 401/10 415/24 418/19 418/23 418/24 418/25 423/19 424/21

439/2 439/20 444/19 444/21 446/4 446/17 453/18
**arguments [2]** 407/13 440/4
**around [12]** 392/18 394/20 397/20 403/16 406/8 408/17 412/3 412/22 414/22 452/8 454/22 454/22
**articulating [1]** 406/21
**as [53]** 392/20 393/1 393/3 396/14 396/16 398/4 398/4 401/9 402/24 403/10 405/4 406/12 407/23 408/12 410/5 410/5 410/6 410/6 410/23 412/10 413/4 414/3 418/1 418/17 419/16 422/14 422/18 423/16 424/10 424/20 425/24 429/6 434/23 435/17 436/3 436/3 442/1 443/6 443/11 443/11 443/19 443/22 444/4 444/6 445/8 446/1 446/12 447/5 452/6 455/17 456/2 456/8 456/8
**aside [1]** 455/20
**ask [4]** 437/20 438/16 439/24 450/12
**asked [4]** 416/5 428/20 430/15 452/3
**asking [2]** 453/2 453/3
**assert [1]** 394/25
**asserted [2]** 393/5 402/17
**assertion [5]** 401/12 401/23 402/24 403/16 447/19
**assertions [1]** 401/8
**assume [3]** 394/16 417/12 451/20
**assuming [4]** 397/6 413/24 421/24 434/2
**attempt [3]** 442/3 448/14 455/24
**attempting [2]** 448/13 449/24
**attending [1]** 444/2
**attorney [3]** 391/15 428/9 431/12
**attorney's [1]** 428/23

## ATTORNEYS [1]

391/11
**authority [1]** 399/7
**Avenue [1]** 391/23

## B

**back [19]** 394/19 395/19 395/21 409/10 420/24 421/17 424/3 430/22 435/4 435/24 438/8 438/10 440/4 440/11 440/16 448/19 449/21 453/16 455/13
**backdoor [1]** 413/10
**backdooring [1]** 436/15
**Baltimore [1]** 391/19
**Bankruptcy [1]** 391/22
**BANNON [86]**
**Bannon's [22]** 394/19 395/7 395/19 395/21 399/7 411/1 414/21 418/3 419/16 424/9 427/16 427/16 427/22 443/4 443/6 443/24 446/4 448/14 449/15 453/17 454/15 454/25
**bar [4]** 400/11 415/23 420/5 439/4
**barred [5]** 398/15 399/2 399/10 436/12 444/2
**based [7]** 409/17 409/23 419/8 423/3 442/18 450/25 454/5
**basis [5]** 414/4 420/25 421/8 439/24 449/22
**be [113]**
**bear [1]** 435/11
**bearing [1]** 435/12
**because [85]**
**been [31]** 394/11 395/2 395/3 398/4 399/2 405/18 406/21 407/20 419/2 420/6 422/22 423/20 424/18 427/9 434/6 435/23 437/21 437/22 438/21 438/23 439/7 441/2 442/11 446/15 450/20 452/4 452/6 452/8 452/12 452/19 452/20
**before [14]** 391/8 392/15 393/24 400/24

404/21 405/5 405/5 405/8 412/19 413/9 415/19 419/22 423/17 444/16
**begin [1]** 446/8
**beginning [5]** 392/6 403/3 406/17 428/21 430/22
**being [8]** 393/13 394/5 395/25 397/16 399/21 402/5 438/23 454/5
**belief [14]** 396/25 416/13 419/16 424/11 424/25 425/7 425/23 427/16 431/8 443/4 443/6 443/24 454/4 454/12
**believe [17]** 393/2 409/11 409/25 412/10 412/13 415/15 416/20 422/24 424/14 424/15 426/17 427/9 442/9 442/11 445/23 446/2 448/3
**believed [41]** 396/2 400/10 400/21 400/21 405/4 410/1 410/1 410/2 411/18 411/24 412/16 413/9 413/15 413/25 414/5 414/8 416/22 418/19 419/1 422/19 424/12 424/22 424/23 424/25 426/2 426/3 426/5 426/7 426/8 427/2 428/5 430/24 431/1 433/20 436/23 439/7 441/10 441/11 445/3 451/7 451/13
**believes [1]** 420/24
**believing [1]** 409/8
**best [1]** 405/6
**better [1]** 410/11
**between [6]** 401/18 404/11 434/17 453/23 453/24 453/24
**bewildered [1]** 415/21
**beyond [1]** 435/19
**bit [2]** 449/8 455/3
**black [1]** 423/24
**blah [3]** 429/22 429/22 429/22
**both [4]** 401/19 402/10 436/25 452/23

**B**

**bottom [2]** 403/24 445/24
**bottom-line [2]** 403/24 445/24
**bound [1]** 440/22
**breadth [1]** 398/25
**break [1]** 419/21
**brief [3]** 410/14 410/21 410/22
**briefed [1]** 452/9
**briefly [1]** 392/18
**bring [1]** 392/16
**broad [1]** 417/15
**buddy [1]** 410/10
**burden [1]** 434/24
**business [1]** 420/15
**buttoned [1]** 456/9

**C**

**called [2]** 429/22 431/12
**calling [1]** 450/5
**can [30]** 397/3 401/6 402/4 405/14 405/21 406/15 408/14 415/14 416/16 417/2 417/15 419/3 419/21 421/17 428/8 430/4 431/1 434/8 435/22 438/5 438/9 438/10 440/7 442/8 446/20 447/2 447/24 452/15 453/9 456/8
**can't [8]** 400/20 402/10 405/13 421/10 425/24 432/11 451/18 451/20
**cannot [6]** 426/2 432/6 432/9 441/16 442/7 449/24
**CARL [1]** 391/8
**case [39]** 392/3 398/13 398/15 398/16 398/17 399/2 399/9 399/13 401/16 401/24 402/8 402/9 402/21 403/1 403/5 403/18 403/20 415/22 416/10 416/22 419/25 420/7 420/12 423/19 427/5 428/21 429/5 437/25 438/15 438/22 438/25 448/15 450/1 450/15 450/22 452/8 452/18 452/20

**cases [4]** 393/22 402/6 405/7 405/10
**categories [1]** 433/5
**central [1]** 424/8
**certain [4]** 409/3 428/19 429/10 450/20
**certainly [3]** 397/3 412/23 417/10
**certify [1]** 457/4
**cetera [4]** 411/13 412/21 415/12 426/25
**Chairman [3]** 400/5 409/13 418/12
**Chairman Thompson [1]** 409/13
**Chairman Thompson's [2]** 400/5 418/12
**change [3]** 410/4 436/20 437/9
**changed [1]** 445/5
**charged [1]** 421/10
**Charles [1]** 391/19
**chief [1]** 448/15
**Circuit [1]** 440/22
**cited [1]** 420/9
**civil [1]** 439/3
**claim [6]** 404/19 405/23 409/3 435/19 435/20 436/15
**claimed [3]** 404/13 419/8 442/19
**claims [3]** 406/13 423/23 438/22
**clarification [2]** 452/3 452/11
**clarify [1]** 443/11
**clause [1]** 447/25
**clear [21]** 404/14 406/19 414/23 414/24 415/2 417/24 418/12 420/11 420/11 421/5 421/18 429/21 431/18 435/25 436/5 436/9 437/22 444/3 444/12 444/14 452/1
**clearer [1]** 452/5
**clearly [6]** 405/18 405/25 406/13 414/11 414/20 443/21
**COLUMBIA [1]** 391/1
**come [27]** 392/5 398/11 400/20 401/4

**408/8 411/11 411/20 413/19 413/21 415/20 417/16 424/2 426/10 427/14 429/14 429/24 433/6 435/24 436/18 438/7 438/10 440/4 445/8 453/16
**comes [2]** 403/19 428/19
**coming [4]** 405/21 418/16 425/25 426/5
**commands [1]** 442/7
**comment [1]** 416/4
**Committee [57]** 393/24 393/25 394/5 394/13 394/19 394/20 395/6 395/17 397/17 397/25 399/7 399/21 400/18 401/12 401/14 402/15 404/14 404/22 405/8 405/11 405/14 405/24 406/12 406/12 408/18 409/11 411/8 417/22 418/3 418/8 418/9 418/10 418/20 419/18 420/23 421/2 421/15 422/7 422/21 422/23 423/10 426/23 427/5 427/17 431/3 431/5 431/13 432/13 433/15 433/24 433/25 435/3 436/19 437/8 443/9 444/25 454/23
**Committee's [15]** 393/6 393/14 394/7 394/22 397/25 402/2 402/19 402/25 406/18 408/3 420/24 437/10 445/24 448/19 449/16
**communicated [2]** 402/2 417/5
**communicating [1]** 401/14
**communications [4]** 395/12 409/10 423/3 437/3
**compliance [11]** 393/20 403/24 406/19 409/14 416/18 426/25 427/21 437/4 439/3 439/5 445/25
**complicated [1]** 449/8
**complied [2]** 408/23

**comply [25]** 400/22 400/25 404/5 404/21 409/3 410/5 410/11 414/22 419/12 420/23 420/25 421/16 423/11 424/24 427/4 427/8 428/4 428/17 434/20 442/5 442/25 443/16 443/18 449/6 449/22
**complying [5]** 398/1 400/22 405/18 419/13 443/2
**con [1]** 401/17
**concerned [4]** 397/7 406/20 438/12 450/14
**concerns [3]** 397/2 449/1 452/10
**concluding [1]** 454/20
**conclusion [1]** 436/18
**conduct [2]** 432/5 432/7
**conducted [1]** 399/21
**conference [1]** 452/12
**confused [1]** 396/13
**confusing [1]** 454/6
**confusion [1]** 397/3
**Congress [1]** 405/8
**consider [7]** 397/14 397/20 415/13 438/16 440/4 453/15 455/10
**considered [1]** 402/24
**considering [2]** 427/18 436/9
**Constitution [1]** 391/23
**constitutional [1]** 417/14
**constitutionally [1]** 418/2
**contemplate [1]** 424/19
**contempt [9]** 405/7 409/15 410/7 421/3 427/1 439/3 439/4 439/4 439/10
**context [2]** 405/8 448/19
**continuance [7]** 437/20 438/5 438/17 439/22 440/5 450/11 453/4
**continue [9]** 409/15 410/3 424/24 427/20

**C**

continue... [5] 437/4
438/24 450/18 451/25
452/13
continued [8] 409/12
419/2 421/7 426/9
426/9 427/4 427/11
427/11
conversation [1]
426/20
conversations [1]
453/23
conviction [1] 427/6
CORCORAN [6]
391/17 392/12 437/16
450/8 455/25 456/6
core [1] 432/8
correct [3] 393/10
448/3 457/4
correspondence [2]
404/11 405/21
Costello [12] 393/3
400/10 404/4 412/1
412/7 414/10 417/5
417/6 418/8 425/18
426/19 436/18
Costello's [1] 417/9
could [38] 395/9
406/20 406/23 408/15
411/1 411/11 411/17
411/20 412/4 412/4
412/9 413/10 413/11
413/24 414/19 414/25
415/20 419/20 423/14
423/22 433/1 433/2
433/6 433/8 435/20
435/24 436/2 443/25
444/8 444/13 445/5
445/7 449/18 451/13
452/2 452/4 452/11
454/12
counsel [27] 392/5
398/24 415/10 416/3
416/4 416/23 417/3
417/4 419/8 419/11
419/17 421/23 428/24
429/9 432/8 433/1
442/18 442/24 443/7
443/14 443/18 443/23
444/1 444/16 445/12
448/15 449/16
counsel's [2] 392/9
429/11
couple [1] 418/5

course [5] 406/9 410/4
432/3 434/10 444/2
COURT [23] 391/1
391/22 397/2 398/15
399/2 399/14 399/16
407/10 412/23 414/3
414/4 414/17 416/5
416/19 420/6 427/15
436/9 438/16 450/17
450/20 451/3 452/25
457/3
Court's [7] 396/23
409/5 409/17 409/23
413/7 426/1 437/22
courts [2] 391/22
405/12
covered [1] 448/8
CR [1] 391/3
craft [1] 404/12
CRC [1] 391/21
creating [1] 400/13
crime [1] 421/11
criminal [4] 392/3
421/3 439/4 439/10
critical [1] 399/8
cross [3] 413/3 436/3
445/19
cross-examination [1]
413/3
crystally [1] 406/13
cut [2] 449/18 449/19

**D**

D'Amico [1] 392/9
D.C [2] 391/11 440/22
date [57] 395/4 395/10
402/12 402/13 402/13
402/18 402/19 402/23
403/4 403/24 403/24
403/25 405/4 408/22
409/8 409/10 409/11
409/12 409/19 410/10
412/2 412/5 412/11
412/11 412/16 413/9
414/1 414/23 414/24
415/2 415/15 417/19
418/6 418/18 418/21
419/2 419/19 421/25
422/5 422/5 422/25
422/25 423/12 430/25
432/16 432/19 432/20
433/21 434/1 441/15
442/11 443/9 443/24
444/25 445/5 445/25

dates [41] 393/17
395/13 395/14 396/2
408/17 409/25 410/1
411/2 411/3 411/13
411/18 411/24 413/15
414/5 414/8 416/17
416/20 420/15 422/19
424/15 424/23 425/8
426/7 426/11 426/18
426/20 431/8 434/6
435/3 435/7 436/24
438/22 439/7 439/16
442/9 444/9 444/21
445/10 451/7 451/13
454/13
DAVID [3] 391/14
391/15 392/12
day [12] 391/7 398/20
400/23 401/3 402/4
402/14 416/15 417/21
418/23 426/17 453/9
455/4
Day 1 [1] 398/20
days [1] 418/5
days' [1] 453/4
DC [3] 391/4 391/12
391/24
dcd.uscourts.gov [1]
391/24
deadline [4] 406/1
408/24 409/3 409/13
deal [3] 399/18 408/14
438/13
deals [2] 409/4 432/25
decide [3] 414/21
424/3 441/20
decided [2] 409/21
441/2
decision [5] 428/4
428/8 428/17 440/22
443/12
decisions [3] 440/18
452/1 452/10
default [13] 405/13
410/2 410/2 414/22
422/19 427/6 427/10
432/1 432/14 432/14
439/9 439/12 440/24
defaulted [1] 439/7
defendant [28] 391/6
391/14 394/11 395/12
395/15 398/1 398/4
404/10 404/13 404/18

405/19 420/21
421/5 421/6 421/15
421/21 423/2 428/3
428/16 434/5 435/21
439/6 439/8 439/15
439/18 445/23 450/21
defendant's [8] 393/25
396/25 407/3 411/12
420/22 428/23 441/25
448/9
defendants [1] 405/8
defense [27] 397/1
403/1 413/6 416/22
418/14 419/7 420/5
420/14 422/1 422/4
422/6 426/6 428/15
428/22 429/6 429/7
431/24 433/11 433/13
434/18 437/24 438/2
438/13 439/25 442/18
450/22 452/22
defenses [10] 399/1
403/6 413/19 413/21
415/24 420/11 420/12
436/12 438/24 439/1
defiance [2] 393/24
449/15
definition [1] 393/8
defy [1] 394/1
delay [3] 455/20 456/5
456/7
delaying [2] 455/2
455/4
delegated [1] 399/6
deliberate [5] 414/21
428/8 428/16 432/15
440/23
deliberately [6] 422/17
422/18 429/15 432/2
433/3 444/5
deliberateness [3]
428/6 430/1 430/14
demands [1] 393/20
demonstrate [5]
411/12 424/14 432/6
432/10 435/14
demonstrating [1]
397/17
denied [8] 410/24
413/22 432/22 441/6
442/20 442/20 451/25
452/13
deny [1] 442/1
Department [1] 441/5

**D**

**depending [1]** 392/19
**deposition [1]** 406/1
**details [2]** 430/3 430/4
**determined [1]** 399/16
**deviated [1]** 424/8
**did [30]** 395/14 400/11
401/4 411/4 411/22
411/22 414/13 415/1
415/6 415/10 415/15
415/19 422/4 422/17
422/18 422/24 424/13
424/14 430/17 432/1
432/6 441/15 442/4
442/9 443/18 443/19
444/8 444/11 444/21
450/9
**didn't [33]** 396/20
398/20 398/21 398/23
401/1 409/3 409/25
412/10 412/25 413/21
416/20 418/15 424/19
424/20 428/19 429/2
429/2 429/9 429/18
429/19 429/20 429/24
430/5 430/6 432/14
432/15 432/19 433/3
433/15 434/11 438/21
448/5 449/22
**different [4]** 411/25
425/14 451/5 452/25
**difficult [5]** 417/4
420/20 421/4 434/15
434/21
**direct [2]** 415/13 452/6
**directed [3]** 421/16
449/17 449/19
**direction [2]** 421/19
448/19
**directive [1]** 409/14
**directly [9]** 399/5
399/20 401/19 404/22
406/2 407/25 420/7
421/18 436/12
**disagree [1]** 427/3
**discuss [11]** 394/20
396/12 397/19 404/8
407/18 408/9 441/21
445/15 448/11 453/17
454/3
**discussed [12]** 399/11
413/1 423/16 438/4
440/15 440/17 440/19
440/25 440/25 444/10

**discusses [1]** 446/11
**discussing [3]** 417/20
422/13 425/8
**discussion [14]**
406/20 412/7 412/22
417/13 420/13 420/14
422/14 422/15 424/7
445/11 445/21 447/5
450/10 453/15
**discussions [13]**
395/18 396/14 403/15
406/8 407/4 411/19
412/3 422/21 433/1
443/23 444/24 454/22
455/2
**DISTRICT [4]** 391/1
391/1 391/8 391/22
**do [29]** 392/15 392/21
396/13 396/18 405/22
413/2 419/23 420/25
424/3 424/5 428/1
428/9 428/9 433/17
433/17 435/20 436/7
438/5 445/22 446/23
447/21 449/2 449/4
450/7 450/7 451/10
453/10 454/20 455/13
**documents [14]**
399/20 402/13 407/24
426/24 443/1 444/6
447/23 448/8 448/12
450/10 450/14 453/24
455/18 455/23
**does [7]** 402/12
404/14 421/21 435/9
444/17 447/12 447/13
**doesn't [13]** 393/7
393/25 396/13 396/19
399/18 400/5 417/23
417/24 421/10 434/11
439/4 447/10 454/17
**doing [3]** 443/20 456/1
456/3
**don't [32]** 392/23
393/9 396/5 397/22
407/9 408/1 409/17
412/2 413/7 420/1
420/6 420/20 421/16
422/7 428/9 429/12
429/21 431/12 435/10
436/14 439/23 439/24
446/15 447/4 448/25
450/1 450/4 450/7

450/12 451/3 452/4
456/4
**done [2]** 438/2 438/6
**door [4]** 413/8 436/2
446/16 450/2
**doors [1]** 426/14
**double [1]** 454/14
**down [4]** 406/24
407/15 431/10 456/9
**draw [2]** 434/17
455/24
**drill [1]** 431/10
**ducks [1]** 455/5
**due [1]** 420/9
**during [3]** 415/25
420/3 436/25

**E**

**earlier [4]** 430/24
440/17 444/18 451/18
**early [1]** 416/10
**effect [5]** 403/17
405/20 409/1 444/13
451/8
**effort [1]** 421/7
**efforts [3]** 409/15
427/11 439/2
**eight [1]** 452/8
**element [1]** 424/18
**elements [1]** 393/16
**end [7]** 396/24 408/22
410/17 424/8 450/5
453/10 454/20
**ends [1]** 427/5
**enforce [4]** 409/16
421/7 427/11 437/6
**enforcement [2]** 426/9
427/21
**enough [2]** 433/9
448/7
**ensure [2]** 396/13
396/18
**enter [6]** 404/11
404/16 405/19 407/17
408/15 423/14
**entered [1]** 440/18
**entirely [2]** 441/18
454/21
**entirety [2]** 395/20
408/9
**entitled [7]** 401/5
409/6 409/6 409/9
409/18 451/12 457/5
**entrapment [5]** 396/16

450/2 451/3 452/4
**done [2]** 438/2 438/6
399/12 417/8 431/23
432/10
**entrapped [1]** 415/11
**envisioned [1]** 426/15
**erased [2]** 439/3
439/12
**especially [2]** 397/23
456/3
**essentially [4]** 435/7
444/19 446/17 455/9
**establish [3]** 402/1
432/11 433/2
**establishing [1]**
404/23
**estopped [1]** 431/23
**estoppel [5]** 396/16
399/12 415/11 417/8
432/10
**et [4]** 411/13 412/21
415/12 426/25
**et cetera [4]** 411/13
412/21 415/12 426/25
**evaluate [1]** 402/6
**EVAN [3]** 391/17
392/12 437/15
**even [17]** 393/7 394/8
401/4 407/17 408/9
411/4 412/6 418/14
418/18 427/21 433/19
443/11 444/13 446/5
453/9 453/12 455/11
**ever [2]** 433/8 438/23
**everyone [1]** 392/14
**evidence [52]** 396/8
396/9 396/11 411/21
417/2 419/20 420/21
422/17 423/5 423/6
423/9 424/22 425/5
425/18 428/4 428/6
428/7 428/12 428/20
428/22 430/17 432/6
432/9 433/5 433/18
433/20 434/5 434/8
434/12 434/23 437/24
437/24 439/6 441/5
441/8 441/13 441/14
441/17 441/24 442/2
442/4 442/12 443/10
443/20 443/25 444/8
445/7 451/6 451/8
451/10 451/12 452/5
**evidentiary [1]** 392/17
**exactly [6]** 393/11
400/10 400/21 417/20

# E

**exactly... [2]** 421/5
434/22
**examination [1]** 413/3
**example [18]** 393/1
403/21 404/3 404/15
405/4 406/1 411/25
416/3 417/3 419/6
419/17 422/16 435/10
443/7 445/9 446/1
449/12 453/20
**exception [2]** 393/10
412/24
**exclude [20]** 411/5
411/22 411/22 413/24
414/13 414/19 414/25
419/7 421/17 428/12
428/20 429/4 429/6
429/8 429/9 430/15
441/5 441/24 442/2
442/18
**excluded [4]** 438/24
441/8 441/18 451/4
**excludes [1]** 417/16
**excuse [3]** 405/18
418/15 433/23
**excused [15]** 394/11
396/21 404/13 415/8
415/8 415/9 420/13
428/5 431/20 431/21
432/12 434/6 441/10
443/17 444/2
**excuses [1]** 428/10
**executive [41]** 394/20
396/15 397/13 398/24
399/24 400/2 400/4
400/10 404/6 404/19
408/9 409/20 409/21
416/23 417/14 417/23
417/24 418/11 418/13
418/15 418/21 420/5
420/12 424/11 425/1
425/6 425/9 425/9
426/3 426/12 427/18
428/24 429/22 431/3
431/5 434/19 436/21
437/9 437/11 439/18
453/25
**exempted [1]** 442/6
**Exhibit [5]** 393/2
446/19 447/3 447/16
448/4
**exhibits [1]** 394/18
**exist [1]** 439/23

**expect [3]** 402/14
426/25 449/20
**expected [1]** 405/15
**expeditiously [1]**
426/23
**experience [6]** 419/8
431/6 433/22 441/25
442/10 442/19
**explain [1]** 406/3
**explaining [1]** 442/4
**explanation [1]** 428/23
**expound [1]** 452/22
**extended [5]** 402/13
402/23 417/19 418/22
419/2
**extending [1]** 403/25
**extent [26]** 393/22
394/12 394/24 397/2
397/19 404/18 419/9
419/12 419/13 419/15
435/21 438/7 438/9
441/8 442/3 442/14
442/22 442/25 443/2
443/3 443/5 443/15
443/23 452/2 452/10
453/23
**extinguished [3]**
427/7 427/9 427/10

# F

**face [2]** 393/20 436/16
**fact [16]** 393/14 395/9
395/10 401/11 408/23
428/25 430/5 430/11
430/12 431/20 435/15
436/11 439/2 440/22
440/23 456/3
**facts [7]** 438/20
438/20 438/21 438/22
439/23 439/24 439/24
**Factual [1]** 433/13
**failed [2]** 423/11 444/6
**failure [2]** 414/22
443/16
**fair [5]** 410/10 433/9
446/12 447/24 448/7
**faith [3]** 414/4 443/13
443/17
**far [2]** 398/4 407/21
**FBI [1]** 392/9
**February [1]** 430/15
**feet [1]** 450/19
**few [2]** 440/1 453/3
**fifth [5]** 405/9 405/11

**figure [1]** 406/24
**file [2]** 421/10 421/12
**filed [2]** 410/15 429/4
**filing [1]** 401/9
**final [3]** 395/6 395/8
435/3
**finally [2]** 437/14
454/17
**find [1]** 421/11
**finding [1]** 427/6
**fine [2]** 428/17 455/12
**firm [4]** 412/10 412/11
444/9 454/23
**firmed [1]** 423/22
**firmly [1]** 427/3
**first [15]** 392/17
393/12 393/16 407/2
429/4 435/10 435/11
435/12 446/3 446/8
446/10 447/8 447/18
447/25 451/24
**fit [1]** 393/7
**fixed [19]** 409/12
409/25 411/2 413/13
413/14 413/16 415/16
416/17 416/21 420/15
421/25 423/22 424/15
426/7 433/21 435/3
435/7 436/24 444/22
**Flaxer [1]** 393/22
**flexible [10]** 395/4
405/5 412/18 414/1
422/20 430/25 431/8
444/22 451/7 451/14
**Floor [1]** 391/19
**fly [3]** 438/15 450/14
456/1
**focus [2]** 400/1 417/8
**focused [2]** 414/11
426/23
**follow [1]** 428/9
**followed [3]** 445/3
445/4 445/4
**following [1]** 442/6
**footnotes [3]** 446/23
446/24 446/25
**foreclose [6]** 423/18
425/21 451/18 453/19
454/1 454/11
**foreclosed [3]** 404/3
404/6 430/9
**foreclosing [3]** 446/17
452/5 455/3

**foregoing [1]** 457/4
**Forgive [1]** 425/14
**form [1]** 403/20
**formal [1]** 401/12
**former [2]** 401/1
417/15
**forth [2]** 409/10 421/17
**forward [3]** 392/5
424/10 424/20
**found [2]** 399/14 439/9
**fourth [1]** 448/25
**Frank [1]** 392/9
**frankly [1]** 403/11
**Friday [1]** 453/5
**front [1]** 432/12
**full [5]** 395/6 395/8
398/23 408/13 444/12
**fully [3]** 421/15 427/5
454/17
**further [2]** 411/11
435/15

# G

**GASTON [2]** 391/11
392/8
**gave [2]** 419/11 442/24
**general [1]** 422/20
**generally [1]** 407/8
**genuinely [2]** 418/20
427/17
**get [14]** 396/13 408/6
420/17 421/12 421/21
422/24 427/21 433/22
435/22 439/2 439/5
453/9 455/4 456/8
**gets [1]** 432/13
**getting [2]** 434/7
435/18
**give [6]** 397/5 414/3
414/3 436/19 453/4
453/12
**given [7]** 403/1 403/5
418/10 423/10 436/11
439/25 446/5
**giving [1]** 438/6
**go [20]** 395/18 403/23
405/16 405/17 411/1
412/4 412/12 412/15
413/24 419/21 430/1
433/16 435/4 438/14
441/20 442/13 442/15
443/23 446/19 452/20
**goes [7]** 393/25 395/5
405/2 421/18 421/24

**G**

**goes... [2]** 429/15 430/14
**going [40]** 392/24 397/13 398/18 400/3 401/4 404/18 411/21 413/2 415/7 416/25 417/4 417/5 417/18 417/19 420/23 423/17 424/2 424/2 424/10 425/4 425/16 426/10 426/14 427/15 433/19 436/19 436/20 437/8 439/16 440/3 440/3 441/3 441/19 442/13 446/23 448/8 450/12 453/10 453/10 454/3
**gone [1]** 455/22
**good [10]** 392/2 392/7 392/10 392/11 392/14 398/8 398/9 414/4 443/13 443/17
**got [4]** 398/19 398/21 404/22 449/21
**government [47]** 392/6 392/24 394/18 395/22 396/7 397/3 397/22 398/19 400/14 400/16 402/15 403/11 403/22 404/16 406/23 407/11 407/12 407/16 407/17 407/18 408/14 409/1 413/23 415/23 422/25 425/11 425/13 425/15 425/16 425/19 428/18 433/4 434/24 435/2 435/6 435/9 435/23 439/5 445/19 446/17 448/5 448/13 451/12 451/20 454/2 454/10 455/22
**government's [45]** 393/2 394/21 395/5 395/16 395/19 396/11 397/6 399/2 400/14 401/10 401/20 403/6 405/1 408/8 410/24 411/4 413/18 413/22 419/6 419/24 420/4 421/7 423/18 423/21 430/10 432/21 434/10 434/22 436/3 437/24 441/4 441/22 441/24 442/2 442/16 442/17

445/17 446/19 447/3 455/16 455/20 456/2
**grant [3]** 411/4 442/1 444/11
**granted [10]** 410/23 416/1 416/2 416/6 419/9 432/22 441/6 442/19 442/21 442/22
**guess [1]** 400/16
**GULLAND [1]** 391/11

**H**

**had [65]** 394/11 394/12 394/13 395/2 395/3 395/6 398/1 398/4 404/20 404/21 405/8 405/18 405/23 405/24 405/25 408/18 408/23 409/8 409/13 409/20 412/11 413/16 413/25 416/22 417/23 419/2 419/11 419/17 420/9 420/10 421/15 422/22 423/9 423/10 423/10 423/23 423/23 425/25 429/23 431/7 432/4 432/17 433/14 433/16 433/23 434/6 435/3 435/16 435/25 435/25 438/3 439/7 441/2 442/5 442/11 442/24 443/7 443/20 444/3 444/15 447/6 450/20 453/15 453/18 454/12
**hadn't [6]** 401/12 402/18 402/19 406/12 409/19 409/21
**handcuffed [1]** 400/20
**hanging [1]** 405/14
**happen [2]** 434/11 453/14
**happened [4]** 410/3 431/17 438/21 451/2
**happens [1]** 439/4
**happy [4]** 404/16 448/11 450/8 452/21
**hard [1]** 434/17
**has [22]** 393/17 397/2 398/15 398/23 399/14 401/23 401/23 403/11 406/21 407/12 407/20 418/10 420/24 424/13

437/22 439/6 447/22 452/8 454/10
**hasn't [1]** 451/4
**have [70]**
**haven't [3]** 399/10 406/9 425/17
**having [3]** 395/7 403/22 417/16
**he [130]**
**he's [3]** 420/23 425/4 431/11
**hear [11]** 392/17 396/20 398/18 400/3 400/9 400/13 407/5 417/11 419/24 450/8 455/14
**heard [8]** 398/20 400/6 430/23 440/5 444/18 451/4 452/16 453/18
**hearing [6]** 412/18 413/17 420/4 423/16 438/2 440/17
**hearsay [13]** 393/8 393/9 394/17 398/11 398/14 401/18 401/21 402/3 402/4 402/20 407/22 407/24 445/23
**heightened [1]** 432/4
**held [4]** 396/15 432/5 432/9 432/11
**help [1]** 450/6
**helpful [1]** 437/12
**here [17]** 396/21 406/11 407/2 414/16 415/14 415/23 418/7 420/21 425/2 426/5 426/17 434/11 434/21 445/4 445/4 448/12 451/2
**here's [6]** 392/15 408/25 425/9 426/21 440/14 453/9
**herman [4]** 391/21 391/24 457/3 457/10
**him [20]** 400/25 404/13 404/25 405/21 406/3 412/19 415/7 418/15 419/17 421/16 423/10 424/10 424/24 428/5 428/9 433/23 442/6 442/10 443/19 448/19
**himself [1]** 400/7

**his [40]** 394/15 395/24 396/7 398/16 398/24 399/1 399/1 400/21 404/23 404/24 404/25 405/1 406/13 412/13 412/20 416/13 418/16 421/16 421/22 421/23 422/22 422/23 424/11 428/6 428/9 430/14 432/5 432/7 433/22 433/22 439/12 442/5 442/10 443/16 443/17 445/25 449/6 449/16 450/23 454/4
**Hold [1]** 407/15
**holdings [1]** 419/22
**honest [1]** 418/10
**Honor [35]** 392/2 392/7 392/11 392/25 398/8 399/15 399/19 403/3 403/8 407/14 407/23 408/25 411/9 411/14 413/5 416/15 417/8 420/3 420/8 424/6 424/7 424/16 427/13 429/7 430/2 430/16 436/8 436/22 437/20 438/20 440/11 447/15 450/3 452/15 455/7
**HONORABLE [1]** 391/8
**hopeful [1]** 433/25
**hopefully [2]** 392/16 392/21
**hours [1]** 455/10
**how [13]** 396/13 399/23 399/24 405/14 412/3 417/15 421/17 421/18 422/23 430/4 432/25 439/12 450/15
**however [2]** 418/16 454/8
**huh [2]** 397/8 449/7

**I**

**I'll [1]** 455/1
**I'm [24]** 397/7 406/20 408/16 410/14 410/19 411/7 414/16 414/17 415/8 415/21 424/2 424/2 433/7 433/19 437/1 440/3 440/3 440/22 441/23 442/13

**I**

**I'm... [4]** 449/24 450/4 453/3 455/3
**I've [7]** 399/11 403/12 431/13 432/5 432/9 432/11 452/21
**idea [3]** 413/5 424/12 439/22
**identified [1]** 452/21
**imagine [1]** 406/15
**immediate [1]** 426/25
**immediately [1]** 427/19
**implications [3]** 403/16 440/21 440/25
**importance [1]** 399/8
**important [5]** 396/1 408/6 419/24 440/18 447/21
**inadmissible [5]** 398/14 402/20 434/13 434/18 446/4
**inappropriate [1]** 449/13
**inclined [1]** 454/1
**include [3]** 399/4 408/22 446/23
**included [2]** 419/11 442/24
**includes [1]** 396/24
**including [1]** 440/5
**independent [5]** 398/12 401/7 401/23 402/7 420/13
**independently [1]** 402/8
**indicate [2]** 426/21 437/3
**indicated [1]** 392/20
**indicating [1]** 426/9
**indiscernible [1]** 449/13
**information [11]** 399/5 399/7 403/19 413/23 414/14 414/15 414/16 430/14 431/8 439/10 439/12
**initial [3]** 434/23 435/17 451/1
**inquiry [2]** 399/21 404/6
**instead [2]** 404/12 421/14
**instructed [1]** 438/8

**instruction [7]** 396/25 397/4 397/5 397/10 397/12 402/22 447/22
**instructions [2]** 396/24 453/13
**intend [3]** 411/22 430/17 448/5
**intended [4]** 418/22 418/24 432/17 452/25
**intends [5]** 441/16 442/8 445/10 445/20 453/17
**intent [3]** 394/1 404/24 449/6
**intention [1]** 426/1
**intentional [3]** 414/21 432/15 440/24
**intentionally [5]** 422/18 422/19 432/2 433/3 444/5
**intertwined [2]** 449/8 449/11
**introduce [15]** 392/5 403/22 421/21 423/4 423/20 425/4 425/17 435/6 435/9 441/17 442/3 444/8 445/20 448/14 449/25
**introduced [2]** 426/18 446/20
**introduces [1]** 422/17
**introducing [1]** 454/2
**invalid [4]** 419/14 441/11 443/3 444/1
**invocation [1]** 398/24
**invoke [1]** 417/15
**invoked [4]** 400/6 400/11 401/1 426/4
**invoking [2]** 449/17 449/18
**ironed [1]** 438/11
**irrelevant [6]** 396/16 402/20 441/18 443/21 451/21 454/6
**IRS [1]** 421/11
**is [188]**
**isn't [7]** 393/12 394/4 394/8 399/22 430/9 431/15 435/5
**issue [9]** 396/5 399/9 399/12 401/24 402/8 404/20 404/20 427/17 450/21
**issues [17]** 396/1

396/13 397/19 402/3 408/10 410/25 417/14 417/17 427/22 438/14 440/4 440/14 445/12 445/13 449/25 452/9 454/11
**it [124]**
**it's [39]** 393/2 393/7 393/16 394/3 394/24 396/5 398/14 398/15 400/13 401/20 401/21 401/22 401/25 402/4 402/5 402/7 406/23 407/24 408/2 408/3 408/23 414/11 416/25 417/5 418/12 419/23 421/4 421/4 428/13 428/15 429/7 434/13 434/15 434/21 437/10 440/17 448/2 449/8 456/4
**its [19]** 393/20 394/23 397/18 398/25 398/25 401/23 402/24 403/16 403/16 407/12 423/19 423/22 432/8 436/16 437/9 445/20 448/15 454/2 455/17

**J**

**joint [1]** 438/2
**joints [1]** 415/16
**judge [11]** 391/8 398/21 399/15 400/24 401/5 412/8 413/20 414/16 415/21 418/19 425/25
**judge's [1]** 401/16
**July [2]** 391/5 457/10
**jump [1]** 420/1
**jumped [1]** 450/19
**jurors [1]** 392/16
**jury [24]** 391/7 395/18 396/13 396/19 396/24 398/18 400/3 401/6 403/23 408/1 412/12 413/9 414/20 419/1 431/15 431/16 434/12 436/15 438/7 440/7 451/25 452/18 453/12 454/7
**jury's [2]** 450/15 452/19
**just [58]** 393/1 395/14

396/15 397/19 402/3 398/14 399/11 400/23 401/5 405/12 406/12 406/14 406/23 407/15 410/14 410/20 411/25 414/17 415/7 417/7 419/3 420/1 421/1 421/4 421/13 422/20 423/4 424/23 428/19 428/25 429/1 429/3 429/14 429/17 429/17 429/25 430/8 430/13 431/12 433/19 435/4 435/19 436/8 438/4 438/13 440/5 440/7 440/8 441/23 443/22 444/10 446/1 449/18 449/24 450/13 451/2 451/24 451/25 452/22 455/4 455/12
**Justice [1]** 441/6
**justification [3]** 419/11 442/24 443/20
**justified [2]** 419/13 443/1

**K**

**keep [5]** 418/18 438/7 447/21 449/4 450/15
**kind [11]** 398/15 424/8 425/17 430/21 433/2 433/5 445/6 450/1 453/18 454/9 454/16
**kinds [1]** 455/15
**knew [10]** 402/18 405/15 405/17 406/11 412/5 414/24 414/24 425/2 434/25 435/1
**know [23]** 396/14 403/13 409/1 410/11 413/7 415/2 418/8 418/20 432/3 432/6 432/14 432/15 432/19 433/16 433/25 434/16 438/9 440/8 450/4 451/3 451/4 454/15 456/1
**knowing [2]** 432/5 434/23
**knowledge [1]** 432/25

**L**

**land [1]** 392/19
**language [14]** 410/3 410/12 410/21 414/8

# L

**language... [10]**
414/11 414/12 416/17
416/18 416/21 418/25
421/17 424/23 426/8
436/25
**largely [1]** 432/11
**last [17]** 403/4 406/16
406/16 406/16 406/18
408/24 410/12 419/4
431/19 440/1 446/10
446/13 446/13 447/10
448/22 452/2 452/10
**later [4]** 418/5 439/5
451/19 454/18
**launch [1]** 450/9
**law [14]** 391/15 396/25
404/13 405/2 416/5
416/8 421/9 422/2
428/5 428/10 434/19
439/13 439/21 443/13
**lawyer [15]** 413/16
415/10 416/24 417/13
422/6 422/22 425/1
425/5 426/12 429/2
429/19 429/23 430/6
431/4 433/23
**least [24]** 392/18
394/18 396/15 398/19
409/18 411/15 419/4
422/12 422/23 423/17
423/19 425/20 427/14
432/8 435/5 441/1
445/4 445/6 445/8
445/17 447/9 451/22
455/20 456/6
**leave [6]** 425/24
432/17 453/21 454/8
454/16 454/19
**leaves [1]** 445/6
**leaving [1]** 451/16
**led [1]** 442/10
**left [12]** 402/9 405/14
405/24 410/25 411/10
415/14 420/22 426/6
432/23 444/3 444/7
450/2
**legal [7]** 404/20 421/7
427/22 433/23 437/19
439/19 439/20
**legally [3]** 431/20
432/12 441/9
**legislative [2]** 399/6
399/15

**legitimacy [1]** 424/12
**legitimate [8]** 399/5
424/25 425/2 425/7
425/7 426/3 445/1
450/25
**Lesley [1]** 440/7
**let [3]** 407/5 440/7
451/24
**let's [7]** 393/1 394/16
417/7 417/12 424/19
427/22 450/7
**letter [28]** 393/3 393/4
394/4 395/5 397/7
400/7 402/11 402/11
402/16 402/25 403/4
406/14 410/4 420/22
420/24 426/19 439/9
446/2 446/7 446/14
446/25 447/1 447/7
447/8 448/22 448/23
449/1 451/15
**letters [77]**
**letting [1]** 400/19
**Licavoli [10]** 403/13
430/9 432/7 432/19
440/21 440/23 441/1
443/21 444/4 444/7
**Licavoli's [1]** 404/7
**light [10]** 403/11
403/12 419/15 443/4
443/5 443/21 451/21
455/15 455/16 456/3
**like [25]** 393/22 396/17
396/22 397/13 397/24
399/5 403/17 403/25
405/19 408/19 415/18
421/9 424/6 433/13
434/1 434/7 435/19
439/10 439/11 445/13
449/19 453/13 455/11
455/21 455/22
**likely [1]** 454/6
**limine [11]** 410/24
413/22 415/23 429/10
432/22 441/5 441/22
441/24 442/16 443/13
444/12
**limited [2]** 437/2
451/22
**limiting [3]** 397/5
397/9 397/10
**line [4]** 403/24 434/17
445/24 455/24
**lines [2]** 397/12 404/6

**Listen [2]** 410/10
417/23
**litigate [1]** 399/15
**little [4]** 410/15 440/8
449/8 456/8
**long [2]** 402/5 456/8
**longer [3]** 419/19
443/9 452/9
**look [3]** 396/19 406/10
406/14
**lorraine [4]** 391/21
391/24 457/3 457/10
**lot [3]** 405/7 437/23
452/9
**lunch [9]** 450/5 450/6
453/11 453/16 453/16
455/1 455/19 455/21
456/4

# M

**made [16]** 393/24
401/9 411/23 415/1
419/20 420/10 422/22
423/9 428/4 428/8
428/16 430/11 439/15
444/12 444/20 451/19
**main [2]** 414/9 417/8
**major [1]** 456/5
**make [19]** 401/6 406/6
406/18 415/14 415/19
416/16 420/11 427/13
429/21 444/14 444/20
450/22 450/25 453/18
453/22 454/9 454/17
455/4 455/16
**makes [4]** 411/20
416/20 431/11 456/2
**making [3]** 435/20
438/23 440/24
**malleable [15]** 405/5
410/1 411/13 411/18
411/24 414/5 414/8
421/25 426/18 426/20
430/25 436/24 438/23
454/13 454/14
**mandated [1]** 418/2
**manufacturing [1]**
439/23
**many [2]** 438/13
444/15
**matter [9]** 393/5
393/13 394/6 401/15
402/17 434/24 435/17
453/11 457/5

**MATTHEW [1]** 391/17
**may [7]** 407/22 410/23
427/7 442/12 446/6
452/19 452/20
**maybe [6]** 403/4
407/10 414/17 416/21
442/11 453/4
**MC [1]** 391/19
**me [24]** 403/10 407/5
413/16 417/5 417/6
417/16 422/6 425/1
425/14 428/20 429/19
429/20 429/23 430/6
430/15 431/4 431/12
431/12 433/4 444/3
441/1 445/16 451/24
454/5
**mean [14]** 403/13
409/12 418/4 418/5
418/6 423/25 428/24
434/11 434/17 435/10
435/11 439/23 444/17
449/20
**meaning [1]** 409/7
**means [5]** 396/10
397/14 440/23 445/8
446/25
**meant [2]** 445/5 448/2
**media [1]** 438/9
**mens [12]** 395/9
396/16 399/11 404/7
413/25 419/17 432/4
438/14 443/7 444/4
452/6 454/24
**mention [2]** 415/24
416/12
**merits [3]** 394/25
397/20 435/19
**might [11]** 410/3 411/6
441/13 441/13 441/16
443/4 443/5 443/10
443/23 453/19 455/16
**mind [4]** 394/15 411/2
437/22 455/9
**minimum [1]** 445/24
**missed [1]** 425/10
**misspoke [1]** 430/16
**mistake [13]** 405/1
405/2 422/1 422/2
423/9 423/23 427/13
433/10 433/12 433/13
439/15 439/20 439/20
**misunderstanding [1]**
420/2

467

**M**

**modest [1]** 456/7
**MOLLY [2]** 391/11 392/8
**moment [1]** 456/7
**Monday [2]** 453/3 453/4
**Montgomery [1]** 391/16
**month [6]** 437/20 438/5 438/8 438/10 438/17 453/2
**months [2]** 444/15 452/8
**more [6]** 408/6 423/10 439/25 449/8 450/6 456/9
**more-important [1]** 408/6
**morning [12]** 391/7 392/2 392/7 392/10 392/11 392/14 392/21 398/8 398/9 440/15 453/15 455/15
**most [6]** 396/15 403/15 406/15 411/5 411/5 422/20
**motion [29]** 411/4 415/23 416/5 419/7 419/9 420/5 429/4 429/10 440/5 441/1 441/5 441/21 441/21 441/22 441/24 442/1 442/2 442/16 442/17 442/19 442/20 442/22 443/13 444/15 448/9 450/10 450/17 451/25 452/12
**motions [7]** 410/24 413/18 413/22 416/1 432/21 441/4 444/12
**move [2]** 429/9 434/1
**moved [15]** 395/10 402/18 402/19 409/8 413/10 424/23 425/8 426/11 428/12 429/4 429/6 429/8 434/7 439/7 442/12
**moving [6]** 401/18 418/18 435/8 437/23 438/14 453/9
**Mr [10]** 392/13 393/6 394/19 398/18 401/13 401/14 412/25 413/25

**Mr. [120]**
**Mr. Bannon [73]**
**Mr. Bannon's [17]** 395/7 395/19 395/21 399/7 411/1 414/21 418/3 424/9 443/4 443/6 443/24 446/4 448/14 449/15 453/17 454/15 454/25
**Mr. Corcoran [4]** 437/16 450/8 455/25 456/6
**Mr. Costello [8]** 400/10 404/4 412/1 412/7 417/5 417/6 418/8 425/18
**Mr. Costello's [1]** 417/9
**Mr. Schoen [14]** 398/7 403/7 404/2 406/21 407/6 407/7 422/15 424/5 427/24 436/7 444/18 450/23 451/18 453/19
**Mr. Schoen's [1]** 451/1
**Mr. Thompson's [1]** 400/15
**Mr. Trump [1]** 447/19
**Ms [3]** 420/18 438/19 447/14
**Ms. [7]** 392/20 392/23 403/9 428/1 440/2 440/7 455/8
**Ms. Lesley [1]** 440/7
**Ms. Vaughn [6]** 392/20 392/23 403/9 428/1 440/2 455/8
**much [1]** 396/20
**mulling [1]** 418/20
**multiple [1]** 405/10
**must [5]** 404/15 406/4 414/20 420/25 425/4
**my [41]** 394/4 401/17 402/22 405/11 405/11 405/11 407/9 408/20 408/21 409/5 413/16 414/10 415/10 416/24 417/13 418/23 418/25 419/4 420/8 422/6 424/18 425/1 426/12 427/13 429/2 429/18 429/23 430/5 431/4

433/15 443/12 445/17 446/16 450/19 451/22 452/1 452/10 454/9

**N**

**narrow [3]** 419/16 443/6 444/4
**necessary [4]** 412/25 426/24 443/11 448/18
**need [6]** 406/24 439/22 446/24 446/25 447/10 450/11
**needed [1]** 404/5
**needs [5]** 423/18 446/20 446/21 446/22 447/9
**negative [1]** 454/14
**negotiated [1]** 395/25
**negotiating [1]** 426/12
**negotiation [4]** 408/16 415/17 417/18 435/15
**negotiations [9]** 412/21 419/18 421/22 421/23 425/6 431/3 431/5 433/24 443/8
**never [11]** 400/6 400/9 402/13 402/23 405/12 412/11 418/22 418/23 426/15 439/16 439/16
**new [1]** 449/22
**next [7]** 420/8 441/20 441/21 441/22 441/23 447/7 452/20
**NICHOLS [1]** 391/8
**no [33]** 391/3 395/12 398/10 398/12 401/7 401/23 402/7 404/14 407/12 410/1 416/2 416/4 417/10 418/1 418/5 418/6 419/19 421/8 423/22 426/1 427/10 427/13 429/8 430/16 435/24 436/17 436/17 438/24 443/9 450/20 451/13 453/11 454/11
**nobody [2]** 413/6 413/7
**None [1]** 401/15
**Nope [1]** 421/2
**normally [1]** 422/24
**not [159]**
**noted [2]** 443/22

**notice [11]** 393/6 394/21 394/22 396/6 397/18 402/25 404/21 404/22 408/3 408/4 445/23
**notified [1]** 398/4
**notwithstanding [2]** 418/9 451/17
**now [21]** 394/16 394/23 399/4 401/9 413/10 416/19 420/25 425/20 428/14 435/5 438/4 440/11 442/14 444/17 445/16 446/15 447/9 451/11 452/8 455/19 455/21
**number [2]** 394/17 410/25
**NW [2]** 391/12 391/23

**O**

**objection [11]** 393/23 394/13 395/1 395/15 397/23 405/24 409/6 409/18 421/16 430/11 430/21
**obligation [2]** 415/11 447/22
**obtaining [1]** 426/24
**obviously [6]** 392/19 403/13 407/4 420/1 425/16 450/17
**October [14]** 393/3 404/15 406/1 406/14 412/2 412/5 437/1 437/2 439/9 446/1 446/7 446/13 447/8 449/21
**October 14th [3]** 404/15 406/1 449/21
**OFC [1]** 391/11
**off [2]** 421/13 438/9
**offense [1]** 393/16
**offer [7]** 397/3 432/6 432/9 439/8 441/9 441/14 444/13
**offered [17]** 393/4 393/13 394/5 397/11 397/16 397/24 400/22 401/3 401/21 401/25 402/5 408/2 408/3 419/10 419/14 442/23 443/2

**O**

**offering [4]** 396/4
396/7 401/11 402/16
**offers [2]** 395/22
395/24
**Official [2]** 391/22
457/3
**Oh [2]** 409/19 437/15
**Okay [15]** 394/14
396/9 398/2 399/23
414/2 418/5 423/15
424/1 436/6 437/5
448/1 448/17 448/20
453/7 455/24
**OLC [13]** 403/17
412/14 413/12 415/9
416/13 416/23 429/20
430/18 432/9 433/1
433/7 443/1 445/13
**old [1]** 436/20
**omnibus [4]** 419/7
420/4 442/16 442/17
**once [3]** 410/22
421/11 454/25
**one [31]** 395/3 396/2
408/13 408/14 410/10
414/9 414/23 419/19
420/3 420/11 420/12
423/22 426/6 431/14
431/21 432/25 434/18
436/3 436/17 436/17
436/20 437/20 438/17
439/8 439/17 441/1
442/16 443/10 444/24
450/19 454/12
**one's [1]** 402/6
**one-month [2]** 437/20
438/17
**one-sided [1]** 408/13
**one-two [1]** 436/20
**ones [2]** 435/11
444/10
**ongoing [3]** 415/17
445/11 447/22
**only [7]** 397/16 400/13
401/22 437/17 440/24
450/24 453/3
**open [26]** 405/25
410/25 411/10 411/16
412/13 413/8 414/11
415/14 427/3 427/17
432/17 432/23 444/3
444/7 445/7 445/10
446/16 450/2 450/16

454/8 454/13 454/16
454/19
**opened [2]** 436/3
445/18
**opening [1]** 453/11
**openings [1]** 456/4
**opens [1]** 426/14
**operative [6]** 419/19
433/21 441/15 442/10
443/10 443/25
**opinion [1]** 400/5
**opinions [12]** 403/17
412/14 413/12 415/9
416/13 416/23 429/21
430/18 432/10 433/1
433/8 445/13
**opposed [1]** 449/3
**order [2]** 409/17 421/7
**ordered [1]** 400/25
**orders [1]** 409/5
**original [1]** 421/8
**other [20]** 395/12
398/11 399/24 401/7
404/6 410/12 411/19
414/23 416/15 417/20
418/14 418/23 421/21
426/13 426/16 427/3
431/25 436/15 438/23
448/11
**others [1]** 429/10
**otherwise [3]** 401/13
441/12 451/4
**our [26]** 409/2 409/2
409/6 409/18 409/23
410/9 417/21 417/22
418/22 420/11 420/12
420/14 420/14 424/20
425/22 426/16 427/7
436/10 436/11 438/1
438/15 449/20 450/4
450/5 450/17 455/5
**out [16]** 400/23 403/17
405/14 406/24 409/24
415/12 416/24 421/11
422/8 422/24 427/23
433/22 435/12 435/25
438/11 449/18
**outright [2]** 418/13
418/14
**outside [1]** 395/13
**outstanding [2]**
393/23 404/19
**over [9]** 409/6 409/18

409/16 453/8 453/22
415/6 418/21 426/7
426/10

**P**

**pages [1]** 423/24
**paragraph [18]** 403/5
406/18 407/22 408/24
410/12 446/5 446/7
446/10 446/12 446/20
446/20 446/21 446/21
447/4 447/10 448/6
448/22 448/22
**paragraphs [14]**
406/15 406/15 406/17
435/10 446/3 446/6
446/8 446/13 446/22
446/23 447/1 447/7
447/8 449/1
**part [24]** 410/24
410/24 413/22 416/2
416/14 418/1 418/17
420/4 420/19 423/19
432/22 432/22 437/7
441/6 441/7 442/1
442/1 442/16 442/19
442/20 442/20 442/21
442/21 454/5
**partially [1]** 400/19
**particular [2]** 412/6
432/24
**parties [9]** 404/11
437/22 452/2 452/23
453/14 453/23 453/24
453/25 455/9
**parties' [1]** 396/12
**parts [3]** 406/6 406/7
449/4
**passed [2]** 409/13
409/19
**past [2]** 432/25 451/5
**path [1]** 406/22
**Pelosi [1]** 409/15
**pending [1]** 441/1
**penultimate [1]** 447/1
**peremptories [2]**
392/22 424/4
**perhaps [6]** 395/1
406/17 407/5 419/21
425/13 442/10
**period [2]** 436/25
437/2
**permit [1]** 415/7
**permitted [3]** 416/12

426/13 431/3 431/5
435/15

**person [3]** 435/24
436/18 451/13
**perspective [16]** 395/5
395/17 396/11 397/6
400/14 400/15 405/1
411/12 419/24 420/14
423/21 425/22 427/14
453/17 454/15 455/20
**pertinency [6]** 399/12
399/17 399/18 399/22
399/23 407/23
**picked [2]** 452/1
453/12
**pieces [2]** 437/23
438/14
**pitch [1]** 417/9
**places [1]** 420/10
**plainly [2]** 445/1
445/16
**play [1]** 415/16
**please [1]** 392/5
**plenty [1]** 412/9
**point [8]** 408/25 414/2
414/9 425/18 449/25
450/4 450/21 452/15
**pointing [1]** 420/21
**points [1]** 414/10
**portion [1]** 402/23
**portions [4]** 435/6
445/15 446/5 454/2
**position [39]** 393/14
394/8 395/6 395/8
395/25 397/25 398/3
401/14 401/20 402/3
402/7 402/19 402/25
403/6 403/12 406/19
407/7 407/9 408/5
408/18 417/21 417/22
417/25 419/23 420/2
423/22 425/12 426/16
426/17 434/22 435/4
436/20 437/9 437/11
449/5 449/15 453/1
454/23 455/6
**positions [10]** 393/6
394/6 394/23 396/12
397/18 403/24 421/23
435/25 445/24 455/11
**possibility [14]** 414/20
415/1 425/20 425/25
432/17 432/23 444/4
444/7 445/7 451/16
451/19 453/22 454/9

P

possibility... [1] 455/3
potentially [1] 413/24
precondition [1]
 412/21
prefer [1] 404/10
preparation [1] 438/2
prepared [2] 441/14
 453/16
present [1] 392/13
presented [1] 433/20
presenting [1] 438/13
President [5] 400/7
 400/24 401/1 411/7
 417/15
President Trump [3]
 400/7 400/24 411/7
presumably [2] 397/11
 429/19
pretrial [2] 452/12
 453/13
pretty [1] 444/3
prevent [1] 405/20
principles [1] 444/14
prior [3] 441/25 442/10
 443/12
privilege [75]
privileges [1] 449/18
probably [2] 449/12
 449/14
probative [1] 394/4
problem [1] 456/8
problematic [1] 447/5
Procedurally [1]
 437/17
proceedings [1] 457/5
process [10] 418/2
 418/2 418/17 427/20
 431/7 432/25 437/8
 439/14 439/19 445/2
produce [5] 444/6
 447/22 449/17 449/19
 451/8
proffer [60] 402/6
 411/17 411/17 411/20
 411/23 412/4 412/10
 412/19 412/22 412/24
 412/25 413/24 414/2
 415/1 415/6 415/15
 415/18 415/19 415/19
 416/14 416/16 416/20
 417/1 417/11 417/12
 420/20 421/24 423/16
 423/17 424/9 425/17

432/18 432/23 433/2
433/5 434/2 435/22
436/10 436/11 436/22
436/23 441/16 441/19
442/8 442/14 444/13
444/20 445/6 446/15
450/1 450/20 450/22
451/3 451/19 453/21
453/22 454/4 454/9
454/16 454/18
proffered [1] 422/16
proffering [1] 445/9
proffers [4] 450/24
 451/17 451/23 455/15
proof [2] 408/3 434/14
properly [1] 426/4
proposal [1] 407/19
proposals [2] 407/16
 407/18
propose [2] 397/9
 448/21
proposed [5] 396/23
 406/9 407/21 408/20
 408/21
proposes [1] 408/22
proposition [1] 427/3
prosecution [1]
 431/23
protect [1] 412/3
prove [8] 394/5 401/21
 402/16 402/17 405/13
 430/20 434/24 435/2
provide [3] 393/5
 406/7 445/23
provided [2] 396/6
 408/4
providing [2] 394/22
 397/18
pulled [1] 440/16
pulling [2] 410/14
 410/20
purported [1] 447/19
purpose [9] 397/17
 399/6 399/15 399/17
 408/2 428/19 434/13
 442/4 452/6
purposes [3] 429/10
 430/15 445/17
pushed [1] 431/13
put [15] 399/4 401/5
 405/4 405/5 421/5
 424/20 424/21 425/5
 425/21 428/4 428/8
 434/5 434/8 448/18

putting [1] 455/20

Q

question [34] 393/12
 393/23 394/4 399/10
 401/17 405/2 405/13
 405/25 407/23 408/6
 410/25 411/11 414/20
 419/1 421/20 424/3
 424/8 431/15 431/16
 431/19 431/21 431/22
 431/25 432/1 432/3
 433/14 433/15 434/12
 434/13 446/18 451/11
 453/20 454/13 454/22
questions [13] 392/18
 394/20 394/23 397/21
 398/25 403/18 404/9
 411/6 431/25 435/16
 436/1 440/19 445/18
quickly [3] 435/4
 436/8 450/16
Quinn [1] 393/23
quoting [1] 441/23

R

raise [5] 395/15 426/2
 448/2 449/1 449/22
raised [11] 394/12
 395/2 398/1 405/9
 405/13 405/23 409/20
 420/9 420/10 430/20
 433/14
raising [3] 405/18
 424/21 436/12
rather [4] 393/5 403/21
 435/8 449/16
rea [12] 395/9 396/16
 399/11 404/8 413/25
 419/17 432/4 438/15
 443/7 444/4 452/6
 454/24
reached [1] 419/22
read [5] 419/3 436/17
 441/3 452/3 452/3
real [1] 425/22
realize [1] 433/15
really [13] 394/8
 396/20 405/12 408/4
 418/5 418/9 420/6
 435/4 436/19 438/14
 447/3 449/25 452/1
reason [27] 395/20

398/16 402/6 406/3
409/2 409/2 409/4
409/7 409/7 409/11
413/9 413/15 415/6
415/15 416/20 424/12
424/20 424/22 426/7
427/16 427/16 429/24
438/24 444/11 450/19
451/14 454/1
reasonable [3] 435/24
 436/18 450/25
reasons [21] 395/7
 395/8 396/2 398/1
 400/21 401/2 406/8
 411/23 412/9 412/12
 412/13 421/22 421/23
 424/22 426/11 435/8
 435/13 444/9 444/23
 451/14 452/22
recall [3] 410/21
 410/23 411/16
received [2] 401/12
 404/4
recent [3] 411/5 411/6
 411/10
recess [5] 424/2 440/3
 440/10 456/10 456/12
recognize [1] 446/3
recognizing [2]
 452/14 454/17
reconsider [1] 453/20
record [6] 392/6
 440/12 440/19 452/4
 455/14 457/5
redact [6] 406/10
 407/14 435/18 445/19
 447/24 448/5
redacted [11] 403/22
 446/9 446/11 446/21
 446/21 446/22 446/24
 446/24 446/25 447/10
 447/11
redacting [1] 448/21
redaction [3] 406/17
 410/9 450/14
redactions [4] 449/4
 455/1 455/2 455/23
reference [2] 397/13
 416/13
referral [3] 409/15
 410/7 427/1
referred [1] 399/11
referring [1] 421/3
reflected [1] 402/25

**R**

**regarding** [1] 409/10
**Regardless** [1] 447/18
**reiterating** [2] 449/5
449/5
**rejected** [3] 409/2
418/13 418/13
**rejecting** [4] 399/24
400/2 406/3 435/20
**rejection** [1] 427/19
**relate** [2] 399/20
407/24
**related** [2] 404/7
415/24
**relates** [3] 419/16
443/6 447/5
**relevance** [2] 398/12
401/18
**relevant** [26] 394/8
394/10 394/23 394/24
395/1 401/19 401/24
402/8 404/22 406/2
406/11 407/23 410/8
411/6 412/2 419/20
429/13 430/12 437/10
441/14 442/12 443/10
443/25 445/16 453/22
454/23
**reliance** [5] 396/25
399/1 416/4 416/8
443/13
**relied** [2] 415/9 443/17
**relying** [2] 415/9
434/19
**remain** [1] 444/2
**remainder** [1] 446/12
**remains** [1] 426/23
**remember** [2] 398/20
412/23
**repeat** [1] 421/1
**Reported** [1] 391/21
**Reporter** [2] 391/22
457/3
**request** [2] 399/3
452/11
**requested** [1] 407/24
**require** [5] 408/16
415/19 423/17 441/20
442/13
**required** [6] 397/15
414/22 415/6 423/15
427/20 441/12
**requirement** [4]
403/25 419/17 421/8

**requires** [2] 439/19
455/17
**reread** [1] 440/18
**reserve** [1] 435/23
**resolve** [3] 393/25
405/3 442/15
**resolved** [11] 394/13
395/3 395/15 404/20
405/19 405/25 406/13
421/15 430/21 444/15
454/11
**respect** [4] 397/25
420/9 447/15 448/24
**respectfully** [2] 408/25
438/16
**respective** [1] 396/12
**respond** [2] 421/4
441/12
**responded** [1] 404/14
**responding** [1] 441/10
**response** [2] 403/9
449/21
**resume** [1] 438/10
**return** [23] 402/12
402/18 402/19 403/24
403/25 405/4 412/5
412/16 415/15 422/5
422/5 430/25 432/16
432/19 432/20 434/1
442/9 442/11 444/9
444/25 445/5 445/10
445/25
**RIANE** [2] 391/18
392/12
**Riane White** [1]
392/12
**right** [21] 392/15
395/11 408/20 415/3
419/1 422/3 423/13
424/16 424/16 425/20
427/21 433/2 433/5
434/9 434/17 435/5
435/24 445/14 445/16
449/23 454/10
**risk** [3] 406/20 408/12
454/6
**Road** [1] 391/15
**Robert** [1] 393/3
**Room** [1] 391/23
**ROSE** [1] 391/10
**row** [1] 455/5
**RPR** [1] 391/21
**rule** [1] 450/17

443/7
**ruling** [2] 409/23
444/14
**rulings** [2] 426/1
431/19
**run** [2] 406/20 408/12
**running** [1] 454/6

**S**

**said** [41] 399/16
402/11 402/12 404/14
406/12 407/23 408/13
409/1 411/15 412/18
413/2 413/3 413/17
413/23 414/19 414/25
416/5 417/23 418/8
419/3 420/3 420/6
420/8 422/7 426/16
429/1 429/3 429/14
429/17 429/17 429/25
430/8 430/13 441/2
443/12 443/15 443/21
450/20 451/5 451/18
455/15
**same** [2] 395/20
439/14
**saw** [1] 427/19
**say** [39] 395/5 396/19
401/9 401/25 402/4
402/5 402/12 402/17
403/3 405/12 405/14
406/10 409/19 410/11
413/6 413/21 414/11
415/7 415/21 417/7
418/4 423/25 424/5
424/19 426/18 427/4
428/1 429/20 430/17
431/1 432/18 434/21
435/7 435/24 442/13
442/15 444/18 450/9
454/19
**saying** [18] 405/11
411/16 412/23 412/24
413/7 414/17 416/19
420/25 421/2 425/13
425/15 425/19 429/1
431/11 433/19 433/20
451/12 454/11
**says** [11] 402/15
402/15 408/14 408/24
410/3 425/16 430/5
430/24 431/1 439/9
455/17
**scheme** [1] 456/7
**SCHOEN** [17] 391/14

391/15 392/12 398/7
403/7 404/2 406/21
407/6 407/7 422/15
424/5 427/24 436/7
444/18 450/23 451/18
453/19
**Schoen's** [1] 451/1
**scope** [3] 399/6
452/23 452/24
**script** [1] 419/4
**second** [12] 396/19
406/16 407/15 428/11
435/10 435/11 435/12
445/1 446/8 446/13
447/8 448/25
**Section** [1] 442/17
**see** [8] 397/13 421/16
438/8 439/24 440/6
447/4 449/24 453/8
**seeking** [1] 413/24
**seeks** [3] 419/7 442/17
443/15
**seemed** [1] 454/5
**seems** [2] 444/3
444/25
**seen** [1] 425/17
**seismic** [1] 437/21
**select** [7] 392/16
399/21 401/11 419/18
426/23 438/6 443/8
**sense** [5] 431/11
432/15 432/19 453/8
456/2
**sent** [2] 411/7 411/8
**sentence** [3] 446/10
447/18 447/25
**separate** [1] 430/4
**serious** [1] 417/14
**seriously** [1] 455/23
**serves** [1] 399/5
**SESSION** [1] 391/7
**set** [5] 395/13 396/3
411/5 411/6 431/19
**shed** [2] 443/4 443/5
**sheds** [1] 419/15
**shift** [1] 437/21
**short** [1] 438/1
**should** [18] 396/18
397/5 397/9 397/10
403/5 403/21 423/19
425/20 426/17 443/16
445/3 445/19 446/2
446/8 446/11 449/4
449/13 450/9

**S**

**shouldn't [2]** 402/23 427/14
**show [28]** 393/19 394/10 395/1 395/24 396/6 397/24 398/3 398/4 398/20 398/21 398/22 398/23 402/14 406/2 415/11 419/10 419/12 419/14 423/21 429/2 429/18 430/5 441/9 442/9 442/23 443/1 443/2 449/5
**showing [3]** 395/7 405/17 433/23
**shows [3]** 409/1 451/6 451/13
**side [1]** 413/4
**sided [1]** 408/13
**significant [1]** 438/14
**SILVERMAN [1]** 391/18
**similar [3]** 410/12 419/20 422/13
**simply [3]** 402/24 438/1 453/3
**since [3]** 438/1 438/23 450/1
**single [1]** 447/4
**sit [2]** 406/24 434/21
**slow [1]** 407/15
**SLUTKIN [1]** 391/18
**so [76]**
**soften [1]** 436/19
**solely [1]** 408/2
**some [13]** 403/19 404/12 406/24 408/15 408/16 411/1 413/23 422/12 436/5 436/15 440/19 449/3 453/23
**somehow [3]** 421/8 439/3 439/12
**someone [3]** 421/9 423/5 434/19
**something [13]** 397/13 397/24 408/18 415/4 424/5 427/23 428/2 432/20 433/12 434/7 436/5 438/21 449/19
**soon [2]** 410/11 436/3
**sorry [5]** 410/6 410/19 430/2 437/15 453/16
**sort [3]** 408/15 437/21 452/5

**sought [1]** 399/3
**Speaker [1]** 409/14
**Special [1]** 392/9
**specific [7]** 410/20 420/20 423/16 425/17 434/22 440/18 441/4
**specifically [1]** 437/1
**specifics [1]** 436/10
**spend [1]** 450/6
**squarely [2]** 403/18 430/9
**staked [1]** 435/25
**standard [2]** 404/8 432/4
**standpoint [1]** 438/12
**start [4]** 392/21 392/23 453/4 456/8
**started [1]** 426/19
**starting [1]** 453/10
**state [1]** 411/1
**stated [1]** 449/17
**statement [5]** 401/21 401/22 402/1 439/11 451/2
**statements [8]** 394/17 399/4 406/6 406/25 422/22 444/25 449/11 451/21
**STATES [6]** 391/1 391/2 391/8 392/3 392/8 393/4
**status [1]** 438/2
**stay [1]** 449/14
**STEPHEN [2]** 391/5 392/4
**Steve [1]** 392/13
**still [19]** 395/25 399/9 399/12 405/15 414/11 415/16 416/18 427/2 427/8 427/17 430/20 432/13 433/16 439/10 439/11 440/8 446/18 451/17 454/12
**stipulation [7]** 404/12 404/17 405/20 407/19 407/20 408/15 408/17
**stone [2]** 396/3 433/21
**story [7]** 398/16 398/23 399/1 400/3 400/19 408/13 408/13
**Street [2]** 391/12 391/19
**stress [1]** 441/13
**strong [1]** 434/14

**subjective [7]** 419/1 425/22 431/7 443/6 443/24 454/4 454/12
**subjectively [1]** 422/25
**submission [6]** 408/21 408/21 414/10 418/22 418/23 420/8
**submitted [1]** 409/2
**subpoena [33]** 393/17 393/17 393/17 393/20 394/1 394/12 395/13 397/19 398/19 398/21 402/12 404/5 404/12 409/14 409/16 410/5 412/6 420/22 427/7 427/7 427/9 427/12 428/5 434/6 437/6 441/10 441/11 442/5 443/16 443/18 444/1 444/22 449/16
**Subpoena's [1]** 442/7
**subpoenas [12]** 419/14 419/19 433/1 439/16 441/6 441/15 442/9 442/25 443/3 443/9 443/25 445/25
**subpoenas...I [1]** 441/25
**such [7]** 441/13 441/17 442/3 442/22 443/20 445/7 454/4
**sufficient [2]** 415/18 435/5
**suggest [1]** 436/4
**suggesting [1]** 412/1
**suggestion [2]** 410/9 456/2
**Suite [1]** 391/15
**suppose [1]** 450/10
**supposed [1]** 450/16
**sure [5]** 408/16 419/5 433/7 450/4 455/4
**sworn [2]** 450/16 452/19

**T**

**table [3]** 392/9 421/13 451/17
**take [6]** 393/1 423/17 424/2 440/3 448/13 455/1
**taken [5]** 395/6 395/8 408/18 435/3 439/25

**takes [1]** 430/21
**taking [5]** 394/5 395/25 421/24 450/23 454/23
**talk [2]** 441/19 455/11
**talked [2]** 422/7 431/13
**talking [12]** 395/23 411/7 418/7 421/12 421/14 423/21 424/9 425/14 427/2 432/24 435/23 446/6
**taxes [2]** 421/10 421/12
**team [1]** 413/6
**tee [1]** 454/21
**teed [1]** 420/6
**tell [4]** 400/20 402/17 408/1 451/2
**telling [3]** 398/16 408/12 425/1
**ten [1]** 421/10
**tend [2]** 424/14 435/14
**terms [5]** 404/14 406/2 422/20 437/23 444/6
**testify [14]** 412/20 417/16 423/2 423/4 424/10 425/5 425/16 426/11 427/8 428/3 428/16 429/16 429/18 433/19
**testifying [1]** 396/21
**testimony [35]** 392/20 399/10 401/5 404/3 404/7 411/1 411/21 411/23 413/4 413/8 414/7 418/3 418/16 419/7 419/10 419/15 421/21 424/10 426/14 426/24 427/22 429/3 429/8 429/11 429/25 430/9 433/18 441/17 442/18 442/23 443/4 443/5 445/7 449/20 452/24
**tethered [1]** 417/1
**than [5]** 398/11 401/7 403/21 435/8 452/25
**Thank [15]** 398/2 398/5 403/7 403/8 424/1 427/24 427/25 437/12 438/17 438/18 440/2 440/9 440/13 455/7 456/11

**T**

that [584]

that's [67] 393/24 395/9 395/14 398/12 398/20 399/23 401/3 403/3 405/16 407/1 408/1 408/21 409/23 409/24 410/7 410/7 411/20 413/7 415/22 416/5 417/10 417/20 417/21 417/25 418/7 418/19 420/6 420/13 421/9 421/12 421/13 422/10 424/16 424/18 425/11 425/15 425/20 425/22 426/14 426/18 427/1 427/1 427/9 427/23 428/6 428/17 429/23 431/14 431/21 431/23 432/7 432/7 434/11 434/12 437/7 437/10 437/12 439/8 439/12 439/17 439/19 439/20 440/7 445/6 447/24 451/25 452/6

their [17] 395/18 395/20 398/3 398/11 401/8 408/7 408/8 417/23 417/25 419/8 421/12 427/19 436/20 438/23 439/1 442/18 455/10

them [19] 395/22 395/24 396/4 401/11 415/24 415/25 416/13 416/13 421/12 425/9 427/20 432/22 432/22 434/7 435/8 436/19 438/7 452/3 452/4

then [47] 392/21 393/19 394/4 395/16 396/10 400/24 403/19 406/1 406/7 406/16 412/13 413/1 413/8 413/19 415/22 417/2 420/22 421/1 421/16 421/20 421/20 421/21 424/3 425/5 425/7 431/10 435/23 436/14 440/25 441/17 441/19 441/20 442/7 442/12 442/15 443/10 443/11 445/14 446/7 446/12 446/19 447/7 448/4

454/20

theory [2] 401/16 422/12

there [38] 392/19 393/23 394/17 396/14 396/20 399/16 404/19 405/7 405/10 405/14 406/6 406/7 409/11 410/1 410/2 411/19 412/9 415/16 415/17 417/13 418/16 421/8 427/10 429/20 432/1 432/13 432/14 435/15 437/23 438/24 440/6 440/22 445/2 445/11 450/20 452/10 454/14 455/1

there's [16] 393/9 395/12 398/10 401/7 402/7 408/14 420/1 427/6 429/21 431/6 431/19 431/22 432/3 437/21 446/15 454/3

therefore [9] 393/7 393/8 395/3 417/19 418/4 425/2 426/13 429/24 451/20

these [39] 394/2 394/5 394/10 394/16 395/14 396/19 397/15 397/16 398/11 399/1 400/3 401/4 401/7 403/18 403/22 404/8 405/16 406/2 408/7 408/8 415/24 422/24 423/3 425/21 426/13 426/15 427/14 433/22 435/15 436/1 436/4 436/10 436/17 438/11 438/22 442/15 449/8 451/21 452/9

they [53] 396/8 396/9 398/12 398/14 400/10 400/13 400/23 400/24 401/6 401/25 402/4 402/10 405/13 405/15 405/17 408/9 408/12 409/21 410/11 411/11 412/15 416/2 418/4 418/13 418/13 418/14 418/16 418/17 419/18 421/11 422/7 423/25 427/21 434/7 435/14

436/3 436/24 438/7 438/9 439/11 439/16 439/22 439/23 443/8 444/22 445/23 448/18 449/9 449/17 449/18 452/11 454/21 455/11

they'll [1] 400/9
they're [4] 397/24 401/11 436/20 438/8
they've [3] 438/23 439/25 452/20

thing [12] 400/13 403/10 410/15 420/3 425/3 429/22 431/14 432/24 439/8 439/17 441/3 446/4

things [22] 395/24 396/1 399/11 399/25 400/8 400/12 401/15 409/16 411/19 414/22 422/24 425/14 426/4 426/13 430/19 433/22 435/19 437/10 438/11 453/9 456/7 456/8

think [49] 393/9 393/15 394/3 395/4 396/5 397/10 397/22 403/1 403/2 403/4 405/6 405/6 406/22 407/9 407/12 409/17 409/23 412/2 412/25 417/4 419/23 420/6 420/19 425/10 425/11 425/13 425/14 429/12 430/23 433/4 435/17 438/5 440/17 441/15 442/4 443/19 446/5 446/12 446/15 447/21 448/18 449/4 449/12 451/1 452/1 452/4 452/21 454/20 456/4

thinking [1] 437/1
thinks [1] 455/17
third [12] 406/9 406/16 406/18 435/10 435/11 435/13 446/8 446/10 447/9 448/6 448/22 449/1

this [99]
THOMPSON [2] 391/18 409/13
Thompson's [3] 400/5 400/15 418/12
those [40] 394/21

394/22 394/23 395/8 396/14 397/20 399/24 400/8 400/12 401/2 401/15 404/8 406/6 406/24 409/16 411/6 411/10 412/12 415/12 415/12 416/1 416/17 417/17 425/6 426/4 430/3 430/18 433/5 434/1 435/6 437/2 437/9 444/6 444/14 445/15 450/24 454/2 454/11 454/20 455/2

though [3] 408/9 412/6 433/17

thought [20] 395/9 404/19 405/24 406/11 409/19 409/20 418/1 418/10 418/10 421/15 423/10 424/7 426/11 433/14 433/18 437/8 439/16 450/24 453/18 455/23

thoughts [1] 442/15
three [1] 441/1
through [10] 411/17 418/18 419/21 432/18 432/21 436/15 445/20 447/2 448/8 455/22

thus [1] 443/18
tightly [1] 416/25
time [16] 404/24 406/24 411/15 411/16 423/11 423/11 438/1 439/6 439/25 440/19 441/20 443/12 444/19 446/3 450/6 450/21

times [1] 451/5
today [14] 397/11 413/7 418/5 418/6 418/18 422/13 424/19 425/25 426/5 440/20 445/20 447/6 453/11 455/10

today's [1] 452/19
told [17] 404/25 412/1 413/16 419/17 422/6 428/9 429/2 429/19 429/20 429/23 430/6 431/4 431/12 433/23 443/7 452/18 452/20

tomorrow [1] 431/13
too [4] 407/3 438/13 446/24 455/12

**T**

**took [2]** 400/24 412/24
**topic [1]** 438/10
**Toward [1]** 410/17
**track [1]** 450/15
**transcript [5]** 391/7
420/10 440/16 441/23
457/4
**trial [9]** 391/7 394/23
415/25 423/17 438/25
452/24 453/5 455/3
455/4
**tried [2]** 420/11 431/18
**tries [3]** 419/12 421/11
442/25
**troubling [1]** 403/10
**true [6]** 394/8 394/8
402/1 406/5 452/6
457/4
**Trump [7]** 400/7
400/24 401/13 411/7
414/10 426/19 447/19
**truncated [1]** 403/20
**truth [7]** 393/5 393/13
394/6 401/8 401/23
402/16 402/24
**try [5]** 423/18 425/21
427/20 436/4 454/10
**trying [4]** 416/24 421/5
439/5 450/14
**Tuesday [1]** 452/19
**turn [1]** 438/9
**Turning [1]** 447/3
**two [10]** 407/16 407/17
414/22 436/20 444/23
446/3 447/4 447/8
450/24 455/10
**type [1]** 438/2
**typically [1]** 445/3

**U**

**U.S [3]** 391/10 391/11
391/22
**uh [3]** 397/8 410/6
449/7
**Uh-huh [2]** 397/8
449/7
**ultimate [2]** 394/7
447/1
**ultimately [1]** 396/5
**under [2]** 393/22
440/23
**underlying [1]** 409/7
**understand [21]** 393/3

394/3 407/7 408/4
413/3 419/23 420/16
420/16 420/17 422/4
424/17 425/10 437/22
444/9 444/21 445/8
453/1 453/19 454/25
455/6 455/25
**understanding [14]**
404/23 404/25 408/17
409/5 409/24 412/11
412/20 414/16 421/22
422/23 435/21 437/21
438/3 442/6
**understands [1]**
425/11
**understood [20]**
394/11 398/5 407/10
413/6 413/8 414/3
416/15 416/16 417/13
417/18 417/22 419/25
421/18 421/25 426/1
427/15 431/2 437/7
445/2 452/23
**unduly [1]** 449/25
**UNITED [6]** 391/1
391/2 391/8 392/3
392/8 393/4
**unlawful [2]** 432/5
432/7
**unless [1]** 445/18
**unreasonable [1]**
436/16
**unsettled [1]** 445/12
**until [9]** 433/16 445/18
450/5 450/22 453/3
453/11 454/18 456/4
456/10
**up [23]** 395/7 398/20
398/22 398/24 402/14
410/14 410/20 412/13
415/11 420/6 427/5
429/2 429/18 430/5
433/24 436/19 438/6
446/18 450/5 453/10
454/20 454/21 455/1
**urge [2]** 410/4 410/4
**urged [1]** 403/11
**urging [7]** 409/13
416/18 424/24 426/9
427/11 436/25 437/3
**us [4]** 430/22 449/17
449/19 453/4
**use [2]** 411/25 446/1
**used [3]** 406/3 422/18

**using [1]** 422/20

**V**

**valid [4]** 394/12 396/21
428/15 443/19
**validity [1]** 398/25
**validly [3]** 400/6
400/11 400/25
**value [5]** 398/11 401/7
401/22 401/24 402/7
**various [1]** 444/9
**VAUGHN [11]** 391/10
392/8 392/20 392/23
403/9 420/18 428/1
438/19 440/2 447/14
455/8
**versions [1]** 403/22
**versus [1]** 392/3
**very [15]** 403/20 404/8
416/25 417/4 419/20
428/20 431/18 434/15
434/21 436/8 437/12
438/12 450/13 450/16
454/5
**view [19]** 395/19
395/24 402/21 402/22
407/19 408/7 408/8
423/18 424/19 427/7
430/10 434/10 435/25
445/17 446/16 451/22
454/10 454/25 455/16
**violated [1]** 393/16
**violation [4]** 393/19
393/21 421/2 421/3
**voluntarily [1]** 427/8
**vs [1]** 391/4

**W**

**wait [3]** 396/19 428/11
428/18
**waiting [2]** 433/14
440/8
**waiver [2]** 410/2 439/2
**waives [1]** 421/8
**want [27]** 392/15
392/17 401/6 408/6
415/7 420/1 424/5
427/8 427/22 428/1
435/9 436/7 436/9
436/14 439/11 450/17
451/2 453/8 453/14
453/14 453/20 454/15
455/11 455/13 455/13

**wanted [6]** 407/1
418/3 418/16 435/18
437/15 450/13
**wants [17]** 405/23
421/6 423/2 427/4
428/3 428/16 429/16
429/18 434/5 435/2
439/8 439/15 439/18
453/21 454/8 454/16
454/19
**warrant [1]** 455/2
**was [157]**
**Washington [3]** 391/4
391/12 391/24
**wasn't [7]** 400/6
400/25 427/10 432/13
435/15 441/19 452/2
**way [7]** 405/6 408/14
409/19 426/15 436/5
439/1 446/22
**ways [1]** 402/10
**we [147]**
**we'd [3]** 437/20 439/10
439/11
**we'll [3]** 392/21 422/8
438/11
**we're [23]** 400/19
401/5 402/9 402/16
409/5 409/6 409/9
409/18 409/24 413/2
416/12 416/18 418/7
420/22 421/3 421/12
421/14 422/12 425/14
432/24 435/7 453/10
453/10
**we've [9]** 405/5 423/20
431/13 435/22 440/5
440/14 447/6 452/9
453/15
**weak [1]** 434/14
**week [4]** 419/4 452/2
452/11 452/20
**weeks [1]** 440/1
**welcome [8]** 428/6
429/1 429/3 429/25
430/3 430/8 430/13
430/17
**welcoming [1]** 428/14
**well [14]** 396/23
400/16 401/25 403/10
407/17 408/14 413/2
418/4 420/4 422/15
425/13 442/1 450/13

474

**W**

**well... [1]** 456/2
**went [5]** 432/21 440/16
443/11 443/22 444/13
**were [69]**
**weren't [1]** 413/15
**what [82]**
**what's [5]** 394/8 403/9
403/23 406/10 407/19
**whatever [7]** 408/24
410/11 430/25 432/24
434/14 444/22 454/14
**whatsoever [2]** 398/13
445/21
**when [4]** 395/23
396/14 397/10 436/9
**where [15]** 392/19
400/13 403/13 403/23
405/8 405/10 420/10
434/18 440/6 440/14
446/5 450/25 453/8
455/19 455/21
**whether [34]** 393/9
394/25 395/6 404/5
404/23 405/3 406/11
408/2 408/18 411/1
411/2 411/3 411/11
412/4 412/15 413/25
417/14 417/16 421/25
424/9 429/15 431/16
431/19 432/4 434/13
443/24 444/5 449/24
453/17 453/21 454/16
454/22 455/1 455/2
**which [11]** 393/2
395/13 403/10 405/3
408/7 414/21 431/22
447/3 447/7 448/4
453/3
**while [3]** 400/20 440/8
452/7
**white [4]** 391/18
391/18 392/12 423/24
**who [2]** 392/16 400/24
**whole [4]** 414/9
438/22 441/3 446/4
**why [40]** 392/23
393/12 394/3 394/4
394/7 394/21 398/23
399/21 400/4 400/10
400/11 400/20 403/3
403/21 407/1 412/10
414/4 420/19 425/6
425/6 425/7 425/9

427/9 430/9 431/1
431/2 431/4 431/6
431/7 431/11 431/12
431/17 435/5 437/10
448/25 450/7 452/22
**will [19]** 392/16 392/19
392/21 395/18 396/8
396/9 396/10 412/19
412/19 424/3 440/8
441/25 444/20 451/19
454/9 454/19 454/20
454/21 454/21
**willful [3]** 393/20
393/21 405/13
**willfully [3]** 394/1
421/10 440/23
**willing [4]** 407/17
407/18 418/4 418/17
**within [2]** 393/8 399/6
**without [3]** 434/23
438/5 453/9
**witness [5]** 405/10
405/15 447/2 449/21
450/5
**witnesses [3]** 436/4
445/18 445/20
**won't [1]** 453/4
**word [1]** 450/23
**wording [1]** 404/21
**words [1]** 422/18
**work [5]** 405/21
416/24 422/8 427/23
438/6
**worked [3]** 400/23
422/24 433/22
**works [1]** 439/13
**worry [2]** 422/7 431/12
**worst [1]** 398/15
**would [88]**
**wouldn't [2]** 406/19
456/3
**writings [1]** 441/6
**wrong [3]** 409/21
419/1 451/20

**X**

**X-date [1]** 402/13

**Y**

**yeah [8]** 408/11 412/17
413/14 423/6 423/7
435/12 437/5 449/10
**year [1]** 392/3

**years [1]** 428/16

**yes [40]** 392/25 395/23
397/22 398/5 398/5
398/5 400/1 403/14
405/6 410/18 410/18
411/9 411/14 412/8
413/3 414/6 416/9
416/11 422/11 423/24
428/13 428/22 431/15
433/10 434/4 434/15
436/2 436/13 437/18
447/15 447/17 447/20
447/24 448/10 448/16
449/23 450/3 450/7
451/9 452/17
**yesterday [3]** 392/20
410/15 438/6
**yet [2]** 425/17 450/16
**you [99]**
**you're [5]** 397/14
397/20 401/18 421/2
421/2
**you've [1]** 451/5
**your [48]** 392/2 392/7
392/11 392/25 398/8
399/15 399/19 402/21
403/3 403/8 403/9
406/3 407/7 407/14
407/19 407/23 408/25
410/4 410/14 411/9
411/14 413/4 413/5
416/15 417/8 419/23
420/2 420/3 420/8
424/6 424/7 424/16
425/11 427/13 429/7
430/2 430/16 436/8
436/22 437/20 438/20
440/11 447/15 449/15
450/3 452/15 453/1
455/7
**Your Honor [34]** 392/2
392/7 392/11 392/25
398/8 399/15 399/19
403/3 403/8 407/14
407/23 408/25 411/9
411/14 413/5 416/15
417/8 420/3 420/8
424/6 424/7 424/16
429/7 430/2 430/16
436/8 436/22 437/20
438/20 440/11 447/15
450/3 452/15 455/7
**yourselves [1]** 392/6

**Z**

**Zelda [1]** 391/15