IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : | Criminal No. 21-670 (CJN) |
| v. | : : : |  |
| STEPHEN K. BANNON, | : : |  |
| *Defendant.* | : : |  |

**NOTICE OF OUTSTANDING ISSUE REGARDING GOVERNMENT MISCONDUCT[1]**

As the Court will recall, there was a significant amount of litigation in this case arising from the Government's surreptitious use of subpoenas and the Stored Communications Act to try to obtain the personal and professional telephone, email, and social media records of Mr. Bannon's attorney, Robert J. Costello.  [See e.g., ECF## 26, 31, 34, 34-1, 36, 38, 85 at 7, 94 at 6-7, Hearing Transcripts of March 16, 2022, at 9-18, 54-74, 79-80, 90-92; June 15, 2022, at 129-130; July 11, 2022 at 9, 29, 134-137].

---

[1] A Notice of Appeal already has been filed in this case as to the judgment of conviction and sentence [ECF# 166]; however, this does not remove this Court's jurisdiction to consider the pending matter of sanctions for the government's misconduct.  *See Cooter & Gell v. Hartmark Corp.*, 464 U.S. 384, 396 (1990) (imposition of sanctions is the "determination of a collateral issue" which "may be made after the principal suit has been terminated" for lack of jurisdiction); *Sweigert v. Podesta*, 2019 U.S. Dist. LEXIS 43206, *4, n.4 (D.D.C. March 18, 2019 (filing notice of appeal does not divest court of jurisdiction of pending matter of sanctions) *McManus v. District of Columbia*, 545 F. Supp. 2d 129, 133 (D.D.C. 2008).  The Court has broad authority to impose sanctions on the government, of course, under both its inherent power and Rule 11.  *See e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 50 (1991) (inherent power to impose sanctions for bad faith conduct); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C. Cir. 1985); *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 267-268 (D.D.C. 2012).  *See also* Rule 3.3(a)(1), D.C. Rules of Professional Conduct (Duty of Candor to the Tribunal, including the affirmative duty to correct a misrepresentation).

On June 15, 2022, this Court expressed its concern about the Government's conduct in relation to this very disturbing matter and with the fact that the Government did not even seem to recognize how problematic its conduct was. This Court indicated that it is a matter that should be dealt with after the trial.[2] During a hearing on July 11, 2022, this Court reiterated that it considered the matter of the Government's conduct in relation to Mr. Costello's private personal and professional records to be a matter best dealt with after the trial.[3] To date, the defense is not aware of this very serious matter having been addressed and therefore files this Notice to bring the matter to the Court's attention.

. To that end, Mr. Costello has asked to have his attached letter and the exhibits to which it refers provided to the Court to remind the Court of the relevant events and the relevant chronology. They are provided herewith collectively as Exhibit 1. Additionally, of course, the underlying facts that are relevant to this matter have been presented to the Court in some detail in pleadings already filed, reviewed by the Court, and discussed at hearings. [See e.g., ECF## 26, 31, 34, 34-1, 36, 38, 85 at 7, 94 at 6-7, Hearing Transcripts of March 16, 2022, at 9-18, 54-74, 79-80, 90-92; June 15, 2022, at 129-130; July 11, 2022, at 9, 29, 134-137]. Accordingly, only a summary will be provided in this Notice. If the Court wishes to have a formal motion and/or briefing on the issue, the Defendant will, of course, provide the same as directed.

---

[2] **The Court:** "I do continue to have serious issues with how the government treated the situation of Mr. Bannon's counsel and also how the government does not appear to have any issue with its conduct. But, in my view, those issues are better left to be addressed at a later date after trial." [June 15, 2022 Hearing Tr. at 129-130].

[3] **The Court:** "Questions about the government's conduct regarding the subpoenas or subpoena for Mr. Costello's email and phone records or efforts to procure that information, questions about that conduct in my mind remain a matter for resolution after trial not during it." [July 11, 2022 Hearing Tr. at 137].

.

**Summary of the Relevant Underlying Facts**

It is now beyond dispute that the three prosecutors in this misdemeanor case, through the abuse of grand jury subpoenas, obtained the personal and professional law firm telephone records of Mr. Bannon's defense attorney Robert J. Costello. Additionally, in their misguided effort at further intruding on defense counsel's private records, these prosecutors abused grand jury subpoenas to obtain Mr. Costello's email records from four different email accounts and four different telephone numbers, in some instances by simply making up email addresses that had some form of the name Robert Costello in them. [ECF## 26, 34].

The prosecutors did not just limit their intrusions to email and telephone records. They used a Stored Communications Act Order, procured from a federal judge in this district through recklessly and demonstrably false representations, to try to obtain information from Google about Mr. Costello's social media habits, including what groups he is a member of, who he associates with, what sites and chat groups he frequents, and more. And they sought and obtained such records going back to March of 2021, many months before the Congressional subpoena underlying this case was even issued.[4] [ECF## 26, 34]. These prosecutors' efforts yielded literally hundreds and hundreds of responsive private records – some of which were Mr. Costello's personal and professional records and some of which belonged to Robert Costellos bearing no relationship to Mr. Bannon's defense counsel.

---

[4] In *Leopold v. United States*, 964 F.3d 1121, 1128-1129 (D.C. Cir. 2020), the Court of Appeals made clear that Stored Communications Act Orders and Applications are judicial records to which the presumption of public access attaches. Mr. Bannon again urges the Court to make the Stored Communications Act Order and Application, with its recklessly false representations and reflecting the names of each of these prosecutors, public documents, fully accessible to the public and the press.

The latter fact is especially shocking since the three prosecutors assigned to this case were assisted by four Special Agents of the FBI. Not one of the seven of them had the ability to discern among people around the country named Robert Costello, with different middle names, when using the particularly intrusive Stored Communications Act or the grand jury subpoena process? Or did they just not care about the intrusions and the damage they caused? Inexplicably, based on the discovery provided to Mr. Bannon, the government excluded from its broadly intrusive efforts, the one email account the prosecutors knew for sure belonged to Mr. Costello – the one he used to communicate with them.

Also based on the discovery provided to Mr. Bannon, it does not appear that these prosecutors ever either notified or apologized to the wrong Robert Costellos whose personal records they obtained; nor is there any indication that the prosecutors apologized to the court to which it made the recklessly false representations to obtain the Stored Communications Act Order. Perhaps even more significantly, there is no indication in the materials provided to Mr. Bannon that would indicate that even as of today, the prosecutors ever advised the court that the representations in their Stored Communications Act Application were false, as they were ethically bound to do under Rule 3.3 (a)(1) of the D.C. Rules of Professional Conduct. These transgressions are particularly egregious, committed as they were, by prosecutors who represent the so-called "Public Integrity Section" of this prosecutorial office.

### Indications of Sanctionable Bad Faith in the Conduct at Issue

The Court asked the prosecutors directly why they engaged in this conduct and sought these records. [March 16, 2022 Hearing Tr. at 11-13]. The prosecution responded with a pretextural lie. They represented to the Court that they sought these records to determine whether Mr. Costello apprised Mr. Bannon of the Committee's subpoena. [*Id*.]. This was an

absurd response given that the House attorneys had asked Mr. Costello to accept service of the subpoena for Mr. Bannon and that Mr. Costello asked Bannon and confirmed in writing that he had the explicit authority from Mr. Bannon to accept service of the subpoena. The Court queried further with the obvious questions – how would records of Mr. Costello's phone calls and emails establish whether he told Mr. Bannon about the subpoena or delivered it to him? And why would that have been necessary at that point when it did not appear to be a disputed issue in the case? [*Id.*].[5]

Later the Court appeared to suggest as a lifeline for the government's abuse that perhaps it was entitled to pursue these records even if the fact of whether Mr. Bannon received the subpoena had been conceded, because the government is entitled to obtain "cumulative" evidence of a fact. [March 16, 2022 Hearing Tr. at 60-61]. The obvious retort to that is that, as the Court earlier had implied, there is nothing about Mr. Costello's phone or email records that would establish whether he spoke to Mr. Bannon about the subpoena or delivered it to him.

But perhaps the even more obvious and telling question that would have exposed the completely specious nature of the government's purported justification, would have been how Mr. Costello's Google records, reflecting his chat groups, social media sites visited, etc. extending back 7-8 months before the subpoena was even issued, would be relevant to the government's claimed justification. The government's bad faith in abusively seeking defense counsel's personal and professional private records and in offering the Court a false post-hoc justification for the same are undeniable.

---

[5] As the record unequivocally reflects, at the Committee's request, Mr. Costello expressly accepted the subpoena for Mr. Bannon and all interaction between Mr. Costello and these prosecutors clearly reflected that Mr. Bannon was fully aware of the subpoena and that there never was any issue about whether he was aware of it or had received it.

The fact that the government appears never to have advised the Court that issued the Stored Communications Act Order that its Application had completely misrepresented the facts – that the account it sought and obtained permission to invade was not actually in any way related to defense attorney Robert J. Costello – further reflects bad faith and a clear violation both of the requirements of the Stored Communications Act and the affirmative ethical duty of candor with the tribunal and the obligation to correct any false statement of fact under Rule 3.3 (a)(1) of the D.C. Rules of Professional Conduct.

Finally, these prosecutors' sanctionable bad faith is reflected in another exchange with the Court.

The Court asked the prosecutors directly whether it needed supervisory permission to seek and obtain email and telephone records from an attorney in the case. Reference was made to DOJ policy.[6] [March 16, 2022, Hearing Tr. at 13]. These prosecutors shockingly represented to the Court that, while DOJ policy requires obtaining supervisory authority to obtain attorney records, that policy only requires supervisory authority when the records are sought directly from the attorney and not when they are sought from a third party like a phone company or internet provider. [*Id*. at 13-14].

That representation by government counsel is absolutely absurd, defies any sense of logic, and completely ignores the basis for the DOJ policy and its underlying concerns. *See also, In Re Grand Jury Investigations*, 2019 U.S. Dist. LEXIS 86801, \*29-\*30, 2019 WL 2179116 (D.D.C., March 4, 2019) (emphasizing the special status to be accorded to attorney records). The risk of exposing the attorney's client confidences and secrets that might be evident from her

---

[6] See DOJ Manual §9-13.410: https://www.justice.gov/jm/jm-9-13000-obtaining-evidence#9-13.410https://www.justice.gov/jm/jm-9-13000-obtaining-evidence#9-13.410.

or his records, reflected in the DOJ policy and case law is somehow not a concern if the attorney's records are obtained by the government surreptitiously from a third party, but the concern arises if the attorney is asked to produce his records? The Court should require government counsel to produce an official Justice Department statement supporting its representation on this matter or clearly find that this untenable position reflected sanctionable bad faith by government counsel.

## Conclusion

Mr. Bannon respectfully asks the Court to take notice of its repeated assurance to the parties and to the public that it was appropriate to address this matter after the trial was concluded and that the Court would do so and he asks the Court to do so now, with the trial concluded. It is a matter of public and institutional importance for the Court to address this conduct. Mr. Bannon asks the Court to consider Mr. Costello's attached letter to the Court and the exhibits to his letter that he has provided and he further asks the Court to review the relevant record materials cited in the first paragraph of this Notice.

Dated: January 4, 2023

                                            Respectfully submitted,

                                              /s/ David I. Schoen
                                        David I. Schoen (D.C. Bar No. 391408)
                                        David I. Schoen, Attorney at Law
                                        2800 Zelda Road, Suite 100-6
                                        Montgomery, Alabama 36106
                                        Telephone: (334) 395-6611
                                        Facsimile: (917) 591-7586
                                        Email: Schoenlawfirm@gmail.com

                                        *Counsel for Defendant Stephen K. Bannon*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of January, 2023, a copy of the foregoing Notice was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

                                                 /s/ David I. Schoen
                                          David I. Schoen (D.C. Bar No. 391408)