**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

                                              CR Action
                                              No. 1:21-670

    vs.

                                              November 15, 2021
                                              Washington, D.C.

STEPHEN K. BANNON,
          Defendant.
_____

TRANSCRIPT OF RETURN ON ARREST WARRANT & INITIAL APPEARANCE
**BEFORE THE HONORABLE ROBIN M. MERIWEATHER**
UNITED STATES DISTRICT MAGISTRATE JUDGE


APPEARANCES:

**For the U.S.:**        **AMANDA ROSE VAUGHN**
                            **MOLLY GULLAND GASTON**
                            **J.P. COONEY**
                              U.S. ATTORNEYS OFC. FOR D.C.
                              555 4th Street NW
                              Washington, DC  20001
                              202-252-1793


**For the Defendant:**     **DAVID I. SCHOEN**
                              DAVID I. SCHOEN, ATTORNEY AT LAW
                              2800 Zelda Road, Suite 100-6
                              Montgomery, AL  36106
                              334-395-6611

                              **MATTHEW EVAN CORCORAN**
                              SILVERMAN THOMPSON SLUTKIN WHITE
                              201 N. Charles Street, 25th Floor
                              Baltimore, MC  21201

**Reported By:**        **LORRAINE T. HERMAN, RPR, CRC**
                              Official Court Reporter
                              U.S. District & Bankruptcy Courts
                              333 Constitution Avenue, NW
                              Room 4700-C
                              Washington, DC 20001
                              lorraine_herman@dcd.uscourts.gov

## P R O C E E D I N G S

**DEPUTY CLERK:** Criminal case number 2021-670, *The United States of America versus Stephen K. Bannon.*

Molly Gaston, Amanda Vaughn and J.P. Cooney, representing the government; David Schoen, Matthew Corcoran representing the defendant. Andre Sidbury is the pre-trial services officer. The defendant is participating in person for this hearing.

This case is called for a return on an arrest warrant, an initial appearance and an arraignment.

Mr. Bannon, would you please stand and raise your right hand?

**THE DEFENDANT:** (Complied.)

**DEPUTY CLERK:** Do you solemnly swear that you will well and truly answer the questions propounded to you by the Court, so help you God?

**THE DEFENDANT:** I do.

**DEPUTY CLERK:** Thank you. You may be seated.

**THE COURT:** Mr. Bannon, could you please state your name for the record.

**THE DEFENDANT:** Stephen K. Bannon.

**THE COURT:** Thank you.

Do you have any health problems that would make it hard for you to understand what is happening in today's hearing?

1           **THE DEFENDANT:** I do not.

2           **THE COURT:** And in the last 24 hours, have you

3 taken any medication or other substances that would affect

4 your ability to understand today's hearing?

5           **THE DEFENDANT:** I have not.

6           **THE COURT:** Thank you.

7           You are here today for your initial appearance and

8 your arraignment. In this hearing I will tell you what you

9 have been charged with. I will advise you of your rights.

10 I will ensure that you have an attorney to represent you,

11 and I will determine whether and under what conditions you

12 will be released while waiting for your trial.

13           Let me begin by notifying you of the charges. You

14 have been charged by indictment with one count of Contempt

15 of Congress; that's an alleged violation of 2 United States

16 Code, Section 192. If you are found guilty of that, you

17 could face up to one year in prison and a fine of up to

18 $1,000.

19           You have also been charged with another count of

20 Contempt of Congress, in violation of 2 United States Code,

21 Section 192; that also carries a maximum term of

22 imprisonment of up to one year and a maximum fine of up to

23 $1,000.

24           Those are the charges that bring you before the

25 Court. At this time let me notify you of your rights. You

1    have the right to remain silent --

2             **MS. VAUGHN:**  Excuse me, Your Honor.

3             **THE COURT:**  Yes?

4             **MS. VAUGHN:**  We just wanted to clarify the maximum

5    penalties on the offense.  Title 2 U.S.C. Section 192

6    carries a minimum sentence of 30 days imprisonment.

7             **THE COURT:**  Okay.

8             **MS. VAUGHN:**  And also 18 U.S.C. 3571, a maximum

9    fine of $100,000.

10            **THE COURT:**  For both of them?

11            **MS. VAUGHN:**  Yes, Your Honor.

12            **THE COURT:**  Thank you for that clarification.  At

13   this time I will go back to the notification of rights.

14            Mr. Bannon, you have the right to remain silent;

15   that means are you not required to make any statements to

16   law enforcement while these charges are pending against you.

17   If you choose to make statements to law enforcement, your

18   statements could be used against you in this proceeding or

19   in a future proceeding.

20            You also have the right to be represented by an

21   attorney in this case.  If you cannot afford to retain your

22   own attorneys, then I will appoint a lawyer to represent you

23   at no cost to you.

24            You also have the right to a speedy and public

25   jury trial, which your guilt would have to be proven beyond

1     a reasonable doubt, and you cannot be forced to testify
2     against yourself.
3              Mr. Schoen and Mr. Corcoran, are you retained
4     counsel?
5              **MR. SCHOEN:**  Yes, Your Honor.
6              **MR. CORCORAN:**  Yes, Your Honor.
7              **THE COURT:**  Thank you.
8              **MR. SCHOEN:**  Your Honor, may I just raise one,
9     sort of, preliminary housekeeping issue?
10             I know the Court said we are here for an
11    arraignment.  My understanding under Rule 58(b)(3) is that
12    there can't be an arraignment before the Magistrate Judge,
13    even on a misdemeanor, unless the defendant consents in
14    writing to a trial before the Magistrate Judge as well.
15             I just want to be clear that there is no implied
16    waiver here by going forward with an arraignment here.
17    Local Criminal Rule 58 goes to -- is tied, obviously, to
18    Federal Rules of Criminal Procedure 58(b)(3); and that's
19    what 58(b)(3) says.  It's also consistent with 18 U.S.C.
20    3401.
21             I just want to be clear that there is no waiver
22    here of any right to proceed to jury trial or otherwise
23    before the District Court judge.
24             **THE COURT:**  No.  I routinely conduct arraignments.
25    I know this appears to be a Class A misdemeanor.

1    **MR. SCHOEN:**  Yes, Your Honor.

2    **THE COURT:**  I conduct felony arraignments all of

3 time, obviously, even if there is no option of consent to

4 proceed before me for felony.  So, no, I'm not requesting --

5 although, I do always ask in these cases if there will be

6 consent, so I can add that part a little bit earlier.

7         This case has been assigned to Judge Nichols as

8 District Judge.  Any defendant charged with a Class A

9 misdemeanor has the right to consent to a United States

10 Magistrate Judge.  And if you wish to do so, that can be

11 done.

12   **MR. SCHOEN:**  Yes, Your Honor.

13        And I completely understand the Court regularly

14 conducts arraignments, especially on felonies.  It shows the

15 misdemeanor provision is different, it's under Rule 58

16 (b)(3), and that's the express provision.

17        In any event, as long as we are not waiving

18 anything, the Court's going to proceed as the Court deems

19 appropriate.

20   **THE COURT:**  Okay.  Thank you.

21   **MR. SCHOEN:**  Thank you, Your Honor.

22   **THE COURT:**  So the next question I was planning to

23 ask on my outline is whether counsel wanted to proceed with

24 the arraignment.  Do you want to proceed with the

25 arraignment before me?  You can also ask to have that

1    arraignment before Judge Nichols.
2            **MR. SCHOEN:**  In terms of the arraignment, Your
3    Honor, Mr. Bannon was willing to waive arraignment in any
4    event, but as long as there's no waiver and the Court's
5    satisfied that Rule 58(b)(3) is consistent with that, we
6    will certainly proceed with the arraignment.  We want to,
7    you know -- we want to move forward or we would waive the
8    arraignment, frankly.
9            **THE COURT:**  Just a moment.
10       (Brief pause.)
11           **MS. VAUGHN:**  Your Honor, we are happy to do the
12   arraignment in front of the District Judge, if that's what
13   the defendant prefers.
14           **MR. SCHOEN:**  Okay.
15           **MS. VAUGHN:**  We understand that he is reserving
16   the rights under the rule.  Proceeding with an arraignment
17   before the district judge is fine with the government, if
18   that's what the defendant wishes to do.
19           **MR. SCHOEN:**  We are willing to waive the
20   arraignment in any event, which I think we are allowed to do
21   under Rule 10.
22           **MS. VAUGHN:**  We may end up in the same spot
23   anyway.
24           **THE COURT:**  Thank.
25           I think based on my review of Rule 58, it would be

1    prudent not to do the arraignment.  I do not want the affect

2    of anything I do to be something other than what I am

3    intending.

4           **MR. SCHOEN:**  Thank you, Your Honor.

5           **THE COURT:**  Thank you.

6           My chambers will advise Judge Nichols' chambers

7    that the arraignment was not part of today's proceedings.

8           **MR. SCHOEN:**  Thank you, Your Honor.

9           **THE COURT:**  At this time, I will advise an order

10   of the United States that it must, pursuant to Federal

11   Criminal Rule (5)(f) produce all exculpatory evidence to the

12   defense consistent with *Brady v. Maryland* and its progeny.

13   Failing to do so in a timely manner could lead to sanctions,

14   which could lead to exclusion of evidence, adverse jury

15   instructions, the dismissal of charges or contempt of

16   proceedings.

17          Ms. Kay, is this note the next date before Judge

18   Nichols?

19          **DEPUTY CLERK:**  Yes, Your Honor.

20          **THE COURT:**  Thank you.

21          I'll advise parties, Judge Nichols' next

22   availability for a status hearing in this case is Thursday,

23   November the 18th at 11 a.m.

24          And I believe -- Ms. Kay, does the location --

25   what is it their preference between in person or virtual?

1          **DEPUTY CLERK:**  Whatever the parties prefer.

2          **THE COURT:**  Okay.  Thank you.

3          And that can be virtual or in person, depending on
4   the parties' preference.  Should they contact his courtroom
5   deputy to confirm that preference or tell us now?

6          **DEPUTY CLERK:**  Tell us now.

7          **THE COURT:**  Okay.  Thank you.

8          **MS. VAUGHN:**  The government has no preference,
9   Your Honor.  We are happy to do whatever.

10         **MR. SCHOEN:**  We would prefer virtual, Your Honor.

11         **THE COURT:**  Okay.  Thank you.

12         So the next court date before Judge Nichols will
13   be November 18th at 11 a.m., and we will convey to his
14   courtroom deputy that the request will be a virtual hearing.
15   Thank you.

16         **MR. SCHOEN:**  I assume, by the way, it's not going
17   to cause any additional inconvenience if we do it virtual?

18         **DEPUTY CLERK:**  No, sir.

19         **MR. SCHOEN:**  Okay.

20         **THE COURT:**  Does the United States have any
21   requests with respect to conditions of release pending trial
22   or any contention that detention is appropriate in this
23   matter?

24         **MS. VAUGHN:**  No, Your Honor.  The government
25   agrees with the recommendation of Pretrial Services and

1       thinks that's sufficient in this case.
2               **THE COURT:**  So I've reviewed the pretrial report.
3       Pretrial Services' recommendation is general supervision,
4       reporting to pretrial services weekly by telephone,
5       verifying the address with pretrial services immediately or
6       within the next business day, living at the address
7       indicated in the pretrial report, surrendering passports to
8       pretrial services, not obtaining a passport or other
9       international travel document and not applying for or
10      possess any -- possessing any passport.  And then also to
11      notify pretrial services in advance of all travel outside of
12      this district; and that court approval would be necessary
13      for travel outside of the continental United States.
14              Mr. Sidbury, does that accurately summarize the
15      recommendations of Pretrial Services?
16              **PROBATION:**  Andre Sidbury for Pretrial Services.
17      Yes, Your Honor.  And he has verified his address and
18      Pretrial Services is in possession of his passport.
19              **THE COURT:**  Thank you.
20              Does the defense object to any of these
21      recommended conditions of release?
22              **MR. SCHOEN:**  No, Your Honor.
23              **THE COURT:**  Thank you.
24              **MR. SCHOEN:**  Thank you.
25              **THE COURT:**  I conclude that the conditions of

1    release recommended by Pretrial Services in which the United
2    States concurs and to which the defense does not object are
3    appropriate release conditions to govern Mr. Bannon pending
4    trial.
5             Mr. Sidbury, do you -- (brief pause) -- I have a
6    partially-completed form.  I do need to pass this back to
7    pretrial to be signed?  Or completed?  Sorry.  Or I do fill
8    in the rest?
9             **PROBATION:**  Just fill in the rest, Your Honor.
10            **THE COURT:**  Okay.  Thank you.  Okay.
11            So the release conditions are as I had indicated.
12   General supervision with weekly telephone reporting to
13   Pretrial Services, continuing to reside at the address
14   provided in the pretrial report.  I understand the
15   passport's already been surrendered.
16            An additional condition will be to not obtain
17   another passport or international travel document and not
18   apply for or possess a passport.  And then as I indicated,
19   providing notice to pretrial in advance of travel outside of
20   D.C. and court approval being necessary for travel outside
21   of the continental United States.
22            Mr. Schoen or Mr. Corcoran, are there any aspects
23   of those conditions of release that I plan to set that you
24   need me to further explain to your client?
25            **MR. SCHOEN:**  No, Your Honor.

Case 1:21-cr-00670-CJN   Document 184   Filed 01/24/23   Page 12 of 13

12

1     **THE COURT:**  And, Mr. Bannon, can you confirm you
2  heard and understood the release conditions?
3     **THE DEFENDANT:**  I did, Your Honor.
4     **THE COURT:**  Thank you.
5        (Proceedings concluded at 2:18 p.m.)

# **C E R T I F I C A T E**

I, **Lorraine T. Herman, Official Court Reporter,** certify that the foregoing is a true and correct transcript of the audio-recorded proceedings in this matter, audio recorded on October 22, 2022, and transcribed from the audio recording to the best of my ability, and that said transcript has been completed with the audio recording.

**January 24, 2023**              **/s/**
         **DATE**                  **Lorraine T. Herman**