\

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : | Criminal No. 21-670 (CJN) |
| v. | : : : |  |
| STEPHEN K. BANNON, | : : |  |
| *Defendant*. | : : |  |

## MOTION FOR HEARING RE: NOTICE OF OUTSTANDING ISSUE REGARDING GOVERNMENT MISCONDUCT (ECF# 182)

On January 4, 2023, Mr. Bannon, by and through the undersigned, filed a Notice to remind the Court that the matter of the government's very serious misconduct in this case, which the Court had advised the parties it would deal with after the trial, remained outstanding. [ECF# 182].

The Notice briefly recounted the examples of the misconduct by government counsel that are at issue, including their abuse of the grand jury subpoena process, their unequivocally false representations to a court in order to secure a Stored Communications Act Order, their spurious purported justification to this Court for seeking the personal and professional records of defense counsel, and their complete failure to acknowledge the seriousness of their misconduct or to show any remorse for the same. [ECF#182 at 2-7]. Mr. Bannon will not burden the Court here with a repetition of the specifics outlined in the Notice. A copy is attached for ease of reference.

This Court expressed its concern about the government's conduct and about its failure to recognize how problematic its conduct had been. The Court advised the parties it believed the

matter to be one which should be addressed after the trial had concluded. [ECF# 182 at 2, notes 2 & 3]. To date the matter has not been addressed.

We respectfully submit that the nature and magnitude of the misconduct in which government counsel engaged in this case in seeking and obtaining defense counsel's (and others') telephone, email, and social media records, for a period long pre-dating even the Congressional subpoena, and their response to having such misconduct exposed, demand a hearing. At that hearing, all details of the misconduct at issue must be fully disclosed and discussed, including, but not limited to, the false representations made to a court by government counsel in connection with obtaining the SCA Order and their representations in response to this Court's inquiries concerning the misconduct and relevant DOJ policy.

The pervasive nature of the government's abuse of such processes and unlawful intrusions on privacy and the harm this causes is a most timely subject which must be addressed each time it arises in order to dissuade it from continuing.

On May 25, 2023, for example, the Foreign Intelligence Surveillance Court finally unsealed an April 21, 2022 redacted Memorandum Opinion and Order which, among other things, refers to 278,000 warrantless searches on U.S. citizens, and a process marked by "persistent and widespread" "compliance problems," leading to the huge number of "non-compliant" searches conducted under the auspices of the Foreign Intelligence Surveillance Act. https://www.washingtonpost.com/documents/adb47f54-b772-4099-b0c9-adf24ef64faa.pdf?itid=lk_inline_manual_2.

The authorized surveillance abuses acknowledged by this FISC Memorandum Opinion and Order occurred notwithstanding the very specific set of rules that govern all applications and

proceedings related to obtaining surveillance orders under FISA.

https://www.fisc.uscourts.gov/sites/default/files/FISC%20Rules%20of%20Procedure.pdf

      Ultimately, there, as here, under the Stored Communications Act and with the grand jury subpoena process, the integrity of the court and the very serious business of authorizing significant privacy intrusions depend on the honesty and good faith of the FBI agents and prosecutors involved.  In the instant case, as previously noted, there were no less than four FBI agents and three federal prosecutors directly involved.  Apparently not one of them sufficiently recognized or cared about the seriousness of the matter or the intrusiveness of their actions to simply conduct basic homework before making representations to a federal judge or executing subpoenas which they issued in the name of a grand jury or before intruding on the privacy of Mr. Costello and the others with a similar name whose privacy they invaded as well.  They did what they did in the name of this Court and when called to answer for their actions, their reaction was reprehensible.

      Based on the previously filed Notice (ECF# 182) and the foregoing, Mr. Bannon respectfully requests a hearing on this matter and an Order in advance of the hearing, requiring the government to disclose to the Court and the Defendant all relevant documents.

Dated: May 30, 2023

                                            Respectfully submitted,

                                              /s/ David I. Schoen
                                          David I. Schoen (D.C. Bar No. 391408)
                                          David I. Schoen, Attorney at Law
                                          2800 Zelda Road, Suite 100-6
                                          Montgomery, Alabama 36106
                                          Telephone: (334) 395-6611
                                          Facsimile: (917) 591-7586
                                          Email: Schoenlawfirm@gmail.com

                                          *Counsel for Defendant Stephen K. Bannon*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of May, 2023, a copy of the foregoing Motion was served *via* the Court's CM/ECF system on all properly registered parties and counsel.

                                                       /s/ David I. Schoen
                                         David I. Schoen (D.C. Bar No. 391408)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : No.: 1:21-cr-00670-CJN-1 |
| | : |
| STEPHEN K. BANNON, | : |
| | : |
| *Defendant*. | : |

## ORDER

Upon consideration of the Defendant's Motion For Hearing Re: Notice Of Outstanding Issue Regarding Government Misconduct it is hereby **ORDERED** that**:**

(1) the Defendant's Motion is **GRANTED;**

(2) A Hearing will be held on the Motion on _____, 2023;

(3) No less than fourteen (14) days in advance of such Hearing, Government Counsel will provide to defense counsel: (A) A copy of any and all subpoenas and Orders that were issued and that were directed to third parties in an effort to obtain email and telephone records for Robert J. Costello, Esq. (or any counsel for Mr. Bannon), along with all documents submitted in connection with any and all applications for any such court Order or subpoena; and (B) A list of all third parties on whom a subpoena, court Order or other process was served in the effort to obtain email and telephone records for Robert J. Costello, Esq. (or any counsel for Mr. Bannon).

Dated: June, ____, 2023

_____
Hon. Carl J. Nichols
*United States District Judge*