**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Crim. No.: 21-670 (CJN)** |
| **STEPHEN K. BANNON,** | : | |
| **Defendant.** | : | |

**<u>GOVERNMENT'S MOTION TO LIFT STAY OF SENTENCE PENDING APPEAL</u>**

The United States of America requests that the Court lift the stay of defendant's sentence because there is no legal basis for the stay under 18 U.S.C. § 3143(b).

On July 22, 2022, a jury found defendant guilty of two counts of contempt of Congress, in violation of 18 U.S.C. § 192 (ECF 135). On October 21, 2022, the Court sentenced defendant to four months' incarceration on each count to be served concurrently. Judgment (ECF No. 161). Federal law requires that the court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained during the pendency of his appeal, unless the defendant can establish, *inter alia*, "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal." 18 U.S.C. § 3143(b)(1). A "substantial question is a 'close' question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (citations, quotations omitted).

At sentencing, this Court found that defendant's appeal raised a substantial question of law that is likely to result in a reversal or an order for a new trial. Specifically, the Court found there was a "substantial question regarding what it should mean for a defendant to willfully make default

under the contempt of Congress statute and what evidence a defendant should be permitted to introduce on that question. This case also raises substantial questions about the effect of the congressional subpoena recipients, invocation of the Speech or Debate Clause, and questions regarding whether and to what extent the Committee was formed and operate in compliance with its rules." 10/21/22 Tr. at 76-77. Thus, the defendant's sentence was stayed. *Id.*; ECF No. 168.

On May 10, 2024, a unanimous panel of the D.C. Circuit affirmed defendant's conviction. *United States v. Bannon*, No. 22-3086, 2024 WL 2102236, at *9 (D.C. Cir. May 10, 2024). The D.C. Circuit rejected defendant's appeal on all grounds, including the primary argument on appeal: the requisite mental state required for a contempt of Congress violation. *Id.* at *3 ("every case that addresses the mental state required for a contempt of Congress conviction firmly supports *Licavoli's* holding"). Consequently, there is no longer a "substantial question of law that is likely to result in a reversal or an order for a new trial."[1] Under these circumstances,

[1] Analogously, a stay of sentence in *United States v. Peter Navarro*, 22-cr-200 (APM), another contempt of Congress case, was denied by the District Court and the D.C. Circuit *See United States v. Peter Navarro*, No. 24-3006, 2024 WL 1110267, at *1 (D.C. Cir. Mar. 14, 2024) (motion for release pending appeal denied where "[a]ppellant has not shown that his appeal presents substantial questions of law or fact likely to result in reversal, a new trial, [etc.]"). The Supreme Court likewise denied a successive application for release pending appeal, albeit on procedural grounds. *See Navarro v. United States*, 601 U.S. __ , 144 S.Ct. 771 (2024).

the Court "shall order" defendant "be detained," 18 U.S.C. § 3143(b)(1), so the stay of sentence must be lifted.[2]

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/
John Crabb Jr.
Assistant United States Attorney
N.Y. Bar No. 2367670
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1794
john.d.crabb@usdoj.gov

---

[2] The D.C. Circuit stayed the issuance of the mandate "until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc*." May 10, 2024 Order (App. Doc. # 2053804). But this does not divest the Court of its authority to lift the stay of sentence. *See, e.g.*, *United States v. Krzyske*, 857 F.2d 1089, 1090 (6th Cir. 1988) (holding that "'the District Court had jurisdiction to revoke bail after affirmance of a conviction by the court of appeals, but *before the mandate of the appellate court is issued*.'" (emphasis added); *cf. United States v. Sullivan*, 631 F. Supp. 1539, 1540 (E.D. Pa. 1986) (following affirmance on appeal – but before issuance of the mandate; the district court lifted stay of sentence, finding "that there is jurisdiction and that defendant's chances of obtaining review or reversal from the Supreme Court run from slim to none").