UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 21-670 (CJN) |
| | : | |
| STEPHEN K. BANNON, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO LIFT STAY OF SENTENCE PENDING APPEAL**

The United States of America hereby replies to defendant's opposition to the government's motion to lift the stay of sentence pending appeal (Def. Opp. (ECF # 195)).

**I.     The Court has jurisdiction to life the stay of sentence.**

The defendant's argument that the Court lacks jurisdiction to lift the stay of sentence pending issuance of the mandate is unavailing.  He all but concedes there is not a single case in support of his position.  Instead, he relies on *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997), but it did not address the question presented here – whether a district court has jurisdiction regarding bond status during the pendency of an appeal.  It merely enunciated the familiar mandate rule:

> The relationship between district court jurisdiction and the issuance of the appeals court mandate is clear and well-known:   The filing of a notice of appeal, including an interlocutory appeal, "confers jurisdiction on the court of appeals and *divests the district court of control over those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).

1

Id. at 1302 (emphasis added).[1]   Accordingly, the operative question is whether bond is an aspect of the case involved in the appeal.

As explained in *United States v. Black*, 543 F.2d 35, 37 (7th Cir. 1976), the answer is "no":

> *The court retains jurisdiction over the person of the defendant at least for the limited purposes of reviewing, altering or amending the conditions under which that court released the defendant, and is empowered to revoke or forfeit the defendant's bond during the pendency of an appeal for any of the reasons which would have supported an initial denial of the defendant's application for release.* In view of the fact that, during the pendency of an appeal, facts may come to light which render it advisable for the district court to alter the conditions upon which defendant has been released, or to revoke his bond altogether, the same statute which explicitly empowers the district court to impose conditions upon release pending appeal, implicitly empowers the court to make such adjustments in those conditions as circumstances may necessitate.

*Id.* (district court ordered defendant to begin serving sentence after conviction affirmed on appeal but before the mandate issued) (emphasis added); *see also United States v. Krzyske*, 857 F.2d 1089, 1090 (6th Cir. 1988) (holding that "'the District Court had jurisdiction to revoke bail after affirmance of a conviction by the court of appeals, but *before the mandate of the appellate court is issued*.'" (emphasis added).

Bond determinations are not an "aspect[] of the case involved in the appeal," because they do not affect the record pending before the appellate court.   "The purpose of the general rule is to allow the orderly process of review, assuring 'that once a case has left the district court and is proceeding to the court of appeals and thence to the Supreme Court, the district court cannot make changes in the record of the case or in the disposition made of it.'"   *United States v. Snyder*, 946 F.2d 1125, 1127 (5th Cir. 1991) (quoting *United States v. Ellenbogen*, 390 F.2d 537, 542 (2nd Cir.

---

[1] The treatise cited by defendant (Def. Op. at 8, n. 5) makes the same point:   pending issuance of the mandate, "the district court lacks jurisdiction, except for matters unrelated to the merits . . . ."

2

1968). But a bail determination does not change the appellate record. "Thus, a district court may decide whether to admit a defendant to bail while his appeal is pending before the court of appeals." *Id.*

## II. There is no longer a substantial question of law that is likely to result in a reversal or an order for a new trial.

On May 10, 2024, a unanimous panel of the D.C. Circuit affirmed defendant's conviction. *United States v. Bannon*, No. 22-3086, 2024 WL 2102236, at *9 (D.C. Cir. May 10, 2024). Defendant claims that "[t]he panel's decision is based fundamentally on the notion that it had no authority to overrule the *Licavoli* panel's decision . . . ." Def. Op. at 20. This claim is meritless.

At no point did the panel suggest that, if permitted, it would hold differently regarding the willfulness standard for contempt of congress – or even criticize that standard. On the contrary, the panel offered a full-throated endorsement of the rationale underlying the willfulness standard:

> Moreover, cases addressing Section 192 have explained why, as a practical matter, *requiring evidence of bad faith would undermine the statute's function*. The ability to effectively enforce subpoenas is critical to Congress's power of inquiry, which is in turn essential to Congress's ability to legislate "wisely and effectively." *And effectively enforcing congressional subpoenas would be exceedingly difficult if contempt charges required showing that a failure to appear or refusal to answer questions was not just deliberate and intentional, but also done in bad faith*. Otherwise, any subpoenaed witness could decline to respond and claim they had a good-faith belief that they need not comply, regardless of how idiosyncratic or misguided that belief may be. As the Supreme Court has colorfully put it, a "subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase." "*If that were the case, ... the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity*."

*Id.* at 4 (emphasis added, citations omitted). Nor did any portion of the memorandum opinion

3

suggest this or any question on appeal was close.[2]

Notwithstanding the defendant's dismissive characterization of the panel opinion (Def. Op. at 21-29), it is unlikely that he will be afforded, much less prevail on, further review. First, neither panel nor en banc rehearings are favored. *See* D.C. Cir. R. 35 (a). Such rehearings are granted only if (1) it is necessary to maintain uniformity of decisions or (2) the issue is of "exceptional importance." *Id*. Neither of which is presented by here. Defendant has an even steeper hill to climb to obtain Supreme Court review. *See* Sup. Ct. R. 10 (relevant to this matter: writ of certiorari may be granted if there is a circuit split on an important matter or a significant departure from usual course requiring court to invoke its supervisory powers). And the Supreme Court only grants certiorari in approximately 2% of the petitions. Supreme Court Procedures, Writs of Certiorari, https://www.uscourts.gov/about-federal-courts/educational-resources/about-educational-outreach/activity-resources/supreme-1.

### III.  Conclusion

In sum, the Court has jurisdiction to lift the stay of sentence. Furthermore, there is no longer a "substantial question of law that is likely to result in a reversal or an order for a new trial." Under these circumstances, the Court "shall order" defendant "be detained," 18 U.S.C. §

---

[2] Nor does the D.C. Circuit panel's order related to the mandate have the significance to which the defense attributes to it. Rather, the order – including noting the right of parties to seek expedited issuance of the mandate – simply follows the language of Fed. R. App. P. Rule 41(b): "The court's mandate must issue 7 days after the tim[e] to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. The court may shorten or extend the time by order."

3143(b)(1), so the stay of sentence must be lifted.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney
                                      D.C. Bar No. 481052

                                            /s/
                                      John Crabb Jr.
                                      Assistant United States Attorney
                                      N.Y. Bar No. 2367670
                                      United States Attorney's Office
                                      601 D Street, N.W.
                                      Washington, D.C. 20530
                                      (202) 252-1794
                                      john.d.crabb@usdoj.gov