## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 1:21-cr-670-CJN |
| | ) |
| STEPHEN K. BANNON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE REGARDING SUPPLEMENTAL AUTHORITY

On August 29, 2024, Stephen K. Bannon filed a motion to reimpose bail or impose a period of supervised release. ECF No. 201. That motion relied on several intervening circumstances supporting reimposition of bail, including that enough time has passed since the government filed its opposition to Mr. Bannon's *en banc* petition that the odds of a grant or a dissent from denial were nearly 100%, based on historical D.C. Circuit practice. The government opposed on September 12, 2024, ECF No. 202, and Mr. Bannon filed his reply on September 13, 2024, ECF No. 203.

Since then, the D.C. Circuit has continued following its *en banc* pattern: if more than a month passes after the response to an *en banc* petition is filed, the Court either grants *en banc* or denies it with separate opinions. Most notably, on October 15, 2024, the Court granted *en banc* in *End Citizens United PAC v. FEC*, No. 22-5277, where the time between the response to the *en banc* petition and the grant of rehearing was well over a month. And on the flip side, in *Tenaska Clear Creek Wind LLC v. FERC*, No. 22-1059, the Court summarily denied rehearing on September 4, 2024, a mere 9 days after receiving the response to the *en banc* petition.

1

Over the last 20 months, the D.C. Circuit has uniformly followed that pattern: once the Court receives the requested response to an *en banc* petition, the Court either swiftly and summarily denies rehearing within a month, or otherwise waits longer and then grants rehearing or issues a denial with a separate opinion. The government's response to Mr. Bannon's *en banc* petition has now been pending for over 75 days.

In its opposition before this Court, ECF No. 202, the government never disputed—and thus conceded—that even a denial of *en banc* accompanied by a dissent would demonstrate the *mens rea* issue is substantial. Because the odds of that outcome are now a near-certainty, the Court should grant Mr. Bannon's motion for bail pending completion of Supreme Court review, and order the Bureau of Prisons to release Mr. Bannon immediately.

October 16, 2024

By:   */s/ R. Trent McCotter*

R. Trent McCotter
DC Bar # 1011329
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, #900
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

M. Evan Corcoran
SILVERMAN THOMPSON SLUTKIN WHITE
400 East Pratt Street, Suite 900
Baltimore, MD 21202
(410) 385-2225
ecorcoran@silvermanthompson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the

Clerk of the Court using the CM/ECF system, which will serve all registered attorneys in this case.

 */s/ R. Trent McCotter*
R. Trent McCotter